

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

DEC 12 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

6              **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                      **FOR THE TERRITORY OF GUAM**

8

9  HENRY G. VAN METER, JERRY           CIVIL CASE NO. **05-00037**
   APODACA, JR., JOSEPH J.
10 HERNANDEZ, JOSEPH T. MENDIOLA,
   LARRY L. CHARFAUROS, ANTHONY
11 C. ARRIOLA, ROBERT B. CRUZ,         **COMPLAINT UNDER 42 U.S.C. § 2000E, et**
   ROLAND F. MENDIOLA, JAMES S.        **seq.** [Title VII of Civil Rights Act of 1964, as
12 YEE, TEDDY B. CRUZ, JESSE B. CRUZ,  amended] **and DEMAND FOR JURY TRIAL**
   JOHN L.G. NAUTA, and JOHN P.
13 BABAUTA,

14                        Plaintiffs,
              -vs-
15
   CALPAC, DYNAMIC TECHNICAL
16 SERVICES, MCI, JOHN HEALY,
   DENNIS CLARK, WILLIAM WARD, JAI
17 JAMES, and DOES 1 through 10,

18                        Defendants.

19

20        COMES NOW Plaintiffs Henry G. Van Meter, Jerry T. Apodaca, Jr., Joseph J.

21 Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz,

22 Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P.

23 Babauta (collectively "Plaintiffs") and each of them and herein allege as follows:

24                  **PRELIMINARY STATEMENT/JURISDICTION**

25
       1.  This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.
26
           § 2000e, et seq., as amended.
27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    1
Civil Case No.
Complaint

ORIGINAL

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e and −5(f) and −5(g) and 28 U.S.C. § 1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, color, religious, national origin, and sex discrimination and retaliation in employment.

3. The conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unfair employment practice and the EEOC issued to each Plaintiff a Right to Sue notification which was received within 90 days prior to the filing of this complaint.

## PARTIES

4. Plaintiff Henry G. Van Meter is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

5. Plaintiff Jerry Apodaca, Jr., is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

6. Plaintiff Joseph J. Hernandez is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

7. Plaintiff Joseph T. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

8. Plaintiff Larry L. Charfauros is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

9. Plaintiff Anthony C. Arriola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

2

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 2 of 36

10. Plaintiff Robert B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

11. Plaintiff Roland F. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

12. Plaintiff James S. Yee is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

13. Plaintiff Teddy B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

14. Plaintiff Jesse B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

15. Plaintiff John L.G. Nauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

16. Plaintiff John P. Babauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

17. Defendant Calpac is, upon information and belief, a general contractor, cable installation business having its principal place of business in Guam;

18. Defendant Dynamic Technical Services ("DTS") is, upon information and belief, a business having its principal place of business or primary offices in Texas and engaged in business in Guam;

19. Defendant MCI is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and engaged in business in Guam;

20. Defendant John Healy ("Defendant Healy") is, upon information and belief, the owner of Calpac;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

3

Case 1:05-cv-00037   Document 1   Filed 12/12/2005   Page 3 of 36

21. Defendant Dennis Clark ("Defendant Clark") is, upon information and belief, a manager or supervisor employed by DTS;

22. Defendant William Ward ("Defendant Ward") is, upon information and belief, the general manager of Calpac;

23. Defendant Jai James ("Defendant James") is, upon information and belief, a foreman or supervisor employed by Calpac;

24. Does 1 through 10 are unidentified directors, managers, administrators, agents, or assigns of Defendants Calpac, DTS, and/or MCI collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practiced alleged by Plaintiffs; and Plaintiffs will amend their Complaint as their identities are discovered;

25. Defendant MCI, upon information and belief, hired Defendant Calpac to perform the installation of underground cables in Guam;

26. Defendant MCI, upon information and belief, hired DTS to supervise or oversee the installation of underground cables in Guam performed by Defendant Calpac;

## ALLEGATIONS

27. At all times relevant, prior to termination of their employment, Plaintiffs performed their duties and carried out the obligations of their employment fully;

