

1  **LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
2  Pacific News Building, Suite 300
238 Archbishop Flores Street
3  Hagåtña, Guam 96910
Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM
FEB 2 4 2006 ᑭ
MARY L.M. MORAN
CLERK OF COURT

6  ## IN THE UNITED STATES DISTRICT COURT OF GUAM

7  ## FOR THE TERRITORY OF GUAM

8

9  HENRY G. VAN METER, JERRY
APODACA, JR., JOSEPH J.
10  HERNANDEZ, JOSEPH T. MENDIOLA,
LARRY L. CHARFAUROS, ANTHONY
11  C. ARRIOLA, ROBERT B. CRUZ,
ROLAND F. MENDIOLA, JAMES S.
12  YEE, TEDDY B. CRUZ, JESSE B. CRUZ,
JOHN L.G. NAUTA, and JOHN P.
13  BABAUTA,

14                          Plaintiffs,
        -vs-
15
CALPAC, DYNAMIC TECHNICAL
16  SERVICES, MCI, JOHN HEALY,
DENNIS CLARK, WILLIAM WARD, JAI
17  JAMES, and DOES 1 through 10,

18                          Defendants.

CIVIL CASE NO. 05-00037


**FIRST AMENDED COMPLAINT UNDER 42
U.S.C. § 2000E, et seq.** [Title VII of Civil Rights
Act of 1964, as amended] **and DEMAND FOR
JURY TRIAL**

19

20        COMES NOW Plaintiffs Henry G. Van Meter, Jerry T. Apodaca, Jr., Joseph J.

21  Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz,

22  Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P.

23  Babauta (collectively "Plaintiffs") and each of them and herein allege as follows:

24              ## PRELIMINARY STATEMENT/JURISDICTION

25

26        1.  This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

27            § 2000e, et seq., as amended.

28

ORIGINAL

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

Case 1:05-cv-00037    Document 4    Filed 02/24/2006    Page 1 of 17

1

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e and –5(f) and –5(g) and 28 U.S.C. § 1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, color, religious, national origin, and sex discrimination and retaliation in employment.

3. The conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unfair employment practice and the EEOC issued to each Plaintiff a Right to Sue notification which was received within 90 days prior to the filing of the complaint.

## PARTIES

4. Plaintiff Henry G. Van Meter is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

5. Plaintiff Jerry Apodaca, Jr., is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

6. Plaintiff Joseph J. Hernandez is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

7. Plaintiff Joseph T. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

8. Plaintiff Larry L. Charfauros is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

9. Plaintiff Anthony C. Arriola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

10. Plaintiff Robert B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

Case 1:05-cv-00037     Document 4     Filed 02/24/2006     Page 2 of 17

2

11. Plaintiff Roland F. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

12. Plaintiff James S. Yee is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

13. Plaintiff Teddy B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

14. Plaintiff Jesse B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

15. Plaintiff John L.G. Nauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

16. Plaintiff John P. Babauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam;

17. Defendant Calpac is, upon information and belief, a general contractor, cable installation business having its principal place of business in Guam;

18. Defendant Dynamic Technical Services ("DTS") is, upon information and belief, a business having its principal place of business or primary offices in Texas and engaged in business in Guam;

19. Defendant MCI is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and engaged in business in Guam;

20. Defendant John Healy ("Defendant Healy") is, upon information and belief, the owner of Calpac;

21. Defendant Dennis Clark ("Defendant Clark") is, upon information and belief, a manager or supervisor employed by DTS;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

3

Case 1:05-cv-00037    Document 4    Filed 02/24/2006    Page 3 of 17

22. Defendant William Ward ("Defendant Ward") is, upon information and belief, the general manager of Calpac;

23. Defendant Jai James ("Defendant James") is, upon information and belief, a foreman or supervisor employed by Calpac;

24. Does 1 through 10 are unidentified directors, managers, administrators, agents, or assigns of Defendants Calpac, DTS, and/or MCI collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practiced alleged by Plaintiffs; and Plaintiffs will amend their Complaint as their identities are discovered;

25. Defendant MCI, upon information and belief, hired Defendant Calpac to perform the installation of underground cables in Guam;

26. Defendant MCI, upon information and belief, hired DTS to supervise or oversee the installation of underground cables in Guam performed by Defendant Calpac;

