124. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

125. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

126. At all times relevant, Plaintiff R. Mendiola performed his duties and carried out the obligations of his employment fully;

127. The actions by Defendants against Plaintiff R. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

128. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Mendiola;

129. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

130. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

131. Plaintiff R. Mendiola demands a jury trial in this matter;

## COUNT IX

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

18

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 1 of 19

## Plaintiff James S. Yee

132. Plaintiff James S. Yee ("Plaintiff Yee") was hired by Calpac in or about August 2004 to work on an installation project of underground cables in Guam for MCI;

133. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Yee was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Yee and the other Plaintiffs "island monkeys" or "monkeys;"

134. Due to Defendant Clark's discriminatory actions, Plaintiff Yee notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

135. Plaintiff Yee also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

136. On or about December 2004 or thereafter, Defendant Healy and Calpac, upon information and belief, held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they complained about Defendants' discriminatory actions to authorities or agencies;

137. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Ward subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by frequently ignoring and refusing to acknowledge Plaintiff Yee;

138. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Clark

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

19

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 2 of 19

subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ignoring and excluding Plaintiff Yee from discussions at work;

139. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant James subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ordering Plaintiff to force the machine he was operating, which might cause the machine to break, or else Plaintiff Yee would be terminated from his employment and subjected to physical violence by Defendant James;

140. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by reducing Plaintiff's work hours by at least ten (10) hours per week;

141. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully constructively terminating Plaintiff Yee from his employment on or about March or April 2005;

142. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

143. The actions of Defendant Ward were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, Healy, Clark, and James;

144. The actions of Defendant James were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, Healy, Clark, and Ward;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

20

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 3 of 19

145. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, Clark, Ward, and James;

146. At all times relevant, Plaintiff Yee performed his duties and carried out the obligations of his employment fully;

147. The actions by Defendants against Plaintiff Yee were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

148. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Yee;

149. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Yee suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

150. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Yee lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

151. Plaintiff Yee demands a jury trial in this matter;

## COUNT X

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Teddy B. Cruz

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

21

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 4 of 19

152. Plaintiff Teddy B. Cruz ("Plaintiff T. Cruz") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

153. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff T. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff T. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

154. Due to Defendant Clark's discriminatory actions, Plaintiff T. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

155. Plaintiff T. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

156. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

157. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff T. Cruz and excluding

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

22

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 5 of 19

Plaintiff T. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination;

158. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination;

159. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff T. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

160. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

161. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff T. Cruz to unlawful, adverse, and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

23

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 6 of 19

discriminatory treatment by assigning Plaintiff T. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

162. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff T. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer;

163. As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff T. Cruz from his employment on or about May 6, 2005;

164. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

165. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, MCI, Clark, Ward, and James;

166. At all times relevant, Plaintiff T. Cruz performed his duties and carried out the obligations of his employment fully;

167. The actions by Defendants against Plaintiff T. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Class Amended Complaint

24

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 7 of 19

168. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff T. Cruz;

169. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff T. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

170. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff T. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

171. Plaintiff T. Cruz demands a jury trial in this matter;

## COUNT XI

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jesse B. Cruz

172. Plaintiff Jesse B. Cruz ("Plaintiff J. Cruz") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for MCI;

173. During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff J. Cruz and the other Plaintiffs "island monkeys" or "monkeys;"

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

25

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 8 of 19

174. Due to Defendant Clark's discriminatory actions, Plaintiff J. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

175. Plaintiff J. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

176. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

177. Also, before Plaintiff J. Cruz's unlawful termination of employment, Plaintiff J. Cruz was informed by a foreman or other agent of Defendant Calpac that Plaintiff J. Cruz should be careful about what he signs regarding the charge of discrimination and that if Plaintiff J. Cruz dismisses the charge against Calpac then good things might happen to Plaintiff J. Cruz;

178. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

26

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 9 of 19

179. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination;

180. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff J. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

181. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff T. Cruz's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

182. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff J. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

27

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 10 of 19

183. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff J. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer;

184. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff J. Cruz from his employment on or about May 6, 2005;

185. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

186. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

187. At all times relevant, Plaintiff J. Cruz performed his duties and carried out the obligations of his employment fully;

188. The actions by Defendants against Plaintiff J. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

189. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Cruz;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

28

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 11 of 19

190. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

191. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

192. Plaintiff J. Cruz demands a jury trial in this matter;

## COUNT XII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John L.G. Nauta

193. Plaintiff John L.G. Nauta ("Plaintiff Nauta") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for MCI;

194. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Nauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Nauta and the other Plaintiffs "island monkeys" or "monkeys;"

195. Due to Defendant Clark's discriminatory actions, Plaintiff Nauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

29

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 12 of 19

196. Plaintiff Nauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004;

197. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

198. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination;

199. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination;

200. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

30

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 13 of 19

by deliberately failing to provide to Plaintiff Nauta a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization;

201. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff Nauta's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

202. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

203. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Nauta, who was a laborer and truck driver, while Calpac was making heavy equipment mechanics do the duties of a laborer and truck driver;

204. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

31

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 14 of 19

by wrongfully and unlawfully terminating Plaintiff Nauta from his employment on or about May 5, 2005;

205. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

206. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

207. At all times relevant, Plaintiff Nauta performed his duties and carried out the obligations of his employment fully;

208. The actions by Defendants against Plaintiff Nauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

209. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Nauta;

210. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Nauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

211. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

212. Plaintiff Nauta demands a jury trial in this matter;

## COUNT XIII

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

32

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 15 of 19

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John P. Babauta

213. Plaintiff John P. Babauta ("Plaintiff Babauta") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for MCI;

214. During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Babauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Babauta and the other Plaintiffs "island monkeys" or "monkeys;"

215. Due to Defendant Clark's discriminatory actions, Plaintiff Babauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs;

216. Plaintiff Babauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004 or thereafter;

217. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

33

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 16 of 19

218. Also, before Plaintiff Babauta's unlawful termination of employment, Plaintiff Babauta was informed by a foreman or other agent of Defendant Calpac that Plaintiff Babauta should be careful about what he signs regarding the charge of discrimination and that if Plaintiff Babauta dismisses the charge against Calpac then good things might happen to Plaintiff Babauta;

219. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

220. During the period from approximately March to May 2005, Plaintiff Babauta was on leave for surgery;

221. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by deliberately failing to provide any work to Plaintiff Babauta upon expiration of his leave for surgery, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week;

222. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Babauta, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

34

Case 1:05-cv-00037   Document 4-2   Filed 02/24/2006   Page 17 of 19

223. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff Babauta from his employment in or about May 2005 or thereafter;

224. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, MCI, and Healy;

225. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, MCI, and Clark;

226. At all times relevant, Plaintiff Babauta performed his duties and carried out the obligations of his employment fully;

227. The actions by Defendants against Plaintiff Babauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions;

228. The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Babauta;

229. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Babauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

230. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Babauta lost income and future prospects

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

35

of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial;

231. Plaintiff Nauta demands a jury trial in this matter;

**WHEREFORE, PLAINTIFFS PRAY THAT:**

1. Each Plaintiff be compensated for lost wages, benefits, bonuses, backpay, and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial;

2. Each Plaintiff be compensated for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $1,000,000 from each Defendant, for which Defendants should be jointly and severally liable;

3. The Court assess punitive damages against Defendants and each of them in amounts sufficient to deter further unlawful employment practices described herein;

4. They each be awarded their attorney fees and costs of suit;

5. The Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

6. Plaintiffs be given a jury trial in this matter.

**RESPECTFULLY SUBMITTED** this 24th day of February, 2006, in Hagåtña, Guam.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
First Amended Complaint

Case 1:05-cv-00037    Document 4-2    Filed 02/24/2006    Page 19 of 19

36