Elyze J. McDonald, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

HAROLD D. JONES, Texas Bar No. 10894020
(Admitted *Pro Hac Vice*)
ANDERSON & JONES, PLLC
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone:   972.789.1160
Fax No.:     972.789.1606

Attorneys for Defendant
DYNAMIC TECHNICAL SERVICES

FILED
DISTRICT COURT OF GUAM
APR 21 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 05-00037<br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF** |

***TO THE HONORABLE U.S. DISTRICT COURT:***

NOW COMES Defendant DYNAMIC TECHNICAL SERVICES ("Defendant" or "DTS"), and moves this Honorable Court to dismiss all claims against Defendant DTS, and would show the Court as follows:

---

DEFENDANT DYNAMIC TECHNICAL SERVICES' RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF
1108.02/WAB

Case 1:05-cv-00037     Document 35     Filed 04/21/2006     Page 1 of 4

ORIGINAL

# I.
## GROUNDS FOR MOTION

Defendant DTS contends Plaintiffs have failed to state a claim upon which relief can be granted.

# II.
## MOTION

Defendant DTS moves this Court to dismiss all of the Plaintiffs' claims against Defendant DTS, because Plaintiffs cannot prove any set of facts that would entitle it to relief. More specifically, Defendant DTS had no employment relationship with Defendant Dennis Clark or any other party to this case. Without an employment relationship, Title VII of the 1964 Civil Rights Act ("Title VII") cannot apply to Defendant DTS, and there is no subject matter jurisdiction.

# III.
## ARGUMENTS AND AUTHORITIES

Plaintiffs have alleged that Defendant DTS is liable on the basis of multiple violations of Title VII. In Paragraph 21 of Plaintiffs' First Amended Complaint, Plaintiffs allege that "Defendant Dennis Clark is, upon information and belief, a manager or supervisor employed by DTS." Plaintiffs also allege in Paragraph 24 that Does 1 through 10 are "unidentified directors, managers, administrators, agents, or assigns of ... DTS ... who participated in, condoned, authorized, agreed, directed or had notice of and failed to take action to stop the unlawful employment practices alleged by Plaintiffs." Plaintiffs allege in Paragraph 26 of Plaintiffs' First Amended Complaint that Defendant MCI, upon information and belief, hired DTS to supervise or oversee the insulation of underground cables in Guam performed by Defendant Calpac.

In general, Plaintiffs allege that Defendant Clark, an alleged DTS employee, subjected all of the Plaintiffs to race, national origin, and color discrimination, a hostile working environment, retaliatory conduct based on complaints made by the Plaintiffs, as well as other

2.

DEFENDANT DYNAMIC TECHNICAL SERVICES' RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF
1108.02/WAB
Case 1:05-cv-00037   Document 35   Filed 04/21/2006   Page 2 of 4

unlawful employment practices. Plaintiffs' further claim Defendant DTS condoned, accepted or otherwise authorized, either implicitly or explicitly, the actions of Defendant Clark.

Defendant DTS moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs have not stated the basis of a claim under Title VII. Plaintiffs did not (and cannot with any credibility) allege any facts supporting an employment relationship between Defendant DTS and any other party to the suit, including Defendant Dennis Clark. In order for Defendant DTS to be held liable under Title VII, Defendant DTS must have had an employment relationship with Defendant Clark.[1] According to the relevant provisions of Title VII, Defendant DTS is not an employer and Defendant Clark is certainly not an employee. The pleadings show on their face that Defendant DTS is not the Title VII "employer." Without any facts supporting the existence of an employment relationship between Defendant Clark and Defendant DTS, Plaintiffs have failed to state a claim upon which relief can be granted.[2]

## IV.

## CONCLUSION

Defendant DTS requests this Court dismiss the claims against Defendant DTS, because Plaintiffs have failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

---

[1] 42 U.S.C. §2000e.
[2] See, *Coyne v. City of Somerville*, 972 F.2d 440, 442-45 (1st Cir. 1992).

3.

Dated: April 21, 2006

*[signature]*
Elyze J. McDonald
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted *Pro Hac Vice*)

Attorneys for Defendant EDGE LOGISTICS SERVICES CORP.

4.

DEFENDANT DYNAMIC TECHNICAL SERVICES' RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF
1108.02/WAB
Case 1:05-cv-00037    Document 35    Filed 04/21/2006    Page 4 of 4