Elyze J. McDonald, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

HAROLD D. JONES, Texas Bar No. 10894020
(*Pro Hac Vice* Pending)
ANDERSON & JONES, PLLC
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone:   972.789.1160
Fax No.:     972.789.1606

Attorneys for Defendant
DYNAMIC TECHNICAL SERVICES

FILED
DISTRICT COURT OF GUAM
APR 21 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 05-00037<br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

***TO PLAINTIFFS*** *HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA*, ***AND THEIR ATTORNEYS OF RECORD:***

CARLSMITH BALL LLP
BANK OF HAWAII BUILDING
4 W. SOLEDAD AVENUE, SUITE 401
P.O. BOX BF
HAGÅTÑA, GUAM 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

1108.02/WAB

DEFENDANT DYNAMIC TECHNICAL SERVICES' ORIGINAL ANSWER

Case 1:05-cv-00037   Document 38   Filed 04/21/2006   Page 1 of 12

ORIGINAL

NOW COMES Defendant DYNAMIC TECHNICAL SERVICES ("Defendant" or "DTS"), and files its answer to Plaintiffs' First Amended Complaint (hereinafter referred to as "the Complaint") denying generally and specifically every material allegation in Plaintiffs' unverified complaint and denying that Defendant DTS injured Plaintiffs at all, and would show as follows:

## I.

## JURISDICTION AND VENUE

1. Defendant DTS admits that this Court has federal question jurisdiction over valid claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended. Defendant DTS denies, however, that Plaintiffs timely filed their actions after receiving the Right to Sue letters from the EEOC. Defendant DTS avers that the EEOC issued Right to Sue letters in this case on or about September 8, 2005, making the jurisdictional deadline to file suit Wednesday, December 7, 2005. Defendant DTS avers that Plaintiffs filed suit on December 12, 2005. Defendant DTS moves this honorable court to dismiss on the basis of this jurisdictional defect.

2. Defendant DTS admits that venue is proper, but denies that Plaintiffs state a proper claim.

## II.

## PARTIES

3. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 4 through 16 in Plaintiffs' First Amended Complaint pertaining to the citizenship and residence of the Plaintiffs. Defendant DTS believes that Calpac is a general contractor, cable installation business having its principal place of business in Guam as stated in paragraph 17.

4. Defendant DTS admits that Dynamic Technical Services is a business having its principal place of business and primary offices in Texas, as stated in paragraph 18 of the Complaint. Defendant DTS denies that it is routinely engaged in business in Guam. Defendant DTS admits it was engaged by Defendant MCI to recruit a project manager to supervise Defendant MCI's

2.

construction team in Guam. Defendant DTS believes that Defendant MCI hired Defendant Calpac to perform installation of underground cables in Guam. Defendant DTS denies that Defendant MCI "hired Defendant [DTS] to supervise or oversee the installation of underground cables in Guam performed by Defendant Calpac."

5. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 19 and 20 in Plaintiffs' First Amended Complaint, pertaining to Defendant MCI except Defendant DTS admits that Defendant MCI is a telecommunications business with some present business in Guam.

6. Defendant DTS denies that Defendant Dennis Clark is (or ever was) employed by Defendant DTS as stated in paragraph 21 of Plaintiffs' First Amended Complaint.

7. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 22, 23, and 24 in Plaintiffs' First Amended Complaint. Specifically, Defendant DTS is not familiar with the job title or position of William Ward or Jai James. More specifically, Defendant DTS has no knowledge of Does 1 through 10 or who they are affiliated with or what actions they may or may not have taken relative to this matter. Defendant DTS denies that it employed any of Does 1-10 or that it participated in, approved, authorized, condoned, agreed with, directed or had notice of any actions of any of the individuals or companies complained of in the Complaint, including Does 1-10.

8. Upon information and belief, Defendant DTS believes as stated in paragraph 25 that Defendant MCI hired Defendant Calpac to perform installation of underground cables in Guam. Defendant DTS denies *in toto* the allegation in paragraph 26 that Defendant MCI "hired Defendant [DTS] to supervise or oversee the installation of underground cables in Guam performed by Defendant Calpac."

