ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

HAROLD D. JONES, Texas Bar No. 10894020
(Admitted *Pro Hac Vice*)
ANDERSON & JONES, PLLC
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone: 972.789.1160
Fax No.: 972.789.1606

Attorneys for Defendant
DYNAMIC TECHNICAL SERVICES

FILED
DISTRICT COURT OF GUAM
JUN -8 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 05-00037<br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF** |

***TO THE HONORABLE U.S. DISTRICT COURT:***

COMES NOW, DYNAMIC TECHNICAL SERVICES. ("Defendant DTS"), and makes this reply to the tardy brief filed by Plaintiffs in opposition to Defendant's motion to dismiss for failure to state a claim, and would show as follows:

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO
RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF — PAGE - 1

Case 1:05-cv-00037   Document 54   Filed 06/08/2006   Page 1 of 8

ORIGINAL

## I.

## NO SUITABLE EXPLANATION FOR 21 DAY LATE BRIEF

In her declaration, counsel for Plaintiffs admitted that the opposition brief was filed twenty-one days late, and gave as the sole explanation: "an error in calendaring." It is Defendant DTS's contention that such an explanation does not constitute good cause to grant such relief.

In the Opposition, there was no explanation of "excusable neglect." Nor was quick remedial action taken. Thus, Plaintiff should be made to explain fully why the Opposition was filed twenty-one days late. The Declaration of Delia Lujan does not state or verify specific facts excusing the dilatory filing. Instead, it contains mere conclusory statements.[1] Nowhere in the Declaration is the "mistake" or "inadvertence" or "surprise" explained factually. What was the problem with the calendar? Did the computer system crash?

In a situation like this, there would be no prejudice to Plaintiffs in a dismissal of a non-employer, such as Defendant DTS, because Plaintiffs have sued at least two other entities, one of which (Calpac) has admitted to being Plaintiff's employer. Here, there is significant prejudice to Defendant DTS, which clearly does not employ any Plaintiff, let alone fifteen employees in Guam, having to defend itself from a case filed by Plaintiffs, who do not even respond to Motions to Dismiss in a timely manner. The motion to dismiss should be granted.

## II.

## NO CLAIM UNDER TITLE VII IS STATED

If the Court allows the 21-day late opposition, Defendant DTS submits that Plaintiffs have still failed to state a claim under Title VII, because Plaintiffs were not "employed" by Defendant DTS. Defendant DTS is not using a 12(b)(6) motion to resolve factual issues or the merits of the case. Rather, Plaintiffs' pleadings, on their face, show beyond a doubt that they cannot prove Defendant DTS employed each (or any) of the Plaintiffs. Nowhere in the Complaint are facts or allegations set forth that support the necessary jurisdictional prerequisite of any Title VII proceeding:[2] employment of a Plaintiff by a Defendant.

---

[1] See Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320-21 (2d Cir. 1986).
[2] As Plaintiffs admit in their Opposition, the only claims alleged in the Complaint are Title VII claims.

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO
RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF    PAGE - 2

## III.

## PLAINTIFFS ADMIT DEFENDANT DTS IS NOT PLAINTIFFS' DIRECT EMPLOYER

In their Opposition, Plaintiffs essentially admit that Defendant DTS is not Plaintiffs' employer. Rather, the tangential claim seems to be that Defendant MCI contracted with Defendant DTS, and Defendant MCI contracted with Defendant Calpac; and while Defendant Calpac was the employer of the Plaintiffs (¶¶ 36, 48, 60, 72, 84, 96, 108, 120, 132, 152, 172, 193 and 213), somehow Defendant DTS's relationship with Defendant MCI, who had a relationship with Defendant Calpac, and the unclear position of Defendant Clark, creates Title VII "employment." Plaintiffs call for a "reasonable inference" that these complicated, alleged relationships create Title VII liability for Defendant DTS vis-à-vis the Plaintiffs, or in the alternative a finding of "indirect" employment. These vague pleadings do not give Defendant DTS adequate or fair notice – requiring "indirect" inferences. Plaintiffs cannot point to an EEOC finding that Defendant DTS was Plaintiffs' employer.[3]

