
FILED
DISTRICT COURT OF GUAM
JUN 16 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

HENRY G. VAN METER, et al.,

    Plaintiff,

vs.

CALPAC, et al.,

    Defendant.

Civil Case No. 05-00037

ORDER RE: MOTION TO DISMISS

This matter is before the Court on the Defendant, Dynamic Technical Services' Motion to Dismiss. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby **DENIES** the Defendant's motion and issues the following decision.

## BACKGROUND

This action was brought by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Chrafauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs) pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed by defendant, Calpac, to work on an installation project of underground cables in Guam they were subjected to a hostile work

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

environment and discriminated against based on race (Pacific Islander/Chamorro), color (brown), national origin (Pacific Islander/Guamanian), and retaliation for EEO activity.

In their complaint, the plaintiffs named as defendants, Calpac, Dynamic Technical Services ("DTS"), MCI, John Healy ("Mr. Healy"), allegedly the owner of Calpac, Dennis Clark ("Mr. Clark"), allegedly manager or supervisor employed by DTS, William Ward ("Mr. Ward"), allegedly the general manager of Calpac, and Jai James ("Mr. James"), allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform installation of underground cables in Guam and MCI hired DTS to supervise or oversee the installation of underground cables in Guam performed by Calpac.

## DISCUSSION

The defendant, DTS, now moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) for Plaintiffs' failure to state a claim upon which relief can be granted. Specifically, the defendant insists that the plaintiffs' suit must fail as to DTS because DTS is not an "employer" as that term is defined by 42 U.S.C. § 2000e(b). In ruling on a motion to dismiss, the Court accepts the veracity of all well-pleaded facts in the plaintiffs' complaint and view both the facts and all reasonable inferences in the light most favorable to the plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274) (9th Cir. 1986), *cert. denied*, 485 U.S. 940, 108 S. Ct. 1120 (1988)(overruled on other grounds)).

In this instance, the complaint alleges that Calpac allegedly hired each of the plaintiffs. Although the complaint does not specifically allege a direct employer/employee relationship between DTS and the plaintiffs, the plaintiffs argue that the complaint at least infers such a relationship existed. For example, the plaintiffs allege that an employment relationship existed between DTS and Mr. Clark, and Mr. Clark, exercised control over the terms and conditions of

plaintiffs' employment.[2] As such, a direct employer/employee relationship existed.

Moreover, even if there is not a direct employment relationship, the plaintiffs argue there is enough stated in the First Amended Complaint to infer the existence of an indirect employment relationship. The Ninth Circuit has recognized that a defendant need not be the plaintiffs' direct employer and that indirect employment may be the basis under Title VII. *Velz v. Roche*, 335 F.Supp.2d 1022, 1027 (N.D. Cal. 2004)(citing *Gomez v. Alexian Bros. Hosp. Of San Jose*, 698 F.2d 1019, 1021 (9th Cir. 1983) (stating that Title VII covers those situations in which a defendant subject to the statute "interferes with an individual's employment opportunities with another employee."); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980) ("there must be some connection with an employment relationship for Title VII protections apply. The connection with employment need not necessarily be direct.").

In *King v. Chrysler Corp.*, 812 F. Supp. 151 (E.D. Mo. 1993), the plaintiff was employed as a cashier employed by a cafeteria operating on defendant's, Chrysler, premises for the automobile company's employees. The plaintiff alleged that one of Chrysler's employee sexually harassed her. Chrysler argued that there was no liability because it was not the plaintiff's employer. The court ruled against Chrysler, stating that, if it "were to accept Chrysler's position that it is not a proper defendant, Chrysler could allow a hostile work environment to exist because of the peculiar circumstances of its relationship with [plaintiff's actual employer], although it could not do so if [the plaintiff] were in its own services." *Id.* at 153.

The circumstances in this case are similar to those in *King*. Here, the complaint alleged that Plaintiffs worked for Calpac and Calpac was hired by MCI to install underground cables; MCI hired DTS to supervise Calpac's work; Clark, an employee of DTS, supervised Plaintiffs during the course of their employment; and Defendants exercised control over the terms and conditions of Plaintiffs' employment. "During the course of Defendants Clark's and Healy's supervision over

---

[2] "Defendant Dennis Clark ('Dennis Clark') is, upon information and belief, a manager or supervisor employed by DTS." *See* First Amended Compl., at ¶ 21.

Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander or Guamanian national origin, and dark or brown skin color." *See* First Amended Compl., at ¶ 29. *See Anderson v. Pacific Maritime Association*, 336 F.3d 924, 932 (9th Cir. 2003)(a Title VII plaintiff could assert a claim for hostile work environment against an indirect employer when the indirect employer did cause the hostile work environment). There is enough stated in the complaint to infer that a DTS employee participated in creating a hostile work environment. Accordingly, viewing the pleadings in the light most favorable to plaintiffs, the Court finds that a motion to dismiss at this juncture would be inappropriate.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is respectively **DENIED**. The plaintiffs have alleged enough in their complaint to suggest there may have been an indirect employment relationship between the defendant and the plaintiffs.

**SO ORDERED** this 15th day of June, 2006.

JOHN A. HOUSTON
United States District Judge

---

*The Honorable John A. Houston, United States District Judge for the Southern District of California, by designation.