1  HAROLD D. JONES, Texas Bar No. 10894020
   (Admitted *Pro Hac Vice*)
2  ANDERSON & JONES, PLLC
   13355 Noel Road, Suite 1645
3  Dallas, Texas 75240
   Telephone: 972.789.1160
4  Fax No.: 972.789.1606

5  ELYZE J. MCDONALD, Guam Bar No. 01-004
   CARLSMITH BALL LLP
6  Bank of Hawaii Building
   134 W. Soledad Avenue, Suite 401
7  P.O. Box BF
   Hagåtña, Guam 96910
8  Telephone (671) 472-6813
   Facsimile (671) 477-4375

Attorneys for Defendant
DYNAMIC TECHNICAL SERVICES

**FILED**
DISTRICT COURT OF GUAM
OCT 1 6 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 1:05-cv-00037<br><br>DEFENDANT DYNAMIC TECHNICAL SERVICES' **MOTION FOR SUMMARY JUDGMENT**; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF HAROLD D. JONES; EXHIBITS A-W; CERTIFICATE OF SERVICE |

DEFENDANT DYNAMIC TECHNICAL SERVICES'
MOTION FOR SUMMARY JUDGMENT

Defendant Dynamic Technical Services ("DTS") hereby moves under Rule 56 of the Federal Rules of Civil Procedure for summary judgment and to dismiss all claims against DTS as a

4837-8145-2545.2.059759-00001

ORIGINAL

defendant. This motion is made upon the attached memorandum, the record in this case, including without limitation the exhibits and declarations attached and filed contemporaneously herewith, and argument presented by counsel at the hearing.

DATED: October 10th, 2006.

HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted *Pro Hac Vice*)

And

ELYZE J. MCDONALD
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

Attorneys for Defendant DYNAMIC TECHNICAL SERVICES

4837-8145-2545.2.059759-00001

- 2 -

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | STANDARD OF REVIEW | 4 |
| IV. | ANALYSIS | 4 |
| A. | Plaintiffs Missed the Statutory Deadline for Filing Complaint | 4 |
| B. | If There is a Genuine Dispute as to Date of Receipt, This Court Should Apply a Three-Day Presumption of Receipt | 5 |
| C. | Equitable Tolling Principles are Inapplicable | 6 |
| V. | CONCLUSION | 8 |

TABLE OF EXHIBITS

EXHIBITS A - W

CARLSMITH BALL LLP
Bank of Hawaii Building
14 W. Soledad Avenue, Suite 40
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

- i -

4837-8145-2545.2.059759-00001

# TABLE OF AUTHORITIES

**Statutes**

42 U.S.C. §2000e-5 (1994) ................................................................................................ 2, 4, 5

Fed. R. Civ. P. 6 (e) ................................................................................................................ 6

Title VII ............................................................................................................................ 2, 4, 7

**Cases**

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) .................................... 5, 6

*Barrett v. Rumsfeld*, 158 Fed. Appx. 89 (10th Cir. 2005) ...................................................... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................................... 4

*Davis v. Team Elec. Co.*, No. 01-17, 2004 WL 1382660 (D. Or. June 18, 2004) ................. 6

*De Francesco v. Weir Hazelton, Inc.*, 232 F.R.D. 454 (E.D. Pa. 2005) ................................ 6

*Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442 (9th Cir. 1990) .................................... 4

*Ellison v. Northwest Airlines, Inc.*, 938 F. Supp. 1503 (D. Hawai'i 1996) ......................... 5, 7

*Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247 (5th Cir. 1985)) ................................... 5

*Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919 (E.D. Va. 1989) ........................... 6

*Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) ............................. 6

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ..................................................... 5, 7

*Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982) ............................................... 7

*Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251 (3d Cir.1986) ............................................... 6

*Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir. 1996) ....................................... 5, 7

*Norris v. Fla. Dep't of Health & Rehabilitative Servs.*, 730 F.2d 682 (11th Cir. 1984) ........ 6

*Scholar v. Pacific Bell*, 963 F.2d 264 (9th Cir. 1992) ................................................. 4, 5, 6, 7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) ........... 4

*Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002) ........................................................... 7

*Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986)
    reh'g denied, 815 F. 2d 570 (9th Cir. 1987) ..................................................................... 5

