| | |
|---|---|
| **LUJAN AGUIGUI & PEREZ LLP**<br>Attorneys at Law<br>Pacific News Building, Suite 300<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910<br>Telephone (671) 477-8064/5<br>Facsimile (671) 477-5297<br><br>*Attorneys for Plaintiffs* | **FILED**<br>DISTRICT COURT OF GUAM<br>OCT 20 2006<br>MARY L.M. MORAN<br>CLERK OF COURT |

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br>**DECLARATION OF DELIA LUJAN** |

I, DELIA LUJAN, hereby declare and state as follows:

1. I am an attorney representing all the plaintiffs in this matter.

2. On August 18, 2006, Defendant MCI or its successor was served with a copy of the summons, complaint, and First Amended Complaint.[1]

---

[1] See the Declaration of Service by Melissa Torres, filed herein September 5, 2006.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of Delia Lujan

1

Case 1:05-cv-00037   Document 63   Filed 10/20/2006   Page 1 of 3

3. On September 5, 2006, I received an email from Brian Jorgensen of Jones Day, who stated "[w]e were recently retained to represent MCI in the above-referenced matter." Mr. Jorgensen acknowledged that "MCI was served with the Original Complaint on August 18. Its deadline to respond is September 7." Mr. Jorgensen then requested a thirty-day extension for MCI to provide a response to the complaint.

4. On September 5, 2006, I sent an email to Mr. Jorgensen informing him that he is granted "an extension of 15 days to serve an answer to the complaint."

5. On or about September 22, 2006, I was contacted by Attorney Patrick Civille, who informed me that he had been hired to represent MCI in this matter. Attorney Civille informed me of the existence of two entities (Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc.) which he believes Plaintiffs intended to bring suit against, based on the facts alleged in the First Amended Complaint. Attorney Civille suggested that I consider an amendment or substitution of the parties.

6. Attorney Civille also requested an extension of time for MCI to respond to the First Amended Complaint. I agreed to allow MCI to respond to the First Amended Complaint by October 10, 2006.

7. On or about September 26, 2006, I received a letter from Attorney Civille wherein Attorney Civille reiterated the existence of the two Verizon entities which he believes Plaintiffs intended to bring suit against, based on the facts alleged in the complaint. Attorney Civille informed me that the predecessors to Verizon Business Purchasing, LlC, and Verizon Business Network Services, LLC, had contractual relationships with Defendants Calpac and Dynamic Technical Services, respectively.

8. In his letter, Attorney Civille also proposed that Plaintiffs and MCI file a joint motion to substitute these Verizon entities as defendants. In fact, a draft of such a proposed

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of Delia Lujan

2

Case 1:05-cv-00037   Document 63   Filed 10/20/2006   Page 2 of 3

1. joint motion and order granting the joint motion was submitted to me along with his letter.

9. Since my receipt of Attorney Civille's September 26, 2006, letter, Attorney Civille and I have been in ongoing discussions regarding the substitution or inclusion of the Verizon entities as defendants in this matter. In fact, Attorney Civille and I agreed that MCI would file its response to the amended complaint after the filing of the joint motion.

10. Through my discussions with Attorney Civille, I am trying to ascertain whether MCI is a proper defendant in this action and, if not, who the proper defendants are, in the hopes of avoiding a protracted procedural battle regarding the same.

11. Based on my discussions with Attorney Civille, I believe that a motion or other filing will soon be made with the Court regarding the substitution or inclusion of the Verizon entities as defendants in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20th day of October, 2006, in Hagåtña, Guam.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of Delia Lujan

Case 1:05-cv-00037    Document 63    Filed 10/20/2006    Page 3 of 3

3