LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*



FILED
DISTRICT COURT OF GUAM
OCT 3 0 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR SUMMARY JUDGMENT** |

COME NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs"), respectfully submitting their opposition to Defendant Dynamic Technical Services' Motion for Summary Judgment, filed herein October 16, 2006.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

1

Case 1:05-cv-00037    Document 67    Filed 10/30/2006    Page 1 of 9

# I. INTRODUCTION

Plaintiffs instituted this Title VII action on December 12, 2005, alleging that they were subjected to employment discrimination by defendants Calpac, Dynamic Technical Services ("DTS"), MCI, John Healy, Dennis Clark ("Clark"), William Ward, Jai James, and Does 1 through 10 (collectively "Defendants"). The First Amended Complaint ("the complaint") was filed February 24, 2006.

Prior to bringing this Title VII suit, each Plaintiff brought charges of discrimination against DTS with the Equal Employment Opportunity Commission ("EEOC"). Before the EEOC issued a finding on the charges, Plaintiffs' counsel, Attorney Delia Lujan, requested that the EEOC issue to Plaintiffs notice of their right to sue. On September 12, 2005, Plaintiffs' counsel, on behalf of Plaintiffs, received from the EEOC Notice of Right to Sue letters which the EEOC had mailed from Hawaii on September 8, 2005, Hawaii time. (James Decl. ¶¶ 3-4.)

Not all of the right to sue letters issued to Plaintiffs were mailed by the EEOC on September 8, 2005, Hawaii time. On September 15, 2005, Hawaii time, the EEOC mailed Notice of Right to Sue letters to John Nauta and Teddy B. Cruz. These letters were first received by Plaintiffs, through their counsel, on September 19, 2005. Additionally, on November 1, 2005, the EEOC mailed Notice of Right to Sue letters to Jesse B. Cruz and John P. Babauta, which were first received by Plaintiffs, through their counsel, on November 4, 2005.

On October 16, 2006, DTS filed herein a motion for summary judgment on the sole basis that this action was not timely commenced in accordance with 42 U.S.C. § 2000e-5(f)(1).

# II. ARGUMENT

DTS moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the grounds that Plaintiffs failed to timely file this Title VII action.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

2

Case 1:05-cv-00037  Document 67  Filed 10/30/2006  Page 2 of 9

Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Cas. Co., 873 F. 2d 1338, 1339-40 (9th Cir. 1989). DTS should be denied summary judgment for the following reasons:

**A. Plaintiffs timely filed suit, as they received the earliest right to sue letters on Monday, September 12, 2005, and commenced this action on Monday, December 12, 2005.**

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a Title VII claimant must commence litigation within ninety days of receiving from the EEOC notice of his right to sue. The requirement for filing a Title VII civil action within ninety days from receiving notice of the right to sue constitutes a statute of limitations. Scholar v. Pac. Bell, 963 F. 2d 264, 266-67 (9th Cir. 1992). A claimant's Title VII action is barred if he fails to file within the ninety-day period. Id. at 267. However, the ninety-day statute of limitations may be equitably tolled. Id.; see also Sloan v. West, 140 F. 3d 1255, 1262 (9th Cir. 1998) ("The Title VII statute of limitations is not a jurisdictional requirement; it may be waived, and equitably tolled.").

The ninety-day period for bringing a Title VII civil action does not begin until the claimant receives a letter from the EEOC specifically informing him of his right to sue. Lynn v. W. Gillette, Inc., 564 F. 2d 1282, 1286 (9th Cir. 1977). "It is the receipt of a Right to Sue letter, not its dispatch, which sets the beginning of the ninety-day period." Id. at 1286 n.3.

"[N]otice of final action is received when the EEOC delivers its notice to a claimant or the claimant's attorney, whichever comes first." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). Where the right to sue letter is sent to the plaintiff's attorney, the ninety-day period begins to run when the attorney actually receives the notice. Ryan v. Joseph's Bi-Rite Market, 688 F. Supp. 573, 574 (E.D. Cal. 1988). Even in cases where the

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

3

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 3 of 9

plaintiff's attorney requests issuance of a right to sue letter, it is the attorney's receipt from the EEOC of the right to sue letter that begins the ninety-day statute of limitations. Gonzalez v. Stanford Applied Eng'g, Inc., 597 F. 2d 1298, 1299 (9th Cir. 1979).

Federal Rule of Civil Procedure 6(a) applies to the computation of the Title VII ninety-day period. See, e.g., Kane v. Douglas, Elliman, Hollyday, & Ives, 635 F. 2d 141, 142 (2d Cir. 1980); Brown v. Reliable Sheet Metal Works, Inc., 852 F. 2d 932, 933 n.2 (7th Cir. 1988), overruled on other grounds by Donnelly v. Yellow Freight Sys., Inc., 874 F. 2d 402 (7th Cir. 1989); Milam v. United States Postal Serv., 674 F. 2d 860, 862 (11th Cir. 1982). Rule 6(a) provides in part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.
> ....

