CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGATNA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs Henry Van Meter et al.*

FILED
DISTRICT COURT OF GUAM
NOV -1 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| HENRY VAN METER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NUMBER 05-00037<br><br>**JOINT MOTION TO SUBSTITUTE VERIZON BUSINESS NETWORK SERVICES, INC. AND VERIZON BUSINESS PURCHASING, LLC FOR MCI** |

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs and Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC in place of Defendant MCI respectfully request leave to amend the pleadings to substitute Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC for MCI as defendants in this action, thereby dismissing MCI from this case. In support of this Motion, the parties state as follows:

1. On or about February 24, 2006, Plaintiffs filed a First Amended Complaint ("FAC") naming MCI as a defendant. In their FAC, Plaintiffs allege that MCI hired Defendants Calpac ("Calpac") and Dynamic Technical Services ("DTS") to respectively install, and oversee the installation of, underground cables in Guam. (Pls' FAC at ¶¶ 25, 26).

2. At the time Plaintiffs filed their FAC, Plaintiffs intended to assert allegations against the entity or entities that had contracted with DTS and Calpac for services related to the installation of underground cables in Guam. Plaintiffs named MCI as the defendant having hired DTS and Calpac. In actuality, the entity that contracted with DTS was MCI WorldCom Network Services, Inc. Through a series of name changes, MCI WorldCom Network Services, Inc. is now named Verizon Business Network Services, Inc. Furthermore, the entity that contracted with Calpac was WorldCom Purchasing, L.L.C. Through a series of name changes, WorldCom Purchasing, L.L.C. is now named Verizon Business Purchasing, LLC.[1]

3. By the express terms of Rule 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21. One purpose of the rule is to permit the bringing in of a party who was not otherwise made a party because of inadvertence, mistake or for some other reason, and whose presence is found to be necessary or desirable. *See Rollins Burdick Hunter of Wisconsin, Inc. v. Lemberger,* 105 F.R.D. 631,636 (E.D. Wis. 1985).

4. It is the position of Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC that, by substituting Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC for MCI and thereby dismissing MCI, the Court will not cause prejudice to any party. Through counsel, Verizon Business Network Services, Inc. and Verizon

---

[1] Plaintiffs make these statements and this joint motion in reliance upon the representations made by counsel for MCI, Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC. Thus, Plaintiffs do not waive any objections, claims, or defenses they may have should such representations be inaccurate or should Plaintiffs be prejudiced by this substitution and dismissal of MCI as a defendant.

2

*Henry G. Van Meter, et al. vs. Calpac et al.*
**District Court Civil Case No. 05-00037**

Joint Motion to Substitute Verizon Business Network Services, Inc.
And Verizon Business Purchasing, LLC for MCI
Case 1:05-cv-00037   Document 70   Filed 11/01/2006   Page 2 of 4

Business Purchasing, LLC identified themselves as the parties against whom Plaintiffs appear to have intended to assert allegations in their FAC. Counsel for MCI is also counsel for Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC in this matter.

5. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC expressly waive any otherwise existing requirement that they be formally served with a summons, complaint, and amended complaint.

6. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC waive the defense that they and their predecessors were not named as respondents in the Plaintiffs' EEOC Charges referenced in the FAC.

7. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC agree that, for the purposes of this lawsuit, they shall be deemed to stand in the shoes of their predecessors in interest, MCI WorldCom Network Services, Inc. and WorldCom Purchasing, L.L.C.

8. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC agree that their substitution as parties in this lawsuit shall be deemed to relate back to the filing of the original complaint.

9. Nothing herein shall be deemed a waiver by Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC of any claim, objection or other defense either entity may have in this matter. Nothing herein shall be deemed a waiver by Plaintiffs of any claim, objection, or defense they may have in this matter.

10. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC shall have ten (10) days from the date the Court enters an Order on this motion to answer or otherwise respond to the FAC.

11. The substitution dismissing MCI as a defendant shall be without prejudice. In the event that further discovery establishes that MCI was in fact correctly named as a defendant, plaintiffs shall be permitted to bring MCI back into the lawsuit, and such re-inclusion of MCI as a

3

*Henry G. Van Meter, et al. vs. Calpac et al.*
**District Court Civil Case No. 05-00037**

Joint Motion to Substitute Verizon Business Network Services, Inc.
And Verizon Business Purchasing, LLC for MCI

Case 1:05-cv-00037   Document 70   Filed 11/01/2006   Page 3 of 4

defendant shall relate back to the commencement of this matter. In such event, nothing herein shall be deemed a waiver by MCI of any claim, objection or defense it may have in this matter.

12. Nothing in this stipulated motion shall be deemed a limitation on the parties' ability to seek leave to amend the pleadings.

WHEREFORE, the parties hereto pray that Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC be substituted for MCI as defendants in this case, that the caption be changed to reflect the substitution on all subsequent pleadings, and that all previously filed pleadings stand amended by the Court's Order.

Respectfully submitted this 31st day of October, 2006.

| LUJAN AGUIGUI & PEREZ, LLP | CIVILLE & TANG, PLLC |
|---|---|
| By: _____ <br> **DELIA S. LUJAN** <br> *Attorneys for Plaintiffs* | By: _____ <br> **G. PATRICK CIVILLE** <br> *Attorneys for Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc.* |

DLI-6037860v1

4

*Henry G. Van Meter, et al. vs. Calpac et al.*
**District Court Civil Case No. 05-00037**

Joint Motion to Substitute Verizon Business Network Services, Inc.
And Verizon Business Purchasing, LLC for MCI

Case 1:05-cv-00037   Document 70   Filed 11/01/2006   Page 4 of 4