HAROLD D. JONES, Texas Bar No. 10894020
(Admitted *Pro Hac Vice*)
ANDERSON & JONES, PLLC
13355 Noel Road, Suite 1645
Dallas, Texas 75240
Telephone:	972.789.1160
Fax No.:	972.789.1606

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

Attorneys for Defendant
DYNAMIC TECHNICAL SERVICES

FILED
DISTRICT COURT OF GUAM
NOV - 6 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>v.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 1:05-cv-00037<br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF SERVICE** |

*TO THE HONORABLE JUDGE OF SAID COURT:*

NOW COMES, Defendant Dynamic Technical Services ("DTS"), and files this Reply Brief to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and would show as follows:

# I.

## PROCEDURAL HISTORY

DTS filed a Motion for Summary Judgment against Plaintiffs based on the fact that Plaintiffs' suit was filed late. On October 30, 2006, Plaintiffs filed an opposition brief. DTS now files a short and timely reply to that Opposition, pursuant to the Federal Rules of Civil Procedure and local rules.

# II.

## ARGUMENT AND AUTHORITIES

**A. Plaintiffs' Entire Argument is Premised on a Calculation Error.**

Plaintiffs' entire argument is based on a clear miscalculation of the right-to-sue ninety day period. In their Opposition, Plaintiffs assert, "... even if September 8, 2005, is the correct day to start the presumption, the third day therefrom, i.e. December 11, 2005 was a Sunday."[1] This assertion is false and misapplies the presumption.

When the three day presumption is correctly applied, the ninety day clock starts ***three days after the date the EEOC sent the relevant right-to-sue letters on September 8, 2005***. This makes the presumed date of receipt September 11, 2005.

This is indisputably the correct method of calculating the presumed date of receipt. It is the method the United States Supreme Court used in *Baldwin County Welcome Center v. Brown*.[2] In *Baldwin County*, the notice of right-to-sue was issued on January 27th and the Court made the presumed date of receipt on January 30th. The lower courts have followed the high court's lead. In *Sanchez Ramos v. P.R. Police Dep't*,[3] the right-to-sue letter was issued on June 26th and the court

---

[1] *Plaintiffs' Opposition to Defendant's Motion for Summary Judgment*, page 8; line 14-16.
[2] 466 U.S. 147, 148 footnote 1 (1984).
[3] 392 F. Supp. 2d 167 (D.P.R. 2005).

PAGE - 2

placed the presumed date of receipt on June 29th. In *Sherlock v. Montefiore Medical Ctr.*,[4] the right-to-sue letter was sent on February 15th, and it was presumed received on February 18th. In *Smith v. Local Union 28 Sheet Metal Workers*,[5] the right-to-sue letter was sent on March 9th and was presumed received on March 12th. In *Brown v. McKesson Bioservices Corp.*,[6] the right-to-sue letter was sent on December 3rd, and was presumed received on December 6th.

Counting ninety full days from September 11, 2005 makes the ninetieth day December 9th. Thus, the clock would expire on Friday, **December 9th**, not on December 11th. The Opposition brief discussion as to why Rule 6(a) of the Federal Rules of Civil Procedure might apply to extend their clock past the weekend and to December 12th is irrelevant and inapplicable in this situation since their clock expired on Friday, December 9th a date not covered by Rule 6(a). Thus, the Plaintiffs' entire first argument and all the cases it cites in support are distinguishable and inapplicable to the case at hand.

### B. Plaintiffs Conflate Rule 6(a) and (e).

Plaintiffs' first argument focuses on Federal Rule of Civil Procedure 6(a) to compute the Title VII ninety-day period. Plaintiffs mistakenly apply Rule 6(a) as the <u>sole and governing framework</u> for calculating the ninety-day period. It is not. Rule 6(a) only addresses situations where the last day of the ninety day period is on a weekend or a holiday. In situations (as here) where that eventuality is not present, Rule 6(e) is more applicable. Rules 6(a) and (e) are not antagonistic, but they should not be conflated.

This District Court of Hawaii has held that "[w]here a plaintiff admits to having received an EEOC Notice to Sue and the Notice was sent to the correct address, 'a presumption of receipt with

---

[4] 84 F.3d 522 (2d Cir. 1996).
[5] 877 F. Supp. 165 (D.N.Y. 1995).
[6] 2006 U.S. Dist. LEXIS 9774 (D. Md. 2006).

