**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

FILED
DISTRICT COURT OF GUAM
NOV 21 2006
MARY L.M. MORAN
CLERK OF COURT

### IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br>**VERIZON DEFENDANTS'**<br>**12(b)(6) MOTION TO DISMISS AND**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN SUPPORT**<br>**THEREOF** |

## DEFENDANT VERIZON'S 12(b)(6) MOTION TO DISMISS

Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon"),[1] move to dismiss with prejudice Plaintiffs' claims against Verizon as set forth in the First Amended Complaint ("FAC"). This motion is made under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and is supported by the Memorandum of Points and Authorities which follows.

## MEMORANDUM OF POINTS AND AUTHORITES

### I. BACKGROUND

This is a purported discrimination, retaliation, and harassment case brought under Title VII. In their FAC, Plaintiffs allege that Verizon hired Defendants Calpac ("Calpac") and Dynamic Technical Services ("DTS") to install, and oversee the installation of, underground cable in Guam. (Pls' FAC at ¶¶ 25, 26.) Plaintiffs allege that they were hired by Calpac and supervised by DTS, and that Calpac and DTS, and their respective employees and owners, discriminated and retaliated against, harassed, and, ultimately, terminated them. Plaintiffs do not allege that Verizon employed them or that Verizon employees engaged in any unlawful conduct. Indeed, Plaintiffs' own allegations make it abundantly clear that Verizon is nothing more than a third party that merely contracted with entities for services and that it is those entities who employed Plaintiffs and whose employees allegedly violated Title VII. Under these alleged facts, which are accepted as true solely for purposes of this motion, Plaintiffs cannot maintain a Title VII claim against Verizon as a matter of law.[2]

---

[1] Pursuant to the Court's November 13, 2006 Order granting the joint motion to substitute parties, Defendant MCI has been dismissed, and Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") have been substituted in its place as defendants in this case. (November 13, 2006 Order at p. 1.) As all previously filed pleadings stand amended by the Order (*id.*), Verizon's 12(b)(6) Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof treats Plaintiffs' First Amended Complaint as reflecting the dismissal of MCI and the substitution of Verizon in its place.

[2] Verizon recognizes that DTS's motion to dismiss, which argued that the FAC failed to allege that DTS was Plaintiffs' employer, was denied by this Court. The FAC's allegations regarding DTS, however, are

-2-
DLI-6044721v2  Case 1:05-cv-00037  Document 81  Filed 11/21/2006  Page 2 of 8

## II. ARGUMENT AND AUTHORITIES

### A. Standard for Dismissal under Rule 12(b)(6).

A Rule 12(b)(6) motion seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)). While all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001); *Nat'l Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim") (quoting *Halkin v. VeriFone, Inc. (In re VeriFone Sec. Litig.)*, 11 F.3d 865, 868 (9th Cir. 1993)); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) (same); *In re Stac Electronics. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (same); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (dismissing discrimination claims and stating that "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). Similarly, "[t]he district court need not assume . . . that the

---

materially different from the allegations (or the lack thereof) at issue here. In its Order on DTS's motion, the Court noted that Plaintiffs alleged that a DTS employee exercised control over the terms and conditions of Plaintiffs' employment and, "[a]s such, a direct employer/employee relationship existed." (June 16, 2006 Order at pp. 2-3.) In stark contrast, there is no allegation whatsoever that any Verizon employee exercised control over Plaintiffs' work conditions. In addition, the Court relied on *King v. Chrysler Corp.*, 812 F. Supp. 151 (E.D. Mo. 1993) to hold that Plaintiffs had alleged sufficient facts showing an indirect employment relationship between DTS and Plaintiffs. (June 16, 2006 Order at pp. 3-4.) In *King*, however, the harassment allegedly was caused by the defendant's employee. As explained below, Plaintiffs' FAC makes abundantly clear that the alleged wrongful

plaintiff can prove facts different from those alleged in the complaint." *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1000 (D. Ariz. 2004). In assessing the sufficiency of a Title VII complaint under Federal Rule of Civil Procedure 8(a), "the ordinary rules . . . apply." *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002).

