

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, *et al.*, <br>     Plaintiffs, <br> vs. <br> CALPAC, *et* al., <br>     Defendant. | Civil Case No. 05-00037 <br><br> **ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter came before the court for a hearing on the Defendant, Dynamic Technical Services' Motion for Summary Judgment. The Defendant argued that the action was barred by the 90-day statute of limitations governing actions for employment discrimination under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-5(f)(1). Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the Court hereby **DENIES** the Defendant's motion and issues the following decision.

### BACKGROUND

On December 12, 2005, this action was instituted by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed

**ORIGINAL**

to work on an installation project of underground cables in Guam, Defendant Calpac subjected them to a hostile work environment and discriminated against them based on their race (Pacific Islander/Chamorro), and national origin (Pacific Islander/Guamanian). In addition, they were retaliated against for engaging in protected activity.

In their complaint, the Plaintiffs named as Defendants, Calpac, Dynamic Technical Services ("DTS"), MCI[1], John Healy, allegedly the owner of Calpac, Dennis Clark, allegedly the manager or supervisor employed by DTS, William Ward, allegedly the general manager of Calpac, and Jai James, allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform the installation of underground cables in Guam and also hired DTS to supervise or oversee the installation of underground cables in Guam as performed by Calpac.

Prior to filing suit, each Plaintiff brought charges of discrimination against DTS with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, counsel for the Plaintiffs requested that the EEOC issue the Plaintiffs their right-to-sue notices. On September 8, 2005, the EEOC in Hawaii sent the Plaintiffs their right-to-sue notices informing them that they had ninety (90) days upon receipt of the notice in which to file a lawsuit. On September 12, 2005, Plaintiffs' counsel received the EEOC Notice of Right to Sue letters on behalf of the individual Plaintiffs. See Wendy James ("James Decl.") Decl. at ¶ 3.

## DISCUSSION

The Defendant DTS now moves for a grant of summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer *v.* Murphy, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a

---

[1] By court order MCI was dismissed. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC were substituted in MCI's place. See Docket No. 72.

Page -2-

summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex* Corp. v. Catrett, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

The Defendant's sole basis for the motion is that the Plaintiffs failed to timely file this action in accordance with 42 U.S.C. § 2000e-5(f)(1). Pursuant to 42 U.S.C. § 2000e-5(f)(1), a lawsuit must be filed within 90 days after receiving an EEOC's right-to-sue notice. Nelmida v. Shelly Eurocars Inc., 112 F.3d 380 (9th Cir. 1997). The Defendant claims that the EEOC right-to-sue notices were mailed from Hawaii on or about September 8, 2005 to most if not all the Plaintiffs. Applying the three-day mail delivery rule found in Rule 6(e) of the Federal Civil Rules of Procedure, the Plaintiffs are presumed to therefore have received the notices on September 11, 2005.[2]

Rule 6(e) of the states:

**Additional Time After Certain Kinds of Service.** Whenever a party must or may act within the prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

Given that the Plaintiffs presumably received the right-to-sue notices on September 11, 2005, the Defendant states that the ninetieth calendar day thereafter was Friday, December 9, 2005.[3]

In response to the Defendant, the Plaintiffs argue that the actual right-to-sue notices were not received by Plaintiffs' counsel until September 12, 2005. See James Decl. at ¶ 3. And, 90 days from the date of receipt of the notices was December 11, 2005. However, December 11, 2005 was a Sunday, therefore in accordance with Rule 6(a), the next day to file suit was Monday, December

---

[2] The court notes that September 11, 2005 was a Sunday. Therefore, the court is unclear how the Plaintiffs could have received the right-to-sue notices until September 12, 2005, which was the date the right-to-use notices were apparently received.

[3] However, upon review of the 2005 calendar, it appears that the ninetieth day from September 11, 2005 would have been December 10, 2005, which was a Saturday.

Page -3-

12, 2005.[4]  Rule 6(a) provides in part:

> **Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statue, the date of the act, event, or default from which the designated period time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Therefore, the Plaintiffs assert that the action was timely filed.

This Court agrees with the Plaintiffs. In light of the purposes intended to be served by Title VII, a plaintiff should have a full span of 90 days in which to file his action. See *Pearson* v. Furnco *Constr.* Co., 563 F.2d 815, 819 (7th Cir. 1977)(finding Title VII action was timely filed where ninetieth day after EEOC notice fell on a Sunday and the Plaintiffs complaint was filed the following Monday). It seems clear that the 90-day period runs from the time the claimant receives the right-to-sue notice.[5] Moreover, the declaration of Wendy James submitted by the Plaintiffs clearly establish when they received the right-to-sue notices. Accordingly, the 90-day period began to run on September 12, 2005 and the filing of the lawsuit was timely.

---

[4] The court also takes judicial notice that when the right-to-sue notices were mailed from Hawaii the date was December 8, 2005, whereas the date on Guam was December 9, 2005. Accordingly, three days from September 9, 2005 on Guam would have been September 12, 2005.

[5] The Notice of Right to Sue letter stated:

> **NOTICE TO THE PERSON AGGRIEVED:**
>
> Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost.

Page -4-

# CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiffs' lawsuit was timely filed. Accordingly, the Defendant's Motion for Summary Judgment is DENIED.

So ORDERED this 18th day of December, 2006.

**FRANCES M. TYDINGCO-GATEWOOD**
Chief Judge
District Court of Guam