**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



**FILED**
DISTRICT COURT OF GUAM

JAN 1 1 2007  mbe

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>          Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**DEFENDANT VERIZON'S REPLY TO PLAINTIFFS' OPPOSITION TO VERIZON'S 12(b)(6) MOTION TO DISMISS** |

**ORIGINAL**

**DEFENDANT VERIZON'S REPLY TO PLAINTIFFS' OPPOSITION TO
VERIZON'S 12(b)(6) MOTION TO DISMISS**

Plaintiffs are attempting to drag Verizon into this employment discrimination lawsuit despite the fact that Verizon employed neither the Plaintiffs nor the alleged wrongdoers. In their Opposition to Defendant Verizon's 12(b)(6) Motion to Dismiss ("Opposition"), Plaintiffs essentially argue that Verizon should be forced to defend itself in this litigation merely because Verizon had contracts with third parties whose employees allegedly experienced or engaged in discrimination. Plaintiffs' argument is without merit. Courts in the Ninth Circuit have long recognized that the scope of Title VII liability has boundaries. To support a Title VII claim, there must be an allegation that an employment relationship existed between the plaintiff and the defendant. In this case, Plaintiffs' First Amended Complaint ("FAC") is utterly devoid of any non-conclusory allegations suggesting that an employment relationship existed between Plaintiffs and Verizon. Indeed, Plaintiffs' FAC does not identify a single Verizon employee who allegedly was subjected to or engaged in any wrongdoing. As Plaintiffs cannot maintain a Title VII claim against Verizon under any tenable legal theory, their inclusion of Verizon in this lawsuit appears to be nothing more than an attempt to pull Verizon into time-consuming and costly litigation. Accordingly, Plaintiffs' FAC against Verizon should be dismissed with prejudice.

## I.    ARGUMENT

It is axiomatic that, "[i]n order to come under the protection of federal and state discrimination statutes, a plaintiff must demonstrate the existence of an employment relationship." *Zainalizadeh v. Neiman Marcus Group*, No. C 01-4207 JL, 2002 U.S. Dist. LEXIS 16707, at *3 (N.D. Cal. Sept. 4, 2002). "Consequently, there must be some connection with an employment relationship for Title VII protections to apply." *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980).[1] It is apparent on the face of

---

[1] Plaintiffs cite and discuss cases that address whether a defendant has a sufficient number of employees to fit within Title VII's statutory definition of "employer." (Opposition at pp. 6-7 & n.1.) For instance, Plaintiffs discuss *Matthews v. American Psychological Society*, No. Civ.A.04-261, 2005 WL 555413 (D.D.C. Mar. 7, 2005) and *Fitzgibbons v. Putnam Dental Associates*, 368 F. Supp. 2d 339 (S.D.N.Y. 2005), both

the FAC that Verizon did not directly employ Plaintiffs. Indeed, Plaintiffs repeatedly allege in their FAC that they were hired and terminated by Defendant Calpac ("Calpac") and supervised by Calpac, Defendant Dynamic Technical Services ("DTS"), and their owners and employees. (FAC at ¶¶ 20-23, 28, 36-37, 39, 48-49, 51, 60-61, 63, 72-73, 75, 84-85, 87, 96-97, 99, 108-109, 111, 120-121, 123, 132-133, 137, 139, 141, 152-153, 163, 172-173, 184, 193-194, 204, 213-214, 223.)[2] Yet, Plaintiffs attempt to manufacture an employment relationship by suggesting in their Opposition that Verizon was Plaintiffs' "indirect employer." Plaintiffs, however, have been unable to conjure a single non-conclusory allegation in their FAC in support of this specious argument.

### A.   Plaintiffs Have Not Made Any Non-Conclusory Allegations Suggesting An Employment Relationship Existed Between Plaintiffs and Verizon.

Plaintiffs' failure to assert a single non-conclusory allegation suggesting that they had an employment relationship with Verizon is fatal to their Title VII claims. Courts in the Ninth Circuit have extended Title VII liability to non-employing entities in only very limited circumstances, none of which have any application to this case. Specifically, courts will extend Title VII liability to non-employing entities only "when there exists discriminatory '*interference*' by the indirect employer and where the indirect employer had some *peculiar control* over the employee's relationship with the direct employer." *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1026-27 (N.D. Cal. 2004) (discussing *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924 (9th Cir. 2003)) (emphasis added).

Indeed, the Ninth Circuit has extended liability to non-employing entities only "in instances where the indirect employer was the entity *performing the discriminatory act* . . ."

---

of which address whether the defendants had the requisite fifteen employees necessary to fall within Title VII's definition of "employer." These cases are inapposite to the issue raised by Verizon's motion to dismiss. Verizon cannot be subject to liability merely because it is an "employer" in its own right. Instead, there must be an allegation that an employment relationship existed between Plaintiffs and Verizon.

