

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, et al.,<br><br>Defendants. | Civil Case No. 05-00037<br><br>**ORDER RE: VERIZON DEFENDANTS' MOTION TO DISMISS** |

On January 18, 2007, this matter came before the court for a hearing on the Defendants[1], Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC's ("Verizon Defendants") Motion to Dismiss.[2] The Defendants argued that the Plaintiffs' complaint fails to

---

[1] By court order Defendant, MCI was dismissed. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC were substituted in MCI's place. *See* Docket No. 72. Any reference to MCI herein, shall also refer to the Verizon Defendants.

[2] The Defendant Dynamic Technical Services' joins in the motion. However, in its June 16, 2006 order this court found that the Plaintiffs had alleged enough in their complaint to suggest that there may have been an indirect employment relationship between DTS and the Plaintiffs. *See* Docket No. 57. Accordingly, the court denied DTS' motion to dismiss on the basis of no employer/employee relationship. DTS have not submitted anything that would cause this court to reconsider that order. Accordingly, DTS' joinder is insufficient and the relief sought as to DTS is denied.

ORIGINAL

show that a direct or indirect employer/employee relationship between the Verizon Defendants and the Plaintiffs exist. Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **GRANTS** the Verizon Defendants' motion and issues the following decision.

## BACKGROUND

This action was brought by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed by defendant, Calpac, to work on an installation project of underground cables in Guam they were subjected to a hostile work environment and discriminated against based on race (Pacific Islander/Chamorro), color (brown), national origin (Pacific Islander/Guamanian), and retaliation for EEO activity.

In their first amended complaint, the Plaintiffs named as defendants, Calpac, Dynamic Technical Services ("DTS"), MCI (now the Verizon Defendants)[3], John Healy ("Mr. Healy"), allegedly the owner of Calpac, Dennis Clark ("Mr. Clark"), allegedly the manager or supervisor employed by DTS, William Ward ("Mr. Ward"), allegedly the general manager of Calpac, and Jai James ("Mr. James"), allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform installation of underground cables in Guam and MCI hired DTS to supervise or oversee the installation of underground cables in Guam performed by Calpac. Allegedly, while under the supervision of Mr. Clark, the Plaintiffs were called "island monkeys" or "monkeys." First Amended Complaint, ¶¶ 37, 49, 61, 73, 85, 109, 121, 133, 153, 173, 194, 214. When the Plaintiffs took action in response to the perceived discrimination, they were apparently terminated.

///

---

[3] The Verizon Defendants substituted in for Defendant MCI and stand in the shoes of MCI, their predecessors in interest. *See* Order approving substitution, Docket No. 72. Any reference to MCI herein, shall also refer to the Verizon Defendants.

## DISCUSSION

The Verizon Defendants now move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) for Plaintiffs' failure to state a claim upon which relief can be granted. Specifically, the Verizon Defendants argue that the Plaintiffs' suit must be dismissed because they had no employment relationship or connection with the Plaintiffs. In ruling on a motion to dismiss, the court accepts the veracity of all well-pleaded facts in the plaintiffs' complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274) (9th Cir. 1986), *cert. denied*, 485 U.S. 940, 108 S. Ct. 1120 (1988)(overruled on other grounds).

This is a Title VII action. Title VII prohibits discrimination based on race, color, religion, sex, or national origin by an "employer." 42 U.S.C. § 2000e-2. The Verizon Defendants insist that the Plaintiffs' suit must fail as to themselves because the Plaintiffs have failed to allege facts suggesting the existence of an employment relationship between the Verizon Defendants and the Plaintiffs. Courts have consistently held that "Title VII contemplates some type of employment relationship." *Sibley Memorial Hosp. v. Wilson*, 488 F.2d 1338, 1341 (D.C. Cir.1973) (recognizing a mode of Title VII liability when an employer interferes with the employment opportunities of an individual in a relationship with a third-party employer).

Upon review of the first amended complaint, the court notes that there are a number of alleged facts pertaining to the employment relationship between the Plaintiffs and the other Defendants. However, the Plaintiffs do not allege any facts concerning an employment relationship between the Verizon Defendants and the Plaintiffs. It was Defendants Calpac and DTS who allegedly controlled the terms and conditions of the Plaintiffs' employment. Calpac hired the Plaintiffs. First Amended Complaint, ¶¶ 36, 48, 60, 72, 84, 96, 108, 120, 132, 152, 172, 193, and 213. DTS supervised the Plaintiffs. *Id.* at ¶¶ 37, 49, 61, 73, 85, 96, 109, 121, 133, 153, 173, 194 and 214. The Plaintiffs complained about discrimination to Calpac and its alleged owner, Mr.

Order re: Verizon Defendants' Motion to Dismiss

Healy. *Id.* at ¶¶ 38, 50, 62, 74, 86, 98, 110, 122, 134, 154, 174, 195 and 215. Calpac determined the Plaintiffs' hours and work assignments. *Id.* at ¶¶ 140, 160-162, 181-183, 201-203 and 221-222. Plaintiffs claim that it was Calpac who denied certain Plaintiffs' authorizations related to their work. *Id.* at ¶¶ 159, 180 and 200. It was Mr. Clark [a DTS employee], who allegedly called the Plaintiffs "island monkeys" or "monkeys." *Id.* at ¶¶ 37, 49, 61, 73, 85, 109, 121, 133, 153, 173, 194, 214. And, Plaintiffs were ultimately terminated by Calpac and Mr. Healy. *Id.* at ¶¶ 39, 51, 63, 75, 87, 99, 111, 123, 163, 184, 204 and 223.

