**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



FILED
DISTRICT COURT OF GUAM
FEB - 2 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br>**VERIZON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

**ORIGINAL**

## VERIZON'S OPPOSITION TO PLAINTIFFS' MOTION
## FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") oppose Plaintiffs' Motion for Leave to Amend First Amended Complaint ("Motion"). The Court should deny the Motion because Plaintiffs failed to submit with their Motion a proposed second amended complaint ("SAC"), in violation of Local Rule 15.1. The failure to provide a proposed SAC renders it impossible for Verizon to respond to the Motion and for the Court to evaluate the merits of the proposed amendment. Given the passage of more than a year after filing their original complaint, the Court's dismissal of their first amended complaint, and the Court's denial of Plaintiff's oral request to amend, Plaintiffs should not be permitted to drag Verizon into this lawsuit pursuant to a Motion that fails to comply with the local rules or give notice of Plaintiffs' specific allegations against Verizon.

### I. BACKGROUND

Plaintiffs filed their original complaint on December 12, 2005 and their First Amended Complaint ("FAC") on February 24, 2006. In their FAC, Plaintiffs allege that they were hired by Calpac and supervised by DTS, and that Calpac and DTS, and their respective employees and owners, discriminated and retaliated against, harassed, and, ultimately, terminated them. (*See, e.g.,* Verizon's Motion to Dismiss at pp. 4-7.) On November 21, 2006, Verizon filed a motion to dismiss Plaintiffs' FAC against Verizon because Plaintiffs had failed to allege the existence of an employment relationship between Verizon and Plaintiffs. The Court granted Verizon's motion to dismiss without prejudice on January 22, 2007. Pursuant to the Court's October 25, 2006 Order granting Plaintiffs' request to extend certain deadlines, Plaintiffs had until January 22, 2007 to amend their pleadings. (Oct. 25, 2006 Order at p. 1.) On January 22, 2007, Plaintiffs filed their Motion, but failed to file or attach to their Motion a proposed SAC.

## II. ARGUMENT

Local Rule 15.1 provides that "[a]ny party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference except with leave of court." The rule is unequivocal. Plaintiffs were required to reproduce a proposed second amended complaint in conjunction with their Motion, but failed to do so. This is no small matter. The obvious purpose of L.R. 15.1 is to inform other parties and the Court of the specific nature of the proposed amendment. This enables other parties to formulate an appropriate response and allows the Court to make an informed decision as to whether the motion should be granted or denied. Without the proposed amended pleading required by L.R. 15.1, the other parties and the Court are forced to operate in the dark.

Plaintiffs have had more than sufficient opportunity to file a pleading against Verizon that at least meets the threshold requirement of stating a claim. They have failed to do so. The FAC failed to state a claim and was dismissed by the Court upon motion. Plaintiffs sought leave to orally amend their FAC, and this request was denied by the Court with the observation that they should file a proper motion. In fact, "Plaintiffs seemingly made what could be considered an oral motion to amend their complaint" at the January 18, 2007 oral argument on Verizon's motion to dismiss, and the Court denied such request, finding that "a ***properly filed*** motion for leave to amend would be more procedurally correct . . ." (Jan. 22, 2007 Order at n.4) (emphasis added.)

Despite having ample opportunity to do so, and notwithstanding the unambiguous requirements of the local rules, Plaintiffs have failed to file a proper motion for leave to amend. Indeed, Plaintiffs have failed to timely satisfy the procedural requirements for amending their complaint after more than thirteen months of litigation and after obtaining an extension of the applicable deadline. Plaintiffs' failure to reproduce a proposed SAC makes it impossible for Verizon to substantively respond to the Motion or defend itself in this action, in which discovery is well under way. Again, this is not just a technical matter. Plaintiffs' failure to prosecute this action against Verizon with vigor (*e.g.*, Plaintiffs did not serve

Verizon until August 31, 2006—more than eight months after the filing of the original complaint),[1] combined with their failure to properly seek amendment of the FAC, has resulted in a delay which now imperils Verizon's ability to defend itself if it is made a party. Some critical deadlines under the Scheduling Order have already passed, including the designation of experts on December 5, 2006, and some deadlines are rapidly approaching, including the discovery cutoff on February 23, 2007. Depositions of the thirteen plaintiffs are scheduled to be taken between February 7 and February 19. Verizon cannot be expected to participate in these depositions without knowing the nature of the allegations against it. In fact, Verizon cannot participate at all in the depositions because it is no longer a party to the lawsuit for discovery purposes.[2]

Ironically, before it was dismissed from the case, Verizon took the lead in attempting to negotiate a stipulation to extend the dates in the Scheduling Order, but Plaintiffs declined to act on the proposed stipulation. *See* Declaration of G. Patrick Civille filed herewith. This has resulted in Verizon being placed in the impossible position in which it is not a party, there are only three weeks until the discovery deadline, trial is just five months away, and Plaintiffs now seek to bring Verizon back into the lawsuit without informing Verizon or the Court as to what specific allegations they are making against Verizon.

