1    **LUJAN AGUIGUI & PEREZ LLP**
     Attorneys at Law
2    Pacific News Building, Suite 300
     238 Archbishop Flores Street
3    Hagåtña, Guam 96910
     Telephone (671) 477-8064/5
4    Facsimile (671) 477-5297

5    *Attorneys for Plaintiffs*



**FILED**
DISTRICT COURT OF GUAM
FEB - 5 2007
MARY L.M. MORAN
CLERK OF COURT

6              **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                    **FOR THE TERRITORY OF GUAM**

8

9    HENRY G. VAN METER, JERRY              CIVIL CASE NO. 05-00037
     APODACA, JR., JOSEPH J.
10   HERNANDEZ, JOSEPH T. MENDIOLA,
     LARRY L. CHARFAUROS, ANTHONY
11   C. ARRIOLA, ROBERT B. CRUZ,           **SUBMISSION OF PROPOSED SECOND
     ROLAND F. MENDIOLA, JAMES S.          AMENDED COMPLAINT IN SUPPORT OF
12   YEE, TEDDY B. CRUZ, JESSE B. CRUZ,    PLAINTIFFS' MOTION FOR LEAVE TO
     JOHN L.G. NAUTA, and JOHN P.          AMEND FIRST AMENDED COMPLAINT**
13   BABAUTA,

14                         Plaintiffs,

15          -vs-

16   CALPAC, DYNAMIC TECHNICAL
     SERVICES, MCI, JOHN HEALY,
17   DENNIS CLARK, WILLIAM WARD, JAI
     JAMES, and DOES 1 through 10,

18                         Defendants.

19

20          Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T.

21   Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James

22   S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta, hereby respectfully

23   submit to this Honorable Court their proposed Second Amended Complaint, in support of their

24   Motion for Leave to Amend First Amended Complaint.

25

26

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                          1
Civil Case No. 05-00037
Submission of Proposed Second Amended Complaint

Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 1 of 24



ORIGINAL

RESPECTFULLY SUBMITTED this 5th day of February, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____

DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Submission of Proposed Second Amended Complaint

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 2 of 24

2

1   **LUJAN AGUIGUI & PEREZ** LLP
    Attorneys at Law
2   Pacific News Building, Suite 300
    238 Archbishop Flores Street
3   Hagåtña, Guam 96910
    Telephone (671) 477-8064/5
4   Facsimile (671) 477-5297

5   *Attorneys for Plaintiffs*

6          **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7              **FOR THE TERRITORY OF GUAM**

8

9   HENRY G. VAN METER, JERRY          CIVIL CASE NO. 05-00037
    APODACA, JR., JOSEPH J.
10  HERNANDEZ, JOSEPH T. MENDIOLA,
    LARRY L. CHARFAUROS, ANTHONY
11  C. ARRIOLA, ROBERT B. CRUZ,
    ROLAND F. MENDIOLA, JAMES S.
12  YEE, TEDDY B. CRUZ, JESSE B. CRUZ,   **SECOND AMENDED COMPLAINT and**
    JOHN L.G. NAUTA, and JOHN P.         **DEMAND FOR JURY TRIAL**
13  BABAUTA,

14                      Plaintiffs,
15          -vs-

16  CALIFORNIA PACIFIC TECHNICAL
    SERVICES LLC, a.k.a. CALPAC,
17  DYNAMIC TECHNICAL SERVICES,
    MCI, JOHN HEALY, DENNIS CLARK,
18  WILLIAM WARD, JAI JAMES, and
    DOES 1 through 10,

19                      Defendants.

20

21          COME NOW Plaintiffs Henry G. Van Meter, Jerry T. Apodaca, Jr., Joseph J. Hernandez,

22  Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F.

