141. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy

142. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

143. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff R. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff R. Cruz.

144. At all times relevant, Plaintiff R. Cruz performed his duties and carried out the obligations of his employment fully.

145. The actions by Defendants against Plaintiff R. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

146. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Cruz.

147. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Cruz suffered emotional harm,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

23

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 1 of 25

suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

148. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

149. Plaintiff R. Cruz demands a jury trial in this matter.

## COUNT VIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Roland F. Mendiola

150. Paragraphs 1 through 149 hereof are alleged and incorporated as if fully set forth herein.

151. Plaintiff Roland F. Mendiola ("Plaintiff R. Mendiola") was hired by Calpac in or about April 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

152. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Mendiola and the other Plaintiffs "island monkeys" or "monkeys."

153. Due to Defendant Clark's discriminatory actions, Plaintiff R. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

24

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 2 of 25

154.   As a result of Plaintiff R. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Mendiola from his employment on or about December 7, 2004.

155.   The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

156.   The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

157.   Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff R. Mendiola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff R. Mendiola.

158.   At all times relevant, Plaintiff R. Mendiola performed his duties and carried out the obligations of his employment fully.

159.   The actions by Defendants against Plaintiff R. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

25

Case 1:05-cv-00037   Document 172-2   Filed 02/05/2007   Page 3 of 25

160.   Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Mendiola.

161.   As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

162.   As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

163.   Plaintiff R. Mendiola demands a jury trial in this matter.

### COUNT IX

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff James S. Yee

164.   Paragraphs 1 through 163 hereof are alleged and incorporated as if fully set forth herein.

165.   Plaintiff James S. Yee ("Plaintiff Yee") was hired by Calpac in or about August 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

166.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Yee was harassed and discriminated against on the basis of his race, national origin, and color by

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

26

Case 1:05-cv-00037   Document 172-2   Filed 02/05/2007   Page 4 of 25

Defendant Clark who called Plaintiff Yee and the other Plaintiffs "island monkeys" or "monkeys."

167. Due to Defendant Clark's discriminatory actions, Plaintiff Yee notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

168. Plaintiff Yee also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

169. On or about December 2004 or thereafter, Defendant Healy and Calpac, upon information and belief, held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they complained about Defendants' discriminatory actions to authorities or agencies.

170. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Ward subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by frequently ignoring and refusing to acknowledge Plaintiff Yee.

171. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ignoring and excluding Plaintiff Yee from discussions at work.

172. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant James subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ordering Plaintiff to force the machine he was operating, which might cause the machine to

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

27

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 5 of 25

break, or else Plaintiff Yee would be terminated from his employment and subjected to physical violence by Defendant James.

173.    As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by reducing Plaintiff's work hours by at least ten (10) hours per week.

174.    As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully constructively terminating Plaintiff Yee from his employment on or about March or April 2005.

175.    The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

176.    The actions of Defendant Ward were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, and James.

177.    The actions of Defendant James were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, and Ward.

178.    The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, Clark, Ward, and James.

179.    Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Yee, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy,

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                                    28
Civil Case No. 05-00037
Second Amended Complaint
Case 1:05-cv-00037     Document 172-2     Filed 02/05/2007     Page 6 of 25

Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Yee.

180.    At all times relevant, Plaintiff Yee performed his duties and carried out the obligations of his employment fully.

181.    The actions by Defendants against Plaintiff Yee were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

182.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Yee.

183.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Yee suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

184.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Yee lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

185.    Plaintiff Yee demands a jury trial in this matter.

/                    /                /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

29

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 7 of 25

# COUNT X

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Teddy B. Cruz

186. Paragraphs 1 through 185 hereof are alleged and incorporated as if fully set forth herein.

187. Plaintiff Teddy B. Cruz ("Plaintiff T. Cruz") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

188. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff T. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff T. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

189. Due to Defendant Clark's discriminatory actions, Plaintiff T. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

190. Plaintiff T. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

191. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

30

Case 1:05-cv-00037   Document 172-2   Filed 02/05/2007   Page 8 of 25

of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

192.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination.

