VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**DEFENDANTS CALPAC, JOHN HEALY and WILLIAM WARD'S OPPOSSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

## PROCEDURAL BACKGROUND

Initially, Plaintiffs filed their complaint on December 12, 2005, against California Pacific Technical Services LLC, Dynamic Technical Services, MCI, John Healy, Dennis Clark, William Ward and Jai James. Defendants John Healy, William Ward and California Technical Services, LLC (collectively "Calpac Defendants") were not served copies of the initial complaint. On

February 24, 2006, Plaintiffs filed their Status Report pursuant to L.R. 16.2. Inasmuch as the initial complaint was not served on the Calpac Defendants, the Calpac Defendants did not participate in the drafting of the Status Report.

On February 24, 2006, Plaintiffs filed their First Amended Complaint. The First Amended Complaint was served on California Technical Services, LLC on March 8, 2006; Mr. Healy was served on March 11, 2006; and William Ward on March 11, 2006. Through stipulation, the Calpac Defendants answered the First Amended Complaint on May 1. 2006.

On October 16, 2006, Dynamic Technical Services moved for summary judgment. Plaintiffs opposed the motion. A hearing was held on December 18, 2006, resulting in an order dated December 18, 2006, denying Dynamic Technical Services' motion.

Meanwhile, on November 11, 2006, through stipulation and order, MCI was dismissed as a party and Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC (collectively "Verizon Defendants") was substituted in MCI's place. Rather than filing an answer, the Verizon Defendants on November 21, 2006, moved to dismiss. On January 22, 2007, this Court granted the Verizon Defendants' motion to dismiss but without prejudice.

On January 22, 2007, the Plaintiffs filed their current motion to amend First Amended Complaint. Absent from the Plaintiffs' motion was a copy of the proposed amended complaint. As stated in their moving papers, Plaintiff Larry Charfauros

- 2 -
Case 1:05-cv-00037   Document 174   Filed 02/05/2007   Page 2 of 5

would like to bring a tort claim against Mr. Healy concerning an incident which occurred around October, 2006 and to clarify the Verizon Defendants' role in this case.

## LAW

"Any party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference except with leave of court." L.R. 15.1. Plaintiffs, in filing their motion, have completely ignored the rules of the Court in failing to reproduce the proposed amended pleading and attaching it to the motion.

Other courts have, in similar situations, properly denied motions to amend when the procedural rules have been violated. In Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127 (7th Cir. 1986), the court stated:

> Following an entry of judgment on the dismissal of a complaint by a district court, a plaintiff may amend the complaint under Federal Rule of Civil Procedure 15(a) only after the judgment has been set aside or vacated pursuant to a motion under Rule 59(e) or Rule 60(b) and leave of court to amend has been granted. Twohy v. First National Bank, 758 F.2d 1185, 1196 (7th Cir.1985); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111-12 (7th Cir.1984), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Although leave to amend shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), the decision to allow amendment after dismissal lies within the sound discretion of the trial court. A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment. 3 J. Moore, Moore's Federal Practice ¶ 15.12, at 15-115 (2d ed. 1984). Failure to tender an amended complaint with a Rule 59(e) motion may indicate a lack of diligence and good faith. Twohy, 758 F.2d at 1197; see also Verhein v. South Bend Lathe, Inc., 598 F.2d 1061, 1063 (7th Cir.1979) (per curiam) (court may properly refuse request to amend where moving

party has not shown proposed amendment has substantial merit).

The 9th Circuit has held likewise, in <u>Satz v. Corrections Corporations of America, Inc.</u>, 43 Fed.Appx. 64 (9th Cir. 2002). "We review a district court's denial of a motion to amend for an abuse of discretion. <u>Orsay v. United States Dept. of Justice</u>, 289 F.3d 1125, 1128 (9th Cir.2002). The district court did not abuse its discretion by denying Satz's first motion to amend for failure to attach a proposed amended complaint as required by local rule, see <u>Waters v. Weyerhaeuser Mortgage Co.</u>, 582 F.2d 503, 507 (9th Cir.1978)…"

The reasoning behind these decisions is clear. The Court cannot make an informed decision without being given more than a vague narrative that doesn't describe the additions, but merely promises "clarification". See, e.g., <u>Ortiz v. Jefferson County Sheriff's Dept.</u>, Slip Copy, 2006 WL 2320467 (S.D.Ohio 2006). Plaintiffs, however, failed to attach a copy of their proposed second amended complaint. The Court cannot determine whether leave should be granted without looking at the proposed amended complaint.

//
//
//
//
//

# CONCLUSION

For the reasons mentioned above, the Calpac Defendants respectfully submit that plaintiffs' motion to amend first amended complaint should be denied.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION


BY: /s/ Vincent Leon Guerrero
VINCENT LEON GUERRERO
*Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

```
V63\08130-03
G:\WORDDOC\PLD\VLG\160-OPPOSSSION RE VAN METER V CALPAC
CIV05-037.DOC
```