LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

Before this Honorable Court come Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta, respectfully submitting their reply to the defendants' opposition to Plaintiffs' motion for leave to amend the First Amended Complaint.

Defendants Calpac, Healy, and Ward oppose Plaintiffs' motion for the reason that a proposed second amended complaint was not attached to Plaintiffs' motion for leave to amend the complaint. Verizon Defendants oppose Plaintiffs' motion for the same reason. Defendants cite

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pls.' Reply to Defs.' Opp'n to Mot. Leave Amend First Amended Compl.

1

Local Rule 15.1 as requiring the filing of the proposed amended complaint with the motion for leave to amend. Local Rule 15.1 provides: "Any party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference except without leave of court." However, on a plain reading of Local Rule 15.1, it is clear that the rule does not require that the proposed amended pleading be filed in conjunction with the motion to amend. Instead, Local Rule 15.1 only requires that the party moving for leave to amend reproduce the entire pleading as amended. As a matter of fact, Local Rule 15.1 does not even require that a motion to amend be filed along with the proposed amended pleading, as it begins with "[a]ny party filing ... an amended pleading ...."

Admittedly, in Taylor v. Multnomah County Sheriff's Office, No. CV 03-488-HA, 2004 WL 1970142, at *1 (D. Or. Sept. 7, 2004), the district court denied the plaintiff's motion for leave to amend partly because the plaintiff did "not produce the proposed amended pleading in any form" in violation of the court's local rules. However, the local rules of that district court expressly required that the proposed amended pleading be filed as an attachment to the motion to amend. District of Oregon's Local Rule 15.1(d)(1) provides that "[a] copy of the proposed amended pleading must be attached as an exhibit to any motion for leave to file the amended pleading." Id. Unlike Oregon's local rule, Guam's Local Rule 15.1 does not require that the filing of the motion to amend be accompanied by the proposed amended pleading.

Instead, the fact that a proposed amended pleading was not filed as an attachment to the motion for leave to amend is but one of many factors a district court could consider in the determination of whether it should grant the motion. Davis v. United States, 961 F. 2d 53, 57 (5th Cir. 1991). Thus, such a failure to attach the proposed amended pleading is "not fatal." Id.

Where the motion for leave to amend is not accompanied by the proposed amended complaint, the district court may hold the motion in abeyance pending the filing of that proposed

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pls.' Reply to Defs.' Opp'n to Mot. Leave Amend First Amended Compl.

Case 1:05-cv-00037   Document 193   Filed 02/12/2007   Page 2 of 4

2

complaint, the court may deny the motion without prejudice, or the court may allow the amendment if there has been no undue prejudice to the defendants. <u>Smith v. Planas</u>, 151 F.R.D. 547, 550 (S.D.N.Y. 1993). Defendant Dynamic Technical Services, in its Response to Plaintiffs' motion, agrees with the former course of action, i.e., that the Court defer its decision on Plaintiffs' motion to amend until the parties have had the opportunity to examine the proposed amended complaint in its entirety. On February 5, 2007, Plaintiffs did in fact file their proposed Second Amended Complaint. The defendants have not been unduly prejudice by the non-attachment of the proposed amended complaint to the motion to amend, as the motion to amend gave the defendants ample notice of the proposed amendments. Plaintiffs' motion stated that

> a new claim has arisen against a defendant based on facts which occurred subsequent to the filing of the First Amended Complaint. Plaintiff Larry Charfauros will bring a tortious claim in addition to the Title VII claims against Defendant John Healy based on an incident related to the instant lawsuit which occurred on or about October 2006. Furthermore, Plaintiffs seek to provide greater clarification regarding the role of Verizon defendants and their Title VII employment connection to Plaintiffs. This clarification will not prejudice the defendants, especially since Verizon and DTS defendants believe that the current complaint is deficient in providing notice of the alleged unlawful acts they committed and have even moved to dismiss the current complaint on that basis. Plaintiffs also seek to modify and correct certain factual allegations, as seen in the proposed Second Amended Complaint.

Furthermore, at the hearing on Verizon Defendants' motion to dismiss, in which counsel for Defendants DTS, Verizon entities, Calpac, Healy, and Ward were all present, Plaintiffs' counsel gave detailed notice of allegations Plaintiffs would plead in an amended complaint, including that Verizon Defendants could have absolute control over Plaintiffs by having them removed from the site, that Verizon Defendants regularly inspected the work sites, and that Verizon Defendants provided some of the material (such as the fiber optic cable) Plaintiffs used on the job. Thus, just two working days prior to the filing of Plaintiffs' motion to amend, the Court and Defendants were given the gist of the amendments Plaintiffs wished to make to the complaint. <u>See</u> <u>Zaidi v. Ehrlich</u>, 732 F. 2d 1218, 1220 (5th Cir. 1984); <u>In re Peachtree Warehouse Distributors, Inc.</u>, 1

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pls.' Reply to Defs.' Opp'n to Mot. Leave Amend First Amended Compl.

3

Case 1:05-cv-00037    Document 193    Filed 02/12/2007    Page 3 of 4

B.R. 706, 708 (N.D. Ga. 1979). Therefore, Defendants were not unduly prejudiced and amendment of the complaint is proper or at least not precluded by a failure to attach the proposed amended complaint to the motion to amend.

Based on the foregoing, Plaintiffs request leave of Court to amend the First Amended Complaint in the form of the proposed Second Amended Complaint.

**RESPECTFULLY SUBMITTED** this 12th day of February, 2007.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pls.' Reply to Defs.' Opp'n to Mot. Leave Amend First Amended Compl.

4

Case 1:05-cv-00037   Document 193   Filed 02/12/2007   Page 4 of 4