JEHAN'AD G. MARTINEZ
VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

FILED
DISTRICT COURT OF GUAM
MAR -8 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JOHN HEALY AND WILLIAM WARD'S MOTION FOR SUMMARY JUDGMENT** |

Defendants **JOHN HEALY** ("Mr. Healy") and **WILLIAM WARD** ("Mr. Ward") submit this memorandum of points and authorities in support of their motion for summary judgment in this action under FED R.CIV.P. Rule 56.

### I. BACKGROUND

This action has been brought against California Technical Services LLC, named in the complaint under its fictitious name

"CalPac", Mr. Healy, Mr. Ward and others under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII").

The Plaintiffs have each alleged in their First Amended Complaint ("Complaint") that they are former employees of CalPac. (Compl. ¶¶ 36, 48, 60, 72, 84, 96, 108, 120, 132, 152, 172, 193, and 213.) With respect to Mr. Healy, Plaintiffs have alleged that he is the owner of CalPac. (Compl. ¶ 20.). With respect to Mr. Ward, Plaintiffs have alleged he is the general manager of CalPac. (Compl. ¶ 22.) Plaintiffs further allege that during the course of their employment with CalPac, they came under the supervision of Mr. Healy and co-defendant Dennis Clark in different capacities. (Compl. ¶ 28.) Plaintiffs allege that they have been subjected to employment discrimination because of their race, national origin and skin color by CalPac, Mr. Healy and Mr. Ward, among others. (Compl. ¶¶ 29-34.) They seek compensatory and punitive damages from CalPac, Mr. Healy and Mr. Ward. (Compl.)

## II. STATEMENT OF FACTS

As established by the Healy affidavit filed herewith, CalPac is a member managed limited liability company formed under the laws of Guam. (Healy Aff. ¶¶ 3-4.) It is not a sole proprietorship. Mr. Healy is, and at all times relevant to the Plaintiffs' claims, was a management employee of CalPac. (Healy Aff. ¶¶ 4, 10-11.) Likewise, Mr. Ward is a former management

employee of CalPac, who at all times relevant to the Plaintiffs' claims, was the general manager of CalPac. (Healy Aff. ¶¶ 7, 9, 11.) In their individual capacities as management employees, Mr. Healy and Mr. Ward had supervisory responsibilities over Plaintiffs. (Healy Aff. ¶ 11.) It was in their capacity as management employees that the alleged acts giving rise to this lawsuit were purportedly committed. (See Compl.)

### III. ARGUMENT

As supervisory employees, Mr. Healy and Mr. Ward are not subject to personal liability under Title VII.

The Ninth Circuit has ruled that individual supervisors cannot be personally liable under Title VII. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 589 (9th Cir. 1993); *Holly D. v. Cal. Inst. Of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003) ("[W]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). *See, also, La-Resa Blas v. Imperial Suites, Inc.*, District Court of Guam Civil Case No. CV03-00027, Decision and Order, dated November 7, 2003 ("In Miller, the majority stated that since 'Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.' [citation omitted] Accordingly, the [Ninth Circuit] held there was no individual liability under Title VII. This Court is bound to follow the Ninth Circuit's ruling [in Miller]

and therefore finds that this matter must be dismissed as to the [individual] defendant.") (J.S. Unpingco, District Judge), at p. 3.[1]

Plaintiffs have alleged that they were hired by CalPac and that CalPac was their employer, not Mr. Healy or Mr. Ward. Furthermore, as Plaintiffs have alleged, Mr. Healy and Mr. Ward were supervisory or managerial employees. Consequently, there being no genuine issues of material fact, Mr. Healy and Mr. Ward are not subject to liability under Title VII and are entitled to judgment as a matter of law under Rule 56.

### IV.  CONCLUSION

Based on the allegations made by Plaintiffs and the undisputed facts, Mr. Healy and Mr. Ward are entitled to judgment as a matter of law. This action should be dismissed with prejudice as to each of them.

**RESPECTFULLY SUBMITTED** this __8th__ day of March, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY:_____
JEHAN'AD G. MARTINEZ
*Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

G:A62\08130-03
G:\WORDDOC\PLD\JGM\189-MEMO OF P&A IN SUPP OF
MTN 4 SJ RE VAN METER V CALPAC CIV05-037.DOC

---

[1] In the *La-Resa Blas* case, the individual defendant, Mr. Robato, was the president and a managerial employee of the corporate defendant, Imperial Suites, Inc. He was also the alleged perpetrator of the acts of sexual harassment that were the basis for the action. *Id.*, at p. 1. Nonetheless, the Title VII complaint against Mr. Robato was dismissed for failure to state a claim under Rule 12(b)(6).

- 4 -