LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS JOHN HEALY AND WILLIAM WARD'S MOTION FOR SUMMARY JUDGMENT** |

COME NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs"), respectfully submitting their opposition to Defendants John Healy and William Ward's Motion for Summary Judgment, filed herein March 8, 2007.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Defs. Healy's & Ward's Mot. Summ. J.

1

## I. INTRODUCTION

Plaintiffs instituted this Title VII action on December 12, 2005, alleging that they were subjected to employment discrimination by defendants Calpac, Dynamic Technical Services, MCI, John Healy ("Healy"), Dennis Clark, William Ward ("Ward"), Jai James, and Does 1 through 10 (collectively "Defendants"). The First Amended Complaint ("the complaint") was filed February 24, 2006.

On March 8, 2007, Healy and Ward filed herein a motion for summary judgment on the sole basis that, as supervisors of Calpac, they are not subject to personal liability under Title VII.

## II. ARGUMENT

Healy and Ward move for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the grounds that they are not subject to Title VII liability.

Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Cas. Co., 873 F. 2d 1338, 1339-40 (9th Cir. 1989).

Healy and Ward argue that, as supervisory employees, they are not subject to personal liability under Title VII. However, in Sosa v. Hiraoka, 920 F. 2d 1451, 1459-60 (9th Cir. 1990), the Ninth Circuit reversed dismissal of the plaintiff's Title VII claims against college officials employed by the co-defendant college, holding that the college officials should have anticipated that they would be named defendants in a Title VII suit. Also, in Chung v. Pomona Valley Cmty. Hosp., 667 F. 2d 788, 792 (9th Cir. 1982), the Ninth Circuit permitted Title VII suit to proceed against doctors whose only apparent role in denial of promotions was as directors of the hospital named in the EEOC charge and also named as co-defendant in the lawsuit. See also Sosa, F. 2d at 1459-60.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Defs. Healy's & Ward's Mot. Summ. J.

2

Other federal courts have similarly upheld Title VII actions against supervisory employees. For example, in Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 572 (D.R.I. 1996), the court held that "supervisory employees may be individually liable under Title VII ...." The rationale behind the court's conclusion was that imposition of individual liability on supervisory employees under Title VII would promote judicial restraint while providing greater redress for victims of discrimination. Id. "[T]hreatening supervisory employees with individual liability under Title VII ... deters those who would use their positions and power to discriminate, and guarantees that victims of discrimination will receive redress not only from amorphous corporate entities, but from their very oppressors." Id.

Therefore, Healy and Ward may be subject to Title VII liability and so they are not entitled to summary judgment as a matter of law.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants John Healy and William Ward's Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 22nd day of March, 2007.

                                        **LUJAN AGUIGUI & PEREZ** LLP

By: _____
      **DELIA LUJAN**
      *Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Defs. Healy's & Ward's Mot. Summ. J.

3

Case 1:05-cv-00037   Document 206   Filed 03/22/2007   Page 3 of 3