

JEHAN'AD G. MARTINEZ
VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

**FILED**
DISTRICT COURT OF GUAM
MAR 29 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,

Plaintiffs,

vs.

CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,

Defendants.

CIVIL CASE NO. CIV05-00037

**DEFENDANTS' JOHN HEALY AND WILLIAM WARD'S REPLY TO OPPOSSITION FOR SUMMARY JUDGMENT**

**NO FACTS IN DISPSUTE**

Plaintiffs do not dispute that John Healy ("Mr. Healy") and William Ward ("Mr. Ward") are supervisory employees of California Pacific Technical Services LLC ("CalPac"). As such, there are no disputed facts and summary judgment is appropriate. *See* Rule 56.

//

//

**ORIGINAL**

## ARGUMENT

In support of their motion for summary judgment, Mr. Healy and Mr. Ward cited Ninth Circuit authority for the proposition that individual supervisors cannot be personally liable. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir. 1983); *Holly D. v. Cal. Inst. Of Tech.*, 339 F.3d 1158 (9th Cir. 2003). Mr. Healy and Mr. Ward also cited a District Court of Guam case in support of their position that individual liability does not attach under Title VII. *See* Memorandum of Points and Authorities filed March 8, 2007.

In their opposition, Plaintiffs failed to state why the cases cited by Mr. Healy and Mr. Ward are not on point, not relevant, or not otherwise applicable. Mr. Healy and Mr. Ward submit that the Ninth Circuit's determination that supervisory employees are not subject to liability is still valid and controlling.[1]

Through their mild opposition, Plaintiffs directed this Court to two Ninth Circuit cases (both of which predate the cases cited by Mr. Healy and Mr. Ward). In both cases, the issues on appeal did not involve the determination of whether supervisory employees were liable under Title VII. Rather, the issues raised

//

---

[1] Indeed, the one case, cited by the Plaintiffs, recognized that the Ninth Circuit does not impose liability on supervisory employees. *See Iacampo v. Hasbro*, 929 F.Supp. 562, 571 (D.R.I. 1996). *Iacampo* declined to follow Ninth Circuit authority.

involved the statute of limitation defense (which is not contested in the case at bar) and notice.[2]

Neither *Sosa* nor *Chung* discussed the issue of supervisory employee liability. Absent a discussion, the cases cited by the Plaintiffs are not precedent. *Sakamoto v. Duty Free Shopper, Ltd.*, 764 F.2d. 1285, 1288 (9th Cir. (Guam) 1985)(court assumed that the commerce clause applied, but the issue was never raised or discussed thus was not binding on future decisions).

## CONCLUSION

It is undisputed that Mr. Healy and Mr. Ward are supervisory employees of CalPac. Ninth Circuit Authority, which is binding in this jurisdiction, holds that supervisory employees are not subject to individual liability. Contrary to the Plaintiffs' assertion, Mr. Healy and Mr. Ward are not subject to individual liability. For all the foregoing reasons, **JOHN HEALY** and **WILLIAM WARD** respectfully request this court grant their motion for summary judgment.

RESPECTFULLY SUBMITTED.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

DATE: MARCH 29, 2007        BY: /s/ Vincent Leon Guerrero
                                 VINCENT LEON GUERRERO
                                 *Attorneys for Defendants California Pacific Technical Services LLC, John Healy and William Ward*

V63\08130-03\PLD\VLG\169-DEF REPLY

---

[2] In answer to the Plaintiffs' complaint, Mr. Healy and Mr. Ward asserted the affirmative defense that neither were named in the EEOC charge. Although it is believed applicable, the failure to name them in the EEOC proceedings is not the basis of the instant motion.