DISTRICT COURT OF GUAM

TERRITORY OF GUAM

HENRY G. VAN METER, *et al.*,

    Plaintiffs,

    vs.

CALPAC, *et al.*,

    Defendant.

Civil Case No. 05-00037

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the court for a hearing on the Defendants Motion for Summary Judgment. The Defendants, John Healy and William Ward, argued that there is no personal liability under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-5(f)(1). Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the Court hereby **GRANTS** the Defendants' motion and issues the following decision.

**BACKGROUND**

On December 12, 2005, this action was instituted by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed to work on an installation project of underground cables in Guam, Defendant Calpac subjected

them to a hostile work environment and discriminated against them based on their race (Pacific Islander/Chamorro), and national origin (Pacific Islander/Guamanian). In addition, they were retaliated against for engaging in protected activity.

In their complaint, the plaintiffs named as defendants, Calpac, Dynamic Technical Services ("DTS"), MCI (now the Verizon Defendants)[1], John Healy ("Mr. Healy"), allegedly the owner of Calpac, Dennis Clark ("Mr. Clark"), allegedly manager or supervisor employed by DTS, William Ward ("Mr. Ward"), allegedly the general manager of Calpac, and Jai James ("Mr. James"), allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform installation of underground cables in Guam and MCI hired DTS to supervise or oversee the installation of underground cables in Guam performed by Calpac. Allegedly, while under the supervision of Defendant Clark, the Plaintiffs were called "island monkeys" or "monkeys." First Amended Complaint, ¶¶ 37, 49, 61, 73, 85, 109, 121, 133, 153, 173, 194, 214. When the Plaintiffs took action in response to the perceived discrimination, they were apparently terminated.

## DISCUSSION

The Defendants, John Healy and William Ward now move this court for summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

The Defendants claim that the Plaintiffs cannot recover, as a matter of law, against them because there is no civil liability for individual agents under Title VII. *See Miller v. Maxwells*

---

[1] The Verizon Defendants substituted in for Defendant MCI and stand in the shoes of MCI, their predecessors in interest. *See* Order approving substitution, Docket No. 72.

*International*, 991 F.2d 583 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109, 127 L.Ed. 372 (1994). Title VII prohibits "an employer to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000(e) et. seq. "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000(e) (b). While the Plaintiffs claim that Mr. Healy is the owner of CalPac, CalPac is a member managed limited liability company formed under the laws of Guam. *See* Affidavit of John Healy ("Healy Aff.") ¶¶ 3-4. It is not a sole proprietorship and Mr. Healy is considered a managerial employee. *See* Healy Aff. ¶ 10. Accordingly, in this instance, Messrs. Healy and Ward are being sued in their official capacities as the Plaintiffs' supervisors.

An employee that is a supervisor cannot be held liable under Title VII. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir.1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee); see also Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir.1995) ("Under Title VII there is no personal liability for employees, including supervisors" ).

As noted by the Defendants most jurisdictions hold that Congress did not intend to impose individual liability on those employees of the employer entity who act in a supervisory capacity as they are not the employer as defined. Of the eleven circuits that have addressed the question, ten have rejected the imposition of individual liability under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2nd Cir. 1995) (individual supervisors exercising control over plaintiff are not personally liable under Title VII); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3rd Cir. 1996) *cert. denied*, 138 L. Ed. 2d 1031, 117 S. Ct. 2532 (1997) (holding that Congress did not intend to hold individual employees liable under Title VII); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) *cert. denied*, 513 U.S. 1015, 130 L. Ed. 2d 491, 115 S. Ct. 574 (1994) (no individual liability unless individual defendant meets Title VII's definition of "employer"); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (individual employee/supervisor who is not otherwise an employer cannot be held personally liable under Title

VII); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (no individual liability under Title VII); *Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446, 1997 U.S. App. LEXIS 21512, (8th Cir. 1995)(supervisors may not be held individually liable under Title VII); *Miller v. Maxwell's Int'l. Inc.*, 991 F.2d 583, 588 (9th Cir 1993) *cert. denied*, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed. 2d 372 (1994) (holding that individuals cannot be held liable for damages under Title VII); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (reaffirming *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir. 1993), court holds that Title VII "liability is appropriately borne by employers, not individual supervisors"); *Smith v. Lomax*, 45 F.3d 402, 403-404, n.4 (11th Cir. 1995) (no individual liability under Title VII); *Gary v. Long*, 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.) *cert. denied*, 516 U.S. 1011, 116 S. Ct. 569, 133 L. Ed. 2d 493 (1995) (individual supervisors not personally liable under Title VII). The Ninth Circuit in *Miller* noted that since "Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." 991 F.2d at 587. Therefore, this court agrees with the nearly-unanimous view of the federal circuits that an employee/supervisor, who does not otherwise qualify as an "employer," cannot be held liable under Title VII.

Clearly an employer found liable for civil damages will put a stop to the continued practices of its employees that expose the employer to further suits. As the Ninth Circuit noted in *Miller*, " [a]n employer that has incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief." *Miller*, 991 F.2d at 588.

While the plaintiffs cite *Sosa v. Hiraoka*, 920 F.2d 1451 (9th Cir.1990) and *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788 (9th Cir. 1982) as providing for individual liability under Title VII, both *Sosa* and *Chung* were decided before *Miller*. The Plaintiffs do not cite any cases decided after *Miller* permitting Title VII claims to proceed against supervisors in their individual capacities. Nor do the Plaintiffs offer any rationale as to why *Miller* does not bar their Title VII claims. Accordingly, the Defendants' motion is hereby granted.

////

# CONCLUSION

For the foregoing reasons, the court finds that there is no personal liability under Title VII of the Civil Rights Act of 1964. Accordingly, the Defendants' Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

                    **/s/ Frances M. Tydingco-Gatewood**
                          **Chief Judge**
                    **Dated: Apr 10, 2007**