**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



**FILED**
DISTRICT COURT OF GUAM
APR 13 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**VERIZON'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

**ORIGINAL**

## VERIZON'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

The Court should deny Plaintiffs' Motion for Leave to Amend First Amended Complaint ("Motion") because Plaintiffs' proposed amendments are inconsistent with the dismissed First Amended Complaint, are futile, and would substantially prejudice Verizon.[1]

## I. BACKGROUND

Plaintiffs filed their original complaint on December 12, 2005 and their First Amended Complaint ("FAC") on February 24, 2006. In their FAC, Plaintiffs alleged that Verizon hired Defendant Calpac to install underground cable in Guam and Defendant Dynamic Technical Services ("DTS") to oversee the installation of underground cable in Guam. (Pls' FAC at ¶¶ 25, 26). Plaintiffs further alleged that they were hired by Calpac and supervised by DTS, and that Calpac and DTS, and their respective employees and owners, discriminated and retaliated against, harassed, and, ultimately, terminated them in violation of Title VII. (*See, e.g.,* Verizon's Motion to Dismiss at pp. 4-7). Plaintiffs, however, failed to allege that an employment relationship existed between Verizon and Plaintiffs. Thus, Verizon filed a motion to dismiss Plaintiffs' FAC against Verizon, which the Court granted without prejudice.

On January 22, 2007—the deadline for amending the pleadings, which the Court had extended on October 25, 2006 at Plaintiffs' request—Plaintiffs filed their Motion seeking, among other things, to bring Verizon back into this lawsuit as a defendant. In violation of Local Rule 15.1, Plaintiffs did not file a proposed Second Amended Complaint ("SAC") with their Motion. After Calpac, DTS and Verizon filed their oppositions to the Motion based on Plaintiffs' failure to comply with the local rule, Plaintiffs filed their proposed SAC on February 5, 2007—two weeks after filing their Motion.

---

[1] Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. are collectively referred to as "Verizon."

## II. ARGUMENT

### A. Standard For Leave to Amend.

Under Rule 15 of the Federal Rules of Civil Procedure, after responsive pleadings have been filed and in the absence of the adverse party's written consent, a party may amend its complaint only by leave of the court. *See Thornton v. McClatchey Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). Leave to amend a pleading should be freely given "when justice so requires." FED. R. CIV. P. 15(a). Courts, however, should not automatically grant leave to amend. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998). Rather, courts should consider several factors when considering a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of the amendment. *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1392-93 (9th Cir. 1997) (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).

### B. Because Plaintiffs' Proposed SAC Alleges Facts Inconsistent With The Dismissed FAC, Plaintiffs' Motion Should Be Denied.

"[A] party will not be granted leave to amend to allege facts inconsistent with [a] dismissed pleading . . ." *Bradley v. Chiron Corp.*, No. C 94-04342 CW, 1996 WL 441022, *3 (N.D. Cal. July 15, 1999); *Nissan Motor Co. Ltd. v. Nissan Computer Corp.*, 204 F.R.D. 460, 463 (C.D. Cal. 2001) ("Leave to amend should not be granted where 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995)). "Leave to amend was never intended to encourage sham pleadings." *Bradley*, 1996 WL 441022, at *3. Many allegations in the proposed SAC regarding Verizon contradict the allegations in the dismissed FAC. Indeed, Plaintiffs admit that their proposed SAC was designed to "modify and correct certain factual allegations" in their FAC. (Pls' Motion at p. 2).

The proposed SAC is replete with allegations regarding the hiring and supervision of Plaintiffs that are inconsistent with, if not directly contrary to, those in the dismissed FAC.

For example, Plaintiffs allege in their proposed SAC that Verizon *"hired and employed Defendant Calpac and Calpac's employees, including Plaintiffs . . ."* (Pls' SAC at ¶ 29) (emphasis added). These allegations contradict the allegations in Plaintiffs' dismissed FAC that each Plaintiff "was hired by Calpac." (Pls' FAC at ¶¶ 36, 48, 60, 72, 84, 96, 108, 120, 132, 152, 172, 193, 213). In addition, Plaintiffs allege in their proposed SAC that Verizon *"hired and employed DTS and DTS' employees, including Defendant Clark . . ."* (Pls' SAC at ¶ 30) (emphasis added). These allegations contradict the allegations in Plaintiffs' dismissed FAC that Clark was "a manager or supervisor employed by DTS." (Pls' FAC at ¶ 21). Further, Plaintiffs allege in their proposed SAC that "each Defendant" supervised Plaintiffs. (Pls' SAC at ¶ 42). This conclusory allegation contradicts the allegations in Plaintiffs' dismissed FAC that Clark supervised Plaintiffs. (Pls' FAC at ¶¶ 37, 49, 61, 73, 85, 97, 109, 121, 133, 153, 173, 194, 214).

