<sup>1</sup>
VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant California Pacific Technical Services LLC*

**FILED**
DISTRICT COURT OF GUAM
APR 13 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**DEFENDANT CALPAC'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT AND NOTICE OF JOINDER TO VERIZON'S SUPPLEMENTAL OPPOSITION** |

### INTRODUCTION

Pursuant to this Court's order dated March 30, 2007, Defendant California Pacific Technical Services, LLC ("CalPac") joins Verizon's Supplemental Opposition and submits its supplemental opposition to Plaintiffs' Motion to Amend First Amended Complaint.

//

## BACKGROUND

This law suit was commenced on December 12, 2005. Thirteen Plaintiffs are claiming damages under 42 U.S.C. § 2000e, *et seq.* against numerous defendants. The alleged events supporting their claims purportedly took place in the latter part of 2004 over a period of time.

Larry Charfauros now wishes to add a claim for assault against John Healy for an event which purportedly took place in October 18, 2006. There is no allegation that Mr. Healy was acting on behalf of CalPac or any other defendant. The October, 2006 incident does not appear to arise out of the same nucleus of operative facts.

On April 10, 2007, this Court granted Mr. Healy and William Ward's request for summary judgment. Through this Court's order, there is no longer a claim against Mr. Healy, in his personal or individual capacity.

## ARGUMENT

Through the filing of their proposed Second Amended Complaint, the Plaintiffs are alleging that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Subsection (a) of § 1367 states:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form **part of the same case or controversy** under Article III of the United

States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. [Emphasis added.]

CalPac submits that Mr. Charfauros' claim of assault against Mr. Healy does not form a part of the Title VII claim or controversy against the remaining defendants especially since the purported assault took place more than a year and a half after the Title VII claims arose.

Assuming this Court may have jurisdiction to hear the assault allegations, CalPac respectfully requests this Court decline to exercise supplemental jurisdiction pursuant to Subsection (c) of § 1367 which states:

> **(c)** The district courts **may decline** to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) **the district court has dismissed all claims over which it has original jurisdiction, or**
> (4) in exceptional circumstances, **there are other compelling reasons** for declining jurisdiction.
> [Emphasis added.]

Since this Court dismissed all claims against Mr. Healy and Mr. Ward in their personal capacities, CalPac submits this Court has no original jurisdiction over them. Further, since there is nothing to prevent Mr. Charfauros from filing his claim in the Superior Court of Guam which would not include all the current

//

parties, this Court should decline to exercise supplemental jurisdiction.

## CONCLUSION

For the reasons mentioned above, CalPac respectfully submits that Plaintiffs' Motion to Amend First Amended Complaint should be denied.

**RESPECTFULLY SUBMITTED** this 13th day of April, 2007.

**BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION**

BY: _____
**VINCENT LEON GUERRERO**
*Attorneys for Defendant California Pacific Technical Services LLC*

```
V49\08130-03
G:\WORDDOC\PLD\VLG\176A-SUPPL OPPO TO MTN TO AMEND 1ST AMEND
COMPL RE VAN METER V CALPAC CIV05-037.DOC
```