ALISHA L. MOLYNEUX
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant California Pacific Technical Services LLC*



FILED
DISTRICT COURT OF GUAM
MAY 17 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**MOTION TO COMPEL DEPOSITION OF PLAINTIFF LARRY L. CHARFAUROS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL** |

Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES LLC** ("**CALPAC**"), pursuant to Federal Rule of Civil Procedure 37(d), moves this Court for an Order (1) compelling Plaintiff **LARRY L. CHARFAUROS** to appear for his deposition upon oral examination under Rule 30; and (2) establishing further sanctions in the event that **LARRY L. CHARFAUROS** fails to comply with this Order.

Defendant bases this Motion for Order to Compel Deposition on the following Memorandum of Points and Authorities, the attached Affidavit in Support of the Motion and the attached Invoice and Affidavit in Re: Deposition of Larry Charfauros.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

This case involves a claim by Plaintiffs against Defendants under Title VII of the Civil Rights Act alleging that they were discriminated against in their terms and conditions of employment. Defendant CALPAC denies all allegations. Plaintiffs originally filed suit on December 12, 2005. The initial Scheduling Order and Discovery Plan was signed by Honorable Joaquin V.E. Manibusan, Jr., on May 30, 2006, imposing a discovery cut-off date of February 23, 2007 and a trial date of June 18, 2007. On February 6, 2007, the parties stipulated and the Court ordered the Scheduling Order and Discovery Plan to be amended. The current discovery cut-off date is May 24, 2007.

Defendant CALPAC, duly noticed the Deposition of Plaintiff **LARRY L. CHARFAUROS** ("**Charfauros**") on three separate occasions. Copies of the Notices are attached to the Affidavit in Support of the Motion to Compel as Exhibits A, B, and C. For each deposition, CALPAC attempted to get prior agreement concerning the scheduling. No objections were stated prior to the filing of the notices. Although Charfauros' counsel appeared, Plaintiff Charfauros repeatedly failed to show up. Also attached to this

- 2 -

Memorandum is the Invoice and Affidavit of Non-Appearance by court reporter Cecilia Flores as Exhibit D. Ms. Flores certifies that Charfauros did not appear and that counsel for CALPAC stated that May 14, 2007, is the third time that Charfauros has not attended the noticed deposition.

## I. THE COURT SHOULD ORDER PLAINTIFF CHARFAUROS TO APPEAR TO HIS DEPOSITION

CALPAC asks this Court to order Plaintiff Charfauros to appear at his scheduled deposition and in the event that Charfauros fails to follow the Court's order, that he be sanctioned with dismissal of his claim. Federal Rule of Civil Procedure 37(d) provides:

> **(d) Failure of Party to Attend at Own Deposition**
> . . . If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Here, Plaintiff Charfauros failed to appear before the officer to take his deposition after being served proper notices three times by Defendant CALPAC. The Court should make an order that Plaintiff Charfauros attend his own deposition for reasons of justice under FRCP 37(d). In *In re Honda*, the District Bankruptcy Court of Hawaii, citing the Ninth Circuit, held, "The notice for

Case 1:05-cv-00037   Document 264   Filed 05/17/2007   Page 3 of 7

taking deposition is sufficient to compel the attendance of a witness who is a party to the action." *Farquhar v. Shelden,* 116 F.R.D. 70 (E.D.Mich.1987); *Continental Federal Savings and Loan Ass'n. v. Delta Corp.,* 71 F.R.D. 697 (W.D.Okla.1976); *Collins v. Wayland,* 139 F.2d 677 (9th Cir.1944), cert. denied, (1989). In addition, in *Lee v. Walters,* the District Court of Oregon discusses FRCP 37(d) at length and strictly finds that a party must attend her duly noticed deposition:

> Sanctions are *mandatory* for failure to attend a noticed deposition or . . . unless the court finds that the failure was 'substantially justified or that other circumstances make an award of expenses unjust . . . . The burden of establishing substantial justification is on the party being sanctioned." 172 F.R.D. 421, 425 (D.Ore. 1997), citing *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group,* 55 F.3d 463, 466 (9th Cir. 1995).

The court also stated, "FRCP 37(d) requires a party to attend a deposition "unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." *Id.* at 425.

