VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant California Pacific Technical Services LLC*



FILED
DISTRICT COURT OF GUAM
JUN -7 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**DEFENDANT CALPAC'S OPPOSITION TO MOTION FOR SANCTIONS AND MOTION TO STRIKE** |

### INTRODUCTION

Defendant Dynamic Technical Services ("DTS") complains that co-defendant California Pacific Technical Services, LLP ("CalPac") failed to follow this Court's local rule to "make every reasonable effort to stipulate" to the time and place of a deposition of one of the thirteen Plaintiffs, Larry Charfauros ("Charfauros"). Based on this misapprehension, DTS filed two separate motions - (1) a motion for monetary sanctions against

ORIGINAL

CalPac, and (2) a motion to strike the deposition of Charfauros and extend the deadline to conduct discovery. Inasmuch as DTS' motion for sanctions is contingent on DTS' motion to strike, CalPac submits one opposition to both motions.

**PROCEDURAL BACKGROUND**

This case was commenced through the filing of the Plaintiffs' complaint on December 12, 2005. Prior to the filing of an answer by any of the defendants, Plaintiffs filed their First Amended Complaint on February 24, 2006. In response to the First Amended Complaint, DTS timely filed its answer on April 21, 2006. CalPac timely filed its answer on May 1, 2006.

On May 30, 2006 this Court entered its scheduling order and discovery plan. Through the May scheduling order, discovery cut-off was set for February 23, 2007. On October 16, 2006, DTS filed its motion for summary judgment asserting that the Plaintiffs' claims were time barred. On October 20, 2006, the Plaintiffs moved to enlarge time and to continue the discovery deadlines. None of the appearing parties opposed the Plaintiffs' motion to extend the discovery deadlines. Notwithstanding the parties' non-opposition, on October 25, 2006 this Court denied plaintiffs' motion to change the discovery deadlines. Later on December 16, 2006, this Court denied DTS' motion for summary judgment.

In January, 2007, CalPac started noticing the depositions of the Plaintiffs. On February 8, 2007, this Court amended the

scheduling order. As a result of the amended scheduling order, the discovery deadline was moved from February 23, 2007 to May 24, 2007. In an effort to accommodate various scheduling conflicts and no shows, some depositions were noticed and re-noticed. At no time has DTS noticed a deposition of any plaintiff.

Concerning Charfauros, there is no dispute that CalPac properly noticed the deposition of Charfauros on three separate occasions and that Charfauros failed to attend those depositions. Because of the impending discovery deadline, CalPac moved to compel the deposition of Charfauros on May 17, 2007[1]. DTS joined in CalPac's motion.

Perhaps in response to CalPac's motion to compel, on May 22, 2007, the Plaintiffs informed CalPac and DTS that Charfauros would be available on the discovery cut-off of May 24, 2007. See Exhibit "A" attached to Declaration of Vincent Leon Guerrero.[2] On the same day, CalPac informed the Plaintiffs and DTS that it would notice the deposition of Charfauros for May 24, 2007. See Exhibit "B" attached to Declaration of Vincent Leon Guerrero. On May 22, 2007, DTS claimed that two days notice was insufficient.

---

[1] CalPac did not ask for sanctions. Rather, CalPac merely asked for assurances that Charfauros would be deposed or be subjected to later sanctions under Rule 37(d).

[2] Attached to DTS' Motion for Sanction and Motion to Strike Notice of Intention to take Deposition were Exhibits containing email chains. CalPac's Exhibit "A," however, conveniently was omitted apparently to bolster DTS' allegation that CalPac made no effort to stipulate with other counsel.

- 3 -

See Exhibit "B" attached to Declaration of Vincent Leon Guerrero. On May 23, 2007, the Plaintiffs agreed that they would provide the parties with an opportunity to depose Charfauros, but further stated they had no objection to deposition of Charfauros on the deadline to conduct discovery. See Exhibit "C" attached to Declaration of Vincent Leon Guerrero. CalPac then restated that it would proceed with the deposition of Charfauros on 24th since there was no court order extending the deadline for discovery. See Exhibit "C" attached to Declaration of Vincent Leon Guerrero.

Throughout the discovery phase of this case, CalPac reminded the parties that it would adhere to the scheduling order in place unless a stipulation signed by the court was in place. See Exhibits "C" "D" and "E" attached to Declaration of Vincent Leon Guerrero. At no time did any party attempt to obtain an extension to the current deadline for discovery.

On the deadline to conduct discovery, CalPac deposed Charfauros. No one from the Carlsmith office DTS' local counsel attended. Rather, an attorney from the Carlsmith office proceeded to file the current motions on the same date. Inasmuch as Charfauros was deposed, CalPac withdrew its motion to compel deposition of Charfauros on May 30, 2007. Around June 1st and 2nd of 2007, DTS and the plaintiffs exchanged email messages. A copy of the messages are attached as Exhibit "F" to Declaration of Vincent Leon Guerrero. It appears the plaintiffs have no objection to making Charfauros available for deposition. Around

- 4 -

June 6th and 7th, DTS and CalPac exchanged emails concerning hearing date of the current motions. A copy of the messages are attached as Exhibit "G" to Declaration of Vincent Leon Guerrero. No meeting pursuant to LR 37.1 took place or was requested. No request for hearing date was filed with DTS' motions.

