ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services, Inc.*

FILED
DISTRICT COURT OF GUAM
JUN 18 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>DEFENDANT DYNAMIC TECHNICAL SERVICES' **MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS** AND MEMORANDUM IN SUPPORT OF MOTION |

ORIGINAL

## DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION
## FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, Inc. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, files this Motion for Summary Judgment as to all claims asserted by all Plaintiffs. This Motion is made upon the attached memorandum, the record in this case, and argument presented by counsel at the hearing.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Technical Services respectfully requests this court to enter and order dismissing all of Plaintiffs' claims against DTS and for such further relief to which DTS shows itself justly entitled.

DATED this 18th day of June, 2007.

*(signature)*
ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Service, Inc.*

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375


Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br>DEFENDANT DYNAMIC TECHNICAL SERVICES' **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

# MEMORANDUM IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS

## I.
## INTRODUCTION

Defendant DTS moves this Court to dismiss all of the Plaintiffs' claims against DTS pursuant to Federal Rule of Civil Procedure 56(c), on the grounds that there is no evidence to support an essential element of Plaintiffs' cause of action. More specifically, there is no evidence that DTS qualifies as an "employer" as that term is defined under Title VII. Thus, DTS is entitled to summary judgment as a matter of law. DTS does not waive any of its other defenses in filing this motion, but this motion will focus only on the threshold number of employees required by the statute for Title VII to be applicable.

## II.
## STATEMENT OF FACTS

Plaintiffs Henry Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauto, and John P. Babauta (hereinafter collectively referred to as "Plaintiffs") filed this lawsuit on December 12, 2005. The Plaintiffs filed their First Amended Complaint on February 24, 2006. All of Plaintiffs' claims are filed under Title VII of the Civil Rights Act of 1964. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no evidence establishing that DTS has fifteen or more employees.

## III.
## STANDARD OF REVIEW

The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden of proof in a summary judgment proceeding is on the same party that would have the burden of proof at trial. *Id.* at 324. The movant is entitled to summary judgment when there is no genuine issue about any material fact. Fed. R. Civ. P. 56(c). A genuine issue if one that can be only resolved by the trier of fact because it may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A material fact is one that can affect the outcome of the suit under the governing substantive law. *Id.* When a defendant moves for summary judgment on the plaintiff's claim, it may show there is no evidence to support an essential element of the plaintiff's claim. *Celotex Corp.*, 477 U.S. at 325.

## IV.
## ARGUMENTS & AUTHORITIES

Congress has not extended Title VII liability to all employers. In order to be subject to liability for a hostile work environment under Title VII, a defendant must be an "employer" as the statute defines that term. An "employer" is a "person engaged in an industry affecting interstate commerce who has *fifteen or more employees…*" 42 U.S.C. § 2000e(b)(emphasis added).

"Under Rule 56(c) [of the Federal Rules of Civil Procedure], summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp.*, 477 U.S. at 322. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial. In such a situation, there can be 'genuine material issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. It is not necessary for the defendant to introduce evidence that negates the plaintiff's claim. *Id.* at 323.

Congress limited the definition of "employer" under Title VII to only include those having "fifteen or more employees." 42 U.S.C. § 2000e(b). In *Arbaugh v. Y & H Corp.*, the Supreme Court held that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief. 126 U.S. 1235, 1245 (2006). The Plaintiffs filed their Original Complaint on December 12, 2005. The discovery cut-off date in the Scheduling Order and Discovery Plan was May 24, 2007. Therefore, an adequate time for discovery has passed. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits demonstrate that Plaintiffs have no evidence to establish the element of the threshold number of employees for the application of Title VII to Defendant DTS. There is no genuine issue as to any material fact, since the Plaintiffs have no proof concerning an essential element of the Plaintiff's case which renders all other facts immaterial. *See Celotex Corp.*, 477 U.S. at 322-23. Since all of Plaintiffs' claims are brought under Title VII, DTS is entitled to summary judgment as a matter of law on all of Plaintiffs' claims.

## V.
## CONCLUSION

Despite an adequate time for discovery, there is no evidence that DTS has fifteen or more employees. Therefore, Plaintiffs have failed to establish an essential element of their causes of action against DTS, and DTS is entitled to summary judgment as a matter of law.

DATED this 18th day of June, 2007.

*[signature: Elyze J McDonald]*
ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Service. Inc.*