ORIGINAL

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services.*



FILED
DISTRICT COURT OF GUAM
JUL 03 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' REQUEST FOR HEARING DATE ON DEFENDANT DYNAMIC TECHNICAL SERVICES MOTION FOR SUMMARY JUDGMENT** |

## DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' REQUEST FOR HEARING DATE ON DEFENDANT DYNAMIC TECHNICAL SERVICES MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, Inc. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this Response to Plaintiffs Request for Hearing Date on DTS' Motion for Summary Judgment as to all claims asserted by all Plaintiffs and in support thereof respectfully would show unto the Court the following:

1. On June 18, 2007, DTS filed its Motion for Summary Judgment Against All Plaintiffs pursuant to Federal Rule of Civil Procedure 56(c), on the grounds that there is no evidence to support an essential element of Plaintiffs' cause of action. More specifically, there is no evidence that DTS has fifteen employees and qualifies as an "employer" as that term is defined under Title VII, entitling DTS to summary judgment as a matter of law. DTS did not request a hearing on its Motion for Summary Judgment.

2. Pursuant to LR 7.1(d)(2)(A) of the Local Rules of Practice for the District Court of Guam, since DTS did not request a hearing date on its Motion for Summary Judgment, the Plaintiffs had "fourteen (14) days from the date of the filing of the Motion to serve and file an Opposition." In the present case, the Plaintiffs were required to file an Opposition by July 2, 2007. The Plaintiffs have not filed any Opposition to DTS' Motion for Summary Judgment.[1]

3. Rather than filing their Opposition to DTS' Motion for Summary Judgment as required by LR 7.1(d)(2)(A), the Plaintiffs filed a request for hearing date. It is also noteworthy that the Plaintiffs sat on DTS' Motion for Summary Judgment for two weeks and waited until the

---

[1] Pursuant to LR 7.1(f): "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be." As such, Plaintiffs should be deemed to have consented to the Motion for Summary Judgment and DTS should be granted Summary Judgment as to all claims by all Plaintiffs.

day their Opposition was due to request a hearing on this date. In their Request for Hearing, the Plaintiffs do not cite any reason why a hearing is required to be held on DTS' Motion for Summary Judgment.

4. The Court should, in its discretion, deny Plaintiffs' request for oral argument on DTS' Motion for Summary Judgment pursuant to LR 7.1(e)(1). Oral argument is not required for DTS' Motion for Summary Judgment by statute or the Federal Rules of Civil Procedure. Furthermore, DTS' Motion for Summary Judgment is based upon one issue: Whether there is any evidence to demonstrate that DTS has enough employees to qualify as an "employer" under Title VII. Congress limited the definition of "employer" under Title VII to only include those having "fifteen or more employees." 42 U.S.C. § 2000e(b). In *Arbaugh v. Y & H Corp.*, the Supreme Court held that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief. 126 U.S. 1235, 1245 (2006). Therefore the only issue before the Court in DTS' Motion for Summary Judgment is whether or not the Plaintiffs have any evidence to establish the element of the threshold number of employees for the application of Title VII to DTS. Oral argument is not required, nor is it necessary for this single issue in Defendants' Motion for Summary Judgment. Therefore, the Court should, in its discretion, deny Plaintiffs Request for Hearing Date and DTS' Motion for Summary Judgment should proceed according to the briefing schedule set out in LR 7.1(d)(2).

5. For the foregoing reasons, Defendant DTS requests this Court deny Plaintiffs' Request for Hearing Date on DTS' Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Technical Services respectfully requests this court to deny Plaintiffs' Request for Hearing Date, enforce the briefing schedule set forth in LR 7.1(d)(2), and grant DTS' Motion for Summary Judgment and enter

order dismissing all of Plaintiffs' claims against DTS and for such further relief to which DTS shows itself justly entitled.

DATED this 3rd day of July, 2007.

*[signature]*
ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*