**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' REPLY TO DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFF'S REQUEST FOR HEARING DATE ON DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR SUMMARY JUDGMENT** |

Before this Honorable Court come Plaintiffs, respectfully submitting their Reply to Defendant Dynamic Technical Services' Response to Plaintiffs' Request for Hearing Date on Defendant Dynamic Technical Services' Motion for Summary Judgment Against All Plaintiffs.

Defendant Dynamic Technical Services ("DTS") opposes Plaintiffs' request for a hearing date on DTS' summary judgment motion. Regardless of DTS' opposition, LR 7.1(e)(2) provides that "either party" may request a hearing date, or oral argument, on a motion. Therefore, Plaintiffs were completely within their rights to request a hearing date on DTS' motion for summary judgment, a dispositive motion that seeks judgment against all 13 Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

1

As LR 7.1(e)(2) requires the party seeking a hearing to consult with other parties on selecting a date for oral argument, Plaintiffs' counsel spoke with an attorney for DTS and informed her that Plaintiffs would be filing a Request for Hearing Date on DTS' summary judgment motion on July 2, 2007. (Lujan Decl. ¶ 2.) After checking the availability of the Court, Plaintiffs proposed to DTS dates and times for the hearing and asked if DTS would agree to any of these dates and times. (Id. ¶ 3.) DTS' counsel indicated that although she herself would not be available on the proposed dates, her off-island co-counsel might be available. (Id. ¶ 4.) DTS' counsel informed Plaintiffs that she would consult with off-island co-counsel and inform Plaintiffs by the following day whether the proposed dates were agreeable. (Id. ¶ 5.) DTS at no time on July 2, 2007, informed Plaintiffs that it would oppose Plaintiffs' Request for Hearing. (Id. ¶ 6.) Instead, Plaintiffs were led to believe that they would be told the following day what dates would be agreeable for a hearing. (Id.) On July 3, 2007, DTS, instead of informing Plaintiffs whether it would be available on the proposed hearing dates, filed a response in opposition to Plaintiffs' Request for Hearing Date on DTS' summary judgment motion. (Id. ¶ 7.)

In DTS' Response, DTS faults Plaintiffs for not citing any reason why a hearing is required on DTS' motion. (DTS' Response ¶ 3.) However, no explanation is required under LR 7.1(e)(2). DTS itself has recognized that no reason for a request for hearing need be provided. In DTS' Non-Agreement of Hearing Date; Request for Hearing Date; Declaration of Service, filed herein June 12, 2007, DTS provided the Court with no reason or explanation in support of its request for oral argument on its discovery motions. Therefore, the fact that no reason for a hearing was expressly stated by Plaintiffs in no way diminishes their Request for Hearing Date.

Nonetheless, Plaintiffs submit that a hearing on DTS' summary judgment motion would be appropriate. In the original proposed Scheduling Order and Discovery Plan submitted to the Court on May 23, 2006, the parties, including DTS, recognized that there would be oral argument

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

Case 1:05-cv-00037   Document 287   Filed 07/09/2007   Page 2 of 4

2

on dispositive motions. DTS' summary judgment motion is a dispositive one, as it seeks judgment against all 13 Plaintiffs on all claims regarding DTS. Such motions filed by the defendants in this case, which have the potential to dismiss Plaintiffs' claims, have all been argued orally before the Court, even in cases where a hearing date was not requested by a party. Therefore, Plaintiffs respectfully request that oral argument be set on DTS' latest dispositive motion which seeks to dismiss all of Plaintiffs' claims against it.

A hearing on DTS' summary judgment motion would not prejudice DTS. In fact, on June 29, 2007, DTS' counsel telephoned Plaintiffs' counsel and informed Plaintiffs that DTS would be filing a number of summary judgment motions very soon. (Id. ¶ 8.) DTS' counsel asked Plaintiffs' counsel whether Plaintiffs would agree to certain dates for the hearing on DTS' impending summary judgment motions. (Id. ¶ 9.) Plaintiffs stated that they had no problem with the proposed dates. (Id. ¶ 10.) On July 2, 2007, DTS' counsel again stated to Plaintiffs that it would be filing summary judgment motions against Plaintiffs. (Id. ¶ 11.) Plaintiffs engaged in further discussion regarding the hearing dates on these upcoming motions, along with DTS' current motion for summary judgment. (Id.) As the deadline to file dispositive motions is July 23, 2007, Plaintiffs' proposed September hearing dates would be able to also serve as oral argument dates for whatever dispositive motions the parties filed, including DTS' upcoming summary judgment motions. Thus, DTS will suffer no prejudice from a hearing on its summary judgment motion.

For all the above reasons, Plaintiffs respectfully request that the Court set oral argument on DTS' summary judgment motion.

/   /   /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

Case 1:05-cv-00037   Document 287   Filed 07/09/2007   Page 3 of 4

3

**RESPECTFULLY SUBMITTED** this 9th day of July, 2007.

                                                **LUJAN AGUIGUI & PEREZ** LLP

By: _____
        **DELIA LUJAN**
        *Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

Case 1:05-cv-00037  Document 287  Filed 07/09/2007  Page 4 of 4

4