ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

FILED
DISTRICT COURT OF GUAM
JUL 19 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>DEFENDANT DYNAMIC TECHNICAL SERVICES' **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS;** DECLARATION OF SERVICE |

ORIGINAL

# REPLY MEMORANDUM IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, Inc. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this Reply Memorandum[1] in Support of Motion for Summary Judgment as to all claims asserted by all Plaintiffs and in support thereof respectfully would show unto the Court the following:

## I.
## INTRODUCTION

1. On June 18, 2007, DTS filed its Motion for Summary Judgment Against All Plaintiffs pursuant to Federal Rule of Civil Procedure 56(c), on the grounds that there is no evidence to support an essential element of Plaintiffs' cause of action. More specifically, there is no evidence that DTS has fifteen employees and qualifies as an "employer" as that term is defined under Title VII, entitling DTS to summary judgment as a matter of law. DTS did not request a hearing on its Motion for Summary Judgment.

2. Pursuant to LR 7.1(d)(2)(A) of the Local Rules of Practice for the District Court of Guam, since DTS did not request a hearing date on its Motion for Summary Judgment, the Plaintiffs had "fourteen (14) days from the date of the filing of the Motion to serve and file an Opposition." In the present case, the Plaintiffs were required to file an Opposition by July 2, 2007. However, instead of filing an opposition on July 2, 2007, the Plaintiffs filed a request for a hearing date on DTS' Motion for Summary Judgment.

---

[1] This document is titled "Reply Memorandum" pursuant to the Local Rules and the Court's Order of July 6, 2007. However, since the Plaintiffs have not filed any Opposition to Defendant DTS' Motion for Summary Judgment, there is no opposition on which to reply. Defendant is filing this memorandum in support of its Motion for Summary Judgment pursuant to the deadline entered by the Court in its Order dated July 6, 2007.

3. On July 6, 2007, this Court entered an Order on Plaintiff's Request for a Hearing Date. The Court set DTS' Motion for Summary Judgment for hearing on August 16, 2007 and ordered the Plaintiff's to file their opposition by noon on July 13, 2007. The Plaintiffs has passed and they have not filed any opposition to DTS' Motion for Summary Judgment.

## II.
## STATEMENT OF FACTS

4. Plaintiffs Henry Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (hereinafter collectively referred to as "Plaintiffs") filed this lawsuit on December 12, 2005. The Plaintiffs filed their First Amended Complaint on February 24, 2006. All of Plaintiffs' claims are filed under Title VII of the Civil Rights Act of 1964. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no evidence establishing that DTS has fifteen or more employees. The discovery cut-off date in this case was May 24, 2007.

## III.
## STANDARD OF REVIEW

5. The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden of proof in a summary judgment proceeding is on the same party that would have the burden of proof at trial. *Id.* at 324. The movant is entitled to summary judgment when there is no genuine issue about any material fact. Fed. R. Civ. P. 56(c). A genuine issue if one that can

be only resolved by the trier of fact because it may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A material fact is one that can affect the outcome of the suit under the governing substantive law. *Id.* When a defendant moves for summary judgment on the plaintiff's claim, it may show there is no evidence to support an essential element of the plaintiff's claim. *Celotex Corp.*, 477 U.S. at 325.

6. "Under Rule 56(c) [of the Federal Rules of Civil Procedure], summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp.*, 477 U.S. at 322. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine material issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. It is not necessary for the defendant to introduce evidence that negates the plaintiff's claim. *Id.* at 323.

## IV.
## ARGUMENTS & AUTHORITIES

7. Congress has not extended Title VII liability to all employers. In order to be subject to liability under Title VII, a defendant must be an "employer" as the statute defines that term. An "employer" is a "person engaged in an industry affecting interstate commerce who has *fifteen or more employees*..." 42 U.S.C. § 2000e(b)(emphasis added).

8.  Congress limited the definition of "employer" under Title VII to only include those having "fifteen or more employees." 42 U.S.C. § 2000e(b). In *Arbaugh v. Y & H Corp.*, the Supreme Court held that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief. 126 U.S. 1235, 1245 (2006).

9.  The Plaintiffs filed their Original Complaint on December 12, 2005. The discovery cut-off date in the Amended Scheduling Order and Discovery Plan was May 24, 2007. Therefore, an adequate time for discovery has passed. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits demonstrate that Plaintiffs have no evidence to establish the element of the threshold number of employees for the application of Title VII to Defendant DTS. Since all of Plaintiffs' claims are brought under Title VII, DTS is entitled to summary judgment as a matter of law on all of Plaintiffs' claims.

10. The Plaintiffs' Opposition to DTS' Motion for Summary Judgment was due on July 2, 2007 pursuant to LR 7.1(d)(2)(A). The Plaintiffs were granted an extension to file their Opposition until July 13, 2007. A plaintiff may defeat a motion for summary judgment only if it shows that there are issues that are genuinely in dispute. *Anderson*, 477 U.S. at 247-48. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine material issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

Reply Memorandum in Support of Defendant DTS' Motion for Summary Judgment   Page 5 of 7
4814-0161-8177 1.059759-00001
Case 1:05-cv-00037   Document 299   Filed 07/19/2007   Page 5 of 7

11. The Plaintiffs have not filed any response to DTS' Motion for Summary Judgment. Therefore, the Plaintiffs have not produced any evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Since the Plaintiffs have produced no evidence concerning an essential element of their cause of action, there can be no genuine issue as to any material fact. Thus, DTS' is entitled to summary judgment as a matter of law.

12. The Plaintiffs have not filed any response to DTS' Motion for Summary Judgment. LR 7.1(f) states:

> Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be.

Plaintiffs' failure to file any response should be deemed by this Court as consent to the granting of DTS' Motion for Summary Judgment. Therefore, DTS' should be granted summary judgment.

## V.
## CONCLUSION

13. Despite an adequate time for discovery, there is no evidence that DTS has fifteen or more employees. The Plaintiffs did not file any Opposition to DTS' Motion for Summary Judgment. Therefore, the Plaintiffs have: (1) failed to establish a genuine issue of material fact as to an essential element of their cause of action; and (2) consented to DTS' Motion for Summary Judgment. Therefore, DTS is entitled to summary judgment as a matter of law.

DATED this 19th day of July, 2007.

*/s/ Elyze McDonald*
ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP

Reply Memorandum in Support of Defendant DTS' Motion for Summary Judgment
4814-0161-8177.1.059759-00001
Page 6 of 7

Case 1:05-cv-00037   Document 299   Filed 07/19/2007   Page 6 of 7

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on July 19, 2007, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST ALL PLAINTIFFS; DECLARATION OF SERVICE upon the following Counsels of record:

>Delia Sablan Lujan, Esq.
>**LUJAN, AGUIGUI & PEREZ, LLP**
>Suite 300, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam USA 96910
>Telephone: (671) 477-8064
>Facsimile: (671) 477-5297
>Attorneys for Plaintiffs Henry G. Van Meter, et al.

and

>Vincent Leon Guerrero, Esq.
>**BLAIR, STERLING, JOHNSON, MOODY,**
>**MARTINEZ & LEON GUERRERO, P.C.**
>Suite 1008, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam USA 96910
>Telephone: (671) 477-7857
>Facsimile: (671) 472-4290
>Attorneys for Defendant California Pacific Technical Services, LLC
>John Healy, and William Ward

Executed this 19th day of July 2007 at Hagåtña, Guam.

_____
ELYZE J. McDONALD