DISTRICT COURT OF GUAM

TERRITORY OF GUAM

HENRY G. VAN METER, *et al.*,

Plaintiffs,

vs.

CALPAC, *et al.*,

Defendant.

Civil Case No. 05-00037

**ORDER RE: DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on the Defendant's, Dynamic Technical Services' Motion for Summary Judgement. (Docket No. 281). The Defendant argues that because the Defendant does not meet the definition of an employer as defined in 42 U.S.C. § 2000e(b) by employing fifteen or more employees, it is entitled to summary judgment as a matter of law. The court has reviewed the Defendant's filings[1], as well as relevant caselaw and authority. For the reasons discussed herein, the Court hereby GRANTS the Defendants' motion.[2]

**I. BACKGROUND**

On December 12, 2005, this action was instituted by Henry G. Van Meter, Jerry T.

---

[1] The court notes that the Plaintiffs have failed to file any Opposition to the motion, despite this court allowing the Plaintiffs additional time to file one by July 13, 2007. *See* July 6, 2007 Order (Docket No. 286). The court notes that this is not the first time the Plaintiffs have failed to file a timely opposition. *See* May 18, 2006 Order (Docket No. 47).

[2] Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument. Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed to work on an installation project of underground cables in Guam, Defendant Calpac subjected them to a hostile work environment and discriminated against them based on their race (Pacific Islander/Chamorro), and national origin (Pacific Islander/Guamanian). In addition they were retaliated against for engaging in protected activity.

In their complaint, the Plaintiffs named as Defendants, Calpac, Dynamic Technical Services ("DTS"), MCI[3], John Healy, allegedly the owner of Calpac, Dennis Clark, allegedly the manager or supervisor employed by DTS, William Ward, allegedly the general manager of Calpac, and Jai James, allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform installation of underground cables in Guam and MCI hired DTS to supervise or oversee the installation of underground cables in Guam performed by Calpac.

## II. DISCUSSION

The Defendant now moves this court to grant summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

---

[3] By court order MCI was dismissed. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC were substituted in MCI's place. *See* Docket No. 72.

The Defendant insists that the Plaintiffs' suit must fail because DTS is not an "employer" as that term is defined by 42 U.S.C. § 2000e(b). Whether DTS constitutes an "employer" within the definition of Title VII is a threshold jurisdictional issue. *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1359 (11th Cir.1994). Under Title VII an employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C.A. § 2000e(b). The burden is on the Plaintiffs, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Based upon the failure of the Plaintiffs to show otherwise, there is no evidence that DTS satisfies the definition of an employer pursuant to 42 U.S.C.A. § 2000e(b).[4] Accordingly, the court finds it does not have jurisdiction over this matter.

### III. CONCLUSION

Despite the passage of two years and opportunity for discovery, the Plaintiffs have failed to present any evidence showing that the Defendant is an employer as defined by 42 U.S.C.A. § 2000e(b). Unfortunately, without excuse, the Plaintiffs have failed to file an opposition to the motion. Accordingly, the Defendant is entitled to summary judgment as a matter of law.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
 **Chief Judge**
 **Dated: Jul 30, 2007**

---

[4] As noted, the Plaintiffs have failed to file an opposition to the motion. Local Rule 7.1 provides:

> Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be.