**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
**DISTRICT COURT OF GUAM**

AUG - 6 2007

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>                Plaintiffs,<br><br>    -vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>                Defendants. | CIVIL CASE NO. 05-00037<br><br><br>**DECLARATION OF ROLAND F. MENDIOLA IN SUPPORT OF OPPOSITION TO DEFENDANT CALPAC'S MOTION FOR SUMMARY JUDGMENT** |

I, ROLAND F. MENDIOLA, hereby declare and state as follows:

1.  I am a plaintiff in this matter.

2.  I am Chamorro/Pacific Islander and I am from Guam.

3.  I was employed by Defendant Calpac from approximately April 2004 to December 2004, when I was terminated.

4.  During this period, I worked on an MCI project where Dennis Clark ("Clark") acted as a supervisor, superior to myself.

5.  Clark supervised the work of myself, my co-workers, and my immediate supervisors.

6. While I worked on the MCI project, Clark on at least two occasions called me and some co-workers "island monkeys" or "monkeys," which I found to be extremely offensive and uncalled for.

7. On at least one occasion, Clark called me an "island monkey" or "monkey" while I was laboring under harsh conditions, trenching under the hot sun.

8. On at least one other occasion, Clark called me and other Chamorro/Pacific Islander co-workers "island monkeys" or "monkeys" while screaming furiously about the work being performed on the project.

9. Each time after Clark called me and other co-workers "island monkeys" or "monkeys," my co-workers and I were extremely upset, demoralized, and humiliated, especially to be insulted and degraded by a person who was understood by the workers to be the highest-ranked supervisor on the field. In fact, everyone, including myself, was so outraged by Clark that we were close to revolt.

10. My co-workers and I were so upset and disgusted that, soon after each incident, we complained to Calpac supervisors about the maltreatment by Clark.

11. Besides being directly called an "island monkey" or "monkey" by Clark on at least two separate occasions, I heard from other co-workers, who were Chamorro/Pacific Islanders, while working on the MCI project, that they also were referred to as "island monkeys" or "monkeys" on other occasions.

12. Since being called an "island monkey" or "monkey" by one of my highest-ranking superiors on at least two separate occasions and hearing that other co-workers were also being referred to as "island monkeys" or "monkeys," it was very difficult for me to continue to go to work, especially since I would become very upset and disturbed whenever I would see Clark on the jobsite and it appeared that nothing was being done

by my superiors to discipline Clark or otherwise remedy and prevent the discrimination I suffered.

13. Shortly after the "island monkey" incidents and my complaints, Calpac instituted a new policy involving time cards, where an employee would know if he still had a job if he saw his timecard in the morning upon checking in each day. If the timecard was not there, then the employee would know he was fired.

14. The timecard policy further aggravated employment conditions as every morning after that I would worry if I had a job at Calpac.

15. On or around December 7, 2004, I was terminated for the stated reason that the MCI project was near completion.

16. However, I do not believe I was terminated for that reason since, at the time of my termination, the MCI project was far from complete and would not be completed for several months.

17. I believe I was terminated because of the complaints I made regarding the discrimination and hostile work environment I suffered under Clark, which Calpac condoned through its inaction or ineffective actions to stop and prevent the discrimination and hostile work environment. I believe this for the additional reason that other co-workers who complained about the harassment and hostile work environment were also terminated around the same time as me despite the fact that the MCI project was nowhere near finished.

18. I have never witnessed or heard of Clark being scolded or disciplined in any way or thrown off a job site due to his "island monkey" or "monkey" comments.

19. I do not recall Clark referring to non-Chamorros or non-Pacific Islanders as "monkeys" or "island monkeys."

20. As a result of Clark's comments and conduct and Calpac's failure to appropriately address the situation, my self-esteem significantly lowered and I felt that Calpac agreed with Clark's comments that I am an "island monkey."

21. As a result of the discrimination I suffered, I filed charges with the Equal Employment Opportunity Commission against Calpac, Dynamic Technical Services, and MCI.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _5th_ day of August, 2007, in Hagåtña, Guam.

ROLAND F. MENDIOLA