LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

AUG - 6 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs, <br> -vs- <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br> **DECLARATION OF JOHN P. BABAUTA IN SUPPORT OF OPPOSITION TO DEFENDANT CALPAC'S MOTION FOR SUMMARY JUDGMENT** |

I, JOHN P. BABAUTA, hereby declare and state as follows:

1. I am a plaintiff in this matter.

2. I am Chamorro/Pacific Islander and from Guam

3. I was employed by Defendant Calpac from approximately October 2004 to May 2005, when I was terminated.

4. During this period, I worked on an MCI project where Dennis Clark ("Clark") acted as a supervisor, superior to myself.

5. Clark supervised the work of myself, my co-workers, and my immediate supervisors.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

1

Case 1:05-cv-00037   Document 378   Filed 08/06/2007   Page 1 of 4

6. While I worked on the MCI project, Clark on at least one occasion called me and some co-workers "island monkeys" or "monkeys," which I found to be extremely offensive and uncalled for.

7. Clark called me an "island monkey" or "monkey" while I was laboring under harsh conditions, trenching under the hot sun.

8. After he called me and other co-workers "island monkeys" or "monkeys," my co-workers and I were extremely upset, demoralized, and humiliated, especially to be insulted and degraded by a person who was considered by the workers to be the highest-ranked supervisor on the field. In fact, everyone, including myself, was so outraged by Clark that were close to revolt.

9. My co-workers and I were so upset and disgusted that, soon after the incident, we complained to Calpac supervisors about the maltreatment by Clark.

10. Besides being directly called an "island monkey" or "monkey" by Dennis Clark, I heard from other co-workers, who were Chamorro/Pacific Islanders, while working on the MCI project, that they also were referred to as "island monkeys" on other occasions.

11. Since being called an "island monkey" or "monkey" by one of my superiors and hearing that other co-workers were also being referred to as "island monkeys" or "monkeys," it was very difficult for me to continue to go to work, especially since I would see Clark on the jobsite and it appeared that nothing was done by my superiors to discipline Clark or otherwise remedy and prevent the discrimination I suffered.

12. I have never witnessed or heard of Clark being scolded or disciplined in any way or thrown off a job site due to his "island monkey" or "monkey" comments.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

2

Case 1:05-cv-00037   Document 378   Filed 08/06/2007   Page 2 of 4

13. I filed charges of discrimination with the EEOC against Calpac, Dynamic Technical Services, and MCI in about early 2005.

14. Shortly after filing the charges, I was made to do the crappy, undesirable jobs, along with another Calpac worker who had also filed EEOC charges against the same companies.

15. Usually, work crews are supposed to clean up after themselves, for example, pick up the debris, when they have completed their work for the day at a particular site. However, after I filed the EEOC charges, I was ordered to pick up the debris left behind by co-workers, which was physically demanding, more difficult, and dirtier than my usual assignments before I filed the EEOC charges.

16. On or around April 2005, I went on leave for surgery.

17. When I tried to return to work around May 2005, Calpac discharged me by refusing to give me any more work.

18. Calpac never informed me of the reason why work was not given to me, but I believe the discharge is a result of my complaining and filing EEOC charges about the harassment and hostile work environment I suffered, especially since other workers who complained and filed EEOC charges were terminated around the same time as me.

19. At the time that I went on leave for surgery, the MCI project was not near completion. In fact, after I was terminated, I would still see Calpac laborers working along the road.

20. As a result of Clark's comments and Calpac's failure to appropriately address the situation, my self-esteem dropped low and I felt that Calpac agreed with Clark's comments that I am an "island monkey."

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

3

Case 1:05-cv-00037    Document 378    Filed 08/06/2007    Page 3 of 4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of August, 2006, in Hagåtña, Guam.

_____
**JOHN P. BABAUTA**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

Case 1:05-cv-00037   Document 378   Filed 08/06/2007   Page 4 of 4

4