VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant California Pacific Technical Services LLC*

FILED
DISTRICT COURT OF GUAM

AUG 10 2007 

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**REPLY TO ROBERT B. CRUZ'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

### INTRODUCTION

Plaintiff **ROBERT B. CRUZ** ("Plaintiff") attempts to create genuine issues of material fact to overcome Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES'** ("CalPac") motion for summary judgment. For reasons hereinafter discussed, Plaintiff has failed to raise either genuine issues or issues of material fact, and CalPac is, therefore, entitled to summary judgment as a matter of law.

As a precursor, Plaintiff's attempt to defeat summary judgment by introducing facts in his newly produced declaration is not permissible. The Ninth Circuit Court of Appeals has held that a party is not permitted to create issues of fact by an affidavit contradicting his prior deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

### UNDISPUTED FACTS[1]

Through his deposition, Plaintiff characterized his work environment at CalPac as "pretty good." Additionally, he heard only one remark made by Dennis Clark ("Clark") who was not an employee of CalPac. Furthermore, he does not dispute that the purported **"remarks" stopped after, CalPac's superintendent, Donald Harper's ("Harper"), the last confrontation with Clark**. Only in his new declaration does Plaintiff assert contrary facts, which the *Radobenko* case does not permit.

It is further undisputed that at least one employee, Norman Santos, filed a complaint with the EEOC for the exact same reasons complained by Plaintiff. Plaintiff does not dispute, nor can he, that Mr. Santos was not discharged, laid off, fired or otherwise retaliated against for making complaints, including his formal complaint to the EEOC, about Clark.

---

[1] Unless otherwise noted, all facts relied upon are those cited and support in CalPac's motion for summary judgment and supporting memorandum of points and authorities and declarations.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

### A.  CALPAC DID NOT AUTHORIZE OR CONDONE THE ACTIONS OF CLARK

CalPac did not authorize or condone the purported statements made by Clark. Liability for third party harassment requires, among other things, a showing that CalPac authorized or condoned the action. *Little v. Windermere, Inc.*, 301 F.3d 958 (9th Cir. 2002). By deposition, Plaintiff testified as follows:

> Q. I asked you about Mr. Healy and now I'm going to ask you about CalPac. Do you think CalPac approved of Dennis Clark's actions?
>
> A. No, sir.
>
> Q. When I say actions, I'm referring to the actions that you are referring to in your complaint. Okay?
>
> A. (Witness nodded head.)
>
> Q. Do you think CalPac condoned the Dennis Clark's actions
>
> A. No, sir.
>
> Q. Do you think CalPac authorized any of Clark's actions?
>
> A. Yes, sir.
>
> Q. Yes, sir?
>
> A. (Witness nodded head.)
>
> Q. So you believe that CalPac authorized Clark to say what he said?
>
> A. (No response.)
>
> Q. Your biggest gripe is that he made some statements to you? Mr. Clark did, right?
>
> A. Right.
>
> Q. My question to you is, **do you think CalPac authorized Clark to make those statements to you**?
>
> A. **Oh, no, sir.** (Robert Cruz Depo. at 27-28)(Emphasis added).

Plaintiff's testimony, combined with the fact that Harper's intervention resulted in the end of any allegedly inappropriate

- 3 -

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

remarks, clearly demonstrate that CalPac did not condone nor authorize the statements purportedly made.

### B. CALPAC DID NOT DISCRIMINATE AGAINST PLAINTIFF

Through his deposition, Plaintiff testified:

Q. I'm reading directly off your charge of discrimination. It seems to indicate at least that Dennis Clark was a representative of MCI?

A. Yes, sir.

Q. And he was also an employee of Dynamic Technical Services?

A. Yes, sir.

Q. Did Henry Quintanilla ever make any remarks to you about your race?

A. No.

Q. Did he make any remarks to you about your color?

A. No.

Q. Did he make any remarks to you about your National Origin?

A. No.

Q. **Did he retaliate** against you at any time?

A. **No.**

Q. The same question with Henry Van Meter. Did he make any remarks about your race?

A. No.

Q. Did he **discriminate** you [sic] based on race?

A. No.

Q. Did he **discriminate** you [sic] based on color?

A. No.

Q. And he never retaliated; correct?

A. (No response.)

Q. **Did he retaliate**?

| | | |
|---|---|---|
| 1 | A. | **No.** |
| 2 | Q. | The next question going up the chain would be Don Harper? |
| 3 | A. | Yes, sir. |
| 4 | Q. | Did he **discriminate** against you based on race? |
| 5 | A. | No. |
| 6 | Q. | Did he **discriminate** against you based on color? |
| 7 | A. | No. |
| 8 | Q. | Did he **discriminate** against you based on national origin? |
| 9 | | |
| 10 | A. | No. |
| 11 | Q. | **And did he retaliate against you at any time?** |
| 12 | A. | **No.** |
| 13 | Q. | Who's above Don Harper? |
| 14 | A. | John Healy. |
| 15 | Q. | Let's talk about John Healy. Did John Healy ever **discriminate** against you based on race? |
| 16 | | |
| 17 | A. | No. |
| 18 | Q. | Did he **discriminate** against you based on color? |
| 19 | A. | No. |
| 20 | Q. | National origin, did he – |
| 21 | A. | No. |
| 22 | Q. | And he didn't **retaliate** against you; correct? |
| 23 | A. | No. |
| 24 | Q. | **Did he retaliate?** |
| 25 | A. | **No** |
| 26 | Q. | Your biggest gripe or the biggest person you have a problem with is Dennis Clark; correct? |
| 27 | A. | Yes, sir. (Robert Cruz Depo. at pp. 15-18) (emphasis added). |

