VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC*

FILED
DISTRICT COURT OF GUAM
AUG 13 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. CIV05-00037 <br><br><br><br><br><br><br><br><br> **AMENDED REPLY TO HENRY VAN METER'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff **HENRY VAN METER** ("Plaintiff"), attempts to create genuine issues of material fact to overcome Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES'** ("CalPac") motion for summary judgment. For reasons hereinafter discussed, Plaintiff has failed to raise either genuine issues or issues of material fact, and CalPac is, therefore, entitled to summary judgment as a matter of law.

As a precursor, Plaintiff's attempt to defeat summary judgment by introducing facts in his newly produced declaration is not permissible. The Ninth Circuit Court of Appeals has held that a party is not permitted to create issues of fact by an affidavit contradicting his prior deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

### UNDISPUTED FACTS[1]

Through his deposition, Plaintiff testified that he heard only two remarks made by Dennis Clark ("Clark") who was not an employee of CalPac. Plaintiff does not dispute that the purported **"remarks" stopped after CalPac's superintendent, Donald Harper's ("Harper"), last confrontation with Clark**. Only in his new declaration does Plaintiff assert contrary facts, which the *Radobenko* case does not permit.

It is further undisputed that at least one employee, Norman Santos, filed a complaint with the EEOC for the exact same reasons complained by Plaintiff. Plaintiff does not dispute, nor can he, that Mr. Santos was not discharged, laid off, fired or otherwise retaliated against for making complaints, including his formal complaint to the EEOC, about Clark.

//

//

---

[1] Unless otherwise noted, all facts relied upon are those cited and support in CalPac's motion for summary judgment and supporting memorandum of points and authorities and declarations.

- 2 -

### A. CALPAC DID NOT AUTHORIZE OR CONDONE THE ACTIONS OF CLARK

Liability for third party harassment requires, among other things, a showing that CalPac authorized or condoned the action. *Little v. Windermere, Inc.*, 301 F.3d 958 (9th Cir. 2002). John Healy, vice-president, whose duties included field operations, was unaware of the purported comments until December, 2004. William Ward, general manager of CalPac, was unaware of the purported comments until the December meeting. The only manager aware of the purported comments was Harper. It is undisputed, however, that after Harper's intervention there were no other remarks made by Clark. Clearly, CalPac did not condone nor authorize the statements purportedly made.

### B. CALPAC DID NOT DISCRIMINATE AGAINST PLAINTIFF

In order to state a claim for hostile environment, Plaintiff must show that: (1) he was subject to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

Most, if not all, co-plaintiffs in this case claim that they complained about Clark's remarks to Plaintiff. Yet, the best Plaintiff recalls concerning the alleged remarks was that there were **two** incidents; that the second incident occurred around

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

"October, November. I don't remember" (Van Meter Depo. at p. 35); and that Plaintiff did not report the second incident (See Van Meter Depo. at p. 44). Plaintiff's statements which contradict Plaintiff's prior testimony (to include the insinuation that there were more than two incidents and that complaints were made after each incident) should be disregarded. *See, Radebenko, supra.*

### C.  RETALIATION CLAIM

In order to prevail in a Title VII case, a plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). In order to show a pretext, a plaintiff must show that the discrimination more than likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004).

As noted above, Plaintiff does not dispute that at least one worker, who filed a complaint concerning Clark's statements (i.e. similarly situated), was not terminated or punished. Clearly,

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

CalPac was not motivated to terminate employees that made or filed a complaint.

In addition, although Plaintiff has his opinion[2] as to why he was terminated, there is no showing that Plaintiff's termination was for any reason other than a legitimate, non-discriminatory reason. Plaintiff did not dispute that the MCI contract was CalPac's only major project at the time of his termination. Although Plaintiff may have believed that the MCI contract was not near completion, elicited testimony explained that the project was being downsized and that employees were retained based on their skill level. (Hatfield Depo. at p. 75.)

Further, although Plaintiff "believes" he was terminated because of the complaints,[3] in response to a query about other employees who did <u>not</u> complain and that were laid off:

> **I don't know** because there's a lot of people that got terminated because they didn't do a good job. There's a lot of people there that came in late and they lost – you know, **there's so many** things that – **reasons why they got laid off. I don't know.** (Emphasis added.)(Van Meter Depo. at p. 63 attached as Exhibit "A.").

Clearly, Plaintiff failed to show that that his discharge was a pretext.

//
//

---

[2] Claims of time clock abuse etc. are not material or relevant since the time clock rules applied to all employees. Plaintiff's beliefs simply are not facts.

[3] See Plaintiff's Declaration at ¶ 17.

- 5 -

## CONCLUSION

Plaintiff's claim that he was subjected to numerous "offensive" statements is contradicted by his deposition testimony, wherein he stated he heard two statements. Co-plaintiff, Robert Cruz, thought the environment at CalPac was "pretty good". James Yee thought Calpac management treated him with respect.

Plaintiff's conjecture and embellishment of facts fail to create any genuine issues of material fact. Since CalPac has filed a properly supported motion for summary judgment, Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252 (1986). CalPac respectfully submits that Plaintiff failed to do

//
//
//
//
//
//
//

so. Consequently, there exist no genuine issues of material facts in dispute, and that CalPac is entitled to summary judgment as a matter of law.

RESPECTFULLY SUBMITTED this 13th day of August, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: /s/ Vincent Leon Guerrero
VINCENT LEON GUERRERO
*Attorneys for Defendant California Pacific Technical Services LLC*

**EXHIBIT "A"**

V63:49\08130-03
G:\WORDDOC\PLD\VLG\211-AMENDED REPLY TO OPPO TO MSJ (VAN METER) RE VAN METER V. CALPAC.DOC

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

1 What time period are you referring to?

2     A   I don't know because there's a lot of people that

3 got terminated because they didn't do a good job. There's a

4 lot of people there that come in late and they lost -- you

5 know, there's so many things that -- reasons why they got

6 laid off. I don't know.

7 BY MR. LEON GUERRERO: (Continuing)

8     Q   I don't know the time frame but this is based on

9 your Complaint. You're saying that individuals who did not

10 complain were treated differently?

11     A   Right.

12     Q   It's possible that somebody was laid off not because

13 they complained but because they were late?

14     A   They were late, they mess up.

15     Q   But you don't know?

16     A   I don't know.

17     Q   You don't know why they were laid off, is that what

18 you're saying?

19     A   Yeah, once they get laid off, they go and that's it.

20 I won't see them again.

21     Q   Earlier you indicated there were African-Americans

22 who were part of the crew.

23     A   Yes.

24     Q   How many African-Americans were you aware of?

25     A   I think there was only one.