VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC*

FILED
DISTRICT COURT OF GUAM
AUG 13 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ. JESSE B. CRUZ, JOHN L.G. NAUTA. and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**REPLY TO JERRY APODACA'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff **JERRY APODACA** ("Plaintiff"), attempts to create genuine issues of material fact to overcome Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES'** ("CalPac") motion for summary judgment. For reasons hereinafter discussed, Plaintiff has failed to raise either genuine issues or issues of material fact, and CalPac is, therefore, entitled to summary judgment as a matter of law.

As a precursor, Plaintiff's attempt to defeat summary judgment by introducing facts in his newly produced declaration is not permissible. The Ninth Circuit Court of Appeals has held that a party is not permitted to create issues of fact by an affidavit contradicting his prior deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

### UNDISPUTED FACTS[1]

Through his deposition, Plaintiff testified that he heard only two remarks made by Dennis Clark ("Clark"). Plaintiff does not dispute that the purported "remarks" stopped after CalPac's superintendent, Donald Harper's ("Harper"), last confrontation with Clark. **Plaintiff admits that all employees were treated the same.**[2] Plaintiff testified that the only thing he did not like while employed at CalPac was Clark's statement. It is not disputed that Clark was not an employee of CalPac. Only in his new declaration does Plaintiff assert contrary facts, which the *Radobenko* case does not permit.

It is further undisputed that at least one employee, Norman Santos, filed a complaint with the EEOC for the exact same reasons complained by Plaintiff. Plaintiff does not dispute, nor can he, that Mr. Santos was not discharged, laid off, fired or

---

[1] Unless otherwise noted, all facts relied upon are those cited and support in CalPac's motion for summary judgment and supporting memorandum of points and authorities and declarations.

[2] Plaintiff's statements which contradict Plaintiff's prior testimony (to include the insinuation that there were more than two incidents recalled and that reports were made after each incident and that he was treated differently) should be disregarded. *See, Radebenko, supra.*

otherwise retaliated against for making complaints, including his formal complaint to the EEOC, about Clark.

### A. CALPAC DID NOT DISCRIMINATE AGAINST PLAINTIFF

In order to state a claim for hostile environment, Plaintiff must show that: (1) he was subject to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

*Spriggs v. Diamond Auto Glass*, 242 F.3d 179, (4th Cir. 2001), is a case involving a plaintiff resigned after he was referred to as a monkey. The district court granted summary judgment in favor of the employer which was later reversed. The Fourth Circuit noted that "Stickell **habitually** called Spriggs a 'monkey,' 'dumb monkey,' and '**nigger**.'" *Spriggs* at 182. In *Spriggs*, the daily use of the terms "monkey" "dumb monkey" and "nigger" led the Fourth Circuit to believe there was a question of fact. Unlike *Spriggs*, where there were daily and habitual racial comments by Spriggs' supervisor, Plaintiff heard three remarks by a non-employee of CalPac.

In case decided last year involving the use of the term "monkey," the Fourth Circuit affirmed the grant of defendants' 12(b)(6) motion in favor of the employers. *Jordan v. Alternative*

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

- 3 -

*Resources Corp.*, 458 F.3d 332 (4th Cir. 2006) *cert. denied* 127 S.Ct. 2036 (2007), involved an employee hired by Alternative Resources Corporation and detailed to IBM Corp. Plaintiff, while in the network room of IBM, heard his co-worker exclaim "[t]hey should put those two black monkeys in a cage with a bunch of black apes and let the apes f-k them." *Jordan* at 336. Plaintiff also alleged that two co-workers heard the co-worker make similar offensive comments many times before. *Jordan* at 337. The Fourth Circuit agreed with the plaintiff that "the remark reflected unacceptable racism and should not have been made", but held that "the complaint did not describe a work place **permeated by racism**, by threats of violence, by improper interference with work or by conduct resulting in psychological harm." (Emphasis added.) *Jordan* at 340.

Plaintiff claims he heard Clark, who was not employed by CalPac, utter the word "monkey" or the phrase "island monkey" no more than two times. The purported remarks were no longer made after the superintendent of CalPac intervened. **Notably, Plaintiff testified that he like working at CalPac** which is a far cry from an environment permeated with racial harassment. Although concededly rude, if made, the remarks were not severe or pervasive. As such, Plaintiff's claim for hostile environment must fail.

