VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant California Pacific Technical Services LLC*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV05-00037<br><br>**REPLY TO LARRY CHARFAUROS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff **LARRY CHARFAUROS** ("Plaintiff"), unlike most co-plaintiffs, did not file a supporting declaration in support of his opposition to Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES'** ("CalPac") motion for summary judgment. For reasons hereinafter discussed, Plaintiff has failed to raise either genuine issues or issues of material fact, and CalPac is, therefore, entitled to

summary judgment as a matter of law.

## UNDISPUTED FACTS[1]

Through his deposition, Plaintiff testified that he heard only three remarks made by Dennis Clark ("Clark"). It is not disputed that Clark was not an employee of Capac. **Plaintiff admitted that CalPac discharged him and the co-plaintiffs for economic reasons**. Plaintiff does not dispute that the purported "remarks" stopped after CalPac's superintendent, Donald Harper's ("Harper"), last confrontation with Clark.

It is further undisputed that at least one employee, Norman Santos, filed a complaint with the EEOC for the exact same reasons complained by Plaintiff. Plaintiff does not dispute, nor can he, that Mr. Santos was not discharged, laid off, fired or otherwise retaliated against for making complaints, including his formal complaint to the EEOC, about Clark.

### A. CALPAC DID NOT DISCRIMINATE AGAINST PLAINTIFF

In order to state a claim for hostile environment, Plaintiff must show that: (1) he was subject to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

---

[1] Unless otherwise noted, all facts relied upon are those cited and support in CalPac's motion for summary judgment and supporting memorandum of points and authorities and declarations.

Plaintiff heard Clark, who was not employed by CalPac, utter the word "monkey" or the phrase "island monkey" no more than three times. Plaintiff complained once and did not bother to complain again. The purported remarks were no longer made after the superintendent of CalPac intervened.

Co-plaintiff Van Meter, the recipient of most of the complaints, recalls the statement being made twice. Although concededly rude, if made, the remarks were not severe or pervasive. As such, Plaintiff's claim for hostile environment must fail.

### B. CALPAC DID NOT AUTHORIZE OR CONDONE THE ACTIONS OF CLARK

Assuming harassment above, liability for third party harassment requires, among other things, a showing that CalPac authorized or condoned the action. *Little v. Windermere, Inc.*, 301 F.3d 958 (9th Cir. 2002). John Healy, vice-president, whose duties included field operations, was unaware of the purported comments until December, 2004. William Ward, general manager of CalPac, was unaware of the purported comments until the December meeting. The only manager aware of the purported comments was Harper. Harper confronted Clark, and after Harper's intervention, there were no other remarks made by Clark. CalPac clearly did not condone or authorize the statements purportedly made.

//

## C. RETALIATION CLAIM

In order to prevail in a Title VII case, a plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). In order to show a pretext, a plaintiff must show that the discrimination more than likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004).

As noted above, Plaintiff does not dispute that at least one worker, who filed a complaint concerning Clark's statements (i.e. similarly situated), was not terminated or punished. Clearly, CalPac was not motivated to terminate employees that made or filed a complaint.

There is no showing that Plaintiff's termination was for any reason other than a legitimate, non-discriminatory reason. Plaintiff did not dispute that the MCI contract was CalPac's only major project at the time of his termination. Elicited testimony explained that the project was being downsized and that employees

were retained based on their skill level. (*See* Hatfield Depo. at p. 75, attached to Memorandum of Points and Authorities in Support of Motion for Summary Judgment Re Henry Van Meter.) **Indeed, Plaintiff thought he and the co-plaintiffs were laid off based on economic reasons**. Clearly, plaintiff failed to show that that his discharge was a pretext – especially since he believed it was done for economic reasons.

## CONCLUSION

For the reasons stated above and in its memorandum in support of motion for summary judgment, CalPac respectfully requests this Court grant its motion for summary judgment.

RESPECTFULLY SUBMITTED this 13th day of August, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: _____
VINCENT LEON GUERRERO
*Attorneys for Defendant California Pacific Technical Services LLC*

V63:49\08130-03
G:\WORDDOC\PLD\VLG\210C-REPLY TO OPPO TO MSJ (CHARFAUROS) RE VAN METER V CALPAC.DOC

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910 5205
TELEPHONE (671) 477-7857

- 5 -