VINCENT LEON GUERRERO
BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendants California Pacific Technical Services LLC*



FILED
DISTRICT COURT OF GUAM
AUG 13 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,

Plaintiffs,

vs.

CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,

Defendants.

CIVIL CASE NO. CIV05-00037

**REPLY TO JOHN L.G. NAUTA'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff **JOHN L.G. NAUTA** ("Plaintiff"), attempts to create genuine issues of material fact to overcome Defendant **CALIFORNIA PACIFIC TECHNICAL SERVICES'** ("CalPac") motion for summary judgment. For reasons hereinafter discussed, Plaintiff has failed to raise either genuine issues or issues of material fact, and CalPac is, therefore, entitled to summary judgment as a matter of law.

As a precursor, CalPac is unaware of any new declarations filed by Plaintiff in support of his opposition. In the event Plaintiff does attempt to defeat summary judgment by introducing facts in a newly produced declaration, such would not be permissible. The Ninth Circuit Court of Appeals has held that a party is not permitted to create issues of fact by an affidavit contradicting his prior deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

### UNDISPUTED FACTS[1]

Through his deposition, Plaintiff testified that he heard only two remarks made by Dennis Clark ("Clark") once in September 2004 and once in October 2004. It is not disputed that Clark was not an employee of CalPac. Plaintiff's "Charge of Discrimination" avers that on September 25, 2004 (no other date was mentioned), Clark referred to him and his co-workers as a "bunch of monkeys." Yet, Plaintiff's "EEOC Declaration" dated August 30, 2005 states that the earliest date of violation is December, 2004. Later, Plaintiff clarified through testimony that the earliest complaint against CalPac began after the December 20, 2004 meeting.

The EEOC Declaration was prepared under penalty of perjury. Yet, the EEOC Declaration states that after he filed his Charge of Discrimination (dated December 23, 2004) CalPac had their

---

[1] Unless otherwise noted, all facts relied upon are those cited and support in CalPac's motion for summary judgment and supporting memorandum of points and authorities and declarations.

December 20, 2004 meeting. See Plaintiff's Exhibit "1" attached to Plaintiff's joinder of co-Plaintiffs' opposition. Plaintiff could not, therefore, be seeking relief for the Clark statements which purportedly occurred in September or October 2004.

Assuming he is now alleging discrimination based on Clark's remarks, Plaintiff does not dispute that the purported **"remarks" stopped after CalPac's superintendent, Donald Harper's ("Harper"), last confrontation with Clark**.

It is further undisputed that at least one employee, Norman Santos, filed a complaint with the EEOC for the exact same reasons complained by Plaintiff. Plaintiff does not dispute, nor can he, that Mr. Santos was not discharged, laid off, fired or otherwise retaliated against for making complaints, including his formal complaint to the EEOC, about Clark.

### A. CALPAC DID NOT DISCRIMINATE AGAINST PLAINTIFF

In order to state a claim for hostile environment, Plaintiff must show that: (1) he was subject to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcomed; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005).

*Spriggs v. Diamond Auto Glass*, 242 F.3d 179, (4th Cir. 2001), is a case involving a plaintiff resigned after he was referred to as a monkey. The district court granted summary judgment in

favor of the employer which was later reversed. The Fourth Circuit noted that "Stickell **habitually** called Spriggs a 'monkey,' 'dumb monkey,' and '**nigger**.'" *Spriggs* at 182. In *Spriggs*, the daily use of the terms "monkey" "dumb monkey" and "nigger" led the Fourth Circuit to believe there was a question of fact. Unlike *Spriggs*, where there were daily and habitual racial comments by Spriggs' supervisor, Plaintiff heard three remarks by a non-employee of CalPac.

In case decided last year involving the use of the term "monkey," the Fourth Circuit affirmed the grant of defendants' 12(b)(6) motion in favor of the employers. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332 (4th Cir. 2006) *cert. denied* 127 S.Ct. 2036 (2007), involved an employee hired by Alternative Resources Corporation and detailed to IBM Corp. Plaintiff, while in the network room of IBM, heard his co-worker exclaim "[t]hey should put those two black monkeys in a cage with a bunch of black apes and let the apes f-k them." *Jordan* at 336. Plaintiff also alleged that two co-workers heard the co-worker make similar offensive comments many times before. *Jordan* at 337. The Fourth Circuit agreed with the plaintiff that "the remark reflected unacceptable racism and should not have been made", but held that "the complaint did not describe a work place **permeated by racism**, by threats of violence, by improper interference with work or by conduct resulting in psychological harm." (Emphasis added.) *Jordan* at 340.

