# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| vs. | **ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** |
| CALPAC, et al., | |
| Defendants. | |

This matter comes before the Court regarding the Plaintiffs' Motion for Leave to Amend First Amended Complaint (the "Motion"). The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule LR 7.1(e).

The Defendants argue that the Plaintiffs' Motion is deficient as Plaintiffs failed to attach a copy of the proposed Second Amended Complaint ("SAC") to their motion at the time of filing. Defendants Verizon and Calpac also assert that (1) the proposed amendments are inconsistent with the First Amended Complaint ("FAC"), (2) are futile and (3) would result in substantial prejudice to the defendants. Finally, Defendant Calpac objects to the additional claim filed alleging tortious assault against former Defendant John Healy. Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the Court hereby issues the following decision.

## BACKGROUND

This action was brought by the Plaintiffs pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were

///

employed by defendants, Calpac, Dynamic Technical Services ("DTS"), MCI (now the Verizon Defendants)[1] to work on an installation project of underground cables in Guam they were subjected to a hostile work environment and discriminated against based on race (Pacific Islander/Chamorro), color (brown), national origin (Pacific Islander/Guamanian), and retaliation for EEO activity.

The complaint alleges that Verizon hired Calpac and its employees to perform installation of underground cables in Guam and Verizon hired DTS and its employees to supervise or oversee the installation of underground cables in Guam performed by Calpac. Allegedly, while working on this installation project, the Plaintiffs were called "island monkeys" or "monkeys." First Amended Complaint, ¶¶ 37, 49, 61, 73, 85, 109, 121, 133, 153, 173, 194, 214. The Plaintiffs also allege that they were terminated when they took action in response to the perceived discrimination.

On November 21, 2006 Verizon filed a motion to dismiss asserting the Plaintiffs had failed to allege the existence of an employment relationship between Verizon and the Plaintiffs. On January 22, 2007 this Court granted Verizon's motion to dismiss without prejudice.[2] That same day the Plaintiffs filed their motion for leave to file a SAC without providing the proposed SAC. The proposed SAC was filed on February 5, 2007. The Plaintiffs seek to amend the FAC in order to reinstate Verizon as a defendant, and to add a claim for assault against Defendant Healy. On April 10, 2007, this Court granted summary judgment dismissing the action as to Defendants Healy and Ward in their individual capacities.

///
///

---

[1] The Verizon Defendants substituted in for Defendant MCI and stand in the shoes of MCI, their predecessors in interest. *See* Order approving substitution, Docket No. 72. Any reference to Verizon herein, shall also refer to the MCI/Verizon Defendants.

[2] In the order, the Court noted that during argument on the motion, Plaintiffs made an oral motion to amend the complaint. The Court rejected the oral motion indicating that "a properly filed motion for leave to amend would be more procedurally correct." *See* Docket No. 122, n. 4.

**DISCUSSION**

**Compliance with Local Rule 15.1.**

All the Defendants initially objected to the Plaintiffs' motion due to the Plaintiffs' failure to attach its proposed SAC to its motion. These objections were lodged prior to the Plaintiffs' filing of the proposed SAC. The Defendants rely upon LR 15.1 in support of their contention that a proposed amended complaint must be filed contemporaneously with a motion seeking leave to amend. The Defendants are mistaken.

LR 15.1 provides:

> Any party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference except with leave of court.

Upon examination of this language it is clear that LR 15.1 governs the form and content of the amended complaint but is silent as to when the proposed amended complaint should be filed with respect to the motion to amend. The Defendants were made aware on January 18, 2007 of the Plaintiffs' desire to file the SAC and the nature of the amendments. The Court in its order of January 22, 2007 denied this oral request and indicated that it was more properly made in writing. Further, the motion itself reiterates the Plaintiffs' oral statements of January 18, 2007. At the core of the Defendants' initial objection is that the failure to attach the SAC deprived them of the opportunity to adequately examine the proposed SAC and respond accordingly. This concern is moot as the Court has given all parties an opportunity to supplement their objections since the filing of the SAC. The Defendants have not demonstrated that they have suffered any prejudice from the two week delay between the filing of the motion and the SAC. Accordingly, the Court finds that the Plaintiffs' motion for leave to amend is properly before the Court and timely filed.

**Plaintiff's Motion for Leave to Amend.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading after a responsive pleading has been filed only by leave of Court unless the opposing party consents to the amendment. Rule 15(a), however, also provides that leave to amend "shall be freely given when justice so requires." "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F. 3d 1048, 1051 (9th Cir. 2003).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend. These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. at 1052 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is whether the amendment will cause the opposing party prejudice. Id. "Absent prejudice or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

*Verizon's Claims.*[3] Verizon opposes the Plaintiffs' request asserting that the Plaintiffs' proposed SAC (1) alleges facts inconsistent with the dismissed FAC; (2) does not allege facts sufficient to extend liability and is therefore futile; and (3) in seeking to add Verizon as a defendant at this juncture results in substantial prejudice to Verizon.

First, Verizon asserts that proposed SAC "is replete with allegations regarding the hiring and supervision of the Plaintiffs that are inconsistent . . . with those in the dismissed FAC." (Docket No. 232, Opposition at 3). Verizon contends that the allegations in the SAC stating that Verizon hired/employed Defendant Calpac and its employees (including the Plaintiffs) and Defendant DTS and its employees (including Clark) is directly contrary to the assertion in the FAC that Calpac hired the Plaintiffs and DTS employed Clark. Opposition at 4. The Court disagrees. The addition of Verizon as an employer does not contradict the fact that Calpac and DTS may have employed the same persons. Verizon, Calpac and DTS may be considered joint employers if they all "control the terms and conditions of employment of the employee." EEOC v. Pac. Mar. Ass'n,

---

[3] Defendant Calpac in its opposition indicated that it wished to join in the arguments of Verizon's Opposition. However, the issues raised in Verizon's opposition solely pertain to Verizon and add little if nothing to the amendments as they pertain to Calpac.

