ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

**FILED**
DISTRICT COURT OF GUAM

AUG 27 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br> **DEFENDANT DYNAMIC TECHNICAL SERVICES' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT; DECLARATION OF SERVICE** |

**ORIGINAL**

## DEFENDANT DYNAMIC TECHNICAL SERVICES' OPPOSITION
## TO PLAINTIFFS' MOTION TO RECONSIDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, Inc. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this its Opposition to Plaintiffs' Motion to Reconsider the Court's July 30, 2007, Order Re: Dynamic Technical Services' Motion for Summary Judgment and August 9, 2007, Partial Judgment and would respectfully show unto the Court as follows:

## I.
## INTRODUCTION

On June 18, 2007, DTS filed its Motion for Summary Judgment against All Plaintiffs pursuant to Federal Rule of Civil Procedure 56(c), on the grounds that there is no evidence to support an essential element of Plaintiffs' cause of action. More specifically, there is no evidence that DTS has fifteen employees and qualifies as an "employer" as that term is defined under Title VII, thus entitling DTS to summary judgment as a matter of law.

DTS did not request a hearing on its Motion for Summary Judgment. Therefore, pursuant to LR 7.1(d)(2)(A) of the Local Rules of Practice for the District Court of Guam, the Plaintiffs had "fourteen (14) days from the date of the filing of the Motion to serve and file an Opposition." In the present case, the Plaintiffs were required to file an Opposition by July 2, 2007. However, instead of filing an opposition on July 2, 2007, the Plaintiffs filed a request for a hearing date on DTS' Motion for Summary Judgment. On July 6, 2007, this Court entered an Order on Plaintiff's Request for a Hearing Date. The Court set DTS' Motion for Summary Judgment for hearing on August 16, 2007 and ordered the Plaintiffs to file their opposition by noon on July 13, 2007. The Plaintiffs did not file any opposition to DTS' Motion for Summary Judgment and this

Court issued an Order Granting DTS Summary Judgment on July 30, 2007 and a Partial Judgment was entered on August 9, 2007.

## II.
## ARGUMENTS AND AUTHORITIES

### A. Reconsideration is not warranted

The Plaintiffs' argue that reconsideration is warranted on the basis that they did not receive a copy of the Court's July 6, 2007 Order requiring Plaintiffs to file their opposition to DTS' Motion for Summary Judgment by July 13, 2007. This argument is without merit for several reasons. As stated above, pursuant to LR 7.1(d)(2)(A) of the Local Rules of Practice for the District Court of Guam, since DTS did not request a hearing date on its Motion for Summary Judgment, the Plaintiffs had "fourteen (14) days from the date of the filing of the Motion to serve and file an Opposition." In the present case, the Plaintiffs were required to file an Opposition by July 2, 2007. However, rather than filing their Opposition to DTS' Motion for Summary Judgment as required by LR 7.1(d)(2)(A), the Plaintiffs filed a request for hearing date. Nothing in the Local Rules allows a party to extend its deadline to file an opposition to a dispositive motion merely by requesting a hearing date. It is also noteworthy that the Plaintiffs sat on DTS' Motion for Summary Judgment for two weeks and waited until the day their Opposition was due to request a hearing on the motion.

However, while noting that the Plaintiffs cannot circumvent the local rules by requesting a hearing, the Court granted the Plaintiffs an extension until July 13, 2007 to file their opposition in a July 6, 2007 order.[1] The Plaintiffs now claim that they were unaware of this order until after the Court granted DTS' Motion for Summary Judgment. In support of this argument, the

---

[1] It is noteworthy that while the Plaintiffs claim to have no knowledge of the July 6, 2007 order stating that they could not circumvent the briefing requirements of the local rules by requesting a hearing date on the motion, in response to Calpac's motions for summary judgment, the Plaintiffs filed a motion to enlarge the time to file their responses rather than request a hearing as they had done in response to DTS' Motion for Summary Judgment.

Defendant DTS' Opposition to Plaintiffs' Motion to Reconsider  Page 3 of 9
4816-0937-4465.1.059759-00001

Case 1:05-cv-00037    Document 411    Filed 08/27/2007    Page 3 of 9

Plaintiffs attach three declarations stating that their office never received a copy of the order until August 9, 2007, despite the firm's policy that the "office runner" check the firm's box at the District Court at least twice each day that the firm and court is open for business. In support of this assertion, declarations were filed by the attorney, the office manager, and the firm receptionist. Interestingly, the Plaintiffs did not file any declaration from the office runner establishing that the firm's policy was actually carried out and that the firm's box was checked twice a day.

