**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

FILED
DISTRICT COURT OF GUAM
SEP - 4 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' REPLY TO DEFENDANT DYNAMIC TECHNICAL SERVICES' OPPOSITION TO MOTION TO RECONSIDER ORDER** |

COME NOW Plaintiffs and respectfully submit to this Honorable Court their Reply to Defendant Dynamic Technical Services' Opposition to Plaintiffs' Motion to Reconsider Order, which was filed herein on August 27, 2007.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Def. DTS' Opp'n to Pls.' Mot. Recons.

ORIGINAL

1

Case 1:05-cv-00037   Document 443   Filed 09/04/2007   Page 1 of 6

## A. Reconsideration is warranted on the basis of manifest injustice.

As asserted in Plaintiffs' motion and the declarations in support of the motion, Plaintiffs did not receive the Court's July 6, 2007, Order until after the time for filing oppositions had already passed and, thus, manifest injustice requires reconsideration. DTS opposes Plaintiffs' motion on this basis but fails to provide any proof that Plaintiffs did indeed receive notice to timely file oppositions by July 13, 2007. DTS observes that Plaintiffs did not file any declaration from the office runner establishing that the firm's policy of checking its box at the District Court at least twice each day was actually carried out and the firm's box was checked twice a day. Contrary to DTS' suggestion, the firm's policy was carried out by the office runner, who did not obtain a copy of the July 6, 2007, Order during his runs at Court. (Martir Decl. ¶¶ 6-7.) As Plaintiffs did not timely obtain a copy of the July 6, 2007, Order, reconsideration of the Court's Order granting DTS' motion for summary judgment and Partial Judgment is warranted.

## B. The Order granting summary judgment was based on a clear error of law that Title VII's 15-employees requirement is jurisdictional.

Contrary to DTS' argument, the July 30, 2007, Order granting summary judgment was based on a perceived failure by Plaintiffs to meet their burden of establishing jurisdiction. In the Order, the Court states: "Whether DTS constitutes an 'employer' within the definition of Title VII is a threshold jurisdictional issue." (Order at 3 (citing <u>Virgo v. Riviera Beach Associates, Ltd.</u>, 30 F. 3d 1350, 1359 (11th Cir. 1994).) Thus, the "[t]he burden is on the Plaintiffs, as the party asserting jurisdiction, to prove that federal jurisdiction is proper." (<u>Id.</u> (citing <u>Adams v. Bain</u>, 697 F. 2d 1213, 1219 (4th Cir. 1982).) The Court then quoted Federal Rule of Civil Procedure 12(h)(3), as requiring dismissal of the action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter ...." (<u>Id.</u>) The Court stated that, "[b]ased upon the failure to show otherwise, there is no evidence that DTS satisfies

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls' Reply to Def. DTS' Opp'n to Pls.' Mot. Recons.

2

Case 1:05-cv-00037   Document 413   Filed 09/04/2007   Page 2 of 6

the definition of an employer pursuant to 42 U.S.C.A. § 2000e(b)." (Id.) As a result, the Court found it lacked jurisdiction over this matter. (Id.)

While DTS agrees with Plaintiffs that the 15-employee requirement is not jurisdictional, it offers the weak argument in opposition to reconsideration that its summary judgment motion raised no jurisdiction challenge and so the Court could not have granted judgment in DTS' favor on any grounds other than those raised in DTS' motion. However, as Rule 12(h)(3) shows, the Court may dismiss an action for lack of subject matter jurisdiction at the suggestion of a party or otherwise, including, on its own. As seen in the Order, the burden was clearly placed on Plaintiffs to prove jurisdiction and the presumption against jurisdiction was clearly applied. Therefore, as stated in Plaintiffs' motion, Plaintiffs request that the Court reconsider its Order and Partial Judgment since it was an error of law to adjudicate the employee-numerosity requirement under a challenge to jurisdiction analysis, which imposes a presumption of lack of jurisdiction and places the burden solely on Plaintiffs to prove jurisdiction, when the issue should have been considered under the Rule 56 framework, which places the initial burdens of production and persuasion on the party moving for summary judgment.

### C. DTS failed to meet its initial burdens of production and persuasion.

Contrary to DTS' claim, no specific materials on file were pointed out to demonstrate that Plaintiffs would not be able to meet their burden at trial of proving the employee numerosity element. DTS claims that the complaint fails to allege that DTS has fifteen or more employees yet fails to cite any caselaw, rule, or statue requiring such to be specifically pled in a Title VII complaint, in spite of Rule 8. Despite a general reference to pleadings, DTS claims that it pointed to specific pleadings, including motions for summary judgment that were on file and all of the exhibits, even though none were ever specifically mentioned. DTS also appears to claim that it pointed to deposition testimony on file and the affidavits of Linda Hayes and Dennis Clark, which

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Def. DTS' Opp'n to Pls.' Mot. Recons.

3

Case 1:05-cv-00037   Document 413   Filed 09/04/2007   Page 3 of 6

is incredible since such deposition testimony was provided to the Court *after* DTS made its summary judgment motion. Clearly, DTS attempted to meet its initial burdens by using its summary judgment as a substitute for discovery, which is not allowed under <u>Nissan Fire & Marine Ins. Co. v. Fritz. Co.</u>, 210 F. 3d 1099, 1105 (9th Cir. 2000). As the Ninth Circuit stated in <u>Nissan</u>, the movant may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence. 210 F. 3d at 1105. Thus, DTS failed to meet its initial burdens of production and persuasion and therefore summary judgment and partial judgment should not have been granted in its favor.

