1    **LUJAN AGUIGUI & PEREZ** LLP
     Attorneys at Law
2    Pacific News Building, Suite 300
     238 Archbishop Flores Street
3    Hagåtña, Guam 96910
     Telephone (671) 477-8064/5
4    Facsimile (671) 477-5297

5    *Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

SEP - 7 2007

**JEANNE G. QUINATA**
**Clerk of Court**

6            **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                        **FOR THE TERRITORY OF GUAM**

8

9    HENRY G. VAN METER, JERRY            CIVIL CASE NO. 05-00037
     APODACA, JR., JOSEPH J.
10   HERNANDEZ, JOSEPH T. MENDIOLA,
     LARRY L. CHARFAUROS, ANTHONY
11   C. ARRIOLA, ROBERT B. CRUZ,
     ROLAND F. MENDIOLA, JAMES S.
12   YEE, TEDDY B. CRUZ, JESSE B. CRUZ,   **SECOND AMENDED COMPLAINT and**
     JOHN L.G. NAUTA, and JOHN P.         **DEMAND FOR JURY TRIAL**
13   BABAUTA,

14                       Plaintiffs,

15         -vs-

16   CALIFORNIA PACIFIC TECHNICAL
     SERVICES LLC, a.k.a. CALPAC,
17   DYNAMIC TECHNICAL SERVICES,
     MCI, JOHN HEALY, DENNIS CLARK,
18   WILLIAM WARD, JAI JAMES, and
     DOES 1 through 10,

19                       Defendants.

20

21         COME NOW Plaintiffs Henry G. Van Meter, Jerry T. Apodaca, Jr., Joseph J. Hernandez,

22   Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F.

23   Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta

24   (collectively "Plaintiffs") and each of them and herein allege as follows:

25                   **PRELIMINARY STATEMENT/JURISDICTION**

26
27         1.  This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

28             § 2000e, et seq., as amended.

ORIGINAL

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e and –5(f) and –5(g) and 28 U.S.C. § 1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, color, religious, national origin, and sex discrimination and retaliation in employment.

3. The conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unfair employment practice and the EEOC issued to each Plaintiff a Right to Sue notification which was received within 90 days prior to the filing of the complaint.

4. This Court has further jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Henry G. Van Meter is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

6. Plaintiff Jerry Apodaca, Jr., is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

7. Plaintiff Joseph J. Hernandez is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

8. Plaintiff Joseph T. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

9. Plaintiff Larry L. Charfauros is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

10. Plaintiff Anthony C. Arriola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

2

Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 2 of 46

11. Plaintiff Robert B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

12. Plaintiff Roland F. Mendiola is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

13. Plaintiff James S. Yee is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

14. Plaintiff Teddy B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

15. Plaintiff Jesse B. Cruz is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

16. Plaintiff John L.G. Nauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

17. Plaintiff John P. Babauta is a citizen of the United States and a Pacific Island/Chamorro resident in Guam.

18. Defendant California Pacific Technical Services LLC, also known as Calpac, ("Calpac") is, upon information and belief, a general contractor, cable installation business having its principal place of business in Guam.

19. Defendant Dynamic Technical Services ("DTS") is, upon information and belief, a business having its principal place of business or primary offices in Texas and engaged in business in Guam.

20. Defendant Verizon Business Purchasing, LLC, is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and/or Oklahoma and engaged in business in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 3 of 46

3

21. Defendant Verizon Business Purchasing, LLC, is a successor to WorldCom Purchasing, LLC, and, henceforth, all reference in this complaint to Verizon Business Purchasing, LLC, also refers to its predecessor WorldCom Purchasing, LLC.

22. Defendant Verizon Business Network Services, Inc., is, upon information and belief, a telecommunications business having its principal place of business or primary offices in Texas and engaged in business in Guam.

23. Defendant Verizon Business Network Services, Inc., is a successor to MCI WorldCom Network Services, Inc., and, henceforth, all reference in this complaint to Verizon Business Network Services, Inc., also refers to its predecessor MCI WorldCom Network Services, Inc.

24. Defendant John Healy ("Defendant Healy") is, and at all times relevant herein was, upon information and belief, the owner of Calpac.

