**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Verizon Business Purchasing LLC and
Verizon Business Network Services, Inc.*



**FILED**
**DISTRICT COURT OF GUAM**

SEP - 7 2007

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, *et al.*, | ) CIVIL CASE NO. 05-00037 |
| Plaintiffs, | ) |
| vs. | ) **VERIZON'S OBJECTIONS TO THE** |
| | ) **ORDER OF THE UNITED STATES** |
| CALPAC, *et al.*, | ) **MAGISTRATE JUDGE GRANTING** |
| | ) **PLAINTIFFS' MOTION FOR LEAVE** |
| Defendants. | ) **TO AMEND THE FIRST AMENDED** |
| | ) **COMPLAINT** |

Pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72, Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") file their objections to the United States Magistrate Judge's Order re: Plaintiffs' Motion for Leave to Amend the First Amended Complaint entered in this case on August 24, 2007 ("Magistrate Judge's Order"). Because Verizon has not been a party to this action and has not participated in any discovery — including the depositions of the plaintiffs and several key witnesses — since January 22, 2007, Verizon has been unduly prejudiced. Accordingly,

**ORIGINAL**

the Magistrate Judge's Order should be set aside, and Plaintiffs' Motion for Leave to Amend the First Amended Complaint ("Plaintiffs' Motion to Amend") should be denied.

## I. BACKGROUND

Plaintiffs filed their original complaint on December 12, 2005, and their First Amended Complaint ("FAC") on February 24, 2006. In their FAC, Plaintiffs alleged that Verizon hired Defendant Calpac to install underground cable in Guam and Defendant Dynamic Technical Services ("DTS") to oversee the installation of underground cable in Guam. (Pls' FAC at ¶¶ 25, 26). Plaintiffs further alleged that they were hired by Calpac and supervised by DTS, and that Calpac and DTS, and their respective employees and owners, discriminated and retaliated against, harassed, and, ultimately, terminated them in violation of Title VII. (*See, e.g.,* Verizon's Motion to Dismiss at pp. 4-7). Plaintiffs, however, failed to allege that an employment relationship existed between Verizon and Plaintiffs or Verizon and any of the alleged individual wrongdoers. Thus, on November 21, 2006, Verizon filed a motion to dismiss.

On January 22, 2007, this Court granted Verizon's motion to dismiss without prejudice. As a result, Verizon has not been a party to this lawsuit for the last seven months. On January 22, 2007, Plaintiffs filed their motion for leave to file a second amended complaint ("SAC") to reinstate Verizon as a defendant. On February 2, 2007, DTS filed a Response, and Verizon filed an Opposition, to Plaintiffs' Motion to Amend. On February 5, 2007, Plaintiffs submitted their proposed SAC, and Defendant Calpac filed an Opposition to Plaintiffs' Motion to Amend. On February 12, 2007, Plaintiffs filed a reply brief. On March 30, 2007, the Magistrate Judge issued an order allowing Defendants to file a supplemental brief in opposition to Plaintiffs' Motion to Amend by April 13, 2007, and permitting Plaintiffs to file a reply by April 20, 2007. Verizon filed its supplemental

opposition on April 13, 2007, which Calpac joined, and Plaintiffs filed a reply on April 20, 2007. The briefing on Plaintiffs' Motion to Amend was completed on April 20, 2007.

After the Court dismissed Verizon from this lawsuit on January 22, 2007, the remaining parties filed a Stipulation to Amend the Scheduling Order and Discovery Plan on February 7, 2007 ("Stipulation"). On February 8, 2007, the Magistrate Judge granted the Stipulation and set the following revised schedule:

1. Discovery cut-off: May 24, 2007;

2. Deadline to file discovery motions: June 14, 2007;

3. Deadline to file dispositive motions: July 23, 2007;

4. Deadline to file pretrial disclosures: September 28, 2007;

5. Preliminary pretrial conference: October 5, 2007;

6. Deadline to file certain pretrial documents and a proposed pretrial order: October 12, 2007;

7. Final pretrial conference: October 22, 2007; and

8. Trial: October 29, 2007.

("February 8, 2007 Order").

It appears from the docket report in this case that, in the seven months between the date that the Court dismissed Verizon from this lawsuit and the date that the Magistrate Judge granted Plaintiffs' Motion to Amend, the remaining parties took the depositions of all thirteen plaintiffs and three to five key fact witnesses and exchanged written discovery. (*See also* Declaration of G. Patrick Civille ("Civille Dec.") at ¶¶ 6-7). It appears that the majority of the depositions took place on or after the date the parties completed their briefing on Plaintiffs' Motion to Amend. Consistent with Verizon's lack of party status, the parties did not consult with Verizon regarding which individuals would be deposed or the scheduling of the

depositions, and Verizon did not attend the depositions and was not served with deposition transcripts. (Civille Dec. at ¶¶ 7-8).

