**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Verizon Business Purchasing LLC and Verizon Business Network Services, Inc.*



**FILED**
DISTRICT COURT OF GUAM

SEP -7 2007

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, *et al.*, | ) CIVIL CASE NO. 05-00037 |
| Plaintiffs, | ) |
| vs. | ) **DECLARATION OF G. PATRICK** |
| | ) **CIVILLE IN SUPPORT OF** |
| CALPAC, *et al.*, | ) **VERIZON'S OBJECTIONS TO THE** |
| | ) **ORDER OF THE UNITED STATES** |
| | ) **MAGISTRATE JUDGE GRANTING** |
| Defendants. | ) **PLAINTIFFS' MOTION FOR LEAVE** |
| | ) **TO AMEND THE FIRST AMENDED** |
| | ) **COMPLAINT** |

I, G. Patrick Civille, hereby declare as follows:

1. I am a member of the bar of Guam and of the law firm of Civille & Tang, PLLC, local counsel for Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon"). I submit this Declaration in support of Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiffs' Motion for Leave to Amend the First Amended Complaint.

2. In December 2006 and early January 2007, before Verizon's motion to dismiss was granted, I contacted counsel for the other parties to above action and suggested that the

dates in the Scheduling Order were not tenable, and proposed that the Scheduling Order be amended to provide additional time to complete the tasks in the Scheduling Order.

3. On December 26, 2006 I circulated by email a proposed First Amended Scheduling Order and First Amended Discovery Plan to counsel for the other parties, including plaintiffs' counsel.

4. On January 8, 2007, in response to comments from the other defendants on my first drafts, I circulated by email a revised proposed First Amended Scheduling Order and First Amended Discovery Plan to counsel for the other parties, including Plaintiffs' counsel.

5. The other Defendants subsequently advised me that the proposed amendments were acceptable. Plaintiffs' counsel indicated that she was reviewing the documents and would provide a response at a later date. I did not receive a further response from Plaintiffs' counsel and on January 22, 2007 Verizon's motion to dismiss was granted.

6. Prior to dismissal of Verizon from this case, I was served with the Disclosure of Plaintiffs' Experts filed on October 3, 2006. After Verizon's Motion to Dismiss was granted on January 22, 2007, on April 23, 2007, defendant CalPac's attorney served my law firm documents containing the EEOC files relating to this lawsuit. I also received electronic service of the Supplemental Response of Defendant California Pacific Technical Services LLC to Plaintiff James S. Yee's First Request for Production of Documents and Supplemental Response of Defendant California Pacific Technical Services LLC to Plaintiff Roland F. Mendiola's First Request for Production of Documents, filed with the Court on May 23, 2007. Other than the disclosure of Plaintiff's experts, the EEOC documents received from CalPac, and the filed copies of CalPac's May 23, 2007 supplemental disclosures, I was not served or provided with any discovery requests, written discovery responses, or documents produced through discovery.

2

7. After Verizon's Motion to Dismiss was granted, my email address was not removed from the District Court's electronic service list for documents filed in this case. I therefore received electronic service of all documents filed with the Court in this case, including the notices of depositions scheduled by the parties in the case that were filed with the Court. However, the parties did not consult with me regarding which individuals would be deposed or the scheduling of the depositions. Verizon did not attend any depositions taken by any party in this case. My law firm was not served or provided with any copies of complete transcripts of the depositions that were taken in this case.

8. After Verizon's Motion to Dismiss was granted on January 22, 2007, the parties did not consult with me regarding any pre-trial matters such as depositions, discovery, or hearing dates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of September, 2007.

_____
G. PATRICK CIVILLE