ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

Attorneys for Defendant Dynamic Technical Services



FILED
DISTRICT COURT OF GUAM
SEP 1 8 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT; DECLARATION OF SERVICE** |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, Inc. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this its Sur-Reply in Opposition to Plaintiffs' Motion to Reconsider the Court's July 30, 2007, Order Re: Dynamic Technical Services' Motion for Summary Judgment and August 9, 2007, Partial Judgment and would respectfully show unto the Court as follows:

## I. INTRODUCTION

On June 18, 2007, DTS filed its Motion for Summary Judgment against All Plaintiffs pursuant to Federal Rule of Civil Procedure 56(c). More specifically, there is no evidence that DTS has fifteen employees and qualifies as an "employer" as that term is defined under Title VII, thus entitling DTS to summary judgment as a matter of law. This Court issued an Order Granting DTS Summary Judgment on July 30, 2007 and a Partial Judgment was entered on August 9, 2007. The Plaintiffs' filed their motion for reconsideration on August 13, 2007 and DTS filed its opposition to reconsideration on August 24, 2007. In this Sur-Reply, DTS incorporates all arguments set forth in its previously filed Opposition, and will only address issues raised in Plaintiffs' Reply to the Opposition.

## II. ARGUMENTS AND AUTHORITIES

A.  **The Plaintiffs have failed to establish that they did not have notice of the Court's July 6, 2007 Order**

In response to the arguments made by DTS in its Opposition to Reconsideration that the Plaintiffs failed to establish that they did not have notice of the July 6, 2007 order, the Plaintiffs filed the Declaration of Jason Martir. The Plaintiffs argue that this declaration establishes that they did not have notice of the order. However, this declaration fails to support that the firm's alleged policy of checking its box at the courthouse twice a day was actually carried out. The

declaration merely states that Mr. Martir checked the box once on the July 6, 2007 and once the next business day. The declaration does not state that the box was checked on any subsequent days. Additionally, the declaration does not state that the box was checked twice on July 6th or any other day for that matter.

Additionally, even if one accepts the Plaintiffs' arguments that they did not receive a copy of the July 6, 2007 order, they received notice of the order on July 19, 2007 when they were served with DTS' Reply Memorandum in Support of Motion for Summary Judgment. DTS specifically cites to the Court's July 6, 2007 order in its Reply. Plaintiffs' counsel received DTS' Reply Memorandum eleven days before summary judgment was granted. During these eleven days, the Plaintiffs did not file any document with the Court regarding their alleged lack of receipt of the July 6, 2007 order. The Plaintiffs wholly failed to address this issue in their Reply.

**B.  Plaintiffs' have failed to authenticate the website page or demonstrate that it is evidence of the number of DTS' employees**

The Plaintiffs argue that the website pages establish that DTS had fifteen or more employees. In support of this assertion, the Plaintiffs cite to *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350 (11th Cir. 1994). However, the facts in *Virgo* are clearly distinguishable from those of the present case. In *Virgo*, the defendant operated a hotel and nine employees were specifically identified in the record. The court also noted that, in addition to the nine employees, many other positions were described in the record including the restaurant staff, maintenance staff, housekeeper, and lounge staff. *Id.* at 1361. These were positions that were actually filled by employees of the hotel. The Court of Appeals held that it was not wrong to assume that the employees that actually filled these positions worked the minimum amount of days and hours to count as employees under Title VII. In the present case, the website pages merely provide a list

of positions for which DTS *could* locate candidates to staff if it were so requested by a client. No where on the website pages presented does it state that DTS employs people in all of those positions and the *Virgo* case does not stand for the proposition that court can assume that these positions were filled by employees. This evidence does not provide probative evidence of their claim that DTS has fifteen or more employees.

Additionally, while the website pages were produced by DTS in response to discovery, it was part of the EEOC file on this matter. The Plaintiffs fail to state what request the EEOC documents were produced in response to and whether that request or interrogatory had anything to do with the number of employees of DTS. Furthermore, it does not show the number of employees of DTS for any time relevant to this suit and the determination of whether DTS qualified as an employer under Title VII. Therefore, it is not competent evidence of the number of employees DTS had at the time relevant to this lawsuit.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to present an adequate reason as to why they failed to file an opposition to DTS' Motion for Summary Judgment. DTS met its burden in its Motion for Summary Judgment and the Court properly granted the motion. Therefore, Plaintiffs' Motion to Reconsider the Court's July 30, 2007, Order Re: Dynamic Technical Services' Motion for Summary Judgment and August 9, 2007 should be denied.

DATED this 6th day of September, 2007.

CARLSMITH BALL LLP

_____
ELYZE J. MCDONALD
Attorneys for Defendant
Dynamic Technical Services

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on September 18, 2007, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT; DECLARATION OF SERVICE upon the following Counsels of record:

>Delia Sablan Lujan, Esq.
>**LUJAN, AGUIGUI & PEREZ, LLP**
>Suite 300, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam USA 96910
>Attorneys for Plaintiffs Henry G. Van Meter, et al.

and

>Vincent Leon Guerrero, Esq.
>**BLAIR, STERLING, JOHNSON, MOODY,**
>**MARTINEZ & LEON GUERRERO, P.C.**
>Suite 1008, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam USA 96910
>Attorneys for Defendant California Pacific Technical Services, LLC
>John Healy, and William Ward

and

>G. Patrick Civille, Esq.
>**CIVILLE & TANG, PLLC**
>330 Hernan Cortez Avenue, Suite 200
>Hagåtña, Guam 96910
>Attorneys for Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. substituted for MCI

Executed this 18 day of September, 2007 at Hagåtña, Guam.

_____
ELYZE J. McDONALD

Defendant DTS' Sur-Reply in Opposition to Plaintiffs' Motion to Reconsider  Page 5 of 5
4849-7438-8481.1.059759-00001
Case 1:05-cv-00037  Document 427  Filed 09/18/2007  Page 5 of 5