**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511



*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs , <br><br> vs. <br><br> CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br><br> **DEFENDANT VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES** |

For its answer and affirmative defenses to Plaintiffs' Second Amended Complaint and

Demand for Jury Trial filed on September 7, 2007 ("Second Amended Complaint"), Defendants

Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively

"Verizon") state as follows:

## ANSWER

1.      Answering Paragraph 1 of the Second Amended Complaint, Verizon admits only that Plaintiffs purport to bring this action pursuant to Title VII. Verizon denies any remaining allegations contained in Paragraph 1 of the Second Amended Complaint.

2.      Answering Paragraph 2 of the Second Amended Complaint, Verizon admits only that this Court has jurisdiction over Plaintiffs' Title VII claims. Verizon denies any remaining allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Second Amended Complaint, and therefore denies same.

4.      Verizon denies the allegations contained in paragraph 4 of the Second Amended Complaint.

5.      Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint, and therefore denies same.

6.      Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint, and therefore denies same.

7.      Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint, and therefore denies same.

8.      Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint, and therefore denies same.

9.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Second Amended Complaint, and therefore denies same.

10.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Second Amended Complaint, and therefore denies same.

11.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Second Amended Complaint, and therefore denies same.

12.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint, and therefore denies same.

13.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Complaint, and therefore denies same.

14.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint, and therefore denies same.

15.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint, and therefore denies same.

16.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint, and therefore denies same.

17. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint, and therefore denies same.

18. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint, and therefore denies same.

19. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint, and therefore denies same.

20. Answering Paragraph 20 of the Second Amended Complaint, Verizon states that it is not required to admit or deny the vague and ambiguous allegations that Verizon Business Purchasing, LLC is a "telecommunications business" that is "engaged in business in Guam," and therefore denies same. Verizon denies the remaining allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Verizon admits the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Answering Paragraph 22 of the Second Amended Complaint, Verizon states that it is not required to admit or deny the vague and ambiguous allegations that Verizon Business Network Services, Inc. "is a telecommunications business" that is "engaged in business in Guam," and therefore denies same. Verizon denies the remaining allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Verizon admits the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint, and therefore denies same.

25. Verizon admits the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint, and therefore denies same.

27. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint, and therefore denies same.

28. Verizon denies the allegations contained in Paragraph 28 of the Complaint and specifically denies that it violated Title VII in any way.

29. Answering Paragraph 29 of the Second Amended Complaint, Verizon denies that Verizon Business Purchasing, LLC or its predecessor WorldCom Purchasing, LLC hired or employed Defendant Calpac and/or Calpac's employees and/or Plaintiffs. Verizon further denies the existence of any employment or other relationship between Verizon and Plaintiffs and/or between Verizon and any other defendant in this action that would subject Verizon to liability under Title VII. Verizon further denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon admits only that Verizon Business Purchasing, LLC contracted with Defendant Calpac related to the installation of underground cable in Guam.

30. Answering Paragraph 30 of the Second Amended Complaint, Verizon denies that Verizon Business Network Services, Inc. or its predecessor MCI WorldCom Network Services,

Inc. hired or employed Defendant DTS and DTS' employees, including Defendant Clark. Verizon further denies the existence of any employment or other relationship between Verizon and Plaintiffs and/or between Verizon and any other defendant in this action that would subject Verizon to liability under Title VII. Verizon further denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon admits only that Verizon Business Network Services, Inc. contracted with Defendant DTS related to the installation of underground cable in Guam.

31.     Answering Paragraph 31 of the Second Amended Complaint, Verizon denies it had control over the terms and conditions of Plaintiffs' employment at any time. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

32.     Answering Paragraph 32 of the Second Amended Complaint, Verizon admits only that Verizon Business Purchasing, LLC had the ability to evaluate Defendant Calpac's performance on a particular project under its contract with Verizon Business Purchasing, LLC and to object to the use of a superintendent or necessary assistant on that project who is deemed unsatisfactory. Verizon denies any remaining allegations contained in Paragraph 32 of the Second Amended Complaint. Verizon specifically denies that it evaluated Defendant Calpac's superintendents and employees, including Plaintiffs. Verizon specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment.

