denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

156. Answering Paragraph 156 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Calpac and Healy that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

157. Verizon denies the allegations contained in Paragraph 157 of the Second Amended Complaint.

158. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Second Amended Complaint, and therefore denies same.

159. Answering Paragraph 159 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff R. Mendiola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

160. Answering Paragraph 160 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff

R. Mendiola or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

161.    Answering Paragraph 161 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Roland Mendiola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

162.    Answering Paragraph 162 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff R. Mendiola and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

163.    Verizon admits that Plaintiff R. Mendiola demands a jury trial.

164.    Answering Paragraph 164 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 163 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

165. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Second Amended Complaint, and therefore denies same.

166. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

167. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Second Amended Complaint, and therefore denies same.

168. Answering Paragraph 168 of the Second Amended Complaint, Verizon admits only that Yee filed a charge of discrimination with the Equal Employment Opportunity Commission in or about December 2004. Verizon denies any remaining allegations contained in Paragraph 168 of the Second Amended Complaint.

169. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Second Amended Complaint, and therefore denies same.

170. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Second Amended Complaint, and therefore denies same.

171. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Second Amended Complaint, and therefore denies same.

172.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Second Amended Complaint, and therefore denies same.

173.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Second Amended Complaint, and therefore denies same.

174.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Second Amended Complaint, and therefore denies same.

175.     Answering Paragraph 175 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

176.     Answering Paragraph 176 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Ward. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Ward that would subject Verizon to liability under Title VII because of Defendant Ward's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

177.    Answering Paragraph 177 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant James. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant James that would subject Verizon to liability under Title VII because of Defendant James's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

178.    Answering Paragraph 178 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Healy and Calpac that would subject Verizon to liability under Title VII because of Defendants Healy's and Calpac's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

179.    Verizon denies the allegations contained in Paragraph 179 of the Second Amended Complaint.

180.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Second Amended Complaint, and therefore denies same.

181.    Answering Paragraph 181 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Yee or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

182. Answering Paragraph 182 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Yee or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

183. Answering Paragraph 183 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Yee and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

184. Answering Paragraph 184 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Yee and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

185. Verizon admits that Plaintiff Yee demands a jury trial.

186. Answering Paragraph 186 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 185 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

187.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Second Amended Complaint, and therefore denies same.

188.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

189.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Second Amended Complaint, and therefore denies same.

190.     Answering Paragraph 190 of the Second Amended Complaint, Verizon admits only that Plaintiff T. Cruz filed a charge of discrimination with the Equal Employment Opportunity Commission in or about December 2004. Verizon denies any remaining allegations contained in Paragraph 190 of the Second Amended Complaint.

191.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Second Amended Complaint, and therefore denies same.

192.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Second Amended Complaint, and therefore denies same.

193.     Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Second Amended Complaint, and therefore denies same.

194. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Second Amended Complaint, and therefore denies same.

195. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Second Amended Complaint, and therefore denies same.

196. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Second Amended Complaint, and therefore denies same.

197. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Second Amended Complaint, and therefore denies same.

198. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Second Amended Complaint, and therefore denies same.

199. Answering Paragraph 199 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

200. Answering Paragraph 200 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac.

Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Healy and Calpac that would subject Verizon to liability under Title VII because of Defendants Healy's and Calpac's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

201. Verizon denies the allegations contained in Paragraph 201 of the Second Amended Complaint.

202. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Second Amended Complaint, and therefore denies same.

203. Answering Paragraph 203 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff T. Cruz or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

204. Answering Paragraph 204 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff T. Cruz or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

205. Answering Paragraph 205 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff T. Cruz and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is

without knowledge or information sufficient to form a belief as to the truth of allegations relating to defendants other than Verizon, and therefore denies same.

206. Answering Paragraph 206 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff T. Cruz and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

207. Verizon admits that Plaintiff T. Cruz demands a jury trial.

208. Answering Paragraph 208 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 207 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

209. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 of the Second Amended Complaint, and therefore denies same.

210. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

211. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Second Amended Complaint, and therefore denies same.

212. Answering Paragraph 212 of the Second Amended Complaint, Verizon admits only that Jesse Cruz filed a charge of discrimination with the Equal Employment Opportunity Commission in or about December 2004. Verizon denies any remaining allegations contained in Paragraph 212 of the Second Amended Complaint.

213. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Second Amended Complaint, and therefore denies same.

214. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Second Amended Complaint, and therefore denies same.

215. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the Second Amended Complaint, and therefore denies same.

216. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Second Amended Complaint, and therefore denies same.

217. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Second Amended Complaint, and therefore denies same.

