DISTRICT COURT OF GUAM

TERRITORY OF GUAM

HENRY G. VAN METER, *et al.*,

    Plaintiffs,

vs.

CALPAC, *et al.*,

    Defendant.

Civil Case No. 05-00037

**ORDER RE: VERISON'S OBJECTIONS TO THE ORDER OF THE UNITED STATES MAGISTRATE JUDGE GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

This matter is before the Court on the Defendant, Verizon's Objection to Magistrate Judge's Order dated August 24, 2007. Docket No. 410. After reviewing the parties' submissions, as well as relevant caselaw and authority, the court hereby **OVERRULES** Verizon's Objection. The court sets forth the basis for its decisions herein.[1]

## BACKGROUND

On December 12, 2005, this action was instituted by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964,

---

[1] Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument. Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed to work on an installation project of underground cables in Guam, Defendant Calpac subjected them to a hostile work environment and discriminated against them based on their race (Pacific Islander/Chamorro), and national origin (Pacific Islander/Guamanian). In addition they allege they were retaliated against for engaging in protected activity.

In their complaint, the Plaintiffs named as Defendants, Calpac, Dynamic Technical Services ("DTS"), MCI[2], John Healy, allegedly the owner of Calpac, Dennis Clark, allegedly manager or supervisor employed by DTS, William Ward, allegedly the general manager of Calpac, and Jai James, allegedly a foreman or supervisor employed by Calpac. The complaint alleges that MCI hired Calpac to perform installation of underground cables in Guam and MCI hired DTS to supervise or oversee the installation of underground cables in Guam performed by Calpac.

Prior to filing suit, each Plaintiff brought charges of discrimination against DTS with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, counsel for the Plaintiffs requested that the EEOC issue the Plaintiffs their right-to-sue notices. On September 8, 2005, the EEOC in Hawaii sent the Plaintiffs their right-to-sue notices informing them that they had ninety (90) days upon receipt of the notice in which to file a lawsuit. On September 12, 2005, Plaintiffs' counsel received the EEOC Notice of Right to Sue letters on behalf of the Plaintiffs. *See* Wendy James ("James Decl.") Decl. at ¶ 3.

On January 22, 2007 the court issued an Order dismissing without prejudice, Defendant Verizon from the case. Docket No. 111. On that same date Plaintiffs filed a Motion for Leave to Amend a First Amended Complaint to reinstate Verizon as a defendant. On August 24, 2007, the Magistrate Judge issued its Order granting Plaintiffs' Motion to Amend and ordered the Plaintiffs to file their Second Amended Complaint by September 7, 2007. Trial was scheduled for October 29, 2007. The Defendant Verizon now objects to the court's August 24, 2007 order.

///

---

[2] By court order MCI was dismissed. Verizon Business Network Services, Inc. and Verizon Business Purchasing, LLC were substituted in MCI's place. *See* Docket No. 72.

# DISCUSSION

Under Title 28 U.S.C. § 636(b)(1)(A) a district judge may reconsider a Magistrate Judge's order on a nondispositive pretrial motion if the order was "clearly erroneous or contrary to law;" it is not subject to *de novo* determination as are proposed findings and recommendations under 28 U.S.C. § 636(b)(1)(B). Similarly, Federal Rules of Civil Procedure 72(a) provides "[t]he district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law . . . " Under this standard of review, the magistrate judge's order should be affirmed unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r,* 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991).

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." In making that determination, the court looks at several factors including the existence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). However, where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny a motion for leave to amend on the basis of delay alone. *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (1981).

The Defendant Verizon claims that it has been unfairly prejudiced because it has not been a participant in the case for the last seven months and has lacked the opportunity to engage in the discovery process. Additionally, it claims that crucial discovery and dispositive motions deadlines have passed. These same types of arguments were unsuccessfully made to the Magistrate Judge. In ruling against Verizon, the Magistrate Judge found that it was not prejudiced because Verizon had been a party to the case until January 22, 2007. The Second Amended Complaint only provided additional information explaining the relationship between Verizon and the Plaintiffs which was not in the previous complaint. No new claims were being leveled against it. The

Defendant was aware of the allegations and should have been preparing its defenses. Further, with respect to the discovery issue, the Magistrate Judge stated that there were remedies available to Verizon such as requesting an extension of discovery. Moreover, the Magistrate Judge found that the Plaintiffs' motion for leave to file a Second Amended Complaint was not obviously frivolous or filed as a stall tactic. This court does not find that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that having considered the matter this court does not find that the Magistrate Judge's ruling is clearly erroneous or contrary to law. Accordingly, Defendant Verizon's Objection to the Magistrate Judge's August 24th Order is **OVERRULED**, and the Order is hereby **AFFIRMED** and **ADOPTED** in its entirety. In light of this court's order, the Plaintiffs are to provide Verizon transcripts of all depositions taken (with exhibits), all written discovery exchanged, and all documents produced in this case from any source, with Verizon to pay reasonable transcript and copy costs.

In addition, the court notes that there are a number of prior motions based on the First Amended Complaint. The parties are to file a status report informing the court whether the motions filed can be based on the Second Amended Complaint or if they need to be re-filed in light of the amended complaint. Such status reports are to be filed no later than October 5, 2007. Any outstanding motion for which a status report is not filed by October 5, 2007 will be considered moot. Additionally, the court vacates the present trial date, reopens discovery and sets forth the following schedule:

1. The discovery cut-off date is November 13, 2007.
2. All dispositive motions shall be filed on or December 10, 2007 and heard on or before February 7, 2008.
3. The trial brief shall be filed on or before February 18, 2008.
4. The Preliminary Pretrial Conference shall be held on February 26, 2008 at 9:30 a.m.
5. All materials required or allowed by LR 16.7(d) (e) (f) and (g) shall be filed on or before

March 4, 2008.[3]

6. The Final Pretrial Conference shall be held on March 11, 2008 at 9:30 a.m.

7. The trial in this matter shall be held on March 18, 2008 at 9:30 a.m.

**SO ORDERED**.



    **/s/ Frances M. Tydingco-Gatewood**
        **Chief Judge**
    **Dated: Sep 27, 2007**

---

[3] The court understands that it is deviating from the local rules in terms of the timeframe for filings some of these documents. For example, the court is requiring motions *in limine* and proposed jury instructions 14 days in advance of trial instead of the stated 7 days under the rules. *See* Local Rule 16.7 (f) and (g). The court sets this schedule in order to be fully prepared for trial.