CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

JONES DAY
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*



FILED
DISTRICT COURT OF GUAM
OCT - 5 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>        Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>        Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br><br><br><br>**DEFENDANT VERIZON'S**<br>**NOTICE OF JOINDER** |

ORIGINAL

Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively "Verizon") hereby respectfully provide notice of their limited joinder of Defendant Calpac's motions for summary judgment against the Plaintiffs. The Court's granting of Calpac's motions for summary judgment against the Plaintiffs on the issues as to which Verizon is joining would be dispositive of Plaintiffs' claims against Verizon as a matter of law. If, however, Calpac's motions for summary judgment against the Plaintiffs are denied, Verizon anticipates timely filing dispositive motions on issues that were not joined or were otherwise expressly reserved by Verizon after Verizon has the opportunity to conduct its own discovery and review the discovery that was conducted during the time Verizon was not a party to this action.

## ISSUES JOINED

Expressly retaining, and without waiving or conceding its position that Verizon was not in any relationship (employment or otherwise) with Plaintiffs, defendants other than Verizon, or the alleged individual wrongdoers that would subject Verizon to liability under Title VII of the Civil Rights Act, Verizon joins the following issues argued in Calpac's motions for summary judgment against the Plaintiffs:

1. Plaintiffs fail to establish a *prima facie* case of hostile work environment harassment.

2. Plaintiffs' claims are barred, in whole or in part, on the grounds that Calpac, Plaintiffs' employer, exercised reasonable care to prevent and promptly correct any harassing, discriminatory or retaliatory conduct.

3. Plaintiffs' retaliation claims fail because the acts alleged do not amount to actionable retaliatory conduct.

4. Plaintiffs' discrimination and retaliation claims fail because Calpac, Plaintiffs' employer, had legitimate, non-discriminatory and non-retaliatory reasons for any alleged adverse employment actions that were not pretexts for discrimination or retaliation.

5. Plaintiffs' declarations submitted in support of their opposition briefs, which contradict their deposition testimony, cannot create a genuine issue of material fact.

Each of the arguments in which Verizon is joining relates to a necessary element of Plaintiffs' claims against Verizon, such that a finding against Plaintiffs would eliminate such claims not only as to Calpac, but also as to Verizon. For example, a finding that Plaintiffs fail to establish a *prima facie* case of hostile work environment harassment would be dispositive of Plaintiffs' harassment claims against both Calpac and Verizon.

## ISSUES NOT JOINED EXPRESSLY RESERVED

Verizon expressly reserves the right to address by separate motion(s) any and all issues argued in Calpac's motions for summary judgment with respect to which Verizon has not expressly joined, as well as any other appropriate issue after Verizon has reviewed the discovery conducted by the other parties and conducted its own, including but not limited to the following:

1. Verizon was not in any relationship (employment or otherwise) with Plaintiffs, defendants other than Verizon, or the alleged individual wrongdoers that would subject Verizon to liability under Title VII of the Civil Rights Act.

2. Alternatively, and subject to and without waiving the foregoing, if any such relationship were found to have existed, Plaintiffs' claims are barred, in whole or in part, on the following grounds:

    a. Verizon made a good faith effort to prevent harassment, discrimination and retaliation in the workplace pursuant to an anti-harassment, anti-discrimination, and anti-retaliation policy;

    b. Verizon exercised reasonable care to prevent and promptly correct any harassing, discriminatory or retaliatory behavior; and/or

    c. Plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided by Verizon to avoid harm.

3. Any alleged harassment, discrimination, and/or retaliation was perpetuated without the knowledge, approval, acquiescence or concurrence of Verizon.

4. Verizon is not jointly or vicariously liable for the acts of the alleged harassers.

DLI-6144498v1

-3-

Case 1:05-cv-00037    Document 435    Filed 10/05/2007    Page 3 of 4

5. Whether Calpac was in any relationship (employment or otherwise) with Dennis Clark or defendants other than Verizon that would subject Calpac to liability under Title VII of the Civil Rights Act.

6. Whether DTS was in any relationship (employment or otherwise) with Plaintiffs, Dennis Clark or defendants other than Verizon that would subject DTS to liability under Title VII of the Civil Rights Act.

Respectfully submitted this 5th day of October, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: *[signature]*
G. PATRICK CIVILLE

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*