**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



FILED
DISTRICT COURT OF GUAM

OCT - 5 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>          Plaintiffs,<br><br>    vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>          Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**THE VERIZON DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER** |

Pursuant to L.R. 7(1)(j), Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively the "Verizon Defendants"), move this Court for an Order amending the schedule set forth in the Court's September 27, 2007 Order re: Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiff's Motion for Leave to Amend the First Amended Complaint (Docket # 429), as is more fully described below.

The basis for this motion is that the Verizon Defendants were dismissed as parties to this action on January 22, 2007 and have only recently, on September 7, 2007, been brought back into the action by way of the filing of a Second Amended Complaint. The Court's September 27, 2007 Order requires the Verizon Defendants to complete discovery by November 13, 2007, file all dispositive motions by December 10, 2007, with a trial set for March 18, 2008. Due to the circumstances described more fully below, the Verizon Defendants have not had an adequate time to conduct discovery and prepare for trial, and therefore request that the trial date be vacated and that new control dates be set.

This motion is based on the Memorandum of Points and Authorities which follows, the Declaration of G. Patrick Civille submitted herewith, all matters of record herein and such other matters as may be adduced at a hearing hereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Background.** This is a purported discrimination, retaliation, and harassment case brought under Title VII. There are thirteen plaintiffs who each claim to have been discriminated against in their employment. Not long after being served with the First Amended Complaint, the Verizon Defendants filed a motion to dismiss under FRCP 12(b)(6), which was granted on January 22, 2007. Also on January 22, 2007, Plaintiffs filed a motion for leave to amend their complaint, which the Verizon Defendants opposed. On

August 24, 2007 the Magistrate Judge issued an Order granting plaintiffs' motion to amend. On September 7, 2007 Plaintiffs filed a Second Amended Complaint ("SAC"), again naming the Verizon Defendants as defendants. The Verizon Defendants filed objections to the Order of the Magistrate Judge on September 7. The Verizon Defendants filed a timely answer to the allegations in the SAC on September 21, 2007. The Court issued an Order re: Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiff's Motion for Leave to Amend the First Amended Complaint on September 27, 2007, overruling Verizon's objections, reopening discovery, setting new dates for dispositive motions, and setting a new trial date.

**B. Facts Warranting Amendment of the Scheduling Order.** At the time the Verizon Defendants were dismissed in January 2007, formal discovery had not yet commenced. *See* Declaration of G. Patrick Civille ("Civille Decl."), ¶ 2, filed herewith. After the Verizon Defendants were dismissed and no longer parties, discovery between Plaintiffs and the remaining defendants began in earnest. Following the dismissal of the Verizon Defendants, through the discovery cutoff date of May 24, 2007, the parties took over twenty depositions, including depositions of all of the plaintiffs, and conducted extensive written discovery. Civille Decl. ¶ 2.

Because the Verizon Defendants were not parties during this period, they did not participate in the extensive depositions or written discovery, nor did they take any action to prepare the case for trial. Civille Decl. ¶ 3. The Verizon Defendants are mindful of the Court's observation in its September 27, 2007 Order that the Verizon Defendants were aware of the Plaintiffs allegations and could have been preparing for trial prior to the approval of Plaintiffs' motion to amend. While this is true, the Verizon Defendants would ask the Court to bear in mind that it is difficult to justify spending in excess of a hundred thousand dollars in discovery and trial preparations, when the client is no longer a party to the action, merely on the chance that the client might at some point be brought back into the suit. Also, between the dismissal of the Verizon Defendants and the motion cutoff date of

July 23, 2007 there was a robust motion practice in which the Verizon Defendants did not and could not participate due to their lack of party status. *Ibid.*

In light of the Court's Order overruling the Verizon Defendants' objections to the Magistrate's Order, the Verizon Defendants seek additional time to undertake discovery of multiple parties and their representative, prepare for dispositive motions, and prepare for trial. The Verizon Defendants were initially dismissed so early in the case they are starting almost from scratch.[1] Among other tasks, it will be necessary for them to: (a) propound interrogatories and requests for admissions to the plaintiffs and remaining defendants; (b) issue requests for production of documents to plaintiffs and the remaining defendants; (c) take the depositions of each of the thirteen plaintiffs to examine them regarding their claims against the Verizon Defendants as set forth in the Second Amended Complaint; (d) take depositions of a minimum of seven fact witnesses; (e) upon review of the record, take the depositions of representatives of the remaining defendants; (f) evaluate and if necessary retain experts; (g) depose any experts properly designated by plaintiffs. To promote efficiency in the discovery process, at least some written discovery should be completed prior to engaging in depositions. To do this would require an enlargement of the discovery period.

