DISTRICT COURT OF GUAM

TERRITORY OF GUAM

HENRY G. VAN METER, *et al.*,

    Plaintiffs,

    vs.

CALPAC, *et al.*,

    Defendants.

Civil Case No. 05-00037

**ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S JULY 30, 2007 ORDER**

This matter is before the court on the Plaintiff's Motion for Reconsideration of the Court's July 30, 2007 order concerning the Defendant's, Dynamic Technical Services' ("DTS") Motion for Summary Judgement. *See* Docket No. 354. The court has reviewed the parties' filings, as well as relevant caselaw and authority. For the reasons discussed herein, the court hereby GRANTS the Plaintiffs' motion.[1]

## I. BACKGROUND

On December 12, 2005, this action was instituted by Henry G. Van Meter, Jerry T. Apodaca, Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (the "Plaintiffs") pursuant to Title VII of the Civil Rights Acts of 1964,

---

[1] Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument. Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

as amended, 42 U.S.C. § 2003, *et. seq.* The Plaintiffs allege that while they were employed to work on an installation project of underground cables in Guam, Defendant Calpac subjected them to a hostile work environment and discriminated against them based on their race (Pacific Islander/Chamorro), and national origin (Pacific Islander/Guamanian). In addition they were retaliated against for engaging in a protected activity.

On June 18, 2007, DTS filed a Motion for Summary Judgment. Under the District Court of Guam Local Rule 7.1(d)(2)(A) an opposition to the motion should have been filed fourteen (14) days from the date of the filing of the Motion, by July 2, 2007. However, rather than filing an opposition on that date, the Plaintiffs filed a Request for Hearing Date on the motion. *See* Docket No. 283. On July 6, 2007, the court issued an order setting the matter for a hearing on August 16, 2007 and ordered the Plaintiffs to file an opposition to the motion by noon of July 13, 2007. The Plaintiffs failed to file an opposition. Accordingly, on July 30, 2007, the court issued an order granting the motion. The Plaintiffs now move this court for reconsideration of its July 30, 2007 Order.

## II. DISCUSSION

The Plaintiffs now move this court to reconsider its prior order. Courts have established three grounds justifying reconsideration : (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir.1998). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.2003)

The Plaintiffs assert that reconsideration of the Summary Judgment Order is appropriate to prevent manifest injustice. The Plaintiffs first claim that they did not receive the court's July 6, 2007 Order requiring them to file their opposition by July 13, 2007. Counsel only became aware of this order on August 9, 2007. *See* Docket No. 404 (Declaration of Delia Lujan, Esq.) Additionally, the Plaintiffs claim that there is material issue of fact as to whether or not the Defendant satisfies the definition of an employer pursuant to 42 U.S.C.A. § 2000e(b) that needs to be fully considered. Under Title VII an employer is defined as "a person engaged in an industry

affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C.A. § 2000e(b). The Plaintiffs claim that the Defendant had the burden of persuasion on its motion and failed to meet its burden. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000). Because the Defendant was moving for summary judgment it had the burden to show the court that there was an absence of evidence to support the Plaintiffs' claim that DTS satisfied the statutory definition of employer.

The court accepts the explanation provided by counsel and will vacate its July 30, 2007 order. The court finds that it is the better course to allow the motion to be fully briefed in terms of an opposition and reply, particularly in this instance where the motion is dispositive. The court understands that the Defendant claims that it will be prejudiced because the time period in which to file dispositive motions has passed and it will be required to seek leave of court to re-file other motions for summary judgment and file others it did not file but had intended to file. The court will not require DTS to seek leave to re-file its motions. In light of this court's September 9, 2007 order moving the trial to March 18, 2007, the Defendant should now have time both to file any motions it intends to as well as have ample time to prepare for trial.

### III. CONCLUSION

The court finds that there is a basis to reconsider its prior order of July 30, 2007. Accordingly, the order is vacated as well as the partial judgment entered by the clerk on August 9, 2007 of court. The Plaintiffs shall file their opposition to the motion by November 7, 2007. The Defendant may file a Reply to the Opposition by November 14, 2007. In addition, any dispositive motions shall be filed on or by December 10, 2007.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Oct 26, 2007**