**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a.CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**THIRD AMENDED SCHEDULING ORDER** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 for the District Court of Guam, Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively the "Verizon Defendants") hereby submit the following Third Amended Scheduling Order. The reason for this amendment of the Scheduling Order is that Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively the "Verizon Defendants"), who were dismissed without prejudice from the case on January 22, 2007 on their Rule 12(b)(6) motion, have been brought back into the case by way of Plaintiffs' filing of a Second Amended Complaint on September 7, 2007, following the Magistrate Judge's granting of plaintiffs' motion for leave to amend. The Verizon Defendants have objected to the Order of the Magistrate Judge, which this Court overruled in a September 27, 2007 Order re: Verizon's Objections to the Order of the United States Magistrate Judge Granting Plaintiff's Motion for Leave to Amend the First Amended Complaint (Docket # 429). The Court's September 27, 2007 Order requires the Verizon Defendants to complete discovery by November 13, 2007, file all dispositive motions by December 10, 2007, with a trial set for March 18, 2008. The Verizon Defendants reasonably need additional time to engage in discovery and motion practice and time to prepare their case for trial.

Upon motion of Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. for an Order vacating the trial and related dates and amending the Scheduling Order, and without objection from the parties, the Court finds good cause to amend the scheduling order and hereby grants the motion. The following schedule shall govern the management of this case:

**1. Motions to Add Parties or Claims:** The deadline for adding parties and claims has passed and no further parties or claims shall be added, except that the Verizon Defendants may add parties or claims by **February 8, 2008**.

**2. Motions to Amend Pleadings:** The deadline for amending pleadings has passed and no further amendment of pleadings shall be permitted, except that the Verizon Defendants may amend their answer once as a matter of right within twenty days of the filing of their answer to the second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**3. Time for Disclosures.** Initial disclosures have been exchanged amongst the parties, except the Verizon Defendants who only entered the case on September 21, 2007 with the filing of their Answer and Affirmative Defenses to the Second Amended Complaint. The Verizon Defendants shall exchange initial disclosures with the other parties by **October 31, 2007**.

**4. Expert Designation and Reports.**
   (a) The deadline for the designation of experts has passed and no further experts shall be designated, except that the Verizon Defendants may designate experts and serve their reports in accordance with Rule 26(a) (2) (B) on or before **January 18, 2008**.

   (b) If the Verizon Defendants designate experts, Plaintiffs or the other parties shall designate their rebuttal experts, if any, and serve their reports in accordance with Rule 26(a)(2)(B) on or before **February 15, 2008.**

   (c) **Expert Depositions.** The depositions of expert witnesses shall be taken prior to the expiration of the discovery cut-off date.

**5. Interrogatories, Requests for Production and Requests for Admissions.** Discovery has been completed, except for discovery propounded by or directed to the Verizon Defendants. As between the Verizon Defendants and the other parties, the Verizon Defendants may serve the other parties, and the other parties may serve the Verizon Defendants, with interrogatories, requests for production of documents and request for admissions. Interrogatories, requests for production and requests for admissions may be

propounded at any time during the discovery phase, subject to the limitations on the number of interrogatories set forth in Rule 33, provided that the discovery requests must be served sufficiently in advance that responses are due prior to the expiration of the discovery cut-off date.

**6. Fact Witnesses and Depositions.** The Verizon Defendants may depose each of the plaintiffs, any experts timely designated by the plaintiffs pursuant to Rule 26(a)(2) and this Court's prior discovery plan, representatives of other defendants, and an as of yet undetermined number of fact witnesses. Plaintiffs and the other defendants may take depositions of Verizon Defendants' witnesses, fact witnesses identified in discovery with the Verizon Defendants, and any experts timely designated by Verizon. All depositions shall be conducted prior to the expiration of the discovery cut-off date.

**7. Supplemental of Disclosures and Responses.** The parties shall be under a continuing duty to supplement their disclosures and their responses to discovery as required under Rule 26(e)(1) of the Federal Rules of Civil Procedure.

