CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



FILED
DISTRICT COURT OF GUAM
FEB 28 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>VERIZON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION |

ORIGINAL

## MOTION

Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") move the Court pursuant to FRCP 26(c)(1)(B) to vacate the deposition notices issued by the plaintiff Teddy B. Cruz to Verizon's employees, Larry Saunders, Jeff Buehler, and Mary Hersh,[1] and to issue a protective order requiring Plaintiff Cruz to take the depositions of these individuals in Dallas, Texas, as more fully explained in Verizon's accompanying Memorandum of Points and Authorities in Support of this Motion.

There are several grounds for this motion. The deponents are not officers, directors, or managing agents of Verizon. As a result, their depositions can only be compelled pursuant to a subpoena, and upon payment of an appropriate fee. No subpoenas have been issued and no witness fees have been tendered with respect to the depositions at issue. In addition, Plaintiff Cruz's deposition notices should be vacated because the deponents reside and work in or near Dallas, Texas or Tulsa, Oklahoma, and the general rule pertaining to depositions requires a plaintiff to take a deposition in the vicinity of the city in which the deponent resides and works. Further, Plaintiffs gave only four and seven days' notice of the depositions, and requiring the deponents to travel to Guam from Texas or Oklahoma for depositions on such short notice is presumptively unreasonable and would subject Verizon and the deponents to undue burden and expense.

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Patrick Civille, and all matters that may be adduced at a hearing thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2007, Plaintiffs filed a Second Amended Complaint ("SAC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, naming

---

[1] The deposition notice issued for "Mary Hersh" appears to be in error, as Verizon's employee's name is Marty Hersh.

Verizon as Defendants. In the SAC, Plaintiffs each assert claims for discrimination, hostile work environment, and retaliation. *See* SAC, Counts I-XIII.

On Monday, February 25, 2008, Plaintiff Cruz served on Verizon three deposition notices, noticing the depositions of Larry Saunders, Jeff Buehler, and Mary [Marty] Hersh (the "deponents"). Plaintiff Cruz noticed the deposition of Larry Saunders for 8:00 a.m. on Friday, February 29, 2008, at the offices of Plaintiff Cruz's counsel, located in Hagatña, Guam. *See* ¶ 2 & Ex. A to the Declaration of G. Patrick Civille ("Civille Decl.") (Notice of Deposition of Larry Saunders). Plaintiff Cruz noticed the deposition of Jeff Buehler for 1:00 p.m. on Friday, February 29, 2008, at the offices of Plaintiff Cruz's counsel, located in Hagatña, Guam. *See* ¶ 3 & Ex. B to Civille Decl. (Notice of Deposition of Jeff Buehler). Plaintiff Cruz noticed the deposition of Mary [Marty] Hersh for 9:00 a.m. on Monday, March 3, 2008, at the offices of Plaintiff Cruz's counsel, located in Hagatña, Guam. *See* ¶ 4 & Ex. C to Civille Decl. (Notice of Deposition of Mary Hersh).

Larry Saunders, Jeff Buehler, and Marty Hersh are employees of Defendant Verizon. *See* Civille Decl., ¶ 5. Jeff Buehler is a resident of Rowlett, Texas, and works in Richardson, Texas. *See* Civille Decl., ¶ 6. Richardson borders Dallas, Texas, and Rowlett is located approximately 19 miles from Dallas. *See* Civille Decl., ¶ 6. Larry Saunders is a resident of Murphy, Texas, and works in Richardson. *See* Civille Decl., ¶ 7. Murphy is located approximately 23 miles from Dallas. *See* Civille Decl., ¶ 7. Marty Hersh is a resident of Jenks, Oklahoma and works in Tulsa, Oklahoma. *See* Civille Decl., ¶ 8.

Verizon, through counsel, informed Plaintiff Cruz's counsel that the deponents are Verizon employees and that they are not residents of Guam, but are residents of, and work in, Texas or Oklahoma. *See* Civille Decl., ¶ 9. While the deponents are Verizon employees, they are not Verizon officers, directors, or managing agents. *See* Civille Decl., ¶¶ 5, 9. Nonetheless, Verizon informed Plaintiff Cruz's counsel that Verizon is willing to make the deponents available for depositions in Dallas, Texas at a mutually agreeable time. *See* Civille Decl., ¶ 9.

Counsel for Verizon and plaintiffs have has several discussions regarding finding a mutually agreeable time take these depositions in Dallas, Texas, as well as the deposition of one plaintiff residing in the Dallas area. *See* Civille Decl., ¶ 10. Verizon's counsel has re-informed Plaintiff Cruz's counsel that, despite the procedural deficiencies with respect to the deposition notices, Verizon will agree to depositions in Dallas and will agree to produce the three witnesses for depositions in Dallas if the parties can work out a schedule with regard to the depositions. *See* Civille Decl., ¶ 10. Plaintiff Cruz's counsel has refused to withdraw the deposition notices. *See* Civille Decl., ¶ 11. Plaintiff Cruz's counsel has stated that she is willing to move reschedule the depositions but, given the current discovery cutoff date, feels compelled to move forward with the depositions as noticed on February 29 and March 3. *See* Civille Decl., ¶ 12.

