

LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
238 Archbishop Flores Street, Suite 300
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*



**FILED**
DISTRICT COURT OF GUAM

MAR 0 3 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al.,<br><br>                Plaintiffs,<br>-vs-<br>CALPAC, et al.,<br><br>                Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' OPPOSITION TO VERIZON DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

COMES NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs"), respectfully submitting their opposition to Verizon Defendants' Motion for Protective Order, which was filed herein February 28, 2008.

**I. INTRODUCTION**

Plaintiffs instituted this Title VII action on December 12, 2005, alleging that they were subjected to employment discrimination by defendants Calpac, Dynamic Technical Services ("DTS"), MCI, John Healy, Dennis Clark ("Clark"), William Ward, Jai James, and Does 1 through 10 (collectively "Defendants"). The Second Amended Complaint was filed on September 7, 2007, naming Defendants Verizon Business Purchasing, LLC, and Verizon

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Opp'n to Verizon Defs.' Mot. Protective Order

Case 1:05-cv-00037   Document 340   Filed 03/03/2008   Page 1 of 4

1

Business Network Services, Inc., (collectively "Verizon Defendants" or "Verizon) in the stead of MCI.

On February 25, 2008, Plaintiff Teddy B. Cruz ("Plaintiff Cruz") served upon the defendants notices of depositions of Verizon employees Larry Saunders ("Saunders"), Jeff Buehler ("Buehler"), and Marty Hersh ("Hersh"), with said depositions to occur on February 29, 2008, for Saunders and Buehler and on March 3, 2008, for Hersh. Verizon Defendants filed a Motion for Protective Order on February 28, 2008, the eve of depositions. Discovery period expires March 3, 2008.

## II. ARGUMENT

Verizon moves for a protective order vacating the deposition notices and requiring Plaintiff Cruz to take the depositions of Saunders, Buehler, and Hersh in Dallas, Texas. Verizon's motion for protective order must be denied since (1) contrary to Verizon's representations, Saunders, Buehler, and Hersh are all managers of Verizon and therefore need not be served with a subpoena, and (2) Guam is an appropriate place for the taking of the depositions as the would-be deponents can appear telephonically.

### A. Plaintiff Cruz properly compelled the attendance of Saunders, Buehler, and Hersh at a deposition since all are all managers of Verizon.

Verizon contends that "[a]n employee of a corporate party who does not qualify as an officer, director, or managing agent of the corporate party cannot be compelled to attend a deposition by notice," but must instead be subpoenaed. (Mot. Protective Order at 4.) Assuming that the party seeking to compel attendance at a deposition pursuant to a notice has the burden of establishing that the noticed party qualifies as an officer, director, or managing agent, Plaintiff Cruz can easily meet such a burden. Verizon has just four months ago admitted to Plaintiff Cruz that all three are managers of Verizon! In Verizon's Answers and Objections to Plaintiff Teddy B. Cruz's First Set of Interrogatories, dated November 12, 2007, Verizon identified Buehler as a

Henry G. Van Meter, et al., v. Calpac, et al.  2
Civil Case No. 05-00037
Pls.' Opp'n to Verizon Defs.' Mot. Protective Order

Case 1:05-cv-00037   Document 540   Filed 03/03/2008   Page 2 of 4

"Construction Manager, Regional Engineering and Construction" of Verizon, Hersh as a "Group Manager, Northeast Regional Engineering and Construction" of Verizon, and Saunders as a "Regional Manager, Regional Engineering and Construction" of Verizon. (Lujan Decl. ¶¶ 3-4, Ex. 1.) Verizon again identified Saunders, Buehler, and Hersh as holding these management positions in its Answers to Plaintiff Robert B. Cruz's First Set of Interrogatories, dated November 12, 2007. (Id. ¶¶ 5-6, Ex. 2.) Since Saunders, Buehler, and Hersh are all managers of Verizon, Plaintiff Cruz properly compelled their attendance at a deposition through service of a notice of deposition.

**B. Guam is an appropriate place for the taking of the depositions.**

Verizon argues that Saunders, Buehler, and Hersh should be deposed in Dallas, Texas, and not Guam, the venue of the trial. The reason the depositions should be held in Dallas, Verizon argues, is because Saunders, Buehler, and Hersh are residents of and work in, or in the vicinity of, Dallas, Texas, or Tulsa, Oklahoma. Verizon claims that requiring the deposition to occur in Guam subjects the would-be deponents to undue burden and expense if they are required to travel to Guam to attend the depositions with only four and seven days' notice. However, as Plaintiffs' counsel informed Verizon, the would-be deponents can appear telephonically at their respective depositions. (Lujan Decl. ¶ 8.) Therefore, there would be no need to travel to Guam for the depositions and, consequently, Saunders, Buehler, and Hersh would suffer no undue burden or expense. The depositions should be able to occur here in Guam, where Plaintiffs' claims arose.

**III. CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that Verizon's motion for protective order be denied. Alternatively, Plaintiffs and Verizon generally agree that the depositions may occur at a later time and also agree to enlarge the time for discovery to permit the taking of these and other depositions. (Lujan Decl. ¶¶ 9.)

Henry G. Van Meter, et al., v. Calpac, et al.    3
Civil Case No. 05-00037
Pls.' Opp'n to Verizon Defs.' Mot. Protective Order    Case 1:05-cv-00037    Document 340    Filed 03/03/2008    Page 3 of 4

**RESPECTFULLY SUBMITTED** this 3rd day of March, 2008.

                                          **LUJAN AGUIGUI & PEREZ LLP**

                        By: _____
                                          **DELIA LUJAN**
                                          *Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Opp'n to Verizon Defs.' Mot. Protective Order

Case 1:05-cv-00037  Document 540  Filed 03/03/2008  Page 4 of 4

4