LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

MAR 0 3 2008 *db*

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **DECLARATION OF DELIA LUJAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO VERIZON DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| CALPAC, et al., | |
| Defendants. | |

I, DELIA LUJAN, hereby declare and state as follows:

1. I am an attorney representing all the plaintiffs in this matter.

2. This declaration is submitted in support of each of Plaintiffs' Opposition to Verizon Defendants' Motion for Protective Order, which was filed herein February 28, 2008.

3. On November 15, 2008, I received from Verizon Defendants Verizon's Answers and Objections to Plaintiff Teddy B. Cruz's First Set of Interrogatories, which was submitted in response to Plaintiff Teddy B. Cruz's First Set of Interrogatories.

4. Attached hereto as Exhibit 1 is a true and correct copy of Verizon's Answers and Objections to Plaintiff Teddy B. Cruz's First Set of Interrogatories.

5. On November 15, 2008, I received from Verizon Defendants Verizon's Answers and Objections to Plaintiff Robert B. Cruz's First Set of Interrogatories, which was submitted in response to Plaintiff Robert B. Cruz's First Set of Interrogatories.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                     1
Civil Case No. 05-00037
Decl. Delia Lujan re Pls.' Opp'n to Verizon Defs.' Mot. Protective Order

ORIGINAL

6. Attached hereto as Exhibit 2 is a true and correct copy of Verizon's Answers and Objections to Plaintiff Robert B. Cruz's First Set of Interrogatories.

7. On or about February 28, 2008, I had a telephone conversation with Attorney G. Patrick Civille, counsel for Verizon Defendants, during which we discussed Plaintiff Teddy B. Cruz's taking of the depositions of Larry Saunders, Jeff Buehler, and Marty Hersh.

8. During this telephone conversation, I informed Mr. Civille that, although the depositions were scheduled to be taken in Guam, Saunders, Buehler, and Hersh could appear telephonically.

9. During this telephone conversation and other discussions, via telephone or email, Mr. Civille and I generally agreed that the depositions of Saunders, Buehler, and Hersh, as well as other individuals, could be taken and that we would pursue enlargement of the period of discovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of May, 2008, in Hagåtña, Guam.

**DELIA LUJAN**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Decl. Delia Lujan (w/Ex.) Opp'n to Verizon Defs.' Mot. Protective Order

2

Case 1:05-cv-00037    Document 541    Filed 05/05/2008    Page 2 of 30

# EXHIBIT 1

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>        Plaintiffs ,<br><br>     vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC.,<br><br>JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>        Defendants. | ) CIVIL CASE NO. 05-00037<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **VERIZON'S ANSWERS AND**<br>) **OBJECTIONS TO PLAINTIFF TEDDY**<br>) **B. CRUZ'S FIRST SET OF**<br>) **INTERROGATORIES**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively "Verizon") answer as follows in response to Plaintiff Teddy B. Cruz's First Set of Interrogatories (the "T. Cruz Interrogatories"):

C-0053 10 446
**RECEIVED**

NOV 1 5 2007

LUJAN AGUIGUI & PEREZ LLP
By: _____ 10:00

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Verizon objects to the Instructions and Definitions to the extent they impose obligations beyond those required by the Federal Rules of Civil Procedure, including, but not limited to, any instruction or definition that could be construed to require the production of privileged information.

2.     Verizon objects to the definition of "Plaintiff" (Instruction/Definition No. 2) to the extent these Interrogatories inconsistently use the singular form of the word "Plaintiff" to mean Teddy Cruz alone and also to mean the 13 plaintiffs in this action collectively. For purposes of these responses, "Plaintiffs" refers to all plaintiffs in this action.

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:** With respect to the persons answering, or providing information used to answer, these Interrogatories, state his or her:

    (a)     Name;

    (b)     Address;

    (c)     Business address;

    (d)     Business or other telephone number;

    (e)     Job title;

    (f)     Occupation;

    (g)     Name of immediate superior;

    (h)     Employer;

    (i)     Length of employment with Defendant; and

    (j)     Length of time in current position.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that the following individuals provided information used to answer these interrogatories. These individuals are employees of Verizon and must be contacted through Verizon's attorneys of record.

DLI-6148978v1

2

1.   Jeff Buehler
     Construction Manager, Regional Engineering and Construction
     2400 North Glenville
     Richardson, TX 75081
     972/729-6404

Mr. Buehler has been employed by Verizon or a predecessor to Verizon since 1994. Mr.

Buehler has held his current position since the beginning of his employment.

2.   Marty Hersh
     Group Manager, Northeast Regional Engineering and Construction
     MD 2.2-408A
     6929 North Lakewood
     Tulsa, OK 74117
     918/590-5288

Mr. Hersh has been employed by Verizon or a predecessor to Verizon since 1987. Mr.

Hersh has held his current position for approximately 15 years.

3.   Larry Saunders
     Regional Manager, Regional Engineering and Construction
     2400 North Glenville
     Richardson, TX 75082
     972/729-5908

Mr. Saunders has been employed by Verizon or a predecessor to Verizon since 1992. Mr.

Saunders has held his current position since approximately 1995.

**INTERROGATORY NO. 2:** State the following information:

(a)   Job classification of each Plaintiff during the period from January 2000 to the

present.

(b)   Dates of employment of each Plaintiff with Defendant from January 2000 to the

present.

**ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

Verizon employed, or participated in, or had any involvement whatsoever with, any employment

decision involving, Teddy Cruz or any other Plaintiff. Verizon further objects to this

Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "[j]ob

1  classification" and on the ground that it is overly broad with respect to time and to the extent
2  subpart (a) is not limited to a party in this action. Subject to and without waiving the foregoing
3  objections, Verizon states that it did not employ any Plaintiff during any period of time
4  potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further
5  states that it does not have any information regarding Plaintiffs' job classifications and particular
6  dates of employment with Calpac or any other employer from January 2000 to the present. To
7  the extent Plaintiffs seek information regarding their employment with Calpac, such a request
8  should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken
9  place and the allegations in the Second Amended Complaint for potentially responsive
10  information.
11  **INTERROGATORY NO. 3:** For each year each Plaintiff worked for Defendant and/or
12  defendant Calpac, or from January 2003 to December 2005, state each and every position change
13  and salary change, indicating as part of your answer the reason for each such change.
14  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that
15  Verizon employed, or participated in, or had any involvement whatsoever with, any employment
16  decision involving, Teddy Cruz or any other Plaintiff, including any decision with respect to a
17  position or salary change. Verizon further objects to this Interrogatory to the extent that it seeks
18  information regarding alleged conduct that was not included in Plaintiffs' respective charges or
19  that could reasonably be expected to grow out of their respective charges on the grounds that such
20  information is neither relevant to the claims in this proceeding nor reasonably calculated to lead
21  to the discovery of admissible evidence. Verizon further objects to this Interrogatory on the
22  grounds that it is vague and ambiguous. Subject to and without waiving the foregoing objections,
23  Verizon states that it did not employ any Plaintiff and did not participate, and was not involved in,
24  any decision to change a Plaintiff's position or salary during any period of time potentially
25  relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it
26  does not have any information regarding position or salary changes or the reasons for such
27  changes. To the extent Plaintiffs seek information regarding their employment with Calpac, such
28

1  a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already

2  taken place for potentially responsive information.

3  **INTERROGATORY NO. 4:** State whether Defendant maintains evaluations or appraisals of

4  each Plaintiff's and/or defendant Calpac's work performance from January 2000 to the present. If

5  yes, attach copies of all evaluations of each Plaintiffs and/or Calpac's work performance.

6  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

7  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

8  decision involving, Teddy Cruz or any other Plaintiff. Verizon further objects to this

9  Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "maintains

10  evaluations or appraisals." Subject to and without waiving the foregoing objections, Verizon

11  states that it did not employ or supervise any Plaintiff or Calpac during any period of time

12  potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further

13  states that it does not, and did not, maintain formal evaluations or appraisals of Plaintiffs or

14  Calpac. To the extent Plaintiffs seek information regarding their work performance while

15  employed by Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the

16  discovery that has already taken place for potentially responsive information.

17  **INTERROGATORY NO. 5:** State the date, place, and reason for each Plaintiff's reduced work

18  hours, termination or other separation from Defendant and/or defendant Calpac.

19  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

20  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

21  decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a

22  Plaintiff's work hours or terminate a Plaintiff. Subject to and without waiving the foregoing

23  objections, Verizon states that it did not employ any Plaintiff and did not participate, and was not

24  involved, in any decision to reduce a Plaintiff's work hours or terminate a Plaintiff during any

25  period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005).

26  Verizon further states that it does not have any information regarding Plaintiffs' work hours, their

27  separation from Calpac, or the reasons for such employment actions. To the extent Plaintiffs seek

28  information regarding their employment with Calpac, such a request should be directed to Calpac.

DLI-6148978v1                                    5

1  Verizon refers Plaintiffs to the discovery that has already taken place for potentially responsive

2  information.

3  **INTERROGATORY NO. 6:** State whether each Plaintiff's reduced work hours, termination or

4  other separation was in accordance with Defendant's written rules and regulations. If yes, attach

5  a copy of the subject rules and regulations, identifying the provisions relied upon in connection

6  with the termination and when, if at all, each Plaintiff was advised of these rules and regulations.

7  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

8  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

9  decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a

10  Plaintiff's work hours or terminate a Plaintiff. Verizon further objects to this Interrogatory to the

11  extent that it seeks information regarding Verizon's policies on the grounds that such information

12  is neither relevant to the claims in this proceeding nor reasonably calculated to lead to the

13  discovery of admissible evidence. Subject to and without waiving the foregoing objections,

14  Verizon states that it did not employ any Plaintiff and did not participate, and was not involved, in

15  any decision to reduce a Plaintiff's work hours or terminate a Plaintiff during any period of time

16  potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further

17  states that it does not have any information regarding Plaintiffs' work hours, their separation from

18  Calpac, or the reasons for such employment actions. Accordingly, Verizon has no information

19  regarding whether such actions, if any, were taken in accordance with Verizon's policies. To the

20  extent Plaintiffs seek information regarding their employment with Calpac, such a request should

21  be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken place for

22  potentially responsive information.

23  **INTERROGATORY NO. 7:** If no written rules and regulations exist, describe the Defendant's

24  policy with respect to the type of conduct involved in the Complaint. If each Plaintiff's reduced

25  work hours, termination or other separation was in accordance with such policy, state when and in

26  what manner, if at all, each Plaintiff was advised of this policy.

