# EXHIBIT 2

C-0053|0446
**RECEIVED**
NOV 1 5 2007
LUJAN AGUIGUI PEREZ LLP
By: ___ 10:00

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs , <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., <br><br> JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br><br><br> **VERIZON'S ANSWERS TO PLAINTIFF ROBERT B. CRUZ'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively "Verizon") answer as follows in response to Plaintiff Robert B. Cruz's First Set of Interrogatories:

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  Verizon objects to the Instructions and Definitions to the extent they impose obligations beyond those required by the Federal Rules of Civil Procedure, including, but not

limited to, any instruction or definition that could be construed to require the production of privileged information.

2. Verizon objects to the definition of "Plaintiff" (Instruction/Definition No. 2) to the extent these Interrogatories inconsistently use the singular form of the word "Plaintiff" to mean Robert Cruz alone and also to mean the 13 plaintiffs in this action collectively. For purposes of these responses, "Plaintiffs" refers to all plaintiffs in this action.

**ANSWERS AND OBJECTIONS**

**INTERROGATORY NO. 1:** With respect to the persons answering, or providing information used to answer, these Interrogatories, state his or her:

    (a)    Name;

    (b)    Address;

    (c)    Business address;

    (d)    Business or other telephone number;

    (e)    Job title;

    (f)    Occupation;

    (g)    Name of immediate superior;

    (h)    Employer;

    (i)    Length of employment with Defendant; and

    (j)    Length of time in current position.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that the following individuals provided information used to answer these interrogatories. These individuals are employees of Verizon and must be contacted through Verizon's attorneys of record.

DLI-6148931v3

2

1

(a)  Jeff Buehler
Construction Manager, Regional Engineering and Construction
2400 North Glenville
Richardson, TX 75081
972/729-6404

Mr. Buehler has been employed by Verizon or a predecessor to Verizon since 1994. Mr. Buehler has held his current position since the beginning of his employment.

(b)  Marty Hersh
Group Manager, Northeast Regional Engineering and Construction
MD 2.2-408A
6929 North Lakewood
Tulsa, OK 74117
918/590-5288

Mr. Hersh has been employed by Verizon or a predecessor to Verizon since 1987. Mr. Hersh has held his current position for approximately 5 years.

(c)  Larry Saunders
Regional Manager, Regional Engineering and Construction
2400 North Glenville
Richardson, TX 75082
972/729-5908

Mr. Saunders has been employed by Verizon or a predecessor to Verizon since 1992. Mr. Saunders has held his current position since approximately 1995.

**INTERROGATORY NO. 2:** If Defendant has an affirmative action program or plan, state in full and complete detail the nature of said affirmative action program or plan, and include as part of your answer the name and address of the person who is responsible for implementing that program or plan.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "implementing."

DLI-6148931v3

3

1 **INTERROGATORY NO. 3:** If any employee or applicant for employment has ever filed an

2 internal complaint with Defendant alleging that Defendant has discriminated, state:

3         (a)    the name, address, and sex of the person who filed the complaint;

4         (b)    the employment history with Defendant of the person who filed the complaint

5 including job titles and dates;

6         (c)    state the date the complaint was filed;

7         (d)    describe the charges made in the complaint;

8         (e)    describe all actions taken on the basis of the complaint;

9         (f)    attach a copy or state the time and place where counsel for Plaintiffs may examine

10 a copy of the complaint.

11 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

12 burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor

13 reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

14 to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged

15 discrimination, and requests information regarding the sex of complainants. Verizon further

16 objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of

17 "employment history" and "internal complaint." Subject to and without waiving the foregoing

18 objections, Verizon states that it did not employ any Plaintiff, no Plaintiff applied for employment

19 with Verizon, and Verizon did not control, or interfere with, the terms and conditions of any

20 Plaintiff's employment during any period of time potentially relevant to this lawsuit (*e.g.*,

21 December 2003 through May 2005). Verizon further states that it did not employ any of the

22 alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*, December

23 2003 through May 2005), including, but not limited to, Dennis Clark. Accordingly, other than the

24 complaints made, and charged filed, in connection with this lawsuit, Verizon does not have any

25 information regarding internal complaints of discrimination against any of the alleged

26 wrongdoers.

