CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*



FILED
DISTRICT COURT OF GUAM
MAR 10 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>VERIZON DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO VERIZON DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

ORIGINAL

## I. INTRODUCTION

On February 28, 2008, Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") filed a motion for a protective order pursuant to FRCP 26(c)(1)(B), requesting that the Court vacate the deposition notices issued by the plaintiff Teddy B. Cruz to Verizon's employees, Larry Saunders, Jeff Buehler, and Mary Hersh (the "Notices"),[1] and to require Plaintiff Cruz to take the depositions of these individuals in Dallas, Texas. Plaintiffs[2] filed an Opposition to Verizon's motion for a protective order on March 3, 2008. Verizon hereby submits its reply to Plaintiffs' opposition.

## II. DISCUSSION

Plaintiffs oppose Verizon's motion for a protective order on the grounds that (1) the witnesses Plaintiff Cruz seeks to depose are managers of Verizon and therefore need not be served with a subpoena, and (2) Guam is the appropriate place to take the deposition because the three Verizon employees can appear telephonically. Neither argument supports a denial of Verizon's request for a protective order.

### A. Plaintiff Cruz Has Failed to Meet His Burden of Showing that the Verizon Employees are Verizon's Managing Agents.

As stated in Verizon's motion, Plaintiff Cruz has failed to make a showing that the individuals he seeks to depose are officers, directors, or managing agents of Verizon. Only an officer, director, or managing agent of the corporate party can be compelled to testify pursuant to a deposition notice, otherwise the employee must be subpoenaed. *JSC Foreign Economic Assoc. Technostroyexport v. Int'l Devel. and Trade Sers., Inc.*, 220 F.R.D. 235, 237-38 (S.D.N.Y. 2004) (stating that "[a] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice," and holding

---

[1] The deposition notice issued for "Mary Hersh" appears to be in error, as Verizon's employee's name is Marty Hersh.

[2] All Plaintiffs to this action filed an Opposition, not just Plaintiff Cruz.

-2-
DLI-61... Case 1:05-cv-00037    Document 543    Filed 03/10/2008    Page 2 of 6

that because the witnesses were not "managing agents" of the corporate party, the plaintiff must treat them "as they would any other non-party witness"); *Rapoca Energy Co. v. AMCI Export Corp.*, 199 F.R.D. 191, 193-94 (W.D. Va. 2001) (recognizing that, while a plaintiff may compel officers, directors, and managing agents of a corporate party to attend a deposition based on notice only, employees who are not officers, directors, and managing agents must be served with a subpoena, unless the parties agree otherwise). The burden of establishing that the noticed party qualifies as an officer, director, or managing agent is on the party seeking to compel attendance at a deposition. *See Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007); *JSC Foreign Economic Assoc. Technostroyexport*, 220 F.R.D. at 237 ("The burden is on the examining party to establish the status of the witness . . .").

In their opposition, Plaintiffs contend that they have met their burden of showing that Jeff Buehler, Marty Hersh, or Larry Saunders are "managing agents" of Verizon because their respective job titles contain the word "Manager."[3] This fact alone does not establish that the deponents are Verizon's "managing agents." Indeed, courts have consistently recognized that merely holding the title of "manager" and possessing some managerial responsibilities does not convert an employee into a party's "managing agent." *See e.g. Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514, 517 (D. Conn. 1961) ("T. J. Moran is employed in the Organization and Analysis Department of the Sales Section of the Cadillac Division as manager of the department . . . There are no facts showing that he has any general powers or that he is a managing agent in the requisite sense."); *Rapoca Energy Co. v. AMCI Export Corp.*, 199 F.R.D. 191, 194 (W.D. Va. 2001) (stating that the plaintiff sought to depose a Robert Moir, who was the "AMCI Regional Manager," but noting that "based on the information currently before the court, it appears that Moir is not an officer or managing agent but, rather, an employee of AMCI. As such, his deposition testimony must be compelled by

---

[3] Plaintiffs do not cite any legal authority in support of their proposition that a party's employee can be compelled to attend a deposition merely because the employee is a manager of some type.

-3-
DLI-61 Case 1:05-cv-00037   Document 543   Filed 03/10/2008   Page 3 of 6

subpoena, unless the parties agree otherwise."); *cf. Napier v. Safeway Stores, Inc.*, 215 A.2d 479, 482 (D.C. Ct. App. 1965) ("A managing agent, as distinguished from an employee, is one invested by his corporation with general powers to exercise his judgment and discretion in dealing with corporate matters, who does not act under close supervision or direction of a superior authority, and has the corporation interests so close to himself that he could be depended on to give testimony in conformity with his employer's direction. *Krauss v. Erie R. Co.*, 16 F.R.D. 126 (S.D.N.Y. 1954). *See also Rubin v. General Tire & Rubber Co.*, 18 F.R.D. 51 (S.D.N.Y. 1955). Certainly this employee, as manager of the produce department of a branch store, was not a 'managing agent' as contemplated by the rule, and the trial judge properly refused admission of his deposition.").

The determination of whether an employee is a "managing agent" is a fact-specific inquiry, and courts look to the following factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*JSC Foreign Economic Assoc. Technostroyexport*, 220 F.R.D. at 237 (quoting *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, * 3 (S.D.N.Y. May 31, 2002)); *see also Murata Mfg. Co.*, 242 F.R.D. at 476; *Colonial Capital Co.*, 29 F.R.D. at 516-17. Here, Plaintiffs have failed to put forth any facts showing that the three Verizon employees constitute Verizon's "managing agents," including any facts suggesting that Verizon has invested these employees with general corporate powers. Rather, Plaintiffs merely point to the three Verizon employees' job titles. Plaintiffs' reliance on the Verizon employees' job

titles, however, is, without more, clearly insufficient to establish that they are Verizon's "managing agents."

### B. Plaintiffs' Willingness to Take the Depositions Telephonically Does Not Moot the Request for Protective Order.

In their Opposition, Plaintiffs argue that a protective order should not issue because Plaintiffs, through counsel, have indicated their willingness to take the depositions of the Verizon employees telephonically. Plaintiffs' argument misses the point. Pursuant to FRCP 30(b)(4), a "deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4) (emphasis added). While Plaintiffs claim that the deponents will not suffer undue burden or expense because "they can appear telephonically," the fact remains that the Notices, which have not been withdrawn or re-noticed, stated that the depositions would take place in Hagatna, Guam – not in Dallas, Texas or where the Verizon employees otherwise live or reside. The Notices, therefore, required the Verizon employees to travel from Texas or Oklahoma to Guam to appear for a deposition on four and seven days' notice.

As Verizon explained in the Motion, "it is presumed that a defendant will be examined at his residence or at his place of business or employment," *Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 832 (D. Ga. 1970). Here, the Verizon employees live and work near Dallas, Texas, or Tulsa, Oklahoma. In addition, the Verizon employees would be highly inconvenienced and Verizon would be subject to "undue burden and expense," FRCP 26(c)(1), if the Verizon employees are required to travel to Guam to appear for depositions. Accordingly, the Court should grant Verizon's request for a protective order and require Plaintiff Cruz to notice the depositions of Larry Saunders, Jeff Buehler, and Mary Hersh in Dallas, Texas, and upon reasonable advance notice.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, Verizon respectfully requests that the Court grant its Motion for a Protective Order.

Respectfully submitted this 10th day of March, 2008.

        **CIVILLE & TANG, PLLC**

        **JONES DAY**

        By: _____
          G. PATRICK CIVILLE
        *Attorneys for Defendants*
        *Verizon Business Purchasing LLC and*
        *Verizon Business Network Services, Inc.*