**LUJAN AGUIGUI & PEREZ, LLP**
PACIFIC NEWS BUILDING, SUITE 300
238 ARCHBISHOP FLORES STREET
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-8064/5
FACSIMILE: (671) 477-5297

*Attorneys for Plaintiffs*

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants Verizon Business
Purchasing LLC and Verizon Business Network Services, Inc.*

**LAW OFFICES OF ARTHUR K. SMITH**
507 Prestige Circle
Allen, Texas 75002
TELEPHONE: (469) 519-2500
FACSIMILE: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*

**FILED**
DISTRICT COURT OF GUAM

MAR 1 4 2008

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**JOINT MOTION TO AMEND SCHEDULING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |

## MOTION

Plaintiffs, the Verizon defendants ("Verizon"), and Dynamic Technical Services, Inc. ("DTS") move the Court pursuant to FRCP 16(b) to vacate and amend the dates set forth in the Third Amended Scheduling Order, as more fully explained in the accompanying Memorandum of Points and Authorities in Support of this Motion.

The basis for this motion is that even though the parties have been diligently working on the case, the case is not ready for trial and a brief extension of time is needed for completion of discovery and motion practice. An extension of the dates in the Scheduling Order will also afford the Court a better opportunity to orderly dispose of the 26 pending summary judgment motions, 13 summary judgment motions Verizon intends to file against the plaintiffs, two discovery motions Verizon will be filing and such motions as the plaintiffs may file. The brief extension requested suggests a realistic trial date taking into account the unusual number of motions which need to be addressed, and the extension will protect the parties from having to incur substantial trial preparation expenses prior to the Court's ruling on those motions.

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Patrick Civille, and all matters that may be adduced at a hearing thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves claims brought under Title VII. There are thirteen plaintiffs who each claim to have been discriminated against in their employment. There has been extensive and active discovery, and a substantial motion practice. Verizon, which had been dismissed from the lawsuit on under FRCP 12(b)(6) on January 22, 2007, was not brought back into the

case in September 2007. Consequently, discovery between the plaintiffs and Verizon is not as far along as is discovery between the plaintiffs and the other defendants.

The plaintiffs and Verizon request that dates in the Third Amended Scheduling Order be amended as set forth in the Proposed Fourth Amended Scheduling Order, (attached as Ex. A to the Declaration of G. Patrick Civille ("Civille Decl.")), as follows:

|  | Current | Proposed |
|---|---|---|
| Discovery Cut-off: | March 3, 2008 | June 20, 2008 |
| Discovery Motions: | March 17, 2008 | June 30, 2008 |
| Dispositive Motions: | April 11, 2008 | July 31, 2008 |
| Pretrial Disclosures: | May 9, 2008 | September 5, 2008 |
| Preliminary Pretrial Conference: | May 19, 2008 | September 23, 2008 |
| Filing of Trial Documents and Pretrial Order: | May 23, 2008 | September 30, 2008 |
| Final Pretrial Conference: | June 2, 2008 | October 7, 2008 |
| Trial Date: | June 9, 2008 | October 14, 2008 |

## II. ARGUMENT

### A. Standards for Amending a Scheduling Order.

Rule 16(b)(4) of the Federal Rules of Civil Procedure permits the Court to modify a scheduling order where "good cause" is shown. *See* FRCP 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). *Tacuban v. Hawaii*, 2007 WL 1482001, *3 (D. Hawai'i 2007) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *Edizone, LC v. Cloud Nine, LLC*, 505 F.Supp.2d 1226, 1231 (D. Utah 2007) ("Fed. R. Civ.P. 16(b) allows the Court to amend a scheduling order upon a showing of good cause. 'The primary measure of Rule 16's 'good cause' standard is the

3

moving party's diligence in attempting to meet the case management order's requirements.'") (quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir.2002)). "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," however, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609; *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("Another relevant consideration [in amending a scheduling order] is possible prejudice to the party opposing the modification."). "'While a scheduling order 'is not a frivolous piece of paper, idly entered,' which can be cavalierly disregarded by counsel without peril,'[1] . . . 'rigid adherence to the ... scheduling order is not advisable'[2] . . . ." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

### B. There is Good Cause to Amend the Scheduling Order.

The plaintiffs, Verizon and DTS request that the Court amend the Third Amended Scheduling Order to reflect the dates suggested in the Proposed Fourth Amended Scheduling Order attached as Civille Decl., Ex. A. A limited amount of extra time is required to complete the pre-trial work necessary to properly prosecute this case. Civille Decl., ¶ 3. The Defendants have been diligent in conducting discovery in this case. The parties have already taken many depositions and have exchanged written discovery. Civille Decl., ¶ 3. After making a good faith effort to complete discovery by the deadlines set in the Third Amended Scheduling Order, there still remains some discovery which has not been completed between plaintiffs and Verizon due to scheduling difficulties. Civille Decl., ¶ 4. Plaintiffs and the

---

[1] *Quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992).
[2] *Quoting SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, at 1519 (10th Cir.1990).

4

Verizon Defendants are making arrangements to depose approximately five fact witnesses (including one plaintiff) who live on the U.S. mainland, and are trying to arrange a schedule so that all off-island depositions can be completed in one trip. Civille Decl., ¶ 5.

Additionally, the plaintiffs, Verizon and DTS believe that an extension of dates is appropriate in light of the twenty-six motions for summary judgment filed by CalPac and DTS pending before the Court. It is likely that the Verizon Defendants will also timely file motions for summary judgment as to each plaintiff. Civille Decl., ¶ 6. The moving parties anticipate that these motions, together with other pre-trial motions, may not be resolved by the time of the early June trial date. Civille Decl., ¶ 7. An extension of the trial date would allow for the orderly disposition of these motions while at the same time protecting the parties from having to incur additional and substantial trial preparation expenses prior to the Court's ruling on the pending dispositive motions.

The moving parties have been diligent in attempting to meet the scheduling order requirements, and believe that "good cause" exists to modify the deadlines and trial dates considering the outstanding depositions of off-island witnesses, the pending summary judgment motions, and the likely summary judgment motions expected to be filed by Verizon against the Plaintiffs.

The plaintiffs and Verizon believe that defendant DTS does not oppose this motion. Defendant Calpac may oppose the requested extension primarily because it is anxious to get to trial and get the case over with. The plaintiffs and Verizon share this sentiment, but that does not change the fact that the case is not now in a posture where it is ready for trial and it is unlikely that it will be in time to meet the current early June trial date. The moving parties

5

do not believe the requested amendment will cause any prejudice to CalPac, nor will it cause CalPac to incur significantly higher expenses.

## III. CONCLUSION

For the foregoing reasons, the plaintiffs, Verizon and DTS respectfully request that the Court vacate the Third Amended Scheduling Order, and enter an Order adopting the dates set forth in the Proposed Fourth Amended Scheduling Order.

Respectfully submitted this 14th day of March, 2008.

**LUJAN AGUIGUI & PEREZ, LLP**

By: _____
**DELIA S. LUJAN**
*Attorneys for Plaintiffs*


**CIVILLE & TANG, PLLC**

By: _____
**G. PATRICK CIVILLE**
*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*


**LAW OFFICES OF ARTHUR K. SMITH**

By: _____ (by GPC w/ permission)
**ARTHUR K. SMITH**
*Attorneys for Defendant*
*Dynamic Technical Services*

6