**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*

FILED
DISTRICT COURT OF GUAM

MAR 1 9 2008 ₽.D.

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**VERIZON DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY ANSWERS, AND VERIFICATIONS; CERTIFICATE OF COMPLIANCE** |

ORIGINAL

# I. BACKGROUND

## A. Plaintiffs' Claims.

On September 7, 2007, Plaintiffs filed a Second Amended Complaint ("SAC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, naming Verizon, among others, as Defendants. In the SAC, Plaintiffs each assert claims for discrimination, hostile work environment, and retaliation. *See* SAC, Counts I-XIII. Plaintiffs allege that as a result of the Defendants' unlawful actions, Plaintiffs each suffered "emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial." SAC, ¶¶ 63, 77, 91, 105, 119, 133, 147, 161, 183, 205, 228, 250, 271. Additionally, Plaintiffs allege that as a result of Defendants' allegedly unlawful action, Plaintiffs each "lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys' fees, in amounts to be proved at trial." SAC, ¶¶ 64, 78, 92, 106, 120, 134, 148, 162, 184, 206, 229, 251, 272.

In their prayer for relief on their Title VII claims, Plaintiffs request that:

> 1. Each Plaintiff be compensated for lost wages, benefits, bonuses, back pay and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial.
>
> 2. Each Plaintiff be compensated for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $1,000,000 from each Defendant, for which Defendants should be jointly and severally liable;
> . . . .

SAC, Prayer, ¶¶ 1-2.

## B. Verizon's Discovery Requests And Plaintiffs' Failure To Verify Their Interrogatory Answers And Respond To Proper Subjects of Discovery.

On October 10, 2007, Verizon served on each Plaintiff, through their counsel, Verizon's Request for Production of Documents issued pursuant to FRCP 34. Plaintiffs objected to Request Numbers 28-32, and refuse to produce the requested documents. Verizon's Request for Production Nos. 28 through 32, and Plaintiffs' Responses to these requests, are attached as **Exhibit "A"** to the Declaration of G. Patrick Civille in Support of Motion to Compel ("Civille

-1-

Decl.") filed herewith. Verizon's Request for Production Numbers 28 through 32, and Plaintiffs' objections to the respective requests are as follows:

**REQUEST NO. 28:** All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

    (i) All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;

    (ii) All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;

    (iii) All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

    (iv) All documents relating to any offers or negotiations regarding employment, including independent contracting and self-employment.

**RESPONSE:** OBJECTION. This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims. Even if the information is relevant, its relevancy is substantially outweighed by prejudice of production.

**REQUEST NO. 29:** All documents that refer or relate to any employment, including independent contracting and self-employment, you have had since you ceased performing work on the Guam International Ring Project, including, but not limited to, documents relating to:

    (i) Your compensation;
    (ii) Hours worked per week;
    (iii) Your date of hire;
    (iv) The duration of employment, independent contracting, or self-employment;
    (v) The nature of your duties and responsibilities, including formal or informal job descriptions;
    (vi) Any oral or written employment contract or agreement;
    (vii) Any offer letter(s);
    (viii) Any promises or representations made to you concerning your duties, salary, benefits, length of service, or other aspects of your employment;
    (ix) Any bonus, incentive, or similar compensation plan;
    (x) Any fringe benefit programs in which you participated or which were available to you, including, but not limited to, health insurance, disability pay, life and accident insurance, pension, profit-sharing, savings, deferred compensation, stock options, or any other benefits;

(xi) Any discipline, write-ups, or warnings received; and
(xii) The termination of any such employment, independent contracting, or self-employment.

**RESPONSE:** OBJECTION. This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks confidential financial and employment information which is privileged and protected from disclosure.

**REQUEST NO. 30:** All documents, including medical and/or mental health records, that identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents which you allege in Plaintiffs' Complaint. *[A medical records authorization and psychotherapy notes authorization are being served simultaneously with these requests. Please make additional copies of these forms as needed, complete one form for each medical provider seen for the injuries associated with the allegations in this lawsuit, and return all forms with your responses to these requests.]*

**RESPONSE:** OBJECTION. This request seeks information which is protected by the physician-patient privilege.

**REQUEST NO. 31:** Copies of your income tax returns, including all schedules and attachments thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure.

**REQUEST NO. 32:** All documents relating to any bankruptcy filing that you have made or to which you were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure. The request is also overly broad in temporal and geographic scope.

Ex. A to Civille Decl.

