CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

JONES DAY
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants
Verizon Business Purchasing LLC and
Verizon Business Network Services, Inc.,
Misnamed as MCI*

FILED
DISTRICT COURT OF GUAM

MAR 19 2008 *R.D.*

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br>**VERIZON DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |

# MOTION

Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon") move the Court pursuant to FRCP 26(c)(1)(G) to issue a protective order to protect the confidentiality of documents requested by Plaintiff Teddy B. Cruz through discovery, as more fully explained in Verizon's accompanying Memorandum of Points and Authorities in Support of this Motion. This motion is based on the grounds that certain documents responsive to Plaintiff's requests for production of documents contain, among other things, confidential, financial and/or proprietary information and/or trade secrets of Verizon which are not otherwise available to the public and should be protected form unwarranted disclosure. Through this Motion, Verizon is not asking that certain categories of information be off-limits to any party. Rather, Verizon is merely seeking the establishment of a mechanism by which confidential information that is produced by any party can be protected from disclosure to third parties having no need for such information. This Motion is supported by the following Memorandum of Points and Authorities, the Declarations of Patrick Civille and Jeffery Buehler, and all matters that may be adduced at a hearing thereon.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

### A. Plaintiffs' Claims.

On September 7, 2007, Plaintiffs filed a Second Amended Complaint ("SAC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, naming Verizon, among others, as a Defendant. In the SAC, Plaintiffs each assert claims for discrimination, hostile work environment, and retaliation. *See* SAC, Counts I-XIII.

### B. Plaintiff's Requests For Production Of Documents.

On October 12, 2007, Plaintiff Teddy B. Cruz served on Verizon, through its counsel, Plaintiff's First Request for Production of Documents. Declaration of G. Patrick Civille ("Civille Decl."), ¶ 2. Plaintiff requested, among other documents, the following:

12. All documents pertaining to work performed in Gu[a]m by Defendant, defendant Calpac, defendant Dennis P. Clark, or any of Plaintiffs.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous. Verizon further objects to this Request on the grounds that it is overly broad and to the extent that it seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this Request, including documents relating to DTS' and Calpac's provision of services in Guam pursuant to the DTS Agreement and the Calpac Agreement, respectively. To the extent Plaintiffs seek additional documents regarding work performed by Calpac and Dennis Clark, such a request should be directed to Calpac and Dennis Clark.

15. All documents showing that Defendant ever operated or performed work or services in Guam.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "ever operated or performed work or services in Guam." Verizon further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence, particularly documents unrelated to Calpac's installation of fiber cable in Guam and DTS' overseeing of such installation pursuant to the Calpac Agreement and the DTS Agreement, respectively. Subject to and without waiving the foregoing objections, Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this Request, including documents relating to DTS' and Calpac's provision of services in Guam pursuant to the DTS Agreement and the Calpac Agreement.

*See* Ex. A to Civille Decl. (Verizon's Responses and Objections to Plaintiff's Teddy B. Cruz's First Request for Production of Documents, at Nos. 12 and 15).

Plaintiff's document requests conceivably encompass documents relating to Calpac's installation of fiber optic cable on Guam pursuant to the contract between Calpac and WorldCom Purchasing, LLC, dated February 13, 2004 (the "Calpac Contract") and DTS' oversight of Calpac's installation pursuant to the contract between MCI WorldCom Network Services, Inc. and Dynamic Technical Services, L.P., dated September 24, 2001 (the "DTS Contract," collectively the "Contracts"). The purpose of Calpac's and DTS' work under the Contracts was to connect the National Aeronautics and Space Administration ("NASA") to an existing data network on Guam, which would ultimately allow NASA to receive data services from Verizon. Affidavit of Jeffery Buehler ("Buehler Aff."), ¶ 3. As a result, the documents generated by the

Contracts relate to the cable network and the data services provided to NASA on Guam. *Id.* Included among such documents are plans, maps, drawings, building diagrams, descriptions of work performed in the field, statements of work, daily production reports, and other documents relating to the installation and location of cable on behalf of a United States government agency – NASA. *Id.* In addition to documents relating to the technical aspects of the installation of a data network on behalf of NASA, Plaintiff's document requests also conceivably encompass Verizon's proprietary documents relating to the bidding process and costs of the Guam International Ring Project, including bid proposals, financial information, proposals for equipment and materials, agreements with contractors, and schedules of costs for services and equipment. *Id.* Because of the scope of the Guam International Ring project, such documents number in the thousands. *Id.*

Both the Calpac and DTS Contracts contain provisions protecting the confidentiality of such documents. Specifically, Section 35 of the Calpac Contract requires Calpac to not "disclose or make available to any person, other than Company . . . any information acquired from Company . . . or otherwise obtained by Contractor in connection with the performance of the work." *See* Ex. B to Civille Decl. (Calpac Contract, Section 35). Similarly, Section 12.6 of the DTS Contract requires DTS "to hold, in confidence . . . all confidential documents and information concerning this Agreement and any Work or Project performed hereunder . . ." *See* Ex. C to Civille Decl. (Calpac Contract, Section 12.6).

