CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

JONES DAY
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.,*

**FILED**
DISTRICT COURT OF GUAM
MAR 19 2008 P.D.
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>　　　　Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br><br>**DECLARATION OF G. PATRICK CIVILLE IN SUPPORT OF VERIZON DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER** |

I, **G. PATRICK CIVILLE**, hereby declare under penalty of perjury as follows:

1. I am a member of the bar of Guam and of the law firm of Civille & Tang, PLLC, counsel for Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc. (collectively "Verizon"). I submit this declaration in support of Verizon Defendants' Motion for Entry of Protective Order. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. On or about October 12, 2007, Plaintiff Teddy B. Cruz served on Verizon, through its counsel, Plaintiff's First Request for Production of Documents. On or about November 12, 2007, Verizon served its Responses and Objections to Plaintiff's Teddy B. Cruz's First Request for Production of Documents, at Nos. 12 and 15, a copy of which is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B is a true and correct copy of Section 35 of the Calpac Construction Agreement contract.

4. Attached hereto Exhibit C is a true and correct copy of Section 12.6 of the DTS Contract.

5. On or about October 18, 2007, I sent a letter to counsel for the plaintiffs and Calpac, attaching a draft stipulation for protective order for their review and consideration, a true an accurate copy of which is attached hereto as Exhibit D.

6. On or about December 6, 2007, I sent a follow-up e-mail to counsel for the parties requesting for their respective positions on the draft protective order, a true and accurate copy of which is attached hereto as Exhibit E. To date the parties have not agreed to the proposed draft protective order.

///

///

I declare under penalty of perjury under the laws of Guam (6 G.C.A. Section 4308) that the foregoing is true and correct.

Dated this 19th day of March, 2008.

*[signature]*

G. PATRICK CIVILLE

# EXHIBIT A

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGATÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**VERIZON'S RESPONSES AND OBJECTIONS TO PLAINTIFF TEDDY B. CRUZ'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and subject to an acceptable Protective Order to be entered by the Court, Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively the "Verizon") respond and object as follows to Plaintiff Teddy Cruz's First Request for Production of Documents:

## RESPONSES AND OBJECTIONS

1. All documents pertaining to or arising out of the relationship between the Defendant and each Plaintiff.

DLI-6148995v1

1

**RESPONSE:** Verizon objects to this Request to the extent that it assumes or infers that Verizon had a "relationship" (employment or otherwise) with any Plaintiff. Verizon further objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "relationship." Verizon further objects to this Request on the grounds that it is overly broad and fails to identify the items sought with reasonable particularity. Subject to and without waiving the foregoing objections, Verizon did not have a "relationship" (employment or otherwise) with any Plaintiff during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005) and does not possess any documents responsive to this Request. Verizon is producing, or will produce subject to the entry of a protective order, documents relating to Calpac's provision of services pursuant to a February 13, 2004 Construction Agreement between Calpac and a predecessor to Verizon Business Purchasing, LLC ("Calpac Agreement").

2. All documents pertaining to or arising out of the relationship between the Defendant and any of the parties in this matter.

**RESPONSE:** Verizon objects to this Request to the extent that it assumes or infers that Verizon had a "relationship" (employment or otherwise) with any Plaintiff or alleged individual wrongdoer during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "relationship." Verizon further objects to this Request on the grounds that it is overly broad and fails to identify the items sought with reasonable particularity. Verizon further objects to this Request to the extent that it seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence, in particular documents relating to services provided by DTS not connected to the Guam project. Subject to and without waiving the foregoing objections, Verizon did not have an employment relationship with any Plaintiff or alleged wrongdoer during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005) and does not possess any such documents responsive to this Request. Verizon is producing, or will produce subject to the entry of a protective order, the Calpac Agreement, documents related to Calpac's provision of services pursuant to the Calpac Agreement, the September 24, 2001 agreement

between a predecessor to Verizon Business Network Services, Inc. and DTS ("DTS Agreement"), and documents related to DTS' provision of services on the Guam project pursuant to the DTS Agreement.

