# EXHIBIT B

**CONSTRUCTION AGREEMENT**

**CONTRACT NO.** _4754_

THIS CONSTRUCTION AGREEMENT ("Agreement") is made this _13TH_ day of _FEBRUARY_ , 20_04_ , by and between WorldCom Purchasing, LLC, a Delaware limited liability company ("Company"), with a place of business in Tulsa, Oklahoma, and _California Pacific Technical Services LLC_, a _limited liability company_ ("Contractor"), with its principal place of business in _Harmon Territory of Guam_ . Company and Contractor shall be referred to in this Agreement individually as "Party" and collectively as "Parties".

**PREAMBLE**

**WHEREAS,** Company desires to contract with Contractor for the construction and installation of outside plant facilities located in _Dededo_ , _Guam_ ; and

**WHEREAS,** Contractor hereby agrees to perform all the Work described in this Agreement.

**NOW, THEREFORE,** for and in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**1.0    CONTRACT PRICE**

1.1    The Work to be performed by Contractor shall be done on a per unit basis, as further described and defined in the Statement of Work, attached hereto as Exhibit A and specifically incorporated into this Agreement.  Company will pay Contractor on a unit price basis for the actual units installed; provided, however, that the total contract price shall not exceed $ _464,193.20_ .

**2.0    DEFINITIONS**

2.1    "Affiliate" means an entity that directly or indirectly owns or controls, is owned or controlled by, or is under common ownership or control with, Company.  For the purposes of this Agreement, "own" or "control" means to own an equity interest (or equivalent) of at least ten percent (10%), or the right to control the business decisions, management and policy of another entity performing any of the obligations set forth in this Agreement.

d:\wpdocs\stconstagrfin

01/24/01

## 35.0 CONFIDENTIALITY

35.1 Contractor agrees that it shall not, without the prior written consent of Company, disclose or make available to any person, other than Company, or use, directly or indirectly, except in performance of the Work, any information acquired from Company or its subsidiaries, affiliates, or representatives or otherwise obtained by Contractor in connection with the performance of the Work.

35.2 Contractor shall take all steps which may be necessary or appropriate to ensure that its employees, agents, Subcontractors, and representatives adhere to the provisions of this Section 35.

35.3 The provisions of this Section 35 shall continue in full force and effect for a period of five (5) years following final payment by Company to Contractor of all amounts due under this Agreement.

## 36.0 RELATION OF PARTIES

36.1 Nothing in this Agreement shall be deemed to make Contractor, nor any of Contractor's Subcontractors, nor the employees, representatives, or agents of either, the agent, representative, or employee of Company or the owners of any right-of-way or property upon which the Work or any portion thereof is performed. Contractor shall at all times be an independent contractor and shall have sole responsibility for and control over the details and means for performing the Work, provided that Contractor is in compliance with the terms of this Agreement. Anything in this Agreement that may appear to give Company the right to direct Contractor as to the details of the performance of the Work, or to exercise a measure of control over Contractor, shall mean that Contractor shall follow the desires of Company only in the results of the Work.

## 37.0 CONFLICT OF INTEREST

37.1 Contractor shall not use any funds received under this Agreement for illegal or otherwise improper purposes related in any way to this Agreement. Contractor shall not pay nor offer to pay any funds received under this Agreement to any government official or official of a political party or any intermediary of such official. Contractor shall not pay any commissions, fees, or rebates to any employee of Company, nor favor any employee of Company with gifts or entertainment of significant cost or value. If Company has reasonable cause to believe that one of the above provisions has been violated, Company, or its representative, may audit the records of Contractor, for the sole purpose of establishing compliance with such provisions.

## 38.0 ADDITIONAL TERMS AND CONDITIONS

38.1 This Agreement and any Exhibits and Attachments hereto sets forth and constitutes the entire agreement between the Parties with respect to its subject matter and supersedes any and all prior agreements, understandings, promises, warranties

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the date hereinafter indicated opposite their signatures.

