

1   **LUJAN AGUIGUI & PEREZ LLP**
    Attorneys at Law
2   Pacific News Building, Suite 300
    238 Archbishop Flores Street
3   Hagåtña, Guam 96910
    Telephone (671) 477-8064/5
4   Facsimile (671) 477-5297

5   *Attorneys for Plaintiffs*

6              IN THE UNITED STATES DISTRICT COURT OF GUAM

7                      FOR THE TERRITORY OF GUAM

8

9   HENRY G. VAN METER, et al.,              CIVIL CASE NO. 05-00037

                        Plaintiffs,
10                                           **PLAINTIFF JOSEPH T. MENDIOLA'S**
          -vs-                               **RESPONSE TO DEFENDANT VERIZON'S**
11                                           **REQUEST FOR PRODUCTION OF**
    CALPAC, et al.,                          **DOCUMENTS**
12
                        Defendants.
13

14
15  **TO:   Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
          **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**
16

17        Plaintiff JOSEPH T. MENDIOLA ("Plaintiff") hereby provides his response to

18  Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

19  (collectively "Verizon") Request for Production of Documents.  Plaintiff reserves the right to

20  supplement or correct his response to any particular request at a later time.

21                          **PRELIMINARY STATEMENT**

22        These responses are made solely for the purpose of this action, without waiver of, and

23  with preservation of:

24
          1.   The right to object to all questions as to competency, relevancy, materiality,
25
26  confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

27  evidence for any purpose in any further proceeding in this action (including trial);

28

**REQUEST NO. 26:** All documents that refer or relate to the termination of your work on the Guam International Ring Project.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 27:** All notes, scheduling or appointment books, diaries, journals, calendars, daytimers, time records, or chronologies maintained by you during the Guam International Ring Project or thereafter that relate to your work on the Project or any of the allegations contained in Plaintiffs' Complaint.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 28:** All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

(i)     All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;

(ii)    All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;

(iii)   All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
11

Case 1:05-cv-00037     Document 550-4     Filed 03/19/2008     Page 2 of 30

1    (iv)   All documents relating to any offers or negotiations regarding employment,

2           including independent contracting and self-employment.

3    **RESPONSE:**   OBJECTION.   This request is overly broad in that it seeks information not

4    relevant to Plaintiff's Title VII claims.   Even if the information is relevant, its relevancy is

5    substantially outweighed by prejudice of production.

6

7

8    **REQUEST NO. 29:**   All documents that refer or relate to any employment, including

9    independent contracting and self-employment, you have had since you ceased performing work

10   on the Guam International Ring Project, including, but not limited to, documents relating to:

11   (i)     Your compensation;

12   (ii)    Hours worked per week;

13

14   (iii)   Your date of hire;

15   (iv)    The duration of employment, independent contracting, or self-employment;

16   (v)     The nature of your duties and responsibilities, including formal or informal job

17          descriptions;

18   (vi)    Any oral or written employment contract or agreement;

19   (vii)   Any offer letter(s);

20   (viii)  Any promises or representations made to you concerning your duties, salary,

21          benefits, length of service, or other aspects of your employment;

22

23   (ix)    Any bonus, incentive, or similar compensation plan;

24   (x)     Any fringe benefit programs in which you participated or which were available to

25          you, including, but not limited to, health insurance, disability pay, life and accident

26          insurance, pension, profit-sharing, savings, deferred compensation, stock options,

27          or any other benefits;

28

1    (xi)   Any discipline, write-ups, or warnings received; and

2    (xii)  The termination of any such employment, independent contracting, or self-

3           employment.

4    **RESPONSE:**  OBJECTION.  This request is overly broad in that it seeks information not

5    relevant to Plaintiff's Title VII claims.  Even if the information is relevant, production is not

6

7    warranted since its relevancy is substantially outweighed by prejudice of production.   The

8    request also seeks confidential financial and employment information which is privileged and

9    protected from disclosure.

10

11   **REQUEST NO. 30:**  All documents, including medical and/or mental health records, that

12   identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents

13   which you allege in Plaintiffs' Complaint.  *[A medical records authorization and psychotherapy*

14

15   *notes authorization are being served simultaneously with these requests.  Please make additional*

16   *copies of these forms as needed, complete one form for each medical provider seen for the*

17   *injuries associated with the allegations in this lawsuit, and return all forms with your responses*

18   *to these requests.]*

19   **RESPONSE:**  OBJECTION.  This request seeks information which is protected by the

20   physician-patient privilege.

