# EXHIBIT B

1  **LUJAN AGUIGUI & PEREZ LLP**
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*



6  ## IN THE UNITED STATES DISTRICT COURT OF GUAM

7  ## FOR THE TERRITORY OF GUAM

8

9  HENRY G. VAN METER, et al.,                  CIVIL CASE NO. 05-00037

10                             Plaintiffs,
            -vs-                               **PLAINTIFF LARRY L. CHARFAUROS'**
11                                             **RESPONSE TO DEFENDANT VERIZON'S**
    CALPAC, et al.,                            **INTERROGATORIES**
12
                               Defendants.
13

14  **TO:  Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
         **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**
15

16       Plaintiff LARRY L. CHARFAUROS ("Plaintiff") hereby provides his response to

17  Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

18  (collectively "Verizon") Interrogatories.  Plaintiff reserves the right to supplement or correct his

19  response to any particular interrogatory at a later time.

20
                        **PRELIMINARY STATEMENT**
21

22       These responses are made solely for the purpose of this action, without waiver of, and

23  with preservation of:

24       1.    The right to object to all questions as to competency, relevancy, materiality,

25  confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26  evidence for any purpose in any further proceeding in this action (including trial);

27

28

---

Henry G. Van Meter, et al., v. CAL PAC, et al.                                        1
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 2 of 29

2.     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

3.     The right to object on any ground at any time to future interrogatories, demands, document requests, requests for production, or other discovery proceeding; and

4.     The right at any time to revise, correct, and supplement or clarify any of the responses contained herein.

The following responses (and any further responses to these interrogatories or to their subject matter) are made expressly without acknowledgement of materiality or relevance of information or documents described in the interrogatories, or that said interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

1.     Plaintiff objects to each of these Interrogatories to the extent they purport to discover evidence or information that is protected by the attorney-client privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation, including litigation strategy, within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Federal Rules of Civil Procedure, which prerequisites have not been satisfied. If one or more responses or documents are produced that violate the attorney-client privilege or any other privilege, such response or production is inadvertent and is not intended as a waiver of such privilege.

2.     Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any interrogatory or any part thereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

2

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 3 of 29

admissible evidence. The fact that Plaintiff has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any interrogatory made by Plaintiff.

3. Plaintiff objects to each and every one of the subject interrogatories insofar as said interrogatories seek to elicit the legal reasoning and theories underlying the various contentions and defenses of Plaintiff, and further objects insofar as such interrogatories seek to compel disclosure of privileged information which constitute the work product and/or attorney-client communication of Plaintiff and his counsel of record.

4. Plaintiff further objects to each and every one of the interrogatories on the ground that said interrogatories are compound, overbroad, and burdensome:

a. The interrogatories are overbroad insofar as they seek to elicit information other than that possessed by Plaintiff, or agents of Plaintiff, or otherwise reasonably available to Verizon, or are contained in the documents currently possessed by, or under the control of, DTS.

b. The interrogatories are burdensome in that they purport to require Plaintiff to undertake extensive investigation beyond the scope called for in the Federal Rules of Civil Procedure.

c. The interrogatories are premature and burdensome in that discovery is just beginning in this action and the depositions of the propounding party and other third parties have not been taken, and many of the facts sought by these interrogatories are particularly within the knowledge of the propounding party, its employees, and other third parties.

5. The responses given below are based upon information that has been gathered to date. Plaintiff has not yet completed his investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed his preparation for trial. Consequently, Plaintiff may not be in a position to provide complete responses to each

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

3

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 4 of 29

interrogatory and the following responses are given without prejudice to Plaintiff's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best knowledge of Plaintiff, the information given herein is true and correct at this time, but Plaintiff reserves the right to correct inadvertent errors or omissions, if any such errors or omissions exist or are hereafter discovered.

6. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that any response is given to an interrogatory should not be taken as an admission, or as a concession, of the existence of any facts assumed by the interrogatory, or that Plaintiff's response constitutes evidence of any fact thus set forth or assumed.

7. By making these responses, Plaintiff does not concede that the interrogatories propounded nor the answers given thereto, are relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff expressly reserves the right to object to further discovery into the subject matter of these interrogatories, and reserves the right to object to the introduction into evidence of information, documents, or items produced in response to these interrogatories.

