LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*



FILED
DISTRICT COURT OF GUAM

APR 0 2 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>CALPAC, et al.,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' MOTION TO STRIKE (1) VERIZON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY ANSWERS, AND VERIFICATIONS; AND (2) VERIZON DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER** |

COME NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs") and respectfully move to strike (1) Verizon Defendants' Motion to Compel Production of Documents, Interrogatory Answers, and Verifications and (2) Verizon Defendants' Motion for Entry of a Protective Order, which were filed herein March 19, 2008.

Local Rule 16.5 provides that an extension of a deadline in the Scheduling Order must be made by motion and only upon a finding of good cause. Local Rule 7.1(f) provides that "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. to Strike Verizon Defs.' Mots.

ORIGINAL

1

this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be."

In this case, the Third Amended Scheduling Order set March 17, 2008, as the deadline for parties in this case to file discovery motions. However, Verizon filed two days past the deadline a motion to compel discovery and a motion for protective order. Verizon did so without ever seeking leave of Court to file the motions past the deadline and without ever moving being granted a motion to extend the discovery motion filing deadline. Therefore, Verizon's motions must be stricken or at the very least not considered by the Court.

Plaintiffs make this motion under the present circumstances, which do not include a further amendment to the scheduling order and discovery plan. Plaintiffs note that they have joined Verizon in a Joint Motion to Amend Scheduling Order, which, if granted, would extend the time for filing discovery motions. In the event that the joint motion is granted, Plaintiffs understand that the present motion would be moot.

Plaintiffs further note that, concurrent with the filing of this motion, they have filed an opposition to the motion to compel discovery. If this motion is not granted, Plaintiffs oppose the motion to compel on the grounds stated in their opposition.

**RESPECTFULLY SUBMITTED** this 2nd day of April, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. to Strike Verizon Defs.' Mots.

2

Case 1:05-cv-00037   Document 554   Filed 04/02/2008   Page 2 of 2