LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

FILED
DISTRICT COURT OF GUAM
APR 0 2 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al.,<br><br>Plaintiffs,<br>-vs-<br>CALPAC, et al.,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>**PLAINTIFFS' OPPOSITION TO VERIZON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY ANSWERS, AND VERIFICATIONS** |

COMES NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs"), respectfully submitting their opposition to Verizon Defendants' Motion to Compel Production of Documents, Interrogatory Answers, and Verifications, which was filed herein March 19, 2008.

## I. INTRODUCTION

Plaintiffs instituted this Title VII action on December 12, 2005, alleging that they were subjected to employment discrimination by defendants Calpac, Dynamic Technical Services ("DTS"), MCI, John Healy, Dennis Clark ("Clark"), William Ward, Jai James, and Does 1 through 10 (collectively "Defendants"). The Second Amended Complaint was filed on

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

ORIGINAL

1

Case 1:05-cv-00037  Document 555  Filed 04/02/2008  Page 1 of 11

September 7, 2007, naming Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., (collectively "Verizon Defendants" or "Verizon) in the stead of MCI.

On March 19, 2008, Verizon Defendants filed herein a Motion to Compel Production of Documents, Interrogatory Answers, and Verifications, which seeks production of Request for Production Nos. 28 through 32, answering of Interrogatory No. 25, and verifications by plaintiffs Roland Mendiola ("Mendiola") and Larry Charfauros ("Charfauros") of their respective answers to the Interrogatories.

Concurrent with the filing of Plaintiffs' opposition to Verizon's motion to compel, Plaintiffs have filed a motion to strike Verizon's motion, which Plaintiffs do not waive in submitting this Opposition.

## II. ARGUMENT

Verizon moves the Court to compel from Plaintiffs production of Request for Production Nos. 28 through 32, answering of Interrogatory No. 25, and verifications by plaintiffs Mendiola and Charfauros of their respective answers to the Interrogatories. Verizon's motion should be denied for the following reasons:

### A. Request for Production Nos. 28 and 29

Verizon's Request for Production Nos. 28 and 29 are overbroad as they seek information which is not relevant to Plaintiffs' Title VII claims. Request No. 28 seeks "[a]ll documents that refer or relate to your efforts to secure employment" post-termination from Calpac. Request No. 28 then specifies certain categories of documents included in this broad request. Request No. 29 seeks "[a]ll documents that refer or relate to any employment, including independent contracting and self-employment, you have had" post-termination from Calpac. Request No. 29 then specifies certain categories of documents included in this broad request.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

2

Case 1:05-cv-00037    Document 555    Filed 04/02/2008    Page 2 of 11

In Verizon's motion, it argues only that these documents are discoverable since they "are directly related to Plaintiffs' legal requirement to seek comparable employment and Plaintiffs' actual employment, earnings, and financial status since they ceased working on the Guam International Ring Project ...." (Mot. at 8.) However, the information requested in Request Nos. 28 and 29 are not limited to mitigation efforts but instead seek a blanket "all" documents which somehow refer or relate to mitigation efforts. Plaintiffs submit that not "all" such documents are necessary to establish Plaintiffs' post-Calpac employment searches and salaries. For example, Request No. 29 seeks not just documents relating to Plaintiffs' compensation but also documents relating to promises or representations made to Plaintiffs from presumably anyone concerning all "aspects of [their] employment," documents relating to health insurance, disability pay, life and accident insurance, pension, profit-sharing, savings, deferred compensation, stock options, and all other benefits, and documents relating to "any discipline, write-ups, or warnings received." All of these documents constitute, or are so broad so as to include, private financial and employment information of Plaintiffs which are irrelevant to a mitigation calculus. Verizon has less burdensome means of obtaining information to meet its burden of proving failure to mitigate. Verizon can simply ask Plaintiffs to state their post-Calpac job searches and salaries and periods of unemployment and reasons for such unemployment. In fact, Verizon has already deposed all Plaintiffs, with the exception of Roland Mendiola, and asked each of them specific questions relating to their employment and salaries post-Calpac and Plaintiffs provided answers to these questions. As to Mendiola, Plaintiffs and Verizon have jointly moved to amend the scheduling order to permit discovery, including Verizon's deposition of Mendiola where Verizon can ask Mendiola questions regarding his mitigation efforts. Therefore, Verizon's motion to compel should be denied as to Request Nos. 28 and 29.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

