CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants Verizon Business
Purchasing LLC and Verizon Business Network Services, Inc.*

**FILED**
DISTRICT COURT OF GUAM

APR 0 4 2008 

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>VERIZON DEFENDANTS' REPLY TO CALIFORNIA PACIFIC TECHNICAL SERVICES LLC'S POSITION RE JOINT MOTION TO AMEND SCHEDULING ORDER |

California Pacific Technical Services, LLC ("CalPac") partially opposes the joint motion to vacate and amend the dates set forth in the Third Amended Scheduling Order filed by the Plaintiffs, the Verizon defendants ("Verizon"), and Dynamic Technical Services, Inc. Verizon submits this reply to CalPac's opposition.

CalPac acknowledges that the early June trial date is not feasible in light of, among other things, the unusually large number of dispositive motions which are pending, but opposes the re-opening of discovery. CalPac contends that it has been required to send a legal

representative and incur additional costs associated with discovery in this case. CalPac argues that if the motion is granted, CalPac would be required to participate in additional discovery.

Upon close examination CalPac's argument does not hold up well. The Proposed Fourth Amended Scheduling Order is limited in scope. The proposed amended schedule recognizes that discovery has been completed between all parties except between the Verizon Defendants and the plaintiffs. With regard to additional discovery, the proposed schedule would only permit Verizon to depose two fact witnesses located on Guam (Henry Quintanilla and Don Harper) and one plaintiff in Texas (Roland Mendiola). The proposed schedule would further permit the plaintiffs to depose three Verizon witnesses located in the U.S. mainland (Larry Sanders, Jeff Buehler, and Marty Hersh). The proposed schedule contemplates that any other depositions may only be permitted by motion made to the court.

The proposed amended schedule does not contemplate depositions that Verizon had not originally intended to take within the time frames of the current Scheduling Order. The fact that the time period for taking the remaining few depositions may be extended does not create an unforeseen expense for CalPac, and CalPac suffers no prejudice by the extension. The witnesses Verizon seeks to depose are important for Verizon's defense of this case. One witness is an off-island plaintiff in this action (Mendiola), and the other two are key fact witness in this case (Harper and Quintanilla). CalPac deposed Harper and Mendiola before Verizon was in the case, and CalPac's decision to attend Verizon's depositions of these witnesses would be completely discretionary. In fact, CalPac's participation depositions conducted by Verizon of plaintiffs who had been deposed by CalPac when Verizon was not a party, has been limited to asking, at most, a handful of questions. Quintanilla, who is a key fact witness, has not been previously deposed; Calpac tried to depose him without success. Thus, it would appear to be in CalPac's as well as Verizon's interest to permit the deposition of Quintanilla.

Verizon in good faith attempted to meet the discovery deadlines set in the Third Amended Scheduling Order, and to work with other counsel to accommodate everyone's schedules particularly in setting off island deposition dates. The delay in taking the remaining depositions has been primarily due to the fact that four of the deponents live on the U.S. mainland and arranging a convenient times for their depositions has taken longer than anticipated.

Verizon submits that good cause exits to extend the discovery dates as set forth in the Proposed Fourth Amended Scheduling Order. The extension will not delay trial and will not prejudice CalPac (the only party opposing the extension). The proposed depositions are important to the preparation for trial in this matter.

For the reasons set forth in the Motion and above, the joint motion to amend the scheduling order should be granted.

Respectfully submitted this 4th day of April, 2008.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.*