**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants*
*Verizon Business Purchasing LLC and*
*Verizon Business Network Services, Inc.,*
*Misnamed as MCI*

**FILED**
DISTRICT COURT OF GUAM
APR 0 9 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**VERIZON DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO VERIZON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY ANSWERS, AND VERIFICATIONS** |

Defendants Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc. (collectively "Verizon") moved the Court pursuant to Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure for an order compelling (1) all Plaintiffs to produce documents responsive to Request Nos. 28 through 32 in Verizon's Request for Production of Documents, which seek documents relating to Plaintiffs' claimed damages, (2) all Plaintiffs to answer fully Interrogatory No. 25 in Verizon's Interrogatories to each of Plaintiffs, which seeks information relating to Plaintiffs' alleged mental anguish and other injuries, and (3) Plaintiffs Mendiola and Charfarous to verify their answers to Verizon's Interrogatories. ("Motion to Compel") Plaintiffs oppose this motion on several grounds. Plaintiffs' arguments are without merit, and Verizon's Motion to Compel should be granted.

I. **The Court Should Compel Plaintiffs To Produce Documents In Response To Verizon's Requests For Production Nos. 28 And 29, Which Seek Documents Relating To Plaintiffs' Efforts To Secure Employment And Their Post-Calpac Employment And Income.**

Despite the fact that Plaintiffs have a legal obligation to mitigate their damages and are seeking "lost wages, benefits, bonuses, [and] back pay" in their Second Amended Complaint ("SAC") (SAC, Prayer, ¶¶ 1-2.), Plaintiffs take the position that they should not be required to produce *any* documents relating to their efforts to secure employment after Calpac terminated their employment or their post-Calpac employment, compensation, and benefits. Plaintiffs make two arguments in support of this position. Neither argument warrants permitting Plaintiffs to avoid legitimate discovery.

Plaintiffs first argue that Verizon's Requests for Production Nos. 28 and 29 are overbroad because they seek information that is not relevant to Plaintiffs' Title VII claims. (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 2.) As explained in Verizon's Motion to Compel, however, the Ninth Circuit has made clear that a "plaintiff *must* attempt to mitigate damages by exercising reasonable care and diligence in seeking reemployment after termination." *Cassino v. Reichhold Chem., Inc.*, 817 F.2d 1338, 1345 (9th Cir. 1987) (emphasis added). In addition, "[a]ny wages earned after termination, plus the amount the plaintiff would have earned if he had made reasonable efforts, *must* be subtracted from a back pay award." *Id.* (emphasis added); *see also*

*Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1985) ("The law explicitly states that interim earnings shall be deducted. 42 U.S.C. § 2000e-5(g). Thus, the lower court erred in not deducting the $1,336.00 from plaintiff's back pay award and we remand for correction of this error."). Thus, Verizon's Requests for Production Nos. 28 and 29 clearly seek discoverable documents, especially given that Plaintiffs are affirmatively seeking "lost wages, benefits, bonuses, [and] back pay."

Moreover, Plaintiffs' argument that portions of Verizon's requests are overbroad and seeks documents that are not "necessary" misconstrues the Rule 26 standard for the scope of discoverable information. (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 3.) The standard is not whether documents may be "necessary," but rather whether "the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . ." FRCP 26(b). Requests that seek documents that refer or relate to mitigation efforts and documents relating to benefits Plaintiffs have received after Calpac terminated their employment may lead to the discovery of admissible evidence and are, therefore, discoverable. Finally, even if Plaintiffs legitimately believe that some portions of Verizon's Requests for Production Nos. 28 and 29 are overbroad (which Verizon denies), Plaintiffs, nonetheless, apparently refuse to produce documents that cannot legitimately be considered non-discoverable, such as documents showing the wages earned by Plaintiffs after Calpac terminated their employment (*e.g.*, pay stubs, W-2s).

Plaintiffs also argue that they should not be compelled to produce documents relating to their mitigation efforts and post-Calpac employment because "Verizon can simply ask Plaintiffs to state their post-Calpac job searches and salaries and periods of unemployment and reasons for such unemployment." (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 3.) If accepted, Plaintiffs' argument would vitiate any need to ever answer interrogatories or requests for production; a party could simply respond that the information will be provided during a deposition. Unsurprisingly, courts have explicitly rejected such an argument. *See Oleson v. KMart Corp.*, 175 F.R.D. 570, 571-72 (D. Kan. 1997). In that case, the court rejected a party's argument that it should not be required to produce documents because "available information w[ould] be produced at a deposition . . ." *Id.* The court held, however, that "a party may not defer answering . . . by

suggesting that the information may be forthcoming during a deposition [and that] [t]he offer to make information available at the time of a subsequent deposition does not comply with [Rule 34]." *Id.*; *see also Day v. Boston Edison Co.*, 150 F.R.D. 16, 18 (D. Mass. 1993) (holding that reference to interrogatory answers in response to a request for production was improper and was, "in essence, no response at all").

