# EXHIBIT F

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagatña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

NOV 0 9 2007

*Attorneys for Plaintiffs*

4:20 pm  Wm

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JERRY APODACA, JR.'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

TO: **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JERRY APODACA, JR. ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jerry Apodaca, Jr.'s Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 2 of 51

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at: 1) Seoung Jin Construction; 2) Cable Services Group, in Harmon Industrial Park; 3) Agat Mayor's Office; 4) Dick Pacific; 5) Watts Construction; 6) Sun Jin Heavy Equipment.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22 above.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jerry Apodaca, Jr.'s Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 3 of 51

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: 

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jerry Apodaca, Jr.'s Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 4 of 51

## VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ___6___, 2007.


_____
JERRY APODACA, JR.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jerry Apodaca, Jr.'s Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 5 of 51

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

NOV 0 9 2007

4:20 pm fym

5  *Attorneys for Plaintiffs*

6          **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                  **FOR THE TERRITORY OF GUAM**

8

9  HENRY G. VAN METER, et al.,           | CIVIL CASE NO. 05-00037

                        Plaintiffs,
10
           -vs-                          **PLAINTIFF ANTHONY C. ARRIOLA'S**
11                                       **RESPONSE TO DEFENDANT VERIZON'S**
   CALPAC, et al.,                       **INTERROGATORIES**
12
                        Defendants.
13

14 **TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
           **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**
15

16        Plaintiff ANTHONY C. ARRIOLA ("Plaintiff") hereby provides his response to

17 Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

18 (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his

19 response to any particular interrogatory at a later time.

20                          **PRELIMINARY STATEMENT**
21
22        These responses are made solely for the purpose of this action, without waiver of, and

23 with preservation of:

24        1.      The right to object to all questions as to competency, relevancy, materiality,

25 confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26 evidence for any purpose in any further proceeding in this action (including trial);

27

28

---

Henry G. Van Meter, et al., v. CAL PAC, et al.                                      1
Civil Case No. 05-00037
Pl. Anthony C. Arriola's Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 6 of 51

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I recall that, after being terminated in 2004, I would do on-call landscaping. I was eventually hired in August 2005 at Balli Steel Guam, LLC, as a laborer. I am presently making a living by performing tasks such as hunting, fishing, and recycling.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Anthony C. Arriola's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 7 of 51

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DELIA LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Anthony C. Arriola's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 8 of 51

**VERIFICATION**

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ___6___, 2007.

**ANTHONY C. ARRIOLA**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Anthony C. Arriola's Response to Def. Verizon's Interrogatories

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

NOV 0 9 2007

4 *40pm 4pm*

5  *Attorneys for Plaintiffs*

6       **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7            **FOR THE TERRITORY OF GUAM**

8

9  HENRY G. VAN METER, et al.,              CIVIL CASE NO. 05-00037

10                          Plaintiffs,
                                             **PLAINTIFF JOHN P. BABAUTA'S**
        -vs-                                 **RESPONSE TO DEFENDANT VERIZON'S**
11                                           **INTERROGATORIES**
   CALPAC, et al.,
12
                            Defendants.
13

14 **TO:   Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
          **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**
15

16        Plaintiff JOHN P. BABAUTA ("Plaintiff") hereby provides his response to Defendants

17 Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively

18 "Verizon") Interrogatories.  Plaintiff reserves the right to supplement or correct his response to

19 any particular interrogatory at a later time.

20                          **PRELIMINARY STATEMENT**

21        These responses are made solely for the purpose of this action, without waiver of, and

22

23 with preservation of:

24        1.      The right to object to all questions as to competency, relevancy, materiality,

25 confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26 evidence for any purpose in any further proceeding in this action (including trial);

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              1
Civil Case No. 05-00037
Pl. John P. Babauta's Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 10 of 51

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at Alutiiq. I am currently self-employed performing small jobs including painting trucks.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John P. Babauta's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 11 of 51

1   **INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist,

2 psychologist, or other mental health practitioner with whom you have consulted for treatment,

3 counseling, or evaluation since 2000 for any of the following conditions, stating for each the full

4 name, address, phone number, and title of the identified treating professional: (a) mental or

5 emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation,

6 severe depression, degradation, and associated physical health problems such as headaches,

7 shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart

8 conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

10   **ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant

11 to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the

12 Second Amended Complaint and is not limited to injuries suffered as a result of the

13 discrimination, harassment, hostile work environment, retaliation, and other unlawful practices

14 suffered by Plaintiff. The information also is protected by the physician-patient privilege.

