# GUAM FIBER RING

### WorldCom Purchasing, LLC
### Work Order - Change Order #1

All services and materials supplied under this Work Order are for the use and benefit of:
_X_ WorldCom Purchasing, LLC ___ Metropolitan Fiber Systems of _____, Inc., ___ Brooks Fiber Communications of _____, Inc., or ___ MCI MetroAccess Transmission Services, LLC (check the appropriate box) (hereinafter referred to as "Company").

Type of Work (check one):  ☐ Long Haul  ☐ Local

| | | | |
|---|---|---|---|
| Contractor Name: | **Dynamic Technical Services, LP** | | |
| Work Order Number: | 2521-201 | Date: | 6/10/04 |
| Project Name: | Guam Fiber Ring | Project Number: | 41988 |
| Project Location: | Island of Guam | AFE Number: | 41900 |

Authorization is confirmed for Contractor to perform the following services:

This change order to PO 7100025400 is required to support the change in the construction schedule which has moved the completion out to 12/31. Contractor shall continue to supply one engineer to perform engineering, project management, and inspection/locating activities with respect to the construction of a new 34 fiber international ring in Guam. The Project Manager shall be tasked with coordinating the activities of Company's construction contractor within an assigned geographic area. The PM shall research, evaluate and recommend routes; provide engineering services; support, coordinate and assure the quality of product produced by the construction contractor. He shall coordinate the efforts of Company's and the construction contractor's forces in assisting to acquire permits, both public and environmental; review and approve for submission information to be used in ordering materials and preparing construction and splicing contracts. He shall coordinate pre-bid job showings and pre-construction meetings; monitor and evaluate construction activities, including presenting required design changes to Company for approval, review and approve for submission to Company contractor quantities provided to Company for preparation of progress payment statements. Supervise all phases of Company supplied material acceptance, storage and distribution, including preparing reports of material deficiencies and surpluses; monitor and approve for submittal to Company final audit of splicing and construction contracts. He shall prepare, supervise, and approve for submittal to Company all engineering and as-built documentation; perform other duties as assigned by Company to include meeting of deadlines and maintaining effective cost controls. It is his further duty to ensure effective coordination with Company's departments and personnel actively working on the project. Contractor shall be entitled to charge Company at the rate of $580 per day for the engineer. This day rate shall include meals, lodging, and all other expenses, except for airfare, which may be billed to Company at a rate pre-approved by Company's Project Manager. This Work Order shall govern all services performed under Company's PO No. 7100025400, regardless of whether services were performed prior to the date of this Work Order.

The terms and conditions of that certain Outside Plant Engineering & Project Management Agreement (Contract #2521) between Company and Contractor dated 8/24/01 ("Agreement") shall control by reference and incorporation the services to be provided under this Work Order.

Date services to begin:  **Immediately**

Services projected to be completed no later than the following date: _____

Maximum Compensation  $  193,320

| | | |
|---|---|---|
| Authorized Representative: | | Date of Request: |
| Company Authorization by: | [signature] | Date Signed: 6/11/04  6/11/04 |
| Contractor Authorization by: | [signature] Ronda Harrell | Date Signed: 6/10/04 |

Company hereby entitles Contractor in writing of Company overriding the following rights as designated by selecting the appropriate "Require" box corresponding to each contract term. By selecting a "Defer" box, Company does not waive its rights to exercise that right at a later time of Company's choosing. Company reserves the right to change or amend its elections concerning the below designated contract rights at any time and for any reason by modifying Contractor of said changes in writing.

| Require | Defer | |
|---|---|---|
| ☐ | ☐ | Per Article 7, Company shall require ___ payment bond or ___ letter of credit from Contractor. |
| ☐ | ☐ | Per Article 7, Company shall require ___ payment bond or ___ letter of credit from Subcontractor. |
| | | If either or both are required, the total estimated cost of Bonds/Letters of Credit is _____ (included in "Maximum Compensation", above) |

**Attachments:**

☐ Description of work
☐ List of Subcontracted Work
☐ Project Setting Plan

☐ Project Budget (Project Financial Report PFR)
☐ Project Schedule
☐ Other _____

**Exhibit 2**

## WorldCom Purchasing, LLC
## Work Order

All services and materials supplied under this Work Order are for the use and benefit of:
_X_ WorldCom Purchasing, LLC ___ Metropolitan Fiber Systems of _____, Inc., ___ Brooks Fiber Communications of _____, Inc, or ___ MCI MetroAccess Transmission Services, LLC (check the appropriate box) (hereinafter referred to as "Company").

Type of Work (check one): ☐ Long Haul ☐ Local

| | | | |
|---|---|---|---|
| Contractor Name: | **Dynamic Technical Services, LP** | | |
| Work Order Number: | 2621-201 | Date: | 3/3/04 |
| Project Name: | Guam Fiber Ring | Project Number: | 41998 |
| Project Location: | Island of Guam | AFE Number: | 41998 |

Authorization is confirmed for contractor to perform the following services:

Contractor shall supply one engineer to perform engineering, project management, and inspection/locating activities with respect to the construction of a new 24 fiber international ring in Guam. The Project Manager shall be tasked with coordinating the activities of Company's construction contractor within an assigned geographic area. The PM shall research, evaluate and recommend routes; provide engineering services; support, coordinate and assure the quality of product produced by the construction contractor. He shall coordinate the efforts of Company's and the construction contractor's forces in assisting to acquire permits, both public and environmental; review and approve for submission information to be used in ordering materials and preparing construction and splicing contracts. He shall coordinate pre-bid job showings and pre-construction meetings; monitor and evaluate construction activities, including presenting required design changes to Company for approval, review and approve for submission to Company contractor quantities provided to Company for preparation of progress payment statements. Supervise all phases of Company supplied material acceptance, storage and distribution, including preparing reports of material deficiencies and surpluses; monitor and approve for submittal to Company final audit of splicing and construction contracts. He shall prepare, supervise, and approve for submittal to Company all engineering and as-built documentation; perform other duties as assigned by Company to include meeting of deadlines and maintaining effective cost controls. It is his further duty to ensure effective coordination with Company's departments and personnel actively working on the project. Contractor shall be entitled to charge Company at the rate of $580 per day for the engineer. This day rate shall include meals, lodging, and all other expenses, except for airfare, which may be billed to Company at a rate pre-approved by Company's Project Manager. This Work Order shall govern all services performed under Company's PO No. 7100025400, regardless of whether services were performed prior to the date of this Work Order.

