**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

**JONES DAY**
2727 NORTH HARWOOD STREET
DALLAS, TEXAS 75201-1515
TELEPHONE: (214) 220-3939
FACSIMILE: (671) 969-5100

*Attorneys for Defendants Verizon Business
Purchasing LLC and Verizon Business Network Services, Inc.*

FILED
DISTRICT COURT OF GUAM
APR 16 2008 R.D.
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA PACIFIC TECHNICAL SERVICES LLC, a.k.a. CALPAC, DYNAMIC TECHNICAL SERVICES, VERIZON BUSINESS PURCHASING, LLC, VERIZON BUSINESS NETWORK SERVICES, INC., JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br> VERIZON DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE (1) VERIZON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY ANSWERS, AND VERIFICATIONS; AND (2) VERIZON DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER |

Plaintiffs filed a Motion to Strike the Verizon Defendants' ("Verizon") Motion to Compel Production of Documents, Interrogatory Answers and Verifications, and Motion for Entry of a Protective Order, both filed on March 19, 2008. Verizon submits this opposition to the Plaintiffs' motion.

The plaintiffs request that the Court strike Verizon's March 19, 2008 motions on the ground that Verizon's motions were filed past the March 17, 2008 deadline for filing discovery motions set forth in the Third Amended Scheduling Order. The plaintiffs argue that under Local Rule 16.5, an extension of the a deadline in the Scheduling Order must be made by motion based on good cause, and that under Local Rule 7.1(f), papers not timely filed should not be considered by the Court. This is only partially correct.

"District courts have broad discretion in managing their dockets and enforcing their scheduling orders." *Saroyan Lumber Co., Inc. v. El & El Wood Products Corp.*, 126 Fed. Appx. 371, 373, 2005 WL 660177, * 1 (9th Cir. 2005) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992)); *see also Ellison v. C.I.R.*, Civil Action No. 5:06cv00575, 2008 WL 960680, *1, -- F.Supp.2d -- (S.D.W. Va., Apr. 9, 2008) ("[I]t is certainly within the Court's discretion to consider an untimely motion."). While Verizon admits that the motions were filed two days past the deadline, the Plaintiffs' motion should be denied based on the circumstances of this case. *See Saroyan Lumber Co.*, 126 Fed. Appx. at 373, 2005 WL 660177, at * 1 (holding that under the circumstances, the district court did not abuse its discretion in considering a summary judgment motion filed one day past the motions cut-off deadline where, among other reasons, the defendants "present a colorable argument that the motion cut-off date was no longer operable" because it was contemplated that an initial meeting with the settlement offer, which had not taken place, appeared to be a "condition precedent to the filing of summary judgment motions under the scheduling order").

On March 14, 2008, Verizon filed a motion, joined in by the Plaintiffs and Defendant Dynamic Technical Services, Inc. ("DTS"), to amend the deadlines set forth in the Third Amended Scheduling Order, in accordance with Local Rule 16.5. The motion to amend the scheduling order, if granted, would extend the date for filing discovery motions to June 20, 2008. In light of the parties' agreement to jointly request an extension of the deadlines in the scheduling order, and a good faith belief that the requested extensions would be granted,

2

Verizon was justified in believing that it was not immediately necessary that the court become involved in a discovery dispute (primarily between Verizon and the plaintiffs) which the parties had been trying to resolve. This was coupled by the fact that while the parties were corresponding with regard to amending the deadlines in the scheduling order, Verizon was actively attempting, albeit unsuccessfully, to reach an agreement with the plaintiffs regarding the issues raised in Verizon's motion for a protective order, and motion to compel discovery.

It is important to note that the plaintiffs have not been prejudiced by the late filings. First, plaintiffs have joined in a motion to extend the deadlines, and it appears that the deadlines in the Third Amended Scheduling Order are likely to be extended. Second, the plaintiffs have filed an opposition to Verizon's motion to compel, challenging the merits of the motion. Therefore, the plaintiffs' objections are on the record for full consideration by the Court. Finally, the plaintiffs' present attempt to enforce strict compliance with the deadlines is undermined by the fact that the plaintiffs themselves have not been diligent in complying with the deadlines previously imposed by the Court, (for example, plaintiffs' opposition to DTS' summary judgment motion in July of 2007). It is simply difficult to see how a two day delay in this instance has prejudiced the plaintiffs warranting the extreme remedy of striking Verizon's motions, in light of the above-stated circumstances, especially where the plaintiffs have failed to strictly follow deadlines in the past.

Because the plaintiffs have not been prejudiced by the untimely filing of Verizon's motions, the plaintiffs' motion to strike should be denied. *See Ellison v. C.I.R.*, Civil Action No. 5:06cv00575, 2008 WL 960680, *1, -- F.Supp.2d -- (S.D.W. Va. Apr. 9, 2008) (denying the plaintiff's motion to strike the IRS' cross-motion for summary judgment filed several weeks after the motions cut-off, holding that "[a]lthough the IRS disregarded the Court's scheduling guidelines, it is certainly within the Court's discretion to consider an untimely motion. In this case, the Court **FINDS** that the non-moving party has failed to demonstrate

3

any prejudice caused by the IRS's untimely filing. In fact, plaintiff participated in a hearing, where the Court heard oral argument on the cross-motions.").

For the foregoing reasons, Verizon respectfully requests that court deny the plaintiffs' Motion to Strike, and that the Court consider Verizon's Motion to Compel Production and Motion for Entry of a Protective Order filed on March 19, 2008.

Respectfully submitted this 16th day of April, 2008.

                    **CIVILLE & TANG, PLLC**

                    **JONES DAY**

By: _____
      G. PATRICK CIVILLE
      *Attorneys for Defendants*
      *Verizon Business Purchasing LLC and*
      *Verizon Business Network Services, Inc.*