LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM
APR 25 2008
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br>-vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br>DECLARATION OF JOHN P. BABAUTA IN SUPPORT OF OPPOSITION TO VERIZON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO ALL CLAIMS ASSERTED BY PLAINTIFF JOHN P. BABAUTA |

I, JOHN P. BABAUTA, hereby declare and state as follows:

1. I am a plaintiff in this matter.

2. I am Chamorro/Pacific Islander and from Guam.

3. I was employed by Defendant Calpac from approximately October 2004 to May 2005, when I was terminated.

4. During this period, I worked on an MCI project where Dennis Clark ("Clark") acted as a supervisor, superior to myself.

5. Clark supervised the work of myself, my co-workers, and my immediate supervisors.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

Case 1:05-cv-00037    Document 613    Filed 04/25/2008    Page 1 of 4

1

6. During my work on the MCI project, I was never informed by Calpac or Clark or anyone else that Clark was an employee of Defendant Dynamic Technical Services ("DTS"). It was not until after I was harassed and discriminated against and was beginning the process of filing charges of discrimination with the Equal Employment Opportunity Commission that I was informed that Clark was a DTS employee. Prior to this time, I had never heard of DTS.

7. While I worked on the MCI project, I heard from other Calpac employees that we were to do as Clark said.

8. As I was subordinate to Clark, I was not aware of Clark's communications with his superiors, including DTS and MCI.

9. At no time during my employment on the MCI project was I ever told by anyone of any grievance procedures MCI had for making complaints regarding anyone and anything related to the MCI project. I was also never informed of how to contact MCI.

10. At no time during my employment on the MCI project was I ever told by anyone of any grievance procedures DTS had for making complaints regarding anyone (including its employees) and anything related to the MCI project. I was also never informed of how to contact DTS.

11. If I had any grievances or complaints, I took it up the chain of command with supervisors at Calpac and expected them to address the complaint, as there were no formal grievance procedures provided by Calpac that I was made aware of.

12. At no time during my employment on the MCI project was I ever told by anyone of any anti-discrimination or anti-harassment policy MCI or DTS had.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

Case 1:05-cv-00037   Document 613   Filed 04/25/2008   Page 2 of 4

2

13. I have never reviewed any contract between MCI and Calpac for the MCI project and therefore am not aware of the full powers and control MCI had over Calpac and its employees.

14. I also have never reviewed any contract and related documents between MCI and DTS for the MCI project and therefore am not aware of the full powers and control MCI had over DTS and its employee Clark, or of the full powers and control DTS and its employee Clark had over Calpac and its employees, including myself.

15. At depositions in this case, I have testified about what I personally witnessed, heard, or experienced, without the benefit of knowing MCI's or DTS' powers and responsibilities under any contract.

16. However, my position throughout this case has always been that all Defendants, MCI, Calpac, and DTS, are responsible for the harassment, hostile work environment, discrimination, and retaliation I suffered.

/ / / /

/ / / /

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

3

Case 1:05-cv-00037    Document 613    Filed 04/25/2008    Page 3 of 4

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the United States that the foregoing is |
| 2 | true and correct. |
| 3 | Executed this 25th day of April, 2008, in Hagåtña, Guam. |
| 4 | |
| 5 | _____ |
| 6 | JOHN P. BABAUTA |
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of April, 2008, in Hagåtña, Guam.

_____
JOHN P. BABAUTA

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Declaration of John P. Babauta

4

Case 1:05-cv-00037    Document 613    Filed 04/25/2008    Page 4 of 4