28. During the course of their employment, Plaintiffs came under the supervision of Defendants Clark and Healy in different capacities;

29. During the course of Defendants Clark's and Healy's supervision over Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander or Guamanian national origin, and dark or brown skin color;

30. The differential terms and conditions of employment by Defendants Calpac, DTS, MCI, Healy, Clark, Ward, and James included harassment and disparate treatment not experienced by non-Pacific Islanders, non-Chamorros, non-Guamanians, or individuals without dark or brown skin color;

31. Defendants have each exhibited patterns and practices of discrimination toward Pacific Islanders, Chamorros, Guamanians, and individuals with dark or brown color;

32. Defendants each subjected Plaintiffs to discrimination in the terms of their employment, and retaliation for their complaints regarding such discrimination;

33. Defendants each condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of race, national origin, and color discrimination, disparate treatment, and other unlawful employment practices to which Plaintiffs were subjected in their employment;

34. The actions of each Defendant affected the rights of Plaintiffs by depriving Plaintiffs of equal employment opportunities because of discrimination based on race, national origin, color, and retaliation;

35. Plaintiffs demand a jury trial in this matter;

## COUNT I

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Henry G. Van Meter

36. Plaintiff Henry G. Van Meter ("Plaintiff Van Meter") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

37. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Van Meter was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Van Meter and the other Plaintiffs "island monkeys" or "monkeys;"

38. Due to Defendant Clark's discriminatory actions, Plaintiff Van Meter notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

39. As a result of Plaintiff Van Meter's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Van Meter from his employment on or about December 10, 2004;

40. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

41. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

42. At all times relevant, Plaintiff Van Meter performed his duties and carried out the obligations of his employment fully;

43. The actions by Defendants against Plaintiff Van Meter were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions;

44. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Van Meter;

45. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Van Meter suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

46. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Van Meter lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

47. Plaintiff Van Meter demands a jury trial in this matter;

## COUNT II

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jerry Apodaca, Jr.

48. Plaintiff Jerry Apodaca, Jr., ("Plaintiff Apodaca") was hired by Calpac in 2004 to work on an installation project of underground cables in Guam for MCI;

49. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Apodaca was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Apodaca and the other Plaintiffs "island monkeys" or "monkeys;"

50. Due to Defendant Clark's discriminatory actions, Plaintiff Apodaca notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

7

Case 1:05-cv-00037   Document 1   Filed 12/12/2005   Page 7 of 36

51. As a result of Plaintiff Apodaca's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Apodaca from his employment on or about November 26, 2004;

52. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

53. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

54. At all times relevant, Plaintiff Apodaca performed his duties and carried out the obligations of his employment fully;

55. The actions by Defendants against Plaintiff Apodaca were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

56. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Apodaca;

57. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Apodaca suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

58. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Apodaca lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

59. Plaintiff Apodaca demands a jury trial in this matter;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

8

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 8 of 36

## COUNT III

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph J. Hernandez

60. Plaintiff Joseph J. Hernandez ("Plaintiff Hernandez") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

61. During the period on or about July to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Hernandez was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Hernandez and the other Plaintiffs "island monkeys" or "monkeys;"

62. Due to Defendant Clark's discriminatory actions, Plaintiff Hernandez notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

63. As a result of Plaintiff Hernandez's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Hernandez from his employment;

64. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

65. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

66. At all times relevant, Plaintiff Van Meter performed his duties and carried out the obligations of his employment fully;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

9

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 9 of 36

67. The actions by Defendants against Plaintiff Hernandez were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

68. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Hernandez;

69. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Hernandez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

70. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Hernandez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

71. Plaintiff Hernandez demands a jury trial in this matter;

## COUNT IV

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph T. Mendiola

72. Plaintiff Joseph T. Mendiola ("Plaintiff J. Mendiola") was hired by Calpac on or about April 2004 to work on an installation project of underground cables in Guam for MCI;

73. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 10 of 36

10

by Defendant Clark who called Plaintiff J. Mendiola and the other Plaintiffs "island monkeys" or "monkeys;"