## ALLEGATIONS

27. At all times relevant, prior to termination of their employment, Plaintiffs performed their duties and carried out the obligations of their employment fully;

28. During the course of their employment, Plaintiffs came under the supervision of Defendants Clark and Healy in different capacities;

29. During the course of Defendants Clark's and Healy's supervision over Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander or Guamanian national origin, and dark or brown skin color;

30. The differential terms and conditions of employment by Defendants Calpac, DTS, MCI, Healy, Clark, Ward, and James included harassment and disparate treatment not

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                  4
Civil Case No. 05-00037
First Amended Complaint
Case 1:05-cv-00037     Document 4     Filed 02/24/2006     Page 4 of 17

experienced by non-Pacific Islanders, non-Chamorros, non-Guamanians, or individuals without dark or brown skin color;

31. Defendants have each exhibited patterns and practices of discrimination toward Pacific Islanders, Chamorros, Guamanians, and individuals with dark or brown color;

32. Defendants each subjected Plaintiffs to discrimination in the terms of their employment, and retaliation for their complaints regarding such discrimination;

33. Defendants each condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of race, national origin, and color discrimination, disparate treatment, and other unlawful employment practices to which Plaintiffs were subjected in their employment;

34. The actions of each Defendant affected the rights of Plaintiffs by depriving Plaintiffs of equal employment opportunities because of discrimination based on race, national origin, color, and retaliation;

35. Plaintiffs demand a jury trial in this matter;

## COUNT I

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Henry G. Van Meter

36. Plaintiff Henry G. Van Meter ("Plaintiff Van Meter") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

37. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Van Meter was harassed and discriminated against on the basis of his race, national origin, and color

by Defendant Clark who called Plaintiff Van Meter and the other Plaintiffs "island monkeys" or "monkeys;"

38. Due to Defendant Clark's discriminatory actions, Plaintiff Van Meter notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

39. As a result of Plaintiff Van Meter's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Van Meter from his employment on or about December 10, 2004;

40. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

41. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

42. At all times relevant, Plaintiff Van Meter performed his duties and carried out the obligations of his employment fully;

43. The actions by Defendants against Plaintiff Van Meter were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions;

44. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Van Meter;

45. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Van Meter suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

6

Case 1:05-cv-00037     Document 4     Filed 02/24/2006     Page 6 of 17

46. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Van Meter lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

47. Plaintiff Van Meter demands a jury trial in this matter;

## COUNT II

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jerry Apodaca, Jr.

48. Plaintiff Jerry Apodaca, Jr., ("Plaintiff Apodaca") was hired by Calpac in 2004 to work on an installation project of underground cables in Guam for MCI;

49. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Apodaca was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Apodaca and the other Plaintiffs "island monkeys" or "monkeys;"

50. Due to Defendant Clark's discriminatory actions, Plaintiff Apodaca notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

51. As a result of Plaintiff Apodaca's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Apodaca from his employment on or about November 26, 2004;

52. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

7

53. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

54. At all times relevant, Plaintiff Apodaca performed his duties and carried out the obligations of his employment fully;

55. The actions by Defendants against Plaintiff Apodaca were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

56. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Apodaca;

57. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Apodaca suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

58. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Apodaca lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

59. Plaintiff Apodaca demands a jury trial in this matter;

## COUNT III

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph J. Hernandez

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

8

Case 1:05-cv-00037    Document 4    Filed 02/24/2006    Page 8 of 17

60. Plaintiff Joseph J. Hernandez ("Plaintiff Hernandez") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

61. During the period on or about July to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Hernandez was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Hernandez and the other Plaintiffs "island monkeys" or "monkeys;"

62. Due to Defendant Clark's discriminatory actions, Plaintiff Hernandez notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

63. As a result of Plaintiff Hernandez's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Hernandez from his employment;

64. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

65. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

66. At all times relevant, Plaintiff Hernandez performed his duties and carried out the obligations of his employment fully;

67. The actions by Defendants against Plaintiff Hernandez were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

68. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Hernandez;

69. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Hernandez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

70. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Hernandez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

71. Plaintiff Hernandez demands a jury trial in this matter;

## COUNT IV

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph T. Mendiola

72. Plaintiff Joseph T. Mendiola ("Plaintiff J. Mendiola") was hired by Calpac on or about April 2004 to work on an installation project of underground cables in Guam for MCI;

73. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff J. Mendiola and the other Plaintiffs "island monkeys" or "monkeys;"

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

10

74. Due to Defendant Clark's discriminatory actions, Plaintiff J. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

75. As a result of Plaintiff J. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff J. Mendiola from his employment on or about December 7, 2004;

76. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

77. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

78. At all times relevant, Plaintiff J. Mendiola performed his duties and carried out the obligations of his employment fully;

79. The actions by Defendants against Plaintiff J. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

80. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Mendiola;

81. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

82. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Mendiola lost income and future

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                        11
Civil Case No. 05-00037
First Amended Complaint    Case 1:05-cv-00037    Document 4    Filed 02/24/2006    Page 11 of 17

prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

83. Plaintiff J. Mendiola demands a jury trial in this matter;

## COUNT V

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Larry L. Charfauros

84. Plaintiff Larry L. Charfauros ("Plaintiff Charfauros") was hired by Calpac in or about July 2004 to work on an installation project of underground cables in Guam for MCI;

85. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Charfauros was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Charfauros and the other Plaintiffs "island monkeys" or "monkeys;"

86. Due to Defendant Clark's discriminatory actions, Plaintiff Charfauros notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

87. As a result of Plaintiff Charfauros' complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Charfauros from his employment on or about November 27, 2004;

88. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

89. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

90. At all times relevant, Plaintiff Charfauros performed his duties and carried out the obligations of his employment fully;

91. The actions by Defendants against Plaintiff Charfauros were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions;

92. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Charfauros;

93. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Charfauros suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

94. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Charfauros lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

95. Plaintiff Charfauros demands a jury trial in this matter;

/          /          /

/          /          /

## COUNT VI

Race, National Origin, and Color Discrimination
Hostile Work Environment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

13

Case 1:05-cv-00037     Document 4     Filed 02/24/2006     Page 13 of 17

Plaintiff Anthony C. Arriola

96. Plaintiff Anthony C. Arriola ("Plaintiff Arriola") was hired by Calpac in or about May 2004 to work on an installation project of underground cables in Guam for MCI;

97. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Arriola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Arriola and the other Plaintiffs "island monkeys" or "monkeys;"

98. Due to Defendant Clark's discriminatory actions, Plaintiff Arriola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

99. As a result of Plaintiff Arriola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Arriola from his employment on or about November 24, 2004;

100. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

101. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

102. At all times relevant, Plaintiff Arriola performed his duties and carried out the obligations of his employment fully;

103. The actions by Defendants against Plaintiff Arriola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

14

Case 1:05-cv-00037     Document 4     Filed 02/24/2006     Page 14 of 17

individuals not of dark color, and individuals who did not complain about the discriminatory actions;

104.   The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Arriola;

105.   As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Arriola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

106.   As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Arriola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

107.   Plaintiff Arriola demands a jury trial in this matter;

## COUNT VII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Robert B. Cruz

108.   Plaintiff Robert B. Cruz ("Plaintiff R. Cruz") was hired by Calpac in or about February 2003 to work on an installation project of underground cables in Guam for MCI;

109.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Cruz was harassed and discriminated against on the basis of his race, national origin, and color

Henry G. Van Meter, et al., v. CAL PAC, et al.                 15
Civil Case No. 05-00037
First Amended Complaint

by Defendant Clark who called Plaintiff R. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

110. Due to Defendant Clark's discriminatory actions, Plaintiff R. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

111. As a result of Plaintiff R. Cruz's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Cruz from his employment on or about November 28, 2004;

112. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

113. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

114. At all times relevant, Plaintiff R. Cruz performed his duties and carried out the obligations of his employment fully;

115. The actions by Defendants against Plaintiff R. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

116. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Cruz;

117. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

16

Case 1:05-cv-00037    Document 4    Filed 02/24/2006    Page 16 of 17

118. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

119. Plaintiff R. Cruz demands a jury trial in this matter;

## COUNT VIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Roland F. Mendiola

120. Plaintiff Roland F. Mendiola ("Plaintiff R. Mendiola") was hired by Calpac in or about April 2004 to work on an installation project of underground cables in Guam for MCI;

121. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Mendiola and the other Plaintiffs "island monkeys" or "monkeys;"

122. Due to Defendant Clark's discriminatory actions, Plaintiff R. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

123. As a result of Plaintiff R. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Mendiola from his employment on or about December 7, 2004;