## III.

## ALLEGATIONS

9. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 in Plaintiffs' First Amended Complaint. More

3.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ORIGINAL ANSWER

specifically, Defendant DTS has no knowledge of whether Plaintiffs performed their duties and carried out the obligations of their employment fully. Defendant DTS was never Plaintiffs' "employer."

10. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 in Plaintiffs' First Amended Complaint. More specifically, Defendant DTS does not know if Plaintiffs came under the supervision of Defendant Clark and Defendant Healy in different capacities. Defendant DTS was never Plaintiffs' "employer."

11. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the assertions in paragraph 29 in Plaintiffs' First Amended Complaint that Defendant Clark and Defendant Healy disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander, or Guamanian national origin, and dark or brown skin color. Defendant DTS denies Plaintiffs' assertion in paragraph 30 of Plaintiffs' First Amended Complaint that Defendant DTS was in a position of employing any of the parties named in this suit and that there were any such differential terms and/or conditions applied to Defendant DTS to any parties named. Defendant DTS avers that it was never any of the Plaintiffs' employer, but if it is found that Defendant DTS was, Defendant DTS's decisions *vis-à-vis* Plaintiffs were not motivated by race or national origin or color. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the assertions pertaining to the other parties or entities and whether or not they treated any individuals in a disparate manner or otherwise subjected them to discriminatory patterns or practices as stated in Plaintiffs' First Amended Complaint, in paragraphs 27 through 34. More specifically, Defendant DTS did not employ any party involved in the suit. Defendant DTS did not approve or condone of any actions or omissions that would create a hostile environment and/or that would impose patterns and practices of discrimination against Pacific Islanders, Chamorros, Guamanians, and individuals with dark or brown color. Defendant DTS denies that it took part in or condoned or employed any party who committed unlawful employment practices to which Plaintiffs were

4.

subjected to in their employment, if, in fact, said Plaintiffs were subjected to such treatment during their employment.

## IV.

## COUNT I THROUGH COUNT XIII

12. Defendant DTS is without knowledge and/or information sufficient to form a belief as to the truth of the averments in Counts I through XIII pertaining to any of the Plaintiffs as to whether they were hired by Defendant Calpac, when they were hired by Defendant Calpac, where they were hired by Defendant Calpac, and for what purposes they were hired by Defendant Calpac. Defendant DTS admits that Defendant MCI had a presence in Guam and was working on underground cables. Defendant DTS admits only that it is a staffing company that associates itself from time to time with MCI only for the purposes of recruiting personnel to work for MCI on a contract basis. Defendant DTS did recruit and place a Project Manager with MCI in Guam by the name of Dennis Clark at MCI's request. Defendant DTS denies that it was the employer of Defendant Dennis Clark or any other party named in this suit. Defendant DTS denies that it had any ability or authority to direct or control Clark's actions on the job.

13. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint, alleging that, "during the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, [Plaintiffs] [were] harassed and discriminated against on the basis of ... race, national origin, and color by Defendant Clark who called Plaintiffs 'island monkeys' or 'monkeys.'" Defendant DTS does not approve of such alleged statements and does not tolerate racial epithets in its organization.

14. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that "due to Defendant Clark's discriminatory actions, Plaintiffs notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs." Defendant DTS was not

Plaintiffs' "employer."

15. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint to the effect that "as a result of Plaintiffs' complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated [Plaintiffs] from … employment on or about December 10, 2004" or any other dates referred to in the Complaint. Defendant DTS never terminated the employment of any of the Plaintiffs.

16. Defendant DTS denies that any actions of Defendant Clark were approved, condoned, or authorized by Defendant DTS. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that "the actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, MCI, and Healy."

17. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that Plaintiffs performed their duties and carried out the obligations of employment fully.

18. Defendant DTS denies that it was in a position to retaliate or that it did in any way retaliate against any Plaintiffs for any complaints they may have made about alleged discriminatory actions. Defendant DTS denies that it ever received such complaints. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that the actions of any Defendants other than Defendant DTS were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non- Chamorros, non-Guamanian, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

19. Defendant DTS denies it created a hostile work environment for any of the Plaintiffs by way of harassment and/or discriminatory actions. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that any other Defendants, by their harassment

6.

and discriminatory actions, created a hostile work environment for any of the Plaintiffs. Defendant DTS avers that no Plaintiff complained to Defendant DTS to allow a prompt and effective remedy.