## IV.

## PLAINTIFFS' REQUISITES

For a Title VII complaint to survive Rule 12(b)(6) scrutiny, it must allege the acts, customs, practices or policies that are discriminatory.[4] The complaint must state facts as to:

- when;
- how;
- to whom;
- by whom; and
- with which results

the discrimination was applied.[5]

---

[3] Indeed, as Defendant DTS has pointed out in its Answer, Plaintiffs' suit is late under Title VII in any event. If this motion is not granted, a motion for summary judgment will be filed on statutes of limitation grounds.
[4] *Marshall v. Electric Hose & Rubber Co.*, 65 F.R.D. 599 (D. Del 1974).
[5] *Trader v. Fiat Distributors, Inc.*, 476 F. Supp. 1194 (D. Del. 1979).

## V.

## PLAINTIFFS CANNOT MERELY ARGUE "JOINT EMPLOYERS"

While it is true that Plaintiffs can have "joint employers" under Title VII, it is not automatic or easily plead.[6] In addition, for two entities to constitute "joint employers," they must share or codetermine decisions on the essential terms and conditions of employment.[7] Nowhere in Plaintiffs' First Amended Complaint is such an allegation set forth: that Defendant DTS is inextricably linked with the actual employer(s) of Plaintiffs in a joint "direction and control" manner, with equality and coterminous decisionmaking *vis-à-vis* personnel decisions for each Plaintiff. Absent this sort of integral interrelationship, there can be no claim under Title VII.[8]

Plaintiff has not made the predicate allegations of parent-subsidiary (it does not exist here), or successor corporation (also does not exist), nor that Defendant DTS actually meets the definition of "employer" under Title VII. Plaintiffs' "claim," to be legally cognizable, must include this allegation: that Defendant DTS had 15 or more employees on each working day, in each of 20 or more calendar weeks, in the current year or the preceding year.[9]

## VI.

## THE COMPLAINT FAILS TO MEET THE TEST

Plaintiffs must also allege facts that show they were "employees" of Defendant DTS. In the Complaint, Plaintiffs allege:

- Plaintiff Van Meter was hired by Calpac (page 5, §36) to work for MCI.
- Plaintiff Apodaca was hired by Calpac (page 7, §48) to work for MCI.
- Plaintiff Hernandez was hired by Calpac (page 9, §60) to work for MCI.
- Plaintiff Mendiola was hired by Calpac (page 10, §72) to work for MCI.
- Plaintiff Charfauros was hired by Calpac (page 12, §84) to work for MCI.

---

[6] *See e.g., Childs v. Local 18, Intern. Brotherhood of Elec. Workers*, 719 F.2d 1379 (9th Cir. 1983) (holding that each entity, no matter how "linked," must have the requisite employees for Title VII coverage).
[7] *Thomas v. Chester Co. Council on Addictive Diseases*, 1988 WL 76021 (E.D. Pa. 1988).
[8] *See, e.g., EEOC v. Wooster Brush Co.*, 727 F.2d 566 (6th Cir. 1984) (no joint liability for separate entities, even with a 50% financial commonality); *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211 (9th Cir. 1989) (no joint liability absent facts showing overlapping control); *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991) (franchisee relationship does not automatically suffice); and *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997).
[9] 42 U.S.C. §2000e(b).

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF PAGE - 4

1108.02/WAB  Case 1:05-cv-00037   Document 54   Filed 06/08/2006   Page 4 of 8

CARLSMITH BALL LLP
Bank of Hawaii Building
4 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

- Plaintiff Arriola was hired by Calpac (page 14, §96) to work for MCI.
- Plaintiff Cruz was hired by Calpac (page 15, §100) to work for MCI.
- Plaintiff R. Mendiola was hired by Calpac (page 17, §120) to work for MCI.
- Plaintiff Yee was hired by Calpac (page 19, §132) to work for MCI.
- Plaintiff T. Cruz was hired by Calpac (page 22, §152) to work for MCI.
- Plaintiff J. Cruz was hired by Calpac (page 25, §172) to work for MCI.
- Plaintiff Nauta was hired by Calpac (page 29, §193) to work for MCI.
- Plaintiff Babauta was hired by Calpac (page 33, §213) to work for MCI.