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) .................................................... 4

CARLSMITH BALL LLP
BANK OF HAWAII BUILDING
4 W. SOLEDAD AVENUE, SUITE 401
P.O. Box BF
HAGÅTÑA, GUAM 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

1  HAROLD D. JONES, Texas Bar No. 10894020
   (Admitted *Pro Hac Vice*)
2  ANDERSON & JONES, PLLC
   13355 Noel Road, Suite 1645
3  Dallas, Texas 75240
   Telephone:  972.789.1160
4  Fax No.:    972.789.1606

5  ELYZE J. MCDONALD, Guam Bar No. 01-004
   CARLSMITH BALL LLP
6  Bank of Hawaii Building
   134 W. Soledad Avenue, Suite 401
7  P.O. Box BF
   Hagåtña, Guam 96910
8  Telephone (671) 472-6813
   Facsimile (671) 477-4375
9
   Attorneys for Defendant
10 DYNAMIC TECHNICAL SERVICES

11              IN THE UNITED STATES DISTRICT COURT OF GUAM

12                        FOR THE TERRITORY OF GUAM

| | |
|---|---|
| 13  HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 1:05-cv-00037<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

Defendant DTS moves this Court to dismiss all of the Plaintiffs' claims against Defendant

DTS, on the grounds of the expiration of the statute of limitation. Title VII of the 1964 Civil Rights Act ("Title VII") requires that a charging party file suit within ninety days of the receipt of a Right to Sue notice from the EEOC. 42 U.S.C. §2000e-5 (1994). Defendant DTS avers that the EEOC issued Right to Sue letters to most and/or all Plaintiffs in this case on or about September 8, 2005. Defendant DTS avers that Plaintiffs filed suit 94 days later, on December 12, 2005, and therefore, Plaintiffs failed to timely file their actions after receiving the Right to Sue letters from the EEOC. Moreover, the grounds for tolling such time for filing do not exist here.

Thus, Defendant DTS is entitled to judgment as a matter of law. Defendant DTS moves this Honorable Court to dismiss on the basis of this jurisdictional defect. Defendant DTS does not waive its defense that it does not meet the definition of "employer" *vis-à-vis* any Plaintiff, but this motion will focus on the untimeliness of the filing of Plaintiffs' Complaint.

## II. **STATEMENT OF FACTS**

Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Jesse B. Cruz, Teddy B. Cruz, John L.G. Nauta, and John P. Babauta (collectively, "Plaintiffs") filed complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants CALPAC, Dynamic Technical Services ("DTS"), and MCI. The timing of those initial filings is not at issue herein. The timing of the filing of suit is the issue.

By letter dated July 20, 2005, Delia Lujan ("Lujan") of Lujan, Unpingco, Aguigui & Perez LLP, attorneys to Plaintiffs, requested Right to Sue letters from the EEOC on behalf of Teddy B. Cruz, Henry G. Van Meter, Joseph T. Mendiola, Jesse B. Cruz, John P. Babauta, and John L.G. Nauta. Jones Decl., ¶ 19; Ex. R. The July 20, 2005 letter was faxed to, and stamped "received" by the Honolulu, Hawai`i Local EEOC Office ("HLO") on July 19, 2005. Jones Decl., ¶ 19; Ex. R.

By letters dated July 24, 2005, Lujan requested a Right to Sue letter on behalf of Jerry

- 2 -

4837-8145-2545.2.059759-00001

Apodaca, Jr, and on behalf of Joseph J. Hernandez and Anthony C. Arriola. Jones Decl., ¶ 20; Exs. S-T. The July 24, 2005 letters were faxed to, and stamped "received" by, the HLO on the same day. Jones Decl., ¶ 20; Exs. S-T.

By letter dated July 29, 2005, Lujan requested Right to Sue letters on behalf of Robert B. Cruz, Larry L. Charfauros, and Roland F. Mendiola. Jones Decl., ¶ 21; Ex. U. The July 29, 2005 letter was faxed to, and stamped "received" by, the HLO on the same day. Jones Decl., ¶ 21; Ex. U.

By letter dated August 3, 2005, Lujan requested a Right to Sue letter on behalf of James S. Yee. Jones Decl., ¶ 22; Ex. V. The August 3, 2005 letter was faxed to, and stamped "received" by, the HLO on August 2, 2005. Jones Decl., ¶ 22; Ex. V.