Thus, under Rule 6(a), if the ninety-day period ends on a weekend or holiday, courts apply Rule 6(a) to require that the Title VII plaintiff bring suit on the next day the court is open for filing. See, e.g., Kane, 635 F. 2d at 142 (finding Title VII action timely under 42 U.S.C. § 2000e-5(f)(1) and Rule 6(a) where ninetieth day of receipt of EEOC right to sue letter fell on a Sunday and plaintiff filed suit the following day, on a Monday); Pearson v. Furnco Constr. Co., 563 F. 2d 815, 818-19 (7th Cir. 1977) (finding timely Title VII action where ninetieth day after EEOC Notice was Sunday and the plaintiff's complaint was filed the following Monday); Brown, 852 F. 2d at 933 n.2 ("Rule 6(a) of the Fed.R.Civ.Pro., however, states that weekends are to be counted unless the last day of the ninety-day period ends on a weekend. In that event, the filing period runs until the end of the next day the court is open for filing."); Milam, 674 F. 2d at 861-62 (applying Rule

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

4

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 4 of 9

6(a) to find complaint filed on 31st day timely where 30-day limitations period fell on Sunday); Blackman v. City of Dallas, Civil No. 3:04-CV-2456-H, 2006 WL 1816390, at *2 (N.D. Tex. July 3, 2006) (applying Rule 6(a) to allow extension of the ninety-day limit to Monday following weekend statutory limitation date); White v. Norton, Civil Action No. 04-D-2555 (PAC), 2006 WL 2844346, at *7 (D. Colo. Sept. 29, 2006) (applying Rule 6(a) and finding Title VII action timely where ninetieth day fell on Saturday and so complaint was due on the following Monday and the complaint was filed that Monday); Bailey v. Boilermakers Local 667, 480 F. Supp. 274, 282 (N.D.W. Va. 1979) (90th day Sunday; complaint filed on Monday held timely); Menn v. Amstar Corp., 476 F. Supp. 303, 306 (D. Md. 1979) (90th day Labor Day, complaint filed next day held timely); Jordan v. Lewis Grocer Co., 467 F. Supp. 113, 115 (N.D. Miss. 1979) (90th day Sunday; complaint filed Monday held timely); Burks v. Vann's Baking Corp., 3 FEP Cases 620 (W.D. Tenn. 1971) (under 30-day deadline applicable before 1972 amendment creating 90-day deadline) (30th day Sunday; complaint filed Monday held timely); see also Ellis v. Naval Air Rework Facility, 404 F. Supp. 77, 390 (N.D. Cal. 1975) (considering Title VII, 42 U.S.C. 2000e-16(c) action which requires that plaintiff file suit within thirty days after receiving notice of final action and finding timely a Title VII action filed thirty-two calendar days after receiving notice of the agency decision since thirtieth day fell on Sunday, court was closed on following Monday, and plaintiff brought suit the following Tuesday).

In Ortez v. Wash. County, 88 F. 3d 804, 807 (9th Cir. 1996), the Ninth Circuit affirmed the district court's holding that the plaintiff's Title VII complaint was timely where it was filed 94 calendar days after the day the EEOC mailed notice of the right to sue. Since the right-to-sue letter was mailed on a Friday, the district court concluded that the plaintiff would not have received it until the following week. Because the 90-day period would then have ended on a weekend, the district court held that the plaintiff's Monday filing was timely. The Ninth Circuit

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

5

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 5 of 9

upheld the district court's determination. Id; see also Williams v. West, No. C 95-2546 SI, C 95-2547 SI, 1997 WL 811777, at *3 n.3 (N.D. Cal. 1997) (citing Ortez as excusing a complaint filed 94 days after the EEOC mailed its notice of final action because the notice was mailed on a weekend and the expiration of 90 days fell on a weekend).

Application of Rule 6(a) to the time computation of Title VII actions is in line with the broad remedial purposes of Title VII. See Kane, 635 F. 2d at 142. "Title VII was passed by a Congress with Rule 6(a) firmly in mind. Id. In Pearson, 563 F. 2d at 819, the Seventh Circuit stated:

> We think that in the light of the purposes intended to be served by Title VII, it is a sound interpretation of congressional intent that the party plaintiff is to have a full span of ninety days in which to file his action, and that accordingly, when the ninetieth calendar day is a Saturday, Sunday, or holiday, the period does not expire until the end of the next day which is none of these three.

See also Milam, 674 F. 2d at 862; Kane, 635 F. 2d at 142. In fact, case law cited by DTS further illustrates how Rule 6 is applied to Title VII actions. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (applying Rule 6(e) to presume a date of receipt of the EEOC notice of the right to sue); Mosel v. Hills Dep't Store, 789 F. 2d 251, 253 (3d Cir. 1986) (recognizing that Rule 6(e) may apply to create a presumption of receipt of EEOC notice, unless the parties agree as to the actual date of receipt); DeFrancesco v. Weir Hazelton, Inc., 232 F.R.D. 454, 456-58 (E.D. Pa. 2005) (applying Rule 6(e) as creating a presumption of receipt of EEOC notice in Title VII action).