PAGE - 3

some reasonable time period properly applies.'"[7] At no time in the Plaintiffs' Opposition do they cite any decision to contradict this rule. Further, the U.S. Supreme Court has established that, where parties dispute the date of receipt, there is a presumption that a claimant received a right-to-sue letter three days after the date of the notice."[8]

In calculating the ninety days, the only rule Plaintiffs employ is Rule 6(a). DTS has never questioned the validity of Rule 6(a). However, DTS advocates the use of the <u>entire Rule 6.</u> Specifically, Rule 6(e) states:

> Whenever a party must or may act within the prescribed period after service and service is made under Rule 5(b) (2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

Rule 5(b)(2)(B) reads, "Mailing a copy to the last known address of the person served. Service by mail is complete on mailing." Thus, 6(e) applies when service is through mail, which may be the specific situation at hand.[9] When the Supreme Court decided *Baldwin*, it held that the three day presumption should be employed it was applying Federal Rule of Civil Procedure 6(e).[10]

The main case that the Plaintiff cites to support its position is *Ortez v. Wash. County*.[11] There the plaintiff asserts that the Ninth Circuit upheld the District Court's determination that since the ninety day period would have ended on a weekend, that a Monday filing was timely. Clearly, Plaintiffs did not do a close reading of the case. The Ninth Circuit never made a holding on this issue because the defendants in that case did not contest the lower court's holding. Instead, the *Ortez* defendants contested a completely different issue, which is not applicable in this case. Thus, Plaintiffs are cropping the legal landscape in order to distract the court from the most relevant and applicable law.

---

[7] *Ellison v. Northwest Airlines, Inc.,* 938 F. Supp. 1503, 1509 (D. Hawaii 1996).
[8] *Baldwin County,* 466 U.S. at 148.
[9] There is a possibility that some of the notices were faxed.
[10] *See also, Mosel v. Hills Department Store, Inc.* 789 F.2d 251, 253 (3rd Cir, 1986) citing *Baldwin* at 148.
[11] 88 F.3d 804, 807 (9th Cir. 1996).

### C. Plaintiffs' Argument is Contradictory.

After ignoring Rule 6(e) and the three day presumption of receipt, the Plaintiffs allege that there is no dispute on the receipt of the notice. Plaintiffs assert "DTS...does not challenge Plaintiffs' receipt of the letters on September 12, 2005."[12] This is untrue. Plaintiffs tacitly admit it is untrue in their second (alternative) argument. Plaintiffs cite the twenty hour difference between Guam and Hawaii time and claim this should change the date the right-to-sue letter was sent. Plaintiffs assert no legal precedent to support this claim, but the relevance is that by making this argument, Plaintiffs tactically admit that there *is* a dispute as to the receipt date. The Supreme Court has been clear that when there is *any* factual dispute as to the date of receipt, then there is a presumption that a claimant received a right-to-sue letter three days after the date on the letter. As there is an admitted factual dispute here, the Plaintiffs' right-to-sue letter should be deemed received on September 11th 2005.

### D. Plaintiffs Misapply the 3-Day Presumption and Ignore the Underlying Rationale.

When the Plaintiffs argue that the receipt date for the right-to-sue letter should be altered to account for the difference between Hawaii and Guam time, they are misapplying the three day presumption, and missing the overall point of the presumption. In *Mosel v. Hills Department Store, Inc.*,[13] the court discusses the policy justification for imposing a three day presumption to cases like those at hand. Fundamentally, the presumption "applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond *in order to account for the time required for delivery of the mail.*" The presumption was created precisely to account for the time required to deliver the mail and *for any lost time associated with it*. The courts have created this presumption in conjunction with Rule 6(a) in order to take away any possible room for excuses.[14]

---

[12] *Plaintiffs' Opposition to Motion for Summary Judgment* pg. 6 Line 28- pg. 7 Line 2.
[13] 789 F.2d 251 (3rd Cir. 1986)(emphasis added).
[14] *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 656 (4th Cir. 1987).

Here the plaintiffs are attempting to argue that, *in addition* to the three days provided to accommodate for the transit of the right-to-sue letter, they should receive additional time. These requests for time in addition to that already provided are exactly the type of unnecessary delay tactics that the court was trying to prevent when it developed the ninety-day notice period and the three day presumption.

## CONCLUSION

Defendant DTS requests this Court grant DTS's Motion for Summary Judgment because Plaintiffs have failed to file their claim within the ninety day statute of limitations.

DATED: November 6, 2006.

*/s/ Elyze J. McDonald*
HAROLD D. JONES
Texas Bar No. 10894020
ANDERSON & JONES, PLLC
(Admitted *Pro Hac Vice*)

And

ELYZE J. MCDONALD
Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 W. Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96910
Telephone (671) 472-6813
Facsimile (671) 477-4375

Attorneys for Defendant DYNAMIC TECHNICAL SERVICES

# CERTIFICATE OF SERVICE

I, Elyze J. McDonald, hereby certify under penalty of perjury of the laws of the United States, that on November 6, 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY; CERTIFICATE OF SERVICE upon the following:

> Delia Sablan Lujan, Esq.
> **LUJAN, AGUIGUI & PEREZ, LLP**
> Suite 300, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-8064
> Facsimile: (671) 477-5297
> Attorneys for Plaintiffs Henry G. Van Meter, et al.

> William J. Blair, Esq.
> **BLAIR, STERLING, JOHNSON, MOODY,**
> **MARTINEZ & LEON GUERRERO, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-7857
> Facsimile: (671) 472-4290
> Attorneys for Defendant California Pacific Technical Services, LLC
> John Healy, and William Ward

Executed this 6th day of November 2006 at Hagåtña, Guam.

_____
ELYZE J. McDONALD