**B. Plaintiffs Do Not Allege Facts Warranting An Inference Of An Employment Relationship Between Verizon And Plaintiffs.**

The Court should dismiss with prejudice Plaintiffs' Title VII claims against Verizon under Rule 12(b)(6) for the simple reason that Plaintiffs have failed to allege facts that would warrant an inference of an employment relationship between Verizon and Plaintiffs. It is axiomatic that, "[i]n order to come under the protection of federal and state discrimination statutes, a plaintiff must demonstrate the existence of an employment relationship." *Zainalizadeh v. Neiman Marcus Group*, No. C 01-4207 JL, 2002 U.S. Dist. LEXIS 16707, at *3 (N.D. Cal. Sept. 4, 2002). "Consequently, there must be some connection with an employment relationship for Title VII protections to apply." *Lutcher v. Musicians Union Local* 47, 633 F.2d 880, 883 (9th Cir. 1980). *See also* 42 U.S.C. § 2002e-2 (prohibiting discrimination by an "employer"). Plaintiffs' FAC is utterly devoid of any allegations suggesting the employment relationship necessary to maintain a Title VII cause of action against Verizon.

It is apparent on the face of the FAC that Verizon had no employment relationship or connection with Plaintiffs. Indeed, the FAC clearly alleges that it was Calpac and DTS – *not Verizon* – who allegedly controlled the terms and conditions of Plaintiffs' employment. Plaintiffs claim that Calpac – *not Verizon* – hired Plaintiffs. (Pls' FAC at ¶¶ 36, 48, 60, 72, 84, 96, 108, 120, 132, 152, 172, 193, 213.) Plaintiffs claim that they were supervised by DTS – *not Verizon*. (*Id.* at ¶¶ 37, 49, 61, 73, 85, 97, 109, 121, 133, 153, 173, 194, 214.) Plaintiffs claim that they complained about discrimination to Calpac and its alleged owner, John Healy

---

treatment was not caused by Verizon's employees. As a result, this Court's prior opinion with respect to DTS does not control the result here.

DLI-6044721v1<s>1</s>2

-4-

("Healy") – **not Verizon**. (*Id.* at ¶¶ 38, 50, 62, 74, 86, 98, 110, 122, 134, 154, 174, 195, 215.) Plaintiffs claim that it was Calpac – **not Verizon** – who determined their hours and work assignments. (*Id.* at ¶¶ 140, 160-162, 181-183, 201-203, 221-222.) Plaintiffs claim that it was Calpac – **not Verizon** – who denied certain Plaintiffs authorizations related to their work. (*Id.* at ¶¶ 159, 180, 200.) Plaintiffs claim that they were ultimately terminated by Calpac and Healy – **not Verizon**. (*Id.* at ¶¶ 39, 51, 63, 75, 87, 99, 111, 123, 141, 163, 184, 204, 223.)

In fact, despite having filed an original complaint almost twelve months ago and an amended complaint more than nine months ago,[3] Plaintiffs have been unable to set forth a single, non-conclusory allegation suggesting that Verizon exercised any control or oversight over the terms and conditions of their employment. Where, as here, a plaintiff fails to allege facts showing the existence of an employment relationship with the defendant, federal courts have regularly granted Rule 12(b)(6) motions to dismiss a Title VII claim. *See, e.g., Bachir M.D. v. Saint Agnes Medical Center*, No. 1:05-CV-01575-FVS-LJO, 2006 U.S. Dist. LEXIS 40850, at *5 (E.D. Cal. June 5, 2006) (granting a 12(b)(6) motion to dismiss without prejudice a Title VII claim because the face of the plaintiff's complaint failed to allege facts suggesting an employment relationship); *Zainalizadeh*, 2002 U.S. Dist. LEXIS 16707, at *4 (granting a 12(b)(6) motion to dismiss with prejudice a Title VII claim because "[n]owhere [did] Plaintiff contend that she was employed by Defendant. Consequently, she cannot sustain a cause of action for employment discrimination"). *See also Daniel v. City of Harrisburg*, No. Civ.A. 1:05-CV-2126, 2006 WL 543044, at *4 (M.D. Pa. March 6, 2006) (granting a 12(b)(6) motion to dismiss without prejudice a Title VII claim because "even if Plaintiff's allegations were proven, they would not be sufficient to substantively consolidate [a named defendant with the actual employer]"); *Krasner v. The Episcopal Diocese of Long Island*, 328 F. Supp. 2d 367, 370-71 (E.D.N.Y. 2004) (granting a 12(b)(6) motion to dismiss without prejudice a Title VII