[2] As explained below and in Verizon's motion to dismiss, Plaintiffs have failed to make a single, non-conclusory allegation suggesting that Verizon controlled the terms and conditions of Plaintiffs' employment. Further, Plaintiffs failed to allege in their FAC a doctrine (*e.g.*, "joint employer") or facts supporting such a doctrine that could provide a viable basis for maintaining a Title VII claim against Verizon.

*Id.* at 1027 (citing *Anderson*, 336 F.3d at 931). For example, in *Velez*, the court held that a non-employing defendant was subject to Title VII liability because the hostile work environment was caused by the non-employing defendant's employees and occurred on the non-employing defendant's premises. *Id.* at 1030. Similarly, in *Gomez v. Alexian Bros. Hospital of San Jose*, 698 F.2d 1019, 1020 (9th Cir. 1983), a non-employing hospital was subject to Title VII liability because it rejected the plaintiff's proposal to practice there. Conversely, the court in *Anderson* refused to extend liability to a non-employing defendant where the hostile treatment did not occur at a facility controlled by the non-employing defendant and was not caused by the non-employing defendant's employees. *See Anderson*, 336 F.3d at 932.

### 1. Plaintiffs do not allege that Verizon engaged in wrongful conduct or interfered with the terms and conditions of Plaintiffs' employment.

As Ninth Circuit case law makes clear, the defendant must have engaged in wrongful conduct toward the plaintiff or interfered with the terms and conditions of the plaintiff's employment to be subject to Title VII liability. *See, e.g., Anderson*, 336 F.3d at 931 (distinguishing *Anderson* from cases in which the non-employing defendant actually engaged in discriminatory conduct). ***Verizon cannot be subject to a Title VII claim merely because it contracted with the entities who employed Plaintiffs and whose employees allegedly engaged in unlawful conduct.*** In fact, the cases on which Plaintiffs rely only underscore this fundamental point. (Opposition at pp. 9-12.) In *Garrett v. Information Systems & Networks Corp.*, No. 5:97-CV-436-BRI, 1997 U.S. Dist. LEXIS 20845 (E.D.N.C. Nov. 21, 1997), *King v. Chrysler Corp.*, 812 F. Supp. 151 (E.D. Mo. 1993), *Duncan v. Junior College District of St. Louis*, No. 4:98CV01220 (CEJ), 1999 U.S. Dist. LEXIS 22451 (E.D. Mo. Nov. 15, 1999), and *Diana v. Schlosser*, 20 F. Supp. 2d 348 (D. Conn. 1998), all the plaintiffs alleged that even though they were not employees of the defendants, they were harassed by employees of the defendants.

In sharp contrast, Plaintiffs do not identify in their FAC a single Verizon employee who allegedly engaged in any discriminatory, harassing or retaliatory conduct. Indeed, the

FAC makes it abundantly clear that it was DTS and Calpac—*not Verizon*—who controlled the terms and conditions of Plaintiffs' employment. (*See* Verizon's Motion to Dismiss at pp. 4-5.) Moreover, Plaintiffs do not allege that Verizon controlled the employment practices of Calpac, DTS or the alleged individual wrongdoers, all of whom were owners or employees of Calpac or DTS—*not Verizon*. (FAC at ¶¶ 20, 21, 22, 23.) In fact, the FAC's allegations (or lack thereof) mirror those in *Anderson*, where the court refused to extend liability to the non-employing defendant because it did not supervise or have the power to hire, fire, or discipline the plaintiffs. *See Anderson*, 336 F.3d at 927.

### 2. Plaintiffs' conclusory allegations are insufficient to maintain a Title VII claim against Verizon.

Plaintiffs cannot rely on liberal pleading rules to convert their conclusory allegations into a basis for a Title VII claim against Verizon. While Plaintiffs have cited a litany of cases standing for the basic proposition that a plaintiff must only provide a short and plain statement of his claim, these cases in no way "relieve a plaintiff of his responsibility to 'give the defendant fair notice of what the plaintiff's claim is and *the grounds upon which it rests.*'" *Jelincic v. Xerox Corp.*, No. C-04-2930 (EMC), 2004 WL 2217643, at *2 (D. Ariz. Oct. 1, 2004) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002)) (emphasis in original)). Indeed, courts have consistently recognized that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). In fact, "Ninth Circuit case law supports the conclusion that a claim of harassment needs more than just a conclusory statement such as 'I was harassed.'" *Jelincic*, 2004 WL 2217643, at *n.1.