The Plaintiffs argue that there need not be a direct employment relationship alleged, the existence of an indirect employment relationship may be the basis under Title VII. The Plaintiffs cite to a number of cases where for purposes of Title VII liability, courts have considered indirect employer/employee relationships. *Velz v. Roche*, 335 F. Supp.2d 1022, 1027-28 (N.D. Cal. 2004)(citing *Gomez v. Alexian Bros. Hosp. Of San Jose*, 698 F.2d 1019, 1021 (9th Cir. 1983) (stating that Title VII covers those situations in which a defendant subject to the statute "interferes with an individual's employment opportunities with another employee or when it had the power to stop the hostile work environment so that its failure to do so constituted interference with the terms, conditions, or privileges of the plaintiff's direct employment."); *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980) ("there must be some connection with an employment relationship for Title VII protections to apply. The connection with employment need not necessarily be direct").

In *Garrett v. Information Systems & Networks Corp.*, No. 5:97-CV-436-BR1, 1997 U.S. Dist. LEXIS 20845 (E.D.N.C. Nov. 21, 1997), the plaintiff worked for a company called I-Net. The plaintiff alleged that she was sexually harassed by an employee of a company called ISN while she was a contract worker with the U.S. Postal Service ("USPS"). The plaintiff argued that I-Net was liable as her employer, that the USPS was liable because she worked on its premises and it directed her duties, and that ISN was liable because it knew that one of its employees was harassing her. In response to ISN's argument that it could not be held liable, the court stated that, under *Sibley*, it could be. "To allow a defendant to evade liability for allegedly allowing an employee to create

a hostile working environment simply because the victim of the alleged harassment was not its employee would undercut the remedial purpose of Title VII." *Id.* at 6.

The plaintiff in *King v. Chrysler Corp.*, 812 F. Supp. 151 (E.D. Mo. 1993), was employed as a cashier employed by a cafeteria operating on defendant's, Chrysler, premises for the automobile company's employees. The plaintiff alleged that one of Chrysler's employee sexually harassed her. Chrysler argued that there was no liability because it was not the plaintiff's employer. The court ruled against Chrysler, stating that, if it "were to accept Chrysler's position that it is not a proper defendant, Chrysler could allow a hostile work environment to exist because of the peculiar circumstances of its relationship with [plaintiff's actual employer], although it could not do so if [the plaintiff] were in its own services." *Id.* at 153.

In *EEOC v. Foster Wheeler Constructors, Inc.*, No. 98 C 1601, 1999 WL 515524 (N.D.Ill. July 14, 1999), the plaintiffs were the employees of subcontractors who were allegedly subject to a hostile environment at a construction site run by defendant. The court "applie[d] the *Sibley* interference theory to find that subcontractors' employees who were employed by Title VII employers may sue [defendant] (a Title VII employer) for interfering with the conditions of their employment." *Id.* at 10. The court pointed out that "[t]he parties appear to assume that [defendant's] maintenance of a hostile work environment can constitute 'interference' with the employment conditions of the subcontractors' employees." *Id.* at 10 n. 11.

Unlike the cases Plaintiffs cite where there is alleged misconduct on the part of an employee of a third-party employer, or where the third-party employer exercised some control over the workplace, there are no allegations in the first amended complaint that any employee of the Verizon Defendants engaged in any unlawful conduct, controlled the workplace or was aware of any unlawful conduct and failed to take corrective action. *See Frazier v. Delco Electronics Corp.*, 263 F.3d 663, 666-68 (7th Cir.2001) (noting that an employer does not violate Title VII unless and until it knows of illegal harassment and fails to act to correct the situation). There are a number of conclusory allegations against the Verizon Defendants. For example, the Plaintiffs claim that the "Defendants [to include the Verizon Defendants] each condoned, accepted, or otherwise

authorized, either implicitly or explicitly, the actions of race, national origin, and color discrimination, disparate treatment, and other unlawful employment practices to which Plaintiffs were subjected in their employment[.]" First Amended Complaint, at ¶ 33. "Defendants [to include the Verizon Defendants] each subjected Plaintiffs to discrimination in the terms of their employment, and retaliation for their complaints regarding such discrimination[.]" *Id.* at ¶ 32. However, conclusory allegations of law without a supporting factual basis is insufficient to defeat a motion to dismiss for failure to state a claim. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). *See Anderson v. Pacific Maritime Association*, 336 F.3d 924, 932 (9th Cir. 2003)(a Title VII plaintiff could assert a claim for hostile work environment against an indirect employer when the indirect employer did cause the hostile work environment). Viewing the pleadings in the light most favorable to plaintiffs there simply are insufficient facts alleged in the first amended complaint to infer that an employer/employee relationship existed. Accordingly, the court finds that a motion to dismiss at this point would be appropriate.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss as to the Verizon Defendants is hereby **GRANTED WITHOUT PREJUDICE**. The Plaintiffs have failed to allege enough in their complaint to suggest there was a direct or an indirect employment relationship between the Verizon Defendants and the Plaintiffs.[4]

**SO ORDERED** this 2nd day of January, 2007.

FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District Court of Guam

---

[4] At the hearing the Plaintiffs seemingly made what could be considered an oral motion to amend their complaint. The court finds, however, that a properly filed motion for leave to amend would be more procedurally correct and for that reason denies the Plaintiffs' request.