The otherwise liberal provisions of Rule 15 offer no refuge to Plaintiffs in this situation. While the amendment requirements of the Federal Rules are liberal, they are not without limits. The Ninth Circuit has affirmed a district court's denial of a motion for leave to amend under circumstances similar to those here. In *San Francisco Patrol Special Police*

---

[1] Plaintiffs filed their original complaint on December 12, 2005, but they did not attempt to serve Verizon until March 7, 2006. Failing to serve Verizon, Plaintiffs moved on April 10, 2006 for an extension of time to effect service on Defendants. The Court granted Plaintiffs an extension of time until August 31, 2006 to effect service. Plaintiffs did not serve Verizon until August 18, 2006.

[2] In multi-defendant litigation, courts generally have held that when a court dismisses a complaint without prejudice as to one defendant, the dismissed defendant is no longer a party for purposes of discovery, *see, e.g., Stanford v. Kuwait Airlines Corp.*, No. 85 Civ. 0477 (SWK), 1987 WL 26829 (S.D.N.Y. Nov. 25, 1987), but is a party for purposes of opposing a motion to amend seeking to bring the party back into the suit, *see, e.g., Dooley v. United Technologies Corp.*, 152 F.R.D. 419 (D.D.C. 1993).

*Officers v. City and County of San Francisco*, No. 99-17192, 2001 WL 791724, at *675 (9th Cir. July 12, 2001), the Ninth Circuit upheld the district court's denial of the plaintiffs' motion for leave to amend their complaint, where, after dismissing the initial complaint and warning the plaintiffs that the court's "present intent is to give you one careful motion to amend," the plaintiffs requested leave to amend without supplying a proposed amended pleading in violation of the local rules. *See also Taylor v. Multnomah County Sheriff's Office*, No. CV 03-488-HA, 2004 WL 1970142, at *1 (D. Or. Sept. 7, 2004) (denying motion for leave to amend, in part, because the plaintiff did "not produce the proposed amended pleading in any form" in violation of the court's local rules). Just as Plaintiffs' prior procedurally deficient effort to amend their complaint failed, so should their latest.

In light of this opposition, Verizon anticipates that Plaintiffs will try to cure the defects in their Motion by filing a proposed SAC with their reply. Such a belated attempt to comply with L.R. 15.1 should be rejected because Verizon will be unable to respond to the proposed amendments, which defeats the purpose of L.R. 15.1. In language applicable to this case, the court in *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 233 F.R.D. 327, 329 (S.D.N.Y. 2005), criticized the filing of a copy of the proposed amendment in the plaintiff's reply to the defendant's opposition to the motion for leave to amend, observing that "[i]n effect, ATI's [the plaintiff's] initial motion sought a ruling from the Court on a hypothetical amended complaint that neither the Court nor defendants had seen." The court further found that the failure to file the proposed amended complaint with the motion prejudiced the defendant since the proposed amended complaint "was not filed until it was provided with ATI's reply brief on the present motion, when defendants no longer had a proper opportunity to address it, and nearly a month after the last extension of the deadline for filing an amended complaint that had been granted by the Court." *Ibid.*

The well-established and universally recognized rule is that, "it is improper for a party to raise a new argument in a reply brief," *United States v. Boyce*, 148 F. Supp. 2d. 1069, 1085 (S.D. Cal. 2001), and submitting the specific proposed amendments would, in this case, be tantamount to raising a new argument. *See Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) ("'A reply brief is for replying'" not for raising essentially new matter that could have been advanced in the opening brief.") (quoting *Hussein v. Oshkosh Motor Truck Company*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring)). At the very least, Verizon should be given the opportunity to respond to the actual proposed SAC if Plaintiffs attach one to their reply. "If the court elects to consider new material in a reply brief, however, it must afford the opposing party an opportunity to respond." *Daghlian v. DeVry University, Inc.*, 461 F. Supp. 2d 1121, n.37 (C.D. Cal. 2006).[3]

### III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' Motion for Leave to Amend First Amended Complaint.

Respectfully submitted this 2nd day of February, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: /s/ G. Patrick Civille
    **G. PATRICK CIVILLE**

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
Verizon Business Network Services, Inc.

---

[3] Publication pages were not available for this case on Westlaw.

# CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on February 2, 2007, I caused copies of *Verizon's Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint* and *Declaration of G. Patrick Civille in Support of Verizon's Opposition to Plaintiffs' Motion for Leave to Amend First Amended Complaint* to be served by hand delivery on:

> Delia S. Lujan, Esq.
> Lujan Aguigui & Perez LLP
> Pacific News Building, Suite 300
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> Vincent Leon Guerrero, Esq.
> Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero
> Pacific News Building, Suite 1008
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> Elyze J.T. McDonald, Esq.
> Carlsmith Ball LLP
> Bank of Hawaii Building, Suite 401
> 134 W. Soledad Avenue
> Hagåtña, Guam 96910

DATED at Hagåtña, Guam, this 2nd day of February, 2007.

**CIVILLE & TANG, PLLC**

By: /s/ G. Patrick Civille
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*