23  Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta

24  (collectively "Plaintiffs") and each of them and herein allege as follows:

25              **PRELIMINARY STATEMENT/JURISDICTION**

26          1.  This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

27              § 2000e, et seq., as amended.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    1
Civil Case No. 05-00037
Second Amended Complaint
Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 3 of 24

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e and –5(f) and –5(g) and 28 U.S.C. § 1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, color, religious, national origin, and sex discrimination and retaliation in employment.

3. The conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unfair employment practice and the EEOC issued to each Plaintiff a Right to Sue notification which was received within 90 days prior to the filing of the complaint.

4. This Court has further jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

**PARTIES**

5. Plaintiff Henry G. Van Meter is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

6. Plaintiff Jerry Apodaca, Jr., is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

7. Plaintiff Joseph J. Hernandez is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

8. Plaintiff Joseph T. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

9. Plaintiff Larry L. Charfauros is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

10. Plaintiff Anthony C. Arriola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

2

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 4 of 24

11. Plaintiff Robert B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

12. Plaintiff Roland F. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

13. Plaintiff James S. Yee is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

14. Plaintiff Teddy B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

15. Plaintiff Jesse B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

16. Plaintiff John L.G. Nauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

17. Plaintiff John P. Babauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

18. Defendant California Pacific Technical Services LLC, also known as Calpac, ("Calpac") is, upon information and belief, a general contractor, cable installation business having its principal place of business in Guam.

19. Defendant Dynamic Technical Services ("DTS") is, upon information and belief, a business having its principal place of business or primary offices in Texas and engaged in business in Guam.

20. Defendant Verizon Business Purchasing, LLC, is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and/or Oklahoma and engaged in business in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

3

Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 5 of 24

21. Defendant Verizon Business Purchasing, LLC, is a successor to WorldCom Purchasing, LLC, and, henceforth, all reference in this complaint to Verizon Business Purchasing, LLC, also refers to its predecessor WorldCom Purchasing, LLC.

22. Defendant Verizon Business Network Services, Inc., is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and engaged in business in Guam.

23. Defendant Verizon Business Network Services, Inc., is a successor to MCI WorldCom Network Services, Inc., and, henceforth, all reference in this complaint to Verizon Business Network Services, Inc., also refers to its predecessor MCI WorldCom Network Services, Inc.

24. Defendant John Healy ("Defendant Healy") is, and at all times relevant herein was, upon information and belief, the owner of Calpac.

25. Defendant Dennis Clark ("Defendant Clark") is, and at all times relevant herein was, upon information and belief, a manager or supervisor employed by DTS.

26. Defendant William Ward ("Defendant Ward") is, and at all times relevant herein was, upon information and belief, the general manager of Calpac.

27. Defendant Jai James ("Defendant James") is, and at all times relevant herein was, upon information and belief, a foreman or supervisor employed by Calpac.

28. Does 1 through 10 are unidentified directors, managers, administrators, agents, or assigns of Defendants Calpac, DTS, and/or Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc., (collectively "Verizon Defendants") collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practiced

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

4

Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 6 of 24

alleged by Plaintiffs; and Plaintiffs will amend their Complaint as their identities are discovered.

29. Defendant Verizon Business Purchasing, LLC, and or as its predecessor WorldCom Purchasing, LLC, upon information and belief, hired and employed Defendant Calpac and Calpac's employees, including Plaintiffs, to perform the installation of underground cables in Guam.

30. Defendant Verizon Business Network Services, Inc., and or as its predecessor MCI WorldCom Network Services, Inc., upon information and belief, hired and employed DTS and DTS' employees, including Defendant Clark, to supervise or oversee the installation of underground cables in Guam performed by Defendant Calpac.

31. At all times relevant, each Defendant had control over the terms and conditions of Plaintiffs' employment.

32. At all times relevant, Verizon Defendants had the power to, and did, evaluate Defendant Calpac's superintendents and employees, including Plaintiffs, and had the further power to object to the use of such superintendents and employees on the job to install underground cables if and when Verizon Defendants were dissatisfied with such superintendents and employees.