193.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination.

194.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff T. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization.

195.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff's work hours by at least ten (10) hours per

week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

196.     As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff T. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

197.     As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff T. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer.

198.     As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff T. Cruz from his employment on or about May 6, 2005.

199.     The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

200.     The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, Clark, Ward, and James.

201.     Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

32

Case 1:05-cv-00037     Document 172-2     Filed 02/05/2007     Page 10 of 25

environment created by Defendants Clark, Healy, and Calpac against Plaintiff T. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff T. Cruz.

202.   At all times relevant, Plaintiff T. Cruz performed his duties and carried out the obligations of his employment fully.

203.   The actions by Defendants against Plaintiff T. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

204.   The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff T. Cruz.

205.   As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff T. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

206.   As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff T. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

33

Case 1:05-cv-00037   Document 172-2   Filed 02/05/2007   Page 11 of 25

207.	Plaintiff T. Cruz demands a jury trial in this matter.

## COUNT XI

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jesse B. Cruz

208.	Paragraphs 1 through 207 hereof are alleged and incorporated as if fully set forth herein.

209.	Plaintiff Jesse B. Cruz ("Plaintiff J. Cruz") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

210.	During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff J. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

211.	Due to Defendant Clark's discriminatory actions, Plaintiff J. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

212.	Plaintiff J. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

213.	On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

34

Case 1:05-cv-00037	Document 172-2	Filed 02/05/2007	Page 12 of 25

employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

214. Also, before Plaintiff J. Cruz's unlawful termination of employment, Plaintiff J. Cruz was informed by a foreman or other agent of Defendant Calpac that Plaintiff J. Cruz should be careful about what he signs regarding the charge of discrimination and that if Plaintiff J. Cruz dismisses the charge against Calpac then good things might happen to Plaintiff J. Cruz.

215. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination.

216. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination.

217. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff J. Cruz a military identification

or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization.

218. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff T. Cruz's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

219. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff J. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

220. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff J. Cruz, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer.

221. As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff J. Cruz from his employment on or about May 6, 2005.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

36

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 14 of 25

222. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

223. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

224. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff J. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff J. Cruz.

225. At all times relevant, Plaintiff J. Cruz performed his duties and carried out the obligations of his employment fully.

226. The actions by Defendants against Plaintiff J. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

227. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Cruz.

228. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Cruz suffered emotional harm,

suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

229. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

230. Plaintiff J. Cruz demands a jury trial in this matter.

## COUNT XII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John L.G. Nauta

231. Paragraphs 1 through 230 hereof are alleged and incorporated as if fully set forth herein.

232. Plaintiff John L.G. Nauta ("Plaintiff Nauta") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

233. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Nauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Nauta and the other Plaintiffs "island monkeys" or "monkeys."

234. Due to Defendant Clark's discriminatory actions, Plaintiff Nauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

38

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 16 of 25

235.  Plaintiff Nauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

236.  On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

237.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination.

238.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination.

239.  As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

39

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 17 of 25

by deliberately failing to provide to Plaintiff Nauta a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization.

240.   As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff Nauta's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

241.   As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

242.   As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Nauta, who was a laborer and truck driver, while Calpac was making heavy equipment mechanics do the duties of a laborer and truck driver.

243.   As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

40

Case 1:05-cv-00037     Document 172-2     Filed 02/05/2007     Page 18 of 25

by wrongfully and unlawfully terminating Plaintiff Nauta from his employment on or about May 5, 2005.

244. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

245. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

246. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Nauta, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Nauta.

247. At all times relevant, Plaintiff Nauta performed his duties and carried out the obligations of his employment fully.