In sum, Plaintiffs seek leave to assert allegations regarding the hiring and supervision of Plaintiffs that are diametrically opposed to those asserted in their FAC in an attempt to salvage claims against Verizon that were dismissed. Indeed, many of the proposed amended allegations regarding Verizon are not only inconsistent with those in the FAC, but are also contrary to other allegations within the proposed SAC. For example, while the proposed SAC alleges that Verizon "hired and employed . . . Plaintiffs . . . ," (Pls' SAC at ¶ 29), it also alleges that Plaintiffs "were hired by Calpac." (Pls' SAC at ¶¶ 53, 67, 81, 95, 109, 123, 137, 151, 165, 187, 209, 232, 254). Further, the allegation in the proposed SAC that Verizon "hired and employed DTS and DTS' employees, including Defendant Clark . . . ," (Pls' SAC at ¶ 30), cannot be squared with another allegation in the proposed SAC that Clark was "a manager or supervisor employed by DTS." (Pls' SAC at ¶¶ 30, 25). Courts have rejected such tactics and refused to permit parties to amend pleadings to change or add allegations that

are inconsistent with allegations asserted in a dismissed pleading. *See, e.g., Bradley*, 1996 WL 441022, at *5 (noting that a "court is not required to accept such inconsistent allegations as true"). Because Plaintiffs seek leave to allege facts that are inconsistent with their dismissed FAC and contrary to other allegations within their proposed SAC, the Court should disregard such allegations and deny their Motion.

### C. Because Plaintiffs' SAC Does Not Allege Facts Sufficient To Extend Title VII Liability To Verizon, Plaintiffs' Motion Is Futile And Should Be Denied.

#### 1. Futility Standard.

An amendment to a complaint is futile if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim. *See Sweaney*, 119 F.3d at 1393; *Nissan Motor Co. Ltd.*, 204 F.R.D. at 463, n.5 ("[t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)"). Under Rule 12(b)(6), "[t]he court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)). The allegations in the proposed SAC fail to establish a basis for extending the scope of Title VII liability to Verizon, an entity that merely contracted with third parties who employed Plaintiffs and the individuals who allegedly engaged in discriminatory conduct.

#### 2. The Allegations In Plaintiffs' Proposed SAC Do Not Support The Existence Of An Employment Relationship Between Verizon And Plaintiffs.

Even if the Court considers the amended allegations in Plaintiffs' proposed SAC that are inconsistent with those in the dismissed FAC and contrary to other allegations within the proposed SAC, Plaintiffs' proposed amendments are futile because Plaintiffs have failed to

allege facts that warrant an inference of an employment relationship between Verizon and Plaintiffs. "In order to come under the protection of federal and state discrimination statutes, a plaintiff must demonstrate the existence of an employment relationship." *Zainalizadeh v. Neiman Marcus Group*, No. C 01-4207 JL, 2002 U.S. Dist. LEXIS 16707, at *3 (N.D. Cal. Sept. 4, 2002).

In their proposed SAC, Plaintiffs allege that Verizon hired Calpac (and its employees) to install underground cable in Guam and DTS (and its employees) to supervise the installation of underground cable in Guam. (Pls' SAC at ¶¶ 29-30). Plaintiffs also allege that, as the contractor, Verizon had authority to control certain aspects of how Calpac and DTS performed the tasks Verizon had contracted with them to perform. For instance, Plaintiffs allege that Verizon had the authority to object to Calpac's use of certain individuals to install cable and to have removed any Calpac or DTS employee from the worksite whose work or conduct was not disciplined or skilled. (Pls' SAC at ¶¶ 32-33). Plaintiffs further allege that Verizon had the authority to require Calpac to increase the number of shifts, to designate the locations of the worksites, modify the work performed by Calpac, and inspect the work performed by Calpac and DTS. (Pls' SAC at ¶¶ 34-36, 38-39). Plaintiffs also allege that Verizon furnished certain materials used to install the cable. (Pls' SAC at ¶ 37).

Plaintiffs' allegations suggest nothing more than the existence of a standard relationship between a company that has contracted with other companies to perform services. Indeed, Plaintiffs' SAC makes it abundantly clear that it was Calpac—***not Verizon***—who employed Plaintiffs, and that it was DTS employee Clark—***not Verizon***—who supervised Plaintiffs. For example, Plaintiffs claim that they were hired by Calpac (Pls' SAC at ¶¶ 53, 67, 81, 95, 109, 123, 137, 151, 165, 187, 209, 232, 254) and supervised by Clark (Pls' SAC at ¶¶ 54, 68, 82, 96, 110, 124, 138, 152, 166, 188, 210, 233, 255). The mere allegation that

Verizon had the authority to control certain aspects of how Calpac and DTS performed the tasks Verizon contracted with them to perform does not create an employment relationship between Verizon and the employees of Calpac and DTS.