Here, Plaintiff Charfauros does not have a pending motion for a protective order and has no excuse for failing to attend his duly noticed deposition. Charfauros has also provided no substantial justification as required under FRCP 37(d) for failing to attend his deposition. Charfauros has simply not appeared at his deposition and has provided no valid reasons for his failure to attend. The discovery cut-off date is set for May 24, 2007, in one mere week. The Court should order that

- 4 -

Plaintiff Charfauros attend the next scheduled deposition by Defendant CALPAC.

## II. THE COURT SHOULD SANCTION PLAINTIFF CHARFAUROS WITH DISMISSAL OF HIS CLAIM IF HE DOES NOT OBEY THE COURT ORDER

Assuming this Court grants CALPAC's request for a court ordered deposition and if Plaintiff Charfauros does not follow the court order to attend his own deposition, Defendant CALPAC asks the court to sanction Charfauros as justice requires. FRCP 37(b)(2) further provides:

> **(2) Sanctions by Court in Which Action is Pending.** If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> **(A)** An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

In *Lew v. Kona*, the Ninth Circuit strictly applies FRCP 37(d) in severely imposing sanctions for a party's failure to appear to her deposition:

> The Advisory Committee Notes to Rule 37(d) themselves indicate that the failure to appear need not be willful. Rather, the Notes emphasize the discretion of the trial judge in deciding which sanctions to impose: . . . even a negligent failure

- 5 -

should come within Rule 37(d). . . . (Citations omitted.) See also *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978) (even negligent failure to allow reasonable discovery may be punished). This circuit has upheld a sanction as severe as dismissal for failure to comply with discovery orders. See, e.g., *Sigliano v. Mendoza,* 642 F.2d 309, 310 (9th Cir. 1981) (dismissal for failure to answer interrogatories); *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (dismissal for willful failure to attend deposition), cert. denied, 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965); *Fong v. United States*, 300 F.2d 400, 409 (9th Cir.) (entry of default judgment for failure to resume depositions), cert. denied, 370 U.S. 938, 82 S.Ct. 1584, 8 L.Ed.2d 807 (1962). See also *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979) (dismissal for failure to attend deposition). Other courts have specifically approved the award of attorneys' fees and costs to a party when the other party fails to appear for its own deposition. See *Weigel v. Shapiro*, 608 F.2d 268, 272 (7th Cir. 1979) (failure to answer any questions at deposition treated as failure to appear and expenses awarded accordingly); *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518 (D.Md. 1984) (plaintiff's financial indigency did not excuse her from liability for costs and fees for failure to attend properly noticed deposition); *Bray v. Memphis State University*, 88 F.R.D. 90, 91 (W.D.Tenn. 1980) (plaintiff ordered to pay opposing counsel's travel costs and court reporter's fees for failure to attend her deposition); *Bergeron v. Leo Inns, Inc.*, 87 F.R.D. 486, 486-87 (M.D.Pa. 1980) (although plaintiff also at fault for providing inadequate notice of deposition, defendant ordered to pay plaintiff's fees for failure to appear). 754 F.2d 1420 (9th Cir. 1985).

Plaintiff Charfauros should be sanctioned with dismissal of his claim if he does not attend a court-ordered deposition. Case law shows that the Ninth Circuit has no reservations in dismissing a party's claim for failing to attend its own deposition. Defendant CALPAC can not properly defend the lawsuit unless it has all discovery materials before it, which includes all testimony by the thirteen plaintiffs who have brought the lawsuit. CALPAC must be aware of the facts on which the

- 6 -

plaintiffs are basing their claims. If Plaintiff Charfauros disobeys the Court's order, the Court should issue an order refusing him to support his claim, dismiss his claim entirely, or prohibit him from producing evidence about his claim.

## CONCLUSION

CALPAC respectfully asks this Court to order Plaintiff Charfauros to attend a court-ordered deposition for reasons of justice and due to the imminent discovery cut-off date. CALPAC can not properly defend itself unless all plaintiffs are deposed before the discovery cut-off date and the discovery motions deadline. In the event that Plaintiff Charfauros disobeys the Court and does not attend a court-ordered deposition, CALPAC asks that the Court sanction Charfauros by dismissing his claim or any other just result that the Court finds appropriate.

**DATED** this 17th day of May, 2007.

**BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION**

BY: *Alisha Molyneux*
**ALISHA L. MOLYNEUX**
*Attorneys for Defendant California Pacific Technical Services LLC.*

Q68\08130-03
G:\WORDDOC\PLD\ALM\C03-MTN TO COMPEL DEPOSITION OF L
CHARFAROU RE VAN METER V CALPAC CIV05-037 2.DOC