## LAW

DTS claims that CalPac violated LR 30.1(b) of this Court's local rules which would entitle DTS to an extension of the discovery cutoff (or at the very least an opportunity to depose Charfauros after the cut-off date). Absent, however, is any authority to support its contention that all discovery should be re-opened. LR 30.1(b) states "[a]ttorneys will make every reasonable effort to stipulate to the exact times and places for the commencement and resumption of all depositions." (Emphasis added.) Thus contrary to DTS' contention that CalPac was required obtain DTS' approval, all that was required was reasonable attempts to stipulate. As will be shown below, CalPac's actions were reasonable under the circumstances.

First and foremost, it must be pointed out that DTS did not schedule or attempt to schedule a deposition of any plaintiff. Every deposition of a plaintiff was taken through the initiative of CalPac. CalPac paid for the original transcript fees of each plaintiff. It was CalPac who attempted to schedule the

//
//

depositions and made accommodations to re-schedule depositions when unforeseen scheduling conflicts would later occur.[3]

A review of the current scheduling order reveals that that the deadline to respond to discovery was May 24, 2007. Prior to the current scheduling order taking effect, Plaintiffs attempted to extend the deadline for discovery and encountered no opposition. Plaintiffs' request, however, was denied evidencing that amending a scheduling order is not automatic.

DTS' allegation that "CalPac has made no effort whatsoever to stipulate with other attorneys" is wrong. DTS, itself, concedes that the three depositions that Charfauros failed to attend were properly noticed. As can be gleaned from the exhibits attached to the Declaration of Vincent Leon Guerrero (that were omitted from DTS' motion), Plaintiffs offered to provide Charfauros prior to the cut-off. CalPac accepted their invitation and relayed its intent to all parties two days prior to the discovery cut-off.

CalPac anticipates that DTS will argue that Plaintiffs agreed to provide Charfauros after the cut-off date. Such offer, however, is not be enforceable since no motion or stipulation was filed extending discovery signed by a judge. See GR 3.1(a) which

---

[3] Through DTS' email dated May 23, 2007, DTS suggested that CalPac put the burden on Plaintiffs to file a motion to allow the deposition to proceed after the cut-off. Rather than file the instant motions, DTS should have obtained the court order concerning Charfauros' deposition through stipulation or motion. If an order were obtained, this dispute would have been avoided.

states: "stipulations will be recognized as binding only when made in open court or filed in the cause. Written stipulations shall not be effective unless approved by the judge." (Emphasis added.)

CalPac also anticipates that DTS will claim that DTS' lawyers were not available on short notice since its attorneys were off-island. Two days prior to the cut-off, DTS knew or should have known that a court order would be required. On short notice, a motion for sanctions and a separate motion to strike were filed with this Court. If DTS were really concerned, its local counsel (i.e. the Carlsmith office) should have taken the initiative and obtained the proper stipulations that CalPac and local rules required.

It is curious that DTS is requesting, among other things, that the discovery cut-off be extended. CalPac opposes such a request since it endeavored to complete discovery within the time agreed by all parties and ordered by court. It is also curious that DTS is requesting that CalPac pay for the deposition costs. [4]

**CONCLUSION**

CalPac has been nothing but reasonable during the entire discovery process. Faced with the impending discovery cut-off

---

[4] Since the initial draft of this opposition, CalPac has received email messages from DTS and the plaintiffs concerning the deposition of Charfauros. It appears that the plaintiffs have no objection to Charfauros being deposed once again. If the Court is willing, CalPac has no objection. CalPac, however, objects to the deposition being a continuation of CalPac's deposition unless, DTS or the plaintiffs are willing to pay for the costs associated with such deposition.

- 7 -

and Charfauros' late agreement to present himself for a deposition, CalPac did everything reasonably necessary to notice Charfauros' deposition. It appears that DTS was merely trying to ride the coattails of CalPac by waiting for CalPac to arrange deposition dates of the plaintiffs so that DTS would not have to shoulder the costs of such arrangement.

As a technical matter, DTS failed to follow L.R. 37.1 which requires the lawyers to meet in person in good faith prior to the filing of any discovery motion. DTS also failed to request a hearing date (which would alter the deadline to respond to its motions) pursuant to L.R. 7.1. Simply stated, DTS can not pick and choose which rules to follow and then request sanctions be awarded for what DTS perceives to be violations against them.

CalPac respectfully requests that this Court deny DTS' Motion to Strike and Motion for Monetary Sanctions.

**RESPECTFULLY SUBMITTED** this 7th day of June, 2007

        **BLAIR STERLING JOHNSON**
        **MARTINEZ & LEON GUERRERO**
        A PROFESSIONAL CORPORATION

BY: *[signature]*
        **VINCENT LEON GUERRERO**
        *Attorneys for Defendant California Pacific Technical Services LLC*

V63\08130-03
G:\WORDDOC\PLD\VLG\187-DEF OPPOSITION TO MTN FOR SANCT & MTN TO STRIKE RE CALPAC.DOC