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

By his own testimony it is clear that none of the CalPac supervisors discriminated against Plaintiff. Insofar as CalPac itself, Plaintiff testified that he did not believe CalPac discriminated against him.

> Q. Did CalPac **discriminate** against you?
>
> A. No, sir.[2]  (Robert Cruz Depo. at p. 29, attached as Exhibit "A".)

In order to state a claim for hostile environment, Plaintiff must show that: (1) he was subject to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

Plaintiff admitted that the work environment was pretty good. Plaintiff heard only one remark. Clearly, the conduct was not severe or pervasive. Finally, there was no showing that the conduct altered the conditions of employment.

### C. RETALIATION CLAIM

In order to prevail in a Title VII case, a plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its

---

[2] An objection was then asserted at this point.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). In order to show a pretext, a plaintiff must show that the discrimination more than likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004).

As noted above, Plaintiff does not dispute that at least one worker who filed a complaint concerning Clark's statements (i.e. "similarly situated employee") was not terminated or punished. The uncontroverted facts clearly demonstrate that some employees who filed EEOC complaints were not terminated, so Plaintiff's claim of retaliation and pretext must fail. Plaintiff was terminated for failing to show up at his designated job site.

In addition, although Plaintiff has his opinion[3] as to why he was terminated, there is no showing that Plaintiff's termination was for any reason other than a legitimate, non-discriminatory reason. Plaintiff did not dispute that the MCI contract was CalPac's only major project at the time of his termination. Although Plaintiff may have believed that the MCI

---

[3] Claims of time clock abuse etc. are not material or relevant since the time clock rules applied to all employees. Plaintiff's beliefs simply are not facts. He was terminated for cause as he failed to show up at the designated work site.

contract was not near completion, elicited testimony explained that the project was being downsized and that employees were retained based on their skill level. (Hatfield Depo. at p. 75.)

**CONCLUSION**

Plaintiff's claim that he was subjected to numerous "offensive" statements is contradicted by his deposition testimony, wherein he stated he heard one statement. Plaintiff thought the environment at CalPac was "pretty good". And, while he may not be knowledgeable in legal terminology, Plaintiff did not believe CalPac treated him wrong. Furthermore, Plaintiff did not believe CalPac retaliated against him.

Plaintiff's conjecture and embellishment of facts fail to create any genuine issues of material fact. Since CalPac has filed a properly supported motion for summary judgment, Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252 (1986). CalPac respectfully submits that Plaintiff failed to do

//
//
//

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F C FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

so. Consequently, there exist no genuine issues of material facts in dispute, and that CalPac is entitled to summary judgment as a matter of law.

RESPECTFULLY SUBMITTED this 10th day of August, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: /s/ Vincent Leon Guerrero
VINCENT LEON GUERRERO
*Attorneys for Defendant California Pacific Technical Services LLC*

**EXHIBIT "A"**

V63:49\08130-03
G:\WORDDOC\PLD\VLG\D210- REPLY TO OPPO TO MSJ (R.B. CRUZ) RE
VAN METER V CALPAC.DOC

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

- 9 -

 1    Q.   My question to you is, do you think CalPac
 2 authorized Clark to make those statements to you?
 3    A.   Oh, no, sir.
 4    Q.   I'm going to jump down to paragraph 116 and it says,
 5 the defendants.  Do you see that?
 6    A.   Yes, sir, I see it.
 7    Q.   When you say defendants, who are you referring to?
 8 Is that all the defendants?
 9    A.   Yes, sir.
10    Q.   That would be John Healy; correct?
11    A.   No, sir.
12    Q.   So John Healy is not included in the defendants in
13 paragraph 116?
14    A.   (No response.)
15    Q.   I'm not trying to confuse you and I may be confusing
16 and I apologize.  Paragraph 116 says, the defendants, by
17 their harassment and discriminatory actions, created a
18 hostile work environment for Plaintiff R. Cruz; correct?
19    A.   Yes, sir.
20    Q.   Now, I just want to know, when you say defendants,
21 who are you referring to?
22    A.   I was referring to CalPac and John Healy.
23    Q.   You are referring to CalPac and John Healy?
24    A.   (Witness nodded head.)  Yes, sir.
25    Q.   So when you say defendants, you're specifically