//

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 969-0-5205
TELEPHONE (671) 477-7857

### B. CALPAC DID NOT AUTHORIZE OR CONDONE THE ACTIONS OF CLARK

Assuming harassment above, liability for third party harassment requires a showing that CalPac authorized or condoned the action. *Little v. Windermere, Inc.*, 301 F.3d 958 (9th Cir. 2002). John Healy, vice-president, whose duties included field operations, was unaware of the purported comments until December, 2004.[3] William Ward, general manager of CalPac, was unaware of the purported comments until the December meeting. The only manager aware of the purported comments was Harper. It is undisputed, however, that Harper intervened and the comments would later cease. Clearly, CalPac did not condone or authorize the statements purportedly made.

### C. RETALIATION CLAIM

In order to prevail in a Title VII case, a plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000). In order to show a pretext, a plaintiff must show that the discrimination

---

[3] In Plaintiff's opposition, Plaintiff made references to exhibits attached to Ms. Lujan's declaration. The references, however, are not material to the instant motion. For example, references to vacations in Palau (disputed by Healy) are not material to whether the purported remarks stopped after Harper's intervention. Cruikshank testified that he was not sure of the dates and stated "I can't recall, as of today, I can't recall whether it was at that meeting or a subsequent meeting." (Cruikshank deposition at 64.)

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

more than likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004).

As noted above, Plaintiff does not dispute that at least one worker, who filed a complaint concerning Clark's statements (i.e. similarly situated), was not terminated or punished. Clearly, CalPac was not motivated to retaliate against employees that made or filed complaints.

In addition, although Plaintiff has his opinion[4] as to why he was laid-off, there is no showing that Plaintiff's action was for any reason other than a legitimate, non-discriminatory reason. Plaintiff did not dispute that the MCI contract was CalPac's only major project at the time of his termination. Although Plaintiff may have believed that the MCI contract was not near completion, elicited testimony explained that the project was being downsized and that employees were retained based on their skill level. (*See* Hatfield Depo. at p. 75, attached to Memorandum of Points and Authorities in Support of Motion for Summary Judgment Re Henry Vanmeter.)

Further, although Plaintiff now "believes" he was terminated because of the complaints,[5] **Plaintiff earlier testified that all employees**, to include the employees who did not complain, **were**

---

[4] Claims of time clock abuse etc. are not material or relevant since the time clock rules applied to all employees. Plaintiff's beliefs simply are not facts.
[5] See Plaintiff's Declaration at ¶ 17.

- 6 -

**treated the same.** Co-plaintiff Van Meter testified in response to a query about whether there were other employees who did not complain and that were laid off:

> **I don't know** because there's a lot of people that got terminated because they didn't do a good job. There's a lot of people there that came in late and they lost - you know, **there's so many** things that - **reasons why they got laid off. I don't know.** (Emphasis added.)(Van Meter Depo. at p. 63).

Clearly, Plaintiff failed to show that that his discharge was a pretext.

## CONCLUSION

Plaintiff's claim that he was subjected to numerous "offensive" statements is contradicted by his deposition testimony, wherein he stated he heard two statements. Co-plaintiff, Robert Cruz, thought the environment at CalPac was "pretty good". Plaintiff and Co-Plaintiff Yee thought CalPac treated them b with respect.

Plaintiff's conjecture and embellishment of facts fail to create any genuine issues of material fact. Since CalPac has filed a properly supported motion for summary judgment, Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

- 7 -

plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252 (1986). CalPac respectfully submits that Plaintiff failed to do so. Consequently, there exist no genuine issues of material facts in dispute, and that CalPac is entitled to summary judgment as a matter of law.

**RESPECTFULLY SUBMITTED** this 13th day of August, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION


BY: *signature*
VINCENT LEON GUERRERO
*Attorneys for Defendant California Pacific Technical Services LLC*

V63:49\08130-03
G:\WORDDOC\PLD\VLG\210D-REPLY TO OPPO TO MSJ (APODACA) RE VAN METER V. CALPAC.DOC

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

- 8 -