- 4 -

Plaintiff claims he heard Clark, who was not employed by CalPac, refer to Plaintiff as a "monkey" or no more than twice. Plaintiff did not report the second incident and believed it would later and in fact was later resolved. Plaintiff, in fact, did not file a complaint with the EEOC as a result of the second remark.

It appears that Plaintiff's complaint was that he was treated differently and was told not to communicate with the protestors. Plaintiff's brother-in-law, Jesse Cruz, however, testified that the communication ban referred only to the time while the picketing took place. See Jesse Cruz depo. at 69 attached to Reply to Jesse Cruz as Exhibit "A."

The purported remarks were no longer made after the superintendent of CalPac intervened. Although concededly rude, if made, the remarks were not severe or pervasive. As such, Plaintiff's claim for hostile environment must fail.

### B. CALPAC DID NOT AUTHORIZE OR CONDONE THE ACTIONS OF CLARK

Assuming harassment above, liability for third party harassment requires a showing that CalPac authorized or condoned the action. *Little v. Windermere, Inc.*, 301 F.3d 958 (9th Cir. 2002). John Healy, vice-president, whose duties included field operations, was unaware of the purported comments until December, 2004. William Ward, general manager of CalPac, was unaware of the purported comments until the December meeting. The only manager aware of the purported comments was Harper. It is

undisputed, however, that Harper intervened and the comments would later cease. Clearly, CalPac did not condone nor authorize the statements purportedly made.

### C. RETALIATION CLAIM

In order to prevail in a Title VII case, a plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). In order to show a pretext, a plaintiff must show that the discrimination more than likely motivated the employer, or indirectly, by showing that the employer's explanation is unworthy of credence. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004).

As noted above, Plaintiff does not dispute that at least one worker, who filed a complaint concerning Clark's statements (i.e. similarly situated), was not terminated or punished. Clearly, CalPac was not motivated to retaliate against employees that made or filed complaints.

In addition, although Plaintiff has his opinion as to why he was laid-off, there is no showing that Plaintiff's action was for any reason other than a legitimate, non-discriminatory reason.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

Plaintiff did not dispute that the MCI contract was CalPac's only major project at the time of his termination. Although Plaintiff may have believed that the MCI contract was not near completion, elicited testimony explained that the project was being downsized and that employees were retained based on their skill level. (*See* Hatfield Depo. at p. 75, attached to Memorandum of Points and Authorities in Support of Motion for Summary Judgment Re Henry Van Meter.)

Further, although Plaintiff "believes" he was terminated because of the complaints, Co-plaintiff Van Meter testified in response to a query about whether there were other employees who did not complain and that were laid off:

> **I don't know** because there's a lot of people that got terminated because they didn't do a good job. There's a lot of people there that came in late and they lost – you know, **there's so many** things that – **reasons why they got laid off. I don't know.** (Emphasis added.)(Van Meter Depo. at p. 63).

Clearly, Plaintiff failed to show that that his discharge was a pretext.

## CONCLUSION

Plaintiff's claim that he was subjected to numerous "offensive" statements is contradicted by his deposition testimony, wherein he stated he heard two statements. Co-plaintiff, Robert Cruz, thought the environment at CalPac was "pretty good". Co-Plaintiff Yee thought CalPac treated him with respect.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857

Plaintiff's conjecture and embellishment of facts fail to create any genuine issues of material fact. Since CalPac has filed a properly supported motion for summary judgment, Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252 (1986). CalPac respectfully submits that Plaintiff failed to do so. Consequently, there exist no genuine issues of material facts in dispute, and that CalPac is entitled to summary judgment as a matter of law.

**RESPECTFULLY SUBMITTED** this 13th day of August, 2007.

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: *Vincent Leon Guerrero*
**VINCENT LEON GUERRERO**
*Attorneys for Defendant California Pacific Technical Services LLC*

V63:49\08130-03
G:\WORDDOC\PLD\VLG\210E-REPLY TO OPPO TO MSJ (NAUTA) RE VAN METER V. CALPAC.DOC

BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE (671) 477-7857