351 F.3d 1270, 1275 (9th Cir. 2003). Accordingly, the Court finds that the additional information provided by the Plaintiffs in the SAC is consistent with that pled in the FAC and merely serves to further clarify in detail the nested nature of the relationships between the parties.

Next, Verizon argues that the Plaintiffs' proposed additional claims are futile because they fail to state a claim upon which relief can be granted, specifically they do not allege facts that would extend Title VII liability to Verizon. (Docket No. 232, Opposition at 5). A proposed amendment to a complaint "is futile only if no set of facts can be proved under the amendment ... that would constitute a valid and sufficient claim." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845 F. 2d 209, 214 (9th Cir. 1988)). A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6). Miller, 845 F. 2d at 214. See also DCD Programs, Ltd. v.. Leighton, 833 F. 2d 183, 188 (9th Cir. 1987).

Verizon contends that the Plaintiffs' proposed claims would be subject to dismissal under FED. R. CIV. P. 12(b)(6). This contention is premature. The sufficiency of the Plaintiffs' claims should be properly raised by a Rule 12(b)(6) motion after an amendment is permitted, rather than in the context of this motion. Id. As noted above, an amendment is deemed futile where the plaintiff would be *unable* to prove facts under the amended complaint that would entitle the plaintiff to relief. In the SAC, the Plaintiffs have alleged an employer/employee relationship and have provided additional facts to demonstrate the control Verizon exercised in that relationship. See ¶¶ 31-39, 49 and 50. Though, "'it may appear on the face of the pleadings that a recovery is very remote and unlikely[,] ... that is not the test.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Id. At this stage, the Court is not to inquire whether the Plaintiffs *have* stated facts entitling it to relief, but rather whether they *could* state such facts. Accordingly, the Court finds that allowing the Plaintiffs to add its proposed claims would not be an exercise in futility.

Finally, Verizon contends that it is substantially prejudiced by being brought back into the suit at such a late date, in that they have not been able to participate in discovery since January 22, 2007. Whether an amendment will cause undue prejudice to the defendant is the key factor the court must consider when determining whether to grant a motion for leave to file an amended complaint. Eminence Capital, 316 F.3d at 1052. The party who opposes amendment bears the burden to show prejudice. DCD Programs, 833 F.2d at 187.

The Court is not persuaded. Verizon was a party to the action through January 22, 2007. On the same date, the Plaintiffs filed their motion to amend. Just two weeks later the SAC was filed. The Plaintiffs are not seeking to add new claims against Verizon. Rather, they seek to provide additional information with respect to the nature of the relationship of the parties which had been included in the discovery and argued during the course of the motions to date. "Where the plaintiff offers to provide 'additional evidence' that would add 'necessary details' to an amended complaint and such offer is made in good faith, leave to amend should be granted." Broudo v. Dura Pharms., Inc., 339 F.3d 933, 941 (9th Cir.2003); McMullen v. Fluor Corp., 81 Fed. Appx. 197, 199 (9th Cir. 2003).[4] There is no evidence of bad faith on the record before the Court.

Further, with respect to discovery, Verizon has remedies available to it including the ability to request an expansion of discovery. The Plaintiffs provided notice of their intent to amend since mid-January some five months before the discovery cut-off. Any alleged prejudice in the form of additional discovery is minimal at best. Accordingly, the Court finds that the Defendants will not suffer undue prejudice as a result of the amendment.

*Calpac's Claims*. Calpac opposes Plaintiff Charfauros' request to add a claim of assault as to former Defendant Healy. Calpac contends that the Court lacks jurisdiction to hear this new claim or in the alternative should decline to exercise its supplemental jurisdiction under 28 U.S.C.

---

[4] The Court notes that the Defendants do not contend the Plaintiffs have acted in bad faith.

§ 1367(c). Plaintiff Charfauros maintains the contrary but cites no law in support of its position.

District courts shall have supplemental jurisdiction over all other claims that are so related to federal claims that they form part of the same case or controversy. Mendoza v. Zirkle Fruit Co., 301 F. 3d 1163, 1174 (9th Cir. 2002); 28 U.S.C. § 1367(a). Non-federal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding. Finley v. United States, 490 U.S. 545, 549 (1989).

In the instant case, the Plaintiffs' Title VII claims do not share common facts with the state law claim of assault. More specifically, the assault is alleged to have occurred more than a year and a half after the Title VII claims arose. Furthermore, there is no allegation that defendant Healy was acting on behalf of Calpac, DTS or Verizon, nor is there an allegation that the assault occurred during the course of Healy's employment with the Defendants. It is apparent that the Title VII claims against Defendants and the state law tort claim asserted against Healy do not share a common nucleus of operable fact. Thus, it would be inappropriate for the Court to maintain supplemental jurisdiction over the assault claim.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Amend the First Amended Complaint as to Defendant Verizon is hereby **GRANTED**. Plaintiff Charfauros' request to Amend the First Amended Complaint to include a claim for Assault is **DENIED**. The Plaintiffs shall submit a Second Amended complaint conforming with this Court's order and served on the parties within two weeks from the issuance of this Order.

IT IS SO ORDERED.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Aug 24, 2007**