The Plaintiff's argument is also without merit since it fails to account for DTS' Reply Memorandum in Support of Motion for Summary Judgment, filed with the Court and served on the Plaintiffs on July 19, 2007. DTS specifically cites to the Court's July 6, 2007 order in its Reply. Even if the Court accepts the Plaintiffs' arguments that they did not receive a copy of the Court's July 6, 2007 order, they were put on notice of the order and its contents on July 19, 2007, eleven days before this Court granted DTS' summary judgment. During these eleven days, the Plaintiffs did not file any document with the Court regarding their alleged lack of receipt of the July 6, 2007 order. Furthermore, Plaintiffs did not file any document with the court for nearly one month after receiving DTS' Reply Memorandum.

**B.   The granting of summary judgment was not premised upon an error of law**

DTS agrees with the Plaintiffs' assertion that the fifteen employee requirement is an element of Plaintiffs' cause of action and not a jurisdictional issue as set forth by the United States Supreme Court in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). The basis of DTS' Motion for Summary Judgment was that the Plaintiffs did not have any evidence to support that DTS had fifteen or more employees, an essential element of Plaintiffs' claims against DTS. DTS also cited to *Arbaugh* in its Motion to support the argument that the number of employees was an

element of Plaintiffs' causes of action. DTS did not move for judgment on any lack of jurisdiction grounds and did not raise any jurisdictional arguments in its motion, and the Court specifically held that "there is no evidence that DTS satisfies the definition of an employer..." Or. At p. 3. Additionally, the Court, in the conclusion to the order, granted DTS' Motion for Summary Judgment and did not issue an order dismissing the case premised upon any jurisdictional motion. The Court granted DTS' Motion for Summary Judgment, the only basis of which was that the Plaintiffs had no evidence to support an essential element of their causes of action. Therefore, there was no error of law made by the Court and the order should stand.

## C. DTS met its burden in its Motion for Summary Judgment

The Plaintiffs argue that DTS failed to meets its burden of production. The Plaintiffs argue that DTS did not meet its burden because it did not point to materials on file with the court demonstrating that the Plaintiff would not be able to meet its burden at trial. In support of this argument, the Plaintiffs rely on *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.* 210 F.3d 1099 (9th Cir. 2000)(citing *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). The moving party must point to materials on file which demonstrate that a party will not be able to meet its burden. *Clark*, 929 F.2d at 608. However, in its Motion for Summary Judgment, DTS pointed to numerous materials on file which met its burden of production. DTS pointed to the Plaintiffs' Complaints on file with the Court, neither of which even alleges or claims that DTS has fifteen or more employees. DTS also pointed to pleadings, which include all of the motions for summary judgment that were on file and all of the exhibits attached thereto. DTS also pointed to deposition testimony on file, none of which provides evidence that DTS had fifteen or more employees. DTS, Calpac, and the Plaintiffs have all filed deposition testimony in dispositive motions or responses to dispositive motions on file with the Court, which include the

Defendant DTS' Opposition to Plaintiffs' Motion to Reconsider                                   Page 5 of 9
4816-0937-4465.1.059759-00001
Case 1:05-cv-00037    Document 411    Filed 08/27/2007    Page 5 of 9

depositions of the Plaintiffs and John Healy. None of this testimony provides any evidence that DTS has fifteen or more employees. Additionally, the affidavits of Linda Hayes and Dennis Clark referred to in Plaintiffs' Motion to Reconsider, which the Plaintiffs admit in their motion were already on file with the court before DTS' motion was granted, also fail to provide any evidence that DTS had the threshold number of employees. None of the evidence on file with the Court at the time summary judgment was granted provided any evidence as to the number of DTS employees.

**D.    The Court should not consider any new evidence**

In section E of their Motion to Reconsider, the Plaintiffs attempt to establish that DTS had fifteen or more employees by referencing evidence that was not previously on file with the Court. In their Motion, the Plaintiffs fail to make any request for the Court to consider any new evidence and fail to cite any authority allowing the Court to consider the new evidence. In fact, on page two of their motion, the Plaintiffs state that they are only seeking reconsideration on the grounds of error of law, not on grounds of newly discovered evidence.