**D. Reconsideration is warranted on the basis of error of law since the non-filing of an opposition did not lead to Plaintiffs' consent to the notion that DTS lacks 15 employees so that there was no genuine dispute on this issue.**

DTS raises no opposition whatsoever to Plaintiffs' above-stated argument. Therefore, Plaintiffs simply reargue and reincorporate herein the arguments raised in section D of their reconsideration motion.

**E. The evidence submitted by Plaintiffs in support of their reconsideration motion may be properly considered.**

DTS argues that the Court should not consider evidence that was not on file prior to the grant of summary judgment. However, it would be a manifest injustice to exclude such evidence submitted by Plaintiffs in support of reconsideration in light of the fact that Plaintiffs did not timely obtain a copy of the Court's July 6 Order. Also, it was a clear error of fact to assume that Plaintiffs did timely obtain such copy. Plaintiffs agree that the copy of DTS' website was available to Plaintiffs at the time of the filing of DTS' summary judgment motion. In fact, Plaintiffs would have timely submitted a copy of the website in support of their opposition to summary judgment, had they timely received a copy of the Court's July 6 Order.

DTS argues that the website pages should also not be considered because they are unauthenticated. However, as seen in Plaintiffs' counsel's declaration, copies of the website

Henry G. Van Meter, et al., v. Calpac, et al.  4
Civil Case No. 05-00037
Pls. Reply to Def. DTS Opp'n to Pls. Mot. Recons.

Case 1:05-cv-00037   Document 443   Filed 09/04/2007   Page 4 of 6

pages were provided by DTS to Plaintiffs in response to a discovery request, namely, a first request for production of documents. (Lujan Decl. ¶ 9.) As production of a document by a party constitutes an implicit authentication of that document, In re Greenwood Air Crash, 924 F. Supp. 1511, 1514 (S.D. Ind. 1995); 31 Fed. Prac. & Proc. Evid. § 7105, the website pages produced by DTS to Plaintiffs and submitted to the Court were clearly authenticated. In fact, DTS does not argue that the copies are not what they are claimed to be. DTS does not deny the website pages as their own.

DTS argues that the website pages fail to prove that employees filled the positions listed in the website page. However, in Virgo v. Riviera Beach Assocs., Ltd., the Eleventh Circuit faced a similar situation and ruled that the record contained an adequate and reasonable basis for the district court's finding that the 15-employee requirement was met. Although the record did not elaborately set forth the number of hours and days worked, the Court found that nine employees were specifically identified, and many other positions were described, including the restaurant staff, maintenance staff, housekeeper, and lounge staff. 30 F. 3d 1350, 1361 (11th Cir. 1994). The Eleventh Circuit found that it was not wrong to assume that persons employed in these types of jobs would at a minimum satisfy the statutory requirement. Id.

Here, the website pages identify over 15 employee positions. Just as in Virgo, a genuine issue of fact exists as to whether DTS employed at least 15 employees. Plaintiffs need not conclusively show that such is true, but only that a genuine issue of fact exists. Therefore, DTS' motion should not have been granted and reconsideration is warranted.

### F. Granting Plaintiffs' reconsideration motion would not unduly prejudice DTS.

DTS argues that it would be unduly prejudiced by a grant of Plaintiffs' motion, since trial is set for late October. However, this argument fails since only very recently, last week, the Court granted Plaintiffs' motion to amend the complaint, thus bringing back into this action the Verizon

Henry G. Van Meter, et al., v. Calpac, et al.  
Civil Case No. 05-00037  
Pls.' Reply to Def. DTS' Opp'n to Pls.' Mot. Recons.

5

Case 1:05-cv-00037   Document 443   Filed 09/04/2007   Page 5 of 6

Defendants. Notably, the Verizon Defendants raised a similar prejudice argument in opposition to Plaintiffs' motion to amend, which did not persuade this Court.

DTS argues that it refrained from filing five motions for summary judgment against individual plaintiffs. However, DTS forgets that the primary reason it refrained from timely filing such motions is that deposition transcripts were allegedly unavailable at the time of the deadline for filing dispositive motions. In fact, DTS filed a motion to permit it to file summary judgment motions past the filing deadline on those grounds. DTS also argues unconvincingly that it would be prejudiced by having to file for leave to refile 8 motions for summary judgment that it has already filed with the Court. This argument is without merit as Plaintiffs would not oppose a motion to renew motions already on file at the time of the Court's Order granting DTS' summary judgment motion. Similarly, Plaintiffs would not oppose a reasonable continuance of trial to permit DTS sufficient time on the briefing of its 8 pending and 5 new summary judgment motions (assuming that the Court grants DTS leave to file the 5 new summary judgment motions). Therefore, DTS' argument of undue prejudice is meritless.

Based on the foregoing, Plaintiffs respectfully request that the Court reconsider its July 30, 2007, Order re: Defendant Dynamic Technical Services' Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 4th day of September, 2007, in Hagåtña, Guam.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Def. DTS' Opp'n to Pls.' Mot. Recons.

6

Case 1:05-cv-00037   Document 413   Filed 09/04/2007   Page 6 of 6