25. Defendant Dennis Clark ("Defendant Clark") is, and at all times relevant herein was, upon information and belief, a manager or supervisor employed by DTS.

26. Defendant William Ward ("Defendant Ward") is, and at all times relevant herein was, upon information and belief, the general manager of Calpac.

27. Defendant Jai James ("Defendant James") is, and at all times relevant herein was, upon information and belief, a foreman or supervisor employed by Calpac.

28. Does 1 through 10 are unidentified directors, managers, administrators, agents, or assigns of Defendants Calpac, DTS, and/or Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc., (collectively "Verizon Defendants") collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practiced

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

4

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 4 of 46

1   alleged by Plaintiffs; and Plaintiffs will amend their Complaint as their identities are

2   discovered.

3   29. Defendant Verizon Business Purchasing, LLC, and or as its predecessor WorldCom

4       Purchasing, LLC, upon information and belief, hired and employed Defendant Calpac

5       and Calpac's employees, including Plaintiffs, to perform the installation of

6       underground cables in Guam.

7

8   30. Defendant Verizon Business Network Services, Inc., and or as its predecessor MCI

9       WorldCom Network Services, Inc., upon information and belief, hired and employed

10      DTS and DTS' employees, including Defendant Clark, to supervise or oversee the

11      installation of underground cables in Guam performed by Defendant Calpac.

12  31. At all times relevant, each Defendant had control over the terms and conditions of

13      Plaintiffs' employment.

14

15  32. At all times relevant, Verizon Defendants had the power to, and did, evaluate

16      Defendant Calpac's superintendents and employees, including Plaintiffs, and had the

17      further power to object to the use of such superintendents and employees on the job to

18      install underground cables if and when Verizon Defendants were dissatisfied with

19      such superintendents and employees.

20  33. At all times relevant, Verizon Defendants had the power to have removed from the

21      work sites any employee, agent, servant, or subcontractor of Calpac or DTS who

22      Verizon Defendants believed were not disciplined and orderly, were not skilled in the

23      work assigned to them, or whose conduct endangered goodwill toward Verizon

24      Defendants of property owners and residents of communities near the work sites.

25

26

27

28

34. At all times relevant, Verizon Defendants had the power to, and did, thoroughly inspect the work progress of Defendant DTS and its employees, Defendant Calpac and its employees, and Plaintiffs.

35. At all times relevant, Verizon Defendants had the power to require that Defendant Calpac increase its labor force, the number of shifts, and/or overtime operations of its employees, including Plaintiffs.

36. At all times relevant, Plaintiffs worked at sites as designated and directed by Verizon Defendants.

37. Verizon Defendants furnished many of the materials, including the fiber optic cable, used by Plaintiffs to complete the installation of the underground cables.

38. At all times relevant, Verizon Defendants had the power to unilaterally add units to and/or make changes or modify the work performed by Defendant Calpac and its employees, including Plaintiffs.

39. At all times relevant, Verizon Defendants had the power to request Defendant Calpac to make material changes to the work performed by Calpac and its employees, including Plaintiffs, pursuant to written Change Orders executed by the Company Representative of Verizon Defendants, and payment for such authorized Change Orders may have been determined and agreed upon in part by Defendant Calpac and Verizon Defendants by the charges for actual direct labor hours worked by Defendant Calpac and its employees, including Plaintiffs, based on prices set forth in the Labor Rate Schedule in the Statement of Work agreed by Verizon Defendants and Defendant Calpac.

40. At all times relevant, Defendants were Title VII employers of Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                6
Civil Case No. 05-00037
Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 6 of 46
Second Amended Complaint

# ALLEGATIONS

41. At all times relevant, prior to termination of their employment, Plaintiffs performed their duties and carried out the obligations of their employment fully.

42. During the course of their employment, Plaintiffs came under the supervision of each Defendant.

43. During the course of Defendants' supervision over Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their Pacific Islander/Chamorro race, Pacific Islander or Guamanian national origin, and dark or brown skin color.

44. The differential terms and conditions of employment by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, Ward, and James included harassment and disparate treatment not experienced by non-Pacific Islanders, non-Chamorros, non-Guamanians, or individuals without dark or brown skin color.