On July 23, 2007, Calpac filed thirteen motions for summary judgment. Those motions were fully briefed on August 13, 2007, and are pending before this Court. DTS also filed motions for summary judgment, one of which the Court granted on July 30, 2007. Plaintiffs have filed a motion asking the Court to reconsider the order granting DTS' motion for summary judgment, which DTS has opposed. It appears from the Court's February 8, 2007 Order that discovery has closed and that the deadline to file dispositive motions passed on July 23, 2007.

On August 24, 2007, the Magistrate Judge issued its Order granting Plaintiffs' Motion to Amend and ordering Plaintiffs to file their SAC by September 7, 2007. Trial is set for October 29, 2007.

## II. ARGUMENT

### A. Standard For Leave to Amend.

Under Rule 15 of the Federal Rules of Civil Procedure, after responsive pleadings have been filed and in the absence of the adverse party's written consent, a party may amend its complaint only by leave of the court. *See Thornton v. McClatchey Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). Leave to amend a pleading should be freely given "when justice so requires." FED. R. CIV. P. 15(a). Courts, however, should not automatically grant leave to amend. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998). Rather, courts should consider several factors when considering a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of the

4

amendment. *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1392-93 (9th Cir. 1997) (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).

**B.      Standard for Review of a Magistrate Judge's Order.**

A magistrate judge's ruling on a motion to amend a complaint is a non-dispositive ruling subject to a clearly erroneous standard of review. *See* FED. R. CIV. P. 72(a). For the reasons explained below, the Magistrate Judge's Order fails to fully consider the undue prejudice suffered by Verizon in permitting Plaintiffs to file an SAC reinstating Verizon as a defendant less than eight weeks before trial when Verizon has not been a party to this action since January 22, 2007. Accordingly, the Magistrate Judge's Order should be set aside, and Plaintiffs' Motion to Amend should be denied.

**C.      Because Verizon Has Not Been A Party To This Case For The Last Seven Months, Verizon Has Been Unduly Prejudiced And The Magistrate Judge's Order Should Be Set Aside.**

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant . . . ." *Thornton*, 261 F.3d at 799 (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Whether an amendment will cause undue prejudice to the defendant is the key factor the court must consider when determining whether to grant a motion for leave to file an amended complaint." (Magistrate Judge's Order, at p. 6, citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). In granting Plaintiffs' Motion to Amend, the Magistrate Judge did not fully consider the substantial prejudice suffered by Verizon in the seven-month interval between Verizon's dismissal and the Order allowing Plaintiffs to file an SAC reinstating Verizon as a party. Significantly, Verizon, as a non-party, lacked the opportunity to participate in discovery or otherwise defend itself; crucial discovery and dispositive motions deadlines have

passed; and the current trial date is set for less than two months after Plaintiffs' deadline for filing their SAC.

Plaintiffs filed their initial complaint on December 12, 2005 — approximately twenty-one months ago, and their FAC on February 24, 2006 — more than eighteen months ago. Plaintiffs, however, did not serve Verizon with a complaint until August 18, 2006. After this Court dismissed the FAC against Verizon on January 22, 2007, Verizon was not a party to this lawsuit for purposes of discovery. *See, e.g., Stanford v. Kuwait Airlines Corp.*, No. 85 Civ. 0477 (SWK), 1987 WL 26829, *3 (S.D.N.Y. Nov. 5, 1987). In Verizon's absence, the remaining parties have not only continued to pursue discovery but, in fact, appear to have completed discovery, including the depositions of the plaintiffs and several key witnesses. (Civille Dec. at ¶ 7). Notably, Plaintiffs, along with the other remaining parties, filed the Stipulation, which sought to continue discovery in Verizon's absence and while Plaintiffs' Motion to Amend was pending.

Verizon has been unduly prejudiced by the fact that it was not a party to any discovery since it was dismissed on January 22, 2007. The seven-month interval between Verizon's dismissal and the Magistrate Judge's Order was the crucial discovery period during which key depositions in the case were taken. Most significantly, the plaintiffs and key fact witnesses have been deposed in Verizon's absence, (Civille Dec. at ¶ 7), and it appears from the deposition excerpts filed with the briefing on the other parties' dispositive motions that the parties have sought testimony directly relating to a key element of Plaintiffs' claims against Verizon, *i.e.*, whether Plaintiffs and the alleged wrongdoers had an employment relationship with Verizon. Even if the Court permitted Verizon to re-open these depositions and extended the trial date to allow Verizon sufficient time to conduct discovery, Verizon is substantially

prejudiced by the fact that it could not defend itself, through cross-examination or otherwise, during the course of the original depositions. (Civille Dec. at ¶ 7).