33.     Answering Paragraph 33 of the Second Amended Complaint, Verizon admits that Defendant Calpac agreed to remove an employee, agent, servant, or subcontractor from the worksite on a particular project in accordance with the terms of Calpac's contract with Verizon Business Purchasing, LLC. Verizon further admits that Defendant DTS agreed to remove its

employees or other personnel in accordance with DTS' contract with Verizon Business Network Services, Inc. Verizon denies any remaining allegations contained in Paragraph 33 of the Second Amended Complaint. Verizon specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment.

34.     Answering Paragraph 34 of the Second Amended Complaint, Verizon admits only that Defendants Calpac and DTS agreed to permit inspections on a particular project in accordance with their contracts with Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc., respectively. Verizon denies any remaining allegations contained in Paragraph 34 of the Second Amended Complaint. Verizon specifically denies that it thoroughly inspected the work progress of Defendant DTS and its employees, Defendant Calpac and its employees, and Plaintiffs. Verizon further specifically denies that it controlled the terms and conditions of Plaintiffs' employment.

35.     Answering Paragraph 35 of the Second Amended Complaint, Verizon admits only that, pursuant to Verizon Business Purchasing, LLC's contract with Calpac, Verizon Business Purchasing, LLC could request an increase in Calpac's labor force, the number of shifts, and/or overtime operations on a particular project and that Calpac was contractually obligated to comply with such requests. Verizon denies any remaining allegations contained in Paragraph 35 of the Second Amended Complaint. Verizon specifically denies that it controlled the terms and conditions of Plaintiffs' employment and denies that it had authority to determine whether Calpac would employ Plaintiffs or the number of shifts or overtime Plaintiffs worked.

36.     Verizon denies the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     Answering Paragraph 37 of the Second Amended Complaint, Verizon admits only that it furnished fiber optic cable to Defendant Calpac for installation of underground cable in

Guam. Verizon denies any remaining allegations contained in Paragraph 37 of the Second Amended Complaint.

38.     Answering Paragraph 38 of the Second Amended Complaint, Verizon admits only that Verizon Business Purchasing, LLC, pursuant to its contract with Calpac, could unilaterally add units to or make minor changes or modifications (which did not have a material effect) to the work performed on a particular project on its behalf by Defendant Calpac. Verizon denies any remaining allegations contained in Paragraph 38 of the Second Amended Complaint. Verizon specifically denies that it controlled the terms and conditions of Plaintiffs' employment and denies that it had authority to directly modify the work performed by Plaintiffs.

39.     Answering Paragraph 39 of the Second Amended Complaint, Verizon admits only that Verizon Business Purchasing, LLC could request material changes to the work performed by Defendant Calpac on a particular project in accordance with Verizon Business Purchasing, LLC's contract with Calpac and that payments for such changes could be authorized in accordance with Verizon Business Purchasing, LLC's contract with Calpac. Verizon denies any remaining allegations contained in Paragraph 39 of the Second Amended Complaint. Verizon specifically denies that it controlled the terms and conditions of Plaintiffs' employment and denies that it had authority to directly make material changes to the work performed by Plaintiffs.

40.     Answering Paragraph 40 of the Second Amended Complaint, Verizon denies that it was Plaintiffs' Title VII employer. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

41.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Second Amended Complaint, and therefore denies same.