218.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Second Amended Complaint, and therefore denies same.

219.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the Second Amended Complaint, and therefore denies same.

220.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Second Amended Complaint, and therefore denies same.

221.    Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Second Amended Complaint.

222.    Answering Paragraph 222 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

223.    Answering Paragraph 223 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Clark and their agents. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Healy and Clark and their agents that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

224.   Verizon denies the allegations contained in Paragraph 224 of the Second Amended Complaint.

225.   Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the Second Amended Complaint, and therefore denies same.

226.   Answering Paragraph 226 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff J. Cruz or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

227.   Answering Paragraph 227 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff J. Cruz or any Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

228.   Answering Paragraph 228 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff J. Cruz and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

229. Answering Paragraph 229 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff J. Cruz and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

230. Verizon admits that Plaintiff J. Cruz demands a jury trial.

231. Answering Paragraph 231 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 230 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

232. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 of the Second Amended Complaint, and therefore denies same.

233. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

234. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 of the Second Amended Complaint, and therefore denies same.

235. Answering Paragraph 235 of the Second Amended Complaint, Verizon admits only that John Nauta filed a charge of discrimination with the Equal Employment Opportunity Commission in or about December 2004. Verizon denies any remaining allegations contained in Paragraph 235 of the Second Amended Complaint.

236. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Second Amended Complaint, and therefore denies same.

237. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the Second Amended Complaint, and therefore denies same.

238. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Second Amended Complaint, and therefore denies same.

239. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 of the Second Amended Complaint, and therefore denies same.

240. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 of the Second Amended Complaint, and therefore denies same.

241. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 of the Second Amended Complaint, and therefore denies same.

242. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 of the Second Amended Complaint, and therefore denies same.

243. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 of the Second Amended Complaint, and therefore denies same.

244. Answering Paragraph 244 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

245. Answering Paragraph 245 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac and their agents. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Healy and Calpac and their agents that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

246. Verizon denies the allegations contained in Paragraph 246 of the Second Amended Complaint.

247. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 of the Second Amended Complaint, and therefore denies same.

248. Answering Paragraph 248 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Nauta or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

249. Answering Paragraph 249 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Nauta or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

250. Answering Paragraph 250 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Nauta and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

251. Answering Paragraph 251 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Nauta and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred

expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

252. Verizon admits that Plaintiff Nauta demands a jury trial.

253. Answering Paragraph 253 of the Second Amended Complaint, Verizon admits that Plaintiffs purport to incorporate the foregoing paragraphs 1 through 252 by reference. Verizon incorporates all previous paragraphs of its Answer as if fully set forth herein.

254. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254 of the Second Amended Complaint, and therefore denies same.

255. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the Second Amended Complaint, and therefore denies same. Verizon specifically denies that it was in any relationship (employment or otherwise) with Defendant Clark that would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct.

256. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the Second Amended Complaint, and therefore denies same.

257. Answering Paragraph 257 of the Second Amended Complaint, Verizon admits only that John Babauta filed a charge of discrimination with the Equal Employment Opportunity Commission. Verizon denies any remaining allegations contained in Paragraph 257 of the Second Amended Complaint.

258. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 of the Second Amended Complaint, and therefore denies same.

259. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259 of the Second Amended Complaint, and therefore denies same.

260. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260 of the Second Amended Complaint, and therefore denies same.

261. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261 of the Second Amended Complaint, and therefore denies same.

262. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262 of the Second Amended Complaint, and therefore denies same.

263. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 of the Second Amended Complaint, and therefore denies same.

264. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 of the Second Amended Complaint, and therefore denies same.

265. Answering Paragraph 265 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendant Clark. Verizon further denies that it was in any relationship (employment or otherwise) with Defendant Clark that

would subject Verizon to liability under Title VII because of Defendant Clark's alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

266. Answering Paragraph 266 of the Second Amended Complaint, Verizon denies that Verizon approved, condoned, or authorized the actions of Defendants Healy and Calpac and their agents. Verizon further denies that it was in any relationship (employment or otherwise) with Defendants Healy and Calpac and their agents that would subject Verizon to liability under Title VII because of their alleged conduct. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

267. Verizon denies the allegations contained in Paragraph 267 of the Second Amended Complaint.

268. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of the Second Amended Complaint, and therefore denies same.

269. Answering Paragraph 269 of the Second Amended Complaint, Verizon denies that Verizon retaliated or discriminated against Plaintiff Babauta or any other Plaintiff. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of allegations relating to defendants other than Verizon, and therefore denies same.