In addition, because the Verizon Defendants believe that the claims of the plaintiffs are legally infirm, the Verizon Defendants will almost certainly file motions seeking summary judgment on all or portions of Plaintiffs' claims. The additional time necessary to complete written discovery and depositions will consequently require an extended deadline to submit dispositive motions.

---

[1] Similarly, because the Verizon Defendants were dismissed so early in the case, the plaintiffs too are virtually starting from scratch in terms of obtaining discovery from the Verizon Defendants.

**D. Proposed Dates.** The Verizon Defendants request a continuance of the trial date by less than three months, and an adjustment of the discovery and motion dates. The discovery tasks and motion practice described above are essential to the Verizon Defendants' ability to adequately prepare for trial. With these fundamental tasks in mind, the Verizon Defendants request that the dates set forth in the Court's September 27, 2007 Order be amended as follows:

|  | *Current* | *Proposed* |
|---|---|---|
| Exchange of Initial Disclosures: | - | October 31, 2007 |
| Verizon's expert designation and reports: | - | January 18, 2008 |
| Verizon's deadline to add parties or claims: | - | February 8, 2008 |
| Plaintiff's rebuttal expert designations and reports: | - | February 15, 2008 |
| Discovery Cut-off: | November 13, 2007 | March 3, 2008 |
| Discovery Motions: | - | March 17, 2008 |
| Dispositive Motions: | December 10, 2007 | April 11, 2008 |
| Pretrial Disclosures: | - | May 9, 2008 |
| Preliminary Pretrial Conference: | February 26, 2008 | May 19, 2008 |
| Filing of Trial Documents and Pretrial Order: | March 4, 2008 | May 23, 2008 |
| Final Pretrial Conference: | March 11, 2008 | June 2, 2008 |
| Trial Date: | March 18, 2008 | June 9, 2008 |

**E. POSITION OF OTHER PARTIES.** The below signed counsel has contacted counsel for the other parties and informed them of the dates being requested in this motion. Counsel for Plaintiffs indicated that the additional time is appropriate, especially in light of Plaintiffs' discovery needs regarding the Verizon Defendants. Counsel for Calpac indicated his intention to file a non-opposition to this motion. DTS has taken the position that it is no

longer a party and therefore should not and will not sign any stipulations regarding the Scheduling Order.   This motion would have been submitted as a stipulation but Calpac's counsel believes that DTS is still a party and that any stipulation would have to be executed by all parties, including DTS.   Civille Decl. ¶ 5.

**F. CONCLUSION.**   Based on the circumstances set forth above, and considering the fundamental tasks which the Verizon Defendants (and plaintiffs for that matter) need to accomplish in order to adequately prepare for trial, they request the Court vacate the trial date and other dates attendant to the trial date and amend the dates set forth in the Court's September 17, 2007 Order as set forth in the [Proposed] Third Amended Scheduling Order submitted herewith.

Respectfully submitted this 5th day of October, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
**G. PATRICK CIVILLE**

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA and JOHN P. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a.CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 05-00037 <br><br> **[PROPOSED]** <br><br> **THIRD AMENDED SCHEDULING ORDER** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively the "Verizon Defendants") hereby submit the following Third Amended Scheduling Order. The reason for this amendment of the Scheduling Order is that Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively the "Verizon Defendants"), who were dismissed without prejudice from the case on January 22, 2007 on their Rule 12(b)(6) motion, have been brought back into the case by way of Plaintiffs' filing of a Second Amended Complaint on September 7, 2007, following the Magistrate Judge's granting of plaintiffs' motion for leave to amend. The Verizon Defendants have objected to the Order of the Magistrate Judge, which this Court overruled in a September 27, 2007 Order re: Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiff's Motion for Leave to Amend the First Amended Complaint (Docket # 429). The Court's September 27, 2007 Order requires the Verizon Defendants to complete discovery by November 13, 2007, file all dispositive motions by December 10, 2007, with a trial set for March 18, 2008. The Verizon Defendants reasonably need additional time to engage in discovery and motion practice and time to prepare their case for trial.

1. **The nature of the case is as follows:** Plaintiffs filed suit against Calpac, Dynamic Technical Services, Verizon Business Purchasing, LLC, Verizon Business Network Services, Inc., John Healy, Dennis Clark, William Ward, Jai James, and Does 1 through 10, under Title VII of the Civil Rights Act, alleging that they were subjected to harassment, discrimination and retaliation in their terms and conditions of employment. Plaintiffs seek compensatory and punitive damages. Defendants deny Plaintiffs' allegations.