**8.** In accordance with the Court's Order dated September 27, 2007, plaintiffs shall provide the Verizon Defendants with copies of discovery, including deposition transcripts as promptly as possible, and the parties are currently engaged in that process.

**9. Discovery Cut-Off Date:** The discovery cut-off date (defined as the last day to serve responses to discovery) is **March 3, 2008.**

**10. Discovery Motions:** The parties do not anticipate the need to file discovery motions, but each party reserves the right to bring such motions if a discovery dispute cannot be resolved without involving the Court. All **Discovery Motions** shall be filed by **March 17, 2008** and noticed for hearing in accordance with the Local Rules of Court.

**11. Dispositive Motions:** Verizon anticipates filing motions for summary judgment. All **Dispositive Motions** shall be filed on or before **April 11, 2008** and noticed for hearing in accordance with the Local Rules of Court.

**12. Settlement Prospects:** The prospects for settlement are unknown at this time.

**13. Pretrial Disclosures:** The pretrial disclosures described in Federal Rule of Civil Procedure 26(a)(3)(A), (B) and (C) shall be made at least thirty days before the trial date or by **May 9, 2008**.

**14. Preliminary Pretrial Conference:** The Preliminary Pretrial Conference shall be held on **May 19, 2008** at **10:00 a.m.**.

**15. Filing of Trial Documents:** The parties' pretrial materials, discovery materials, final witness lists, designations, and final exhibit lists shall be filed on or before **May 23, 2008**.

**16. Pretrial Order:** The proposed Pretrial Order shall be filed on or before **May 23, 2008.**

**17. Final Pretrial Conference**: The Final Pretrial Conference shall be held on **June 2, 2008** at **10:00 a.m.**

**18. Trial Date:** The trial shall be held on **June 9, 2008** at **9:00 a.m.**

**19. Jury:** Plaintiffs have demanded trial by jury.

**20. Length of Trial:** It is presently anticipated that the trial will take three (3) to four (4) weeks.

21. The names of counsel are as follows:

    For Plaintiffs:     **David J. Lujan, Esq.**
    **Delia S. Lujan, Esq.**
    **Lujan Aguigui & Perez LLP**
    300 Pacific News Building
    238 Archbishop Flores Street
    Hagåtña, Guam 96910

*Van Meter, et al. v. Calpac, et al*, Civil Case No. 05-00037
Third Amended Scheduling Order

        For Defendants: **Vincent Leon Guerrero, Esq.**
**Blair Sterling Johnson Martinez**
  **& Leon Guerrero, P.C.**
1008 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
*Attorneys for California Pacific Technical Services LLC, John Healy and William Ward*

**Elyze J. McDonald, Esq.**
**Carlsmith Ball, LLP**
401 Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910
  and
**Harold D. Jones, Esq.**
**Anderson & Jones, PLLC**
13355 Noel Road, Suite 1645
Dallas, Texas 75240
*Attorneys for Dynamic Technical Services*

**G. Patrick Civille, Esq.**
**Civille & Tang, PLLC**
330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910
  and
**Katie J. Colopy, Esq.**
**Michelle A. Morgan, Esq.**
Jones Day
2727 North Harwood Street
Dallas, Texas 75201-1515
*Attorneys for Verizon Business Purchasing LLC and Verizon Business Network Services, Inc.*

**22.** The parties wish to submit this case to a settlement conference.

**23.** The parties present the following suggestions for shortening trial: The parties may present written or videotaped depositions of witnesses in lieu of live testimony, subject to the applicable rules of civil procedure and further Court orders.

**24.** The following issues will affect the status or management of the case: The Verizon Defendants are entities incorporated outside of Guam and having their principal place of

business in the U.S. mainland.  Depositions of such Defendants' representatives will likely occur on the U.S. mainland.



                **/s/ Joaquin V.E. Manibusan, Jr.**
                    **U.S. Magistrate Judge**
              **Dated: Nov 15, 2007**