Verizon and Plaintiffs have generally agreed to seek an extension of the discovery cutoff deadline which, if granted, would ensure that the parties have sufficient time to depose individuals off-island. *See* Civille Decl., ¶ 12. Alternatively, subject to Court approval, Verizon will agree to conduct any remaining depositions, including the deposition of the Plaintiff that currently resides in Texas, after the current discovery cutoff deadline.

Verizon seeks an order vacating the deposition notices, and a protective order requiring Plaintiff Cruz to take the three depositions in Dallas, Texas.

## II. ARGUMENT

### A. Plaintiff Cruz Must Subpoena the Deponents to Compel Their Attendance at a Deposition.

An employee of a corporate party who does not qualify as an officer, director, or managing agent of the corporate party cannot be compelled to attend a deposition by notice. *See JSC Foreign Economic Assoc. Technostroyexport v. Int'l Devel. and Trade Sers., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). Rather, such an employee must be subpoenaed. *See, e.g., Rapoca Energy Co. v. AMCI Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001)

(recognizing that, while a plaintiff may compel officers, directors, and managing agents of a corporate party to attend a deposition based on notice only, employees who are not officers, directors, and managing agents must be served with a subpoena, unless the parties agree otherwise); *JSC Foreign Economic Assoc. Technostroyexport*, 220 F.R.D. at 237. The party seeking to compel attendance at a deposition pursuant to a notice has the burden of establishing that the noticed party qualifies as an "officer, director, or managing agent." *See Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007). Here, there is insufficient evidence to conclude that the deponents qualify as Verizon "officers, directors, or managing agents." Accordingly, Plaintiff Cruz cannot compel the deponents to attend a deposition pursuant to a notice.

### B. Standards for Issuing a Protective Order.

Even if Plaintiff Cruz could compel the deponents to attend a deposition pursuant to a deposition notice, their depositions should be taken in Dallas, Texas and the deponents should be provided reasonable advance notice. Federal Rule of Civil Procedure ("FRCP") 26(c)(1)(B) authorizes the Court to issue a protective order "specifying terms, including time and place, for the disclosure or discovery." FRCP 26(c)(1)(B) reads in full as follows:

> **(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> **(B)** specifying terms, including time and place, for the disclosure or discovery;

. . . .

FRCP 26(c)(1)(B). Pursuant to FRCP 26(c)(1)(B), a court may issue a protective order designating that a deposition be taken at a different place than that designated by the plaintiff. *See Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.'") (citation omitted) (referencing FRCP 26(c)(2) prior to its amendment renumbering the rule to the current FRCP 26(c)(1)(B)); *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 130 (D.C. Mo. 1979) ("It is within the Court's discretion under Rule 26(c)(2) to designate the location for taking depositions.").

"[T]he district court has great discretion in designating the location of taking a deposition . . ." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975). The court's discretion should be guided by the general practice with regard to the place for taking depositions.

> In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party . . . [A claim of financial hardship, taken alone,] does not demonstrate exceptional or compelling circumstances.

*General Leasing Co.*, 84 F.R.D. at 131 (citations omitted). Courts have agreed with this rule of practice, and have recognized that:

> Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.

*Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 832 (D. Ga. 1970).

### C. The Deponents' Depositions Should Be Taken in Dallas, Texas, Near Where the Deponents Reside and Work.

Plaintiff Cruz seeks to depose Verizon's employees Larry Saunders, Jeff Buehler, and Mary Hersh in Guam on Friday February 29 and Monday March 3. *See* Civille Decl., ¶¶ 2-4. As stated above, as a general rule, "it is presumed that a defendant will be examined at his residence or at his place of business or employment." *Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 832 (D. Ga. 1970). The deponents are residents of and work in, or in the vicinity of, Dallas, Texas or Tulsa, Oklahoma. *See* Civille Decl., ¶¶ 6-8. The deponents would be highly inconvenienced, and would be subject to "undue burden and expense," FRCP 26(c)(1), if they are required to travel approximately 9000 miles for approximately 23 hours from Dallas, Texas or Tulsa, Oklahoma to Guam to attend the depositions, especially with only four and seven days' notice. Verizon is not aware of any unusual or exceptional circumstances that would justify holding the depositions on Guam, rather than near the deponents' places of residence and work. Following the general rule, the court should therefore require Plaintiff Cruz to take the depositions of Larry Saunders, Jeff Buehler, and Mary Hersh in Dallas, Texas, and upon reasonable advance notice.

### III. CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the court vacate the deposition notices issued by the Plaintiff Teddy B. Cruz to Verizon's employees Larry Saunders, Jeff Buehler, and Mary Hersh, and issue a protective order requiring Plaintiff Cruz to take the depositions of these individuals in Dallas, Texas.

Respectfully submitted this 28th day of February, 2008.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
*Defendants Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

## CERTIFICATE OF COMPLIANCE

G. Patrick Civille, counsel for Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc., hereby certifies that he has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised by the foregoing motion for protective order and that he and counsel for Plaintiffs have been unable to resolve the dispute.

DATED: February 28, 2008.

_____
G. PATRICK CIVILLE