27  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

28  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

DLI-6148978v1                                              6

1  decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a

2  Plaintiff's work hours or terminate a Plaintiff. Verizon further objects to this interrogatory on the

3  grounds that it is confusing and vague and ambiguous as to the meaning of "policy" and "conduct

4  involved in the Complaint." Verizon further objects to this Interrogatory to the extent that it

5  seeks information regarding Verizon's policies on the grounds that such information is neither

6  relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of

7  admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that

8  it did not employ any Plaintiff and did not participate, and was not involved, in any decision to

9  reduce a Plaintiff's work hours or terminate a Plaintiff during any period of time potentially

10 relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it

11 does not have any information regarding Plaintiffs' work hours, their separation from Calpac, the

12 reasons for such employment actions, and the circumstances under which Calpac advised

13 Plaintiffs of any of Calpac's policies. To the extent Plaintiffs seek information regarding their

14 employment with Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to

15 the discovery that has already taken place for potentially responsive information.

16 **INTERROGATORY NO. 8:** If each Plaintiff's termination resulted from any specific act(s),

17 describe in detail the act(s) for which each Plaintiff had his work hours reduced, or was

18 terminated or otherwise separated. Include the names, addresses, and telephone numbers of all

19 witnesses, if any, to each specific act.

20 **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

21 Verizon employed, or participated in, or had any involvement whatsoever with, any employment

22 decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a

23 Plaintiff's work hours or terminate a Plaintiff. Subject to and without waiving the foregoing

24 objections, Verizon states that it did not employ any Plaintiff and did not participate, and was not

25 involved, in any decision to reduce a Plaintiff's work hours or terminate a Plaintiff during any

26 period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005).

27 Verizon further states that it does not have any information regarding Plaintiffs' work hours, their

28 separation from Calpac, or the reasons for such employment actions. To the extent Plaintiffs seek

DLI-6148978v1                                            7

information regarding their employment with Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken place for potentially responsive information.

**INTERROGATORY NO. 9:** State whether any oral or written warnings were issued to each Plaintiff concerning any matter relating to the reason(s) for each Plaintiff's reduced work hours, termination or other separation. If yes, state the date, person(s) present and circumstances pertaining to such warnings and attach hereto copies of any records reflecting these warnings.

**ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that Verizon employed, or participated in, or had any involvement whatsoever with, any employment decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a Plaintiff's work hours or terminate a Plaintiff. Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff and did not participate, and was not involved, in any decision to reduce a Plaintiff's work hours or terminate a Plaintiff during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it never issued any warning to any Plaintiff. Verizon further states that it does not have any information regarding Plaintiffs' work hours, their separation from Calpac, or whether warnings were issued. To the extent Plaintiffs seek information regarding their employment with Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken place for potentially responsive information.

**INTERROGATORY NO. 10:** State the following information for each person who participated in the decision to reduce each Plaintiff's work hours, or terminate or otherwise separate each Plaintiff from employment with Defendant and/or defendant Calpac and indicate the role that each played in that decision:

      (a)    Name.

      (b)    Address and telephone number.

      (c)    Present occupation.

      (d)    Occupation at the time of each Plaintiff's reduced work hours, termination or other separation.

1    (e)    Present employer.

2    (f)    Employer at the time of each Plaintiffs reduced work hours, termination or other

3    separation.

4    (g)    Date of entry into job position held at the time of each Plaintiffs reduced work

5    hours, termination or other separation.

6    (h)    Race, sex, age, national origin, ancestry.

7    (i)    Role.

8    **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

9    Verizon employed, or participated in, or had any involvement whatsoever with, any employment

10   decision involving, Teddy Cruz or any other Plaintiff, including any decision to reduce a

11   Plaintiff's work hours or terminate a Plaintiff. Verizon further objects to this Interrogatory to the

12   extent that it seeks information regarding the sex and age of persons who participated in certain

13   employment decisions on the grounds that such information is neither relevant to the claims in

14   this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

15   Subject to and without waiving the foregoing objections, Verizon states that it did not employ any

16   Plaintiff and did not participate, and was not involved, in any decision to reduce a Plaintiff's work

17   hours or terminate a Plaintiff during any period of time potentially relevant to this lawsuit (*e.g.,*

18   December 2003 through May 2005). Verizon further states that it does not have any information

19   regarding Plaintiffs' work hours, their separation from Calpac, or the persons who participated in

20   such decisions. To the extent Plaintiffs seek information regarding their employment with

21   Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery

22   that has already taken place for potentially responsive information.

23   **INTERROGATORY NO. 11:** State whether each Plaintiff ever complained of receiving

24   discriminatory treatment while working for Defendant and/or defendant Calpac. If yes, specify

25   the nature of the complaint(s), date(s) of the complaint(s), who the complaint was made to, and

26   explain what was done, if anything, in response to the complaint(s).

27   **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

28   Verizon employed, or participated in, or had any involvement whatsoever with, any employment

decision involving, Teddy Cruz or any other Plaintiff. Verizon further objects to this Interrogatory to the extent that it assumes that Verizon employed on the Guam project any individual alleged to have engaged in discriminatory treatment. Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff or alleged wrongdoer during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that no Plaintiff ever made any complaint to Verizon regarding discriminatory treatment during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon is aware that, on or about December 19, 2004, current and/or former employees of Calpac staged a protest on Guam complaining about alleged racism and other mistreatment. In addition, Plaintiffs complained of receiving discriminatory treatment by filing charges of discrimination with the EEOC on or about December 22, 2004, January 4, 2005, February 23, 2005, April 6, 2005, August 9, 2005, and August 30, 2005. Despite the fact that Verizon did not employ Plaintiffs or the alleged wrongdoers, Verizon responded to these allegations by conducting a thorough and appropriate investigation by, among other things, interviewing Jeff Buehler, Larry Saunders, Marty Hersh, and Linda Hayes of DTS. In addition, Verizon corresponded with Calpac and DTS regarding the allegations, including, among other things, sending letters to DTS and Calpac on January 14, 2005 in which Verizon explained that it was not in an employment relationship with any Calpac employee, John Healy, or Dennis Clark. The letters further explained that, while Verizon exercised no control over the staffing decisions of its contracting entities, Verizon is deeply committed to providing equal employment opportunities for all individuals and that Verizon does not condone discrimination or retaliation.