27

28

1 **INTERROGATORY NO. 4:** If any employee or applicant for employment ever filed a

2 complaint with any federal, state, or local governmental agency alleging that Defendant has

3 discriminated, state:

4         (a)      the name, address, race, and national origin of the person who filed the complaint;

5         (b)      the employment history with Defendant of the person who filed the complaint,

6 including job titles and dates;

7         (c)      the date the complaint was filed;

8         (d)      the charges made in the complaint;

9         (e)      all actions taken on the basis of the complaint; and

10         (f)      attach a copy or state the time and place where Plaintiffs' counsel may examine a

11 copy of the complaint.

12 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

13 burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor

14 reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

15 to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged

16 discrimination. Verizon further objects to this Interrogatory on the grounds that it is vague and

17 ambiguous as to the meaning of "employment history." Subject to and without waiving the

18 foregoing objections, Verizon states that it did not employ any Plaintiff, no Plaintiff applied for

19 employment with Verizon, and Verizon did not control, or interfere with, the terms and

20 conditions of any Plaintiff's employment during any period of time potentially relevant to this

21 lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it did not employ

22 any of the alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*,

23 December 2003 through May 2005), including, but not limited to, Dennis Clark. Accordingly,

24 other than the complaints made, and charged filed, in connection with this lawsuit, Verizon does

25 not have any information regarding a complaint with any federal, state, or local governmental

26 agency alleging discrimination against any of the alleged wrongdoers.

27 **INTERROGATORY NO. 5:** If an employee or applicant for employment ever filed a legal

28 action alleging Defendant had discriminated, state:

1          (a)     the name, address, race, and national origin of the person who filed the legal

2     action;

3          (b)     the employment history with Defendant of the person who filed the legal action,

4     including job titles and dates of employment;

5          (c)     the date the legal action was filed;

6          (d)     the name and address of the court with which the action was filed;

7          (e)     the charges made in the legal action;

8          (f)     all actions taken on the basis of the legal action;

9          (g)     the outcome of the legal action; and

10         (h)     attach a copy or state a time and place where counsel for Plaintiffs may examine a

11    copy of the complaint.

12    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

13    burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor

14    reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

15    to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged

16    discrimination and seeks "all actions taken on the basis of the legal action." Verizon further

17    objects to this Interrogatory to the extent that it seeks information protected by the attorney-client

18    privilege or any other applicable privilege. Verizon further objects to this Interrogatory on the

19    grounds that it is vague and ambiguous as to the meaning of "employment history," "charges

20    made in the legal action," and "all actions taken on the basis of the legal action." Subject to and

21    without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff, no

22    Plaintiff applied for employment with Verizon, and Verizon did not control, or interfere with, the

23    terms and conditions of any Plaintiff's employment during any period of time potentially relevant

24    to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it did not

25    employ any of the alleged wrongdoers during any period of time potentially relevant to this

26    lawsuit (*e.g.*, December 2003 through May 2005), including, but not limited to, Dennis Clark.

27    Accordingly, other than this lawsuit, Verizon does not have any information regarding any legal

28    action alleging discrimination against any of the alleged wrongdoers.

1    **INTERROGATORY NO. 6:** For those witnesses who may be called as expert witnesses,

2    provide the following information:

3         (a)     his or her name, business address, and home address;

4         (b)     his or her business occupation;

5         (c)     his or her title or position and the name and address of the concern or entity with

6    which he or she is connected in business or occupation;

7         (d)     whether his or her testimony is expected to be given with respect to the complaint

8    or Defendant's answer;

9         (e)     each subject matter on which he or she is expected to testify;

10         (f)     a summary of his or her qualifications within each subject matter on which he or

11    she is expected to testify;

12         (g)     the substance of the facts to which he or she is expected to testify;

13         (h)     the substance of the opinions to which he or she is expected to testify and a

14    summary of the grounds for each such opinion; and

15         (i)     a list of the books or publications which the expert witness considers authoritative

16    in his or her field.