On October 10, 2007, Verizon served on each Plaintiff, through their counsel, Verizon's Interrogatories issued pursuant to FRCP 33. The answers submitted by two Plaintiffs, Roland Mendiola and Larry Charfarous, were not verified as required under FRCP 33. *See* FRCP 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Plaintiff Mendiola and Larry Charfarous' answers to Verizon's Interrogatories are attached as **Exhibit "B"** to the Civille Decl.

Additionally, Plaintiffs objected to Interrogatory No. 25, and refuse to answer said interrogatory. Verizon's Interrogatory No. 25, and Plaintiffs' Answer thereto, are attached as **Exhibit "C"** to the Civille Decl. Verizon's Interrogatory No. 25, and Plaintiffs' objections to this interrogatory are as follows:

> **INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.
>
> **ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Ex. C to Civille Decl.

In an effort to resolve Plaintiffs' failure to provide the requested discovery, on December 10, 2007, Verizon sent a letter to Plaintiffs' counsel stating, with citations to legal authority, that Plaintiffs do not have valid objections to Interrogatory No. 25 and for Request for Production Nos. 28 through 32. Civille Decl. ¶ 10. Thereafter, Verizon made several follow-up phone calls to Plaintiffs' counsel requesting the documents and the answers to Verizon's interrogatories on

the grounds stated in Verizon's December 10, 2007 letter. Civille Decl. ¶ 12. Verizon's counsel spoke with Attorney Lujan multiple times over the last few months, but Attorney Lujan continued to maintain that the discovery requested was privileged and in some cases irrelevant. Civille Decl. ¶ 12. Despite Verizon's attempts to resolve the discovery dispute without court action, Plaintiffs have, to date, failed to provide the requested discovery. Civille Decl. ¶ 13.

## II. ARGUMENT

**A. Standards For Compelling Discovery.**

Under Rule 26 of the Federal Rules of Civil Procedure ("FRCP"), the scope of discoverable information is broad. The Rule states that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .*

FRCP 26(b) (emphasis added).

Rule 37(a)(1) of the Federal Rules of Civil Procedure permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a). Specifically, FRCP 37(a)(3)(B) permits a party to move for an order compelling an answer to interrogatories submitted under FRCP 33, or compelling the production and inspection of documents as requested under FRCP 34. FRCP 37(a)(3)(B)(iii), (iv).

As explained below, Verizon's interrogatories and document requests to Plaintiffs seek relevant and admissible information or information reasonably calculated to lead to the discovery of admissible evidence in this matter, and Plaintiffs do not have any valid claim of privilege. Plaintiffs should be compelled to produce the documents sought in Request Nos. 28 through 32,

and answer Interrogatory No. 25. In addition, Plaintiffs Mendiola and Charfarous should be compelled to verify their answers to Verizon's Interrogatories.

### B. The Court Should Compel Plaintiffs To Produce Documents Relating To Plaintiffs' Efforts To Secure Employment And Their Employment, Income, And Bankruptcy History.

#### 1. Verizon's Document Requests And Plaintiffs' Objections.

Verizon's Request Nos. 28 and 29 seek documents relating to Plaintiffs' employment since working on the Guam International Ring Project (*i.e.*, since the time Plaintiffs allege to have been discriminated and retaliated against in violation of Title VII), including documents regarding Plaintiffs' efforts to secure employment, the terms of any employment or offered employment, and earnings. *See* Ex. A to Civille Decl (Request for Production Nos. 28 and 29). Plaintiffs objected to Request No. 28 on the ground that the request is "overbroad," "seeks information not relevant to Plaintiffs' Title VII claims," and even if relevant, "its relevancy is substantially outweighed by prejudice of production." *See* Ex. A to Civille Decl. (Plaintiffs' Response to Request for Production No. 28). Plaintiffs objected to Request No. 29 on the same grounds, and on the additional grounds that the request "seeks confidential financial and employment information which is privileged and protected from disclosure." Ex. A to Civille Decl. (Plaintiffs' Response to Request for Production No. 29).