On or about October 18, 2007 – more than three weeks before Verizon's deadline to serve its responses – Verizon informed Plaintiffs that it viewed certain documents responsive to Plaintiff's requests for production of documents to encompass confidential and proprietary information and, as is routine in such situations, presented to Plaintiffs a standard draft protective order that would protect such documents from disclosure to third parties (the "Proposed Protective Order"). Civille Decl., ¶ 3. The Proposed Protective Order protects two categories of "Confidential Information:"

> (1) confidential, sensitive, or personal information regarding Plaintiffs and other individuals, including (but not limited to) Plaintiffs' medical records and information

disclosing sensitive numerical identifiers unique to Plaintiffs, such as a Plaintiffs' respective social security or driver's license numbers; and

(2) confidential, financial and/or proprietary information and/or trade secrets of Verizon, DTS, and/or Calpac or their respective affiliates not otherwise subject to public disclosure, including (but not limited to) the contract between MCI WorldCom Network Services, Inc. and Dynamic Technical Services, L.P., dated September 24, 2001, and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; the contract between Calpac and WorldCom Purchasing, LLC, dated February 13, 2004 and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; confidential research, development, or commercial information; internal operating manuals; handbooks; emails; communications; and/or other documents relating to a description of Verizon's, DTS', or Calpac's products, technical plans or knowledge, sales and marketing strategies, sales goals, sales performance, and business plans, and/or related information or documents not otherwise available to the public and/or which is otherwise protected from disclosure under applicable law.

(Proposed Protective Order, at ¶ 1). While the Proposed Protective Order would prohibit disclosure of Confidential Information to third parties who are not involved in this case, it permits disclosure of Confidential Information to all those parties and individuals that may need to view such information in the context of this litigation, including parties, counsel of record, experts, deponents and witnesses (if such information is necessary to prepare that witness to testify at deposition or trial), the Court and its staff, court reporters, and, if admissible, the jury. (Proposed Protective Order, at ¶ 2). The Proposed Protective Order does not inhibit a party's ability to use Confidential Information in this action or limit the scope of discovery in any way.

Despite repeated requests, Plaintiffs have refused to agree to the Proposed Protective Order or suggest revisions that would render the Proposed Protective Order acceptable to Plaintiffs. Moreover, Plaintiffs have refused to agree to a protective order, even though the Proposed Protective Order explicitly protects from disclosure certain "confidential financial and employment information" that Plaintiffs have refused to produce. *See* Ex. D to Civille Decl. (Plaintiffs' Response to Verizon's Request for Production No. 29). Verizon has sought agreement on the Proposed Protective Order from DTS and Calpac, and has revised and

redistributed the Proposed Protective Order to reflect revisions requested by DTS. In response to Plaintiff Teddy B. Cruz's Requests for Production, Verizon has produced documents and electronically stored information that it does not consider to be Confidential Information. Verizon has further prepared hard copy documents containing Confidential Information for immediate production and electronically stored information containing Confidential Information for immediate processing and prompt production upon the entry of an order addressing the confidentiality of Verizon's Confidential Information.

Verizon now seeks an order entering a protective order that protects the confidentiality of certain documents responsive to Plaintiff's Request for Production.

## II. ARGUMENT

### A. Standards For Issuing A Protective Order.

FRCP 26(c)(1)(G) authorizes the Court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FRCP 26(c)(1)(G) reads in full as follows:

> **(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

FRCP 26(c)(1)(G) (emphasis supplied). To obtain a Rule 26(c)(1)(G) protective order, the movant must show that "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the Rule, and the (2) there is good cause

for the protective order." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). "Blanket protective orders" that permit parties to protect documents that they believe in good faith contain trade secrets and other confidential commercial information — such as the protective order requested by Verizon in this motion — are routinely approved by courts. *See, e.g., Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) (noting routine use); *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *6 (E.D. La. Apr. 5, 2004) (same). As one court noted, such protective orders "are essential to the functioning of civil discovery." *Id.* (emphasis omitted).

**B. The Confidentiality Of Confidential Documents Responsive To Plaintiff's Requests Should Be Protected From Unwarranted Disclosure.**

Verizon seeks to designate as Confidential Information three categories of documents and electronically stored information: (1) sensitive documents relating to the installation and location of NASA's cable network, (2) Verizon's confidential and proprietary trade secrets information, and (3) personal information related to Plaintiffs, Dennis Clark, and potentially other individuals. Significantly, Verizon is not seeking to restrict the use of such documents by the parties in the context of this litigation. Rather, Verizon merely seeks to limit the disclosure of such documents to those individuals enumerated in the Proposed Protective Order who are necessary for the prosecution of this case and to prevent disclosure of these sensitive documents to third parties who have no involvement with this case.