3. All documents pertaining to or arising out of the relationships between the Defendant and MCI, Inc., MCI WorldCom Network Services, Inc., WorldCom Purchasing, LLC, and MCI WorldCom.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "relationships." Verizon further objects to this Request on the grounds that it is overly broad, unduly burdensome, fails to identify the items sought with reasonable particularity, and seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

4. All documents containing facts or information about any of the allegations and claims and[/]or denials or defenses contained in the Complaint and Defendant's Answer to the complaint.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague, ambiguous, overly broad, and fails to identify the items sought with reasonable particularity. Verizon further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or any other applicable privilege. Subject to and without waiving the foregoing objections, Verizon is producing documents responsive to this Request, including Plaintiffs' EEOC charges and affidavits and Verizon's responses to those charges.

5. Every document that Defendant intends to introduce at the trial of this matter.

**RESPONSE:** Verizon objects to this Request on the ground that it is premature and to extent that the Request imposes burdens beyond those imposed by the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, Verizon has not determined which documents it intends to introduce at the trial of this matter and will identify such documents in accordance with the Court's scheduling order.

DLI-6148995v1

3

6. Every document containing statements made by parties or nonparties concerning this lawsuit or its subject matter, including the plaintiffs' Equal Employment Opportunity Commission charges of discrimination against Defendant.

**RESPONSE:** Verizon objects to this Request on the grounds that it is overly broad and fails to identify the items sought with reasonable particularity. Verizon further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or any other applicable privilege. Subject to and without waiving the foregoing objections, Verizon is producing documents responsive to this Request, including Plaintiffs' EEOC charges and affidavits and Verizon's responses to those charges.

7. Every document identified or relied upon in your answers to Plaintiffs Teddy B. Cruz's and Robert B. Cruz's separate First Set of Interrogatories, specifically including but not limited to Request responses, and specify which Request such document relates to.

**RESPONSE:** Verizon objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or any other applicable privilege. Subject to and without waiving the foregoing objections, Verizon is producing, or will produce subject to the entry of a protective order, non-privileged documents identified or relied upon in its answers and objections to Plaintiffs Teddy B. Cruz's and Robert B. Cruz's First Sets of Interrogatories.

8. Every document which contains information referenced in Plaintiffs Teddy B. Cruz's and Robert B. Cruz's separate First Set of Interrogatories or Defendant's answers to Plaintiffs Teddy B. Cruz's and Robert B. Cruz's separate First Set of Interrogatories.

**RESPONSE:** Verizon objects to this Request to the extent that it is duplicative of Request No. 7. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to Verizon's response and objections to Request for Production No. 7.

9. Every document that Defendant may introduce at the trial of this matter.

**RESPONSE:** Verizon objects to this Request to the extent that it is duplicative of Request No. 5. Verizon further objects to this Request on the ground that it is premature, overly broad, and to the extent that the Request imposes burdens beyond those imposed by the Federal Rules of Civil

Procedure. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to Verizon's response and objections to Request for Production No. 5.

10. All contracts or agreements between Defendant and any party to this matter.

**RESPONSE:** Verizon will produce subject to the entry of a protective order the DTS Agreement and the Calpac Agreement.

11. All contracts or agreements between Defendant and MCI WorldCom Network Services, Inc., and/or WorldCom Business Purchasing, LLC.

**RESPONSE:** Verizon objects to this Request on the grounds that it is overly broad and seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Verizon further objects to this Request to the extent that it is duplicative of Request No. 3.

12. All documents pertaining to work performed in Gu[a]m by Defendant, defendant Calpac, defendant Dennis P. Clark, or any of Plaintiffs.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous. Verizon further objects to this Request on the grounds that it is overly broad and to the extent that it seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this Request, including documents relating to DTS' and Calpac's provision of services in Guam pursuant to the DTS Agreement and the Calpac Agreement, respectively. To the extent Plaintiffs seek additional documents regarding work performed by Calpac and Dennis Clark, such a request should be directed to Calpac and Dennis Clark.