## CONTRACTOR

PO BOX 8950 TAMUNING, GU. 96931          CALIFORNIA PACIFIC TECHNICAL SERVICES LLC
Address                                  Name

671-646-3646
Telephone Number

Date  2·13·04                            By _____
                                         Name: ROBERT T. THOMPSON
                                         Title: GENERAL MANAGER

                                         (If a partnership or otherwise required by law):

                                         By_____
                                         Name:
                                         Title:

                                         U.S. Fed ID #  66-058492

                                         **COMPANY**
                                         WorldCom Purchasing, LLC

Date  2/13/04                            By_____
                                         Name: J. Scott Stonehocker
                                         Title: Sr. Contract Analyst

d:\wpdocs\stconstagrfin

01/24/01

# EXHIBIT C



# OUTSIDE PLANT ENGINEERING
# AND PROJECT MANAGEMENT AGREEMENT

### BY AND BETWEEN

### MCI WORLDCOM NETWORK SERVICES, INC.

### AND

_DYNAMIC TECHNICAL SERVICES L.P._

**Contract No.** 2621

**Dated** 09/24/01

# OUTSIDE PLANT ENGINEERING
## AND PROJECT MANAGEMENT AGREEMENT

THIS OUTSIDE PLANT ENGINEERING AND PROJECT MANAGEMENT AGREEMENT ("Agreement") is made and entered into as of this _24_ day of _SEPTEMBER_ , _2001_ by and between **MCI WORLDCOM Network Services, Inc.** ("Company"), a Delaware corporation, with offices located at 6929 N. Lakewood Avenue, Tulsa, Oklahoma, 74117, on behalf of itself and for the benefit of its separate affiliates, subsidiaries, and/or divisions, and _DYNAMIC TECHNICAL SERVICES L.P._ ("Contractor"), a _TEXAS_ corporation/partnership/limited liability company/sole proprietorship, with offices located at _405 SH 121 BYPASS BLDG D - STE 100 LEWISVILLE, TX. 75067 - 8192_ .

## W I T N E S S E T H:

**WHEREAS,** Company is engaged in the business of providing telecommunications services and intends to obtain from time to time services for the design, engineering, project management, procurement, construction, operation, maintenance, relocation and replacement of various telecommunications network projects within the United States (each, a "Project"; together, "Projects"); and

**WHEREAS,** Contractor represents that it has the expertise and the personnel to perform  such tasks; and

**WHEREAS,** Company and Contractor desire to establish the general terms and conditions under which each requested Project will be performed and to establish the responsibilities of each party hereto for the same.

**NOW THEREFORE,** in consideration of the premises and the mutual covenants contained herein, the parties hereto agree as follows:

## ARTICLE 1
## TERM, SCOPE AND NON-EXCLUSIVITY OF AGREEMENT

1.1    <u>Term</u>.  Unless sooner terminated as provided for herein, this Agreement shall be effective for an initial term of one (1) year, commencing with the date first written above and continuing thereafter on a month-to-month basis until terminated by either party by giving thirty (30) days' prior written notice to the other party. Company may terminate this Agreement and any Work Order hereunder without cause upon thirty (30) days' prior written notice to Contractor. In the event of a termination by notice, Company shall compensate Contractor for all work completed through the date of termination pursuant to Article 4 hereof. In the event of termination for cause pursuant to Article 8, Company shall be entitled to exercise any remedy or remedies described in said Article as of the date of termination. At Company's option upon any termination, it may choose to allow one (1) or more Work Orders executed prior to the termination date to be completed beyond the date of termination, in which event the terms and conditions of this Agreement shall govern such Work Orders

12.3 <u>Severability</u>. If any provision of this Agreement is adjudicated to be invalid or unenforceable, the remainder shall be valid and enforceable, and the parties shall negotiate in good faith to recreate such provision in a valid and enforceable form to provide for the intent of such provision.

12.4 <u>Waiver</u>. Failure of Company at any time to require strict performance of any provision of this Agreement shall not constitute a waiver of that provision nor in any way limit enforcement of that provision.