21

22

23   **REQUEST NO. 31:**  Copies of your income tax returns, including all schedules and attachments

24   thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

25   **RESPONSE:** OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

26   Title VII claims.  Even if the information is relevant, production is not warranted since its

27   relevancy is substantially outweighed by prejudice of production.   The request also seeks

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    13
Civil Case No. 05-00037

information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure.

**REQUEST NO. 32:** All documents relating to any bankruptcy filing that you have made or to which you were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 33:** All non-privileged documents relating to any lawsuits (other than this one) to which you are or were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 34:** All documents that refer or relate to your criminal convictions, if any.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's claims of employment discrimination and the defendants' defenses and the probative value of any such criminal convictions on the issue of credibility does not substantially outweigh the prejudice to Plaintiff of production, if there is anything to produce. Additional objection is made on the

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

14

Case 1:05-cv-00037   Document 550-4   Filed 03/19/2008   Page 5 of 30

ground that mere misdemeanor convictions which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence, and thus this request is overly broad.

Dated this 8th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

15

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 6 of 30



1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

6            **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                    **FOR THE TERRITORY OF GUAM**

8

9  HENRY G. VAN METER, et al.,          CIVIL CASE NO. 05-00037

10                        Plaintiffs,
                                        **PLAINTIFF ROLAND F. MENDIOLA'S**
          -vs-                          **RESPONSE TO DEFENDANT VERIZON'S**
11                                      **REQUEST FOR PRODUCTION OF**
   CALPAC, et al.,                      **DOCUMENTS**
12
                        Defendants.
13

14
15 **TO:**  **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
           **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

16
17     Plaintiff ROLAND F. MENDIOLA ("Plaintiff") hereby provides his response to

18 Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

19 (collectively "Verizon") Request for Production of Documents. Plaintiff reserves the right to

20 supplement or correct his response to any particular request at a later time.

21                       **PRELIMINARY STATEMENT**

22     These responses are made solely for the purpose of this action, without waiver of, and

23 with preservation of:

24
25     1.     The right to object to all questions as to competency, relevancy, materiality,

26 confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

27 evidence for any purpose in any further proceeding in this action (including trial);

28

---
Henry G. Van Meter, et al., v. CAL PAC, et al.                    1
Civil Case No. 05-00037

**REQUEST NO. 26:** All documents that refer or relate to the termination of your work on the Guam International Ring Project.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.


**REQUEST NO. 27:** All notes, scheduling or appointment books, diaries, journals, calendars, daytimers, time records, or chronologies maintained by you during the Guam International Ring Project or thereafter that relate to your work on the Project or any of the allegations contained in Plaintiffs' Complaint.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.


**REQUEST NO. 28:** All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

    (i)    All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;

    (ii)    All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;

    (iii)    All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

11

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 8 of 30

(iv)     All documents relating to any offers or negotiations regarding employment, including independent contracting and self-employment.

**RESPONSE:**  OBJECTION.  This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims.  Even if the information is relevant, its relevancy is substantially outweighed by prejudice of production.

**REQUEST NO. 29:**  All documents that refer or relate to any employment, including independent contracting and self-employment, you have had since you ceased performing work on the Guam International Ring Project, including, but not limited to, documents relating to:

(i)      Your compensation;

(ii)     Hours worked per week;

(iii)    Your date of hire;

(iv)     The duration of employment, independent contracting, or self-employment;

(v)      The nature of your duties and responsibilities, including formal or informal job descriptions;

(vi)     Any oral or written employment contract or agreement;

(vii)    Any offer letter(s);

(viii)   Any promises or representations made to you concerning your duties, salary, benefits, length of service, or other aspects of your employment;

(ix)     Any bonus, incentive, or similar compensation plan;

(x)      Any fringe benefit programs in which you participated or which were available to you, including, but not limited to, health insurance, disability pay, life and accident insurance, pension, profit-sharing, savings, deferred compensation, stock options, or any other benefits;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

12

Case 1:05-cv-00037     Document 550-4     Filed 03/19/2008     Page 9 of 30

1  (xi)  Any discipline, write-ups, or warnings received; and

2  (xii)  The termination of any such employment, independent contracting, or self-

3  employment.