8. Each and every one of Plaintiff's individual responses to the interrogatories incorporates, and is to be read in light of, this Preliminary Statement and General Objections. Without waiving the foregoing objections, and specifically reserving the right to supplement responses in the future, Plaintiff responds to the interrogatories as follows based on such information and documents as are presently available.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If you deny Verizon's Requests for Admissions Nos. 1 or 3, please identify each Verizon employee or representative with whom you applied and/or

Henry G. Van Meter, et al., v. CAL PAC, et al.    4
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 5 of 29

interviewed for employment and the dates and locations of any such applications and/or interviews.

**ANSWER:**   On or about July 2004, I interviewed for employment with Calpac who also represented and was a joint employer with Verizon.

**INTERROGATORY NO. 2:** If you deny Verizon's Request for Admission No. 5, please state all facts to support your assertion that you were selected for hire by Verizon, including but not limited to, identifying the names of each Verizon employee or representative involved in the hiring process.

**ANSWER:** Verizon acted as a joint employer with Calpac during the MCI project. Verizon's "Company Representative" and "Project Manager" was Dennis Clark ("Clark") and Verizon, at least through Clark, enjoyed the power to remove any workers, such as myself, from the job site if he did not believe I was disciplined, orderly, skilled, or helping to maintain goodwill toward property owners and residents of communities near the work.

**INTERROGATORY NO. 3:**   If you deny Verizon's Request for Admission No. 8, please identify any training you assert Verizon provided to you, including but not limited to, the nature of the training, dates and locations thereof, and the names of each Verizon employee or representative involved in such training.

**ANSWER:**   At various times throughout my work on the MCI project, I received training, including but not limited to the following:  laying of conduits, pulling of fiber optics and coax cables, proofing, mixing of cement, paving roads, traffic control, safety, handling chemicals, usage of protective wear, depth of conduit, gluing and properly covering up conduit.  Clark of

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                                5
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 6 of 29

DTS, acting as Verizon's representative, and jointly with Calpac, provided training including the laying of conduit, the depth of conduit, and gluing and properly covering up conduit.

**INTERROGATORY NO. 4:** If you deny Verizon's Request for Admission No. 9, please identify the names of each Verizon employee or representative whom you assert evaluated you, the circumstances under which you were evaluated, and the nature of the evaluation.

**ANSWER:** Clark, as Verizon's representative, evaluated, inspected, and supervised my work. If Clark did not agree with the performance of the workers, then he would let me and the other workers know what needed to be done or corrected. Clark would also voice his frustrations regarding any perceived mistakes made by the workers on the project. Clark would then report to Verizon, including Jeff Buehler, regarding the work performed on the project.

**INTERROGATORY NO. 5:** If you deny Verizon's Request for Admission No. 10, please identify each employment decision you assert Verizon made or directed regarding you, and state all facts upon which you base your assertion that each such employment decision was made or directed by Verizon.

**ANSWER:** See Answer to Interrogatory No. 4 above. Additionally, Verizon, through Clark, discriminated against me and other workers by referring to us as "island monkeys" or "monkeys" and created a hostile work environment. Verizon, through Clark, also had the power to have any workers removed from the project, which is what I believe occurred after I complained about the discrimination.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

6

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 7 of 29

**INTERROGATORY NO. 6:** If you deny Verizon's Request for Admission No. 12, please state all facts supporting your assertion that your work schedule (including the particular days and hours worked) was determined by Verizon.

**ANSWER:** Under the Construction Agreement between Verizon and Calpac, Verizon paid the monies to Calpac for work on the project. If Calpac in any way breached the terms of the agreement, Verizon could possibly withhold payment, therefore leaving Plaintiff without work. In such case, Verizon could also suspend the work and keep Calpac on standby until the time Verizon, through Clark, chose to authorize Calpac and its workers (including Plaintiff) to resume work. Verizon, through Clark, also had the power to stop Plaintiff from working at any time he determined the public was placed in danger due to the manner Plaintiff performed the work. In such case, work would resume only when Verizon, through Clark, was satisfied that proper safety procedures were in place. Verizon also had the power to request an increase in Calpac's labor force, the number of shifts, and/or overtime operations, all without any additional payment by Verizon to Calpac, and Calpac had to promptly comply with Verizon's requests. See also Answer to Interrogatory No. 2.