3

## B. Request for Production No. 30 and Interrogatory No. 25

Request for Production No. 30 and Interrogatory No. 25 both seek information from Plaintiffs which is protected from disclosure by the physician-patient privilege. Request No. 30 seeks "[a]ll documents, including medical and/or mental health records, that identify or otherwise refer or relate to the alleged injuries sustained as a result of the incidents which you allege in Plaintiffs' Complaint." Interrogatory No. 25 asks Plaintiffs to:

> Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

Verizon argues for disclosure of the information sought by Request No. 30 and Interrogatory No. 25 on the basis that Plaintiffs "have waived any claim of the [physician-patient] privilege by alleging facts and claiming damages in the SAC that place their emotional condition and injuries at issue in this case." (Mot. at 12.) In support of this argument, Verizon heavily relies upon two cases: Doe v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999), and Fitzgerald v. Cassil, 216 F.R.D. 632 (N.D. Cal. 2003). However, these cases are of no help to Verizon.

First, it must be noted that, although there is no federal physician-patient privilege protecting medical records from discovery, the Supreme Court has recognized a limited privacy interest in the confidentiality of one's medical records. Fritsch v. City of Chula Vista, 187 F.R.D. 614, 633 (S.D. Cal. 1999). In Fritsch, the defendants requested the names, addresses, and telephone numbers of "each and every health care provider which has provided any service" to the plaintiff, from 1988 to the present, and subpoenaed virtually all of the plaintiff's medical
Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

4

Case 1:05-cv-00037   Document 555   Filed 04/02/2008   Page 4 of 11

records for the same time period, as the defendants speculated that the medical records might contain information concerning possible sources of emotional distress in the plaintiff's life other than the events in that case. However, the court found that the potential relevance of the information sought by the defendants was "minimal." The court stated that "[t]he plaintiff need only show that defendants' actions were a substantial cause of her emotional distress, not the exclusive cause, in order to obtain damages for emotional distress. If the Plaintiff's relevant condition was substantially caused by the Defendants' conduct, '… the use of other psychological or emotional distress that a plaintiff suffered at other times will have only limited worth for defendants.'" Id. at 634 (quoting Bottomly v. Leucadia Nat'l, 163 F.R.D. 617, 620 (D. Utah 1995)). Therefore, the court found that the defendants' broad discovery requests for all of the plaintiff's medical records "approaches the outer bounds of relevance and the information requested may only marginally enhance the objectives of providing information to the parties or narrowing the issues," and that "any possible relevance of the requested information is clearly outweighed by the hardship to the plaintiff that would necessarily be incurred in providing her private medical records to her adversaries." Id.

Separate from the confidentiality interest in one's medical records is a psychotherapist-patient privilege that exists under the federal common law. Fitzgerald, 216 F.R.D. at 635. The Supreme Court observed that "psychotherapist-patient privilege is rooted in the imperative need for confidence and trust." Jaffee v. Redmond, 518 U.S. 1, 10 (1996). The privilege "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." Id. at 11. The Supreme Court stated that because the privilege will serve a "public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth, we hold that confidential

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

5

Case 1:05-cv-00037    Document 555    Filed 04/02/2008    Page 5 of 11

communcations between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Id. at 15.

In Fitzgerald, which Verizon has cited and relied on, the plaintiffs filed a complaint alleging violation of the Fair Housing Act and various state laws and claiming emotional distress and attendant bodily injury as a result of the defendants' conduct. The defendants subpoenaed the plaintiffs' medical and psychological records. The plaintiffs argued that the subpoenas should be quashed as they sought privileged information. The defendants argued that the psychotherapist-patient privilege had been waived. The federal court in California adopted the line of cases following Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997), which take a narrow approach in finding a waiver of the psychotherapist-patient privilege. 216 F.R.D. at 638. Under the narrow approach, courts have held that there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived. Id. at 636. In adopting the narrow approach, the Fitzgerald court reasoned that "the *Vanderbilt* line of cases is more consistent with *Jaffee*, which 'drastically change[d] the waiver formula' and emphatically rejected a balancing of the patient's interest in privacy against the need for the psychotherapist-patient communications by the party seeking discovery." Id. at 638 (quoting Vanderbilt, 174 F.R.D. at 229). The court stated that "the potential for abuse under the broad waiver approach is substantial." Id. The court also noted that, while adopting the narrow approach, basic fairness to the defendant could still be achieved as, for example, the defendant may cross-examine the plaintiff about other stressors or contributing factors that may explain or have contributed to the alleged emotional distress. The court also stated that the occurrence and dates of any psychotherapy would be subject to discovery. The defendant may elicit from the plaintiff the fact

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

6

that the plaintiff did not seek and obtain treatment or therapy for the alleged distress. The court stated that the defendant still has numerous avenues through which it can make its case without delving into the plaintiff's confidential communication with his therapist. Id.