Moreover, even if Plaintiffs could defer to their deposition testimony (which they cannot), in several cases, Plaintiffs have failed to recall in their deposition significant information about their post-Calpac employment, which leaves Verizon in the dark regarding, among other things, the dates of Plaintiffs' post-Calpac employment and their post-Calpac earnings and benefits. For example, during Verizon's deposition of plaintiff Teddy B. Cruz ("Cruz"), Cruz could not recall his exact rate of pay at the first job he held post-Calpac. (*See* Jan. 25, 2008 Deposition of Teddy B. Cruz, at 25:4-15, attached as **Exhibit A** to the Declaration of G. Patrick Civille ("Civille Decl.") filed herewith.) Similarly, Plaintiff Jerry Apodaca could not recall whether he received benefits at the first job he held post-Calpac. (Jan. 30, 2008 Deposition of Jerry Apodaca, at 16:2-3, Civille Decl. **Exh. B**.) Further, plaintiff John Babauta could not recall the exact amount he earned per hour for post-Calpac jobs. (Feb. 6, 2008 Deposition of John Babauta, at 24:19-23, Civille Decl. **Exh. C**.) Plaintiff Larry Charafauros also could not recall how long after Calpac terminated his employment, he began working for another employer, his rate of pay at the new employer, or how long he was employed by the new employer. (Jan. 28, 2008 Deposition of Larry Charafauros, at 21:22-22:4, 22:9-11, 22:21-22, Civille Decl. **Exh. D**.) Accordingly, because Verizon is entitled to such documents and, indeed, in light of the fact that Verizon has not been able to obtain relevant information through Plaintiffs' depositions, the Court should compel Plaintiffs to produce documents responsive to Verizon's Requests for Production Nos. 28 and 29.

II. **The Court Should Compel Plaintiffs To Produce Documents Relating To Plaintiffs' Alleged Mental Anguish And Other Injuries.**

Verizon's Request for Production No. 30 and Interrogatory No. 25 seek documents and information relating to Plaintiffs' medical, mental, or emotional condition or injuries. Despite the

- 4 -

fact that each Plaintiff has alleged that, as a result of Verizon's alleged unlawful actions, they have suffered "emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses . . .," *see* SAC, ¶¶ 63, 77, 91, 105, 119, 133, 147, 161, 183, 205, 228, 250, 271 and that this alleged "mental anguish, personal suffering, professional embarrassment, and public humiliation" warrants an award of $1,000,000 from each Defendant,[1] *See* SAC, Prayer of Relief, ¶ 2, Plaintiffs argue that they should not be compelled to produce *any* documents relating to the alleged mental anguish that has caused such significant damage.[2] As Verizon explained in its Motion to Compel, Plaintiffs' allegations place their emotional condition squarely at issue in this case and constitute a waiver of any protection afforded such documents.

In opposition to Verizon's Motion to Compel, Plaintiffs state that they now "do not intend to call [Dr. Claire Ashe] or any experts to testify regarding Plaintiffs' emotional distress or mental anguish." (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 8.) Plaintiffs, however, have not amended their disclosures to remove Dr. Ashe (*see* Oct. 3, 2006 Disclosure of Plaintiffs' Experts, Civille Decl. **Exh. E**) and, regardless, the severity of the alleged mental damage allegedly caused by Verizon entitles Verizon to answers and documents relating to this damage. Indeed, Plaintiffs' assertion that they have not alleged "unusually severe emotional distress" is belied by their claim for more than $1,000,000 in non-pecuniary damages from each Defendant. (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 8 .) *See also Doe v. City of Chula Vista*, 196 F.R.D. 562, 568-69 (S.D. Cal. 1999) (noting that the plaintiff had alleged "severe" emotional distress and was seeking $1,000,000 in non-pecuniary damages). Moreover, Plaintiffs' argument that they have not waived any protection merely because they have not asserted a separate count for infliction of emotional distress is the height of form over substance. Plaintiffs should not be permitted to avoid crucial discovery relating to such a significant element of their damages claim simply because they did not allege it as a separate count and, in fact, courts permit such discovery in the absence of a specific count for emotional distress. *See, e.g., Doe*, 196 F.R.D. at 568-69

---

[1] Plaintiffs' compensatory damages are, of course, capped under Title VII. *See* 42 U.S.C. § 1981a(b)(3).