17     Dated this 6th day of November, 2007.

18                                 **LUJAN AGUIGUI & PEREZ** LLP

19                      By:

20                                 **DELIA LUJAN**
                                *Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John P. Babauta's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 12 of 51

# VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November _07_, 2007.

**JOHN P. BABAUTA**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John P. Babauta's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 13 of 51

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

NOV 0 9 2007

4: 2cpm Apm

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF LARRY L. CHARFAUROS'** |
| CALPAC, et al., | **RESPONSE TO DEFENDANT VERIZON'S** |
| | **INTERROGATORIES** |
| Defendants. | |

TO: **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff LARRY L. CHARFAUROS ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1. The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 14 of 51

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at Cable Services Group.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    13
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 15 of 51

name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Larry L. Charfauros' Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 16 of 51

**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

NOV 0 9 2007

4:20 pm

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JESSE B. CRUZ'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:** **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JESSE B. CRUZ ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.     The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's Response to Def. Verizon's Interrogatories

1

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at: 1) Astumbo Elementary School; 2) Island Development Company; 3) Hyatt Regency Guam.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    13
Civil Case No. 05-00037
Pl. Jesse B. Cruz's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 18 of 51

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 19 of 51

# VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November _____, 2007.

JESSE B. CRUZ

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 20 of 51

1 | **LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
2 | Pacific News Building, Suite 300
238 Archbishop Flores Street
3 | Hagåtña, Guam 96910
Telephone (671) 477-8064/5
4 | Facsimile (671) 477-5297

NOV 0 9 2007

4:20pm 11pm

5 | *Attorneys for Plaintiffs*

6 | **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7 | **FOR THE TERRITORY OF GUAM**

8

9 | HENRY G. VAN METER, et al.,      CIVIL CASE NO. 05-00037

10 |               Plaintiffs,

    -vs-          **PLAINTIFF ROBERT B. CRUZ'S RESPONSE**
11 |                      **TO DEFENDANT VERIZON'S**
CALPAC, et al.,          **INTERROGATORIES**
12 |               Defendants.

13

14 | **TO:**    **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
        **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

15

16 |       Plaintiff ROBERT B. CRUZ ("Plaintiff") hereby provides his response to Defendants

17 | Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively

18 | "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to

19 | any particular interrogatory at a later time.

20 |                   **PRELIMINARY STATEMENT**

21

22 |       These responses are made solely for the purpose of this action, without waiver of, and

23 | with preservation of:

24 |       1.    The right to object to all questions as to competency, relevancy, materiality,

25 | confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26 | evidence for any purpose in any further proceeding in this action (including trial);

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.          1
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 21 of 51

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 22 of 51

1    Dated this 6th day of November, 2007.

2                                                LUJAN AGUIGUI & PEREZ LLP

3                                          By:
                                                DELIA LUJAN
4                                                *Attorneys for Plaintiffs*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. Verizon's Interrogatories

15

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 23 of 51

# VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ___, 2007.

ROBERT B. CRUZ

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 24 of 51

1 | **LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
2 | Pacific News Building, Suite 300
238 Archbishop Flores Street
3 | Hagåtña, Guam 96910
Telephone (671) 477-8064/5
4 | Facsimile (671) 477-5297

5 | *Attorneys for Plaintiffs*

6 | ### IN THE UNITED STATES DISTRICT COURT OF GUAM

7 | ### FOR THE TERRITORY OF GUAM

8 |

9 | HENRY G. VAN METER, et al.,          CIVIL CASE NO. 05-00037

10 |                       Plaintiffs,

-vs-                           **PLAINTIFF TEDDY B. CRUZ'S RESPONSE**
11 |                                   **TO DEFENDANT VERIZON'S**
CALPAC, et al.,                   **INTERROGATORIES**

12 |                       Defendants.