The terms and conditions of that certain Outside Plant Engineering & Project Management Agreement (Contract #2621) between Company and Contractor dated 9/24/01 ("Agreement") shall control by reference and incorporation the services to be provided under this Work Order.

| | |
|---|---|
| Date services to begin: **Immediately** | Services projected to be completed no later than the following date: |
| | Maximum Compensation $ 81,980 |

Authorized Representative: _Jeff Buehler_

Company Authorization by: _____ S. Contract Admin._ Date of Request: Date Signed: 3/4/04

Contractor Authorization by: _Linda Hayes_ Date Signed: 03/04/04

Company hereby notifies Contractor in writing of Company exercising the following rights as designated by darkening the appropriate "Require" box corresponding to each contract term. By darkening a "Defer" box, Company does not waive its rights to exercise that right at a later time of Company's choosing. Company reserves the right to change or amend its elections concerning the below designation contract rights at any time and for any reason by notifying Contractor of said charges in writing.

| Require | Defer | |
|---|---|---|
| ☐ | ☐ | Per Article 7, Company shall require ___ payment bond or ___ letter of credit from Contractor. |
| ☐ | ☐ | Per Article 7, Company shall require ___ payment bond or ___ letter of credit from Subcontractor. |
| | | If either or both are required, the total estimated cost of Bonds/Letters of Credit is _____ (included in "Maximum Compensation", above) |

**Attachments:**
☐ Description of work
☐ List of Subcontracted Work
☐ Project Staffing Plan
☐ Project Budget (Project Financial Report PFR)
☐ Project Schedule
☐ Other _____

_Require Eto_
_INS._

Case 1:05-cv-00037    Document 588-4    Filed 04/11/2008    Page 2 of 54

# EXHIBIT F

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 378-2005-00192 |
| | | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Mrs., Ms.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Joseph J. Hernandez | (671) 477-3718 | 04-14-1971 |

Street Address ............................ City, State and ZIP Code

P.O. Box 2673 Hagatna, GU 96932

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CAL PAC | 15 - 100 | (671) 646-3646 |

Street Address .......................... City, State and ZIP Code

P.O. Box 8950, Tamuning, GU 96931

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address ......................... City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest 07-26-2004   Latest 09-25-2004   ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Cal Pac on June 14, 2004, to work on an installation project of underground cable in Guam for MCI.

Beginning on or about July 26, 2004, and continuing until around September 25, 2004, I was harassed on separate occasions by Dennis Clark, representative of MCI and employee of Dynamic Technical Services. Dennis Clark has made racially derogatory comments to me and fellow co-workers by referring to us as "monkeys" and "island monkeys."

I believe that I have been discriminated against due to my racial background, Pacific Islander, and national origin, Chamorro. I further believe that non-Caucasian employees as a class have been subjected to discrimination.

VER 002982

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2/2/05 _____ Date    Hernandez J. _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED
FEB 15 2005
CALPAC/EEOC 0479
EEOC HLO

# EXHIBIT G

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 378-2005-00240 |
| State or Local Agency, if any | | and EEOC |

| | | |
|---|---|---|
| Name (indicate Mr., Ms., Mrs.) **Mr. John P. Babauta** | Home Phone No. (Incl. Area Code) **(671) 565-2749** | Date of Birth **10-02-1971** |
| Street Address **124 San Antonio Street Santa Rita, GU 96915** City, State and ZIP Code | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **CAL PAC** | No. Employees, Members **15 - 100** | Phone No. (Include Area Code) **(671) 646-3646** |
|---|---|---|
| Street Address **P.O. Box 8950, Tamuning, GU 96931** City, State and ZIP Code | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate boxes.) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest **10-25-2004**  Latest **12-20-2004**  ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In October 2004, I was hired by CalPac to work on an installation project of underground cable in Guam for MCI.

On or about October 25, 2004, I was harassed by Dennis Clark, a representative of MCI and employee of Dynamic Technical Services. Dennis Clark made a racially derogatory remark to me and other coworkers by calling us "island monkeys."

On or about December 20, 2004, John Healy, a CalPac owner, announced in a meeting that workers would be immediately fired for notifying any authorities or agencies concerning their complaints of discrimination.

I believe I have been discriminated and retaliated against due to my racial background, Pacific Islander, and my national origin, Chamorro. I further believe that non-Caucasian employees as a class have been subjected to discrimination and retaliation.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date **040605** Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED APR 0 5 2005 EEOC HLO

CALPAC/EEOC0138

## VER 002990

# EXHIBIT H

## Tremblay, Kathleen K

**From:**    William J. Blair [wjblair@kbsjlaw.com]
**Sent:**    Tuesday, December 28, 2004 12:00 AM
**To:**       Tremblay, Kathleen K
**Subject:** RE: CALPAC Technical Services

Ms. Tremblay,

Attached is a letter I sent to the USEEOC yesterday. I was going to copy Mr. Reynold, but I am sending it to you instead.

Bill Blair

PS  If I get in the office earlier than 8 am tomorrow, I will try to call you.

**From:** Tremblay, Kathleen K [mailto:kathleen.tremblay@mci.com]
**Sent:** Tuesday, December 28, 2004 3:06 AM
**To:** 'Wjblair@kbsjlaw.com'
**Cc:** Rumeld, Harvey D; 'johnh@calpac.biz'
**Subject:** CALPAC Technical Services

Privileged and Confidential
Attorney Client Communication
Attorney Client Privilege
**Do not Produce or Forward.**

Mr. Blair:

Good morning. I am one of MCI's employment lawyers. As you may know from the e-mail strings, Harvey Rumeld, our Vice President of Employment Law, has been engaged in discussions with the EEOC investigator concerning charges of discrimination and retaliation raised by employees of Cal Pacific Technical Services who are working on an MCI contract in Guam.