74. Due to Defendant Clark's discriminatory actions, Plaintiff J. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

75. As a result of Plaintiff J. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff J. Mendiola from his employment on or about December 7, 2004;

76. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

77. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

78. At all times relevant, Plaintiff J. Mendiola performed his duties and carried out the obligations of his employment fully;

79. The actions by Defendants against Plaintiff J. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

80. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Mendiola;

81. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

11

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 11 of 36

82. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

83. Plaintiff J. Mendiola demands a jury trial in this matter;

### COUNT V

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Larry L. Charfauros

84. Plaintiff Larry L. Charfauros ("Plaintiff Charfauros") was hired by Calpac in or about July 2004 to work on an installation project of underground cables in Guam for MCI;

85. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Charfauros was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Charfauros and the other Plaintiffs "island monkeys" or "monkeys;"

86. Due to Defendant Clark's discriminatory actions, Plaintiff Charfauros notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

87. As a result of Plaintiff Charfauros' complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Charfauros from his employment on or about November 27, 2004;

88. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint.

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 12 of 36

12

89. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

90. At all times relevant, Plaintiff Charfauros performed his duties and carried out the obligations of his employment fully;

91. The actions by Defendants against Plaintiff Charfauros were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions;

92. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Charfauros;

93. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Charfauros suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

94. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Charfauros lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

95. Plaintiff Charfauros demands a jury trial in this matter;

/          /          /

/          /          /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint.

13

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 13 of 36

**COUNT VI**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Anthony C. Arriola

96. Plaintiff Anthony C. Arriola ("Plaintiff Arriola") was hired by Calpac in or about May 2004 to work on an installation project of underground cables in Guam for MCI;

97. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Arriola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Arriola and the other Plaintiffs "island monkeys" or "monkeys;"

98. Due to Defendant Clark's discriminatory actions, Plaintiff Arriola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

99. As a result of Plaintiff Arriola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Arriola from his employment on or about November 24, 2004;

100. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

101. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

102. At all times relevant, Plaintiff Arriola performed his duties and carried out the obligations of his employment fully;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

14

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 14 of 36

103.   The actions by Defendants against Plaintiff Arriola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, individuals not of dark color, and individuals who did not complain about the discriminatory actions;

104.   The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Arriola;

105.   As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Arriola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

106.   As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Arriola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

107.   Plaintiff Arriola demands a jury trial in this matter;

**COUNT VII**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Robert B. Cruz

108.   Plaintiff Robert B. Cruz ("Plaintiff R. Cruz") was hired by Calpac in or about February 2003 to work on an installation project of underground cables in Guam for MCI;

109.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Cruz was

Henry G. Van Meter, et al., v. CAL PAC, et al.                                          15
Civil Case No.
Complaint
Case 1:05-cv-00037   Document 1   Filed 12/12/2005   Page 15 of 36

harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

110. Due to Defendant Clark's discriminatory actions, Plaintiff R. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

111. As a result of Plaintiff R. Cruz's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Cruz from his employment on or about November 28, 2004;

112. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

113. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

114. At all times relevant, Plaintiff R. Cruz performed his duties and carried out the obligations of his employment fully;

115. The actions by Defendants against Plaintiff R. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

116. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Cruz;

117. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Cruz suffered emotional harm,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

16

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 16 of 36

suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

118.  As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

119.  Plaintiff R. Cruz demands a jury trial in this matter;

## COUNT VIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Roland F. Mendiola

120.  Plaintiff Roland F. Mendiola ("Plaintiff R. Mendiola") was hired by Calpac in or about April 2004 to work on an installation project of underground cables in Guam for MCI;

121.  During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Mendiola and the other Plaintiffs "island monkeys" or "monkeys;"

122.  Due to Defendant Clark's discriminatory actions, Plaintiff R. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

17

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 17 of 36

123. As a result of Plaintiff R. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Mendiola from his employment on or about December 7, 2004;

124. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

125. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

126. At all times relevant, Plaintiff R. Mendiola performed his duties and carried out the obligations of his employment fully;

127. The actions by Defendants against Plaintiff R. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

128. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Mendiola;

129. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

130. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

131. Plaintiff R. Mendiola demands a jury trial in this matter;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

18

Case 1:05-cv-00037   Document 1   Filed 12/12/2005   Page 18 of 36

# COUNT IX

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff James S. Yee

132.   Plaintiff James S. Yee ("Plaintiff Yee") was hired by Calpac in or about August 2004 to work on an installation project of underground cables in Guam for MCI;

133.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Yee was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Yee and the other Plaintiffs "island monkeys" or "monkeys;"

134.   Due to Defendant Clark's discriminatory actions, Plaintiff Yee notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

135.   Plaintiff Yee also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

136.   On or about December 2004 or thereafter, Defendant Healy and Calpac, upon information and belief, held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they complained about Defendants' discriminatory actions to authorities or agencies;

137.   As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Ward

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

19

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 19 of 36

subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by frequently ignoring and refusing to acknowledge Plaintiff Yee;

138.   As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ignoring and excluding Plaintiff Yee from discussions at work;

139.   As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant James subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ordering Plaintiff to force the machine he was operating, which might cause the machine to break, or else Plaintiff Yee would be terminated from his employment and subjected to physical violence by Defendant James;

140.   As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by reducing Plaintiff's work hours by at least ten (10) hours per week;

141.   As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully constructively terminating Plaintiff Yee from his employment on or about March or April 2005;

142.   The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

143. The actions of Defendant Ward were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, Healy, Clark, and James;

144. The actions of Defendant James were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, Healy, Clark, and Ward;

145. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, Clark, Ward, and James;

146. At all times relevant, Plaintiff Yee performed his duties and carried out the obligations of his employment fully;

147. The actions by Defendants against Plaintiff Yee were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

148. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Yee;

149. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Yee suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

150. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Yee lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

151. Plaintiff Yee demands a jury trial in this matter;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

21

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 21 of 36

## COUNT X

### Race, National Origin, and Color Discrimination
### Hostile Work Environment
### Retaliation
### Unlawful Employment Practices

Plaintiff Teddy B. Cruz

152.    Plaintiff Teddy B. Cruz ("Plaintiff T. Cruz") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

153.    During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff T. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff T. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

154.    Due to Defendant Clark's discriminatory actions, Plaintiff T. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

155.    Plaintiff T. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

156.    On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

22

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 22 of 36

157. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who did not file EEOC charges of discrimination;

158. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Defendant Clark talked to everyone else except those who did not file EEOC charges of discrimination;

159. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff T. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

160. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

23

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 23 of 36

161. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff T. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

162. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff T. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer;

163. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff T. Cruz from his employment on or about May 6, 2005;

164. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

165. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, Clark, Ward, and James;

166. At all times relevant, Plaintiff T. Cruz performed his duties and carried out the obligations of his employment fully;

167. The actions by Defendants against Plaintiff T. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-

Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

168.    The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff T. Cruz;

169.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff T. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

170.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff T. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

171.    Plaintiff T. Cruz demands a jury trial in this matter;

### COUNT XI

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jesse B. Cruz

172.    Plaintiff Jesse B. Cruz ("Plaintiff J. Cruz") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for MCI;

173.    During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              25
Civil Case No.
Complaint.
Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 25 of 36

Clark who called Plaintiff J. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

174. Due to Defendant Clark's discriminatory actions, Plaintiff J. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

175. Plaintiff J. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

176. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

177. Also, before Plaintiff J. Cruz's unlawful termination of employment, Plaintiff J. Cruz was informed by a foreman or other agent of Defendant Calpac that Plaintiff J. Cruz should be careful about what he signs regarding the charge of discrimination and that if Plaintiff J. Cruz dismisses the charge against Calpac then good things might happen to Plaintiff J. Cruz;

178. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff J. Cruz and excluding

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

26

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 26 of 36

Plaintiff J. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who did not file EEOC charges of discrimination;

179.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions while Defendant Clark talked to everyone else except those who did not file EEOC charges of discrimination;

180.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff J. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