20. Defendant DTS denies it took any unlawful actions, discrimination, harassment, differential and/or disparate treatment toward any Plaintiff and/or that any Plaintiff suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses because of DTS. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that any other Defendants took unlawful actions, discrimination, harassment, differential and/or disparate treatment toward any Plaintiff or that any Plaintiff suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses at the hands of any other Defendants.

21. Defendant DTS denies it took any unlawful actions, discrimination, harassment, differential and/or disparate treatment toward any Plaintiff and/or that any Plaintiff lost income and future prospects of income, incurred expenses and costs, or that they will incur future expenses or costs including attorney's fees because of such conduct. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that any other Defendants took unlawful actions, discrimination, harassment, differential and/or disparate treatment toward any Plaintiff or that any Plaintiff lost income and future prospects of income, incurred expenses and costs, or will incur future expenses or costs including attorney's fees because of any actions of the other Defendants.

22. Defendant DTS denies the allegations in Counts I through XIII in Plaintiffs' First Amended Complaint that any Plaintiff was retaliated against for any complaints and/or that the individual Plaintiffs were wrongfully and unlawfully terminated on any date stated therein by DTS. Defendant DTS emphatically denies that DTS, or any person affiliated with DTS, approved, condoned or authorized any such terminations. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First

7.

Amended Complaint that other Defendant parties retaliated against Plaintiffs or wrongfully and unlawfully terminated Plaintiffs on any other date stated therein. Defendant DTS denies it was an employer of any of the parties to this suit.

23. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that on or about December 2004 or any other time, Defendants Healy and Calpac, "held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they complained about Defendants' discriminatory actions to authorities or agencies." Defendant DTS denies it participated in, approved of, or condoned any such meeting, or had any authority to conduct such a meeting or provide for the disposition of any such employee since it was not an employer of any of the parties to this suit.

24. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 137 in Plaintiffs' First Amended Complaint pertaining to Mr. Yee being discriminated against by any party in response to his alleged complaints to Calpac and Healy. Defendant DTS does not know who Mr. Yee is and did not discriminate against him in any way. Defendant DTS was not aware of anybody ignoring or refusing to acknowledge Plaintiff Yee. Defendant DTS denies it approved, or condoned, or authorized any of the alleged treatments of Mr. Yee by Defendant Clark, Defendant Ward, Defendant James or Defendant MCI.

25. Defendant DTS denies it took unlawful, adverse, or discriminatory actions against Plaintiff T. Cruz by failing to provide him with a military identification or other authorization to enter any military base. Defendant DTS denies it acted in this discriminatory manner toward any Plaintiff in this case. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint that such military identifications or authorizations were denied to any party by any other Defendant.

26. Defendant DTS denies it took unlawful, adverse, or discriminatory actions

8.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ORIGINAL ANSWER

against any Plaintiffs by reducing their work hours. Defendant DTS was not in a position to reduce anybody's work hours since it was not an employer of any of the Plaintiffs in question. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in Counts I through XIII in Plaintiffs' First Amended Complaint stating that Plaintiffs were discriminated against because other Defendants reduced their work hours.

27. Defendant DTS denies it failed to provide work hours for Plaintiff T. Cruz or that it ever had the authority to provide work hours to Plaintiff T. Cruz, because Defendant DTS denies the existence of an employment relationship.

28. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 177 in Plaintiffs' First Amended Complaint that Plaintiff J. Cruz was informed by anyone that "he should be careful about what he signs regarding the charge of discrimination and that if [he] dismisses the charge against Calpac then good things might happen to Plaintiff J. Cruz." Defendant DTS did not approve, condone or authorize any such action toward Plaintiff J. Cruz.

29. Defendant DTS denies it assigned undesirable tasks to any of the Plaintiffs as stated in Plaintiffs' First Amended Complaint as a way of discriminating unlawfully against those Plaintiffs. Again, Defendant DTS did not have the authority to assign tasks in this way. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments stated in Plaintiffs' First Amended Complaint that any of Plaintiffs were assigned undesirable tasks in a discriminatory manner by other Defendants.

30. Defendant DTS denies it failed to provide work hours to any of the Plaintiffs or assign them to work that was inappropriate in a discriminatory manner as alleged in Counts I through XIII in Plaintiffs' First Amended Complaint.

31. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 220 in Plaintiffs' First Amended Complaint stating that Plaintiff Babauta was on leave for surgery from approximately March to May 2005.

32. Defendant DTS denies it subjected Plaintiff Babauta to unlawful adverse

9.

discriminatory treatment by deliberately failing to provide any work to Plaintiff Babauta upon expiration of his alleged leave for surgery, while other Calpac employees who did not file EEOC charges were working 40 hours per week. Again, Defendant DTS denies it had the authority to provide work in the first place. Defendant DTS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 221 in Plaintiffs' First Amended Complaint alleging that other Defendants did deliberately fail to provide work to Plaintiff Babauta upon expiration of his leave for surgery.

## VI.

## AFFIRMATIVE DEFENSES

33. Defendant DTS pleads the affirmative defense of failure to mitigate damages.

34. Defendant DTS pleads that each "cause of action" alleged in the Complaint fails to state facts sufficient to constitute a true cause of action.

35. Plaintiffs have suffered no cognizable injury or damage.

36. Defendant DTS pleads that workers' compensation laws provide the sole remedy for the injuries alleged.

37. All actions taken by Defendant DTS with respect to any Plaintiff were at all times relevant to this action taken in good faith without any intent to discriminate against Plaintiff in any manner prohibited by the law or public policy.

38. Plaintiffs' complaint and each "cause of action" alleged therein are barred by the applicable statute of limitations.

39. Defendant DTS did not directly or indirectly perform or fail to perform any acts or acts that constitute a violation of any rights, if any, of Plaintiffs, or a violation of any duty or obligation, if any, owed to Plaintiffs.

40. Plaintiffs are estopped by their own conduct from recovering any relief by their Complaint or any cause of action or purported cause of action alleged therein.

41. Plaintiffs are not entitled to recover exemplary or punitive damages because Defendant DTS never acted willfully, oppressively or fraudulently, or ratify such conduct.

10.

42. Defendant DTS avers Plaintiffs' claims are barred by the doctrine of waiver. acted willfully, oppressively or fraudulently, or ratify such conduct.

43. Defendant DTS avers Plaintiffs' claims are barred by the doctrine of latches.

44. Defendant DTS avers Plaintiffs failed to mitigate damages, nor use due diligence to mitigate damages.

45. Defendant DTS avers that Plaintiffs have unclean hands.

46. Defendant DTS avers that Plaintiffs failed to exhaust internal and administrative remedies and jurisdictional prerequisites.

## V.

## CONCLUSION

47. Defendant DTS specifically denies it was an employer of any Plaintiff to this suit.

48. Defendant DTS specifically denies it had the authority to direct or control the employees in question in this lawsuit.

49. Defendant DTS specifically denies any and all allegations stated in Counts I through XIII in Plaintiffs' First Amended Complaint alleging that they either discriminated against any Plaintiffs, created a hostile environment wherein Plaintiffs were discriminated against, or authorized, condoned, or allowed any such discriminatory treatment against any of the Plaintiffs in this case.

50. Defendant DTS specifically denies any allegation of retaliation in Counts I through XIII in Plaintiffs' First Amended Complaint.

51. Defendant DTS specifically denies it ever received any complaints of discrimination from any of the Plaintiffs, or any of its personnel retaliated in any manner against Plaintiffs, on the basis of such complaints.

52. Defendant DTS specifically denies it committed any unlawful employment practices against any of the Plaintiffs in question. Specifically, Defendant DTS denies that Defendant Clark was an employee of Defendant DTS or otherwise under Defendant DTS's direction

11.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ORIGINAL ANSWER
Case 1:05-cv-00037 Document 38 Filed 04/21/2006 Page 11 of 12

and/or control at any time relevant to the allegations in this lawsuit. Defendant DTS denies legal responsibility for Defendant Clark's actions under any legal theory.

## PRAYER

WHEREFORE, Defendant DTS prays that Plaintiffs take nothing by way of their Complaint, and that the entire Complaint be dismissed with prejudice against Defendant DTS, that Defendant DTS be awarded its costs of suit and reasonable attorneys' fees and all such other relief the Court deems proper.

Dated: April 21, 2006

*[signature]*

Elyze J. McDonald
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted *Pro Hac Vice*)

Attorneys for Defendant EDGE LOGISTICS SERVICES CORP.