Merely alleging that Defendant DTA "approved, condemned, or authorized" discrimination is not sufficient to prove "joint employment." While a "summary judgment" inquiry is not required, Plaintiffs do need to at least allege the elements that would support jurisdiction and liability.

At this point, Plaintiffs have merely made conclusory, nonsensical "leaps" to try to allege "indirect" employment. The Court's task is not, as Plaintiffs formulate it, to merely "disfavor" a Rule 12(b)(6) motion to dismiss. The object of such a motion to dismiss is to ask the Court to test the formal sufficiency of the statement of claim for relief in the latest Complaint. The facts in the Complaint are assumed to be true *arguendo*; the issue is whether the facts, as plead in the Complaint, would or could support the essential elements in the claims. It is not true that simply because a cause sounds in the "remedial" statute of Title VII, that the requirement to state a claim is relaxed.[10]

Plaintiffs have not alleged facts that would support even their description of "joint employers" under Title VII. No allegations of the factual underpinning of this argument in the Opposition can be found in the Complaints. Defendant DTS is not contending that Plaintiffs must make a detailed *prima facie* showing at this stage or completely marshall their evidence. Rather, Defendant DTS submits that even if everything in the Complaints were true *arguendo*, no claim is stated under Title VII as against ***Defendant DTS***.

---

[10] See *Coyne v. City of Somerville*, 972 F.2d 440, 442-45 (1st Cir. 1992) (granting a Rule 12(b)(6) motion because the Plaintiff did not allege facts of specific instances of discrimination).

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF PAGE - 5

Case 1:05-cv-00037  Document 54  Filed 06/08/2006  Page 5 of 8

# VII.

# THE CASELAW CITED BY PLAINTIFFS

# IS NOT COMPELLING OR HELPFUL TO PLAINTIFFS

The case of *Ortez v. Washington County* [11] cited by Plaintiffs is inapposite. In *Ortez*, detailed allegations about each individual defendant were made (which may or may not have been true). Here, Defendant DTS is merely alleged to have endorsed the behavior, and conflated with the rest of the Defendants.

Similarly, *Swierkiewicz v. Sorema N.A.*,[12] holds only that a Title VII plaintiff is not forced to plead factual proof of the discrimination, nor do they have to show they will likely prevail. Defendant DTS concedes that Plaintiffs have done enough to plead that "some discriminatory acts" were performed by "someone." Defendant DTS argues, however, that there is no fair notice or pleading or satisfaction of the requirement to allege that Defendant DTS is in fact the employer of Plaintiffs, and short of that level of pleading, *Swierkiewicz* is helpful to Defendant DTS.

Plaintiffs cite *NLRB v. Hearst Publications, Inc.*[13] in error: it is the seminal exposition of what defines an "employee" under the National Labor Relations Act, three decades before Title VII existed.[14]

*Amarnare v. Merrill Lynch*,[15] is a case dealing with temporary personnel and employment agencies; in it, the plaintiffs made "joint employer" allegations, and stated facts and assertions about direction, control, and a principal-agent relationship. Here, no such claims were set forth, even in a conclusory fashion, in either Complaint.

In *U.S.A. V. Aiello*,[16] the proposition that the term "employer" has been given an expansive definition when used in federal statutes is true, except that Title VII, the ADA, the ADEA and other anti-discrimination statutes are conspicuous in their absence from the list of examples in *Aiello*

---

[11] 88 F.3d 804 (9th Cir. 1996).
[12] 534 U.S. 506 (2002).
[13] 322 U.S. 111 (1944).
[14] *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28 (1961) concerns the Fair Labor Standards Act (FLSA) prior to Title VII's existence.
[15] 611 F. Supp. 344 (S.D.N.Y. 1984).
[16] 836 F. Supp. 720 (E.D. Cal. 1993).