The HLO issued separate Notices of Right to Sue to Henry G. Van Meter, Joseph J. Hernandez, Jerry Apodaca, Jr., Joseph T. Mendiola, Larry L. Charfauros, Robert B. Cruz, Anthony C. Arriola, and Roland Mendiola on September 8, 2005. Jones Decl., ¶¶ 6-7, 10-11, 13-15, 17; Exs. A-B, G-H, K-M, P.

The HLO issued Notices of Right to Sue to John Nauta on September 8, 2005, and on September 15, 2005. Jones Decl., ¶ 8; Exs. C-D. The HLO issued two Notices of Right to Sue to James S. Yee, both on September 8, 2005. Jones Decl., ¶ 9; Exs. E-F. The HLO issued Notices of Right to Sue to Jesse B. Cruz on September 8, 2005, and on November 1, 2005. Jones Decl., ¶ 12; Exs. I-J. The HLO issued Notices of Right to Sue to John P. Babauta on September 8, 2005 and on November 1, 2005. Jones Decl., ¶ 16; Exs. N-O. The HLO issued a Notice of Right to Sue to Teddy B. Cruz on September 15, 2005. Jones Decl., ¶¶ 18, 23; Exs. Q, W.

Each of the Notices of Right to Sue contained the following "Notice to the Person Aggrieved":

> **Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit

CARLSMITH BALL LLP
Bank of Hawaii Building
14 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagatna, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

Case 1:05-cv-00037   Document 61   Filed 10/16/2006   Page 7 of 18

> under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Exs. A-Q, W (emphasis in originals).

Plaintiffs filed this lawsuit on December 12, 2005, ninety-four days after September 8, 2005.

The statute of limitations for filing a civil action under Title VII of the Civil Rights Act of 1964 is 90 days after receipt of Notice of Right to Sue. 42 U.S.C. § 2000e-5 (f) (1) (2005).

III. **STANDARD OF REVIEW**

A principle purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to establish what will be an essential element at trial. *Id.* at 323. In response to a motion for summary judgment, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

IV. **ANALYSIS**

A. **Plaintiffs Missed the Statutory Deadline for Filing Complaint**

Before a claimant can file a Title VII civil action, the claimant must file a charge of discrimination with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). When the EEOC dismisses a charge, whether due to a finding of no discrimination or upon the request of the claimant, the EEOC issues a Notice of Right to Sue to the claimant. 42 U.S.C. § 2000e-5(f)(1). Parties who wish to file civil actions for Title VII violations must file suit within 90 days of receiving an EEOC Notice of Right to Sue. *Id.* The 90-day period is a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 266-97 (9th Cir. 1992) (citing 42 U.S.C. § 2000e-5(f)(1); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)); *Valenzuela v. Kraft, Inc.*,

801 F.2d 1170, 1174 (9th Cir. 1986), *reh'g denied*, 815 F.2d 570 (9th Cir. 1987). Thus, if a claimant fails to file the civil action within the 90-day limitations period, the action is barred. *Scholar*, 963 F.3d at 267.

The courts strictly construe the 90-day statute of limitations. *See, e.g., Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir. 1996). The U.S. Supreme Court has held that EEOC Notices of Right to Sue are "received" when the EEOC delivers the Notice to a claimant <u>or</u> the claimant's attorney, <u>whichever comes first</u>. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990). Similarly, the 90-day limitations period begins running when delivery of the Notice of Right to Sue is attempted at the claimant's address, rather than the date it actually reached the claimant's hands. *Nelmida*, 112 F.3d at 383-84 (citing *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248-50 (5th Cir. 1985)).

In the present case, Plaintiffs' attorney Lujan requested receipt of the EEOC Notices of Right to Sue. *See* Exs. R-V. Plaintiffs then filed this lawsuit on December 12, 2005, ninety-four days after receiving the September 8, 2005 Notices. Thus, for Plaintiffs' failure to file within the limitations period, DTS is entitled to summary judgment.