In this case, Plaintiffs received the earliest Notice of Right to Sue letters on September 12, 2005, when the letters were delivered via mail to the law office of Plaintiffs' counsel. (James Decl. ¶¶ 3-4.) DTS was aware of Plaintiffs' counsel's receipt of the EEOC notices, as Plaintiffs had produced to DTS, in response to DTS' Request for Production of Documents, such notices and their enclosures which showed the date and time of receipt. (Lujan Decl. ¶¶ 2-3.) DTS offers

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

6

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 6 of 9

absolutely no evidence of Plaintiffs' receipt, and does not challenge Plaintiffs' receipt of the letters on September 12, 2005.

Plaintiffs' right-to-sue letters each stated: "Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost." Regarding the EEOC right-to-letters received on September 12, 2005, the ninetieth day from receipt of the letters fell on December 11, 2005, a Sunday, when the District Court of Guam is not open for filing. Under Rule 6(a), then, Plaintiffs had until the end of the following business day, which was Monday, December 12, 2005, to file suit on the claims upon which Plaintiffs received notice of the right to sue on September 12, 2005. As this action was in fact instituted the following business day, on Monday, December 12, 2005, Plaintiffs' Title VII action is clearly timely. Also, the other Title VII claims of plaintiffs John Nauta and Teddy B. Cruz, which were mailed by the EEOC on September 15, 2005, and received by Plaintiffs' counsel on September 19, 2005, are undoubtedly timely, as the complaint was filed approximately 84 days from receipt. Likewise, the other Title VII claims of plaintiffs Jesse B. Cruz and John P. Babauta, which were mailed by the EEOC on November 1, 2005, and received by Plaintiffs' counsel on November 4, 2005, are clearly timely, as the complaint was filed approximately 41 days from receipt. Therefore, DTS' summary judgment motion must be denied.

**B. Even if a three-day presumption of receipt applies, Plaintiffs' Title VII action was still timely filed since receipt would be presumed, at the earliest, on Monday, September 12, 2005.**

DTS argues that Plaintiffs must be presumed to have received the right to sue letters three days after the mailing of the right to sue letters, i.e., on September 11, 2005. However, even assuming that a three-day presumption of receipt applies, there are at least three problems with DTS' argument. First, the Notice of Right to Sue letters were mailed from the EEOC, Honolulu

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

7

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 7 of 9

Local Office, in Hawaii. As the letters indicate the date of mailing from Hawaii to be September 8, 2005, a Thursday, and taking this to be true, the reality is that the letters would have been mailed on Friday, September 9, 2005, Guam time. This is so because Guam's time, Chamorro Standard Time, is 20 hours ahead of Hawaii time. Plaintiffs request that the Court take judicial notice of this well-known fact. Therefore, a three-day presumption of receipt by Plaintiffs located in Guam would have to start with a September 9, 2005, date, thereby creating a presumption of receipt on September 12, 2005, which coincidentally is the actual date of Plaintiffs' receipt. Under the analysis above, Plaintiffs' December 12, 2005, filing of the complaint is timely.

The second problem lies with DTS' contention that Plaintiffs should have filed their Title VII action by December 11, 2005, and that the failure to do so results in their claims being barred. As stated earlier, DTS is incorrect to begin a three-day presumption of receipt on September 8, 2005, in light of the time-difference between Hawaii and Guam. However, even if September 8, 2005, is the correct day to start the presumption, the third day therefrom, i.e., December 11, 2005, was a Sunday. Even if Plaintiffs wanted to file on December 11, 2005, they could not since this Court is closed for business on Sunday. Therefore, as Plaintiffs should be given the full 90 days in which to file a Title VII action, and Rule 6(a) should be applied to effect the broad remedial purposes of Title VII, Plaintiffs should have filed suit no later than the next day Court was open for filing, which was Monday, December 12, 2005. Since Plaintiffs did in fact bring this Title VII case on December 12, 2005, Plaintiffs' claims are all timely.

Third, as DTS recognizes, not all of Plaintiffs' Notice of Right to Sue letters were mailed on September 8, 2005; two were mailed on September 15, 2005, and two were mailed on November 1, 2005. Applying the three-day presumption of receipt to these claims, the December 12, 2005, filing was clearly timely, as discussed above. Thus, DTS' summary judgment motion must be denied.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

8

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 8 of 9

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendant Dynamic Technical Services' Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 30th day of October, 2006, in Hagåtña, Guam.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Def. DTS' Mot. Summ. J.

9

Case 1:05-cv-00037   Document 67   Filed 10/30/2006   Page 9 of 9