---

[3] Plaintiffs filed their original complaint on December 12, 2005. Plaintiffs, however, did not attempt to serve Verizon until March 7, 2006. Failing to serve Verizon, Plaintiffs moved on April 10, 2006 for an extension of time to effect service on Defendants. The Court granted Plaintiffs an extension of time until August 31, 2006 to effect service. Plaintiffs did not serve Verizon until August 18, 2006.

claim because "[t]he complaint does not allege that [the defendant] is her employer or even that an employment relationship exists between it and the plaintiff . . ."); *Jaffer v. The National Caucus and Center on Black Aged, Inc.*, 296 F. Supp. 2d 639, 643-44 (M.D.N.C. 2003) (granting a 12(b)(6) motion to dismiss with prejudice a Title VII claim because the plaintiff was not an employee of the named defendant).[4]

Further, to the extent courts have extended Title VII liability to non-employing entities whose employees caused the alleged harassment or interfered with the plaintiff's employment, such an action would not be appropriate here because there is no allegation whatsoever that Verizon or any of its employees engaged in any discriminatory, retaliatory, or harassing conduct toward Plaintiffs. Rather, the named individuals who purportedly engaged in wrongful conduct toward Plaintiffs are alleged to be employees or owners of Calpac or DTS – ***not Verizon***. (Pls' FAC at ¶¶ 20-23.) For example, Plaintiffs claim that Defendant Dennis Clark ("Clark") – a DTS employee – called them "island monkeys" or "monkeys." (*Id.* at ¶¶ 37, 49, 61, 73, 85, 97, 109, 121, 133, 153, 173, 194, 214.) Plaintiffs claim that Healy and Calpac – ***not Verizon*** – informed employees that they would be terminated if they complained about discriminatory conduct. (*Id.* at ¶¶ 136, 156, 176, 197, 217.) Plaintiffs claim that Clark and/or Calpac managers – ***not Verizon employees*** – discriminatorily ignored certain Plaintiffs. (*Id.* at ¶¶ 137, 138, 157, 158, 178, 179, 198, 199.) Plaintiffs claim that Calpac and Healy – ***not Verizon*** – discriminatorily reduced certain Plaintiffs' work hours or failed to provide work

---

[4] In Plaintiffs' response to DTS's motion to dismiss, Plaintiffs argue that a Title VII plaintiff may have more than one employer for purposes of Title VII. (Pls' Opp'n Brief at p. 5.) Plaintiffs, however, failed to allege in their Complaint a doctrine (*e.g.*, joint employer) or facts supporting any applicable doctrine that could extend Title VII liability to Verizon and, as such, Plaintiffs' claims against Verizon cannot survive. *See, e.g., Daniel*, 2006 WL 543044, at *4 (granting a 12(b)(6) motion to dismiss without prejudice a Title VII claim because "even if Plaintiff's allegations were proven, they would not be sufficient to substantively consolidate [a named defendant with the actual employer]"). *See also Jelincic v. Xerox Corp.*, No. C-04-2930 (EMC), 2004 WL 2217643, at *2 (D. Ariz. Oct. 1, 2004) (noting that the pleading rules do "not relieve a plaintiff of his responsibility to 'give the defendant fair notice of what the plaintiff's claim is and *the grounds upon which it rests.*'") (quoting *Swierkiewicz*, 534 U.S. at 512) (emphasis in original)). Indeed, Plaintiffs argued in their opposition brief that it could be inferred that DTS was Plaintiffs' employer because "DTS and its employee, Clark, exercised control over the terms and conditions of Plaintiffs' employment." (Pls' Opp'n Brief at p. 7.) As explained above, the FAC is devoid of any such non-conclusory allegations relating to Verizon and, in fact, demonstrates that Verizon did not exercise control over Plaintiffs' work conditions.

hours to certain Plaintiffs. (*Id.* at ¶¶ 140, 160, 181, 183, 201, 203, 221-222.) In fact, Plaintiffs' FAC fails to identify a single Verizon employee that allegedly engaged in any unlawful conduct[5] and, thus, any argument that the FAC's allegations warrant an inference that Verizon caused the alleged discrimination, retaliation, or harassment or otherwise interfered with Plaintiffs' employment must fail.