In their Opposition, Plaintiffs point to their allegations that "Defendants disparately treated Plaintiffs . . . ," "Defendants each subjected Plaintiffs to discrimination . . . ," "[t]he actions of [the alleged wrongdoers] were approved, condoned, or authorized by Defendants . . . ," etc. (Opposition at pp. 7-8.) These conclusory allegations clearly fail to provide Verizon with fair notice of the basis for Plaintiffs' claims. Courts have consistently rejected such unsupported allegations, implicitly recognizing a fundamental principal of fairness that a

plaintiff cannot drag a defendant into time-consuming and expensive litigation based on a bare allegation that the "defendant discriminated."[3] *See, e.g., Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (dismissing discrimination claims and stating that "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). Plaintiffs' allegations against Verizon, therefore, are wholly insufficient, and their FAC against Verizon should be dismissed with prejudice.

**B.      The Decision On DTS's Motion To Dismiss Does Not Control The Result Here.**

Ignoring the obvious and material distinctions, Plaintiffs attempt to equate their allegations against DTS and the issues raised in DTS' motion to dismiss with their allegations against Verizon and the issues raised in Verizon's motion to dismiss. (Opposition at p. 11.) Plaintiffs' argument, however, actually highlights the conclusory nature of the allegations against Verizon and demonstrates that this Court's decision on DTS's motion to dismiss does not control the outcome here. Unlike with DTS, there is no allegation that a Verizon employee called Plaintiffs discriminatory names, threatened Plaintiffs, reduced Plaintiffs' work hours, or denied Plaintiffs necessary permits. Indeed, as this Court recognized, the FAC identifies a ***DTS employee*** who allegedly engaged in discriminatory and harassing conduct and exercised control over the terms and conditions of Plaintiffs' employment. (June 16, 2006 Order at pp. 2-3.) Because the FAC lacks any similar allegation against Verizon, this Court's decision on DTS's motion to dismiss does not control its decision on Verizon's motion.

---

[3] Given their inability to assert any relevant factual allegations against Verizon, Plaintiffs appear to be seeking permission to embark on a discovery fishing expedition in an attempt to hook Verizon into this dispute. (Opposition at p. 12 n.1.) While pleadings rules are liberal, they are not limitless. Courts have consistently recognized that a party such as Verizon should not be forced to engage in costly discovery based on vague allegations that it was somehow responsible for Plaintiffs' alleged treatment. *See, e.g., Krasner v. Episcopal Diocese of Long Island*, 328 F. Supp. 2d 367, 370-71 (E.D.N.Y. 2004).

## C. Plaintiffs' Theory Of Liability Represents An Unprecedented Expansion Of Title VII.

Plaintiffs' allegations against Verizon amount to nothing more than a claim that Verizon contracted for services with third parties whose employees allegedly engaged in or were subjected to discrimination. Under Plaintiffs' theory of liability against Verizon, any business who contracts for services would be subject to Title VII litigation merely because such a contract existed. In short, Plaintiffs are asking this Court to disregard Title VII's boundaries and expand its scope in a totally unprecedented manner. Because such a theory would unfairly subject non-employing entities to costly and time-consuming litigation not encompassed within Title VII, Plaintiffs' theory should be rejected.[4]

## III. CONCLUSION

For the reasons stated above, Plaintiffs' FAC against Verizon should be dismissed with prejudice.

Respectfully submitted this 11th day of January, 2007.

CIVILLE & TANG, PLLC

JONES DAY

By: _____
G. PATRICK CIVILLE

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
Verizon Business Network Services, Inc.

---

[4] Moreover, Plaintiffs should not be afforded the opportunity they alternatively seek to amend their FAC at this late date. Given the conclusory nature of their allegations against Verizon, there is no reason to believe that Plaintiffs can amend their FAC to cure its deficiencies. Indeed, despite having filed an original complaint thirteen months ago and a first amended complaint eleven months ago, Plaintiffs have been unable to assert one non-conclusory allegation against Verizon. Further, granting Verizon's motion to dismiss with prejudice will not deny Plaintiffs a cause of action as they can continue to pursue their claims against those parties with whom they allegedly have an employment relationship and who are actually alleged to have engaged in unlawful conduct. Where, as here, a plaintiff is unable to assert facts demonstrating an employment relationship with a defendant, courts regularly grant motions to dismiss with prejudice. *See, e.g., Jaffer v. Nat'l Caucus and Ctr. on Black Aged, Inc.*, 296 F. Supp. 2d 639, 643-44 (M.D.N.C. 2003).

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on January 11, 2007, I caused copies of

Defendant Verizon's Reply To Plaintiffs' Opposition to Verizon's 12(B)(6) Motion to

Dismiss to be served by hand delivery on:

Delia S. Lujan, Esq.
Lujan Aguigui & Perez LLP
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910

Vincent Leon Guerrero, Esq.
Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero
Pacific News Building, Suite 1008
238 Archbishop Flores Street
Hagåtña, Guam 96910

Elyze J.T. McDonald, Esq.
Carlsmith Ball LLP
Bank of Hawaii Building, Suite 401
134 W. Soledad Avenue
Hagåtña, Guam 96910

DATED at Hagåtña, Guam, this 21st day of January, 2007.

**CIVILLE & TANG, PLLC**

By:_____
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*