33. At all times relevant, Verizon Defendants had the power to have removed from the work sites any employee, agent, servant, or subcontractor of Calpac or DTS who Verizon Defendants believed were not disciplined and orderly, were not skilled in the work assigned to them, or whose conduct endangered goodwill toward Verizon Defendants of property owners and residents of communities near the work sites.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 7 of 24

5

34. At all times relevant, Verizon Defendants had the power to, and did, thoroughly inspect the work progress of Defendant DTS and its employees, Defendant Calpac and its employees, and Plaintiffs.

35. At all times relevant, Verizon Defendants had the power to require that Defendant Calpac increase its labor force, the number of shifts, and/or overtime operations of its employees, including Plaintiffs.

36. At all times relevant, Plaintiffs worked at sites as designated and directed by Verizon Defendants.

37. Verizon Defendants furnished many of the materials, including the fiber optic cable, used by Plaintiffs to complete the installation of the underground cables.

38. At all times relevant, Verizon Defendants had the power to unilaterally add units to and/or make changes or modify the work performed by Defendant Calpac and its employees, including Plaintiffs.

39. At all times relevant, Verizon Defendants had the power to request Defendant Calpac to make material changes to the work performed by Calpac and its employees, including Plaintiffs, pursuant to written Change Orders executed by the Company Representative of Verizon Defendants, and payment for such authorized Change Orders may have been determined and agreed upon in part by Defendant Calpac and Verizon Defendants by the charges for actual direct labor hours worked by Defendant Calpac and its employees, including Plaintiffs, based on prices set forth in the Labor Rate Schedule in the Statement of Work agreed by Verizon Defendants and Defendant Calpac.

40. At all times relevant, Defendants were Title VII employers of Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

6

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 8 of 24

41. At all times relevant, prior to termination of their employment, Plaintiffs performed their duties and carried out the obligations of their employment fully.

42. During the course of their employment, Plaintiffs came under the supervision of each Defendant.

43. During the course of Defendants' supervision over Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander or Guamanian national origin, and dark or brown skin color.

44. The differential terms and conditions of employment by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, Ward, and James included harassment and disparate treatment not experienced by non-Pacific Islanders, non-Chamorros, non-Guamanians, or individuals without dark or brown skin color.

45. Defendants have each exhibited patterns and practices of discrimination toward Pacific Islanders, Chamorros, Guamanians, and individuals with dark or brown color;

46. Defendants each subjected Plaintiffs to discrimination in the terms of their employment, and retaliation for their complaints regarding such discrimination.

47. Defendants each condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of race, national origin, and color discrimination, disparate treatment, and other unlawful employment practices to which Plaintiffs were subjected in their employment.

48. The actions of each Defendant affected the rights of Plaintiffs by depriving Plaintiffs of equal employment opportunities because of discrimination based on race, national origin, color, and retaliation.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

7

Case 1:05-cv-00037     Document 172     Filed 02/05/2007     Page 9 of 24

49. At all times relevant, Verizon Defendants were aware, or should have been aware, of the discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices to which Plaintiffs were subjected in their employment, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS & its employees, including Defendant Clark, and the work progress of Defendant Calpac and its employees, including Defendants Healy, Ward, James, and Plaintiffs, and Verizon Defendants evaluated whether Defendant DTS and its employees and Defendant Calpac and its employees were strictly disciplined, orderly, skilled in the worked assigned to them, and behaved in a way that endangered goodwill toward Verizon Defendants and residents of communities near the work sites.

50. At all times relevant, Verizon Defendants had the power to stop and prevent the discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices to which Plaintiffs were subjected in their employment by Defendants, such as by removing from the work sites Defendants Clark, Healy, Ward, and James and other agents, representatives, or employees of Verizon Defendants, but Verizon Defendants did not stop and prevent such discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices, and therefore allowed said discriminatory actions, hostile work environment, retaliation, and other unlawful practices to continue by Defendants against Plaintiffs.