248. The actions by Defendants against Plaintiff Nauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

249. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Nauta.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

41

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 19 of 25

250.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Nauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

251.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

252.    Plaintiff Nauta demands a jury trial in this matter.

**COUNT XIII**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John P. Babauta

253.    Paragraphs 1 through 252 hereof are alleged and incorporated as if fully set forth herein.

254.    Plaintiff John P. Babauta ("Plaintiff Babauta") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for Verizon Defendants

255.    During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Babauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Babauta and the other Plaintiffs "island monkeys" or "monkeys"

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 20 of 25

42

256. Due to Defendant Clark's discriminatory actions, Plaintiff Babauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

257. Plaintiff Babauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004 or thereafter.

258. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

259. Also, before Plaintiff Babauta's unlawful termination of employment, Plaintiff Babauta was informed by a foreman or other agent of Defendant Calpac that Plaintiff Babauta should be careful about what he signs regarding the charge of discrimination and that if Plaintiff Babauta dismisses the charge against Calpac then good things might happen to Plaintiff Babauta.

260. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

261. During the period from approximately March to May 2005, Plaintiff Babauta was on leave for surgery.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

43

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 21 of 25

262. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by deliberately failing to provide any work to Plaintiff Babauta upon expiration of his leave for surgery, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

263. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Babauta, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer.

264. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff Babauta from his employment in or about May 2005 or thereafter.

265. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

266. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

267. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Babauta, as Verizon Defendants thoroughly inspected the work progress of Defendant

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

44

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 22 of 25

DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Babauta.

268.    At all times relevant, Plaintiff Babauta performed his duties and carried out the obligations of his employment fully.

269.    The actions by Defendants against Plaintiff Babauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

270.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Babauta.

271.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Babauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

272.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Babauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

273.    Plaintiff Babauta demands a jury trial in this matter.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 23 of 25

45

## COUNT XIV

### Assault

274.   Paragraphs 1 through 273 hereof are alleged and incorporated as if fully set forth herein.

275.   On or about October 18, 2006, Plaintiff Charfauros was confronted by Defendant Healy.

276.   During said confrontation, Defendant Healy, unprovoked, angrily challenged Plaintiff Charfauros to a physical fight, by telling Plaintiff Charfauros that he wanted to fight him.

277.   Defendant Healy challenged Plaintiff Charfauros to a physical fight immediately after realizing that Plaintiff Charfauros had a Title VII action pending against him.

278.   During said confrontation, Defendant Healy was only a few feet away from Plaintiff Charfauros.

279.   During said confrontation, Defendant Healy unlawfully threatened to do bodily harm to Plaintiff Larry Charfauros and had the present ability to carry the threat into effect.

280.   During said confrontation, Defendant Healy acted intending to cause a harmful or offensive contact with the person of Plaintiff Charfauros and/or intending to cause an imminent apprehension of contact, and thereby put Plaintiff Charfauros in imminent, reasonable apprehension of such contact.

281.   As a direct and proximate result of Defendant Healy's above-stated actions, Plaintiff Charfauros has sustained general and special damages in an amount to be determined at trial.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

46

Case 1:05-cv-00037   Document 172-2   Filed 02/05/2007   Page 24 of 25

282. The above-stated actions of Defendant Healy were willful, oppressive, intentional, and with a reckless disregard of the rights of Plaintiff Charfauros, thereby entitling Plaintiff Charfauros to punitive and/or exemplary damages.

283. Plaintiff Charfauros demands a jury trial in this matter.

**WHEREFORE, PLAINTIFFS PRAY THAT:**

1. Each Plaintiff be compensated for lost wages, benefits, bonuses, backpay, and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial;

2. Each Plaintiff be compensated for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $1,000,000 from each Defendant, for which Defendants should be jointly and severally liable;

3. The Court assess punitive damages against Defendants and each of them in amounts sufficient to deter further unlawful employment practices described herein;

4. They each be awarded their attorney fees and costs of suit;

5. The Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

6. Plaintiffs be given a jury trial in this matter.

**RESPECTFULLY SUBMITTED** this 5th day of February, 2007, in Hagåtña, Guam.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

47

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 172-2    Filed 02/05/2007    Page 25 of 25