### 3. Title VII Liability Extends Only To Non-Employing Entities That Perform A Discriminatory Act.

Plaintiffs' proposed SAC against Verizon fails as a matter of law because it does not assert a single non-conclusory allegation that Verizon performed a discriminatory act.[2] There is simply no allegation that Verizon or any specific Verizon employee made discriminatory remarks, reduced Plaintiffs' work hours, terminated Plaintiffs or, in any other particular manner, discriminated or retaliated against Plaintiffs. The Ninth Circuit has extended liability to non-employing entities such as Verizon only "in instances where the indirect employer was the entity *performing the discriminatory act* . . ." (*See* Reply to Plaintiffs' Opposition to Verizon's Motion to Dismiss at pp. 3-4, citing *Velez v. Roche*, 335 F. Supp. 2d 1022, 1027 (N.D. Cal. 2004) (citing *Anderson v. Pacific Mar. Ass'n*, 336 F.3d 924, 931 (9th Cir. 2003))).

The absence of any allegation in the proposed SAC of a discriminatory act by Verizon stands in stark contrast to the plethora of specific allegations of discriminatory conduct by DTS, Calpac and their respective managers and employees. For example, the proposed SAC

---

[2] In an attempt to pull Verizon back into this lawsuit at this late date, Plaintiffs' proposed SAC (like the dismissed FAC) resorts to the use of conclusory allegations. For example, Plaintiffs allege that "Plaintiffs came under the supervision of each Defendant" and that "each Defendant had control over the terms and conditions of Plaintiffs' employment." (Pls' SAC at ¶¶ 31, 42). Plaintiffs further allege that, during the course of this "supervision," "Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment . . ." (Pls' SAC at ¶ 43). Plaintiffs similarly allege that "Defendants have each exhibited patterns and practices of discrimination," "Defendants each subjected Plaintiffs to discrimination," and "Defendants each condoned, accepted, or otherwise authorized . . . discrimination." (Pls' SAC at ¶¶ 45-47). Plaintiffs, however, cannot rely on liberal pleading rules to convert their conclusory allegations into a basis for a Title VII claim against Verizon. *See, e.g., Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (dismissing discrimination claims and stating that "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). As Verizon has pointed out, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

continues to allege that it was DTS employee Clark—*not Verizon*—who called Plaintiffs "island monkeys" and/or "monkeys." (Pls' SAC at ¶¶ 54, 68, 82, 96, 110, 124, 138, 152, 166, 188, 210, 233, 255). The proposed SAC also continues to allege that it was John Healy, the owner of Calpac, and Calpac—*not Verizon*—who unlawfully terminated Plaintiffs. (Pls' SAC at ¶¶ 24, 56, 70, 84, 98, 112, 126, 140, 154, 174, 198, 221, 243, 264).

Failing to allege a discriminatory act on the part of Verizon or its employees, Plaintiffs allege that Verizon "should have been aware of, the discriminatory actions [and] did nothing to stop said discriminatory actions." (Pls' SAC at ¶¶ 59, 73, 87, 101, 115, 129, 143, 157, 179, 201, 224, 246, 267). As courts have repeatedly recognized, it is simply not sufficient under Title VII to allege that Verizon failed to prevent unlawful conduct allegedly committed by third parties; rather, there must be an allegation that *Verizon itself performed a discriminatory act*. *Velez*, 335 F. Supp. 2d at 1027 (citing *Anderson*, 336 F.3d at 931). For example, in *Velez*, the court held that a defendant that did not employ the plaintiff was subject to Title VII liability because its employees caused the hostile work environment to which the plaintiff was exposed. *See Velez*, 335 F. Supp. 2d at 1030. Similarly, in *Gomez v. Alexian Bros. Hospital of San Jose*, 698 F.2d 1019, 1020 (9th Cir. 1983), a hospital that did not employ the plaintiff was subject to Title VII liability because the hospital itself rejected the plaintiff's proposal to practice there. Conversely, the court in *Anderson* refused to extend liability to a defendant that did not employ the plaintiff where the hostile treatment was not caused by that defendant's employees. *See Anderson*, 336 F.3d at 932.