The Plaintiffs' cite to *School Dist. No. 1J, Multnomah County, Or. V. AcandS, Inc.* to support their request for reconsideration in their motion. 5 F.3d 1255 (9th Cir. 1993). This case clearly states, "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Id.* at 1263; *see also Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989) (materials available at the time of filing opposition to summary judgment would not be considered with motion for reconsideration); *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (evidence available to party before it filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment). At no point in its motion do the Plaintiffs

Defendant DTS' Opposition to Plaintiffs' Motion to Reconsider        Page 6 of 9
4816-0937-4465.1.059759-00001
Case 1:05-cv-00037    Document 411    Filed 08/27/2007    Page 6 of 9

allege that this was newly discovered evidence. In fact, the evidence, namely the interrogatory responses, affidavits and web pages, show on their face that they were available prior the date Plaintiff's opposition was due. Therefore, the Court should not consider any evidence filed by the Plaintiffs.

Additionally, the purported evidence filed by the Plaintiff does not raise a genuine issue of material fact as to the number of employees of DTS. The affidavits of Dennis Clark and Linda Hayes do not reference the number of DTS employees, nor do the interrogatory answers of DTS. The Plaintiffs also attach unauthenticated pages of DTS' alleged website. Writings are not admissible without a proper foundation. *Zoslow v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982)(citing *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970)). Thus, the purported website pages are not competent evidence. However, even if the Court considers the website pages, they do not demonstrate that DTS has more than fifteen employees as alleged by the Plaintiff. The website pages merely provide a list of positions for which DTS could locate candidates to staff if it were so requested by a client. No where on the website pages presented does it state that DTS employs people in all of those positions.

The Plaintiffs also attempt to claim they have evidence to satisfy the fifteen employee threshold by stating that Linda Hayes, Dennis Clark and the thirteen Plaintiffs make a total of fifteen employees because two or more employers may be considered joint employers under Title VII. However, the Plaintiffs fail to provide any support as to why DTS and Calpac are joint employers of the Plaintiffs, as that term is defined, of the Plaintiffs. This bare, unsupported allegation does not create a fact issue as to the number of DTS employees.

E.  **Granting Plaintiff's Motion would prejudice DTS**

This case is presently set for trial on October 29, 2007. In light of the Court's July 30,

2007 Order, DTS refrained from filing five motions for summary judgment against individual plaintiffs. Additionally, there were eight other motions for summary judgment filed by DTS and pending before the court at the time summary judgment was granted. If the Court grants Plaintiffs' Motion, DTS will be forced to file for leave to re-file the other motions for summary judgment and file the five other motions it withheld filing in light of the order granting summary judgment. After the Court grants the motion for leave, DTS will have to file the motions, wait for Plaintiffs' responses, and then prepare reply briefs to the Plaintiffs' responses, all within two months. DTS would be prejudiced in having to prepare all of the aforementioned dispositive motions at the same time as having to prepare for trial in this matter.

## III.
## CONCLUSION

The Plaintiffs have failed to present an adequate reason as to why they failed to file an opposition to DTS' Motion for Summary Judgment. DTS met its burden in its Motion for Summary Judgment and the Court properly granted the motion. Therefore, Plaintiffs' Motion to Reconsider the Court's July 30, 2007, Order Re: Dynamic Technical Services' Motion for Summary Judgment and August 9, 2007 should be denied.

DATED this 27th day of August, 2007.

*[signature]*

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on August 27, 2007, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT; DECLARATION OF SERVICE upon the following Counsels of record:

> Delia Sablan Lujan, Esq.
> **LUJAN, AGUIGUI & PEREZ, LLP**
> Suite 300, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-8064
> Facsimile: (671) 477-5297
>
> Attorneys for Plaintiffs Henry G. Van Meter, et al.

and

> Vincent Leon Guerrero, Esq.
> **BLAIR, STERLING, JOHNSON, MOODY,**
> **MARTINEZ & LEON GUERRERO, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-7857
> Facsimile: (671) 472-4290
>
> Attorneys for Defendant California Pacific Technical Services, LLC
> John Healy, and William Ward

Executed this 27th day of August 2007 at Hagåtña, Guam.

*/s/ Elyze J. McDonald*
ELYZE J. McDONALD