45. Defendants have each exhibited patterns and practices of discrimination toward Pacific Islanders, Chamorros, Guamanians, and individuals with dark or brown color;

46. Defendants each subjected Plaintiffs to discrimination in the terms of their employment, and retaliation for their complaints regarding such discrimination.

47. Defendants each condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of race, national origin, and color discrimination, disparate treatment, and other unlawful employment practices to which Plaintiffs were subjected in their employment.

48. The actions of each Defendant affected the rights of Plaintiffs by depriving Plaintiffs of equal employment opportunities because of discrimination based on race, national origin, color, and retaliation.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

7

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 7 of 46

49. At all times relevant, Verizon Defendants were aware, or should have been aware, of the discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices to which Plaintiffs were subjected in their employment, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS & its employees, including Defendant Clark, and the work progress of Defendant Calpac and its employees, including Defendants Healy, Ward, James, and Plaintiffs, and Verizon Defendants evaluated whether Defendant DTS and its employees and Defendant Calpac and its employees were strictly disciplined, orderly, skilled in the worked assigned to them, and behaved in a way that endangered goodwill toward Verizon Defendants and residents of communities near the work sites.

50. At all times relevant, Verizon Defendants had the power to stop and prevent the discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices to which Plaintiffs were subjected in their employment by Defendants, such as by removing from the work sites Defendants Clark, Healy, Ward, and James and other agents, representatives, or employees of Verizon Defendants, but Verizon Defendants did not stop and prevent such discriminatory actions, hostile work environment, retaliation, and other unlawful employment practices, and therefore allowed said discriminatory actions, hostile work environment, retaliation, and other unlawful practices to continue by Defendants against Plaintiffs.

51. Plaintiffs demand a jury trial in this matter.

/          /          /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 8 of 46
Second Amended Complaint

8

# COUNT I

## Race, National Origin, and Color Discrimination
## Hostile Work Environment
## Retaliation
## Unlawful Employment Practices

### Plaintiff Henry G. Van Meter

52. Paragraphs 1 through 51 hereof are alleged and incorporated as if fully set forth herein.

53. Plaintiff Henry G. Van Meter ("Plaintiff Van Meter") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

54. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Van Meter was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Van Meter and the other Plaintiffs "island monkeys" or "monkeys."

55. Due to Defendant Clark's discriminatory actions, Plaintiff Van Meter notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

56. As a result of Plaintiff Van Meter's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Van Meter from his employment on or about December 10, 2004.

57. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

58. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

59. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Van Meter, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Van Meter.

60. At all times relevant, Plaintiff Van Meter performed his duties and carried out the obligations of his employment fully.

61. The actions by Defendants against Plaintiff Van Meter were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

62. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Van Meter.

63. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Van Meter suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

64. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Van Meter lost income and future

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037        Document 415        Filed 09/07/2007        Page 10 of 46
Second Amended Complaint

10

prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

65. Plaintiff Van Meter demands a jury trial in this matter.

## COUNT II

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jerry Apodaca, Jr.

66. Paragraphs 1 through 65 hereof are alleged and incorporated as if fully set forth herein.

67. Plaintiff Jerry Apodaca, Jr., ("Plaintiff Apodaca") was hired by Calpac in 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

68. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Apodaca was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Apodaca and the other Plaintiffs "island monkeys" or "monkeys."

69. Due to Defendant Clark's discriminatory actions, Plaintiff Apodaca notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

70. As a result of Plaintiff Apodaca's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Apodaca from his employment on or about November 26, 2004.

71. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

72. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

73. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Apodaca, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Apodaca.

74. At all times relevant, Plaintiff Apodaca performed his duties and carried out the obligations of his employment fully.

75. The actions by Defendants against Plaintiff Apodaca were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

76. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Apodaca.

77. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Apodaca suffered emotional harm,

1    suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in
2    amounts to be proved at trial.

3    78. As a direct result of Defendants' unlawful actions, discrimination, harassment,
4    differential and disparate treatment, Plaintiff Apodaca lost income and future
5    prospects of income, incurred expenses and costs, and will incur future expenses and
6
7    costs, including attorney fees, in amounts to be proved at trial.

8    79. Plaintiff Apodaca demands a jury trial in this matter.