The Magistrate Judge's Order reaches two conclusions that illustrate the failure to fully consider the undue prejudice suffered by Verizon as a result of not having been a party to this case since January 22, 2007. First, in concluding that granting Plaintiffs' Motion to Amend would not prejudice Verizon, the Magistrate Judge's Order notes that Plaintiffs' SAC "seek[s] to provide additional information with respect to the nature of the relationship of the parties which had been included in the discovery and argued during the course of the motions to date." (Magistrate Judge's Order, at p. 6). While Verizon has been on notice of Plaintiffs' specific proposed amended allegations since Plaintiffs filed their proposed SAC on February 5, 2007, the Magistrate Judge's Order does not fully consider that Verizon has not been a party to, and therefore unable to defend its interests in, any discovery over the last seven months. (Civille Dec. at ¶¶ 6-7).

Second, the Magistrate Judge's Order states that "with respect to discovery, Verizon has remedies available to it including the ability to request an expansion of discovery." (Magistrate Judge's Order, at p. 6). Presumably, the Magistrate Judge is suggesting that Verizon can request that discovery be re-opened to permit Verizon to conduct the discovery in which it was not a participant. Yet, even if the Court re-opened discovery and permitted Verizon to conduct additional discovery, Verizon would not be able to go back in time and directly challenge or object to questions asked or testimony elicited during the course of the depositions. Verizon should not be forced to defend itself based on a record created in Verizon's absence and by parties that do not share Verizon's interests.

D.  **Alternatively, and Without Waiving its Arguments of Undue Prejudice, Verizon Requests Service and Expansion of Discovery and Amendment of the Scheduling Order.**

While the facts in this instance demonstrate the undue prejudice suffered by Verizon if Plaintiffs are permitted to file an SAC reinstating Verizon as a party, in the event that this Court overrules Verizon's objections to the Magistrate Judge's Order, Verizon alternatively requests the following relief:

1. An order requiring Plaintiffs to provide Verizon transcripts of all depositions taken (with exhibits), all written discovery exchanged, and all documents produced in this case from any source, with Verizon paying reasonable transcript and copy costs.

2. An order extending the current discovery and dispositive motion deadlines and pretrial and trial dates pending the Court's decisions with respect to Calpac's motions for summary judgment.

   (a) Should the Court grant Calpac's motions for summary judgment on the merits, Plaintiffs' claims against Verizon would also be disposed of; thus, no additional discovery on Verizon's behalf would be necessary.

   (b) Should the Court deny Calpac's motions for summary judgment in whole or part, Verizon requests that the parties be allowed to submit an amended proposed scheduling order and discovery plan in which Verizon would be permitted to conduct discovery on issues relating to Plaintiffs' claims against Verizon and Verizon's defenses thereto.

Verizon requests the foregoing relief only in an abundance of caution, and the request for same should not be construed as a waiver of Verizon's arguments of undue prejudice.

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests that this Court sustain Verizon's Objections to the United States Magistrate Judge's Order Granting Plaintiffs' Motion for Leave to File a Second Amended Complaint and further requests that the Court deny Plaintiffs' Motion to Amend. In the alternative, Verizon requests that the Court extend

the current discovery and dispositive motion deadlines and pretrial and trial dates pending the Court's decisions with respect to Calpac's motions for summary judgment. In the event the Court denies all or part of Calpac's motions for summary judgment, Verizon requests that the Court require Plaintiffs to serve Verizon with all discovery produced in the case (at Verizon's cost); re-open and extend discovery to permit Verizon to conduct discovery; set a new dispositive motions deadline to provide Verizon that avenue for relief; and set new pretrial and trial dates to permit Verizon to adequately prepare for trial.

Respectfully submitted this 7th day of September, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
for    G. PATRICK CIVILLE

*Attorneys for Verizon Business Purchasing LLC and Verizon Business Network Services, Inc.*

## CERTIFICATE OF SERVICE

I, SIRENA P. CASSIDY, hereby certify that on September 7, 2007, I will have caused a copy of *Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiffs' Motion for Leave to Amend the First Amended Complaint*, together with the Declaration of G. Patrick Civille in support thereof, to be served via hand-delivery on the following:

> **Lujan Aguigui & Perez LLP**
> Suite 300, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> **Blair Sterling Johnson Martinez
> & Leon Guerrero, P.C.**
> Suite 1008, Pacific News building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
>
> **Carlsmith Ball LLP**
> Bank of Hawaii Building, Suite 401
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

DATED this 7th day of September, 2007.

CIVILLE & TANG, PLLC

By: _____
**SIRENA P. CASSIDY**

*Attorneys for Verizon Business Purchasing LLC
and Verizon Business Network Services, Inc.*