42.    Answering Paragraph 42 of the Second Amended Complaint, Verizon denies that Plaintiffs came under Verizon's supervision. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

43.    Answering Paragraph 43 of the Second Amended Complaint, Verizon denies that it disparately treated Plaintiffs and/or subjected them to differential terms and conditions of employment. Verizon further specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

44.    Answering Paragraph 44 of the Second Amended Complaint, Verizon denies that it disparately treated Plaintiffs, subjected them to differential terms and conditions of employment, or harassed Plaintiffs. Verizon further specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

45.    Answering Paragraph 45 of the Second Amended Complaint, Verizon denies that it has exhibited patterns and practices of discrimination toward any individuals or group. Verizon states that it is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

46.     Answering Paragraph 46 of the Second Amended Complaint, Verizon denies that it subjected Plaintiffs to discrimination and/or retaliation. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

47.     Answering Paragraph 47 of the Second Amended Complaint, Verizon denies that it condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of race, national origin, and/or color discrimination, disparate treatment, and/or other unlawful employment practices alleged by Plaintiffs. Verizon further specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

48.     Answering Paragraph 48 of the Second Amended Complaint, Verizon denies that it took any actions affecting the rights of Plaintiffs by depriving them of equal employment opportunities. Verizon further specifically denies that it supervised Plaintiffs and/or controlled the terms and conditions of Plaintiffs' employment. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

49.     Verizon denies the allegations contained in Paragraph 49 of the Second Amended Complaint. Verizon specifically denies that it controlled the terms and conditions of Plaintiffs' employment, including any inspection or evaluation of Plaintiffs. Verizon further specifically

denies that it engaged in any discriminatory, retaliatory, or unlawful employment actions toward Plaintiffs, or created a hostile work environment for Plaintiffs.

50. Verizon denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Verizon admits that Plaintiffs demand a jury trial.

52. Answering Paragraph 52 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 51 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

53. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Second Amended Complaint, and therefore denies same.

54. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

55. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Second Amended Complaint, and therefore denies same.

56. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

57. Answering Paragraph 57 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

58. Answering Paragraph 58 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

59. Verizon denies the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint, and therefore denies same.

61. Answering Paragraph 61 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Van Meter or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

62. Answering Paragraph 62 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Van Meter or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of allegations relating to defendants other than Verizon, and therefore denies same.

63. Answering Paragraph 63 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Van Meter and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of allegations relating to defendants other than Verizon, and therefore denies same.

64. Answering Paragraph 64 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Van Meter and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

65. Verizon admits that Plaintiff Van Meter demands a jury trial.

66. Answering Paragraph 66 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 65 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

67.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Second Amended Complaint, and therefore denies same.

68.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

69.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Second Amended Complaint, and therefore denies same.

70.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

71.    Answering Paragraph 71 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

72. Answering Paragraph 72 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

73. Verizon denies the allegations contained in Paragraph 73 of the Second Amended Complaint.

74. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended Complaint, and therefore denies same.

75. Answering Paragraph 75 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Apodaca or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

76. Answering Paragraph 76 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Apodaca or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

77. Answering Paragraph 77 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate

treatment. Verizon further denies that Plaintiff Apodaca and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

78.     Answering Paragraph 78 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Apodaca and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

79.     Verizon admits that Plaintiff Apodaca demands a jury trial.

80.     Answering Paragraph 80 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 79 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

81.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Second Amended Complaint, and therefore denies same.

82.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship

(employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

83.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Second Amended Complaint, and therefore denies same.

84.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

85.     Answering Paragraph 85 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

86.     Answering Paragraph 86 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

87.     Verizon denies the allegations contained in Paragraph 87 of the Second Amended Complaint.

88.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Second Amended Complaint, and therefore denies same.

89.     Answering Paragraph 89 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Hernandez or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

90.     Answering Paragraph 90 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Hernandez or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

91.     Answering Paragraph 91 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Hernandez and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

92.     Answering Paragraph 92 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate

treatment. Verizon further denies that Plaintiff Hernandez and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

93.    Verizon admits that Plaintiff Hernandez demands a jury trial.

94.    Answering Paragraph 94 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 93 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

95.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Second Amended Complaint, and therefore denies same.

96.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

97.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Second Amended Complaint, and therefore denies same.