270. Answering Paragraph 270 of the Second Amended Complaint, Verizon denies that Verizon harassed, discriminated against, or created a hostile work environment for Plaintiff Babauta or any other Plaintiff. Verizon states that it is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

271.    Answering Paragraph 271 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Babauta and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, non-pecuniary losses. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

272.    Answering Paragraph 272 of the Second Amended Complaint, Verizon denies that it engaged in any unlawful actions, discrimination, harassment, or differential or disparate treatment. Verizon further denies that Plaintiff Babauta and the other Plaintiffs are entitled to any relief whatsoever, including, but not limited to, lost income, future prospects of income, incurred expenses and costs, future expenses and costs, front pay, or attorneys' fees. Verizon states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations relating to defendants other than Verizon, and therefore denies same.

273.    Verizon admits that Plaintiff Babauta demands a jury trial.

274.    Verizon is not required to answer Plaintiffs' prayer for relief, but denies that Plaintiffs are entitled to any of the relief requested, or any relief whatsoever.

275.    Verizon denies each and every allegation set forth in the Second Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Verizon asserts the following affirmative defenses:

1.     Plaintiffs are not entitled to relief under Title VII of the Civil Rights Act for any alleged discrimination based on decisions, events, or conduct that occurred more than 300 days prior to the filing of their respective charges of discrimination with the EEOC, or for any alleged discrimination that was not included in their respective charges or that could reasonably be expected to grow out of their respective charges. In the alternative, such claims are barred, in whole or in part, on the grounds that this Court lacks subject matter jurisdiction.

2.     Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted because Verizon was not in any relationship (employment or otherwise) with Plaintiffs, defendants other than Verizon, or the alleged individual wrongdoers that would subject Verizon to liability under Title VII of the Civil Rights Act.

3.     Plaintiffs' claims are barred, in whole or part, under the doctrines of collateral estoppel and/or *res judicata*.

4.     Upon information and belief, all employment decisions made and actions taken by Plaintiffs' employer regarding Plaintiffs were undertaken in good faith, for legitimate, nondiscriminatory reasons, and were not a pretext for discrimination.

5.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because a protected characteristic was not a motivating factor in Plaintiffs' employer's employment-related decisions regarding Plaintiffs. Alternatively, even if a protected characteristic was a motivating factor, any adverse employment actions taken by Plaintiffs' employer with respect to Plaintiffs would have been taken regardless of the protected characteristic.

6. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, on the grounds that their employer made a good faith effort to prevent discrimination in the workplace pursuant to an anti-harassment and anti-discrimination policy.

7. Upon information and belief, Plaintiffs' employer exercised reasonable care to prevent and promptly correct any harassing behavior.

8. Upon information and belief, Plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided by their employer to avoid harm.

9. Upon information and belief, any alleged harassment that Plaintiffs may have experienced was not sufficiently severe or pervasive to affect the terms and conditions of their employment, and thus is not actionable.

10. Upon information and belief, any alleged harassment was perpetuated by individuals acting beyond the course and scope of their employment.

11. Any alleged harassment, discrimination, and/or retaliation was perpetuated without the knowledge, approval, or concurrence of Verizon.

12. Verizon is not jointly or vicariously liable for the acts of the alleged harassers.

13. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

14. Plaintiffs' claims for damages are subject to the applicable statutory caps pursuant to 42 U.S.C. § 1981a(b)(3).

15. Plaintiffs' claims for punitive and exemplary damages are, upon information and belief, barred on the grounds that their employer took no action with malice or reckless indifference to Plaintiffs' protected rights.

16. Plaintiffs' claims for punitive damages are barred in whole, or in part, by the provisions of the United States Constitution.

Verizon reserves the right, when justice so requires, to amend or add any additional affirmative or other defenses or cross claims or counterclaims that may become known during the course of discovery or at trial.

## PRAYER

WHEREFORE, Verizon requests judgment (a) dismissing the Second Amended Complaint in its entirety and on the merits; (b) for its costs and disbursements incurred in defending this action, including reasonable attorneys' fees; and (c) for such other relief deemed appropriate by the Court.

DATED at Hagåtña, Guam, on September 21, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By _____
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

# CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on September 21, 2007, I will have caused

a copy of *Defendant Verizon's Answer and Affirmative Defenses* to be served via hand-delivery

on the following:

**Lujan Aguigui & Perez LLP**
Suite 300, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

**Blair Sterling Johnson Martinez**
**& Leon Guerrero, P.C.**
Suite 1008, Pacific News building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910

**Carlsmith Ball LLP**
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagåtña, Guam 96910

DATED at Hagåtña, Guam, on September 21, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By _____
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*