2. **The posture of the case is as follows:**

(a)     **Defendants John Healy, William Ward and Dynamic Technical Services have been dismissed from the case by way of motions for summary judgment.**

(b)     **The following motions are on file; and are deemed timely filed with respect to the second amended complaint]:**

(1) Motions for Summary Judgment filed by Calpac against all Plaintiffs; (2) Plaintiffs' Motion for Reconsideration of Court's Order Granting DTS' Motion for Summary Judgment; and (3) Motion to Dismiss filed by John Healy and William Ward.

(c)     **The following motions have been resolved:**

(1) Plaintiffs' Motion for an Order  Extending Time to Effect Service on Defendants and Amended Motion for Order Extending Time to Effect Service on Defendants; (2) Defendant Dynamic Technical Services' Motion to Dismiss; (3) Defendant Dynamic Technical Services' Motion for Summary Judgment; (4) Plaintiffs' Motion to Enlarge Time and Continue Dates in Scheduling Order and Discovery Plan; (5) Defendant Verizon's Motion to Dismiss; (6) Plaintiffs' Motion for Leave to Amend First Amended Complaint; (7) Motion for Summary Judgment filed by John Healy and William Ward; and (8) Motion for Summary Judgment Against All Plaintiffs filed by DTS.

(d)     **The following discovery has been initiated:**

Initial disclosures have been exchanged amongst the parties, except the Verizon Defendants who only entered the case on September 21, 2007 with the filing of their Answer and Affirmative Defenses to the Second Amended Complaint.  The Verizon Defendants shall exchange initial disclosures with the other parties by **October 31, 2007.** There have been over twenty depositions taken, but the Verizon Defendants were not parties at the time any of the depositions were taken and did not participate in those depositions. There has been significant written discovery and a voluminous production of documents,

which transpired during the time that the Verizon Defendants were not parties, and the Verizon Defendants did not participate in such discovery. The written report to be accompanied with the expert disclosure has not been provided and the time to do so has expired.

3. **Motions to Add Parties or Claims:** The deadline for adding parties and claims has passed and no further parties or claims shall be added, except that the Verizon Defendants may add parties or claims by **February 8, 2008**.

4. **Motions to Amend Pleadings:** The deadline for amending pleadings has passed and no further amendment of pleadings shall be permitted, except that the Verizon Defendants may amend their answer once as a matter of right within twenty days of the filing of their answer to the second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

5. **Time for Disclosures.** Initial disclosures have been exchanged amongst the parties, except the Verizon Defendants who only entered the case on September 21, 2007 with the filing of their Answer and Affirmative Defenses to the Second Amended Complaint. The Verizon Defendants shall exchange initial disclosures with the other parties by **October 31, 2007**.

6. **Expert Designation and Reports.**

(a) The deadline for the designation of experts has passed and no further experts shall be designated, except that the Verizon Defendants may designate experts and serve their reports in accordance with Rule 26(a) (2) (B) on or before **January 18, 2008**.

(b) If the Verizon Defendants designate experts, Plaintiffs or the other parties shall designate their rebuttal experts, if any, and serve their reports in accordance with Rule 26(a) (2) (B) on or before **February 15, 2008**.

-4-

7.      **Expert Depositions.**  The depositions of expert witnesses shall be taken prior to the expiration of the discovery cut-off date.

8.      **Interrogatories, Requests for Production and Requests for Admissions.** Discovery has been completed, except for discovery propounded by or directed to the Verizon Defendants.   As between the Verizon Defendants and the other parties, the Verizon Defendants may serve the other parties, and the other parties may serve the Verizon Defendants, with interrogatories, requests for production of documents and request for admissions.   Interrogatories, requests for production and requests for admissions may be propounded at any time during the discovery phase, subject to the limitations on the number of interrogatories set forth in Rule 33, provided that the discovery requests must be served sufficiently in advance that responses are due prior to the expiration of the discovery cut-off date.

9.      **Fact Witnesses and Depositions.**  The Verizon Defendants may depose each of the plaintiffs, any experts timely designated by the plaintiffs pursuant to Rule 26(a)(2) and this Court's prior discovery plan, representatives of other defendants, and an as of yet undetermined number of fact witnesses.   Plaintiffs and the other defendants may take depositions of Verizon Defendants' witnesses, fact witnesses identified in discovery with the Verizon Defendants, and any experts timely designated by Verizon.  All depositions shall be conducted prior to the expiration of the discovery cut-off date.