**INTERROGATORY NO. 12:** Please identify and describe in detail all communications (written or oral) you, including any of your employees or agents such as Defendant Dennis P. Clark, have had with each Plaintiff, during the period from January 2003 to the present.

**ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that Dennis Clark was Verizon's employee or agent. Verizon further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Verizon further objects to this

1   Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "agent."

2   Subject to and without waiving the foregoing objections, Verizon states that it did not employ

3   Dennis Clark, or any individual alleged to have engaged in unlawful conduct, during any period

4   of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon

5   further states that it is not aware of having had any communications with any Plaintiff. To the

6   extent that this Interrogatory seeks information regarding communications between Dennis Clark

7   and Plaintiffs, such a request should be directed to Dennis Clark. Verizon notes that Plaintiffs

8   have already deposed Dennis Clark.

9   **INTERROGATORY NO. 13:** For each year each Plaintiff worked for Defendant and/or

10  defendant Calpac, state each and every supervisor under whom he worked, indicating the name,

11  address, telephone number, position, race, and national origin of each supervisor.

12  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

13  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

14  decision involving, Teddy Cruz or any other Plaintiff, including any supervision of Plaintiffs.

15  Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous.

16  Subject to and without waiving the foregoing objections, Verizon states that it did not employ or

17  supervise any Plaintiff during any period of time potentially relevant to this lawsuit (*e.g.*,

18  December 2003 through May 2005). Verizon further states that it does not have any information

19  regarding the specific individual who supervised each Plaintiff while employed by Calpac. To

20  the extent Plaintiffs seek information regarding their employment with Calpac, such a request

21  should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken

22  place for potentially responsive information.

23  **INTERROGATORY NO. 14:** Set forth in full and complete detail the name, address, race,

24  national origin, and job duties and responsibilities of all the persons who replaced each Plaintiff at

25  his job position.

26  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

27  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

28  decision involving, Teddy Cruz or any other Plaintiff, including the designation of a Plaintiff's

1  job duties or replacement. Subject to and without waiving the foregoing objections, Verizon

2  states that it did not employ any Plaintiff, determine a Plaintiff's job duties, or have any

3  involvement whatsoever with replacing any Plaintiff during any period of time potentially

4  relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it

5  does not have any information regarding whether any Plaintiff was replaced and, if he was

6  replaced, the individual who replaced such Plaintiff. To the extent Plaintiffs seek information

7  regarding their employment with Calpac, such a request should be directed to Calpac. Verizon

8  refers Plaintiffs to the discovery that has already taken place for potentially responsive

9  information.

10  **INTERROGATORY NO. 15:** Set forth in full and complete detail a description of the work

11  duties and responsibilities of each Plaintiff prior to his termination or other separation from

12  Defendant and/or defendant Calpac.

13  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

14  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

15  decision involving, Teddy Cruz or any other Plaintiff, including the designation of a Plaintiff's

16  job duties. Verizon further objects to this Interrogatory on the grounds that it is vague and

17  ambiguous as to time and the meaning of "prior to his termination." Subject to and without

18  waiving the foregoing objections, Verizon states that it did not employ any Plaintiff or have any

19  involvement whatsoever in determining the job duties of any Plaintiff during any period of time

20  potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further

21  states that it does not have any information regarding the work duties and responsibilities of each

22  Plaintiff. To the extent Plaintiffs seek information regarding their employment with Calpac, such

23  a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already

24  taken place and the allegations in the Second Amended Complaint for potentially responsive

25  information.

26  **INTERROGATORY NO. 16:** State all the facts upon which you rely as an affirmative defense

27  in your answer to the complaint that:

28

1       (a)     Plaintiffs' claims are barred for failure to state a claim upon which relief can be

2  granted b/c Defendant was not in any relationship (employment or otherwise) with Plaintiffs,

3  defendants other than Verizon, or the alleged wrongdoers that would subject Defendant to

4  liability under Title VII of the Civil Rights Act;

5       **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

6  marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

7  this Interrogatory on the ground that it is premature as the discovery process with respect to

8  Verizon has just begun. Subject to and without waiving the foregoing objections, Verizon states

9  that, among other things, Verizon did not hire, pay, provide benefits or tools to, supervise,

10  evaluate, or terminate Plaintiffs or the alleged wrongdoers, determine Plaintiffs' or the alleged

11  wrongdoers' daily work schedules or assignments, have the authority to assign additional projects

12  to Plaintiffs or the alleged wrongdoers, or otherwise control, or interfere with, the terms and

13  conditions of Plaintiffs' employment during any period of time potentially relevant to this lawsuit

14  (*e.g.*, December 2003 through May 2005). Verizon further states that no Verizon employee

15  engaged in, participated in, or witnessed any of the unlawful conduct alleged in the Second

16  Amended Complaint. Verizon further states that it did not operate or supervise the sites at which

17  Plaintiffs worked. Verizon reserves the right to supplement this response as additional

18  information becomes known during the course of discovery.