17    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is premature and to the

18    extent that it seeks undiscoverable information regarding any consulting-only experts. *See* FED.

19    R. CIV. P. 26(b)(4)(B). Subject to and without waiving the foregoing objections, Verizon states

20    that it has not retained any expert. In the event Verizon retains a testifying expert, Verizon will

21    identify any such expert in accordance with the Court's scheduling order and Federal Rule of

22    Civil Procedure 26.

23    **INTERROGATORY NO. 7:** Describe in detail all the work performed, and the location of such

24    work performed, by defendant Calpac pursuant to a Construction Agreement entered on

25    February 13, 2004, by defendant Calpac and WorldCom Purchasing, LLC.

26    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and vague

27    and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks

28    information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead

1    to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

2    Verizon states that Calpac installed fiber cables in Guam from approximately March 2004

3    through March 2005 pursuant to a February 13, 2004 Construction Agreement between Calpac

4    and a predecessor to Verizon Business Purchasing, LLC and its attached Statement of Work

5    ("Calpac Agreement"). Verizon refers Plaintiffs to the Calpac Agreement and further refers

6    Plaintiffs to documents relating to Calpac's provision of services under the Calpac Agreement

7    that Verizon is producing or will produce subject to the entry of a protective order in response to

8    Teddy B. Cruz's First Request for Production of Documents. To the extent Plaintiffs seek

9    additional information regarding work performed by Calpac, such a request should be directed to

10    Calpac.

11    **INTERROGATORY NO. 8:** Describe in detail all the work performed, and the location of such

12    work performed, by Defendant pursuant to a Construction Agreement entered on February 13,

13    2004, by WorldCom Purchasing, LLC, and defendant Calpac.

14    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

15    burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent

16    that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

17    calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

18    foregoing objections, Verizon states that Calpac performed the services specified in the Statement

19    of Work attached to the Calpac Agreement, including the construction of a fiber optic

20    underground conduit system in Guam. Verizon further states that it did not employ or supervise

21    the individuals who performed such services and did not direct the day-to-day activities of Calpac

22    or its employees pursuant to the Calpac Agreement.

23        Verizon further states that, with respect to the Guam project, Marty Hersh traveled to

24    Guam in or about November 2003 to locate contractors to install fiber cable in Guam, to facilitate

25    the bidding process for such installation, and to view and, make adjustments to, the route in which

26    the cable would be laid. After a bidding process, Verizon contracted with Calpac to install the

27    fiber cable. Verizon contracted with Dynamic Technical Services ("DTS") regarding project

28    management for the Guam project. In or about January and February 2004, Jeff Buehler traveled

DLI-6148931v3             8

1  to Guam to discuss the installation with Calpac and DTS employee Dennis Clark and to view the
2  route in which the cable would be laid. No Verizon employee or personnel remained in Guam to
3  oversee the Guam project nor did Mr. Hersh or Mr. Buehler return to Guam. Once the project
4  began, Verizon reviewed daily and weekly reports in Richardson, Texas and Tulsa, Oklahoma
5  prepared by Dennis Clark regarding the progress of the Guam project. Verizon further
6  participated in weekly conference calls with Dennis Clark regarding the progress of the Guam
7  project. Verizon further reviewed invoices prepared by Calpac and paid Calpac for its services on
8  a per unit basis.

9  **INTERROGATORY NO. 9:** Describe in detail all the work performed, and the location of such
10 work performed, by defendants Dynamic Technical Services and Dennis P. Clark pursuant to a
11 Construction Agreement entered on February 13,2004, by WorldCom Purchasing, LLC, and
12 defendant Calpac.