Verizon's Request Nos. 31 and 32 similarly seek documents pertaining to Plaintiffs' earnings and financial status. Request No. 31 seeks Plaintiffs' tax records and Request No. 32 seeks documents regarding bankruptcy filings. Plaintiffs objected to Request Nos. 31 and 32 on the ground that they "seeks information which is irrelevant to Plaintiff's Title VII claims," and even if relevant, "its relevancy is substantially outweighed by prejudice of production." Ex. A to Civille Decl. (Plaintiffs' Response to Request for Production Nos. 31 and 32). Plaintiffs further objected to both requests on the ground that they seek "information which constitutes confidential

financial information of Plaintiff which is privileged and protected from disclosure." *Id.* In addition to the objections above, Plaintiffs objected to Request No. 32 on the separate ground that the request "is also overly broad in temporal and geographic scope." Ex. A to Civille Decl. (Plaintiffs' Response to Request for Production No. 32).

### 2. The Requested Documents Are Discoverable.

Because Plaintiffs have a duty to mitigate their damages after termination, and wages actually earned, or which the plaintiff could have earned through reasonable efforts, must be reduced from any damage award, requests seeking documents related to Plaintiffs' post-termination employment, efforts to secure such employment, earnings, and financial status are reasonably calculated to lead to the discovery of admissible evidence. As explained by the Ninth Circuit in *Cassino v. Reichhold Chem., Inc.*, 817 F.2d 1338, 1345 (9th Cir. 1987), in awarding and determining damages, a "plaintiff must attempt to mitigate damages by exercising reasonable care and diligence in seeking reemployment after termination." *Cassino v. Reichhold Chem., Inc.*, 817 F.2d 1338, 1345 (9th Cir. 1987). In addition, "[a]ny wages earned after termination, plus the amount the plaintiff would have earned if he had made reasonable efforts, must be subtracted from a back pay award." *Id.*; *see also Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980); *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1985) ("The law explicitly states that interim earnings shall be deducted. 42 U.S.C. § 2000e-5(g). Thus, the lower court erred in not deducting the $1,336.00 from plaintiff's back pay award and we remand for correction of this error."); *Horn v. Duke Homes, Div. of Windsor Mobile Homes, Inc.*, 755 F.2d 599, 608 (7th Cir. 1985) ("In sum, elementary arithmetic and substantial, uncontested evidence permit us to find as a matter of law that the appropriate back pay award was $17,870.00 less the amount Horn earned from babysitting, housecleaning, and sewing."); *Saket v. American Airlines, Inc.*, 2003 WL 685385, *4 (N.D. Ill. 2003) ("The Federal Rules of Civil

Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad. . . . [A]ny outside employment Saket performed while working for American-whether or not he reported it on his tax returns-may be relevant as to his ability to find alternate employment to mitigate his damages.").

Verizon's Request Nos. 28 through 32 seek documents relevant to Plaintiffs' damages and Verizon's defense of Plaintiffs' claimed damages. Indeed, the documents requested in Request Nos. 28 through 32 are directly related to Plaintiffs' legal requirement to seek comparable employment and Plaintiffs' actual employment, earnings, and financial status since they ceased working on the Guam International Ring Project – areas that Plaintiffs' allegations have put at issue in this case. FRCP 26(a); *see Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 539 (N.D. Cal. 2003) (stating that the plaintiff's tax returns were relevant to the issue of damages in his Title VII employment discrimination claim because: "Plaintiff claims economic losses. He seeks back and front pay. He has put his income at issue."). Such documents, therefore, are discoverable absent a claim of privilege, *see* FRCP 26(a), which, as explained below, Plaintiff has failed to establish.

### 3. The Requested Documents Are Not Privileged.

Plaintiffs have further objected that Request Nos. 29, 31 and 32 seek "confidential financial and employment information which is privileged and protected from disclosure." Ex. A to Civille Decl. (Response to Request No. 29). Verizon has requested that Plaintiffs identify the "privilege" relied upon in objection to Request Nos. 29, 31 and 32; however, to date, Plaintiffs have not identified any privilege which would protect against the disclosure of the requested financial and employment information. Civille Decl., ¶¶ 10, 13.

When resisting discovery, Plaintiffs carry the burden to establish their claimed privilege against disclosure. *See Samuels v. Mitchell*, 155 F.R.D. 195, 197 (N.D. Cal. 1994) ("Pursuant to