**1. There Is Good Cause To Enter A Protective Order Protecting Confidential Documents.**

The first category of documents and electronically stored information Verizon seeks to protect includes plans, maps, drawings, building diagrams, production reports, and other documents related to the installation and location of the cable that supports NASA's data services. Among other things, this category of documents could reveal the location of the NASA cable, including vulnerable points in the network (such as handholes and splice points) that are

inherently more difficult to locate without the assistance of such documents. Buehler Aff., ¶ 4. Verizon generally considers, and treats, as confidential documents relating to the location of cable and the installation of the cable network, particularly with respect to cable servicing government clients. Buehler Aff., ¶ 5. Disclosure of such documents in the case of NASA could compromise the security of NASA's data services. *Id.* Given the presumptive importance of maintaining the security of NASA's data services, there is good cause to enter a protective order to limit the disclosure of such documents.

Verizon further seeks a protective order protecting the confidentiality of documents and electronically stored information relating to Verizon's costs, expenses, business strategies, financial information, bid proposals, bidding processes and strategies, and agreements with contractors. Courts recognize that "[c]ompetitive disadvantage is a type of harm cognizable under rule 26, and it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage." *See Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa. 1994) (protecting documents that "reflect[] upon Boeing's price competitiveness in its market. If the information sought was made available to the general public, it would directly reflect Boeing's labor costs allowing competitors to examine Boeing's production abilities."). If disclosed to competitors, documents that contain Verizon's confidential business information, such as documents relating to customer pricing, costs to install cable, prices paid for management services (such as DTS), and business strategies and methods, could provide competitors, such as AT&T, a competitive advantage when bidding for projects. Buehler Aff., ¶ 6. Moreover, documents that reveal the bidding process and confidential bids from contractors and suppliers may provide comparative pricing information to contractors, which could place Verizon at a competitive disadvantage with contractors. Buehler Aff., ¶ 6. *See also Ball Mem. Hosp., Inc. v. Mut. Hosp. Ins.*, 784 F.2d 1325, 1345 (7th Cir. 1986) (holding that insurance provider's data on prices bid by hospitals and the calculations the insurance provider

performed to decide which hospitals to include in its health care package was confidential for fear that the hospitals could use the comparative price information to raise their prices or collude in future years). As a result, there is good cause to enter a protective order to limit the disclosure of Verizon's confidential business and trade secret information.

Finally, Verizon seeks a protective order protecting the confidentiality of personal information relating to Plaintiffs and Dennis Clark. During the course of this litigation, Verizon has obtained certain personnel files. These files contain personal identifying information and sensitive personal information, including social security numbers, medical information, and confidential financial information. Courts regularly recognize that such documents should remain confidential. *See, e.g., Ferry v. BJ's Wholesale Club*, Civil No. 3:06CV226-C, 2007 WL 529958, * (W.D.N.C. Feb. 14, 2007) (noting that a "personnel file is confidential [and] privacy concerns can be and are routinely addressed through a protective order"); *Mitchell v. Metro. Life Ins. Co., Inc.*, No. 03 Civ. 10294 (WHP), 2004 WL 2439704, *2 (S.D.N.Y. Nov. 2, 2004). As a result, there is good cause to enter a protective order limiting the disclosure of personnel files and other personal information.

### 2. The Entry Of The Proposed Protective Order Will Not Prejudice Any Party.

Because the Proposed Protective Order permits disclosure of Confidential Information to any individual whose involvement in this case is necessary for its prosecution and defense, the Proposed Protective Order in no way inhibits a party's ability to use Confidential Information in the context of this litigation. Moreover, by seeking entry of a protective order, Verizon is not trying to limit the scope of discovery in any way. Verizon is further not asking that certain categories of information be off-limits to any party. Nor is Verizon attempting to use the Proposed Protective Order to refuse to produce relevant non-privileged documents to Plaintiffs. In fact, there is nothing in the Proposed Protective Order that allows Verizon to refuse to produce

documents. Rather, the Proposed Protective Order simply establishes a mechanism by which confidential and proprietary information that is produced by any party can be protected from disclosure to third parties having no need for such information. Indeed, given the fact that Plaintiffs themselves have already identified categories of "confidential financial and employment information" that they do not desire be freely transmitted to third parties, such protection makes sense for all parties.

## III. CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the court issue the Proposed Protective Order.

Respectfully submitted this 19th day of March, 2008.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: *[signature]*
G. PATRICK CIVILLE
*Defendants Verizon Business
Purchasing LLC and Verizon Business
Network Services, Inc.*

# CERTIFICATE OF COMPLIANCE

G. Patrick Civille, counsel for Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc., hereby certifies that he has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised by the foregoing motion for protective order and that he and counsel for Plaintiffs have been unable to resolve the dispute.

Dated: March 19, 2008.

_____
G. PATRICK CIVILLE

DLI-6175809v1