13. Every document:

  (a) Supplied to you by every expert witness you expect to call at the trial of this lawsuit;

  (b) Supplied to every expert witness you expect to call at the trial of this lawsuit;

    (c) Supplied to you by every expert witness who will not testify but whose opinions and impressions have been reviewed by a testifying expert; and

    (d) Supplied by you to every expert witness who will not testify but whose opinions and impressions have been reviewed by a testifying expert.

**RESPONSE:** Verizon objects to this Request on the grounds that it is premature and to extent that the Request imposes burdens beyond those imposed by the Federal Rules of Civil. Subject to and without waiving the foregoing objections, Verizon has not retained any expert. In the event Verizon retains experts, Verizon will produce responsive documents in accordance with the Court's scheduling order and Federal Rule of Civil Procedure 26.

  14. All charge documents or copies of complaints and/or petitions filed against you by former or current employees or applicants for employment alleging discrimination, bias, hostile work environment, or retaliation.

**RESPONSE:** Verizon objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, for the reasons that the Request is not limited as to time, relevant unit, or type of alleged discrimination. Verizon further objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "charge documents or copies of complaints and/or petitions." Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff and that no Plaintiff applied for employment with Verizon during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it did not employ any of the alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005), including, but not limited to, Dennis Clark. Accordingly, other than the complaints made, and charges filed, in connection with this lawsuit, Verizon does not have any information regarding charge documents or copies of complaints and/or petitions alleging discrimination, bias, hostile work environment, or retaliation against any of the alleged wrongdoers.

15. All documents showing that Defendant ever operated or performed work or services in Guam.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "ever operated or performed work or services in Guam." Verizon further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence, particularly documents unrelated to Calpac's installation of fiber cable in Guam and DTS' overseeing of such installation pursuant to the Calpac Agreement and the DTS Agreement, respectively. Subject to and without waiving the foregoing objections, Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this Request, including documents relating to DTS' and Calpac's provision of services in Guam pursuant to the DTS Agreement and the Calpac Agreement.

16. All documents you provided to the Equal Employment Opportunity Commission, related to the allegations in the Plaintiffs' complaint.

**RESPONSE:** Verizon objects to this Request on the grounds that it is overly broad and to the extent that it seeks documents that are neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Verizon further objects to this Request to the extent that it is duplicative of Request for Production No. 6. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to its response and objections to Request for Production No. 6.

17. Any and all notes or logs you have concerning Defendant's performance of work or services in Guam.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "notes or logs" and "performance of work or services." Verizon further objects to this Request to the extent that it is duplicative Request for Production No. 15. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to its response and objections to Request for Production No. 15.

18. All paycheck stubs, checks, or compensation documents by Defendant to any other party in this action.

**RESPONSE:** Verizon objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "compensation documents." Subject to and without waiving the foregoing objections, Verizon did not employ or pay any Plaintiff or alleged wrongdoer during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Accordingly, Verizon does not have documents reflecting payments to any Plaintiff or alleged wrongdoer during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon will produce subject to the entry of a protective order documents reflecting payments made to Calpac and/or DTS related to the services they provided during the course of the Guam project.

19. All documents supporting the affirmative defenses raised by Defendant in its answer to the complaint in this matter.

**RESPONSE:** Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this Request.

20. All documents showing that Defendant exercised discretion or control over Defendant Calpac or the working conditions and/or terms of employment or hire of Calpac and/or each Plaintiff, pursuant to the Construction Agreement entered by and between Calpac and WorldCom Purchasing, LLC.

**RESPONSE:** Verizon objects to this Request on the grounds that it is confusing, vague, and ambiguous. Verizon further objects to this Request to the extent that it assumes or infers that Verizon hired, employed, or had any involvement with or control over the terms and/or working conditions of Plaintiffs' employment. Subject to and without waiving the foregoing objections, to the extent that this Request seeks documents relating to the contractual relationship between Calpac and the predecessor to Verizon Business Purchasing, LLC, Verizon is producing, or will produce subject to the entry of a protective order, responsive documents, including the Calpac Agreement. Verizon further states that it did not employ Plaintiffs during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005), and Verizon had no

DLI-6148995v1

8

involvement with or control over Plaintiffs' hire by Calpac or their working conditions and/or terms of employment. Accordingly, Verizon has no such responsive documents.