12.5 <u>Notices</u>. Except as otherwise set forth herein, when any notice or other communication is required or authorized to be given hereunder, such notice shall, for all purposes, be in writing and either delivered personally to the addressee, by telex or facsimile transmission followed by mailing, or mailed registered or certified mail return receipt requested, or by express mail, postage prepaid and shall be deemed given when so delivered personally, when such telex or facsimile transmission is received or, if mailed, five (5) days after the date of mailing to the address of the respective parties at the following addresses:

      (i)    If sent by Company to Contractor, addressed as follows:

> *DYNAMIC TECHNICAL SERVICES INC.*
> *405 SH 121 BYPASS BLDG. D - STE 100*
> *LEWISVILLE, TEXAS 75067-8192*
> Attn: *CARLOS H. MORALES*
> Fax: *469-635-1299*

      (ii)    If sent by Contractor to Company, addressed as follows:

> MCI WORLDCOM Network Services, Inc.
> Operations Procurement
> MD 5.1-204C
> 6929 N. Lakewood Avenue
> Tulsa, OK 74117
> Attn: Contract Administration

*With copies to:*

> MCI WORLDCOM Network Services, Inc.
> MD 2.2-315G
> 6929 N. Lakewood Avenue
> Tulsa, OK
> Attn: Manager, Outside Plant Construction

> And, where the notice concerns a particular Project, to Company's Authorized Representative at the address specified in the applicable Work Order, if any.

12.6 <u>Confidentiality</u>.

12.6.1 Company and Contractor agree to hold, and will use their commercially reasonable efforts to cause their respective officers, directors, employees, accountants, counsel, consultants, advisors and agents to hold, in confidence, unless compelled to disclose by judicial or administrative process or by other requirements of law, all confidential documents and information concerning this Agreement and any Work or Project performed hereunder, including field notes, drawings, specifications, studies and any other document prepared for a project appropriate to, and for use in, performance of Contractor's services under this Agreement. Except to the extent that such information can be shown to have been (i) in the public domain through no fault of the received party, or (ii) later lawfully acquired by the receiving party from third parties without an obligation of confidentiality. The obligation of Company and Contractor to hold any such information in confidence shall be satisfied if it exercises the same care with respect to such information as it would take to preserve the confidentiality of its own similar information.

12.6.2 Drawings, specifications and other documents are instruments of service through which the Work to be performed by Contractor is described. Contractor may retain one (1) record set. Contractor shall not own or claim a copyright or any other right in the drawings, specifications and other documents. All copies of them, except the record set, shall be returned to Company on request upon completion of a Project. The drawings, specifications, and other documents, and copies thereof furnished to Contractor, are for use solely with respect to a Project. They are not to be used by Contractor on other projects without the specific written consent of Company. Contractor is granted a limited license to use and reproduce applicable portions of the drawings, specifications, and other documents prepared for a Project appropriate to, and for use in, the performance of Contractor's services under this Agreement. All drawings, specifications and other documents relating to the Project are owned by Company, including drawings, specifications, and other documents generated by Contractor for Company or used to perform work for Company prior to the date of this Agreement.

12.6.3 Subject to the confidentiality requirements stated herein, neither party shall reference or use any part of this Agreement, or the names of the parties hereto, in any press release, marketing, advertising or other sales or promotional materials without the express written consent of the other party.

12.7 <u>MCI WORLDCOM Family</u>. All rights and benefits granted hereunder to Company may be exercised and enjoyed by any member of the MCI WORLDCOM family of entities, which for the purposes hereof shall include MCI WORLDCOM, Inc. and any subsidiary of MCI WORLDCOM, Inc., whether owned directly or indirectly, or any subsidiary of any such subsidiary. Further, for purposes of calculating discounts (if any) based on volume or quantity, the total volume of all MCI WORLDCOM family entities shall be counted to apply against the applicable volume or quantity benchmark.

12.8 <u>No Construction Against Drafter</u>. The parties acknowledge that this Agreement and all the terms and conditions contained herein have been fully reviewed and negotiated by the parties and that each party has been represented by counsel. Having acknowledged the foregoing, the parties agree that any principle of construction or rule of law that provides that, in

the event of any inconsistency or ambiguity, an agreement shall be construed against the drafter of the agreement shall have no application to the terms and conditions of this Agreement.

12.9    Survival.  The provisions of Articles 9, 10, 11 and 12 shall survive the expiration or termination of the Agreement and Company and Contractor each agree to be bound thereto.