4  **RESPONSE:**  OBJECTION.  This request is overly broad in that it seeks information not

5  relevant to Plaintiff's Title VII claims.  Even if the information is relevant, production is not

6  warranted since its relevancy is substantially outweighed by prejudice of production.  The

7  request also seeks confidential financial and employment information which is privileged and

8  protected from disclosure.

9

10

11  **REQUEST NO. 30:**  All documents, including medical and/or mental health records, that

12  identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents

13  which you allege in Plaintiffs' Complaint.  *[A medical records authorization and psychotherapy*

14  *notes authorization are being served simultaneously with these requests.  Please make additional*

15  *copies of these forms as needed, complete one form for each medical provider seen for the*

16  *injuries associated with the allegations in this lawsuit, and return all forms with your responses*

17  *to these requests.]*

18  **RESPONSE:**  OBJECTION.  This request seeks information which is protected by the

19  physician-patient privilege.

20

21

22  **REQUEST NO. 31:**  Copies of your income tax returns, including all schedules and attachments

23  thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

24  **RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

25  Title VII claims.  Even if the information is relevant, production is not warranted since its

26  relevancy is substantially outweighed by prejudice of production.  The request also seeks

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    13
Civil Case No. 05-00037

information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure.

**REQUEST NO. 32:** All documents relating to any bankruptcy filing that you have made or to which you were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 33:** All non-privileged documents relating to any lawsuits (other than this one) to which you are or were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 34:** All documents that refer or relate to your criminal convictions, if any.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's claims of employment discrimination and the defendants' defenses and the probative value of any such criminal convictions on the issue of credibility does not substantially outweigh the prejudice to Plaintiff of production, if there is anything to produce. Additional objection is made on the

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

14

ground that mere misdemeanor convictions which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence, and thus this request is overly broad.

Dated this 8th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

15

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 12 of 30



**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

### FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JOHN L.G. NAUTA'S RESPONSE TO DEFENDANT VERIZON'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| CALPAC, et al., | |
| Defendants. | |

**TO:   Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JOHN L.G. NAUTA ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Request for Production of Documents. Plaintiff reserves the right to supplement or correct his response to any particular request at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.     The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

1

**REQUEST NO. 26:** All documents that refer or relate to the termination of your work on the Guam International Ring Project.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 27:** All notes, scheduling or appointment books, diaries, journals, calendars, daytimers, time records, or chronologies maintained by you during the Guam International Ring Project or thereafter that relate to your work on the Project or any of the allegations contained in Plaintiffs' Complaint.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 28:** All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

> (i)  All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;
>
> (ii)  All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;
>
> (iii)  All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

11

Case 1:05-cv-00037   Document 550-4   Filed 03/19/2008   Page 14 of 30

1    (iv)   All documents relating to any offers or negotiations regarding employment,

2            including independent contracting and self-employment.

3    **RESPONSE:**   OBJECTION.   This request is overly broad in that it seeks information not

4    relevant to Plaintiff's Title VII claims.  Even if the information is relevant, its relevancy is

5    substantially outweighed by prejudice of production.

6

7

8    **REQUEST NO. 29:**   All documents that refer or relate to any employment, including

9    independent contracting and self-employment, you have had since you ceased performing work

10   on the Guam International Ring Project, including, but not limited to, documents relating to:

11       (i)    Your compensation;

12       (ii)   Hours worked per week;

13       (iii)  Your date of hire;

14
15       (iv)   The duration of employment, independent contracting, or self-employment;

16       (v)    The nature of your duties and responsibilities, including formal or informal job

17              descriptions;

18       (vi)   Any oral or written employment contract or agreement;

19       (vii)  Any offer letter(s);

20       (viii) Any promises or representations made to you concerning your duties, salary,

21              benefits, length of service, or other aspects of your employment;

22
23       (ix)   Any bonus, incentive, or similar compensation plan;

24       (x)    Any fringe benefit programs in which you participated or which were available to

25              you, including, but not limited to, health insurance, disability pay, life and accident

26              insurance, pension, profit-sharing, savings, deferred compensation, stock options,

27              or any other benefits;

28

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

12

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 15 of 30

(xi)   Any discipline, write-ups, or warnings received; and

(xii)   The termination of any such employment, independent contracting, or self-employment.

**RESPONSE:**  OBJECTION.  This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims.  Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production.  The request also seeks confidential financial and employment information which is privileged and protected from disclosure.