**INTERROGATORY NO. 7:** If you deny Verizon's Request for Admission No. 15, please identify the names of each Verizon employee or representative whom you assert supervised your work performance on the Guam International Ring Project and state all facts to support your assertion that such individuals supervised your work performance.

**ANSWER:** Throughout my work on the MCI project, Verizon supervised my performance in installing conduit and performing other tasks required for the project. Clark directly supervised my work on the job site. Clark would then report to Jeff Buehler regarding the work performed.

Henry G. Van Meter, et al., v. CAL PAC, et al.     7
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 8 of 29

**INTERROGATORY NO. 8:** If you deny Verizon's Request for Admission No. 16, please identify each of the tools/instrumentalities you assert were provided by Verizon and the basis for your assertion that each was provided by Verizon, and explain how you utilized each such tool or instrumentality in performing your job duties on the Guam International Ring Project.

**ANSWER:** Such "tools/instrumentalities" include at least the following: handholes equipped with Act Units, cable warning markers, buried marker tape, and fiber optic cable. They were used in the installation of conduit.

**INTERROGATORY NO. 9:** If you deny Verizon's Request for Admission No. 18, please describe the scope of your work on the Guam International Ring Project.

**ANSWER:** My job included not only installing conduit, but also mixing cement, cleaning up the job site, and other tasks related to the installation of conduit.

**INTERROGATORY NO. 10:** If you deny Verizon's Request for Admission No. 19, please identify each project to which you assert Verizon had the right or authority to assign you, the process by which you were assigned, your role in each project, the names of each Verizon employee or representative involved in your assignment thereto, and the duration for which you worked on the project.

**ANSWER:** See Answers to Interrogatory Nos. 2 and 5.

**INTERROGATORY NO. 11:** If you deny Verizon's Request for Admission No. 20, please identify any salary, wages or other compensation you assert you received from Verizon and state all facts upon which you base your assertion that such compensation was provided to you by Verizon.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

8

1   **ANSWER:** See Answer to Interrogatory No. 6.

2

3   **INTERROGATORY NO. 12:** If you deny Verizon's Request for Admission No. 22, please
4
  identify all benefits, including but not limited to, medical, dental or other insurance, workers'
5
  compensation, or retirement benefits you assert Verizon provided to you, and state all facts upon
6
7   which you base your assertion that such benefits were provided to you by Verizon.

8   **ANSWER:** See Answer to Interrogatory No. 11.

9

10   **INTERROGATORY NO. 13:** If you deny Verizon's Request for Admission No. 26, please

11   identify all vacation days, personal leave, or other leaves of absence you assert Verizon provided

12   to you and state all facts upon which you base your assertion that such leave was provided to you

13   by Verizon.

14   **ANSWER:** Other than Verizon's status as joint employer, I am not aware of any vacation days,
15
  personal leave, or other formal leaves of absence Verizon provided to me. However, I do recall
16
  that I and the other workers were sent home early after a tool or instrument was not brought to the
17
18   job site. I believe this decision to send the workers home was made jointly by Calpac and

19   Verizon, through Clark.

20

21   **INTERROGATORY NO. 14:** If you deny Verizon's Request for Admission No. 28, please

22   state all facts upon which you base your assertion that Verizon terminated your employment.

23
  **ANSWER:** Verizon acted as joint employer with DTS and Calpac. Verizon had the power to
24
25   remove from the project workers it found objectionable. After I complained about the

26   discrimination I suffered at least from Clark, I was terminated. I believe Verizon played a role in

27   my termination, especially since my termination stems from the discrimination I experienced

28   including from Clark, Verizon's representative.

Henry G. Van Meter, et al., v. CAL PAC, et al.                9
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

**INTERROGATORY NO. 15:** If you deny Verizon's Request for Admission No. 30, please state all facts upon which you base your assertion that you are or were an employee of Verizon.