Taking the narrow approach and applying it to the facts of that case, the Fitzgerald court found that the plaintiffs did not waive the psychotherapist-patient privilege. The plaintiffs there had stipulated that they would not affirmatively rely on any psychotherapist or other expert to prove the emotional distress damages suffered by the plaintiffs. Also, the plaintiffs had not pled a cause of action for intentional or negligent infliction of emotional distress and had not alleged a specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations. The plaintiffs also had not conceded that their mental condition as revealed in the records sought was "in controversy." Id. at 639-40.

Similarly, in Fritsch, the federal court in California found that the plaintiff did not waive the psychotherapist-patient privilege. In that case, the plaintiff brought suit claiming employment discrimination under the Americans with Disabilities Act and retaliation, and alleging violations of the California Fair Employment and Housing act, invasion of privacy, defamation, and breach of an implied contract of employment. The court stated that "the Plaintiff has not placed her mental or emotional condition 'at issue' in the present case by claiming to have suffered emotional distress as a result of Defendants' actions." 187 F.R.D. at 632. The plaintiff had not brought a claim for either intentional or negligent infliction of emotional distress; she did not allege that she suffered a psychiatric injury or disorder as a result of the defendants' conduct; she did not claim to suffer from unusually severe emotional distress; and she did not intend to offer expert testimony regarding her emotional distress. Instead, the plaintiff merely claims damages for emotional distress which she says she suffered as a result of defendants' actions as alleged in the complaint. The court stated that "[t]he mental suffering Plaintiff claims 'does not exceed the

Henry G. Van Meter, et al., v. Calpac, et al. 7
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

Case 1:05-cv-00037    Document 555    Filed 04/02/2008    Page 7 of 11

suffering and loss an ordinary person would likely experience in similar circumstances,' and constitutes 'matters that are within the everyday experience of the average juror.' " Id. (quoting Johnson v. Trujillo, 977 P.2d 152, 157-58 (Colo. 1999)). The court further stated that, even if the plaintiff can be said to have placed her mental or emotional condition at issue by claiming damages for emotional distress, the plaintiff there has not waived the psychotherapist-patient privilege since she has not put the substance of communications between herself and her psychotherapist at issue in the litigation. Id.

Like the plaintiffs in Fitzgerald and Fritsch, Plaintiffs here have not brought claims for intentional or negligent infliction of emotional distress. They have not alleged that they suffer from a specific psychiatric disorder or unusually severe emotional distress. While Plaintiffs years ago named Dr. Claire Ashe as a potential expert witness, they have not made the necessary expert disclosures (and in fact the time for doing so has long passed) and do not intend to call her or any experts to testify regarding Plaintiffs' emotional distress or mental anguish. Also, Plaintiff have not put the substance of any communications between themselves individually and a psychotherapist at issue in this litigation. Therefore, Plaintiffs have not waived any psychotherapist-patient privilege.

As to the request for medical records in order to ascertain whether some other stressors or events or conditions are responsible for Plaintiffs' emotional distress, such records are not relevant, as stated in Fritsch, since Plaintiffs only have to prove that Defendants' actions are a substantial cause Plaintiffs' emotional distress.

Moreover, Plaintiffs, with the exception of Mendiola, have been subjected to deposition by Verizon, wherein Verizon asked the Plaintiffs about their emotional distress and also asked whether they had sought treatment or counseling for such distress.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

8

Case 1:05-cv-00037   Document 555   Filed 04/02/2008   Page 8 of 11

Therefore, Plaintiffs are protected from disclosing the documents and information sought by Request No. 30 and Interrogatory No. 25.