[2] This issue may be close to resolution. In recent telephone conversations between counsel, Plaintiffs' counsel has indicated she might be willing to produce medical records, including at least some historical records, for those Plaintiffs who claim to have received medical treatment or incurred medical expenses arising from their claims.

(specifically rejecting the argument that mental health records are not discoverable where a plaintiff alleges only emotional distress damages); *E.E.O.C. v. Danka Industries, Inc.*, 990 F. Supp. 1138, 1141-42 (E.D. Mo. 1997).

In short, Plaintiffs want to have their cake and eat it, too. Plaintiffs have elected to seek $1,000,000 in non-pecuniary damages against each Defendant but argue that Verizon should not be entitled to documents relating to such significant alleged damage. As the court in *Doe* explained, however, while a defendant is free to cross-examine a plaintiff about his emotional damage:

> to insure a fair trial, particularly on the element of causation . . . defendants should have access to evidence that [the plaintiff's] emotional state was caused by something else. Defendants must be free to test the truth of [the plaintiff's] contention that she is emotionally upset *because of* the defendants' conduct. Once [the plaintiff] has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to the element of her claim.
>
> The court's decision is based primarily on its concern that the discovery process be *fair to both parties,* so that each side is able to present an effective and complete case to the jury. The rule adopted by this court does not operate to "balance" the patient's privacy interest against the defendant's need for the information. Rather, it recognizes that *if* the patient desires the jury to compensate her for damage to her emotional condition, then defendant is entitled to explore the circumstances caused that injury.

*Doe*, 196 F.R.D. at 569 (emphasis in the original). Thus, as long as Plaintiffs continue to claim that Defendants have caused such severe emotional harm, suffering, and mental anguish, Plaintiffs should be compelled to produce documents and information responsive to Verizon's Request for Production No. 30 and Interrogatory No. 25, including information and documents that may show that Defendants were not a substantial cause of Plaintiffs' alleged emotional distress.

### III. The Court Should Compel Plaintiffs To Produce Relevant Financial Information.

Verizon's Request for Production Nos. 31 and 32 seek documents pertaining to Plaintiffs' earnings and financial status. Request No. 31 seeks Plaintiffs' tax records, and Request No. 32 seeks documents regarding bankruptcy filings. In response to Verizon's Motion to Compel,

Plaintiffs argue yet again that Verizon is not entitled to Plaintiffs' financial documents, including Plaintiffs' tax returns, because Verizon "could simply have requested such information in interrogatories or at deposition." (Pls.' Opp. To Verizon's Mtn. to Compel, at p. 11.) Even if Plaintiffs' reason for avoiding this relevant discovery was legitimate (which, for the reasons explained above, it is not), the fact is that Verizon <u>has sought</u> detailed financial information from Plaintiffs through deposition questions and interrogatories. Even a cursory review of Plaintiffs' testimony and interrogatory answers, however, reveals that Plaintiffs' responses are wholly inadequate for providing any detailed basis for determining Plaintiffs' post-Calpac employment and earnings.

First, Plaintiffs' argument should be rejected because, as detailed above, Plaintiffs were unable to recall even the most basic information regarding their post-Calpac employment and earnings in response to deposition questions about their post-Calpac employment. *See* section I, *supra*. Moreover, Plaintiffs' argument that Verizon should rely on interrogatory answers is especially troubling given the virtually complete lack of meaningful information provided in response to Verizon's interrogatories. For example, Verizon's Interrogatory No. 24 asked Plaintiffs to provide detailed information regarding their damages, including the nature of each item of damage, how each item of damage was calculated, and the method of calculating damage. As explained above, any calculation of back pay must take into account post-termination earnings. *See, e.g, Nord v. United States Steel Corp.*, 758 F.2d 1462, 1471-72 (11th Cir. 1985). Rather than provide detailed information regarding their alleged damages, however, Plaintiffs provide nothing more than a list of the categories of damages they seek (*e.g.*, back pay, front pay, $1,000,000 in compensatory damages from each defendant) and wholly fail to provide any calculation of back pay as reduced by their post-Calpac earnings. (*See* Pls.' Responses to Verizon's Interrog. No. 24, Civille Decl. **Exh. F.**) Thus, there is no factual basis for Plaintiffs' assertion that their deposition testimony and interrogatory answers provide responsive information regarding their post-Calpac employment and earnings. Accordingly, the Court should compel Plaintiffs to produce documents responsive to Verizon's Requests for Production Nos. 31 and 32.

**IV. Conclusion.**

For the foregoing reasons, Verizon respectfully requests that the Court grant Verizon's Motion to Compel.

Respectfully submitted this 9th day of April, 2008.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: *[signature]*
G. PATRICK CIVILLE
*Defendants Verizon Business Purchasing LLC and Verizon Business Network Services, Inc.*