13 |

14 | **TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
       **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

15 |

16 | Plaintiff TEDDY B. CRUZ ("Plaintiff") hereby provides his response to Defendants

17 | Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively

18 | "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to

19 | any particular interrogatory at a later time.

20 |

21 | ### PRELIMINARY STATEMENT

22 | These responses are made solely for the purpose of this action, without waiver of, and

23 | with preservation of:

24 | 1.      The right to object to all questions as to competency, relevancy, materiality,

25 | confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26 | evidence for any purpose in any further proceeding in this action (including trial);

27 |

28 |

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    1
Civil Case No. 05-00037
Pl. Teddy B. Cruz's Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037     Document 558-2     Filed 04/09/2008     Page 25 of 51

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at: 1) Cable Services Group; 2) Guam Memorial Hospital Authority.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:**

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Teddy B. Cruz's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037     Document 558-2     Filed 04/09/2008     Page 26 of 51

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Teddy B. Cruz's Response to Def. Verizon's Interrogatories

14

## VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ___6___, 2007.

TEDDY B. CRUZ

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Teddy B. Cruz's Response to Def. Verizon's Interrogatories

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

NOV 0 9 2007

4:20pm ɒpm

6              IN THE UNITED STATES DISTRICT COURT OF GUAM

7                    FOR THE TERRITORY OF GUAM

8

9  HENRY G. VAN METER, et al.,          CIVIL CASE NO. 05-00037

10                       Plaintiffs,
           -vs-                         **PLAINTIFF JOSEPH J. HERNANDEZ'S**
11                                      **RESPONSE TO DEFENDANT VERIZON'S**
   CALPAC, et al.,                      **INTERROGATORIES**
12
                         Defendants.
13

14  **TO:   Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
15       **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

16        Plaintiff JOSEPH J. HERNANDEZ ("Plaintiff") hereby provides his response to

17  Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

18  (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his

19  response to any particular interrogatory at a later time.

20                         **PRELIMINARY STATEMENT**

21

22        These responses are made solely for the purpose of this action, without waiver of, and

23  with preservation of:

24        1.    The right to object to all questions as to competency, relevancy, materiality,

25  confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26  evidence for any purpose in any further proceeding in this action (including trial);

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    1
Civil Case No. 05-00037
Pl. Joseph J. Hernandez's Response to Def. Verizon's Interrogatories
Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 29 of 51

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** Since I left Calpac, I have remained physically injured from the injury I suffered on at work on the MCI project. I presently babysit, landscape, and farm.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph J. Hernandez's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 30 of 51

**INTERROGATORY NO. 25:**  Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional:  (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph J. Hernandez's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 31 of 51

# VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November _____ 6 , 2007.

_Hernan M. Jr._
JOSEPH J. HERNANDEZ

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph J. Hernandez's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 32 of 51

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

NOV 0 9 2007

4:20pm From

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JOSEPH T. MENDIOLA'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JOSEPH T. MENDIOLA ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.    The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph T. Mendiola's Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 33 of 51

Then, I applied at Marianas CableVision and was hired. Then, I applied at Island Apparel and was hired.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** I have worked at Cable Services Group, MCV, and Island Apparel.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph T. Mendiola's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 34 of 51

shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph T. Mendiola's Response to Def. Verizon's Interrogatories

15

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 35 of 51

# VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November _____, 2007.

JOSEPH T. MENDIOLA

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Joseph T. Mendiola's Response to Def. Verizon's Interrogatories

**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

NOV 0 9 2007

4:20 pm ᵗᵖᵐ

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF ROLAND F. MENDIOLA'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:**  **Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff ROLAND F. MENDIOLA ("Plaintiff") hereby provides his response to

Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s

(collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his

response to any particular interrogatory at a later time.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and

with preservation of:

1.   The right to object to all questions as to competency, relevancy, materiality,

confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 37 of 51

International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** worked at: 1) Cable Services Group; 2) Advance Management, in Harmon Industrial Park; 3) JJ International Services. I now work in retail in Texas.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22 above.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment,

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 38 of 51

counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By:

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Roland F. Mendiola's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 39 of 51