I understand that you represent both Cal Pacific and its owner-manager, John Healy. I left you a voicemail in the hopes of having a discussion with you regarding the allegations raised to the EEOC. I can be reached at the numbers below. If you could please give me a call, that would be great.

Because of the sensitivity of this matter, and the EEOC time constraints imposed upon MCI relating to this matter, I am requesting, on behalf of MCI, that you suspend any plans to terminate any Cal Pac employees who are working as contractors for MCI on the project in Guam until we have had an opportunity to properly investigate the allegations.

If you get this email, please confirm that you will suspend any termination actions against the employees on this contract until we have completed our investigation. Likewise, please ensure no retaliatory actions other than "termination" will occur with respect to MCI's contractors on this project. I appreciate your cooperation in this matter and look forward to discussing this with you by phone.

**VER 004765**

12/28/2004

Thanks,
Kathleen Tremblay


Kathleen Kelly Tremblay
Associate Employment Counsel
MCI Law and Public Policy
1133 19th Street
Washington DC 20036
222.6247 vnet
202.736.6247 direct dial
202.736.6346 fax
Kathleen.Tremblay@mci.com

*This e-mail may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not the intended recipient, please advise by return e-mail and delete immediately without reviewing, copying or forwarding to others.*

**VER 004766**

December 28, 2004

**VIA FACSIMILE**
**(415) 625-5657**

H. Joan Ehrlich
District Director
U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA  94105-1260

       RE:   EEOC CHARGE NOS. 378-2005-00200 AND -00211

Dear Ms. Ehrlich:

       This law firm represents California Pacific Technical Services, LLC ("CalPac") and its member-manager John Healy. Mr. Healy has provided me with a copy of your faxed letter, dated December 23, 2004.

       CalPac welcomes the Commission's expedited investigation and will cooperate fully.  Mr. Healy believes that your investigation will establish that the claims made by Mr. Jesse Cruz are baseless.  Mr. Healy denies making any threat to terminate any employees who make complaints of unlawful discrimination and believes your investigation will establish that this is a total fabrication.

       CalPac cannot make any commitment not to let go any employees working on the MCI project.  It certainly will not retaliate against any employees, but it reserves the right to terminate any employees for justifiable cause or for legitimate business reasons.  CalPac's need for employees is driven by the work it has.  For this reason, and to remove the unjustified cloud that these allegations have put over the company and Mr. Healy, we urge the Commission to proceed with its investigation as soon as possible.

**VER 004767**

In this regard, your letter references two charge
numbers, but CalPac has received a copy of only one
complaint. Please provide a copy of the other.

Very truly yours,

KLEMM, BLAIR, STERLING & JOHNSON
A Professional Corporation


WILLIAM J. BLAIR

cc:   Mr. John Healy (via e-mail)
      Mr. Clem Reynold (via e-mail)

G49\08130-01
G:\WORD97\OFFICE\WORDDOC\LTR\WJB\1099-H J EHRLICH
(FAX) CALPAC TECH EEOC.DOC

**VER 004768**



Direct dial: (202) 736-6022

*VIA FEDERAL EXPRESS*

January 14, 2005

John Healy
California Pacific Technical Services, LLC
174B Harmon Industrial Park
Tamuning, Guam 96913

Re:     *EEOC Charges Of Discrimination By CalPac Former Employees Jesse B. Cruz, John Nauta, Teddy B. Cruz, James S. Yee and Norman S. Santos*

Dear Mr. Healy:

As you are aware, several of CalPac's former employees have filed with the EEOC charges of discrimination and retaliation against MCI. Specifically, Jesse B. Cruz, John Nauta, Teddy B. Cruz, James S. Yee and Norman S. Santos (collectively "Charging Parties") contend that MCI discriminated against them based on their race and national origin. Additionally, there is a retaliation claim against both you and Dennis Clark in which it is alleged that Dennis Clark made racially derogatory comments to the Charging Parties and their coworkers and, that during a meeting, you announced that workers would be fired immediately if they contacted any authorities or agencies concerning their discrimination complaints.

On January 7, 2005, we sent a letter (enclosed herein) to the EEOC investigator explaining that MCI should be dismissed from the Charges because, contrary to the assertions made by the Charging Parties, neither you nor Dennis Clark are MCI employees. We explained to the EEOC that you are the owner-manager of California Pacific Technical Services LLC ("CalPac") and that Dennis Clark is an employee of Dynamic Technical Services, LP ("Dynamic Technical"), and that both CalPac and Dynamic Technical are providing services to MCI under contracts. We explained that we do not have an employment relationship with any of CalPac's or Dynamic Technical's employees, including the Charging Parties and the alleged wrongdoers. We expect that you will confirm the status of your relationship with MCI as a contracting entity (not employee) and that neither you nor your employees will be representing yourselves as MCI employees or representative either internally or to the media.

Although MCI exercises no control over the staffing decisions of its contracting entities, MCI is deeply committed to providing equal employment opportunities for all individuals in accordance with all applicable laws, and expects the same commitment from its contractors. This letter serves to remind you that MCI does not condone discrimination based on race or any other protected status nor does MCI condone retaliation (including termination and corrective action) against individuals who may have lodged complaints against their employers.

**VER 003368**

Exhibit 1

In section 28.1 of CalPac's contract with MCI, CalPac agreed to comply with all applicable laws, regulations, ordinances, permits, and rules of the federal and state governments of the United States of America. MCI views this provision as including all equal opportunity laws and expects CalPac to ensure its employees comply with such laws.

I trust this letter makes MCI's position clear. If you have any questions, however, please feel free to call me at 202-736-6022.