181.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff T. Cruz's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

182.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff J. Cruz to unlawful, adverse, and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

27

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 27 of 36

discriminatory treatment by assigning Plaintiff J. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

183.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff J. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer;

184.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff J. Cruz from his employment on or about May 6, 2005;

185.    The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

186.    The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

187.    At all times relevant, Plaintiff J. Cruz performed his duties and carried out the obligations of his employment fully;

188.    The actions by Defendants against Plaintiff J. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

28

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 28 of 36

189. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Cruz;

190. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

191. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

192. Plaintiff J. Cruz demands a jury trial in this matter;

## COUNT XII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John L.G. Nauta

193. Plaintiff John L.G. Nauta ("Plaintiff Nauta") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

194. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Nauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Nauta and the other Plaintiffs "island monkeys" or "monkeys;"

195. Due to Defendant Clark's discriminatory actions, Plaintiff Nauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

196. Plaintiff Nauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

197. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

198. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Calpac upper management and supervisors talked to everyone else except those who did not file EEOC charges of discrimination;

199. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Defendant Clark talked to everyone else except those who did not file EEOC charges of discrimination;

200.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff Nauta a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

201.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff Nauta's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

202.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

203.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Nauta, who was a laborer and truck driver, while Calpac was making heavy equipment mechanics do the duties of a laborer and truck driver;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

31

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 31 of 36

204. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff Nauta from his employment on or about May 5, 2005;

205. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

206. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

207. At all times relevant, Plaintiff Nauta performed his duties and carried out the obligations of his employment fully;

208. The actions by Defendants against Plaintiff Nauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

209. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Nauta;

210. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Nauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

211. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nauta lost income and future prospects of

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint

32

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 32 of 36

income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

212.   Plaintiff Nauta demands a jury trial in this matter;

## COUNT XIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John P. Babauta

213.   Plaintiff John P. Babauta ("Plaintiff Babauta") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for MCI;

214.   During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Babauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Babauta and the other Plaintiffs "island monkeys" or "monkeys;"

215.   Due to Defendant Clark's discriminatory actions, Plaintiff Babauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

216.   Plaintiff Babauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004 or thereafter;

217.   On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint
33

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 33 of 36

employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

218.    Also, before Plaintiff Babauta's unlawful termination of employment, Plaintiff Babauta was informed by a foreman or other agent of Defendant Calpac that Plaintiff Babauta should be careful about what he signs regarding the charge of discrimination and that if Plaintiff Babauta dismisses the charge against Calpac then good things might happen to Plaintiff Babauta;

219.    As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

220.    During the period from approximately March to May 2005, Plaintiff Babauta was on leave for surgery;

221.    As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by deliberately failing to provide any work to Plaintiff Babauta upon expiration of his leave for surgery, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

222.    As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory

treatment by failing to provide work hours to Plaintiff Babauta, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer;

223.    As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff Babauta from his employment in or about May 2005 or thereafter;

224.    The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

225.    The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

226.    At all times relevant, Plaintiff Babauta performed his duties and carried out the obligations of his employment fully;

227.    The actions by Defendants against Plaintiff Babauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

228.    The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Babauta;

229.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Babauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

230. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Babauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

231. Plaintiff Nauta demands a jury trial in this matter;

**WHEREFORE, PLAINTIFFS PRAY THAT:**

1. Each Plaintiff be compensated for lost wages, benefits, bonuses, backpay, and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial;

2. Each Plaintiff be compensated for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $1,000,000 for which Defendants should be jointly and severally liable;

3. The Court assess punitive damages against Defendants and each of them in amounts sufficient to deter further unlawful employment practices described herein;

4. They each be awarded their attorney fees and costs of suit;

5. The Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

6. Plaintiffs be given a jury trial in this matter.

**RESPECTFULLY SUBMITTED** this 12th day of December, 2005, in Hagåtña, Guam.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**DELIA LUJAN**
Attorneys for Plaintiffs

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No.
Complaint.

36

Case 1:05-cv-00037    Document 1    Filed 12/12/2005    Page 36 of 36