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO
RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF      PAGE - 6

1108.02/WAB

Case 1:05-cv-00037    Document 54    Filed 06/08/2006    Page 6 of 8

(which lists the FLSA and the NLRA). This is no doubt because all discrimination statutes passed from 1967 on, have very specific, explicit "employee minimum" requirements. As far as the "indirect relationship" referred to by Plaintiffs, the *Aiello* decision contemplates this as meaning an <u>ex-employer interfering with subsequent employment opportunities</u>, citing *Gomez v. Alexian Bros. Hosp. of San Jose*,[17] so that the existence of prior <u>employment</u> is still a prerequisite.

Plaintiffs mistakenly cite *Lutcher v. Musicians Union Local 47*,[18] for the bare proposition that Title VII "employment" is defined by an economic realities test. In reality, *Lutcher* is one of a long line of cases that instructs us how to distinguish between an independent contractor relationship and employment.[19]

Even "indirect employer" liability "requires that the ***employer*** have some peculiar control over the employee's relationship with the direct employer, and that the indirect employer engage in discriminatory interference."[20] Here, Plaintiffs allege only that Defendant DTS has an indirect relationship with other ***Defendants***, not Plaintiffs, and not that Defendant DTS could control the actual direct employment relationship, or that Defendant DTS committed any kind of interference. No claim of interference has been alleged.

An "integrated" or "joint" enterprise argument is not a path to liability. Rather, it is part of the initial determination (perfect in a Rule 12(b)(6) format) as to whether a defendant is an "employer."[21] As for the decision-to-hire, usually a key to "joint employment," even the Complaint excludes Defendant DTS from that decision.[22] Plaintiffs have made only the barest of assertions as to Defendant DTS, and have not accused Defendant DTS of being Plaintiffs' employer. If Defendant DTS was not "the entity performing the discriminatory act" against Plaintiffs, Defendant DTS cannot be held liable as an "indirect employer."[23]

Plaintiffs cite *Garrett v. I.S.N. Corp.*, for the proposition that indirect employment is

---

[17] 698 F.2d 1019, 1021 (9th Cir. 1983).
[18] 633 F.2d 880, 883 (9th Cir. 1980).
[19] *Loomis Cabinet Co. v. OSHA*, 20 F.3d 938 (9th Cir. 1994).
[20] *EEOC v. Pacific Maritime Ass'n*, 351 F.3d 1270 (9th Cir. 2003) (emphasis added).
[21] *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 928 (9th Cir. 2003).
[22] *See EEOC*, 351 F.3d at 1277-78.
[23] 336 F.3d at 931-32.

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO
RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF   PAGE - 7

Case 1:05-cv-00037   Document 54   Filed 06/08/2006   Page 7 of 8

available for harassment claims, but the key fact in *Garrett* for the "indirect employer" was that the alleged harassment occurred <u>on its premises</u>. There is no such allegation here.

Plaintiffs have made no averments which even come close to the well-plead complaint in *Duncan v. Junior College District of St. Louis, Mo.*,[24] where the "non-employer" controlled the plant, the duties, the work instructions and the discrimination.

## CONCLUSION

Defendant DTS requests this Court dismiss the claims against Defendant DTS, because Plaintiffs have failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Dated: June 8, 2006

*[signature]*
Elyze J. McDonald
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted *Pro Hac Vice*)

Attorneys for Defendant EDGE LOGISTICS SERVICES CORP.

4851-0304-5121.1.059759-00001

---

[24] 1999 U.S. Dist. LEXIS 22451 (1999).

DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY TO PLAINTIFFS' OPPOSITION TO RULE 12(B)(6) MOTION TO DISMISS WITH SUPPORTING BRIEF PAGE - 8

1108.02/WAB

Case 1:05-cv-00037   Document 54   Filed 06/08/2006   Page 8 of 8