    **B.**    **If There is a Genuine Dispute as to Date of Receipt, This Court Should Apply a Three-Day Presumption of Receipt**

Where a plaintiff admits to having received an EEOC Notice to Sue, and the Notice was sent to the correct address, "a presumption of receipt within some reasonable time period properly applies." *Ellison v. Northwest Airlines, Inc.*, 938 F. Supp. 1503, 1509 (D. Hawai'i 1996). Here, receipt of the Notices is not disputed, and the Notices were sent to the correct address. Therefore, this Court should apply a presumption of receipt.

The U.S. Supreme Court has established that, where parties dispute the date of receipt, there is a presumption that a claimant received a right-to-sue letter three days after the date on the notice. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 (1984). This

CARLSMITH BALL LLP
BANK OF HAWAII BUILDING
14 W. SOLEDAD AVENUE, SUITE 40
P.O. BOX BF
HAGATNA, GUAM 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

Case 1:05-cv-00037   Document 61   Filed 10/16/2006   Page 9 of 18

presumption is in line with the Federal Rules of Civil Procedure. *Id.*, at148 n.1 (citing Fed. R. Civ. P. 6 (e)). Thus, if Plaintiffs in the present case dispute the date of receipt, they should be presumed to have received the notices on September 11, 2005.

Although the Ninth Circuit has not yet flatly held that the three-day presumption of receipt applies to EEOC Notices, several courts in other jurisdictions have embraced the Rule. *See, e.g., Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 n. 2 (3d Cir.1986) (per curiam); *Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 92 (10th Cir. 2005); *De Francesco v. Weir Hazelton, Inc.*, 232 F.R.D. 454 (E.D. Pa. 2005); *Davis v. Team Elec. Co.*, No. 01-17, 2004 WL 1382660 (D. Or. June 18, 2004); *Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922-23 n.7 (E.D. Va. 1989);[1] *cf. Norris v. Fla. Dep't of Health & Rehabilitative Servs.*, 730 F.2d 682 (11th Cir. 1984) (presumption does not apply where Notice was actually received in less than three days; plaintiff therefore did not receive an <u>extra</u> three days to file).

In light of the Ninth Circuit's strict construction of the limitations period, and the fact that "[t]he ninety-day notice period itself is clear evidence that Congress intended to require [Title VII] claimants to act expeditiously, without unnecessary delay," *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 656 (4th Cir. 1987), this Court should follow the U.S. Supreme Court's *Baldwin County* decision. Where there is a genuine dispute as to date of receipt, a Notice of Right to Sue is presumed received three days after it was mailed, faxed, or otherwise delivered to plaintiff.

C.  **Equitable Tolling Principles are Inapplicable**

The 90-day filing requirement is subject to equitable tolling only in "extreme cases" and is to be applied "sparingly". *Scholar*, 963 F.2d at 267. It is generally permitted only "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory

---

[1] *See also, e.g., Miller v. Bristol Compressors, Inc.*, No. 05-83, 2005 WL 3263053, at *2 (W.D. Va. Dec. 2, 2005); *Ashworth v. Carillon Assisted Living of Asheboro, LLC*, No. 02-749, 2004 WL 1118583, at *2 (D.N.C. May 17, 2004); *Williams v. St. Joseph's Hosp.*, No. 02-6467, 2003 WL 23350424, at *4, (W.D.N.Y. Oct. 14, 2003); *Black v. U.S. Postal Serv.*, No. 04-2393, 2005 WL 1388629, at *3 n. 1, (E.D. Pa. June 7, 2005); *Dupree v. United Food & Commercial Workers Union*, No. 03-930, 2005 WL 41562, at *2 (D. Del. Jan. 7, 2005).

- 6 -

4837-8145-2545.2.059759-00001

period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Ellison*, 938 F. Supp. at 1510 (citing *Irwin v. Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). The doctrine of equitable tolling is not available where a late filing "is due to claimant's failure to exercise due diligence in preserving his legal rights." *Scholar*, 963 F.2d at 268 (citation and internal quotation omitted). In any event, the party who invokes equitable tolling bears the burden of demonstration. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

To illustrate, in *Scholar*, the plaintiff's suit was time-barred, even though she filed only three days after the limitations period had expired. *Scholar*, 963 F.2d at 267. The court determined that the plaintiff "still had 76-83 days in which to preserve her legal rights, [and] . . . offer[ed] no explanation as to why this was not sufficient time in which to commence her action." *Id.* at 268. The court entered summary judgment for the defendant employer, stating, "there is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Id.* (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982)).