Rather than set out any facts warranting an inference that an employment relationship existed between Verizon and Plaintiffs or that Verizon engaged in unlawful conduct, Plaintiffs attempt to manufacture a lawsuit against Verizon by relying on unwarranted and conclusory statements. For example, Plaintiffs allege that the actions of Calpac, DTS, and the individual named defendants "were approved, condoned, or authorized by" Verizon. (*Id.* at ¶¶ 40-41, 52-53, 64-65, 76-77, 88-89, 100-101, 112-113, 124-125, 142-145, 164-165, 185-186, 205-206, 224-225.) Plaintiffs similarly allege that "Defendants each subjected Plaintiffs to discrimination . . ." (*Id.* at ¶ 32.) Plaintiffs should not be allowed to hide behind such conclusory and unwarranted allegations to maintain a Title VII claim against Verizon. Indeed, as one court has noted, "Ninth Circuit case law supports the conclusion that a claim of harassment needs more than just a conclusory statement such as 'I was harassed.'" *Jelincic*, 2004 WL 2217643, at *n.1 (granting 12(b)(6) motion to dismiss without prejudice the plaintiff's age harassment claim because the plaintiff did "not provide[] any information about the alleged age harassment except to say that it occurred"). *See also Lewis v. Bayer Corp.*, No. C 03-04403 JSW, 2004 WL 2196540, at *2-3 (N.D. Cal. Sept. 27, 2004) (citing *Swierkiewic* and granting a 12(b)(6) motion to dismiss without prejudice the plaintiff's Title VII claims because the plaintiff's "complaint fail[ed] to provide comparable factual support demonstrating

---

[5] Plaintiffs attempt to conjure up some type of employment relationship or connection between Verizon and the alleged wrongdoers by alleging that unnamed individuals -- "Does 1 through 10" -- are "unidentified directors, managers, administrators, agents, or assigns of Defendants Calpac, DTS and/or Verizon collectively, who participated in, condoned, authorized, agreed, directed or had notice of and failed to take action to stop the unlawful employment practiced [sic] alleged by Plaintiffs." (Pls' FAC at ¶ 24.) Although Plaintiffs allege that they "will amend their Complaint as [the Does'] identities are discovered" (*id.*), Plaintiffs have not done so, and this case has been on file for almost twelve months. In any event, vague and conclusory allegations regarding unidentified alleged wrongdoers cannot defeat a motion to dismiss. (*See* section II.A *supra*.)

that she is entitled to relief"). If Plaintiffs' allegations were sufficient to defeat a motion to dismiss with prejudice, Plaintiffs would be able to drag any third party – no matter how tenuous its relationship to the alleged plaintiffs – into costly and time-consuming litigation by essentially alleging nothing more than "Defendant discriminated" or "Defendant condoned discrimination."

In reality, Plaintiffs' allegations demonstrate that Verizon is nothing more than a third party that contracted with wholly independent entities – DTS and Calpac – for those entities to perform certain services. There is simply no non-conclusory allegation that Verizon had any employment relationship with or connection to Plaintiffs or that Verizon employees engaged in unlawful conduct. Plaintiffs' failure to allege these threshold and essential facts is fatal to their claims. Simply put, Verizon cannot under any legal theory be liable under Title VII and, as such, Plaintiffs' inclusion of Verizon in this lawsuit appears to be nothing more than a transparent attempt to drag Verizon into costly litigation. Accordingly, the Court should grant Verizon's motion to dismiss Plaintiffs' FAC with prejudice.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' FAC against Verizon should be dismissed with prejudice.

Respectfully submitted this 17th day of November, 2006.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
G. PATRICK CIVILLE

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*