51. Plaintiffs demand a jury trial in this matter.

/          /          /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 10 of 24

8

# COUNT I

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Henry G. Van Meter

52. Paragraphs 1 through 51 hereof are alleged and incorporated as if fully set forth herein.

53. Plaintiff Henry G. Van Meter ("Plaintiff Van Meter") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

54. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Van Meter was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Van Meter and the other Plaintiffs "island monkeys" or "monkeys."

55. Due to Defendant Clark's discriminatory actions, Plaintiff Van Meter notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

56. As a result of Plaintiff Van Meter's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Van Meter from his employment on or about December 10, 2004.

57. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

58. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

9

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 11 of 24

59. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Van Meter, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Van Meter.

60. At all times relevant, Plaintiff Van Meter performed his duties and carried out the obligations of his employment fully.

61. The actions by Defendants against Plaintiff Van Meter were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

62. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Van Meter.

63. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Van Meter suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

64. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Van Meter lost income and future

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

10

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 12 of 24

prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

65. Plaintiff Van Meter demands a jury trial in this matter.

## COUNT II

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jerry Apodaca, Jr.

66. Paragraphs 1 through 65 hereof are alleged and incorporated as if fully set forth herein.

67. Plaintiff Jerry Apodaca, Jr., ("Plaintiff Apodaca") was hired by Calpac in 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

68. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Apodaca was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Apodaca and the other Plaintiffs "island monkeys" or "monkeys."

69. Due to Defendant Clark's discriminatory actions, Plaintiff Apodaca notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

70. As a result of Plaintiff Apodaca's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Apodaca from his employment on or about November 26, 2004.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

11

Case 1:05-cv-00037     Document 172     Filed 02/05/2007     Page 13 of 24

71. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

72. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

73. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Apodaca, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Apodaca.

74. At all times relevant, Plaintiff Apodaca performed his duties and carried out the obligations of his employment fully.

75. The actions by Defendants against Plaintiff Apodaca were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

76. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Apodaca.

77. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Apodaca suffered emotional harm,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 14 of 24

12

1    suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in

2    amounts to be proved at trial.

3    78. As a direct result of Defendants' unlawful actions, discrimination, harassment,

4        differential and disparate treatment, Plaintiff Apodaca lost income and future

5        prospects of income, incurred expenses and costs, and will incur future expenses and

6        costs, including attorney fees, in amounts to be proved at trial.

7

8    79. Plaintiff Apodaca demands a jury trial in this matter.

9                                    **COUNT III**

10                    Race, National Origin, and Color Discrimination
                             Hostile Work Environment
11                                    Retaliation
                         Unlawful Employment Practices
12

13                       Plaintiff Joseph J. Hernandez

14   80. Paragraphs 1 through 79 hereof are alleged and incorporated as if fully set forth

15       herein.

16   81. Plaintiff Joseph J. Hernandez ("Plaintiff Hernandez") was hired by Calpac in or about

17       February 2004 to work on an installation project of underground cables in Guam for

18       Verizon Defendants.

19

20   82. During the period on or about July to October 2004 or thereafter, while Plaintiffs were

21       under the supervision of Defendant Clark, Plaintiff Hernandez was harassed and

22       discriminated against on the basis of his race, national origin, and color by Defendant

23       Clark who called Plaintiff Hernandez and the other Plaintiffs "island monkeys" or

24       "monkeys."

25

26   83. Due to Defendant Clark's discriminatory actions, Plaintiff Hernandez notified and

27       complained to, or caused to be notified and complained to, Defendants Calpac and

28       Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

84. As a result of Plaintiff Hernandez's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Hernandez from his employment.

85. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

86. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

87. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Hernandez, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Hernandez.

88. At all times relevant, Plaintiff Hernandez performed his duties and carried out the obligations of his employment fully.