In sum, Verizon cannot be subject to a Title VII claim merely because it contracted with third parties who employed Plaintiffs and whose employees allegedly engaged in unlawful conduct. In fact, the cases on which Plaintiffs previously have relied only underscore this fundamental point. (*See, e.g.,* Plaintiffs' Opposition to Verizon's Motion to

Dismiss at pp. 9-12). In *Garrett v. Information Systems & Networks Corp.*, No. 5:97-CV-436-BRI, 1997 U.S. Dist. LEXIS 20845 (E.D.N.C. Nov. 21, 1997), *King v. Chrysler Corp.*, 812 F. Supp. 151 (E.D. Mo. 1993), *Duncan v. Junior College District of St. Louis*, No. 4:98CV01220 (CEJ), 1999 U.S. Dist. LEXIS 22451 (E.D. Mo. Nov. 15, 1999), and *Diana v. Schlosser*, 20 F. Supp. 2d 348 (D. Conn. 1998), all the plaintiffs alleged that even though they were not employees of the defendants, they were harassed by employees of the defendants. Because Plaintiffs' proposed SAC fails to assert any non-conclusory allegation that Verizon or any specific Verizon employee performed a discriminatory act, Verizon cannot be liable under Title VII as a matter of law. Accordingly, Plaintiffs' proposed SAC is futile, and Plaintiffs' Motion should be denied.

D.   **Because Plaintiffs' Proposed SAC Seeks to Drag Verizon Back Into The Lawsuit At This Late Date, Plaintiffs' Motion Substantially Prejudices Verizon And Should Be Denied.**

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant . . ." *Thornton*, 261 F.3d at 799 (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). In attempting to pull Verizon back into this lawsuit at the tail end of discovery and six months before trial based on alleged facts and theories available to Plaintiffs since the inception of the case, Plaintiffs have substantially prejudiced Verizon's ability to defend itself in this action. Courts do "not look favorably on delayed motions to amend when the facts and theory have been known to the party seeking the amendment since the beginning of the action." *Kowalow v. Correctional Servs. Corp.*, No. 01-35285, 2002 WL 530542, at \*\*1 (9th Cir. Apr. 8, 2002) (unpublished) (citing *Acri v. International Assoc. of Machinists & Aerospace Workers, Dist. Lodge 115 of the Int'l Assoc. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)).

Plaintiffs filed their initial complaint on December 12, 2005—approximately sixteen months ago, and their FAC on February 24, 2006—more than thirteen months ago. Plaintiffs, however, did not serve Verizon with a complaint until August 18, 2006. Verizon moved to dismiss the FAC because Plaintiffs had failed to make the threshold allegation that an employment relationship existed between Plaintiffs and Verizon. On January 22, 2007, the Court granted Verizon's motion to dismiss without prejudice, and Verizon is no longer a party to this lawsuit for discovery purposes.[3]

After the Court dismissed the FAC against Verizon, the remaining parties have continued to pursue discovery. Depositions of nine individuals, seven of whom are Plaintiffs, have been noticed for April 11 through April 18. (*See* Notices of Deposition, attached as Exhibit A). In addition, Plaintiff James Yee has noticed the depositions of William Ward and John Healy for April 30 and May 2, respectively. (*See* Notices of Deposition, attached as Exhibit B). Because Verizon is not a party to this lawsuit for discovery purposes, Verizon cannot participate in these depositions. *See, e.g., Stanford v. Kuwait Airlines Corp.*, No. 85 Civ. 0477 (SWK), 1987 WL 26829, *3 (S.D.N.Y. Nov. 5, 1987).

Verizon is substantially prejudiced by the fact that it is not able to participate in the discovery that is continuing to occur. Based on the parties' deposition notices, it appears that depositions of key witnesses are being conducted in which the interests of Verizon are not represented. Yet another extension of the deadlines in the case would not cure the undue prejudice to Verizon caused by its inability to participate in the depositions of seven plaintiffs and two alleged wrongdoers. Even if it were possible to retake these depositions in the short

---

[3] Courts generally hold that, when a court dismisses a complaint without prejudice as to one defendant, the dismissed defendant is no longer a party for purposes of discovery, *see, e.g, Stanford*, 1987 WL 26829, at *3, but is a party for purposes of opposing a motion to amend seeking to bring the party back into the suit, *see, e.g., Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 422-24 (D.D.C. 1993).

interval of time between the resolution of Plaintiffs' Motion and the close of discovery on May 24, Verizon would be substantially prejudiced by the fact that it could not defend itself, through cross-examination or otherwise, during the course of the original depositions.

In sum, by waiting until February 5, 2007 to file a proposed SAC, Plaintiffs have prevented Verizon from participating in discovery, including in the scheduled depositions of seven of the thirteen Plaintiffs. Plaintiffs' delay will have put Verizon at a significant disadvantage given the proximity of the discovery cutoff, dispositive motion deadline and trial setting, which cannot be remedied by extending the deadlines yet again. Because of Plaintiffs' undue delay in raising the allegations in their proposed SAC, Plaintiffs' Motion substantially prejudices Verizon and should be denied.

### III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' Motion for Leave to Amend First Amended Complaint.

Respectfully submitted this 13th day of April, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: /s/ G. Patrick Civille
G. PATRICK CIVILLE

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*