9                                    **COUNT III**

10                   Race, National Origin, and Color Discrimination
                              Hostile Work Environment
11                                      Retaliation
12                          Unlawful Employment Practices

13                          Plaintiff Joseph J. Hernandez

14   80. Paragraphs 1 through 79 hereof are alleged and incorporated as if fully set forth
15   herein.

16   81. Plaintiff Joseph J. Hernandez ("Plaintiff Hernandez") was hired by Calpac in or about
17
18   February 2004 to work on an installation project of underground cables in Guam for
19   Verizon Defendants.

20   82. During the period on or about July to October 2004 or thereafter, while Plaintiffs were
21   under the supervision of Defendant Clark, Plaintiff Hernandez was harassed and
22   discriminated against on the basis of his race, national origin, and color by Defendant
23   Clark who called Plaintiff Hernandez and the other Plaintiffs "island monkeys" or
24
25   "monkeys."

26   83. Due to Defendant Clark's discriminatory actions, Plaintiff Hernandez notified and
27   complained to, or caused to be notified and complained to, Defendants Calpac and
28   Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

84. As a result of Plaintiff Hernandez's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Hernandez from his employment.

85. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

86. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

87. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Hernandez, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Hernandez.

88. At all times relevant, Plaintiff Hernandez performed his duties and carried out the obligations of his employment fully.

89. The actions by Defendants against Plaintiff Hernandez were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 14 of 46

14

90. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Hernandez.

91. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Hernandez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

92. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Hernandez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

93. Plaintiff Hernandez demands a jury trial in this matter.

## COUNT IV

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Joseph T. Mendiola

94. Paragraphs 1 through 93 hereof are alleged and incorporated as if fully set forth herein.

95. Plaintiff Joseph T. Mendiola ("Plaintiff J. Mendiola") was hired by Calpac on or about April 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

96. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color

by Defendant Clark who called Plaintiff J. Mendiola and the other Plaintiffs "island monkeys" or "monkeys."

97. Due to Defendant Clark's discriminatory actions, Plaintiff J. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

98. As a result of Plaintiff J. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff J. Mendiola from his employment on or about December 7, 2004.

99. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

100. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

101. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff J. Mendiola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff J. Mendiola.

102. At all times relevant, Plaintiff J. Mendiola performed his duties and carried out the obligations of his employment fully.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

16

Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 16 of 46

103. The actions by Defendants against Plaintiff J. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

104. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Mendiola.

105. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

106. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

107. Plaintiff J. Mendiola demands a jury trial in this matter.

**COUNT V**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Larry L. Charfauros

108. Paragraphs 1 through 107 hereof are alleged and incorporated as if fully set forth herein.

109. Plaintiff Larry L. Charfauros ("Plaintiff Charfauros") was hired by Calpac in or about July 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

17

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 17 of 46

110. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Charfauros was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Charfauros and the other Plaintiffs "island monkeys" or "monkeys."

111. Due to Defendant Clark's discriminatory actions, Plaintiff Charfauros notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

112. As a result of Plaintiff Charfauros' complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Charfauros from his employment on or about November 27, 2004.

113. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

114. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

115. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Charfauros, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

18

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 18 of 46

actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Charfauros.

116. At all times relevant, Plaintiff Charfauros performed his duties and carried out the obligations of his employment fully.

117. The actions by Defendants against Plaintiff Charfauros were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

118. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Charfauros.

119. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Charfauros suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

120. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Charfauros lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

121. Plaintiff Charfauros demands a jury trial in this matter.

/          /          /

**COUNT VI**

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Anthony C. Arriola

122.   Paragraphs 1 through 121 hereof are alleged and incorporated as if fully set forth herein.

123.   Plaintiff Anthony C. Arriola ("Plaintiff Arriola") was hired by Calpac in or about May 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

124.   During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Arriola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Arriola and the other Plaintiffs "island monkeys" or "monkeys."

125.   Due to Defendant Clark's discriminatory actions, Plaintiff Arriola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

126.   As a result of Plaintiff Arriola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff Arriola from his employment on or about November 24, 2004.

127.   The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

128.   The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

129. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Arriola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Arriola.

130. At all times relevant, Plaintiff Arriola performed his duties and carried out the obligations of his employment fully.