98.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship

(employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

99.    Answering Paragraph 99 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

100.   Answering Paragraph 100 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

101.   Verizon denies the allegations contained in Paragraph 101 of the Second Amended Complaint.

102.   Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Second Amended Complaint, and therefore denies same.

103.   Answering Paragraph 103 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff J. Mendiola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

104.    Answering Paragraph 104 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff J. Mendiola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

105.    Answering Paragraph 105 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff J. Mendiola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

106.    Answering Paragraph 106 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff J. Mendiola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

107.    Verizon admits that Plaintiff J. Mendiola demands a jury trial.

Case 1:05-cv-00037    Document 428    Filed 09/21/2007    Page 21 of 30

108. Answering Paragraph 108 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 107 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

109. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Second Amended Complaint, and therefore denies same.

110. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

111. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Second Amended Complaint, and therefore denies same.

112. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

113. Answering Paragraph 113 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

114. Answering Paragraph 114 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

115. Verizon denies the allegations contained in Paragraph 115 of the Second Amended Complaint.

116. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Second Amended Complaint, and therefore denies same.

117. Answering Paragraph 117 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Charfauros or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

118. Answering Paragraph 118 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Charfauros or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

119. Answering Paragraph 119 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Charfauros and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

120. Answering Paragraph 120 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Charfauros and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

121. Verizon admits that Plaintiff Charfauros demands a jury trial.

122. Answering Paragraph 122 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 121 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

123. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Second Amended Complaint, and therefore denies same.

124. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Second Amended

Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

125. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Second Amended Complaint, and therefore denies same.

126. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

127. Answering Paragraph 127 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

128. Answering Paragraph 128 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

129.  Verizon denies the allegations contained in Paragraph 129 of the Second Amended Complaint.

130.  Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Second Amended Complaint, and therefore denies same.

131.  Answering Paragraph 131 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Arriola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

132.  Answering Paragraph 132 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Arriola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

133.  Answering Paragraph 133 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Arriola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

134. Answering Paragraph 134 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Arriola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

135. Answering Paragraph 135 of the Second Amended Complaint, Verizon admits that Plaintiff Arriola demands a jury trial.

136. Answering Paragraph 136 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 135 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

137. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Second Amended Complaint, and therefore denies same.

138. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

139. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Second Amended Complaint, and therefore denies same.

140. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

141. Answering Paragraph 141 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

142. Answering Paragraph 142 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

143. Verizon denies the allegations contained in Paragraph 143 of the Second Amended Complaint.

144. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Second Amended Complaint, and therefore denies same.

145.    Answering Paragraph 145 of the Second Amended Complaint, Verizon denies

that Verizon retaliated or discriminated against Plaintiff R. Cruz or any other Plaintiff. Verizon

states that it is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations, including allegations relating to defendants other than Verizon, and

therefore denies same.

146.    Answering Paragraph 146 of the Second Amended Complaint, Verizon denies

that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff

R. Cruz or any other Plaintiff. Verizon states that it is without knowledge or information

sufficient to form a belief as to the truth of allegations relating to defendants other than Verizon,

and therefore denies same.

147.    Answering Paragraph 147 of the Second Amended Complaint, Verizon denies

that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate

treatment. Verizon further denies that Plaintiff R. Cruz and the other Plaintiffs are entitled to any

relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations, including allegations relating to defendants other than Verizon, and therefore denies

same.

148.    Answering Paragraph 148 of the Second Amended Complaint, Verizon denies

that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate

treatment. Verizon further denies that Plaintiff R. Cruz and the other Plaintiffs are entitled to any

relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred

expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

149.    Verizon admits that Plaintiff R. Cruz demands a jury trial.

150.    Answering Paragraph 150 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 149 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

151.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Second Amended Complaint, and therefore denies same.

152.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

153.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Second Amended Complaint, and therefore denies same.

154.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct.

155.    Answering Paragraph 155 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further