10.     **Supplemental of Disclosures and Responses.**   The parties shall be under a continuing duty to supplement their disclosures and their responses to discovery as required under Rule 26(e)(1) of the Federal Rules of Civil Procedure.

-5-

11.    In accordance with the Court's Order dated September 27, 2007, plaintiffs shall provide the Verizon Defendants with copies of discovery, including deposition transcripts as promptly as possible, and the parties are currently engaged in that process.

12.    The parties, except the Verizon Defendants, have previously appeared before the District Court for a Scheduling Conference.

13.    **Discovery Cut-Off Date:**  The discovery cut-off date (defined as the last day to serve responses to discovery) is **March 3, 2008.**

14.    The parties do not anticipate the need to file discovery motions, but each party reserves the right to bring such motions if a discovery dispute cannot be resolved without involving the Court.  All **Discovery Motions** shall be filed by **March 17, 2008** and noticed for hearing in accordance with the Local Rules of Court.

15.    The anticipated dispositive motions are as follows:  Verizon anticipates filing motions for summary judgment.  All **Dispositive Motions** shall be filed on or before **April 11, 2008** and noticed for hearing in accordance with the Local Rules of Court.

16.    **Settlement Prospects:**  The prospects for settlement are unknown at this time.

17.    **Pretrial Disclosures:**    The pretrial disclosures described in Federal Rule of Civil Procedure 26(a)(3)(A), (B) and (C) shall be made at least thirty days before the trial date or by **May 9, 2008**.

18.    **Preliminary Pretrial Conference:**  The Preliminary Pretrial Conference shall be held on **May 19, 2008** at **10:00 a.m.,** which is a date not less than twenty-one days before the trial date.

19.    **Filing of Trial Documents:**    The parties' pretrial materials, discovery materials, final witness lists, designations, and final exhibit lists shall be filed on or before **May 23, 2008**, which is a date not less than fourteen days before the trial date.

20.     **Pretrial Order:** The proposed Pretrial Order shall be filed on or before **May 23, 2008,** which is a date not less than fourteen days before the trial date.

21.     **Final Pretrial Conference:** The Final Pretrial Conference shall be held on **June 2, 2008** at **10:00 a.m.,** which is seven days before the trial date.

22.     **Trial Date:** The trial shall be held on **June 9, 2008** at **9:00 a.m.**

23.     **Jury:** Plaintiffs have demanded trial by jury.

24.     **Length of Trial:** It is presently anticipated that the trial will take three (3) to four (4) weeks.

25.     The names of counsel are as follows:

|  |  |
|---|---|
| For Plaintiffs: | **David J. Lujan, Esq.**<br>**Delia S. Lujan, Esq.**<br>**Lujan Aguigui & Perez LLP**<br>300 Pacific News Building<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910 |
| For Defendants: | **Vincent Leon Guerrero, Esq.**<br>**Blair Sterling Johnson Martinez**<br>   **& Leon Guerrero, P.C.**<br>1008 Pacific News Building<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910<br>*Attorneys for California Pacific Technical Services LLC, John Healy and William Ward* |
|  | **Elyze J. McDonald, Esq.**<br>**Carlsmith Ball, LLP**<br>401 Bank of Hawaii Building<br>134 West Soledad Avenue<br>Hagåtña, Guam 96910<br>        and<br>**Harold D. Jones, Esq.**<br>**Anderson & Jones, PLLC**<br>13355 Noel Road, Suite 1645<br>Dallas, Texas 75240<br>*Attorneys for Dynamic Technical Services* |
|  | **G. Patrick Civille, Esq.**<br>**Civille & Tang, PLLC** |

330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910
and
**Katie J. Colopy, Esq.**
**Michelle A. Morgan, Esq.**
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515
*Attorneys for Verizon Business Purchasing LLC and
Verizon Business Network Services, Inc.*

26.     The parties wish to submit this case to a settlement conference.

27.     The parties present the following suggestions for shortening trial: The parties

may present written or videotaped depositions of witnesses in lieu of live testimony, subject to

the applicable rules of civil procedure and further Court orders.

28.     The following issues will affect the status or management of the case:

(a)     The Verizon Defendants are entities incorporated outside of Guam and

having their principal place of business in the U.S. mainland. Depositions of such

Defendants' representatives will likely occur on the U.S. mainland.

DATE:_____.


_____
**JOAQUIN V.E. MANIBUSAN, JR.**
**MAGISTRATE JUDGE**