19       (b)     Plaintiffs' claims are barred, in whole or in part, under the doctrines of collateral

20  estoppels and/or res judicata;

21       **ANSWER:** Verizon refers Plaintiffs to Verizon's Notice of Joinder filed on October 5,

22  2007, in which Verizon explains that the Court's granting of Calpac's July 23, 2007 motions for

23  summary judgment against Plaintiffs on the issues as to which Verizon has joined would be

24  dispositive of Plaintiffs' claims against Verizon as a matter of law.

25       (c)     All employment decisions made and actions taken by Plaintiffs' employer

26  regarding Plaintiffs were undertaken in good faith, for legitimate, nondiscriminatory reasons, and

27  were not pretext for discrimination;

28

1    **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

2    marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

3    this Interrogatory on the ground that it is premature as the discovery process with respect to

4    Verizon has just begun. Subject to and without waiving the foregoing objections, while Verizon

5    does not have any direct knowledge or information regarding, and had no involvement

6    whatsoever with, any employment decisions made by Plaintiffs' employer (Calpac), Verizon

7    refers Plaintiffs to the July 23, 2007 motions for summary judgment filed by Calpac with respect

8    to relevant employment decisions made by Calpac. Verizon reserves the right to supplement this

9    response as additional information becomes known during the course of discovery.

10           (d)     Plaintiffs' claims are barred , in whole or in part, because a protected characteristic

11    was not a motivating factor in Plaintiffs' employer's employment-related decisions regarding

12    Plaintiffs, or, even if a protected characteristic was a motivating factor, any adverse employment

13    actions taken by Plaintiffs' employer with respect to Plaintiffs would have been taken regardless

14    of the protected characteristic;

15           **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

16    marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

17    this Interrogatory on the ground that it is premature as the discovery process with respect to

18    Verizon has just begun. Subject to and without waiving the foregoing objections, while Verizon

19    does not have any direct knowledge or information regarding, and had no involvement

20    whatsoever with, any employment decisions made by Plaintiffs' employer (Calpac), Verizon

21    refers Plaintiffs to the July 23, 2007 motions for summary judgment filed by Calpac with respect

22    to relevant employment decisions made by Calpac. Verizon reserves the right to supplement this

23    response as additional information becomes known during the course of discovery.

24           (e)     All actions taken by the Defendant with respect to Plaintiff were at all times

25    relevant to this action in good faith without any intent to discriminate against Plaintiff in any

26    manner prohibited by law or public policy;

27

28

1    **ANSWER:** Verizon objects to this Interrogatory on the ground that Verizon did not
2    assert this affirmative defense and it is not clear to which affirmative defense this Interrogatory
3    refers.

4    (f)    Plaintiffs' claims are barred, in whole or in part, on the grounds that their
5    employer made a good faith effort to prevent discrimination in the workplace pursuant to an anti-
6    harassment and anti-discrimination policy;

7    **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to
8    marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to
9    this Interrogatory on the ground that it is premature as the discovery process with respect to
10   Verizon has just begun. Subject to and without waiving the foregoing objections, while Verizon
11   does not have any direct knowledge or information regarding efforts by Plaintiffs' employer
12   (Calpac) to prevent discrimination in Calpac's workplace, Verizon refers Plaintiffs to the July 23,
13   2007 motions for summary judgment filed by Calpac with respect to Calpac's efforts to prevent
14   discrimination. Verizon reserves the right to supplement this response as additional information
15   becomes known during the course of discovery.

16   (g)    Plaintiffs' employer exercised reasonable care to prevent and promptly correct any
17   harassing behavior;

18   **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to
19   marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to
20   this Interrogatory on the ground that it is premature as the discovery process with respect to
21   Verizon has just begun. Subject to and without waiving the foregoing objections, while Verizon
22   does not have any direct knowledge or information regarding efforts by Plaintiffs' employer
23   (Calpac) to prevent harassment in Calpac's workplace, Verizon refers Plaintiffs to the July 23,
24   2007 motions for summary judgment filed by Calpac with respect to Calpac's efforts to prevent
25   and promptly correct any harassing behavior. Verizon further states that, to the extent that it is
26   determined that Verizon was Plaintiffs' employer for purposes of the Second Amended
27   Complaint (which Verizon denies), this affirmative defense exonerates Verizon because, once
28   notified by the EEOC of Plaintiffs' Charges of Discrimination, Verizon sent a letter to Calpac and

1   DTS advising them to comply with all nondiscrimination laws. Verizon reserves the right to

2   supplement this response as additional information becomes known during the course of

3   discovery.

4       (h)     Plaintiffs unreasonably failed to take advantage of the preventive and corrective

5   opportunities provided by their employer to avoid harm;

6   **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

7   marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

8   this Interrogatory on the ground that it is premature as the discovery process with respect to

9   Verizon has just begun. Subject to and without waiving the foregoing objections, while Verizon

10  does not have any direct knowledge or information regarding Plaintiffs' failure to take advantage

11  of corrective opportunities, Verizon refers Plaintiffs to the July 23, 2007 motions for summary

12  judgment filed by Calpac with respect to Plaintiffs' conduct. Verizon reserves the right to

13  supplement this response as additional information becomes known during the course of

14  discovery.