13 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and vague
14 and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks
15 information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead
16 to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,
17 Verizon states that Calpac performed all services specified in the Statement of Work attached to
18 the Calpac Agreement, including the construction of a fiber optic underground conduit system in
19 Guam. Verizon further states that, pursuant to a September 24, 2001 agreement between a
20 predecessor to Verizon Business Network Services, Inc. and DTS ("DTS Agreement"), DTS
21 employee Dennis Clark oversaw Calpac's installation of fiber cables in Guam from
22 approximately March 2004 through March 2005. DTS, through Mr. Clark, worked with Calpac
23 to refine the construction design and fine-tune the route in which the cable was laid. In addition,
24 DTS worked with local government agencies to obtain necessary permits, easements, and rights
25 of way. DTS also inspected Calpac's installation to ensure that such work complied with the
26 terms of the Calpac Agreement. Verizon refers Plaintiffs to the DTS Agreement and further
27 refers Plaintiffs to documents relating to DTS' provision of services under the DTS Agreement
28 that Verizon is producing or will produce subject to the entry of a protective order in response to

DLI-6148931v3                                    9

Teddy B. Cruz's First Request for Production of Documents. To the extent Plaintiffs seek additional information regarding work performed by DTS and Dennis Clark, such a request should be directed to DTS. Verizon further notes that Plaintiffs have deposed Mr. Clark.

**INTERROGATORY NO. 10:** Identify by name, address, telephone number, race, national origin, and job title, all persons Defendant is aware of who performed work pursuant to the Construction Agreement described in Interrogatory No. 7.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that it believes that the following former or current Calpac employees may have had some involvement with respect to Calpac's performance of the Calpac Agreement. To the extent Plaintiffs seek additional information regarding which Calpac employees "performed work" pursuant to the terms of the Calpac Agreement, such a request should be directed to Calpac.

  (a)  Tim Camacho

   Verizon does not have information regarding Mr. Camacho's race and national origin or his current address, telephone number, and job title.

  (b)  Don Harper

   Verizon does not have information regarding Mr. Harper's race and national origin or his current address, telephone number, and job title.

  (c)  John Healy

   Verizon does not have information regarding Mr. Healy's current address, telephone number, and job title. Verizon believes that Mr. Healy is Caucasian.

(d)    Jai James

Verizon does not have information regarding Mr. James' race and national origin or his current address, telephone number, and job title.

(e)    Bob Thompson

Verizon does not have information regarding Mr. Thompson's current address, telephone number, and job title. Verizon believes that Mr. Thompson is Caucasian.

(f)    William Ward

Verizon does not have information regarding Mr. Ward's race and national origin or his current address, telephone number, and job title.

**INTERROGATORY NO. 11:** Identify by name, address, telephone number, race, national origin, employer, and job title, the "Company Representative" of WorldCom Purchasing, LLC, described in the Construction Agreement stated in Interrogatory No. 7.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that Verizon and Larry Saunders did not supervise Plaintiffs or have any involvement whatsoever with any employment decision regarding Plaintiffs. Subject to and without waiving the foregoing objections, Verizon states that the Company Representative as defined by the Calpac Agreement was Larry Saunders. Verizon refers Plaintiffs to its answer and objections to Interrogatory No. 1. Mr. Saunders is Caucasian.

**INTERROGATORY NO. 12:** Describe in detail the work performed by the "Company Representative" pursuant to the above-described Construction Agreement, especially as it related to Defendant and its employees, including all Plaintiffs in this matter.

**ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that Verizon employed Plaintiffs, supervised Plaintiffs, or participated in, or had any involvement whatsoever with, any employment decision involving Plaintiffs. Verizon further objects to this

1  Interrogatory on the grounds that it is overly broad and to the extent that it seeks information that

2  is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery

3  of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states

4  that Calpac performed all services specified in the Statement of Work attached to the Calpac

5  Agreement, including the construction of a fiber optic underground conduit system in Guam.

6  Verizon further states that it did not employ, and Verizon and Mr. Saunders did not supervise, any

7  Plaintiff during the course of the Guam project. Verizon further states that Mr. Saunders had no

8  involvement whatsoever with any employment decision involving Plaintiffs, including a

9  Plaintiff's day-to-day activities on the Guam project. Verizon further states that, with respect to

10 the Guam project, Mr. Saunders received daily and weekly reports prepared by DTS employee

11 Dennis Clark regarding the progress of the Guam project and, on occasion, discussed such reports

12 with Jeff Buehler and Marty Hersh. Mr. Saunders further participated in weekly conference calls

13 with Dennis Clark regarding the progress of the Guam project. Mr. Saunders further reviewed

14 invoices prepared by Calpac and DTS and approved or disapproved of such invoices.

15 **INTERROGATORY NO. 13:** Describe the selection process by which Defendant selected the

16 individual or other entity to perform as the "Company Representative" described in the

17 Construction Agreement stated in Interrogatory No. 7.

18 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the

19 extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

20 calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

21 foregoing objections, Verizon states that Larry Saunders was designated as the "Company

22 Representative" by virtue of his position as the Regional Manager of Outside Plant Construction

23 and the geographic region that encompassed his position responsibilities.

24 **INTERROGATORY NO. 14:** Describe the selection process by which Defendant selected

25 defendant Calpac as the company to perform the construction and installation and other work

26 described in the Construction Agreement stated in Interrogatory No. 7.

27 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the

28 extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

1  calculated to lead to the discovery of admissible evidence. Subject to and without waiving the
2  foregoing objections, Verizon states that the construction and installation phase of the Guam
3  project was competitively bid.

4  **INTERROGATORY NO. 15:** Describe the selection process by which Defendant selected

5  defendant Dynamic Technical Services as the company to perform the design, engineering,

6  project management, procurement, construction, operation, maintenance, relocation, inspections,

7  acceptance testing, and replacement of various telecommunications network projects services and

8  other work described in the Outside Plant Engineering and Project Management Agreement by

9  and between MCI WorldCom Network Services, Inc., and defendant Dynamic Technical

10  Services, dated September 24, 2001.

11  **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the

12  extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

13  calculated to lead to the discovery of admissible evidence, particularly to the extent that the

14  Interrogatory seeks information regarding projects other than the Guam project. Subject to and

15  without waiving the foregoing objections, Verizon states that it contacted DTS and other

16  companies with whom Verizon had master agreements for the purpose of locating a company that

17  could provide acceptable project management services on Guam for a reasonable billing rate.

18  Verizon further states that it reviewed proposals presented by DTS and other such companies and,

19  on the basis of DTS' ability to provide qualified staff, meet the Guam project's schedule, and

20  DTS' billing rate, DTS was selected.

21  **INTERROGATORY NO. 16:** Describe in detail all the work performed, and the location of

22  such work performed, by defendant Dynamic Technical Services pursuant to the Outside Plant

23  Engineering and Project Management Agreement described in Interrogatory No. 15.

24  **ANSWER:** Verizon objects to this Interrogatory to the extent that it is duplicative of

25  Interrogatory No. 9. Subject to and without waiving the foregoing objection, Verizon refers

26  Plaintiffs to the DTS Agreement and its applicable attachments and work orders and to Verizon's

27  answer and objections to Interrogatory No. 9. Verizon further notes that Plaintiffs have deposed

28  Mr. Clark.

DLI-6148931v3

13

1  **INTERROGATORY NO. 17:** Describe in detail all the work performed, and the location of

2  such work performed, by Defendant pursuant to the Outside Plant Engineering and Project

3  Management Agreement described in Interrogatory No. 15.

4  **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

5  burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent

6  that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

7  calculated to lead to the discovery of admissible evidence. Verizon further objects to this

8  Interrogatory to the extent that it is duplicative of Interrogatory No. 8. Subject to and without

9  waiving the foregoing objections, Verizon states that it contracted with DTS to perform the

10  services specified in the DTS Agreement and its applicable work order. Verizon further states

11  that DTS, through its employee Dennis Clark, oversaw Calpac's installation of fiber cables in

12  Guam from approximately March 2004 through March 2005. Verizon further states that it did not

13  employ or supervise the individuals, including Dennis Clark, who performed such services and

14  did not direct the day-to-day activities of DTS or its employees pursuant to the DTS Agreement.