Rule 26(b)(1), Fed. R. Civ. P., parties may obtain discovery of all matters, not privileged, relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. As with all evidentiary privileges, the burden of demonstrating the existence of an evidentiary privilege rests on the party asserting the privilege."); *Ligas v. Maram*, No. 5C 4331, 2007 WL 2316940, *7 (N.D. Ill. Aug. 10, 2007) ("Where a party asserts that a privilege applies that protects materials from discovery, the party asserting the privilege has the burden of proving that all of the privilege's elements are satisfied.") (citing *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)). Because Plaintiffs have failed to identify the privilege claimed, they should be compelled to disclose the requested documents. Moreover, while "there is no generic 'privacy' privilege," *Tubar v. Clift*, No. C05-1154JCC, 2007 WL 214260, *3 (W.D. Wash. Jan. 25, 2007), to the extent Plaintiffs could identify an applicable privilege, Plaintiffs have waived any such privilege by seeking damages for lost past and future wages and placing their post-termination employment and earnings at issue. *Cf. Doe v. City of Chula Vista*, 196 F.R.D. 562, 568-69 (S.D. Cal. 1999) (holding that the plaintiff waived the patient-physician privilege by placing her emotional state at issue by alleging emotional distress damages from discrimination).

Verizon is also entitled to the tax return documents sought in Request No. 31. Courts within this Circuit have recognized that tax returns are not absolutely privileged. *See Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497 (N.D. Cal. 2003). The production of tax returns is appropriate where "they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti*, 217 F.R.D. at 497-98. In *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006), a Title VII case, the defendants requested the production of:

> All federal, state, and local income tax returns, and any schedules or documents submitted therewith, including, but not limited to Forms W-2 and 1099, whether filed jointly or separately, by, or on behalf of Plaintiff, for the years 2002 through the present." In addition, Request 28 requests Plaintiff "execute the attached release allowing Defendant [s] to obtain records regarding the same.

*Johnson*, 236 F.R.D. at 539 (quoting the defendant's Request for Production No. 28). The plaintiff submitted his joint tax return returns for the relevant years, but redacted certain information. *Id*. The defendant challenged the disclosure arguing that the plaintiff should not have redacted any information from the returns. *Id*. In analyzing the issue, the court recognized that "no absolute privilege exists preventing the discovery of tax returns," and in determining whether to compel disclosure, the court stated that "[f]irst, the court must find that the returns are relevant to the subject matter of the action," and "[s]econd, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id*.

The *Johnson* court granted the motion to compel, explaining that both prongs of the test had been met. In addressing the first prong, the court explained that:

> [t]o the extent the tax return in this case reveals Plaintiff's income, . . . Plaintiff's return is relevant to the issue of damages. Plaintiff claims economic losses. He seeks back and front pay. He has put his income at issue.

*Id*. The court held that the second prong of the test was met with regard to the plaintiff's income (but not his spouse's income in the joint return), because the plaintiff "failed to provide sufficient evidence to establish that the information found in the returns is readily available from other sources." *Id*. The Court ordered the plaintiff to "produce tax returns consistent with Defendants' Request for Production of Documents 28," and further ordered that the plaintiff "shall be prohibited from redacting any information evidencing his income, from any source, active or passive, before and after his separation of employment." *Id*.; *see also Nielson v. Society of the New York Hosp.*, No. 87 CIV. 8526 (RO), 1989 WL 52316, * 3-4 (S.D.N.Y. May 8, 1989) (finding that the relevancy and compelling need prongs of the test were satisfied, and ordering the plaintiff in a Title VII case to produce unredacted copies of tax returns, including schedules).

Here, as explained above, Plaintiffs' tax returns are relevant to the issue of Plaintiffs'

alleged lost back pay and other damages, which Plaintiffs have put directly at issue by seeking lost income and other similar damages. Plaintiffs, however, have failed to disclose to Verizon documents or information pertaining to the information contained in the tax returns. Verizon, therefore, has a substantial need for Plaintiffs' tax returns.[1]

### 4. The Requests Are Not Overbroad.

Plaintiffs have objected that Verizon's Request Nos. 28 and 29 are overbroad because the documents they seek are not relevant. For the reasons explained above, these requests seek documents that are reasonably calculated to lead to the discovery of admissible evidence and, thus, are not overbroad as to "relevance." Moreover, the documents requested in Request Nos. 28 and 29 are limited as to time (*i.e.,* since working on the Guam International Ring Project) and subject matter scope. *See* Ex. A to Civille Decl. (Request for Production Nos. 28 and 29). Request No. 31 is similarly limited to tax documents from 2004 forward.

Plaintiffs have objected to Request No. 32 on the ground that it is "overly broad in temporal and geographic scope." Ex. A to Civille Decl. (Plaintiffs' Response to Request for Production No. 32). In response, and in an effort to facilitate discovery of the documents covered under this request, Verizon informed Plaintiffs, through their counsel, of its willingness to limit the request to bankruptcy filings since 2004. See Civille Decl. ¶ 10. Notwithstanding Verizon's efforts to limit the scope of Request No. 32, Plaintiffs have failed to produce any documents in response to this request.