21. All documents showing that Defendant exercised discretion or control over Defendant Dynamic Technical Services or Dennis Clark or the working conditions and/or terms of employment or hire of DTS and/or Dennis Clark and/or each Plaintiff, pursuant to the Outside Plant Engineering and Project Management Agreement entered by and between DTS and MCI WorldCom Network Services, Inc.

**RESPONSE:** Verizon objects to this Request on the grounds that it is confusing, vague, and ambiguous. Verizon further objects to this Request to the extent that it assumes or infers that Verizon hired or employed, or had any involvement with or control over the terms and/or working conditions of Plaintiffs' employment or that Verizon employed Dennis Clark. Subject to and without waiving the foregoing objections, to the extent that this Request seeks documents relating to the contractual relationship between DTS and the predecessor to Verizon Business Network Services, Inc., Verizon is producing, or will produce subject to the entry of a protective order, responsive documents, including the DTS Agreement. Verizon further states that it did not employ Plaintiffs or Dennis Clark during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005) and that it had no involvement with or control over Plaintiffs' hire by Calpac or their working conditions and/or terms of employment. Accordingly, Verizon has no such responsive documents.

22. All documents showing Defendant was informed of each Plaintiff's allegations of discrimination, harassment, disparate treatment, hostile work environment, or retaliation.

**RESPONSE:** Verizon objects to this Request to the extent that it is duplicative of Requests for Production No. 6 and 16. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to its response and objections to Request for Production No. 6. In addition, Verizon is producing in response to this Request the Notices of Plaintiffs' EEOC charges.

23. All documents relating to each Plaintiff's termination or reduction of work hours of employment with Defendant and/or Defendant Calpac.

**RESPONSE:** Verizon objects to this Request to the extent that it assumes or infers that Verizon employed, or participated in, or had any involvement whatsoever with, any employment decision involving, any Plaintiff, including any decision to reduce a Plaintiff's work hours or terminate a Plaintiff. Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005) and did not participate, and was not involved, in any decision to reduce a Plaintiff's work hours or terminate a Plaintiff. Accordingly, other than documents in which Plaintiffs make such allegations, Verizon does not have any responsive documents. To the extent Plaintiffs seek documents regarding their employment with Calpac, such a request should be directed to Calpac. Verizon refers Plaintiffs to the discovery that has already taken place for potentially responsive information.

24. All documents related to the disparate treatment or hostile work environment each Plaintiff suffered, as described in the complaint.

**RESPONSE:** Verizon objects to this Request to the extent that it assumes or infers that Plaintiffs were discriminated or retaliated against or harassed. Verizon specifically denies that it discriminated or retaliated against or harassed Plaintiffs. Subject to and without waiving the foregoing objections, Verizon is producing documents relating to the allegations in Plaintiffs' EEOC charges and Second Amended Complaint.

25. All documents referenced by Defendant in its Initial Disclosures to Plaintiffs, including all documents evidencing communication between Defendant and Donald Harper.

**RESPONSE:** Verizon is producing, or will produce subject to the entry of a protective order, documents responsive to this request.

Respectfully submitted this 12TH day of November, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
**BRIAN LAMBERT**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

DLI-6148995v1

11

Case 1:05-cv-00037   Document 549   Filed 03/19/2008   Page 15 of 16

# CERTIFICATE OF SERVICE

I, Brian Lambert, hereby certify that on November 12, 2007, I will have caused a copy of *Verizon's Responses and Objections to Plaintiff Teddy Cruz's First Request for Production of Documents* to be served via mail-delivery on the following:

**Lujan Aguigui & Perez LLP**
Suite 300, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

**Blair Sterling Johnson Martinez
& Leon Guerrero, P.C.**
Suite 1008, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910

**Law Offices of Arthur K. Smith**
507 Prestige Circle
Allen, TX 75002-3438

DATED at Dallas, TX, on November 12, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: /s/ Brian Lambert
**BRIAN LAMBERT**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

DLI-6148995v1

12