12.10   Governing Law.  The Agreement, and all the rights and duties of the parties arising from or relating in any way to the subject matter of this Agreement or the transaction(s) contemplated by it, shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to the conflict of law principles thereof.

12.11   Entire Agreement.  This Agreement and all Exhibits attached hereto constitute the entire agreement between parties with respect to the subject matter hereof.  This Agreement shall be binding upon the parties hereto and their permitted successors and assigns.

**IN WITNESS WHEREOF**, the parties hereto have executed this instrument, through their authorized officers, effective as of the date first above written.

MCI WORLDCOM NETWORK
SERVICES, INC.

By: _____

Printed Name: MARty Heesh

Title: Director OSP Construction

Date: 9/27/0 1

Approved as to form:
Jeff Abert

Dynamic Technical Services, L.P.

By: X _____

Printed Name: X Carlos H. Morales

Title: X President

Date: X 9/24/01

Federal I.D. No.: X 75-2941175

# EXHIBIT D

LAW OFFICES

# CIVILLE & TANG, PLLC

G. Patrick Civille
Joyce C.H. Tang
Traylor T. Mercer
Sirena P. Cassidy

330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910
Telephone: (671) 472-8868
Facsimile: (671) 477-2511
Email: pciville@guamattorneys.com

*Of Counsel:*
Benjamin J.F. "BJ" Cruz
Chief Justice (Ret.)

October 18, 2007

**VIA FACSIMILE**

Delia S. Lujan, Esq.
Lujan, Aguigui & Perez, LLP
Bank of Hawaii Bldg., Suite 401
238 Archbishop Flores Street
Hagåtña, Guam 96910
(Facsimile No. 477-5297)

Vincent Leon Guerrero, Esq.
Blair, Sterling, Johnson, Moody
 Martinez & Leon Guerrero, P.C.
Pacific News Bldg., Suite 1008
238 Archbishop Flores Street
Hagåtña, Guam 96910
(Facsimile No. 472-4290)

      Re:    *Van Meter, et al. v. Calpac, et al.,* Civil Case No. 05-00037

Dear Counsel:

      Attached are a draft stipulation for a protective order and a draft of the protective order we propose. I did this as two documents because, under the electronic filing rules, the stipulation and order must be separate documents.

      The purpose of the protective order is to permit a party to designate documents produced during discovery as confidential if the documents contain confidential or sensitive information. I think this is a fairly standard form, so I hope it meets with your approval. I would appreciate it if you would review our draft and let me know if you have any edits.

      Once we have an agreement on content and form, I will circulate the final for approval.

                    Sincerely,

                    G. Patrick Civille

Enclosures

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs , <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., <br><br> JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br><br><br><br><br><br> **STIPULATION RE PROTECTIVE ORDER** |

1

The parties hereby stipulate that a Protective Order be issued in the form attached hereto as Exhibit "A." The Protective Order is necessary to protect parties by restricting the use and dissemination of confidential or otherwise sensitive information produced by a party during discovery.

**LUJAN AGUIGUI & PEREZ LLP**


Date:  October ___, 2007                By: _____
                                             **DELIA S. LUJAN**
                                             *Attorneys for Plaintiffs*


**BLAIR STERLING JOHNSON
MARTINEZ & LEON GUERRERO, P.C.**


Date:  October ___, 2007                By: _____
                                             **VINCENT LEON GUERRERO**
                                             *Attorneys for Defendants
                                             California Pacific Technical
                                             Services LLC, John Healy and
                                             William Ward*


**CIVILLE & TANG, PLLC**

**JONES DAY**


Date:  October ___, 2007                By: _____
                                             **G. PATRICK CIVILLE**
                                             *Attorneys for Defendants
                                             Verizon Business Purchasing LLC
                                             and Verizon Business Network
                                             Services, Inc.*

2

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, | ) CIVIL CASE NO. 05-00037 ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) **STIPULATED PROTECTIVE ORDER** ) ) |
| vs. | ) ) |
| CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., | ) ) ) ) ) |
| JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, | ) ) ) ) |
| Defendants. | ) ) ) |

The parties hereto, by the stipulation of their respective undersigned counsel, have agreed
to the entry of a protective order and to the terms thereof.