**REQUEST NO. 30:**  All documents, including medical and/or mental health records, that identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents which you allege in Plaintiffs' Complaint.  *[A medical records authorization and psychotherapy notes authorization are being served simultaneously with these requests.  Please make additional copies of these forms as needed, complete one form for each medical provider seen for the injuries associated with the allegations in this lawsuit, and return all forms with your responses to these requests.]*

**RESPONSE:**   OBJECTION.   This request seeks information which is protected by the physician-patient privilege.

**REQUEST NO. 31:**  Copies of your income tax returns, including all schedules and attachments thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

**RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's Title VII claims.  Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production.   The request also seeks

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

13

information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure.

**REQUEST NO. 32:** All documents relating to any bankruptcy filing that you have made or to which you were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks information which constitutes confidential financial information of Plaintiff which is privileged and protected from disclosure. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 33:** All non-privileged documents relating to any lawsuits (other than this one) to which you are or were a party.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request is also overly broad in temporal and geographic scope.

**REQUEST NO. 34:** All documents that refer or relate to your criminal convictions, if any.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's claims of employment discrimination and the defendants' defenses and the probative value of any such criminal convictions on the issue of credibility does not substantially outweigh the prejudice to Plaintiff of production, if there is anything to produce. Additional objection is made on the

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

14

ground that mere misdemeanor convictions which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence, and thus this request is overly broad.

Dated this 8th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

15



NOV 0 9 2007

1    **LUJAN AGUIGUI & PEREZ** LLP
     Attorneys at Law
2    Pacific News Building, Suite 300
     238 Archbishop Flores Street
3    Hagåtña, Guam 96910
     Telephone (671) 477-8064/5
4    Facsimile (671) 477-5297

5    *Attorneys for Plaintiffs*

6              **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                     **FOR THE TERRITORY OF GUAM**

8

9    HENRY G. VAN METER, et al.,              CIVIL CASE NO. 05-00037

10                          Plaintiffs,
                -vs-                          **PLAINTIFF HENRY G. VAN METER'S**
11                                            **RESPONSE TO DEFENDANT VERIZON'S**
     CALPAC, et al.,                          **REQUEST FOR PRODUCTION OF**
12                                            **DOCUMENTS**
                            Defendants.
13

14   **TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
15          **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

16
          Plaintiff HENRY G. VAN METER ("Plaintiff") hereby provides his response to
17
     Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s
18
     (collectively "Verizon") Request for Production of Documents.  Plaintiff reserves the right to
19
     supplement or correct his response to any particular request at a later time.
20

21                          **PRELIMINARY STATEMENT**

22        These responses are made solely for the purpose of this action, without waiver of, and
23   with preservation of:
24
          1.    The right to object to all questions as to competency, relevancy, materiality,
25
     confidentiality, privilege, and admissibility of the responses and the subject matter thereof as
26
     evidence for any purpose in any further proceeding in this action (including trial);
27

28

     Henry G. Van Meter, et al., v. CAL PAC, et al.                                        1
     Civil Case No. 05-00037

**REQUEST NO. 26:** All documents that refer or relate to the termination of your work on the Guam International Ring Project.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 27:** All notes, scheduling or appointment books, diaries, journals, calendars, daytimers, time records, or chronologies maintained by you during the Guam International Ring Project or thereafter that relate to your work on the Project or any of the allegations contained in Plaintiffs' Complaint.

**RESPONSE:** Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 28:** All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

    (i)    All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;

    (ii)    All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;

    (iii)    All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

11

1   (iv)  All documents relating to any offers or negotiations regarding employment,

2         including independent contracting and self-employment.

3   **RESPONSE:**  OBJECTION.  This request is overly broad in that it seeks information not

4   relevant to Plaintiff's Title VII claims.  Even if the information is relevant, its relevancy is

5   substantially outweighed by prejudice of production.