**ANSWER:** Verizon was a joint employer with DTS and Calpac over myself and other Calpac workers. Under the Construction Agreement between Verizon and Calpac, Verizon was provided sufficient authority and control over essential terms of Plaintiff's employment. Such authority and control includes but is not limited to: Verizon had the power to remove Calpac workers such as Plaintiff who it thought were not disciplined or skilled. Verizon also funded Plaintiff's compensation. If Calpac needed extra compensation for its workers, Verizon could have rejected such claims. Verizon had full access to the work and had the power to inspect Plaintiff's work performance. Verizon also could have required Calpac employees to work overtime. All the work performed on the job had to be done to the satisfaction of Verizon.

**INTERROGATORY NO. 16:** If you deny Verizon's Request for Admission No. 32, please state all facts upon which you base your assertion that you complained of any allegedly unlawful conduct to any personnel directly employed by Verizon.

**ANSWER:** I complained to my superiors in Calpac who then complained directly to Clark, Verizon's company representative. Clark and Calpac management were in contact with Jeff Buehler regarding the progress of the project and issues relating to the project.

**INTERROGATORY NO. 17:** If you deny Verizon's Request for Admission No. 33, please describe your knowledge of any relationship you assert existed between Dennis Clark and Verizon and the basis of such knowledge.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

10

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 11 of 29

1   **ANSWER:** From discovery received from the defendants in the course of this litigation, I have

2   discovered that Clark was Verizon's company representative and project manager on the MCI

3   project in Guam. I also discovered that Clark was previously employed by MCI directly.

4

5   **INTERROGATORY NO. 18:** Please identify each person whom you believe harassed you or

6   discriminated against you or retaliated against you during the time period at issue in Plaintiffs'

7   Complaint in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §

8   2000e, et seq.) ("Title VII"). For each person identified, please describe the person's connection

9   to Verizon and explain the conduct or actions taken that you believe constitute harassment,

10  discrimination and/or retaliation against you in violation of Title VII, including the dates when

11  such alleged conduct or actions occurred.

12

13  **ANSWER:** I was discriminated, harassed, and retaliated against by Clark, Calpac upper

14  management, DTS, and Verizon. Clark, Verizon's company representative, referred to me as an

15  "island monkey" or "monkey." The others approved, condoned, and ratified Clark's

16  discrimination and harassment when they did nothing to stop or discipline Clark. I was harassed

17  and retaliated against when Calpac, joint employer with Verizon and DTS, instituted a time card

18  policy after I made complaints regarding the discrimination. I was further retaliated against when

19  I was terminated from my employment by joint employers Calpac, DTS, and Verizon.

20

21

22  **INTERROGATORY NO. 19:** Please state all facts that support your contention that you

23  notified and/or complained to Verizon about the harassment, discrimination, and/or retaliation

24  identified in your answer to Interrogatory No. 18.

25

26  **ANSWER:** See Answer to Interrogatory No. 16 above. Also, I complained about the retaliation

27  when I filed EEOC charges against MCI, Calpac, and DTS and then filed the instant lawsuit.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              11
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 12 of 29

**INTERROGATORY NO. 20:** Please identify all communications you had with any Verizon employee or representative about the incidents set forth in your answer to Interrogatory No. 18.

**ANSWER:** Communications include the times of discrimination when Clark referred to me as an "island monkey" or "monkey." Further communications were made at the EEOC level and through my lawyer to Verizon representatives in this lawsuit. See also Answer to Interrogatory No. 16.

**INTERROGATORY NO. 21:** Please state all facts that support your contention that Verizon was "aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff."

**ANSWER:** Verizon was aware of the discrimination and other unlawful practices as its company representative Clark committed such acts. Calpac superintendent Don Harper also spoke directly to Clark about the discrimination and other unlawful practices. Calpac, which was aware of the discrimination and unlawful practices, and Clark were in frequent communication with Jeff Buehler of Verizon regarding the progress and goings-on in the project and so Buehler should have been aware, too. Also, as stated above, Verizon had the power to inspect the progress of the work, including the work of Calpac employees such as myself. Verizon had the power to remove anyone from the project who was not disciplined, orderly, skilled, or who endangered goodwill. Therefore, Verizon should have known about the discrimination and other unlawful practices. Verizon also was aware after EEOC charges were filed by the plaintiffs against them.