**C. Request for Production Nos. 31 and 32.**

Request for Production No. 31 seeks confidential and private financial information of Plaintiffs. Request No. 31 seeks "[c]opies of your income tax returns, including all schedules and attachments thereto, and all Internal Revenue Service W-2 and 1099 forms, from tax years 2004 forward. Verizon argues that the tax returns documents are "relevant to the issue of Plaintiffs' alleged lost back pay and other damages, which Plaintiffs have put directly at issue by seeking lost income and other similar damages." (Mot. at 10-11.) To support its position, Verizon cites Northern District of California case Aliotti v. Vessel SENORA, 217 F.R.D. 496 (N.D. Cal. 2003). However, that case does the opposite.

In Aliotti, the court discussed the propriety of disclosing tax returns. While tax returns are not absolutely privileged, the court noted, "the Ninth Circuit recognizes 'a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.' " Id. at 497 (quoting Premium Serv. Corp. v. Sperry & Hutchison Co., 511 F. 2d 225, 229 (9th Cir. 1975)). "Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." Id. at 497-98.

The Aliotti court found that while the plaintiff's tax returns were clearly relevant in order to properly assess lost earnings, maintenance, and cure, the defendant had not met its burden of establishing a compelling need. The court recognized that the defendant had a legitimate basis for concern given the plaintiff's lack of clear recollection of all his prior jobs and earnings at his deposition. The court also recognized that the plaintiff had not produced complete documentation

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

9

of his earnings. Nonetheless, the court denied the defendant's motion to compel because "there are less intrusive means by which Defendant can obtain the needed information which have not been exhausted. For example, Defendant can obtain by focused interrogatories, Plaintiff's identification and explanation of all sources of income during the relevant time period before and after the accident." Id. at 498. The defendant could also propound an interrogatory that directly asks what the plaintiff's total earnings were for each year in question as reported in the plaintiff's tax returns. Id.

Here, Plaintiffs clearly raised an objection on the basis that Request No. 31 sought information that constitutes confidential financial information of Plaintiffs. (Mot. at 3.) While there is no absolute privilege against disclosing tax returns, the Ninth Circuit does recognize the public policy protecting such financial information. Even if the information on the tax return documents is relevant to the action, Verizon, like the defendant in Aliotti, has failed to prove a compelling need for the documents. Verizon has had full opportunity to obtain from Plaintiffs through interrogatories and depositions (except for Mendiola, as to deposition) an identification and explanation of all sources of income during the relevant period. Verizon has also had full opportunity to ask Plaintiffs directly what their total earnings were for each relevant tax year. In fact, Verizon did in fact request employment information from Plaintiffs in their interrogatories.

While Verizon heavily relies on a District Court of Kansas case, Johnson v. Krafts Foods N. Am., Inc., 236 F.R.D. 535 (D. Kan. 2006), that case is not controlling or even moderately persuasive as it was not decided by a court within the purview of the Ninth Circuit and does not recognize the Ninth Circuit's public policy of protecting tax returns from disclosure.

Therefore, Plaintiffs are protected from disclosing the documents sought in Request No. 31.

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

10

Case 1:05-cv-00037　　Document 555　　Filed 04/02/2008　　Page 10 of 11

As for Request for Production No. 32, it also seeks confidential financial information of Plaintiffs and is overbroad in temporal and geographic scope. Request No. 32 seeks "[a]ll documents relating to any bankruptcy filing that you have made or to which you were a party." In response to Plaintiffs' objection, Verizon only argues that it is willing "to limit the request to bankruptcy filings since 2004." (Mot. at 11.)

Plaintiffs admit that bankruptcy filings, if there any since 2004, made with a court, unless sealed or otherwise protected from disclosure, would be public record. However, all other documents, especially if there is a pending bankruptcy case, are irrelevant and constitute confidential financial information protected from disclosure. If Verizon's aim is to determine the income of Plaintiffs for relevant years, as stated above, it could simply have requested such information in interrogatories or at deposition. Therefore, Verizon's motion should not be granted as to Request No. 31.

### D. Verifications of Answers to Interrogatories

Plaintiffs agree that the Answers will be verified by Mendiola and Charfauros.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that Verizon's motion to compel production of documents, interrogatory answers, and verifications be denied.

**RESPECTFULLY SUBMITTED** this 2nd day of April, 2008.

> **LUJAN AGUIGUI & PEREZ LLP**
>
> By: _____
> **DELIA LUJAN**
> *Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Opp'n to Verizon Defs.' Mot. Compel

11

Case 1:05-cv-00037   Document 555   Filed 04/02/2008   Page 11 of 11