**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

NOV 0 9 2007

*Attorneys for Plaintiffs*

4.20 pm from

# IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF JOHN L.G. NAUTA'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff JOHN L.G. NAUTA ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.      The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John L.G. Nauta's Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 40 of 51

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** I worked at Cable Services Group. After CSG, I applied at Latte Bus Tours and Marianas CableVision and Fleet Service. I am currently employed at MCV.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22 above.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John L.G. Nauta's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037     Document 558-2     Filed 04/09/2008     Page 41 of 51

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John L.G. Nauta's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037   Document 558-2   Filed 04/09/2008   Page 42 of 51

1

**VERIFICATION**

2      I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the

3  content of it, and the same is true of my own knowledge, except as to matters which are stated

4  upon information and belief, and as to those maters, I believe them to be true.

5      I declare under penalty of perjury that the foregoing is true and correct. Executed in

6  Guam on November  6  , 2007.

7

8

9      _____

   **JOHN L.G. NAUTA**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. John L.G. Nauta's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 43 of 51

LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

NOV 0 9 2007

*Attorneys for Plaintiffs*

4:20 pm Apm

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | |
| -vs- | **PLAINTIFF HENRY G. VAN METER'S RESPONSE TO DEFENDANT VERIZON'S INTERROGATORIES** |
| CALPAC, et al., | |
| Defendants. | |

**TO:    Defendants Verizon Business Purchasing, LLC, and Verizon Business Network Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**

Plaintiff HENRY G. VAN METER ("Plaintiff") hereby provides his response to Defendants Verizon Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively "Verizon") Interrogatories. Plaintiff reserves the right to supplement or correct his response to any particular interrogatory at a later time.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.    The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Henry G. Van Meter's Response to Def. Verizon's Interrogatories

1

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 44 of 51

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** In approximately February 2005, I applied at Cable Services Group and was hired. I later became employed by Island Apparel, where I still work.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** See Answer to Interrogatory No. 22 above.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Henry G. Van Meter's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 45 of 51

1  **INTERROGATORY NO. 25:**  Please identify each treating physician, psychiatrist,

2  psychologist, or other mental health practitioner with whom you have consulted for treatment,

3  counseling, or evaluation since 2000 for any of the following conditions, stating for each the full

4  name, address, phone number, and title of the identified treating professional:  (a) mental or

5  emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation,

6  severe depression, degradation, and associated physical health problems such as headaches,

7  shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart

8  conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

9  **ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant

10  to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the

11  Second Amended Complaint and is not limited to injuries suffered as a result of the

12  discrimination, harassment, hostile work environment, retaliation, and other unlawful practices

13  suffered by Plaintiff. The information also is protected by the physician-patient privilege.

17  Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Henry G. Van Meter's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037     Document 558-2     Filed 04/09/2008     Page 46 of 51

## VERIFICATION

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ____ 6 ____, 2007.

HENRY G. VAN METER

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Henry G. Van Meter's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 47 of 51

1  **LUJAN AGUIGUI & PEREZ LLP**
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

NOV 0 9 2007

4:20 pm ffm

6           **IN THE UNITED STATES DISTRICT COURT OF GUAM**

7                **FOR THE TERRITORY OF GUAM**

8

9  HENRY G. VAN METER, et al.,           | CIVIL CASE NO. 05-00037

                          Plaintiffs,
10                                        **PLAINTIFF JAMES S. YEE'S RESPONSE TO**
        -vs-                             **DEFENDANT VERIZON'S**
11                                        **INTERROGATORIES**
   CALPAC, et al.,
12
                          Defendants.
13

14 **TO:   Defendants Verizon Business Purchasing, LLC, and Verizon Business Network**
         **Services, Inc., by and through their Counsel of Record, Civille & Tang, PLLC**
15

16       Plaintiff JAMES S. YEE ("Plaintiff") hereby provides his response to Defendants Verizon

17 Business Purchasing, LLC's and Verizon Business Network Services, Inc.'s (collectively

18 "Verizon") Interrogatories.  Plaintiff reserves the right to supplement or correct his response to

19 any particular interrogatory at a later time.