Sincerely,

Harvey D. Rumeld
Vice President – Employment Law

Enclosures

cc:    Mr. Offen-Brown, EEOC

**VER 003369**



Direct dial: (202) 736-6022

*Via Fax*

January 14, 2005

Carlos Morales
Dynamic Technical Services, LP
1125 East Highway 121
Lewisville Texas 75057

Re:    *EEOC Charges Of Discrimination By CalPac Former Employees Jesse B. Cruz, John
Nauta, Teddy B. Cruz, James S. Yee and Norman S. Santos*

Dear Mr. Morales:

As you are aware, several former employees of California Pacific Technical Services LLC
("CalPac") have filed with the EEOC charges of discrimination and retaliation against MCI.
Specifically, Jesse B. Cruz, John Nauta, Teddy B. Cruz, James S. Yee and Norman S. Santos
(collectively "Charging Parties") contend that Dennis Clark (incorrectly identified as an MCI
employee in the Charge) discriminated against them based on their race and national origin.
Additionally, they have alleged that the owner-manager of CalPac, John Healy, retaliated against
them by announcing that workers would be fired immediately if they contacted any authorities or
agencies concerning their discrimination complaints.

On January 7, 2005, we sent a letter (enclosed herein) to the EEOC investigator explaining that
MCI should be dismissed from the Charges because, contrary to the assertions made by the
Charging Parties, neither John Healy nor Dennis Clark are MCI employees.  We explained to the
EEOC that John Healy is the owner-manager of California Pacific Technical Services LLC
("CalPac") and that Dennis Clark is an employee of Dynamic Technical Services, LP ("Dynamic
Technical"), and that both CalPac and Dynamic Technical are providing services to MCI under
contracts.  We explained that we do not have an employment relationship with any of CalPac's
or Dynamic Technical's employees, including the Charging Parties and the alleged wrongdoers.
We expect that you will confirm the status of Dennis Clark as a Dynamic Technical employee
(not an MCI employee) and that neither Dennis Clark nor any other employees of Dynamic
Technical will be representing themselves as MCI employees or representatives either internally
or to the media.

Although MCI exercises no control over the staffing decisions of its contracting entities, MCI is
deeply committed to providing equal employment opportunities for all individuals in accordance
with all applicable laws, and expects the same commitment from its contractors.  This letter
serves to remind you that MCI does not condone discrimination based on race or any other
protected status nor does MCI condone retaliation (including termination and corrective action)

**VER 003370**

against individuals who may have lodged complaints against their employers. MCI expects Dynamic Technical to ensure that its employees comply with all applicable equal opportunity laws.

I trust this letter makes MCI's position clear. If you have any questions, however, please feel free to call me at 202-736-6022.

Sincerely,

Harvey D. Rumeld
Vice President – Employment Law

Enclosure

cc:   Mr. Offen-Brown, EEOC

**VER 003371**

# EXHIBIT I



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00267
Person Filing Charge: **James S. Yee**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

**Please be advised that James S. Yee is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.**

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003452**

1125 East Hwy. 121. Lewisville, TX 75057 - Phone: 469.635.1300 - Fax: 469.635.1299

Defendant DTS
00004



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00277
Person Filing Charge: **John P. Babauta**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **John P. Babauta** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,


Harry Reinwald
Controller


**VER 003453**



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00265
Person Filing Charge: **Teddy B. Cruz**

Dear Ms. Mauga:

We are in receipt of the above captioned Notice of Charge of Discrimination.

Please be advised that **Teddy B. Cruz** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003454**



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00263
Person Filing Charge: **Joseph J. Hernandez**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Joseph J. Hernandez** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003455**

**Defendant DTS
00016**



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00266
Person Filing Charge: **John Nauta**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **John Nauta** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003456**

1125 East Hwy. 121, Lewisville, TX 75057 · Phone: 469.835.1300 - Fax: 469.835.1299

**Defendant DTS**
**00017**



**Dynamic Technical**
Services, L.P.

March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00269
Person Filing Charge: **Jerry Apodaca Jr.**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Jerry Apodaca Jr.** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003457**

Defendant DTS
00018



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00271
Person Filing Charge: **Joseph T. Mendiola**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Joseph T. Mendiola** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003458**



Services, L.P.

March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00272
Person Filing Charge: **Jesse B. Cruz**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination.</u>

Please be advised that **Jesse B. Cruz** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003459**

---

1125 East Hwy. 121, Lewisville, TX 75057 - Phone: 469.635.1300 - Fax: 469.635.1299

**Defendant DTS
00029**



DYNAMIC
**TECHNICAL**
Services, L.P.

March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00273
Person Filing Charge: **Larry L. Charfauros**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Larry L. Charfauros** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003460**



**DYNAMIC**
# Technical
Services, L.P.

March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00275
Person Filing Charge: **Robert B. Cruz**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Robert B. Cruz** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

# VER 003461



Services, L.P.

March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00276
Person Filing Charge: **Anthony Arriola**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Anthony Arriola** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003462**

1125 East Hwy. 121, Lewisville, TX 75057 - Phone: 469.635.1300 - Fax: 469.635.1299

Defendant DTS
00023



March 16, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00279
Person Filing Charge: **Roland F. Mendiola**

Dear Ms. Mauga:

We are in receipt of the above captioned <u>Notice of Charge of Discrimination</u>.

Please be advised that **Roland F. Mendiola** is NOT an employee of Dynamic Technical Services. Therefore, the discrimination that he alleges should not be filed against our company, but against his employer, Cal Pac. We do acknowledge that Dennis Clark who is mentioned in the particulars is our employee.

Accordingly, please dismiss his charge against our company forthwith. Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Harry Reinwald
Controller

**VER 003463**

Defendant DTS
00024



**Dynamic Technical Services, L.P.**

January 18, 2005

Ms. Emily Mauga
Administrative Clerk
U.S. Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd.
Room 7-127
Honolulu, HI 96850

EEOC Charge #378-2005-00261

Dear Ms. Mauga:

We are in receipt of the above captioned Notice of Charge of Discrimination that was filed by Henry G. Van Meter.