The Ninth Circuit also refused to apply principles of equitable tolling in *Nelmida*, a case in which the claimant *never* received her Notice of Right to Sue. *Nelmida*, 938 F. Supp. at 385-86. The court in *Nelmida* explained, "courts have been generally unforgiving when a late filing is due to claimant's failure to exercise due diligence in preserving his rights." *Nelmida*, 938 F. Supp. at 384 (citations and internal alterations omitted). The court explained, when the plaintiff in *Nelmida* received a copy of her Notice from the EEOC, she still "had more than ten weeks . . . to timely file a complaint." *Id.* at 385. The court thought this was "certainly enough time to commence action[.]" *Id.*

There are no facts implicating the applicability of equitable tolling in this case so as to allow Plaintiffs any extra time by which they should have filed their Complaint.

4837-8145-2545.2.059759-00001

## V. CONCLUSION

Because Plaintiffs failed to timely file suit, Defendant DTS moves this Honorable Court to grant its Motion for Summary Judgment.

DATED: Dallas, Texas, October 10th, 2006.

CARLSMITH BALL LLP

_____
HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted Pro Hac Vice)

And

ELYZE J. MCDONALD
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

Attorneys for Defendant DYNAMIC TECHNICAL SERVICES

CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

- 8 -

Case 1:05-cv-00037    Document 61    Filed 10/16/2006    Page 12 of 18

# TABLE OF EXHIBITS

| Exhibit | Description | Bates # | Date |
|---|---|---|---|
| A | Notice of Right to Sue (NORTS) to Henry Van Meter | DTS 00074 | 9/8/05 |
| B | NORTS to Joseph Hernandez | DTS 00076 | 9/8/05 |
| C | NORTS to John Nauta | DTS 00078 | 9/8/05 |
| D | NORTS to John Nauta | DTS 00102 | 9/15/05 |
| E | NORTS to James Yee | DTS 00080 | 9/8/05 |
| F | NORTS to James Yee (at a different address) | DTS 00100 | 9/8/05 |
| G | NORTS to Jerry Apodaca | DTS 00082 | 9/8/05 |
| H | NORTS to Joseph Mendiola | DTS 00084 | 9/8/05 |
| I | NORTS to Jesse Cruz | DTS 00086 | 11/1/05 |
| J | NORTS to Jesse Cruz | DTS 00088 | 9/8/05 |
| K | NORTS to Larry Charfauros | DTS 00090 | 9/8/05 |
| L | NORTS to Robert Cruz | DTS 00092 | 9/8/05 |
| M | NORTS to Anthony Arriola | DTS 00094 | 9/8/05 |
| N | NORTS to John Babauta | DTS 00096 | 9/8/05 |
| O | NORTS to John Babauta | DTS 00111 | 11/1/05 |
| P | NORTS to Roland Mendiola | DTS 00098 | 9/8/05 |
| Q | NORTS to Teddy B. Cruz | DTS 00104 | 9/15/05 |
| R | Request for NORTS for Teddy B. Cruz, Henry Van Meter, Joe Mendiola, Jesse B. Cruz, John Babauta, and John Nauta (dated July 20, 2005) | DTS 00315 | 7/19/05 |
| S | Request for NORTS of Jerry Apodaca (dated July 24, 2005) | DTS 00370 | 7/24/05 |
| T | Request for NORTS of Joseph Hernandez and Anthony C. Arriola (dated July 24, 2005) | DTS 00283 | 7/24/05 |
| U | Request for NORTS of Robert Cruz, Larry Charfauros, and Roland Mendiola (dated July 29, 2005) | DTS 00310 | 7/29/05 |
| V | Request for NORTS of James Yee (dated August 3, 2005) | DTS 00308 | 8/2/05 |

CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagatna, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

| Exhibit | Description | Bates # | Date |
|---|---|---|---|
| W | NORTS to Teddy B. Cruz | DTS 00306 | 9/8/05 |

CARLSMITH BALL LLP
Bank of Hawaii Building
W. Soledad Avenue, Suite 40
P.O. Box BF
Hagatna, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

4837-8145-2545.2.059759-00001

- ii -

HAROLD D. JONES, Texas Bar No. 10894020
Pro Hac Vice
ANDERSON & JONES, PLLC
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone (972) 789-1160
Facsimile (972) 789-1606

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Attorneys for Defendant
Dynamic Technical Services

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CV05-00037<br><br>**DECLARATION OF HAROLD D. JONES IN SUPPORT OF DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR SUMMARY JUDGMENT** |

I, HAROLD D. JONES, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Dynamic Technical Services ("DTS").