89. The actions by Defendants against Plaintiff Hernandez were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

14

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 16 of 24

90. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Hernandez.

91. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Hernandez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

92. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Hernandez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

93. Plaintiff Hernandez demands a jury trial in this matter.

## COUNT IV

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph T. Mendiola

94. Paragraphs 1 through 93 hereof are alleged and incorporated as if fully set forth herein.

95. Plaintiff Joseph T. Mendiola ("Plaintiff J. Mendiola") was hired by Calpac on or about April 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

96. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 17 of 24

15

by Defendant Clark who called Plaintiff J. Mendiola and the other Plaintiffs "island monkeys" or "monkeys."

97. Due to Defendant Clark's discriminatory actions, Plaintiff J. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

98. As a result of Plaintiff J. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff J. Mendiola from his employment on or about December 7, 2004.

99. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

100. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

101. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff J. Mendiola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff J. Mendiola.

102. At all times relevant, Plaintiff J. Mendiola performed his duties and carried out the obligations of his employment fully.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

16

Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 18 of 24

103.    The actions by Defendants against Plaintiff J. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

104.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Mendiola.

105.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

106.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

107.    Plaintiff J. Mendiola demands a jury trial in this matter.

## COUNT V

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Larry L. Charfauros

108.    Paragraphs 1 through 107 hereof are alleged and incorporated as if fully set forth herein.

109.    Plaintiff Larry L. Charfauros ("Plaintiff Charfauros") was hired by Calpac in or about July 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

17

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 19 of 24

110. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Charfauros was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Charfauros and the other Plaintiffs "island monkeys" or "monkeys."

111. Due to Defendant Clark's discriminatory actions, Plaintiff Charfauros notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

112. As a result of Plaintiff Charfauros' complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Charfauros from his employment on or about November 27, 2004.

113. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

114. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

115. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Charfauros, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

18

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 20 of 24

actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Charfauros.

116.    At all times relevant, Plaintiff Charfauros performed his duties and carried out the obligations of his employment fully.

117.    The actions by Defendants against Plaintiff Charfauros were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

118.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Charfauros.

119.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Charfauros suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

120.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Charfauros lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

121.    Plaintiff Charfauros demands a jury trial in this matter.

/               /               /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

19

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 21 of 24

## COUNT VI

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Anthony C. Arriola

122. Paragraphs 1 through 121 hereof are alleged and incorporated as if fully set forth herein.

123. Plaintiff Anthony C. Arriola ("Plaintiff Arriola") was hired by Calpac in or about May 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

124. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Arriola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Arriola and the other Plaintiffs "island monkeys" or "monkeys."

125. Due to Defendant Clark's discriminatory actions, Plaintiff Arriola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

126. As a result of Plaintiff Arriola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Arriola from his employment on or about November 24, 2004.

127. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

128. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

20

Case 1:05-cv-00037    Document 172    Filed 02/05/2007    Page 22 of 24

129. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Arriola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Arriola.

130. At all times relevant, Plaintiff Arriola performed his duties and carried out the obligations of his employment fully.

131. The actions by Defendants against Plaintiff Arriola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

132. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Arriola.

133. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Arriola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

134. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Arriola lost income and future prospects

of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

135.   Plaintiff Arriola demands a jury trial in this matter.

**COUNT VII**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Robert B. Cruz

136.   Paragraphs 1 through 135 hereof are alleged and incorporated as if fully set forth herein.

137.   Plaintiff Robert B. Cruz ("Plaintiff R. Cruz") was hired by Calpac in or about February 2003 to work on an installation project of underground cables in Guam for Verizon Defendants.

138.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

139.   Due to Defendant Clark's discriminatory actions, Plaintiff R. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

140.   As a result of Plaintiff R. Cruz's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Cruz from his employment on or about November 28, 2004.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

22

Case 1:05-cv-00037   Document 172   Filed 02/05/2007   Page 24 of 24