131. The actions by Defendants against Plaintiff Arriola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, individuals not of dark color, and individuals who did not complain about the discriminatory actions.

132. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Arriola.

133. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Arriola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

134. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Arriola lost income and future prospects

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

21

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 21 of 46

of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

135.  Plaintiff Arriola demands a jury trial in this matter.

## COUNT VII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Robert B. Cruz

136.  Paragraphs 1 through 135 hereof are alleged and incorporated as if fully set forth herein.

137.  Plaintiff Robert B. Cruz ("Plaintiff R. Cruz") was hired by Calpac in or about February 2003 to work on an installation project of underground cables in Guam for Verizon Defendants.

138.  During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

139.  Due to Defendant Clark's discriminatory actions, Plaintiff R. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

140.  As a result of Plaintiff R. Cruz's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Cruz from his employment on or about November 28, 2004.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint

22

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 22 of 46

141. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy

142. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

143. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff R. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff R. Cruz.

144. At all times relevant, Plaintiff R. Cruz performed his duties and carried out the obligations of his employment fully.

145. The actions by Defendants against Plaintiff R. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

146. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Cruz.

147. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Cruz suffered emotional harm,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint
23

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 23 of 46

suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

148. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

149. Plaintiff R. Cruz demands a jury trial in this matter.

## COUNT VIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Roland F. Mendiola

150. Paragraphs 1 through 149 hereof are alleged and incorporated as if fully set forth herein.

151. Plaintiff Roland F. Mendiola ("Plaintiff R. Mendiola") was hired by Calpac in or about April 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

152. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff R. Mendiola was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff R. Mendiola and the other Plaintiffs "island monkeys" or "monkeys."

153. Due to Defendant Clark's discriminatory actions, Plaintiff R. Mendiola notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 24 of 46

24

154. As a result of Plaintiff R. Mendiola's complaints to Defendants Calpac and Healy, Defendants Calpac and Healy wrongfully and unlawfully terminated Plaintiff R. Mendiola from his employment on or about December 7, 2004.

155. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

156. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

157. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff R. Mendiola, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff R. Mendiola.

158. At all times relevant, Plaintiff R. Mendiola performed his duties and carried out the obligations of his employment fully.

159. The actions by Defendants against Plaintiff R. Mendiola were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

25

Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 25 of 46

160. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff R. Mendiola.

161. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff R. Mendiola suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

162. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff R. Mendiola lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

163. Plaintiff R. Mendiola demands a jury trial in this matter.

### COUNT IX

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff James S. Yee

164. Paragraphs 1 through 163 hereof are alleged and incorporated as if fully set forth herein.

165. Plaintiff James S. Yee ("Plaintiff Yee") was hired by Calpac in or about August 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

166. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Yee was harassed and discriminated against on the basis of his race, national origin, and color by

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

26

Case 1:05-cv-00037   Document 415   Filed 09/07/2007   Page 26 of 46

Defendant Clark who called Plaintiff Yee and the other Plaintiffs "island monkeys" or "monkeys."

167. Due to Defendant Clark's discriminatory actions, Plaintiff Yee notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

168. Plaintiff Yee also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

169. On or about December 2004 or thereafter, Defendant Healy and Calpac, upon information and belief, held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they complained about Defendants' discriminatory actions to authorities or agencies.

170. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Ward subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by frequently ignoring and refusing to acknowledge Plaintiff Yee.

171. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ignoring and excluding Plaintiff Yee from discussions at work.

172. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendant James subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by ordering Plaintiff to force the machine he was operating, which might cause the machine to

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint

27

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 27 of 46

break, or else Plaintiff Yee would be terminated from his employment and subjected to physical violence by Defendant James.

173. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by reducing Plaintiff's work hours by at least ten (10) hours per week.

174. As a result of Plaintiff Yee's complaints to Defendants Calpac and Healy and Plaintiff Yee's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Yee to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully constructively terminating Plaintiff Yee from his employment on or about March or April 2005.

175. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

176. The actions of Defendant Ward were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, and James.

177. The actions of Defendant James were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, Healy, Clark, and Ward.

178. The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, Clark, Ward, and James.

179. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Yee, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint

28

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 28 of 46

Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Yee.