15      (i)     Any alleged harassment that Plaintiffs may have experienced was not sufficiently

16  severe or pervasive to affect the terms and conditions of their employment and this is not

17  actionable;

18  **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

19  marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

20  this Interrogatory on the ground that it is premature as the discovery process with respect to

21  Verizon has just begun. Verizon further objects to this Interrogatory to the extent that it exceeds

22  the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

23  Subject to and without waiving the foregoing objections, while Verizon does not have any direct

24  knowledge or information regarding the alleged harassment, Verizon refers Plaintiffs to the July

25  23, 2007 motions for summary judgment filed by Calpac with respect to the severity and

26  pervasiveness of the alleged harassment. Verizon reserves the right to supplement this response

27  as additional information becomes known during the course of discovery.

28

1    (j)    Any alleged harassment was perpetuated by individuals acting beyond the course

2    and scope of their employment;

3    **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

4    marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

5    this Interrogatory on the ground that it is premature as the discovery process with respect to

6    Verizon has just begun. Verizon further objects to this Interrogatory to the extent that it exceeds

7    the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

8    Subject to and without waiving the foregoing objections, while Verizon does not have any direct

9    knowledge or information regarding the alleged harassment, Verizon refers Plaintiffs to the July

10   23, 2007 motions for summary judgment filed by Calpac with respect to the alleged harassment

11   and harassers. Verizon reserves the right to supplement this response as additional information

12   becomes known during the course of discovery.

13   (k)    Any alleged harassment, discrimination, and/or retaliation was perpetuated without

14   the knowledge, approval, or concurrence of Verizon;

15   **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

16   marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

17   this Interrogatory on the ground that it is premature as the discovery process with respect to

18   Verizon has just begun. Verizon further objects to this Interrogatory to the extent that it exceeds

19   the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

20   Subject to and without waiving the foregoing objections, Verizon states that it did not employ the

21   alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*, December

22   2003 through May 2005) and that no Verizon employee participated in, was involved in, or

23   witnessed any of the alleged unlawful conduct. Verizon further states that it never approved of or

24   condoned any alleged harassment, discrimination, and/or retaliation and, indeed, Verizon

25   explicitly informed DTS and Calpac that it did not condone such conduct. Verizon reserves the

26   right to supplement this response as additional information becomes known during the course of

27   discovery.

28   (l)    Verizon is not jointly or vicariously liable for the acts of the alleged harassers;

1    **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

2    marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

3    this Interrogatory on the ground that it is premature as the discovery process with respect to

4    Verizon has just begun. Verizon further objects to this Interrogatory to the extent that it exceeds

5    the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

6    Subject to and without waiving the foregoing objections, Verizon states that it was not in a

7    relationship (employment or otherwise) with Plaintiffs, defendants other than Verizon, or the

8    alleged wrongdoers that would subject Verizon to liability under Title VII during any period of

9    time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon refers

10   Plaintiffs to Verizon's response to Interrogatory No. 16(a). Verizon reserves the right to

11   supplement this response as additional information becomes known during the course of

12   discovery.

13        (m)    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to

14   mitigate their damages;

15        **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

16   marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

17   this Interrogatory on the ground that it is premature as the discovery process with respect to

18   Verizon has just begun. Verizon further objects to this Interrogatory to the extent that it exceeds

19   the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

20   Subject to and without waiving the foregoing objections, Verizon states that, upon information

21   and belief, Plaintiffs have failed to take all appropriate actions to secure comparable employment

22   at all times since their separation from Calpac. Verizon reserves the right to supplement this

23   response as additional information becomes known during the course of discovery.

24        (n)    Plaintiffs' claims for damages are subject to the applicable statutory caps pursuant

25   to 42 U.S.C. § 1981a(b)(3);

26        **ANSWER:** Verizon objects to this Interrogatory on the ground that it exceeds the

27   number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject

28

1  to and without waiving the foregoing objections, Verizon states that Plaintiffs' claims for

2  damages are subject to applicable statutory caps as a matter of law.

3        (o)    Plaintiffs' claims for punitive and exemplary damages are barred on the grounds

4  that their employer took no action with malice or reckless indifference to Plaintiffs' protected

5  rights; and

6       **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

7  marshal all of its available proof or the proof it intends to offer at trial, especially given that the

8  discovery process with respect to Verizon has just begun. Verizon further objects to this

9  Interrogatory to the extent that it exceeds the number of interrogatories permitted by Rule 33 of

10  the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections,

11  Verizon refers Plaintiffs to the July 23, 2007 motions for summary judgment filed by Calpac.

12  Verizon reserves the right to supplement this response as additional information becomes known

13  during the course of discovery.

14        (p)    Plaintiffs' claims for punitive damages are barred in whole, or in part, by the

15  provisions of the United States Constitution.

16       **ANSWER:** Verizon objects to this Interrogatory on the ground that it requires Verizon to

17  marshal all of its available proof or the proof it intends to offer at trial. Verizon further objects to

18  this Interrogatory on the ground that it is premature as the discovery process with respect to

19  Verizon has just begun and Plaintiffs have not been awarded any damages. Verizon further

20  objects to this Interrogatory to the extent that it exceeds the number of interrogatories permitted

21  by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing

22  objections, Verizon states that Plaintiffs' claims for punitive damages may be barred by the

23  provisions of the United States Constitution as a matter of law.

24  **INTERROGATORY NO. 17:** State in detail Defendant's or any co-defendant's or other

25  individual's evaluation of each Plaintiff's work performance during his period of employment

26  with the Defendant and/or defendant Calpac.