15         Verizon further states that, with respect to the Guam project, Marty Hersh traveled to

16  Guam in or about November 2003 to locate contractors to install fiber cable in Guam, to facilitate

17  the bidding process for such installation, and to view and, make adjustments to, the route in which

18  the cable would be laid. After a bidding process, Verizon contracted with Calpac to install the

19  fiber cable. Verizon contracted with Dynamic Technical Services ("DTS") regarding project

20  management for the Guam project. In or about January and February 2004, Jeff Buehler traveled

21  to Guam to discuss the installation with Calpac and DTS employee Dennis Clark and to view the

22  route in which the cable would be laid. No Verizon employee or personnel remained in Guam to

23  oversee the Guam project nor did Mr. Hersh or Mr. Buehler return to Guam. Once the project

24  began, Verizon reviewed daily and weekly reports in Richardson, Texas and Tulsa, Oklahoma

25  prepared by Dennis Clark regarding the progress of the Guam project. Verizon further

26  participated in weekly conference calls with Dennis Clark regarding the progress of the Guam

27  project. Verizon further reviewed invoices prepared by Calpac and paid Calpac for its services on

28  a per unit basis.

DLI-6148931v3                                                14

**INTERROGATORY NO. 18:** Describe in detail all the work performed, and the location of such work performed, by defendants Dynamic Technical Services and Dennis P. Clark pursuant to a Construction Agreement entered on February 13, 2004, by WorldCom Purchasing, LLC, and defendant Calpac.

**ANSWER:** Verizon objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 9. Subject to and without waiving the foregoing objection, Verizon refers Plaintiffs to Verizon's answer and objections to Interrogatory No. 9.

**INTERROGATORY NO. 19:** Identify by name, address, telephone number, race, national origin, and job title, all persons Defendant is aware of who performed work pursuant to the Outside Plant Engineering and Project Management Agreement described in Interrogatory No. 15.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "performed work pursuant to the Outside Plant Engineering and Project Management Agreement." Verizon further objects to this Interrogatory to the extent that it is overly broad and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that the Request seeks information regarding DTS' performance under the DTS Agreement for projects other than the Guam project. Subject to and without waiving the foregoing objections, Verizon states that it believes that the following former or current DTS employees may have had some involvement with respect to the performance of the DTS Agreement. To the extent Plaintiffs seek additional information regarding which DTS employees "performed work" pursuant to the terms of the DTS Agreement, such a request should be directed to DTS.

      (a)     Dennis Clark
               1726 N.E. 11th Street
               Cape Coral, FL 33904
               239/443-9195

Verizon does not have information regarding Mr. Clark's current job title. Verizon believes that Mr. Clark is Caucasian.

(b)     Linda Hayes

Verizon believes that Ms. Hayes is currently President of DTS, located at: 1125 East Hwy 121, Lewisville, TX 75057, 469/635-1300.  Verizon believes that Ms. Hayes is Caucasian.

(c)     Carlos Morales

Verizon believes that Carlos Morales is the former President of DTS.  Verizon does not have information regarding Mr. Morales' race, national origin or current address, telephone number, or job title.

**INTERROGATORY NO. 20:**  Identify and describe in detail all communications between Defendant and Donald Harper, identifying the subject and date of such communications and the persons participating in such communications.