For the reasons set forth above, the documents Verizon seeks in Request Nos. 28-32 are relevant and are "reasonably calculated to lead to the discovery of admissible evidence." FRCP

---

[1] Verizon has requested that Plaintiffs execute a Protective Order, which would protect the confidentiality of sensitive documents produced in this case, including documents containing the Plaintiffs' sensitive information. Plaintiffs, however, have refused to execute a Protective Order or suggest changes to the Protective Order proposed by Verizon. Civille Decl. ¶ 14. To the extent that Plaintiffs take the position that the information in their tax returns are confidential, the confidentiality of such information can be adequately maintained through an appropriate Protective Order.

26(a). Plaintiffs, therefore, should be compelled to produce documents responsive to Request Nos. 28-32.

### C. The Court Should Compel Plaintiffs To Produce Documents Relating To Plaintiffs' Alleged Mental Anguish And Other Injuries.

Verizon's Request for Production No. 30 and Interrogatory No. 25 seek documents and information relating to Plaintiffs' medical, mental, or emotional condition or injuries. *See* Exs. A and B to Civille Decl. (Request for Production No. 30 & Interrogatory No. 25). Specifically, Request No. 30 seeks "[a]ll documents, including medical and/or mental health records, that identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents which you allege in Plaintiffs' Complaint." *See* Ex. A to Civille Decl (Request for Production No. 30). Verizon served a medical records authorization and psychotherapy notes authorization concurrently with the request. *Id.* Similarly, Interrogatory No. 25 requests Plaintiffs to identify "each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000" for various specified conditions. Ex. C to Civille Decl (Interrogatory No. 25).

Plaintiffs first objected to Request No. 30 and Interrogatory No. 25 on the ground that they seek information "protected by the physician-patient privilege." *See* Exs. A and B to Civille Decl. (Response to Request No. 30 and Answer to Interrogatory No. 25). Plaintiffs, however, have waived any claim of the privilege by alleging facts and claiming damages in the SAC that place their emotional condition and injuries at issue in this case. Where a plaintiff elects to seek monetary relief for emotional pain, a defendant is entitled to discovery of information relating to the claim. *See Doe*, 196 F.R.D. at 568-69. In *Doe*, the plaintiff "elected to recover damages for severe emotional distress in connection with her statutory and tort claims," and claimed "$1,000,000 damage to her emotional health." *Id.* (quoting SAC ¶ 17, 19 (by incorporation), 24,

31, 35, and Prayer for Relief, ¶ E). The court rejected the plaintiff's claim that the medical information was not discoverable under the patient-physician privilege, explaining:

> To recover such damages, Doe must prove that her employer's conduct proximately caused her specific injury. *Hamilton,* 791 F.2d at 444 & n. 3. Thus, her emotional health, near the time of the defendants' alleged misconduct, is an issue in the litigation. Doe elected to seek monetary relief from the defendants to compensate her for "emotional pain, suffering, loss of self esteem, and mental anguish"; consequently, Doe is relying on her emotional state to make her case. . . . Doe can testify to her emotions near the incident, and defendant is free to cross examine her about the depth of her emotional damage and other factors in her life at that time. But to insure a fair trial, particularly on the element of causation, the court concludes that defendants should have access to evidence that Doe's emotional state was caused by something else. Defendants must be free to test the truth of Doe's contention that she is emotionally upset *because of* the defendants' conduct. Once Doe has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to the element of her claim.

*City of Chula Vista*, 196 F.R.D. at 569. Moreover, courts are further inclined to permit such discovery where – as here – a plaintiff intends to affirmatively rely on a treating psychotherapist or other expert to prove his emotional distress damages. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 & n.3 (N.D. Cal. 2003).

Here, Plaintiffs allege facts that place their emotional state and injuries at issue in this case. Specifically, Plaintiffs allege on thirteen separate occasions that, as a result of Verizon's alleged unlawful actions, they have suffered "emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses . . ." *See* SAC, ¶¶ 63, 77, 91, 105, 119, 133, 147, 161, 183, 205, 228, 250, 271. Indeed, Plaintiffs claim that this alleged "mental anguish, personal suffering, professional embarrassment, and public humiliation" warrants an award of $1,000,000 from each Defendant.[2] *See* SAC, Prayer of Relief, ¶ 2. Plaintiffs have further indicated that they intend to rely on expert testimony by psychiatrist Dr. Claire Ashe to prove their mental injury claims. *See* Civille Decl. ¶ 9. Plaintiffs, therefore, have waived any claim of patient-physician privilege.