IT IS THEREFORE ORDERED that:

1.      For the purpose of this Order, "Confidential Information" shall mean all

documents and other information produced by Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr.,

Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B.

Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and

John B. Babauta (collectively, "Plaintiffs"), Defendants Verizon Business Network Services, Inc.

and Verizon Business Purchasing, LLC (collectively, "Verizon"), and/or Defendant California

1

Pacific Technical Services, LLC ("Calpac") (collectively, the "Parties") that are marked "Confidential – Subject to Protective Order" and that, pertain to (1) confidential, sensitive, or personal information regarding Plaintiffs, including (but not limited to) Plaintiffs' medical records and information disclosing sensitive numerical identifiers unique to Plaintiffs, such as a Plaintiffs' respective social security or driver's license numbers; and (2) confidential, financial and/or proprietary information and/or trade secrets of Verizon or Calpac or their respective affiliates not otherwise subject to public disclosure, including (but not limited to) the contract between MCI WorldCom Network Services, Inc. and Dynamic Technical Services, L.P., dated September 24, 2001, and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; the contract between Calpac and WorldCom Purchasing, LLC, dated February 13, 2004 and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; confidential research, development, or commercial information; internal operating manuals; handbooks; emails; communications; and/or other documents relating to a description of Verizon's or Calpac's products, technical plans or knowledge, sales and marketing strategies, sales goals, sales performance, and business plans, and/or related information or documents not otherwise available to the public and/or which is otherwise protected from disclosure under applicable law.

      2.      Confidential Information shall not be disclosed by any recipient to any person other than:

      (a)      The parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs. The parties agree to limit disclosure of Confidential Information and the information contained therein to those staff persons necessary to prosecute or defend this action;

      (b)      Experts or consultants retained by counsel for the preparation or trial of this action;

(c)     Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify at deposition or trial;

(d)     The Court and its staff;

(e)     A third party who is engaged for the purpose of copying, organizing, converting, storing, or retrieving documents potentially subject to this Protective Order (*i.e.,* a copy service); and

(f)     The jury, if admissible.

3.      Confidential Information and the information contained therein shall only be used by the parties and their counsel for the prosecution and defense of this action. Confidential Information and the information contained therein shall not be used for any other purpose whatsoever, including without limitation commercial, publicity, business, marketing, competitive, or personal purposes.

4.      No person or entity bound by this Protective Order shall disclose any Confidential Information or discuss its contents except for the purposes stated herein.

5.      No persons other than persons authorized to receive access to Confidential Information, may attend, or review the transcripts of witness depositions at which Confidential Information is shown or discussed. Further, depositions, or portions thereof, may be designated as Confidential Information by a party. Designation as Confidential Information may be made on the record at deposition or in writing no later than 30 days after receipt of the final, unsigned deposition transcript.

6.      Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

7.      Nothing contained herein shall affect the rights of the parties with respect to their own documents or information.

8.      Upon the conclusion of the case (including the exhaustion of all appeals), upon written request by a party (the "Requesting Party"), the other party shall return to the Requesting Party all originals and all copies of any Confidential Information produced by the Requesting Party, or otherwise obtained by the other party, during the case.

IT IS SO ORDERED.

Signed this _____ day of _____, 2007.


_____
U.S. DISTRICT JUDGE

| | | |
|---|---|---|
| Date/Time | 10-18-2007 05:35:08 p.m. | Transmit Header Text CIVILLE & TANG, PLLC |
| Local ID 1 | 671 4772511 | Local Name 1 CIVILLE & TANG |
| Local ID 2 | | Local Name 2 |

This document : Confirmed

(reduced sample and details below)

Document size : 8.5"x11"

LAW OFFICES
**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGATNA, GUAM 96910
TEL: (671) 472-8868
FAX: (671) 477-2511

### LETTER OF TRANSMITTAL

CONFIDENTIALITY NOTICE: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE MAILS AT OUR EXPENSE. THANK YOU.