6

7

8   **REQUEST NO. 29:**  All documents that refer or relate to any employment, including

9   independent contracting and self-employment, you have had since you ceased performing work

10  on the Guam International Ring Project, including, but not limited to, documents relating to:

11      (i)    Your compensation;

12      (ii)   Hours worked per week;

13      (iii)  Your date of hire;

14

15      (iv)   The duration of employment, independent contracting, or self-employment;

16      (v)    The nature of your duties and responsibilities, including formal or informal job

17             descriptions;

18      (vi)   Any oral or written employment contract or agreement;

19      (vii)  Any offer letter(s);

20

21      (viii) Any promises or representations made to you concerning your duties, salary,

22             benefits, length of service, or other aspects of your employment;

23      (ix)   Any bonus, incentive, or similar compensation plan;

24      (x)    Any fringe benefit programs in which you participated or which were available to

25             you, including, but not limited to, health insurance, disability pay, life and accident

26             insurance, pension, profit-sharing, savings, deferred compensation, stock options,

27             or any other benefits;

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                            12
Civil Case No. 05-00037

1    (xi)    Any discipline, write-ups, or warnings received; and

2    (xii)   The termination of any such employment, independent contracting, or self-
3           employment.

4
**RESPONSE:**   OBJECTION.   This request is overly broad in that it seeks information not
5
relevant to Plaintiff's Title VII claims.  Even if the information is relevant, production is not
6
7    warranted since its relevancy is substantially outweighed by prejudice of production.      The

8    request also seeks confidential financial and employment information which is privileged and

9    protected from disclosure.

10

11
**REQUEST NO. 30:**    All documents, including medical and/or mental health records, that
12
identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents
13
14   which you allege in Plaintiffs' Complaint.  *[A medical records authorization and psychotherapy*

15   *notes authorization are being served simultaneously with these requests.  Please make additional*

16   *copies of these forms as needed, complete one form for each medical provider seen for the*

17   *injuries associated with the allegations in this lawsuit, and return all forms with your responses*

18   *to these requests.]*

19
**RESPONSE:**   OBJECTION.   This request seeks information which is protected by the
20
physician-patient privilege.
21

22

23   **REQUEST NO. 31:**  Copies of your income tax returns, including all schedules and attachments

24   thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

25   **RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

26   Title VII claims.  Even if the information is relevant, production is not warranted since its

27   relevancy is substantially outweighed by prejudice of production.      The request also seeks
28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                          13
Civil Case No. 05-00037

1  information which constitutes confidential financial information of Plaintiff which is privileged

2  and protected from disclosure.

3

4  **REQUEST NO. 32:** All documents relating to any bankruptcy filing that you have made or to

5  which you were a party.

6

7  **RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's

8  Title VII claims. Even if the information is relevant, production is not warranted since its

9  relevancy is substantially outweighed by prejudice of production. The request also seeks

10 information which constitutes confidential financial information of Plaintiff which is privileged

11 and protected from disclosure. The request is also overly broad in temporal and geographic

12 scope.

13

14

15 **REQUEST NO. 33:** All non-privileged documents relating to any lawsuits (other than this one)

16 to which you are or were a party.

17 **RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's

18 Title VII claims. Even if the information is relevant, production is not warranted since its

19 relevancy is substantially outweighed by prejudice of production. The request is also overly

20 broad in temporal and geographic scope.

21

22

23 **REQUEST NO. 34:** All documents that refer or relate to your criminal convictions, if any.

24 **RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's

25 claims of employment discrimination and the defendants' defenses and the probative value of any

26 such criminal convictions on the issue of credibility does not substantially outweigh the prejudice

27 to Plaintiff of production, if there is anything to produce. Additional objection is made on the

28

ground that mere misdemeanor convictions which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence, and thus this request is overly broad.

Dated this 8th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

15

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 24 of 30



**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JAMES S. YEE'S RESPONSE TO DEFENDANT VERIZON'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| CALPAC, et al., | |
| Defendants. | |

**TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JAMES S. YEE ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Request for Production of Documents. Plaintiff reserves the right to supplement or correct his response to any particular request at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.      The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

1

Case 1:05-cv-00037    Document 550-4    Filed 03/19/2008    Page 25 of 30

**REQUEST NO. 26:**  All documents that refer or relate to the termination of your work on the Guam International Ring Project.

**RESPONSE:**  Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 27:**  All notes, scheduling or appointment books, diaries, journals, calendars, daytimers, time records, or chronologies maintained by you during the Guam International Ring Project or thereafter that relate to your work on the Project or any of the allegations contained in Plaintiffs' Complaint.