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    12
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 13 of 29

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at Cable Services Group.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    13
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 14 of 29

name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 15 of 29

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*



## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF ROLAND F. MENDIOLA'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:** **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff ROLAND F. MENDIOLA ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 16 of 29

2.     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

3.     The right to object on any ground at any time to future interrogatories, demands, document requests, requests for production, or other discovery proceeding; and

4.     The right at any time to revise, correct, and supplement or clarify any of the responses contained herein.

The following responses (and any further responses to these interrogatories or to their subject matter) are made expressly without acknowledgement of materiality or relevance of information or documents described in the interrogatories, or that said interrogatories are in any way reasonably ͘ᵗed to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

1.     Plaintiff objects to each of these Interrogatories to the extent they purport to discover evidence or information that is protected by the attorney-client privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation, including litigation strategy, within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Federal Rules of Civil Procedure, which prerequisites have not been satisfied.  If one or more responses or documents are produced that violate the attorney-client privilege or any other privilege, such response or production is inadvertent and is not intended as a waiver of such privilege.

2.     Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any interrogatory or any part thereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

2

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 17 of 29

admissible evidence. The fact that Plaintiff has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any interrogatory made by Plaintiff.

3. Plaintiff objects to each and every one of the subject interrogatories insofar as said interrogatories seek to elicit the legal reasoning and theories underlying the various contentions and defenses of Plaintiff, and further objects insofar as such interrogatories seek to compel disclosure of privileged information which constitute the work product and/or attorney-client communication of Plaintiff and his counsel of record.

4. Plaintiff further objects to each and every one of the interrogatories on the ground that said interrogatories are compound, overbroad, and burdensome:

a. The interrogatories are overbroad insofar as they seek to elicit information other than that possessed by Plaintiff, or agents of Plaintiff, or otherwise reasonably available to Verizon, or are contained in the documents currently possessed by, or under the control of, DTS.

b. The interrogatories are burdensome in that they purport to require Plaintiff to undertake extensive investigation beyond the scope called for in the Federal Rules of Civil Procedure.

c. The interrogatories are premature and burdensome in that discovery is just beginning in this action and the depositions of the propounding party and other third parties have not been taken, and many of the facts sought by these interrogatories are particularly within the knowledge of the propounding party, its employees, and other third parties.

5. The responses given below are based upon information that has been gathered to date. Plaintiff has not yet completed his investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed his preparation for trial. Consequently, Plaintiff may not be in a position to provide complete responses to each

Henry G. Van Meter, et al., v. CAL PAC, et al.                                      3
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

interrogatory and the following responses are given without prejudice to Plaintiff's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best knowledge of Plaintiff, the information given herein is true and correct at this time, but Plaintiff reserves the right to correct inadvertent errors or omissions, if any such errors or omissions exist or are hereafter discovered.

6. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses. The fact that any response is given to an interrogatory should not be taken as an admission, or as a concession, of the existence of any facts assumed by the interrogatory, or that Plaintiff's response constitutes evidence of any fact thus set forth or assumed.

7. By making these responses, Plaintiff does not concede that the interrogatories propounded nor the answers given thereto, are relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff expressly reserves the right to object to further discovery into the subject matter of these interrogatories, and reserves the right to object to the introduction into evidence of information, documents, or items produced in response to these interrogatories.

8. Each and every one of Plaintiff's individual responses to the interrogatories incorporates, and is to be read in light of, this Preliminary Statement and General Objections. Without waiving the foregoing objections, and specifically reserving the right to supplement responses in the future, Plaintiff responds to the interrogatories as follows based on such information and documents as are presently available.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If you deny Verizon's Requests for Admissions Nos. 1 or 3, please identify each Verizon employee or representative with whom you applied and/or

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    4
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

interviewed for employment and the dates and locations of any such applications and/or interviews.

**ANSWER:** On or about April 2004, I interviewed for employment with Calpac who also represented and was a joint employer with Verizon.