20                          **PRELIMINARY STATEMENT**

21       These responses are made solely for the purpose of this action, without waiver of, and

22
   with preservation of:
23

24       1.     The right to object to all questions as to competency, relevancy, materiality,

25 confidentiality, privilege, and admissibility of the responses and the subject matter thereof as

26 evidence for any purpose in any further proceeding in this action (including trial);

27

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              1
Civile Case No. 05-00037
Pl. James S. Yee's Response to Def. Verizon's Interrogatories

**INTERROGATORY NO. 22:** Please describe specifically and in detail your efforts to find employment or establish self-employment since the date ceased performing work on the Guam International Ring Project with any person or entity, including, but not limited to: the identity of every employer or potential employer you have contacted, the identity of any job placement or referral agencies or headhunters you have contacted, full-time or part-time job assignments or positions you applied for or held, and job offers extended, even if declined.

**ANSWER:** After my termination due to discrimination and retaliation in 2005, I believe I applied with the following prospective employers: 1) Mr. Rubbishman; 2) Morrico; 3) BK Koko Recycling; 4) GTA; 5) Guam Power Authority; 6) Giant Construction; 7) JL Baker & Sons; 8) JS & Sons; 9) 4Js; 10) Dons Equipment; 11) Guam Construction Corp.; 12) USDA; 13) Pacific Trucking; 14) Smithbridge; 15) Guam Port Authority; 16) Prime Equipment; 17) Base Corp.; 18) Hoku Sino; 19) Cable Services Group; 21) Pacific Drilling, Inc.; 22) International Consolidated Contractors.

**INTERROGATORY NO. 23:** Please identify all employment you have had since the date you ceased performing work on the Guam International Ring Project (including independent contracting jobs and assignments).

**ANSWER:** I worked at: 1) Prime Equipment; 2) Base Corp.; 3) Hoku Sino; 4) Cable Services Group; 5) Pacific Drilling, Inc.; 6) International Consolidated Contractors.

**INTERROGATORY NO. 24:** Please describe any and all categories of damages claimed by you for discrimination, harassment and retaliation claims against Verizon, including, without limitation, the nature of each item of damage, the amount of each item of damage sought, the date each item of damage occurred, and the method for calculating such damage.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. James S. Yee's Response to Def. Verizon's Interrogatories

13

Case 1:05-cv-00037     Document 558-2     Filed 04/09/2008     Page 49 of 51

**ANSWER:** Plaintiffs seek damages including but not limited to damages for lost wages and benefits, bonuses, promotions, and interest, etc., backpay, front pay, as well as compensatory damages in the amount of at least $1,000,000 to each Plaintiff from each Defendant for mental anguish, personal suffering, public humiliation, and professional embarrassment. Plaintiffs also seek punitive damages and their attorney fees (hours multiplied by hourly rates) and costs.

**INTERROGATORY NO. 25:** Please identify each treating physician, psychiatrist, psychologist, or other mental health practitioner with whom you have consulted for treatment, counseling, or evaluation since 2000 for any of the following conditions, stating for each the full name, address, phone number, and title of the identified treating professional: (a) mental or emotional conditions or (b) stress, depression, anxiety, indigestion, mental anguish, humiliation, severe depression, degradation, and associated physical health problems such as headaches, shortness of breath, gastrointestinal complaints, sleeplessness, weight gain, weight loss, heart conditions, panic attacks, sexual dysfunction, alcohol or drug dependency, or high blood pressure.

**ANSWER:** OBJECTION. This interrogatory is overly broad as it seeks information not relevant to Plaintiff's Title VII claims since it is not limited to the relevant time frame set forth in the Second Amended Complaint and is not limited to injuries suffered as a result of the discrimination, harassment, hostile work environment, retaliation, and other unlawful practices suffered by Plaintiff. The information also is protected by the physician-patient privilege.

Dated this 6th day of November, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. James S. Yee's Response to Def. Verizon's Interrogatories

14

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 50 of 51

**VERIFICATION**

I have read the foregoing Response to Defendant Verizon's Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November ___6___, 2007.



JAMES S. YEE

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. James S. Yee's Response to Def. Verizon's Interrogatories

Case 1:05-cv-00037    Document 558-2    Filed 04/09/2008    Page 51 of 51