While the Charge of Discrimination does make reference to Dennis Clark, who is an employee of Dynamic Technical Services, we are NOT the employer of Henry G. Van Meter.

Therefore, the discrimination that he alleges should not be filed against our company, but against Cal Pac, who is Mr. Van Meter's employer.

Please provide us written confirmation that this charge has been dismissed based upon this information at your earliest convenience.

If you have any further questions or comments, please do not hesitate to call.

Sincerely,

Carlos Morales
President

**VER 003464**

Defendant DTS
00030

1125 E. Hwy. 121 • Lewisville, TX 75057 • Phone 469 635 1300 • Fax 469 635 1299

# EXHIBIT J

**From:** Dennis Clark [dpclark@ite.net]
**Sent:** Sunday, December 19, 2004 8:35 PM
**To:** Buehler, Jeffery P
**Cc:** Linda Hayes
**Subject:** Protest

*Jeff;*

*This morning I received a call from Arleen at the MCI office saying that there several people protesting in front of the MCI office. This is an example of the lengths that Don Harper will go to in an attempt to get me off the Island. There is, needless to say, no basis for their claim. They are saying that I called the guys who got laid off monkeys and therefore I am a raciest. II have never been anything other than respectful to the people who work for Cal Pac. I have never made any raciest comment about anyone on this island nor would I. Of course, it is strictly my word against theirs. I, of course, do not want to cause MCI any embarrassment.*
*Please see attached pictures*

*Regards*
*Dennis*

**VER 004731**

# EXHIBIT K

# IN THE DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY APODACA ) CIVIL CASE NO. CIVO5-00037
JR., JOSEPH J. HERNANDEZ, JOSEPH )
T. MENDIOLA, LARRY L. CHARFAUROS,)
ANTHONY C. ARRIOLA, ROBERT B.    )
CRUZ, ROLAND F. MENDIOLA, JAMES  )
S. YEE, TEDDY B. CRUZ, JESSE B.  )
CRUZ, JOHN L.G. NAUTA, and JOHN  )
P. BABAUTA,                      )
                                 )
                  Plaintiffs,    )
                                 )
          vs.                    )
                                 )
CALPAC, DYNAMIC TECHNICAL        )
SERVICES, MCI, JOHN HEALY, DENNIS)
CLARK, WILLIAM WARD, JAI JAMES   )
and DOES 1 through 10,    .      )
                                 )
                  Defendants.    )

**⏹ COPY**

## DEPOSITION OF DONALD J. HARPER

Taken on Behalf of California Pacific Technical Services

BE IT REMEMBERED That, pursuant to the Federal
Rules of Civil Procedure, the deposition of **DONALD J. HARPER**
was taken before Cecille A. Flores, a Certified Shorthand
Reporter, on the 16th and 20th days of February 2007, in the
offices of Blair Sterling Johnson Martinez & Leon Guerrero,
Suite 1008, Pacific News Building, 238 Archbishop Flores
Street, Hagatna, Guam.

Flores Court Reporting
Suite 2E, Jugo Building
618 Route 8
Barrigada, Guam 96913
Tel: (671) 734-1041 * Fax: (671) 734-1045

**RECEIVED**
CARLSMITH BALL
DATE: 3·30·01   TIME: 9·52 98

1     A     Just, I guess, for what an owner does.

2     Q     But he wasn't involved in the day-to-day operations

3  of the company?  That was you and Bob and Tim?

4     A     No, he was aware of the day-to-day.  There was daily

5  communication with him.  I mean, other than that, that's as

6  close as it got.

7     Q     Did he do the job interviews with the prospective

8  laborers?

9     A     No, I don't believe so.

10    Q     Who did that?

11    A     Either be me, Bob or Tim Camacho or Tim Camacho's

12  replacement and I can't remember his name.  After that.

13    Q     What was the role of Dennis Clark?

14    A     Dennis Clark was -- he was a representative of MCI.

15  He was basically quality control, I would guess.  For MCI.

16  He was there to make sure that the product was installed per

17  their specifications.

18    Q     You had MCI provide a set of specifications you were

19  supposed to follow?

20    A     Yes.

21    Q     Describe how those were presented to you.

22    A     Drawings with details.

23    Q     Do they also have a manual of specifications?

24    A     Not really.  Not that I know of.

25    Q     So you say he was the quality control.  Was he then

Case 1:05-cv-00037     Document 588-4     Filed 04/11/2008     Page 34 of 54

1    A    I don't know how much Dennis Clark worked, but he
2  was there on site, I would say, 85 to 90 percent of the time.
3    Q    85 to 90 percent of the time?
4    A    Yeah.
5    Q    So certain hours a day or six or seven hours a day
6  he was right there with the crew?
7    A    Yeah, pretty much.  I mean, except for long lunches
8  and stuff, he was -- he was there.
9    Q    Did your relationship with Dennis Clark deteriorate
10 at any point in time?
11   A    My working relationship?
12   Q    Yes.
13   A    Yes.
14   Q    When was that, do you recall?
15   A    Probably the last six weeks of my employment with
16 CalPac.
17   Q    What was the cause of that?
18   A    It was his comments and things that he would make
19 and the working relationship that was between him and the
20 employees.
21   Q    Did you ever have disagreements about the quality of
22 the work that your crew was performing?
23   A    Yes.
24   Q    What were some of those disagreements?  Describe
25 them.

*Donald J. Harper: February 16, 2007*

1    A    Digging in Agana, he insisted that we dig below

2  utility lines.  The contract said we should dig two feet

3  deep, he was insisting that we dig underneath them and we

4  didn't feel we should be.  We had a permit restriction

5  because of the archaeological dig zone in Agana that we can't

6  go below two and he wanted us to go deeper so that his

7  utility was further away from other utilities.

8    Q    How was that resolved?

9    A    We dug deeper.

10   Q    That would have been at the beginning of the

11 project?

12   A    Yeah, yeah.

13   Q    Any other disagreements?  Do you recall any other

14 specific incidents where you --

15   A    Yeah, it wasn't anything major.  I mean, he would

16 measure the depth of the marking tape, how deep it was in the

17 trench and he'd want it either a little deeper or a little

18 more shallow.  He'd want more covering or -- nothing major.