5. I make this Declaration in Support of Defendant's Motion for Summary Judgment. I requested and received certified copies of the documents attached hereto from the Honolulu, Hawaii's local EEOC Office ("HLO"). I have not altered or changed those documents in any way.

6. Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Right to Sue to Henry G. Van Meter on September 8, 2005 issued by the HLO.

7. Attached hereto as Exhibit "B" is a true and correct copy of the Notice of Right to Sue to Joseph J. Hernandez on September 8, 2005 issued by HLO.

8. Attached hereto as Exhibits "C" and "D" are true and correct copies of the Notices of Right to Sue to John Nauta on September 8, 2005 issued by HLO.

9. Attached hereto as Exhibits "E" and "F" are true and correct copies of two Notices of Right to Sue to James S. Yee, both on September 8, 2005 issued by HLO.

10. Attached hereto as Exhibit "G" is a true and correct copy of the Notice of Right to Sue to Jerry Apodaca, Jr. on September 8, 2005 issued by HLO.

11. Attached hereto as Exhibit "H" is a true and correct copy of the Notice of Right to Sue to Joseph T. Mendiola on September 8, 2005 issued by HLO.

- 2 -
4825-4007-1169.1
Case 1:05-cv-00037   Document 61   Filed 10/16/2006   Page 16 of 18

12. Attached hereto as Exhibits "I" and "J" is a true and correct copy of the Notices of Right to Sue to Jesse B. Cruz on September 8, 2005 issued by HLO.

13. Attached hereto as Exhibit "K" is a true and correct copy of the Notice of Right to Sue to Larry L. Charfauros on September 8, 2005 issued by HLO.

14. Attached hereto as Exhibit "L" is a true and correct copy the Notice of Right to Sue to Robert B. Cruz on September 8, 2005 issued by HLO.

15. Attached hereto as Exhibit "M" is a true and correct copy of the Notice of Right to Sue to Anthony C. Arriola on September 8, 2005 issued by HLO.

16. Attached hereto as Exhibits "N" and "O" are true and correct copies of the Notices of Right to Sue to John P. Babauta on September 8, 2005 issued by HLO.

17. Attached hereto as Exhibit "P" is a true and correct copy of the Notice of Right to Sue to Roland F. Mendiola on September 8, 2005 issued by HLO.

18. Attached hereto as Exhibit "Q" is a true and correct copy of the Notice of Right to Sue to Teddy B. Cruz on September 15, 2005 issued by HLO.

19. Attached hereto as Exhibit "R" is a true and correct copy of the letter dated July 20, 2005, from Delia Lujan ("Lujan") of Lujan, Unpingco, Aguigui & Perez LLP, attorneys to Plaintiffs, requesting Right to Sue letters from the EEOC on behalf of Teddy B. Cruz, Henry G. Van Meter, Joseph T. Mendiola, Jesse B. Cruz, John P. Babauta, and John L.G. Nauta.

20. Attached hereto as Exhibits "S" and "T" are true and correct copies of letters dated July 24, 2005, Lujan requesting a Right to Sue letter on behalf of Jerry Apodaca, Jr, and on behalf of Joseph J. Hernandez and Anthony C. Arriola.

21. Attached hereto as Exhibit "U" is a true and correct copy of letter dated July 29, 2005, Lujan requesting Right to Sue letters on behalf of Robert B. Cruz, Larry L. Charfauros, and Roland F. Mendiola.

22. Attached hereto as Exhibit "V" is a true and correct copy of letter dated August 3, 2005, Lujan requesting a Right to Sue letter on behalf of James S. Yee.

23. Attached hereto as Exhibit "W" is a true and correct copy of the Notice of Right to Sue to Teddy B. Cruz on September 8, 2005 issued by HLO.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 10th, 2006

_____
HAROLD D. JONES