180.    At all times relevant, Plaintiff Yee performed his duties and carried out the obligations of his employment fully.

181.    The actions by Defendants against Plaintiff Yee were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

182.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Yee.

183.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Yee suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

184.    As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Yee lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

185.    Plaintiff Yee demands a jury trial in this matter.

/                /                /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 29 of 46

29

## COUNT X

### Race, National Origin, and Color Discrimination
### Hostile Work Environment
### Retaliation
### Unlawful Employment Practices

Plaintiff Teddy B. Cruz

186. Paragraphs 1 through 185 hereof are alleged and incorporated as if fully set forth herein.

187. Plaintiff Teddy B. Cruz ("Plaintiff T. Cruz") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

188. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff T. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff T. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

189. Due to Defendant Clark's discriminatory actions, Plaintiff T. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

190. Plaintiff T. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

191. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

30

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 30 of 46

of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

192.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination.

193.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff T. Cruz and excluding Plaintiff T. Cruz from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination.

194.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately failing to provide to Plaintiff T. Cruz a military identification or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization.

195.    As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff's work hours by at least ten (10) hours per

week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

196.   As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff T. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

197.   As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff T. Cruz, who was a foreman and laborer, while Calpac was making heavy equipment mechanics do the duties of a foreman and laborer.

198.   As a result of Plaintiff T. Cruz's complaints to Defendants Calpac and Healy and Plaintiff T. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff T. Cruz from his employment on or about May 6, 2005.

199.   The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

200.   The actions of Healy and Calpac were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, Clark, Ward, and James.

201.   Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work

environment created by Defendants Clark, Healy, and Calpac against Plaintiff T. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff T. Cruz.

202.   At all times relevant, Plaintiff T. Cruz performed his duties and carried out the obligations of his employment fully.

203.   The actions by Defendants against Plaintiff T. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

204.   The Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff T. Cruz.

205.   As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff T. Cruz suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

206.   As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff T. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

207. Plaintiff T. Cruz demands a jury trial in this matter.

## COUNT XI

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Jesse B. Cruz

208. Paragraphs 1 through 207 hereof are alleged and incorporated as if fully set forth herein.

209. Plaintiff Jesse B. Cruz ("Plaintiff J. Cruz") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

210. During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff J. Cruz was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff J. Cruz and the other Plaintiffs "island monkeys" or "monkeys."

211. Due to Defendant Clark's discriminatory actions, Plaintiff J. Cruz notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

212. Plaintiff J. Cruz also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

213. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac

1    employees who were picketing against Calpac in protest of the discriminatory actions

2    of Defendants and their subsequent termination of employment or if they complained

3    to authorities or agencies about discriminatory actions by Defendants.

4    214.    Also, before Plaintiff J. Cruz's unlawful termination of employment, Plaintiff J.

5    Cruz was informed by a foreman or other agent of Defendant Calpac that Plaintiff J.

6    Cruz should be careful about what he signs regarding the charge of discrimination and

7    that if Plaintiff J. Cruz dismisses the charge against Calpac then good things might

8    happen to Plaintiff J. Cruz.

9

10   215.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and

11   Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Calpac upper

12   management and supervisors subjected Plaintiff J. Cruz to unlawful, adverse, and

13   discriminatory treatment by frequently ignoring Plaintiff J. Cruz and excluding

14   Plaintiff J. Cruz from discussions while Calpac upper management and supervisors

15   talked to everyone else except those who filed EEOC charges of discrimination.

16

17   216.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and

18   Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendant Clark

19   subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by

20   deliberately ignoring Plaintiff J. Cruz and excluding Plaintiff J. Cruz from discussions

21   while Defendant Clark talked to everyone else except those who filed EEOC charges

22   of discrimination.

23

24   217.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and

25   Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac

26   and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory

27   treatment by deliberately failing to provide to Plaintiff J. Cruz a military identification

28

or other authorization to enter the military base, while all other Calpac employees who did not file EEOC charges were provided such authorization.

218.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff T. Cruz to unlawful, adverse, and discriminatory treatment by deliberately reducing Plaintiff T. Cruz's work hours by at least ten (10) hours per week, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

219.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by assigning Plaintiff J. Cruz to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

220.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff J. Cruz, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer.