27  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

28  Verizon employed, or participated in, or had any involvement whatsoever with, any employment

1    decision involving, Teddy Cruz or any other Plaintiff or that Verizon evaluated any Plaintiff.

2    Verizon further objects to this Interrogatory to the extent that it is duplicative of Interrogatory No.

3    4. Verizon further objects to this Interrogatory to the extent that it exceeds the number of

4    interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and

5    without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff and

6    that Verizon did not supervise or evaluate any Plaintiff during any period of time potentially

7    relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it

8    has no information regarding any evaluation of any Plaintiffs' work performance. To the extent

9    Plaintiffs seek information regarding their work performance while employed by Calpac, such a

10   request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already

11   taken place.

12   **INTERROGATORY NO. 18:** State whether, during the period of each Plaintiff's employment

13   with Defendant and/or defendant Calpac, Defendant or any other co-defendants or other

14   individuals informed or promised to each Plaintiff that he would be promoted or receive a bonus.

15   **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

16   Verizon employed, or participated in, or had any involvement whatsoever with, any employment

17   decision involving, Teddy Cruz or any other Plaintiff, including any decision regarding a

18   promotion or bonus. Verizon further objects to this Interrogatory on the ground that it exceeds

19   the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

20   Verizon further objects to this Interrogatory to the extent that it seeks information regarding

21   alleged conduct that was not included in Plaintiffs' respective charges or that could reasonably be

22   expected to grow out of their respective charges on the grounds that such information is neither

23   relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of

24   admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that

25   it did not employ any Plaintiff and that Verizon did not inform, or make a promise to, any

26   Plaintiff regarding a bonus or promotion during any period of time potentially relevant to this

27   lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it has no

28   information regarding any promise of a bonus or promotion to any Plaintiff. To the extent

DLI-6148978v1                                    20

1  Plaintiffs seek information regarding their work performance while employed by Calpac, such a
2  request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already
3  taken place.

4  **INTERROGATORY NO. 19:** Describe in detail the reasons why Defendant or co-defendants
5  or other individual did not promote each Plaintiff or provide a bonus to each Plaintiff.

6  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that
7  Verizon employed, or participated in, or had any involvement whatsoever with, any employment
8  decision involving, Teddy Cruz or any other Plaintiff, including any decision regarding a
9  promotion or bonus. Verizon further objects to this Interrogatory on the ground that it exceeds
10  the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.
11  Verizon further objects to this Interrogatory to the extent that it seeks information regarding
12  alleged conduct that was not included in Plaintiffs' respective charges or that could reasonably be
13  expected to grow out of their respective charges on the grounds that such information is neither
14  relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of
15  admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that
16  it did not employ any Plaintiff and that Verizon did not take, control, or interfere with any action
17  regarding a bonus or promotion during any period of time potentially relevant to this lawsuit (*e.g.*,
18  December 2003 through May 2005). Verizon further states that it has no information regarding
19  any bonus or promotion to any Plaintiff or the reasons for denying a bonus or promotion. To the
20  extent Plaintiffs seek information regarding their work performance while employed by Calpac,
21  such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has
22  already taken place.

23  **INTERROGATORY NO. 20:** Identify the name, address, telephone number, job position, race,
24  and national origin of the person(s) who played a role in deciding to not promote or provide a
25  bonus to each Plaintiff.

26  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that
27  Verizon employed, or participated in, or had any involvement whatsoever with, any employment
28  decision involving, Teddy Cruz or any other Plaintiff, including any decision regarding a

1  promotion or bonus.  Verizon further objects to this Interrogatory on the ground that it exceeds

2  the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

3  Verizon further objects to this Interrogatory to the extent that it seeks information regarding

4  alleged conduct that was not included in Plaintiffs' respective charges or that could reasonably be

5  expected to grow out of their respective charges on the grounds that such information is neither

6  relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Subject to and without waiving the foregoing objections, Verizon states that

8  it did not employ any Plaintiff and that Verizon did not play any role whatsoever regarding a

9  bonus or promotion during any period of time potentially relevant to this lawsuit (*e.g.*, December

10 2003 through May 2005).  Verizon further states that it has no information regarding any bonus or

11 promotion or the decision with respect to a bonus or promotion.  To the extent Plaintiffs seek

12 information regarding their work performance while employed by Calpac, such a request should

13 be directed to Calpac.  Verizon refers Plaintiffs to the discovery that has already taken place.

14 **INTERROGATORY NO. 21:**  State the date when Defendant or any co-defendant or other

15 individual determined it would not promote each Plaintiff or provide a bonus to each Plaintiff.

16 **ANSWER:**  Verizon objects to this Interrogatory to the extent that it assumes or infers that

17 Verizon employed, or participated in, or had any involvement whatsoever with, any employment

18 decision involving, Teddy Cruz or any other Plaintiff, including any decision regarding a

19 promotion or bonus.  Verizon further objects to this Interrogatory on the ground that it exceeds

20 the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

21 Verizon further objects to this Interrogatory to the extent that it seeks information regarding

22 alleged conduct that was not included in Plaintiffs' respective charges or that could reasonably be

23 expected to grow out of their respective charges on the grounds that such information is neither

24 relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of

25 admissible evidence.  Subject to and without waiving the foregoing objections, Verizon states that

26 it did not employ any Plaintiff and that Verizon was in no way involved in any decision regarding

27 a bonus or promotion during any period of time potentially relevant to this lawsuit (*e.g.*,

28 December 2003 through May 2005).  Verizon further states that it has no information regarding

any bonus or promotion. To the extent Plaintiffs seek information regarding their work performance while employed by Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken place..