**ANSWER:**  Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous and overly broad with respect to time and scope.  Subject to and without waiving the foregoing objections, Verizon states that on or about November 25, 2004, Jeff Buehler received an email from Don Harper in which Mr. Harper claimed to possess documentation regarding alleged improper activities regarding Calpac and Dennis Clark.  Verizon further states that, on or about December 22, 2004, Mr. Buehler and Edwin Spivey received an email from Mr. Harper in which Mr. Harper identified the law firm purportedly representing Calpac employees.  Verizon further states that Mr. Buehler received a voice mail from Mr. Harper in late 2004 in which Mr. Harper stated he would call Larry Saunders.  Mr. Buehler did not return Mr. Harper's call.  Verizon further states that Mr. Buehler may have received emails from Mr. Harper on other occasions relating to the Guam project.  Verizon further states that Mr. Harper called Mr. Saunders in late 2004 on one or more occasions.  Mr. Harper told Mr. Saunders that Dennis Clark was engaging in improper activities, including going off-the-island on DTS time.  Mr. Saunders asked Mr. Harper if he could provide the documentation that Mr. Harper claimed to posses.  Mr. Harper said he would collect the documentation and get back to Mr. Saunders.  Mr. Harper did not subsequently contact Mr. Saunders or provide Mr. Saunders documentation.

**INTERROGATORY NO. 21:**  Describe in detail Defendant's relationship with defendant Dennis P. Clark, including past and/or present employment relationship.

1    **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that

2    Verizon employed Dennis Clark during the course of the Guam project. Verizon further objects

3    to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of

4    "relationship." Subject to and without waiving the foregoing objections, MCI

5    Telecommunications Corporation employed Dennis Clark from in or about April 1988 until

6    January 1995. Prior to Mr. Clark's employment by MCI Telecommunications Corporation, Mr.

7    Clark was employed by a third-party and provided services to MCI on fiber installation projects.

8    In or about December 2003, while employed by DTS, Mr. Clark provided project management

9    services on the Guam project pursuant to the DTS Agreement.

10    **INTERROGATORY NO. 22:** Describe in detail Defendant's supervision or other observation

11    of defendant Calpac's performance under the Construction Agreement described in Interrogatory

12    No. 7.

13    **ANSWER:** Verizon objects to this Request to the extent that it assumes or infers that Verizon

14    "supervised" Calpac with respect to the Guam project. Verizon further objects to this

15    Interrogatory to the extent that it is overly broad and seeks information that is neither relevant to

16    the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible

17    evidence, particularly to the extent that the Request vaguely seeks information regarding

18    Verizon's "observation" of Calpac. Verizon further objects to this Interrogatory on the grounds

19    that it is vague and ambiguous as to the meaning of "supervision or other observation." Subject

20    to and without waiving the foregoing objections, Verizon states that it did not supervise Calpac or

21    its employees or direct the day-to-day activities of Calpac and its employees on the Guam project.

22    Verizon further states that it did not formally assess or evaluate Calpac. Verizon further states

23    that, pursuant to the DTS Agreement, DTS, through its employee Dennis Clark, oversaw Calpac's

24    installation of fiber cables in Guam. Dennis Clark provided Verizon daily and weekly reports and

25    participated in a weekly conference call regarding the progress of the Guam project and to discuss

26    various issues regarding the Guam project.

27

28

**INTERROGATORY NO. 23:** Describe in detail Defendant's supervision or other observation of the Company Representative's performance under the Construction Agreement described in Interrogatory No. 7.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that neither the Company Representative nor his supervisor had any involvement whatsoever with any employment decision regarding any Plaintiff. Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "supervision or other observation." Subject to and without waiving the foregoing objections, Verizon states that pursuant to his position as the Group Manager, Outside Plant Services, Marty Hersh was Larry Saunders' supervisor. Mr. Hersh did not formally evaluate Mr. Saunders with respect to the Guam project, but Mr. Hersh and Mr. Saunders discussed aspects of the Guam project and reviewed and discussed various documentation regarding the Guam project.