---

[2] Plaintiffs' compensatory damages are, of course, capped under Title VII. *See* 42 U.S.C. § 1981a(b)(3).

Plaintiffs further objected to Interrogatory No. 25 on the ground that the interrogatory is "overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff." Ex. C to Civille Decl. (Answer to Interrogatory No. 25). Plaintiffs' argument is misplaced. Interrogatory No. 25 is not overly broad in time because it seeks information relevant to the issue of who caused Plaintiffs' alleged mental anguish, including the likelihood that someone other than Defendants caused Plaintiffs' claimed mental anguish. As the court in *Doe* further explained:

> An employee who brings a discrimination lawsuit may allege a variety of different types of damages . . . The employee may also seek to recover non-economic damages to compensate her for any emotional distress, mental anguish, pain, suffering, or harm to her reputation that was caused by the employer's misconduct. For each item of damages, whether economic or non-economic, the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. *In turn, the employer is entitled to show that other factors contributed to the plaintiff's damage.* . . . As the Fifth Circuit stated, "[i]t was plaintiff's burden to prove that the harassment proximately caused the ultimate condition," and the "law recognizes no 'could have been a factor' standard of causation." *Hamilton* [*v. Rodgers*]*,* 791 F.2d [439,] at 444 & n. 3 [(5th Cir. 1986)].

*Doe*, 196 F.R.D. at 568 (emphasis added) (internal citations omitted); *see also EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1142 (E.D. Mo. 1997) (defendant entitled to discover records of plaintiffs' former health care providers in order to evaluate the extent to which plaintiffs' mental conditions prior to alleged harassment may have contributed to any emotional distress for which they are seeking damages).

Consequently, Verizon is not only entitled to discovery of records that were created after the alleged unlawful conduct or that Plaintiffs independently conclude relate to Defendants' alleged conduct, Verizon is entitled to records, including records relating to any mental anguish that Plaintiffs suffered shortly prior to working on the Guam International Ring Project, that may

show that someone other than Defendants caused Plaintiffs' alleged mental anguish. In sum, because Plaintiffs are seeking damages relating to their claimed emotional injuries and Verizon's request for information relating to such injuries is limited in time, Verizon's Request for Production No. 30 and Interrogatory No. 25 are reasonably calculated to lead to the discovery of admissible evidence. The Court, therefore, should compel Plaintiffs to produce responsive documents and answer the interrogatory.

### D. The Court Should Compel Plaintiffs To Verify Their Interrogatory Answers.

On October 10, 2007, Verizon served on each Plaintiff, through their counsel, Verizon's Interrogatories issued pursuant to FRCP 33. The answers submitted by two Plaintiffs, Roland Mendiola and Larry Charfarous, were not verified. FRCP 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FRCP 33(b)(3). In a letter to Plaintiffs' counsel Delia Lujan dated December 10, 2007, Verizon requested that Plaintiffs Mendiola and Charfarous provide verifications for their answers. Civille Decl. ¶ 9. Notwithstanding Verizon's request, to date, Plaintiffs Mendiola and Charfarous have refused to provide the required verifications. Civille Decl. ¶ 12. The Court, therefore, should compel Plaintiffs Mendiola and Charfarous to verify their interrogator answers.

### III. CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court order Plaintiffs Mendiola and Charfarous to verify their answers to Verizon's Interrogatories, order all Plaintiffs to answer fully Interrogatory No. 25 in Verizon's Interrogatories, and produce documents responsive to Request Nos. 28 through 32 in Verizon's Request for Production of Documents.

Respectfully submitted this 19th day of March, 2008.

                         **CIVILLE & TANG, PLLC**

                         **JONES DAY**

By: _____
      **G. PATRICK CIVILLE**
      *Attorneys for Defendants*
      *Verizon Business Purchasing LLC and*
      *Verizon Business Network Services, Inc.*

# CERTIFICATE OF COMPLIANCE

G. Patrick Civille, counsel for Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc., hereby certifies that he has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised by the foregoing motion to compel disclosure and that he and counsel for Plaintiffs have been unable to resolve the dispute.

Dated: March 19, 2008.

G. PATRICK CIVILLE