**DATE:** October 18, 2007 **FILE NO:** 4887

| Fax To | Office | Fax Number |
|---|---|---|
| Delia S. Lujan, Esq. | Lujan, Aguigui & Perez, LLP | 477-5297 |
| Vincent Leon Guerrero, Esq. | Blair Sterling Johnson Moody Martinez & Leon Guerrero | 472-4290 |

**FROM:** G. Patrick Civille, Esq. _8_ Pages Including Cover Sheet

**SUBJECT:** *Van Meter, et al. v. Calpac, et al.*
District Court of Guam Civil Case No. 05-00037

**MESSAGE:** Transmitted herewith is a letter dated October 18, 2007, with stated enclosures.

If problems occur with this transmission, please call our office or respond via facsimile at (671) 477-2511.

Total Pages Scanned : 8 Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 301 | +6714775297 | 05:32:00 p.m. 10-18-2007 | 00:02:38 | 8/8 | 1 | EC | HS | CP14400 |

Abbreviations:
HS: Host send       PL: Polled local       MP: Mailbox print       TU: Terminated by user
HR: Host receive    PR: Polled remote      CP: Completed           TS: Terminated by system    G3: Group 3
WS: Waiting send                                                                                 EC: Error Correct

# Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 10-18-2007 | 05:42:56 p.m. | Transmit Header Text | CIVILLE & TANG, PLLC |
| Local ID 1 | 671 4772511 | | Local Name 1 | CIVILLE & TANG |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"

LAW OFFICES
**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TEL: (671) 472-8868
FAX: (671) 477-2511

### LETTER OF TRANSMITTAL

CONFIDENTIALITY NOTICE: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE MAILS AT OUR EXPENSE. THANK YOU.

**DATE:** October 18, 2007                    **FILE NO:** 4887

| Fax To | Office | Fax Number |
|---|---|---|
| Delia S. Lujan, Esq. | Lujan, Aguigui & Perez, LLP | 477-5297 |
| Vincent Leon Guerrero, Esq. | Blair Sterling Johnson Moody Martinez & Leon Guerrero | 472-4290 |

**FROM:** G. Patrick Civille, Esq.                    **8** Pages Including Cover Sheet

**SUBJECT:** *Van Meter, et al. v. Calpac, et al.*
District Court of Guam Civil Case No. 05-00037

**MESSAGE:** Transmitted herewith is a letter dated October 18, 2007, with stated enclosures.

If problems occur with this transmission, please call our office or respond via facsimile at (671) 477-2511.

Total Pages Scanned : 8                    Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 302 | +6714724290 | 05:32:25 p.m. 10-18-2007 | 00:04:52 | 8/8 | 1 | EC | HS | CP9600 |

Abbreviations:
HS: Host send            PL: Polled local            MP: Mailbox print            TU: Terminated by user
HR: Host receive        PR: Polled remote          CP: Completed                TS: Terminated by system        G3: Group 3
WS: Waiting send        MS: Mailbox save           FA: Fail                          RP: Report                        EC: Error Correct

LAW OFFICES
# CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÁTÑA, GUAM 96910
TEL: (671) 472-8868
FAX: (671) 477-2511


# LETTER OF TRANSMITTAL


**CONFIDENTIALITY NOTICE:** THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE MAILS AT OUR EXPENSE. THANK YOU.

**DATE:**  October 18, 2007                                             **FILE NO:**  4887

| Fax To | Office | Fax Number |
|---|---|---|
| Delia S. Lujan, Esq. | Lujan, Aguigui & Perez, LLP | 477-5297 |
| Vincent Leon Guerrero, Esq. | Blair Sterling Johnson Moody Martinez & Leon Guerrero | 472-4290 |

**FROM:**     G. Patrick Civille, Esq.          _8_  Pages Including Cover Sheet

**SUBJECT:**     *Van Meter, et al. v. Calpac, et al.*
District Court of Guam Civil Case No. 05-00037

**MESSAGE:**     Transmitted herewith is a letter dated October 18, 2007, with stated enclosures.

If problems occur with this transmission, please call our office or respond via facsimile at (671) 477-2511.

| | | | | | |
|---|---|---|---|---|---|
| Date/Time | 11-01-2007 | 02:39:01 p.m. | Transmit Header Text | CIVILLE & TANG, PLLC |
| Local ID 1 | 671 4772511 | | Local Name 1 | CIVILLE & TANG |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"

LAW OFFICES
**CIVILLE & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TEL: (671) 472-8868
FAX: (671) 477-2511