**RESPONSE:**  Such documents, if any were in Plaintiff's possession, have previously been provided to Verizon.

**REQUEST NO. 28:**  All documents that refer or relate to your efforts to secure employment, including independent contracting and self-employment, since you ceased performing work on the Guam International Ring Project, including, but not limited to:

      (i)     All memoranda, notes, correspondence, resumes or applications (prepared by you or on your behalf), or other documents mailed or otherwise transmitted by you to potential employers, customers, or clients;

      (ii)    All memoranda, notes, correspondence, or other documents received from potential employers, customers, or clients;

      (iii)   All documents relating to or identifying the persons who were involved in or who have assisted you in your efforts to secure employment, including independent contracting and self-employment; and

1      (iv)    All documents relating to any offers or negotiations regarding employment,

2                  including independent contracting and self-employment.

**RESPONSE:** OBJECTION. This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims. Even if the information is relevant, its relevancy is substantially outweighed by prejudice of production.

**REQUEST NO. 29:** All documents that refer or relate to any employment, including independent contracting and self-employment, you have had since you ceased performing work on the Guam International Ring Project, including, but not limited to, documents relating to:

    (i)     Your compensation;

    (ii)    Hours worked per week;

    (iii)   Your date of hire;

    (iv)   The duration of employment, independent contracting, or self-employment;

    (v)    The nature of your duties and responsibilities, including formal or informal job descriptions;

    (vi)   Any oral or written employment contract or agreement;

    (vii)   Any offer letter(s);

    (viii)  Any promises or representations made to you concerning your duties, salary, benefits, length of service, or other aspects of your employment;

    (ix)   Any bonus, incentive, or similar compensation plan;

    (x)    Any fringe benefit programs in which you participated or which were available to you, including, but not limited to, health insurance, disability pay, life and accident insurance, pension, profit-sharing, savings, deferred compensation, stock options, or any other benefits;

1     (xi)    Any discipline, write-ups, or warnings received; and

2     (xii)    The termination of any such employment, independent contracting, or self-

3         employment.

**RESPONSE:** OBJECTION. This request is overly broad in that it seeks information not relevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks confidential financial and employment information which is privileged and protected from disclosure.

**REQUEST NO. 30:** All documents, including medical and/or mental health records, that identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents which you allege in Plaintiffs' Complaint. *[A medical records authorization and psychotherapy notes authorization are being served simultaneously with these requests. Please make additional copies of these forms as needed, complete one form for each medical provider seen for the injuries associated with the allegations in this lawsuit, and return all forms with your responses to these requests.]*

**RESPONSE:** OBJECTION. This request seeks information which is protected by the physician-patient privilege.

**REQUEST NO. 31:** Copies of your income tax returns, including all schedules and attachments thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward.

**RESPONSE:** OBJECTION. This request seeks information which is irrelevant to Plaintiff's Title VII claims. Even if the information is relevant, production is not warranted since its relevancy is substantially outweighed by prejudice of production. The request also seeks

Henry G. Van Meter, et al., v. CAL PAC, et al.        13
Civil Case No. 05-00037

1  information which constitutes confidential financial information of Plaintiff which is privileged

2  and protected from disclosure.

3

4  **REQUEST NO. 32:**  All documents relating to any bankruptcy filing that you have made or to

5  which you were a party.

6

7  **RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

8  Title VII claims.  Even if the information is relevant, production is not warranted since its

9  relevancy is substantially outweighed by prejudice of production.  The request also seeks

10  information which constitutes confidential financial information of Plaintiff which is privileged

11  and protected from disclosure.  The request is also overly broad in temporal and geographic

12  scope.

13

14

15  **REQUEST NO. 33:**  All non-privileged documents relating to any lawsuits (other than this one)

16  to which you are or were a party.

17  **RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

18  Title VII claims.  Even if the information is relevant, production is not warranted since its

19  relevancy is substantially outweighed by prejudice of production.  The request is also overly

20  broad in temporal and geographic scope.

21

22

23  **REQUEST NO. 34:**  All documents that refer or relate to your criminal convictions, if any.

24  **RESPONSE:**  OBJECTION.  This request seeks information which is irrelevant to Plaintiff's

25  claims of employment discrimination and the defendants' defenses and the probative value of any

26  such criminal convictions on the issue of credibility does not substantially outweigh the prejudice

27  to Plaintiff of production, if there is anything to produce.  Additional objection is made on the

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    14
Civil Case No. 05-00037

ground that mere misdemeanor convictions which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence, and thus this request is overly broad.

Dated this 8th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

15

Case 1:05-cv-00037   Document 550-4   Filed 03/19/2008   Page 30 of 30