**INTERROGATORY NO. 2:** If you deny Verizon's Request for Admission No. 5, please state all facts to support your assertion that you were selected for hire by Verizon, including but not limited to, identifying the names of each Verizon employee or representative involved in the hiring process.

**ANSWER:** Verizon acted as a joint employer with Calpac during the MCI project. Verizon's "Company Representative" and "Project Manager" was Dennis Clark ("Clark") and Verizon, at least through Clark, enjoyed the power to remove any workers, such as myself, from the job site if he did not believe I was disciplined, orderly, skilled, or helping to maintain goodwill toward property owners and residents of communities near the work.

**INTERROGATORY NO. 3:** If you deny Verizon's Request for Admission No. 8, please identify any training you assert Verizon provided to you, including but not limited to, the nature of the training, dates and locations thereof, and the names of each Verizon employee or representative involved in such training.

**ANSWER:** At various times throughout my work on the MCI project, I received training, including but not limited to the following: laying of conduits, pulling of fiber optics and coax cables, proofing, mixing of cement, paving roads, traffic control, safety, handling chemicals, usage of protective wear, depth of conduit, gluing and properly covering up conduit. Clark of

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

5

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 20 of 29

1  DTS, acting as Verizon's representative, and jointly with Calpac, provided training including the

2  laying of conduit, the depth of conduit, and gluing and properly covering up conduit.

3

4

5  **INTERROGATORY NO. 4:**  If you deny Verizon's Request for Admission No. 9, please

6  identify the names of each Verizon employee or representative whom you assert evaluated you,

7  the circumstances under which you were evaluated, and the nature of the evaluation.

8  **ANSWER:**  Clark, as Verizon's representative, evaluated, inspected, and supervised my work.  If

9  Clark did not agree with the performance of the workers, then he would let me and the other

10  workers know what needed to be done or corrected.  Clark would also voice his frustrations

11

12  regarding any perceived mistakes made by the workers on the project.  Clark would then report to

13  Verizon, including Jeff Buehler, regarding the work performed on the project.

14

15  **INTERROGATORY NO. 5:**  If you deny Verizon's Request for Admission No. 10, please

16  identify each employment decision you assert Verizon made or directed regarding you, and state

17  all facts upon which you base your assertion that each such employment decision was made or

18  directed by Verizon.

19  **ANSWER:**  See Answer to Interrogatory No. 4 above.  Additionally, Verizon, through Clark,

20  discriminated against me and other workers by referring to us as "island monkeys" or "monkeys"

21

22  and created a hostile work environment.  Verizon, through Clark, also had the power to have any

23  workers removed from the project, which is what I believe occurred after I complained about the

24  discrimination.

25

26

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    6
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 21 of 29

**INTERROGATORY NO. 6:** If you deny Verizon's Request for Admission No. 12, please state all facts supporting your assertion that your work schedule (including the particular days and hours worked) was determined by Verizon.

**ANSWER:** Under the Construction Agreement between Verizon and Calpac, Verizon paid the monies to Calpac for work on the project. If Calpac in any way breached the terms of the agreement, Verizon could possibly withhold payment, therefore leaving Plaintiff without work. In such case, Verizon could also suspend the work and keep Calpac on standby until the time Verizon, through Clark, chose to authorize Calpac and its workers (including Plaintiff) to resume work. Verizon, through Clark, also had the power to stop Plaintiff from working at any time he determined the public was placed in danger due to the manner Plaintiff performed the work. In such case, work would resume only when Verizon, through Clark, was satisfied that proper safety procedures were in place. Verizon also had the power to request an increase in Calpac's labor force, the number of shifts, and/or overtime operations, all without any additional payment by Verizon to Calpac, and Calpac had to promptly comply with Verizon's requests. See also Answer to Interrogatory No. 2.

**INTERROGATORY NO. 7:** If you deny Verizon's Request for Admission No. 15, please identify the names of each Verizon employee or representative whom you assert supervised your work performance on the Guam International Ring Project and state all facts to support your assertion that such individuals supervised your work performance.