19   Q    Like you said, this was part of quality control?

20   A    Yeah.

21   Q    And he was ensuring that the project conformed to

22 the specifications of MCI as he interpreted it?

23   A    Correct.

24   Q    To your knowledge, did he have other experience

25 working on other MCI projects?

*Donald J. Harper: February 16, 2007*

149

*Van Meter, et al vs. CalPac, et al: CIV05-00037*

1    A    I would put my name on them and then he would take
2  my name off and then put his on, I believe, to send to MCI.

3    Q    Have you ever saw one of the final reports sent to
4  MCI?

5    A    Yes.

6    Q    You said you signed them and then he took your name
7  off?

8    A    Yes.

9    Q    Do you recall if any of these incidents on the job
10 sites were ever reflected in these reports?

11    A    Yes.

12    Q    Did you put them on the report?

13    A    Yes.

14    Q    So you would say, there was an incident on the job
15 site today, altercation between me and Mister -- how exactly
16 would you describe one of these incidents?

17    A    The -- the excavation down in Agana, there was at
18 least ten days of complaints.

19    Q    And you would put these on the daily reports?

20    A    Yes.

21    Q    Did you keep copies of those daily reports?

22    A    No.

23    Q    What about the later incidents after the Phase 1
24 incident?

25    A    No.  I -- I -- there wasn't -- I didn't feel the

*Donald J. Harper: February 20, 2007*

1　daily report was a place -- I put comments that I thought was

2　about business and work. The racial things I just took

3　straight to management. It wasn't something I'd put on a

4　daily report.

5　　Q　Let me just understand. Did any of these racial

6　comments when Mr. Clark -- you started having problems with

7　him right from the get-go it sounds like, is that fair to

8　say?

9　　A　Actually, it wasn't -- no, it wasn't too bad. It

10　was -- in the beginning it was pretty cordial business.

11　Other than the frustrations of what I thought we shouldn't be

12　doing outside the guidelines on the permit, no, the first

13　month or so wasn't too bad.

14　　Q　So when did the first shovel through the dirt get

15　turned over?

16　　A　In Agana.

17　　Q　When do you recall?

18　　A　I don't remember the month.

19　　Q　We would know from the daily progress reports?

20　　A　Yes.

21　　Q　Let me understand. During the time that Tim Camacho

22　was the General Manager and when Bob Thompson was still with

23　the company, did any of these incidents occur during their

24　tenures?

25　　A　Most all of this, I think, happened afterwards with

*Van Meter, et al vs. CalPac, et al: CIV05-00037*

184

1        MR. BLAIR:  No more.  Last time, I promise.

2

3             RE-CROSS EXAMINATION

4   BY MS. McDONALD:

5        Q    When you had the informal evaluation discussions

6   with John Healy, did anybody else participate?

7        A    No.

8        Q    Dennis Clark wasn't part of those conversations?

9        A    No.

10       Q    You said after the first complaint was made to you

11  the job got harder with Dennis Clark.  Could you elaborate on

12  that, what you meant by it getting harder?

13       A    I felt like Dennis was -- I felt like he was -- all

14  the guys were out to get him after that.

15       Q    What do you mean by that?

16       A    It was almost like a paranoia.  He thought everybody

17  was trying to make mistakes just to make him angry.  It

18  seemed like he was happier around the guys until the first

19  time the complaint happened, such as the guys parking on the

20  marking on the road and not putting the concrete in as I

21  explained Friday.  I don't think that was something he would

22  have been upset about before.

23       Q    Would you say that Clark was afraid of the workers?

24       A    No, absolutely not.

25       Q    You say that he was acting differently.  Did he say

*Donald J. Harper: February 20, 2007*

NOTARY PUBLIC'S CERTIFICATE

BARRIGADA ) ss

       I, Cecille A. Flores, Notary Public in and for Guam, do hereby certify that on the 16th & 20th day of February, 2007 at the hours of 3:00 and 2:00 p.m. there appeared before me **DONALD J. HARPER** at the law offices of Blair Sterling Johnson Martinez & Leon Guerrero, Suite 1008, Pacific News Building, 238 Archbishop Flores Street, Hagatna, Guam. The witness herein, produced to give her deposition in the within-numbered Civil Case No. CIV05-00037; that prior to examination the witness was by me duly sworn upon his oath; that thereafter the transcript was prepared by me or under my supervision, and the original deposition transcript was presented to Mr. Blair's office for the deponent's review, corrections, if any, and execution.

       I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, and that I am not directly or indirectly interested in the matters in controversy.

       In testimony whereof, I have hereunto set my hand this 2nd day of March, 2007.

          /s/
          Cecille A. Flores

# EXHIBIT L

0001

1        IN THE UNITED STATES DISTRICT COURT OF GUAM
                FOR THE TERRITORY OF GUAM

2

3

HENRY G. VAN METER, JERRY        )
4   APODACA, JR., JOSEPH J         )
    HERNANDEZ, JOSEPH T.           )
5   MENDIOLA, LARRY L.             )
    CHARFAUROS, ANTHONY C.         )
6   AARIOLA, ROBERT B. CRUZ,       )
    ROLAND F. MENDIOLA, JAMES S.   ) CIVIL CASE NO. 05-00037
7   YEE, TEDDY B. CRUZ, JESSE B.   )
    CRUZ, JOHN L.G. NAUTA, AND     )
8   JOHN P. BABAUTA                )
                                   )
9   VS.                            )
                                   )
10  CALPAC, DYNAMIC TECHNICAL      )
    SERVICES, MCI, JOHN HEALY,     )
11  DENNIS CLARK, WILLIAM WARD,    )
    JAI JAMES, AND DOES 1          )
12  THROUGH 10                     )

13

14

                ----------------------
15                    VIDEOTAPED
                  ORAL DEPOSITION OF
16                    DENNIS CLARK
                     MAY 23, 2007
17              ----------------------