221.    As a result of Plaintiff J. Cruz's complaints to Defendants Calpac and Healy and Plaintiff J. Cruz's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff J. Cruz to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff J. Cruz from his employment on or about May 6, 2005.

222.    The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

223.    The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

224.    Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff J. Cruz, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff J. Cruz.

225.    At all times relevant, Plaintiff J. Cruz performed his duties and carried out the obligations of his employment fully.

226.    The actions by Defendants against Plaintiff J. Cruz were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

227.    Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff J. Cruz.

228.    As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff J. Cruz suffered emotional harm,

suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

229. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff J. Cruz lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

230. Plaintiff J. Cruz demands a jury trial in this matter.

## COUNT XII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John L.G. Nauta

231. Paragraphs 1 through 230 hereof are alleged and incorporated as if fully set forth herein.

232. Plaintiff John L.G. Nauta ("Plaintiff Nauta") was hired by Calpac in or about February 2004 to work on an installation project of underground cables in Guam for Verizon Defendants.

233. During the period on or about September to October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Nauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Nauta and the other Plaintiffs "island monkeys" or "monkeys."

234. Due to Defendant Clark's discriminatory actions, Plaintiff Nauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 38 of 46

38

235. Plaintiff Nauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004.

236. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

237. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Calpac upper management and supervisors subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by frequently ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Calpac upper management and supervisors talked to everyone else except those who filed EEOC charges of discrimination.

238. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendant Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by deliberately ignoring Plaintiff Nauta and excluding Plaintiff Nauta from discussions while Defendant Clark talked to everyone else except those who filed EEOC charges of discrimination.

239. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

1 by deliberately failing to provide to Plaintiff Nauta a military identification or other

2 authorization to enter the military base, while all other Calpac employees who did not

3 file EEOC charges were provided such authorization.

4

240. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and

Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac

and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

by deliberately reducing Plaintiff Nauta's work hours by at least ten (10) hours per

week, while other Calpac employees who did not file EEOC charges were working

forty (40) hours per week.

241. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and

Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac,

Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory

treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those

who did not file EEOC charges were assigned to desirable tasks.

242. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and

Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac

and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

by failing to provide work hours to Plaintiff Nauta, who was a laborer and truck

driver, while Calpac was making heavy equipment mechanics do the duties of a

laborer and truck driver.

243. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and

Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac

and Healy subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case No. 05-00037
Second Amended Complaint

40

Case 1:05-cv-00037 Document 415 Filed 09/07/2007 Page 40 of 46

by wrongfully and unlawfully terminating Plaintiff Nauta from his employment on or about May 5, 2005.

244. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

245. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

246. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Nauta, as Verizon Defendants thoroughly inspected the work progress of Defendant DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Nauta.

247. At all times relevant, Plaintiff Nauta performed his duties and carried out the obligations of his employment fully.

248. The actions by Defendants against Plaintiff Nauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

249. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Nauta.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 41 of 46

41

250. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Nauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

251. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

252. Plaintiff Nauta demands a jury trial in this matter.

## COUNT XIII

Race, National Origin, and Color Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff John P. Babauta

253. Paragraphs 1 through 252 hereof are alleged and incorporated as if fully set forth herein.

254. Plaintiff John P. Babauta ("Plaintiff Babauta") was hired by Calpac in or about October 2004 to work on an installation project of underground cables in Guam for Verizon Defendants

255. During the period on or about October 2004 or thereafter, while Plaintiffs were under the supervision of Defendant Clark, Plaintiff Babauta was harassed and discriminated against on the basis of his race, national origin, and color by Defendant Clark who called Plaintiff Babauta and the other Plaintiffs "island monkeys" or "monkeys"

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 42 of 46

42

256. Due to Defendant Clark's discriminatory actions, Plaintiff Babauta notified and complained to, or caused to be notified and complained to, Defendants Calpac and Healy about the discriminatory and disparate treatment experienced by Plaintiffs.

257. Plaintiff Babauta also filed a charge of discrimination regarding Defendants' discriminatory actions with the Equal Employment Opportunity Commission on or about December 2004 or thereafter.