**INTERROGATORY NO. 22:** Identify by name, address, telephone number, job position, race, and national origin of all employees of Defendant who were promoted or provided a bonus during the period from January 2004 to the present.

**ANSWER:** Verizon objects to this Interrogatory on the ground that it exceeds the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Verizon further objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 23:** Identify all advertisements or public notices issued by Defendant to advertise for job openings with Defendant during the period from January 2004 to the present.

**ANSWER:** Verizon objects to this Interrogatory on the ground that it exceeds the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Verizon further objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 24:** Identify the job positions advertised by Defendant, as described in Interrogatory No. 23, and the name, address, telephone number, race, and national origin of each person hired by Defendant to fill such job positions.

**ANSWER:** Verizon objects to this Interrogatory on the ground that it exceeds the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Verizon further objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25:** State the circumstances (including the date(s) and persons involved) in which Defendant first learned of each Plaintiff's charge of discrimination with the

1  Equal Employment Opportunity Commission against Defendant and describe in detail all actions
2  taken by Defendant in response to each Plaintiff's EEOC charge of discrimination.

3  **ANSWER:** Verizon objects to this Interrogatory to the extent that it seeks information protected
4  by the attorney-client privilege. Verizon further objects to this Interrogatory to the extent that it
5  exceeds the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil
6  Procedure. Subject to and without waiving the foregoing objection, Verizon states that it received
7  charges of discrimination pertaining to Plaintiffs on or about December 28, 2004, January 7,
8  2005, March 1, 2005, April 6, 2005, August 9, 2005, and September 2, 2005. Verizon responded
9  to these allegations by conducting a thorough and appropriate investigation by, among other
10 things, interviewing Jeff Buehler, Larry Saunders, Marty Hersh, and Linda Hayes of DTS.
11 Based on its investigation, Verizon corresponded with Calpac and DTS regarding the allegations,
12 including, among other things, sending letters Verizon sent letters to DTS and Calpac on January
13 14, 2005 in which Verizon explained that it was not in an employment relationship with any
14 Calpac employee, John Healy, or Dennis Clark. The letters further explained that, while Verizon
15 exercised no control over the staffing decisions of its contracting entities, Verizon is deeply
16 committed to providing equal employment opportunities for all individuals and that Verizon does
17 not condone discrimination or retaliation.

18
19
20                                    Respectfully submitted this 12th day of November, 2007.

21                                    **CIVILLE & TANG, PLLC**

22                                    **JONES DAY**

23                                    By: _____

24                                    **BRIAN LAMBERT**
                                      *Attorneys for Defendants*
25                                    *Verizon Business Purchasing, LLC and*
                                      *Verizon Business Network Services, Inc.*
26
27
28

DLI-6148978v1                          24

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY
APODACA, JR., JOSEPH J.
HERNANDEZ, JOSEPH T. MENDIOLA,
LARRY L. CHARFAUROS, ANTHONY
C. ARRIOLA, ROBERT B. CRUZ,
ROLAND F. MENDIOLA, JAMES S.
YEE, TEDDY B. CRUZ, JESSE B. CRUZ,
JOHN L.G. NAUTA, and JOHN P.
BABAUTA,

        Plaintiffs ,

      vs.

CALPAC, DYNAMIC TECHNICAL
SERVICES, VERIZON BUSINESS
PURCHASING, LLC, VERIZON
BUSINESS NETWORK SERVICES, INC.,

JOHN HEALY, DENNIS CLARK,
WILLIAM WARD, JAI JAMES, and
DOES 1 through 10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. 05-00037

**VERIFICATION**

      BEFORE ME, the undersigned authority, personally appeared Jeffrey Buehler who, after

being duly sworn, acknowledged that he has read **VERIZON BUSINESS PURCHASING,**

**LLC'S AND VERIZON BUSINESS NETWORK SERVICES, INC.'S (collectively**

**"Verizon") ANSWERS AND OBJECTIONS TO PLAINTIFF TEDDY B. CRUZ'S FIRST**

**SET OF INTERROGATORIES**, stated that he is an authorized agent of Verizon, and that the

DLI-6148978v1

25

factual statements stated therein are true and correct based upon personal knowledge, business records, and/or information provided in good faith by persons with knowledge.

Executed on November 12, 2007

_Jeffry P Bell_

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public, on the 12th day of November, 2007, to certify which witness my hand and official seal.

_Celia H Poole_

Notary Public

_____

Typed or Printed Name of Notary

My Commission Expires:

CELIA H. POOLE
MY COMMISSION EXPIRES
April 13, 2008

# CERTIFICATE OF SERVICE

I, Brian Lambert, hereby certify that on November 12, 2007, I will have caused a copy of *Verizon's Answers to Plaintiff Teddy B. Cruz's First Set of Interrogatories* to be served via mail-delivery on the following:

> **Lujan Aguigui & Perez LLP**
> Suite 300, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> **Blair Sterling Johnson Martinez**
> **& Leon Guerrero, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
>
> **Law Offices of Arthur K. Smith**
> 507 Prestige Circle
> Allen, TX 75002-3438

DATED at Dallas, TX, on November 12, 2007.

CIVILLE & TANG, PLLC

JONES DAY

By: _____
**BRIAN LAMBERT**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*