**INTERROGATORY NO. 24:** Describe in detail Defendant's supervision or other observation of the defendant Dynamic Technical Services' performance under the Outside Plant Engineering and Project Management Agreement described in Interrogatory No. 15.

**ANSWER:** Verizon objects to this Request to the extent that it assumes or infers that Verizon "supervised" DTS with respect to the Guam project. Verizon further objects to this Interrogatory to the extent that it is overly broad and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that the Request seeks information regarding DTS' performance under the DTS Agreement for projects other than the Guam project. Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "supervision or other observation." Subject to and without waiving the foregoing objections, Verizon states that it did not supervise DTS or Dennis Clark or direct DTS' or Dennis Clark's day-to-day activities on the Guam project. Verizon further states that it did not formally assess or evaluate DTS or Dennis Clark with respect to the Guam project. Verizon further states that it reviewed daily and weekly

1   reports provided by Dennis Clark to Verizon regarding progress on the Guam project. In

2   addition, there was a weekly conference call with Verizon during which Dennis Clark would

3   provide updates and discuss issues regarding the Guam project, including, for example, issues

4   surrounding rights of way.

5   **INTERROGATORY NO. 25:** Identify all individuals, including their contact information, who

6   Defendant may call as a witness to testify at trial and the expected testimony of each such

7   individual.

8   **ANSWER:** Verizon objects to this Interrogatory on the grounds that it premature and to the

9   extent that it seeks to impose burdens beyond those imposed by the Federal Rules of Civil

10  Procedure. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to

11  its Rule 26(a)(1)(A) disclosures. Verizon will identify additional witnesses it may call at trial, if

12  any, in accordance with the Court's scheduling order and Federal Rules of Civil Procedure.

13

14          Respectfully submitted this 12TH day of November, 2007.

15

16          **CIVILLE & TANG, PLLC**

17          **JONES DAY**

18  By: _____
            **BRIAN LAMBERT**
19          *Attorneys for Defendants*
            *Verizon Business Purchasing, LLC and*
20          *Verizon Business Network Services, Inc.*

21

22

23

24

25

26

27

28

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs , <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., <br><br> JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br><br><br> **VERIFICATION** |

BEFORE ME, the undersigned authority, personally appeared Jeffrey Buehler who, after being duly sworn, acknowledged that he has read **VERIZON BUSINESS PURCHASING, LLC'S AND VERIZON BUSINESS NETWORK SERVICES, INC.'S (collectively "Verizon") ANSWERS AND OBJECTIONS TO PLAINTIFF ROBERT B. CRUZ'S FIRST SET OF INTERROGATORIES**, stated that he is an authorized agent of Verizon, and that the

DLI-6148931v3

20

factual statements stated therein are true and correct based upon personal knowledge, business records, and/or information provided in good faith by persons with knowledge.

Executed on November 12, 2007

_[signature]_

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public, on the 12th day of November, 2007, to certify which witness my hand and official seal.

_[signature]_

Notary Public

_____

Typed or Printed Name of Notary

My Commission Expires:

CELIA H. POOLE
MY COMMISSION EXPIRES
April 13, 2008

DLI-6148931v3

**CERTIFICATE OF SERVICE**

I, Brian Lambert, hereby certify that on November 12, 2007, I will have caused a copy of *Verizon's Answers to Plaintiff Robert Cruz's First Set of Interrogatories* to be served via mail-delivery on the following:

> **Lujan Aguigui & Perez LLP**
> Suite 300, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> **Blair Sterling Johnson Martinez & Leon Guerrero, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
>
> **Law Offices of Arthur K. Smith**
> 507 Prestige Circle
> Allen, TX 75002-3438

DATED at Dallas, TX, on November 12, 2007.

> **CIVILLE & TANG, PLLC**
>
> **JONES DAY**
>
> By: _____
> **BRIAN LAMBERT**
> *Attorneys for Defendants*
> *Verizon Business Purchasing, LLC and*
> *Verizon Business Network Services, Inc.*

DLI-6148931v3

22