### LETTER OF TRANSMITTAL

**CONFIDENTIALITY NOTICE:** THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE MAILS AT OUR EXPENSE. THANK YOU.

**DATE:** October 18, 2007    *Resent 11/1/07 to Ms. Lujan*    **FILE NO:** 4887

| FAX TO | OFFICE | FAX NUMBER |
|---|---|---|
| Delia S. Lujan, Esq. | Lujan, Aguigui & Perez, LLP | 477-5297 |
| Vincent Leon Guerrero, Esq. | Blair Sterling Johnson Moody Martinez & Leon Guerrero | 472-4290 |

**FROM:**    G. Patrick Civille, Esq.    _8_ Pages Including Cover Sheet

**SUBJECT:**    *Van Meter, et al. v. Calpac, et al.*
District Court of Guam Civil Case No. 05-00037

**MESSAGE:**    Transmitted herewith is a letter dated October 18, 2007, with stated enclosures.

If problems occur with this transmission, please call our office or respond via facsimile at (671) 477-2511.

Total Pages Scanned : 9          Total Pages Confirmed : 9

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 395 | +6714775297 | 02:33:36 p.m. 11-01-2007 | 00:03:37 | 9/9 | 1 | EC | HS | CP14400 |

Abbreviations:
| | | | |
|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system    G3: Group 3 |
| WS: Waiting send | | | |

LAW OFFICES
# CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TEL: (671) 472-8868
FAX: (671) 477-2511

## LETTER OF TRANSMITTAL

**CONFIDENTIALITY NOTICE:** THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY COLLECT TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE MAILS AT OUR EXPENSE. THANK YOU.

**DATE:** October 18, 2007 _Resent 11/1/07 to Ms. Lujan_     **FILE NO:** 4887

| FAX TO | OFFICE | FAX NUMBER |
|---|---|---|
| Delia S. Lujan, Esq. | Lujan, Aguigui & Perez, LLP | 477-5297 |
| Vincent Leon Guerrero, Esq. | Blair Sterling Johnson Moody Martinez & Leon Guerrero | 472-4290 |

**FROM:** G. Patrick Civille, Esq.          _8_ Pages Including Cover Sheet

**SUBJECT:** _Van Meter, et al. v. Calpac, et al._
District Court of Guam Civil Case No. 05-00037

**MESSAGE:** Transmitted herewith is a letter dated October 18, 2007, with stated enclosures.

If problems occur with this transmission, please call our office or respond via facsimile at (671) 477-2511.

# EXHIBIT E

# Mary A. Cruz

**From:** G. Patrick Civille [pciville@guamattorneys.com]
**Sent:** Thursday, December 06, 2007 12:38 AM
**To:** 'Elyze J. McDonald'; dslujan@lujanaguiguiperez.com; 'Vincent E. Leon Guerrero'
**Subject:** Verizon

Hello Counsel,

Attached is copy of the draft Protective Order I circulated last month. Elyze, you may not have received this because you were not a party at the time. I think the Protective Order is fairly simple and non-controversial. It allows the parties to designate documents containing sensitive information as Confidential, which thereby restricts the circulation and use of those documents.

I would like to put this issue to rest, My client has additional documents it is prepared to produce once the Protective Order is in place.

Please let me know your positions at your earliest convenience.

Thank you.

Patrick

G. Patrick Civille
CIVILLE & TANG, PLLC
330 Hernan Cortez Ave., Suite 200
Hagåtña, Guam 96910
Tel: (671) 472-8868/69; (671) 477-9708
Fax: (671) 477-2511
E-mail: pciville@guamattorneys.com

CONFIDENTIALITY NOTICE: This e-mail, including any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender by reply e-mail and delete the message and any attachments from your system. Thank you.