**ANSWER:** Throughout my work on the MCI project, Verizon supervised my performance in installing conduit and performing other tasks required for the project. Clark directly supervised my work on the job site. Clark would then report to Jeff Buehler regarding the work performed.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

7

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 22 of 29

1  **INTERROGATORY NO. 8:** If you deny Verizon's Request for Admission No. 16, please

2  identify each of the tools/instrumentalities you assert were provided by Verizon and the basis for

3  your assertion that each was provided by Verizon, and explain how you utilized each such tool or

4  instrumentality in performing your job duties on the Guam International Ring Project.

5  
6  **ANSWER:** Such "tools/instrumentalities" include at least the following: handholes equipped

7  with Act Units, cable warning markers, buried marker tape, and fiber optic cable. They were

8  used in the installation of conduit.

9  
10 **INTERROGATORY NO. 9:** If you deny Verizon's Request for Admission No. 18, please

11 describe the scope of your work on the Guam International Ring Project.

12 **ANSWER:** My job included not only installing conduit, but also mixing cement, cleaning up the

13 
14 job site, and other tasks related to the installation of conduit.

15 
16 **INTERROGATORY NO. 10:** If you deny Verizon's Request for Admission No. 19, please

17 identify each project to which you assert Verizon had the right or authority to assign you, the

18 process by which you were assigned, your role in each project, the names of each Verizon

19 employee or representative involved in your assignment thereto, and the duration for which you

20 worked on the project.

21 
22 **ANSWER:** See Answers to Interrogatory Nos. 2 and 5.

23 
24 **INTERROGATORY NO. 11:** If you deny Verizon's Request for Admission No. 20, please

25 identify any salary, wages or other compensation you assert you received from Verizon and state

26 all facts upon which you base your assertion that such compensation was provided to you by

27 Verizon.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              8
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037     Document 550-5     Filed 03/19/2008     Page 23 of 29

1  **ANSWER:** See Answer to Interrogatory No. 6.

2

3  **INTERROGATORY NO. 12:** If you deny Verizon's Request for Admission No. 22, please

4  identify all benefits, including but not limited to, medical, dental or other insurance, workers'

5  compensation, or retirement benefits you assert Verizon provided to you, and state all facts upon

6  which you base your assertion that such benefits were provided to you by Verizon.

7

8  **ANSWER:** See Answer to Interrogatory No. 11.

9

10  **INTERROGATORY NO. 13:** If you deny Verizon's Request for Admission No. 26, please

11  identify all vacation days, personal leave, or other leaves of absence you assert Verizon provided

12  to you and state all facts upon which you base your assertion that such leave was provided to you

13  by Verizon.

14  **ANSWER:** Other than Verizon's status as joint employer, I am not aware of any vacation days,

15  personal leave, or other formal leaves of absence Verizon provided to me. However, I do recall

16  that I and the other workers were sent home early after a tool or instrument was not brought to the

17  job site. I believe this decision to send the workers home was made jointly by Calpac and

18

19  Verizon, through Clark.

20

21  **INTERROGATORY NO. 14:** If you deny Verizon's Request for Admission No. 28, please

22  state all facts upon which you base your assertion that Verizon terminated your employment.

23  **ANSWER:** Verizon acted as joint employer with DTS and Calpac. Verizon had the power to

24  remove from the project workers it found objectionable. After I complained about the

25  discrimination I suffered at least from Clark, I was terminated. I believe Verizon played a role in

26  my termination, especially since my termination stems from the discrimination I experienced

27  including from Clark, Verizon's representative.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

9

Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 24 of 29

**INTERROGATORY NO. 15:** If you deny Verizon's Request for Admission No. 30, please state all facts upon which you base your assertion that you are or were an employee of Verizon.

**ANSWER:** Verizon was a joint employer with DTS and Calpac over myself and other Calpac workers. Under the Construction Agreement between Verizon and Calpac, Verizon was provided sufficient authority and control over essential terms of Plaintiff's employment. Such authority and control includes but is not limited to: Verizon had the power to remove Calpac workers such as Plaintiff who it thought were not disciplined or skilled. Verizon also funded Plaintiff's compensation. If Calpac needed extra compensation for its workers, Verizon could have rejected such claims. Verizon had full access to the work and had the power to inspect Plaintiff's work performance. Verizon also could have required Calpac employees to work overtime. All the work performed on the job had to be done to the satisfaction of Verizon.