18

19              ORAL AND VIDEOTAPED DEPOSITION OF DENNIS
20   CLARK, produced as a witness at the instance of the
21   Defendant Dynamic Technical Services, taken in the
22   above-styled and -numbered cause on the 23rd day of
23   May, 2007, from 9:22 a.m. to 2:07 p.m., before Malissa
24   K. Morrow, a Certified Shorthand Reporter in and for
25   the State of Texas, reported by machine shorthand, at

0002

1    the offices of Baxter, Gibbs, Robison & Henderson,
2    PLLC,  2780 Virginia Parkway, Suite 401, McKinney,
3    Texas 75071, pursuant to the agreements as stated on
4    the record and/or the Federal Rules of Civil
5    Procedure.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

                        Page 1

2  through the Tiyan area.
3          And there was some extreme difficulty coming
4  off of the -- the airport sits up on the top of a
5  plateau.  And coming off of the plateau, the way it
6  was originally designed, was going to be very
7  difficult and a problem for the Department of
8  Transportation.  It would have closed portions of the
9  major route coming down off of the airport.
10          So I designed a reroute coming off of the
11 cliff side.  We actually cut a section of the cliff
12 out, put conduit down the cliff, and then concreted
13 the whole cliff face.  So it was kind of an
14 interesting reroute, but --
15          Q.  All right.  Well, why -- why is it that MCI
16 couldn't just contract with Calpac, say, all right,
17 Calpac, you dig the trenches, you put in the cable,
18 and let us know when you're done?  I mean, why did MCI
19 need somebody out there?
20          A   Essentially, that was the contract.  They
21 were a turnkey provider.  They were in charge of
22 providing --
23          Q.  "They," being Calpac?
24          A.  "They," being -- yeah.  Calpac was in charge
25 of providing a turnkey job, where they -- it was
0030
1  engineered; constructed; and at the end, an as-built
2  turned in to reflect what they had done.
3          But on any project, you have to have someone
4  that oversees that type of work.  Because you want to
5  ensure that you're getting what you've paid for, that
6  the contract is being adhered to.
7          Q.  "You," in this case, was who?
8          A.  MCI.  MCI is -- over the years, you learn
9  that no matter how good a contractor is, sometimes
10 there are mistakes, and you want to ensure that you
11 minimize those mistakes and that all of the
12 specifications are adhered to so that you get a
13 quality product.
14          Q.  And did you view yourself as -- I guess, part
15 of your responsibilities being to be the MCI person
16 out there checking to make sure that Calpac was doing
17 the job the way the contract said it was supposed to
18 be done?
19          A.  That was one of my major jobs, yes.
20          Q.  All right.  Well --
21          MR. SMITH:  We're getting some
22 interference on the phone here.
23          MR. LUJAN:  What it is, is the clock
24 here.
25          MR. SMITH:  Okay.  All right.
0031
1          MR. LUJAN:  That was just for your
2  entertainment.
3          MR. SMITH:  Thanks.
4          Q.  (By Mr. Smith)  So I'd like to talk about how
5  you did your job and what kind of contact you had with
6  Calpac when you did your job, okay?  And let me ask
7  you this.  Had MCI already entered into the contract
8  with Calpac before you were even hired?
9          A.  Yes.
10          Q.  Okay.  So you didn't have -- have anything to
11 do with MCI entering into that contract?
12          A.  No.

                                        Page 13

```
11   or Henry Van Meter and refer to the people who worked
12   for them on their crew in any way as though they were
13   animals or lazy animals of any kind?
14       A.   No.  These guys worked hard.  I wouldn't have
15   any reason to do that, but, no, I did not.
16               MR. SMITH:  Pass the witness.
17               MR. MOODY:  No further questions.
18               Mr. Lujan, do you have anything further?
19               MS. LUJAN:  We have no further questions.
20               MR. MOODY:  All right.  Thank you.
21               THE VIDEOGRAPHER:  off the record, 2:07
22   p.m.
23               (Deposition concluded, 2:07 p.m.)
24
25
0192
 1               CORRIGENDA AND SIGNATURE
 2   PAGE    LINE     CORRECTION                REASON
 3
 4
 5
 6
 7
 8
 9
10
11
12
13   I, DENNIS CLARK, have read the foregoing deposition
     and herby affix my signature that same is true and
14   correct, except as noted above.
15
                         DENNIS CLARK
16
     STATE OF
17   COUNTY OF
18   BEFORE ME,                    , on this day personally
     appeared DENNIS CLARK, known to me (or proved to me
19   under oath or through           (description
     of identity card or other document) to be the person
20   whose name is subscribed to the foregoing instrument
     and acknowledged to me that they executed the same for
21   the purpose and consideration therein expressed.
22   GIVEN UNDER my hand and seal of office this
     day of                   , 2007.
23
24
                         Notary public in and for the
25                       State of _____
0193
 1   STATE OF TEXAS      X
 2   COUNTY OF DALLAS    X
 3
 4       I, Malissa K. Morrow, Certified Shorthand
 5   Reporter, duly qualified in and for the State of
 6   Texas, do hereby certify that, pursuant to agreement
 7   hereinbefore set forth, there came before me DENNIS
 8   CLARK, who was by me duly sworn to testify the truth,
 9   the whole truth, and nothing but the truth of his
10   knowledge concerning the matters in controversy in
11   this case; and that he was thereupon carefully
12   examined upon his and his testimony reduced to
13   typewriting by me or under my supervision.
```

Page 80

DennisClark

14    I further certify that I am neither attorney, nor
15 counsel for, nor related to the action in which the
16 deposition is taken; and further, that I am not a
17 relative or employee of any attorney or counsel
18 employed by the parties hereto or financially
19 interested in the action.
20    I further certify the above and foregoing
21 deposition as set forth in typewriting is a full,
22 true, correct and complete transcript of the
23 proceedings had at the time of taking said deposition.
24    GIVEN UNDER MY HAND AND SEAL of office on this the
25         day of                    , 2007.
0194
 1
 2                          MALISSA K. MORROW
                           Texas CSR NO. 8145
 3                         Date of Expiration:  12/31/07
                           FOLKS & ASSOCIATES, INC.
 4                         4019 N. GALLOWAY AVE., SUITE D
                           MESQUITE, TEXAS  75150
 5                         Phone:  (214)  320-9823
                           Fax:  (972) 682-9411
 6                         Firm Number:  2
 7
 8   TAXABLE COST:  $
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 81

# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT OF GUAM
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, JAMES S. YEE, TEDDY C. CRUZ, JESSE B. CRUZ, TEDDY L.G. NAUTA, and JOHN B. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | ) CIVIL CASE NO. CIV05-00037 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DEPOSITION TRANSCRIPT

OF

# JOHN T. HEALY

April 30, 2007

**COPY**

PREPARED BY:      GEORGE B. CASTRO
                  **DEPO RESOURCES**
                  #49 Anacoco Lane
                  Nimitz Hill Estates
                  Piti, Guam 96915
                  Tel:(671)688-DEPO * Fax:(671)472-3094

1   that he wanted you to get rid or to fire
2   Harper?
3       A   He wanted me to deal with the problem.
4   He didn't want me, I don't -- didn't say he
5   wanted me to fire Harper, didn't say he wanted
6   me to -- maybe that could have meant counseling
7   Harper or could have meant --
8       Q   Now, we're talking about your
9   impression.
10      A   My impression was just, when he said
11  "deal with the problem". And I chose to deal
12  with the problem by telling Don Harper that
13  this conflict he has, or this conflict that
14  exists between he and Dennis is having a
15  negative effect on the project, and I'd like to
16  take -- I'm going to take you off this project
17  and put you on another project.
18      Q   Okay. Which other project were you
19  going to put him on?
20      A   We had another large project that we
21  were doing and I felt that Don would handle
22  that, and handle it well.
23      Q   Was that the TyCo, TyCo project?
24      A   Yeah, that's what we referred to it as,
25  yes.

REPORTER'S CERTIFICATE

I, **George B. Castro**, Court Reporter, do hereby certify the foregoing 174 pages to be a true and correct transcript of the audio recording made by a Notary Public Officer of Depo Resources in the within-entitled and numbered case at the time and place as set forth herein.

I do hereby certify that prior to examination the deponent was duly sworn upon oath; that thereafter the transcript was prepared by me or under my supervision.

I further certify that I am not a direct relative, employee, attorney or counsel of any of the parties, nor a direct relative or employee of such attorney or counsel, and that I am not directly or indirectly interested in the matters in controversy.

In testimony whereof, I have hereunto set my hand and seal of Court this 11th day of June, 2007.

**COPY**

George B. Castro

DEPO RESOURCES
George B. Castro
Court Reporter
Tel.(671)688-DEPO * Fax(671)472-3094

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT OF GUAM
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, JAMES S. YEE, TEDDY C. CRUZ, JESSE B. CRUZ, TEDDY L.G. NAUTA, and JOHN B. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | ) CIVIL CASE NO. CIV05-00037 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DEPOSITION TRANSCRIPT

OF

# JOHN T. HEALY

May 3, 2007

**COPY**

PREPARED BY:  GEORGE B. CASTRO
**DEPO RESOURCES**
#49 Anacoco Lane
Nimitz Hill Estates
Piti, Guam 96915
Tel:(671)688-DEPO • Fax:(671)472-3094

1    A    Yes.

2    Q    Right?

3    A    Yeah.

4    Q    Okay.

5    A    Yes, sir.

6    Q    All right.  So, did the demonstrations
7 affect the completion date?

8    A    (pauses)

9    Q    Did it cost a disruption in the work?

10    A    Certainly caused a disruption in my
11 ability to focus on the project.

12    Q    Okay.

13    A    And I think of course my General
14 Manager as well, and we immediately were
15 directed by the EEOC to provide a whole lot of
16 information which took us a lot of time.  So, I
17 think that had I not had myself, my General
18 Manager and others, not had to spend this time
19 working on these issues, we would have been
20 spending time working on completing the MCI,
21 working on getting other work for the company
22 and so on.  So maybe a little bit.

23    Q    Now, tell me, what were the projects in
24 the November time frame of 2004?  What projects
25 besides the MCI project that, you know, is the

1  subject of this lawsuit --

2      A    Right.

3      Q    -- and the TyCo project that we've

4  already touched on briefly on Monday.    What

5  other projects did MCI have -- I'm sorry,

6  CalPac have?

7      A    CalPac had.   I don't recall any other

8  projects at that particular time.

9      Q    Okay.   Did you have any other projects

10  with MCI besides this?

11      A    No.

12      Q    The TyCo project, isn't it true that

13  that had not yet begun as of November?

14      A    Yes, it had.

15      Q    Now, isn't it true that you asked Don

16  Harper to head project?

17      A    Yes.   Sure.

18      Q    And that it was only in its initial

19  stage?

20      A    I asked him to manage that project

21  before it started, he left my company and we

22  did go ahead and start that project.    I

23  remember personally working at -- I was

24  personally there, myself, working on that

25  project.   And Henry Van Meter was there and --

# REPORTER'S CERTIFICATE

I, **George B. Castro**, Court Reporter, do hereby certify the foregoing 211 pages to be a true and correct transcript of the audio recording made by me in the within-entitled and numbered case at the time and place as set forth herein.

I do hereby certify that prior to examination the deponent was duly sworn upon oath; that thereafter the transcript was prepared by me or under my supervision.

I further certify that I am not a direct relative, employee, attorney or counsel of any of the parties, nor a direct relative or employee of such attorney or counsel, and that I am not directly or indirectly interested in the matters in controversy.

In testimony whereof, I have hereunto set my hand and seal of Court this 11th day of June, 2007.

**COPY**

_____
George B. Castro

**DEPO RESOURCES**
George B. Castro
Court Reporter
Tel.(671)688-DEPO • Fax(671)472-3094