258. On or about December 2004 or thereafter, Defendants Healy and Calpac held a meeting with Calpac employees where Defendant Healy informed employees that their employment would be terminated if they communicated with former Calpac employees who were picketing against Calpac in protest of the discriminatory actions of Defendants and their subsequent termination of employment or if they complained to authorities or agencies about discriminatory actions by Defendants.

259. Also, before Plaintiff Babauta's unlawful termination of employment, Plaintiff Babauta was informed by a foreman or other agent of Defendant Calpac that Plaintiff Babauta should be careful about what he signs regarding the charge of discrimination and that if Plaintiff Babauta dismisses the charge against Calpac then good things might happen to Plaintiff Babauta.

260. As a result of Plaintiff Nauta's complaints to Defendants Calpac and Healy and Plaintiff Nauta's filing a charge of discrimination with the EEOC, Defendants Calpac, Healy, and Clark subjected Plaintiff Nauta to unlawful, adverse, and discriminatory treatment by assigning Plaintiff Nauta to perform the undesirable tasks, while those who did not file EEOC charges were assigned to desirable tasks.

261. During the period from approximately March to May 2005, Plaintiff Babauta was on leave for surgery.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

43

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 43 of 46

262. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by deliberately failing to provide any work to Plaintiff Babauta upon expiration of his leave for surgery, while other Calpac employees who did not file EEOC charges were working forty (40) hours per week.

263. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by failing to provide work hours to Plaintiff Babauta, who was a laborer, while Calpac was making heavy equipment mechanics do the duties of a laborer.

264. As a result of Plaintiff Babauta's complaints to Defendants Calpac and Healy and Plaintiff Babauta's filing a charge of discrimination with the EEOC, Defendants Calpac and Healy subjected Plaintiff Babauta to unlawful, adverse, and discriminatory treatment by wrongfully and unlawfully terminating Plaintiff Babauta from his employment in or about May 2005 or thereafter.

265. The actions of Defendant Clark were approved, condoned, or authorized by Defendants Calpac, DTS, Verizon Defendants, and Healy.

266. The actions of Healy and Calpac and their agents were approved, condoned, or authorized by Defendants DTS, Verizon Defendants, and Clark.

267. Verizon Defendants were aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff Babauta, as Verizon Defendants thoroughly inspected the work progress of Defendant

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

44

Case 1:05-cv-00037     Document 415     Filed 09/07/2007     Page 44 of 46

DTS and its employees, and Defendant Clark and its employees, including Defendants Healy, Ward, and James, and Plaintiffs, but Verizon Defendants did nothing to stop said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment and therefore allowed said discriminatory actions, unlawful employment practices, retaliation, and hostile work environment to continue against Plaintiff Babauta.

268. At all times relevant, Plaintiff Babauta performed his duties and carried out the obligations of his employment fully.

269. The actions by Defendants against Plaintiff Babauta were retaliatory in nature, and discriminatory as they were not applied to non-Pacific Islanders, non-Chamorros, non-Guamanians, individuals not of dark or brown color, and individuals who did not complain about the discriminatory actions.

270. Defendants, by their harassment and discriminatory actions, created a hostile work environment for Plaintiff Babauta.

271. As a direct result of Defendants' unlawful actions, discrimination, harassment, and differential and disparate treatment, Plaintiff Babauta suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

272. As a direct result of Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Babauta lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

273. Plaintiff Babauta demands a jury trial in this matter.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Case Case No. 05-00037
Second Amended Complaint

Document 415     Filed 09/07/2007     Page 45 of 46

45

**WHEREFORE, PLAINTIFFS PRAY THAT:**

1. Each Plaintiff be compensated for lost wages, benefits, bonuses, backpay, and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial;

2. Each Plaintiff be compensated for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $1,000,000 from each Defendant, for which Defendants should be jointly and severally liable;

3. The Court assess punitive damages against Defendants and each of them in amounts sufficient to deter further unlawful employment practices described herein;

4. They each be awarded their attorney fees and costs of suit;

5. The Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

6. Plaintiffs be given a jury trial in this matter.

**RESPECTFULLY SUBMITTED** this 7th day of September, 2007, in Hagåtña, Guam.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

46

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Second Amended Complaint

Case 1:05-cv-00037    Document 415    Filed 09/07/2007    Page 46 of 46