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.14/1171 - Release Date: 12/4/2007 7:31 PM

## IN THE UNITED STATES DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY )    CIVIL CASE NO. 05-00037
APODACA, JR., JOSEPH J. )
HERNANDEZ, JOSEPH T. MENDIOLA, )
LARRY L. CHARFAUROS, ANTHONY )
C. ARRIOLA, ROBERT B. CRUZ, )
ROLAND F. MENDIOLA, JAMES S. )
YEE, TEDDY B. CRUZ, JESSE B. CRUZ, )
JOHN L.G. NAUTA, and JOHN P. )
BABAUTA, )
                                   )    **STIPULATED PROTECTIVE ORDER**
            Plaintiffs , )
                                     )
       vs. )
                                       )
CALPAC, DYNAMIC TECHNICAL )
SERVICES, VERIZON BUSINESS )
PURCHASING, LLC, VERIZON )
BUSINESS NETWORK SERVICES, INC., )
                                       )
JOHN HEALY, DENNIS CLARK, )
WILLIAM WARD, JAI JAMES, and )
DOES 1 through 10, )
                                       )
            Defendants. )

---

        The parties hereto, by the stipulation of their respective undersigned counsel, have agreed

to the entry of a protective order and to the terms thereof.

        IT IS THEREFORE ORDERED that:

        1.      For the purpose of this Order, "Confidential Information" shall mean all

documents and other information produced by Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr.,

Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B.

Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and

John B. Babauta (collectively, "Plaintiffs"), Defendants Verizon Business Network Services, Inc.

and Verizon Business Purchasing, LLC (collectively, "Verizon"), and/or Defendant California

1

Pacific Technical Services, LLC ("Calpac") (collectively, the "Parties") that are marked "Confidential – Subject to Protective Order" and that, pertain to (1) confidential, sensitive, or personal information regarding Plaintiffs, including (but not limited to) Plaintiffs' medical records and information disclosing sensitive numerical identifiers unique to Plaintiffs, such as a Plaintiffs' respective social security or driver's license numbers; and (2) confidential, financial and/or proprietary information and/or trade secrets of Verizon or Calpac or their respective affiliates not otherwise subject to public disclosure, including (but not limited to) the contract between MCI WorldCom Network Services, Inc. and Dynamic Technical Services, L.P., dated September 24, 2001, and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; the contract between Calpac and WorldCom Purchasing, LLC, dated February 13, 2004 and the exhibits, attachments, change orders, purchase orders, and other documents accompanying such contract; confidential research, development, or commercial information; internal operating manuals; handbooks; emails; communications; and/or other documents relating to a description of Verizon's or Calpac's products, technical plans or knowledge, sales and marketing strategies, sales goals, sales performance, and business plans, and/or related information or documents not otherwise available to the public and/or which is otherwise protected from disclosure under applicable law.

2.      Confidential Information shall not be disclosed by any recipient to any person other than:

     (a)    The parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs. The parties agree to limit disclosure of Confidential Information and the information contained therein to those staff persons necessary to prosecute or defend this action;

     (b)    Experts or consultants retained by counsel for the preparation or trial of this action;

(c)     Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify at deposition or trial;

(d)     The Court and its staff;

(e)     A third party who is engaged for the purpose of copying, organizing, converting, storing, or retrieving documents potentially subject to this Protective Order (*i.e.,* a copy service); and

(f)     The jury, if admissible.

3.      Confidential Information and the information contained therein shall only be used by the parties and their counsel for the prosecution and defense of this action. Confidential Information and the information contained therein shall not be used for any other purpose whatsoever, including without limitation commercial, publicity, business, marketing, competitive, or personal purposes.

4.      No person or entity bound by this Protective Order shall disclose any Confidential Information or discuss its contents except for the purposes stated herein.

5.      No persons other than persons authorized to receive access to Confidential Information, may attend, or review the transcripts of witness depositions at which Confidential Information is shown or discussed. Further, depositions, or portions thereof, may be designated as Confidential Information by a party. Designation as Confidential Information may be made on the record at deposition or in writing no later than 30 days after receipt of the final, unsigned deposition transcript.

6.      Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

7.     Nothing contained herein shall affect the rights of the parties with respect to their own documents or information.

8.     Upon the conclusion of the case (including the exhaustion of all appeals), upon written request by a party (the "Requesting Party"), the other party shall return to the Requesting Party all originals and all copies of any Confidential Information produced by the Requesting Party, or otherwise obtained by the other party, during the case.

IT IS SO ORDERED.

Signed this _____ day of _____, 2007.

_____
U.S. DISTRICT JUDGE