**INTERROGATORY NO. 16:** If you deny Verizon's Request for Admission No. 32, please state all facts upon which you base your assertion that you complained of any allegedly unlawful conduct to any personnel directly employed by Verizon.

**ANSWER:** I complained to my superiors in Calpac who then complained directly to Clark, Verizon's company representative. Clark and Calpac management were in contact with Jeff Buehler regarding the progress of the project and issues relating to the project.

**INTERROGATORY NO. 17:** If you deny Verizon's Request for Admission No. 33, please describe your knowledge of any relationship you assert existed between Dennis Clark and Verizon and the basis of such knowledge.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

10

1  **ANSWER:** From discovery received from the defendants in the course of this litigation, I have

2  discovered that Clark was Verizon's company representative and project manager on the MCI

3  project in Guam. I also discovered that Clark was previously employed by MCI directly.

4

5  **INTERROGATORY NO. 18:** Please identify each person whom you believe harassed you or

6  discriminated against you or retaliated against you during the time period at issue in Plaintiffs'

7  Complaint in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §

8  2000e, et seq.) ("Title VII"). For each person identified, please describe the person's connection

9  to Verizon and explain the conduct or actions taken that you believe constitute harassment,

10  discrimination and/or retaliation against you in violation of Title VII, including the dates when

11

12  such alleged conduct or actions occurred.

13  **ANSWER:** I was discriminated, harassed, and retaliated against by Clark, Calpac upper

14  management, DTS, and Verizon. Clark, Verizon's company representative, referred to me as an

15  "island monkey" or "monkey." The others approved, condoned, and ratified Clark's

16  discrimination and harassment when they did nothing to stop or discipline Clark. I was harassed

17

18  and retaliated against when Calpac, joint employer with Verizon and DTS, instituted a time card

19  policy after I made complaints regarding the discrimination. I was further retaliated against when

20  I was terminated from my employment by joint employers Calpac, DTS, and Verizon.

21

22  **INTERROGATORY NO. 19:** Please state all facts that support your contention that you

23  notified and/or complained to Verizon about the harassment, discrimination, and/or retaliation

24  identified in your answer to Interrogatory No. 18.

25

26  **ANSWER:** See Answer to Interrogatory No. 16 above. Also, I complained about the retaliation

27  when I filed EEOC charges against MCI, Calpac, and DTS and then filed the instant lawsuit.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                    11
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 26 of 29

**INTERROGATORY NO. 20:** Please identify all communications you had with any Verizon employee or representative about the incidents set forth in your answer to Interrogatory No. 18.

**ANSWER:** Communications include the times of discrimination when Clark referred to me as an "island monkey" or "monkey." Further communications were made at the EEOC level and through my lawyer to Verizon representatives in this lawsuit. See also Answer to Interrogatory No. 16.

**INTERROGATORY NO. 21:** Please state all facts that support your contention that Verizon was "aware of, or should have been aware of, the discriminatory actions, unlawful employment practices, retaliation, and hostile work environment created by Defendants Clark, Healy, and Calpac against Plaintiff."

**ANSWER:** Verizon was aware of the discrimination and other unlawful practices as its company representative Clark committed such acts. Calpac superintendent Don Harper also spoke directly to Clark about the discrimination and other unlawful practices. Calpac, which was aware of the discrimination and unlawful practices, and Clark were in frequent communication with Jeff Buehler of Verizon regarding the progress and goings-on in the project and so Buehler should have been aware, too. Also, as stated above, Verizon had the power to inspect the progress of the work, including the work of Calpac employees such as myself. Verizon had the power to remove anyone from the project who was not disciplined, orderly, skilled, or who endangered goodwill. Therefore, Verizon should have known about the discrimination and other unlawful practices. Verizon also was aware after EEOC charges were filed by the plaintiffs against them.

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

12

Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 27 of 29

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** worked at: 1) Cable Services Group; 2) Advance Management, in Harmon Industrial Park; 3) JJ International Services. I now work in retail in Texas.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22 above.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 550-5    Filed 03/19/2008    Page 28 of 29

counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.


Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037   Document 550-5   Filed 03/19/2008   Page 29 of 29