**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

APR 2 8 2008 R.D.

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
| Plaintiffs, | **ERRATA RE:** |
| -vs- | |
| CALPAC, et al., | **EXHIBIT 2 TO DECLARATION OF DELIA LUJAN IN SUPPORT OF EACH OF PLAINTIFFS' OPPOSITIONS TO VERIZON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| Defendants. | |

Before this Honorable Court come Plaintiffs, submitting an Errata regarding Exhibit 2 attached to the Declaration of Delia Lujan in Support of Each of Plaintiffs' Oppositions to Verizon Defendants' Motions for Summary Judgment, which was filed herein April 25, 2008. Said Declaration of Delia Lujan is resubmitted with the corrected Exhibit 2, collectively attached hereto as Exhibit A.

**RESPECTFULLY SUBMITTED** this 28th day of April, 2008.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

# EXHIBIT A

**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al.,<br><br>                    Plaintiffs,<br><br>         -vs-<br><br>CALPAC, et al.,<br><br>                    Defendants. | CIVIL CASE NO. 05-00037<br><br>**DECLARATION OF DELIA LUJAN IN SUPPORT OF EACH OF PLAINTIFFS' OPPOSITIONS TO VERIZON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

I, DELIA LUJAN, hereby declare and state as follows:

1.  I am an attorney representing all the plaintiffs in this matter.

2.  This declaration is submitted in support of each of Plaintiffs' oppositions to Verizon Defendants' Motions for Summary Judgment.

3.  Attached hereto as Exhibit 1 is a true and correct copy of Verizon's Answers and Objections to Plaintiff Robert B. Cruz's First Set of Interrogatories, which I received from Verizon Defendants on or about November 15, 2007, in response to a First Set of Interrogatories.

4.  Attached hereto as Exhibit 2 are true and correct copies of the cover pages, various excerpts, the Reporter's Certificate, and the Notary Public's Certificate of the deposition of Dennis Clark taken on May 23, 2007.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037

1

Case 1:05-cv-00037     Document 617     Filed 04/28/2008     Page 3 of 27

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3        Executed this 25th day of April, 2008, in Hagåtña, Guam.

4

5

6

7                                                    **DELIA LUJAN**

Case 1:05-cv-00037     Document 617     Filed 04/28/2008     Page 4 of 27

# EXHIBIT 1

C-0053|0446

**RECEIVED**

NOV 15 2007

LUJAN AGUIGUI MIRANDA LLP
By: _____ 10:00

1    **CIVILLE & TANG, PLLC**
     330 HERNAN CORTEZ AVENUE, SUITE 200
2    HAGÅTÑA, GUAM 96910
     TELEPHONE: (671) 472-8869/69
3    FACSIMILE:  (671) 477-2511

4    *Attorneys for Defendants*
     *Verizon Business Purchasing, LLC and*
5    *Verizon Business Network Services, Inc.*

6

7                IN THE UNITED STATES DISTRICT COURT OF GUAM

8

9    HENRY G. VAN METER, JERRY            )   CIVIL CASE NO. 05-00037
     APODACA, JR., JOSEPH J.              )
10   HERNANDEZ, JOSEPH T. MENDIOLA,       )
     LARRY L. CHARFAUROS, ANTHONY         )
11   C. ARRIOLA, ROBERT B. CRUZ,          )
     ROLAND F. MENDIOLA, JAMES S.         )
12   YEE, TEDDY B. CRUZ, JESSE B. CRUZ,   )
     JOHN L.G. NAUTA, and JOHN P.         )
13   BABAUTA,                             )
                                          )   **VERIZON'S ANSWERS TO PLAINTIFF**
14                  Plaintiffs ,          )   **ROBERT B. CRUZ'S FIRST SET OF**
                                          )   **INTERROGATORIES**
15          vs.                           )
                                          )
16   CALPAC, DYNAMIC TECHNICAL            )
     SERVICES, VERIZON BUSINESS           )
17   PURCHASING, LLC, VERIZON             )
     BUSINESS NETWORK SERVICES, INC.,     )
18                                        )
     JOHN HEALY, DENNIS CLARK,            )
19   WILLIAM WARD, JAI JAMES, and         )
     DOES 1 through 10,                   )
20                                        )
                    Defendants.           )
21   _____

22          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Verizon Business

23   Purchasing, LLC and Verizon Business Network Services, Inc. (collectively "Verizon") answer

24   as follows in response to Plaintiff Robert B. Cruz's First Set of Interrogatories:

25          **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

26          1.      Verizon objects to the Instructions and Definitions to the extent they impose

27   obligations beyond those required by the Federal Rules of Civil Procedure, including, but not

28

     DLI-6148931v3                              1

1  limited to, any instruction or definition that could be construed to require the production of
2  privileged information.

3      2.      Verizon objects to the definition of "Plaintiff" (Instruction/Definition No. 2) to the
4  extent these Interrogatories inconsistently use the singular form of the word "Plaintiff" to mean
5  Robert Cruz alone and also to mean the 13 plaintiffs in this action collectively. For purposes of
6  these responses, "Plaintiffs" refers to all plaintiffs in this action.

7                    **ANSWERS AND OBJECTIONS**

8  **INTERROGATORY NO. 1:** With respect to the persons answering, or providing information
9  used to answer, these Interrogatories, state his or her:

10      (a)     Name;
11      (b)     Address;
12      (c)     Business address;
13      (d)     Business or other telephone number;
14      (e)     Job title;
15      (f)     Occupation;
16      (g)     Name of immediate superior;
17      (h)     Employer;
18      (i)     Length of employment with Defendant; and
19      (j)     Length of time in current position.

20  **ANSWER:** Verizon objects to this Interrogatory on the grounds that it seeks information that is
21  neither relevant to the claims in this proceeding nor reasonably calculated to lead to the discovery
22  of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states
23  that the following individuals provided information used to answer these interrogatories. These
24  individuals are employees of Verizon and must be contacted through Verizon's attorneys of
25  record.

26
27
28

1

      (a)    Jeff Buehler
             Construction Manager, Regional Engineering and Construction

2

             2400 North Glenville
             Richardson, TX 75081

3

             972/729-6404

4

Mr. Buehler has been employed by Verizon or a predecessor to Verizon since 1994. Mr.

5

Buehler has held his current position since the beginning of his employment.

6

7

      (b)    Marty Hersh
             Group Manager, Northeast Regional Engineering and Construction

8

             MD 2.2-408A
             6929 North Lakewood

9

             Tulsa, OK 74117
             918/590-5288

10

11

Mr. Hersh has been employed by Verizon or a predecessor to Verizon since 1987. Mr.

12

Hersh has held his current position for approximately 5 years.

13

14

      (c)    Larry Saunders
             Regional Manager, Regional Engineering and Construction

15

             2400 North Glenville
             Richardson, TX 75082

16

             972/729-5908

17

Mr. Saunders has been employed by Verizon or a predecessor to Verizon since 1992. Mr.

18

Saunders has held his current position since approximately 1995.

19

**INTERROGATORY NO. 2:** If Defendant has an affirmative action program or plan, state in

20

full and complete detail the nature of said affirmative action program or plan, and include as part

21

of your answer the name and address of the person who is responsible for implementing that

22

program or plan.

23

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and seeks

24

information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead

25

to the discovery of admissible evidence. Verizon further objects to this Interrogatory on the

26

grounds that it is vague and ambiguous as to the meaning of "implementing."

27

28

**INTERROGATORY NO. 3:** If any employee or applicant for employment has ever filed an internal complaint with Defendant alleging that Defendant has discriminated, state:

      (a)    the name, address, and sex of the person who filed the complaint;

      (b)    the employment history with Defendant of the person who filed the complaint including job titles and dates;

      (c)    state the date the complaint was filed;

      (d)    describe the charges made in the complaint;

      (e)    describe all actions taken on the basis of the complaint;

      (f)    attach a copy or state the time and place where counsel for Plaintiffs may examine a copy of the complaint.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged discrimination, and requests information regarding the sex of complainants. Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "employment history" and "internal complaint." Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff, no Plaintiff applied for employment with Verizon, and Verizon did not control, or interfere with, the terms and conditions of any Plaintiff's employment during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it did not employ any of the alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005), including, but not limited to, Dennis Clark. Accordingly, other than the complaints made, and charged filed, in connection with this lawsuit, Verizon does not have any information regarding internal complaints of discrimination against any of the alleged wrongdoers.

**INTERROGATORY NO. 4:** If any employee or applicant for employment ever filed a complaint with any federal, state, or local governmental agency alleging that Defendant has discriminated, state:

       (a)    the name, address, race, and national origin of the person who filed the complaint;

       (b)    the employment history with Defendant of the person who filed the complaint, including job titles and dates;

       (c)    the date the complaint was filed;

       (d)    the charges made in the complaint;

       (e)    all actions taken on the basis of the complaint; and

       (f)    attach a copy or state the time and place where Plaintiffs' counsel may examine a copy of the complaint.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged discrimination. Verizon further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "employment history." Subject to and without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff, no Plaintiff applied for employment with Verizon, and Verizon did not control, or interfere with, the terms and conditions of any Plaintiff's employment during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005). Verizon further states that it did not employ any of the alleged wrongdoers during any period of time potentially relevant to this lawsuit (*e.g.*, December 2003 through May 2005), including, but not limited to, Dennis Clark. Accordingly, other than the complaints made, and charged filed, in connection with this lawsuit, Verizon does not have any information regarding a complaint with any federal, state, or local governmental agency alleging discrimination against any of the alleged wrongdoers.

**INTERROGATORY NO. 5:** If an employee or applicant for employment ever filed a legal action alleging Defendant had discriminated, state:

1       (a)    the name, address, race, and national origin of the person who filed the legal

2  action;

3       (b)    the employment history with Defendant of the person who filed the legal action,

4  including job titles and dates of employment;

5       (c)    the date the legal action was filed;

6       (d)    the name and address of the court with which the action was filed;

7       (e)    the charges made in the legal action;

8       (f)    all actions taken on the basis of the legal action;

9       (g)    the outcome of the legal action; and

10       (h)    attach a copy or state a time and place where counsel for Plaintiffs may examine a

11  copy of the complaint.

12  **ANSWER:**  Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

13  burdensome, and seeks information that is neither relevant to the claims in this lawsuit nor

14  reasonably calculated to lead to the discovery of admissible evidence, including, but not limited

15  to, for the reasons that the Interrogatory is not limited as to time, relevant unit, or type of alleged

16  discrimination and seeks "all actions taken on the basis of the legal action."  Verizon further

17  objects to this Interrogatory to the extent that it seeks information protected by the attorney-client

18  privilege or any other applicable privilege.  Verizon further objects to this Interrogatory on the

19  grounds that it is vague and ambiguous as to the meaning of "employment history," "charges

20  made in the legal action," and "all actions taken on the basis of the legal action."  Subject to and

21  without waiving the foregoing objections, Verizon states that it did not employ any Plaintiff, no

22  Plaintiff applied for employment with Verizon, and Verizon did not control, or interfere with, the

23  terms and conditions of any Plaintiff's employment during any period of time potentially relevant

24  to this lawsuit (*e.g.*, December 2003 through May 2005).  Verizon further states that it did not

25  employ any of the alleged wrongdoers during any period of time potentially relevant to this

26  lawsuit (*e.g.*, December 2003 through May 2005), including, but not limited to, Dennis Clark.

27  Accordingly, other than this lawsuit, Verizon does not have any information regarding any legal

28  action alleging discrimination against any of the alleged wrongdoers.

**INTERROGATORY NO. 6:** For those witnesses who may be called as expert witnesses, provide the following information:

        (a)     his or her name, business address, and home address;

        (b)     his or her business occupation;

        (c)     his or her title or position and the name and address of the concern or entity with which he or she is connected in business or occupation;

        (d)     whether his or her testimony is expected to be given with respect to the complaint or Defendant's answer;

        (e)     each subject matter on which he or she is expected to testify;

        (f)     a summary of his or her qualifications within each subject matter on which he or she is expected to testify;

        (g)     the substance of the facts to which he or she is expected to testify;

        (h)     the substance of the opinions to which he or she is expected to testify and a summary of the grounds for each such opinion; and

        (i)     a list of the books or publications which the expert witness considers authoritative in his or her field.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is premature and to the extent that it seeks undiscoverable information regarding any consulting-only experts. *See* FED. R. CIV. P. 26(b)(4)(B). Subject to and without waiving the foregoing objections, Verizon states that it has not retained any expert. In the event Verizon retains a testifying expert, Verizon will identify any such expert in accordance with the Court's scheduling order and Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 7:** Describe in detail all the work performed, and the location of such work performed, by defendant Calpac pursuant to a Construction Agreement entered on February 13, 2004, by defendant Calpac and WorldCom Purchasing, LLC.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and vague and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead

DLI-6148931v3

7

to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that Calpac installed fiber cables in Guam from approximately March 2004 through March 2005 pursuant to a February 13, 2004 Construction Agreement between Calpac and a predecessor to Verizon Business Purchasing, LLC and its attached Statement of Work ("Calpac Agreement"). Verizon refers Plaintiffs to the Calpac Agreement and further refers Plaintiffs to documents relating to Calpac's provision of services under the Calpac Agreement that Verizon is producing or will produce subject to the entry of a protective order in response to Teddy B. Cruz's First Request for Production of Documents. To the extent Plaintiffs seek additional information regarding work performed by Calpac, such a request should be directed to Calpac.

**INTERROGATORY NO. 8:** Describe in detail all the work performed, and the location of such work performed, by Defendant pursuant to a Construction Agreement entered on February 13, 2004, by WorldCom Purchasing, LLC, and defendant Calpac.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states that Calpac performed the services specified in the Statement of Work attached to the Calpac Agreement, including the construction of a fiber optic underground conduit system in Guam. Verizon further states that it did not employ or supervise the individuals who performed such services and did not direct the day-to-day activities of Calpac or its employees pursuant to the Calpac Agreement.

Verizon further states that, with respect to the Guam project, Marty Hersh traveled to Guam in or about November 2003 to locate contractors to install fiber cable in Guam, to facilitate the bidding process for such installation, and to view and, make adjustments to, the route in which the cable would be laid. After a bidding process, Verizon contracted with Calpac to install the fiber cable. Verizon contracted with Dynamic Technical Services ("DTS") regarding project management for the Guam project. In or about January and February 2004, Jeff Buehler traveled

DLI-6148931v3

8

1  to Guam to discuss the installation with Calpac and DTS employee Dennis Clark and to view the

2  route in which the cable would be laid. No Verizon employee or personnel remained in Guam to

3  oversee the Guam project nor did Mr. Hersh or Mr. Buehler return to Guam. Once the project

4  began, Verizon reviewed daily and weekly reports in Richardson, Texas and Tulsa, Oklahoma

5  prepared by Dennis Clark regarding the progress of the Guam project. Verizon further

6  participated in weekly conference calls with Dennis Clark regarding the progress of the Guam

7  project. Verizon further reviewed invoices prepared by Calpac and paid Calpac for its services on

8  a per unit basis.

9  **INTERROGATORY NO. 9:** Describe in detail all the work performed, and the location of such

10 work performed, by defendants Dynamic Technical Services and Dennis P. Clark pursuant to a

11 Construction Agreement entered on February 13,2004, by WorldCom Purchasing, LLC, and

12 defendant Calpac.

13 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and vague

14 and ambiguous. Verizon further objects to this Interrogatory to the extent that it seeks

15 information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead

16 to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

17 Verizon states that Calpac performed all services specified in the Statement of Work attached to

18 the Calpac Agreement, including the construction of a fiber optic underground conduit system in

19 Guam. Verizon further states that, pursuant to a September 24, 2001 agreement between a

20 predecessor to Verizon Business Network Services, Inc. and DTS ("DTS Agreement"), DTS

21 employee Dennis Clark oversaw Calpac's installation of fiber cables in Guam from

22 approximately March 2004 through March 2005. DTS, through Mr. Clark, worked with Calpac

23 to refine the construction design and fine-tune the route in which the cable was laid. In addition,

24 DTS worked with local government agencies to obtain necessary permits, easements, and rights

25 of way. DTS also inspected Calpac's installation to ensure that such work complied with the

26 terms of the Calpac Agreement. Verizon refers Plaintiffs to the DTS Agreement and further

27 refers Plaintiffs to documents relating to DTS' provision of services under the DTS Agreement

28 that Verizon is producing or will produce subject to the entry of a protective order in response to

1 Teddy B. Cruz's First Request for Production of Documents. To the extent Plaintiffs seek

2 additional information regarding work performed by DTS and Dennis Clark, such a request

3 should be directed to DTS. Verizon further notes that Plaintiffs have deposed Mr. Clark.

4 **INTERROGATORY NO. 10:** Identify by name, address, telephone number, race, national

5 origin, and job title, all persons Defendant is aware of who performed work pursuant to the

6 Construction Agreement described in Interrogatory No. 7.

7 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly

8 burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent

9 that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

10 calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

11 foregoing objections, Verizon states that it believes that the following former or current Calpac

12 employees may have had some involvement with respect to Calpac's performance of the Calpac

13 Agreement. To the extent Plaintiffs seek additional information regarding which Calpac

14 employees "performed work" pursuant to the terms of the Calpac Agreement, such a request

15 should be directed to Calpac.

16     (a)     Tim Camacho

17     Verizon does not have information regarding Mr. Camacho's race and national origin or

18 his current address, telephone number, and job title.

19

20     (b)     Don Harper

21     Verizon does not have information regarding Mr. Harper's race and national origin or his

22 current address, telephone number, and job title.

23     (c)     John Healy

24     Verizon does not have information regarding Mr. Healy's current address, telephone

25 number, and job title. Verizon believes that Mr. Healy is Caucasian.

26

27

28

DLI-6148931v3                                          10

(d)     Jai James

Verizon does not have information regarding Mr. James' race and national origin or his current address, telephone number, and job title.

(e)     Bob Thompson

Verizon does not have information regarding Mr. Thompson's current address, telephone number, and job title. Verizon believes that Mr. Thompson is Caucasian.

(f)     William Ward

Verizon does not have information regarding Mr. Ward's race and national origin or his current address, telephone number, and job title.

**INTERROGATORY NO. 11:** Identify by name, address, telephone number, race, national origin, employer, and job title, the "Company Representative" of WorldCom Purchasing, LLC, described in the Construction Agreement stated in Interrogatory No. 7.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that Verizon and Larry Saunders did not supervise Plaintiffs or have any involvement whatsoever with any employment decision regarding Plaintiffs. Subject to and without waiving the foregoing objections, Verizon states that the Company Representative as defined by the Calpac Agreement was Larry Saunders. Verizon refers Plaintiffs to its answer and objections to Interrogatory No. 1. Mr. Saunders is Caucasian.

**INTERROGATORY NO. 12:** Describe in detail the work performed by the "Company Representative" pursuant to the above-described Construction Agreement, especially as it related to Defendant and its employees, including all Plaintiffs in this matter.

**ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that Verizon employed Plaintiffs, supervised Plaintiffs, or participated in, or had any involvement whatsoever with, any employment decision involving Plaintiffs. Verizon further objects to this

DLI-6148931v3                                        11

1 Interrogatory on the grounds that it is overly broad and to the extent that it seeks information that
2 is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery
3 of admissible evidence. Subject to and without waiving the foregoing objections, Verizon states
4 that Calpac performed all services specified in the Statement of Work attached to the Calpac
5 Agreement, including the construction of a fiber optic underground conduit system in Guam.
6 Verizon further states that it did not employ, and Verizon and Mr. Saunders did not supervise, any
7 Plaintiff during the course of the Guam project. Verizon further states that Mr. Saunders had no
8 involvement whatsoever with any employment decision involving Plaintiffs, including a
9 Plaintiff's day-to-day activities on the Guam project. Verizon further states that, with respect to
10 the Guam project, Mr. Saunders received daily and weekly reports prepared by DTS employee
11 Dennis Clark regarding the progress of the Guam project and, on occasion, discussed such reports
12 with Jeff Buehler and Marty Hersh. Mr. Saunders further participated in weekly conference calls
13 with Dennis Clark regarding the progress of the Guam project. Mr. Saunders further reviewed
14 invoices prepared by Calpac and DTS and approved or disapproved of such invoices.

15 **INTERROGATORY NO. 13:** Describe the selection process by which Defendant selected the
16 individual or other entity to perform as the "Company Representative" described in the
17 Construction Agreement stated in Interrogatory No. 7.

18 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the
19 extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably
20 calculated to lead to the discovery of admissible evidence. Subject to and without waiving the
21 foregoing objections, Verizon states that Larry Saunders was designated as the "Company
22 Representative" by virtue of his position as the Regional Manager of Outside Plant Construction
23 and the geographic region that encompassed his position responsibilities.

24 **INTERROGATORY NO. 14:** Describe the selection process by which Defendant selected
25 defendant Calpac as the company to perform the construction and installation and other work
26 described in the Construction Agreement stated in Interrogatory No. 7.

27 **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the
28 extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably

DLI-6148931v3

12

1  calculated to lead to the discovery of admissible evidence. Subject to and without waiving the
2  foregoing objections, Verizon states that the construction and installation phase of the Guam
3  project was competitively bid.
4  **INTERROGATORY NO. 15:** Describe the selection process by which Defendant selected
5  defendant Dynamic Technical Services as the company to perform the design, engineering,
6  project management, procurement, construction, operation, maintenance, relocation, inspections,
7  acceptance testing, and replacement of various telecommunications network projects services and
8  other work described in the Outside Plant Engineering and Project Management Agreement by
9  and between MCI WorldCom Network Services, Inc., and defendant Dynamic Technical
10  Services, dated September 24, 2001.
11  **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and to the
12  extent that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably
13  calculated to lead to the discovery of admissible evidence, particularly to the extent that the
14  Interrogatory seeks information regarding projects other than the Guam project. Subject to and
15  without waiving the foregoing objections, Verizon states that it contacted DTS and other
16  companies with whom Verizon had master agreements for the purpose of locating a company that
17  could provide acceptable project management services on Guam for a reasonable billing rate.
18  Verizon further states that it reviewed proposals presented by DTS and other such companies and,
19  on the basis of DTS' ability to provide qualified staff, meet the Guam project's schedule, and
20  DTS' billing rate, DTS was selected.
21  **INTERROGATORY NO. 16:** Describe in detail all the work performed, and the location of
22  such work performed, by defendant Dynamic Technical Services pursuant to the Outside Plant
23  Engineering and Project Management Agreement described in Interrogatory No. 15.
24  **ANSWER:** Verizon objects to this Interrogatory to the extent that it is duplicative of
25  Interrogatory No. 9. Subject to and without waiving the foregoing objection, Verizon refers
26  Plaintiffs to the DTS Agreement and its applicable attachments and work orders and to Verizon's
27  answer and objections to Interrogatory No. 9. Verizon further notes that Plaintiffs have deposed
28  Mr. Clark.

DLI-6148931v3                                    13

1    **INTERROGATORY NO. 17:** Describe in detail all the work performed, and the location of
2    such work performed, by Defendant pursuant to the Outside Plant Engineering and Project
3    Management Agreement described in Interrogatory No. 15.

4    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad, unduly
5    burdensome, and vague and ambiguous. Verizon further objects to this Interrogatory to the extent
6    that it seeks information that is neither relevant to the claims in this lawsuit nor reasonably
7    calculated to lead to the discovery of admissible evidence. Verizon further objects to this
8    Interrogatory to the extent that it is duplicative of Interrogatory No. 8. Subject to and without
9    waiving the foregoing objections, Verizon states that it contracted with DTS to perform the
10   services specified in the DTS Agreement and its applicable work order. Verizon further states
11   that DTS, through its employee Dennis Clark, oversaw Calpac's installation of fiber cables in
12   Guam from approximately March 2004 through March 2005. Verizon further states that it did not
13   employ or supervise the individuals, including Dennis Clark, who performed such services and
14   did not direct the day-to-day activities of DTS or its employees pursuant to the DTS Agreement.

15   Verizon further states that, with respect to the Guam project, Marty Hersh traveled to
16   Guam in or about November 2003 to locate contractors to install fiber cable in Guam, to facilitate
17   the bidding process for such installation, and to view and, make adjustments to, the route in which
18   the cable would be laid. After a bidding process, Verizon contracted with Calpac to install the
19   fiber cable. Verizon contracted with Dynamic Technical Services ("DTS") regarding project
20   management for the Guam project. In or about January and February 2004, Jeff Buehler traveled
21   to Guam to discuss the installation with Calpac and DTS employee Dennis Clark and to view the
22   route in which the cable would be laid. No Verizon employee or personnel remained in Guam to
23   oversee the Guam project nor did Mr. Hersh or Mr. Buehler return to Guam. Once the project
24   began, Verizon reviewed daily and weekly reports in Richardson, Texas and Tulsa, Oklahoma
25   prepared by Dennis Clark regarding the progress of the Guam project. Verizon further
26   participated in weekly conference calls with Dennis Clark regarding the progress of the Guam
27   project. Verizon further reviewed invoices prepared by Calpac and paid Calpac for its services on
28   a per unit basis.

**INTERROGATORY NO. 18:** Describe in detail all the work performed, and the location of such work performed, by defendants Dynamic Technical Services and Dennis P. Clark pursuant to a Construction Agreement entered on February 13, 2004, by WorldCom Purchasing, LLC, and defendant Calpac.

**ANSWER:** Verizon objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 9. Subject to and without waiving the foregoing objection, Verizon refers Plaintiffs to Verizon's answer and objections to Interrogatory No. 9.

**INTERROGATORY NO. 19:** Identify by name, address, telephone number, race, national origin, and job title, all persons Defendant is aware of who performed work pursuant to the Outside Plant Engineering and Project Management Agreement described in Interrogatory No. 15.

**ANSWER:** Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of "performed work pursuant to the Outside Plant Engineering and Project Management Agreement." Verizon further objects to this Interrogatory to the extent that it is overly broad and seeks information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that the Request seeks information regarding DTS' performance under the DTS Agreement for projects other than the Guam project. Subject to and without waiving the foregoing objections, Verizon states that it believes that the following former or current DTS employees may have had some involvement with respect to the performance of the DTS Agreement. To the extent Plaintiffs seek additional information regarding which DTS employees "performed work" pursuant to the terms of the DTS Agreement, such a request should be directed to DTS.

      (a)     Dennis Clark
                 1726 N.E. 11th Street
                 Cape Coral, FL 33904
                 239/443-9195

Verizon does not have information regarding Mr. Clark's current job title. Verizon believes that Mr. Clark is Caucasian.

15

(b)     Linda Hayes

Verizon believes that Ms. Hayes is currently President of DTS, located at: 1125 East Hwy 121, Lewisville, TX 75057, 469/635-1300.  Verizon believes that Ms. Hayes is Caucasian.

(c)     Carlos Morales

Verizon believes that Carlos Morales is the former President of DTS.  Verizon does not have information regarding Mr. Morales' race, national origin or current address, telephone number, or job title.

**INTERROGATORY NO. 20:**  Identify and describe in detail all communications between Defendant and Donald Harper, identifying the subject and date of such communications and the persons participating in such communications.

**ANSWER:**  Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous and overly broad with respect to time and scope.  Subject to and without waiving the foregoing objections, Verizon states that on or about November 25, 2004, Jeff Buehler received an email from Don Harper in which Mr. Harper claimed to possess documentation regarding alleged improper activities regarding Calpac and Dennis Clark.  Verizon further states that, on or about December 22, 2004, Mr. Buehler and Edwin Spivey received an email from Mr. Harper in which Mr. Harper identified the law firm purportedly representing Calpac employees.  Verizon further states that Mr. Buehler received a voice mail from Mr. Harper in late 2004 in which Mr. Harper stated he would call Larry Saunders.  Mr. Buehler did not return Mr. Harper's call.  Verizon further states that Mr. Buehler may have received emails from Mr. Harper on other occasions relating to the Guam project.  Verizon further states that Mr. Harper called Mr. Saunders in late 2004 on one or more occasions.  Mr. Harper told Mr. Saunders that Dennis Clark was engaging in improper activities, including going off-the-island on DTS time.  Mr. Saunders asked Mr. Harper if he could provide the documentation that Mr. Harper claimed to posses.  Mr. Harper said he would collect the documentation and get back to Mr. Saunders.  Mr. Harper did not subsequently contact Mr. Saunders or provide Mr. Saunders documentation.

**INTERROGATORY NO. 21:**  Describe in detail Defendant's relationship with defendant Dennis P. Clark, including past and/or present employment relationship.

1  **ANSWER:** Verizon objects to this Interrogatory to the extent that it assumes or infers that
2  Verizon employed Dennis Clark during the course of the Guam project. Verizon further objects
3  to this Interrogatory on the grounds that it is vague and ambiguous as to the meaning of
4  "relationship." Subject to and without waiving the foregoing objections, MCI
5  Telecommunications Corporation employed Dennis Clark from in or about April 1988 until
6  January 1995. Prior to Mr. Clark's employment by MCI Telecommunications Corporation, Mr.
7  Clark was employed by a third-party and provided services to MCI on fiber installation projects.
8  In or about December 2003, while employed by DTS, Mr. Clark provided project management
9  services on the Guam project pursuant to the DTS Agreement.

10 **INTERROGATORY NO. 22:** Describe in detail Defendant's supervision or other observation
11 of defendant Calpac's performance under the Construction Agreement described in Interrogatory
12 No. 7.

13 **ANSWER:** Verizon objects to this Request to the extent that it assumes or infers that Verizon
14 "supervised" Calpac with respect to the Guam project. Verizon further objects to this
15 Interrogatory to the extent that it is overly broad and seeks information that is neither relevant to
16 the claims in this lawsuit nor reasonably calculated to lead to the discovery of admissible
17 evidence, particularly to the extent that the Request vaguely seeks information regarding
18 Verizon's "observation" of Calpac. Verizon further objects to this Interrogatory on the grounds
19 that it is vague and ambiguous as to the meaning of "supervision or other observation." Subject
20 to and without waiving the foregoing objections, Verizon states that it did not supervise Calpac or
21 its employees or direct the day-to-day activities of Calpac and its employees on the Guam project.
22 Verizon further states that it did not formally assess or evaluate Calpac. Verizon further states
23 that, pursuant to the DTS Agreement, DTS, through its employee Dennis Clark, oversaw Calpac's
24 installation of fiber cables in Guam. Dennis Clark provided Verizon daily and weekly reports and
25 participated in a weekly conference call regarding the progress of the Guam project and to discuss
26 various issues regarding the Guam project.

27
28

1    **INTERROGATORY NO. 23:** Describe in detail Defendant's supervision or other observation

2    of the Company Representative's performance under the Construction Agreement described in

3    Interrogatory No. 7.

4    **ANSWER:** Verizon objects to this Interrogatory on the grounds that it is overly broad and seeks

5    information that is neither relevant to the claims in this lawsuit nor reasonably calculated to lead

6    to the discovery of admissible evidence, particularly to the extent that neither the Company

7    Representative nor his supervisor had any involvement whatsoever with any employment

8    decision regarding any Plaintiff. Verizon further objects to this Interrogatory on the grounds that

9    it is vague and ambiguous as to the meaning of "supervision or other observation." Subject to

10    and without waiving the foregoing objections, Verizon states that pursuant to his position as the

11    Group Manager, Outside Plant Services, Marty Hersh was Larry Saunders' supervisor. Mr. Hersh

12    did not formally evaluate Mr. Saunders with respect to the Guam project, but Mr. Hersh and Mr.

13    Saunders discussed aspects of the Guam project and reviewed and discussed various

14    documentation regarding the Guam project.

15    **INTERROGATORY NO. 24:** Describe in detail Defendant's supervision or other observation

16    of the defendant Dynamic Technical Services' performance under the Outside Plant Engineering

17    and Project Management Agreement described in Interrogatory No. 15.

18    **ANSWER:** Verizon objects to this Request to the extent that it assumes or infers that Verizon

19    "supervised" DTS with respect to the Guam project. Verizon further objects to this Interrogatory

20    to the extent that it is overly broad and seeks information that is neither relevant to the claims in

21    this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, particularly

22    to the extent that the Request seeks information regarding DTS' performance under the DTS

23    Agreement for projects other than the Guam project. Verizon further objects to this Interrogatory

24    on the grounds that it is vague and ambiguous as to the meaning of "supervision or other

25    observation." Subject to and without waiving the foregoing objections, Verizon states that it did

26    not supervise DTS or Dennis Clark or direct DTS' or Dennis Clark's day-to-day activities on the

27    Guam project. Verizon further states that it did not formally assess or evaluate DTS or Dennis

28    Clark with respect to the Guam project. Verizon further states that it reviewed daily and weekly

DLI-6148931v3           18

1  reports provided by Dennis Clark to Verizon regarding progress on the Guam project. In

2  addition, there was a weekly conference call with Verizon during which Dennis Clark would

3  provide updates and discuss issues regarding the Guam project, including, for example, issues

4  surrounding rights of way.

5  **INTERROGATORY NO. 25:**  Identify all individuals, including their contact information, who

6  Defendant may call as a witness to testify at trial and the expected testimony of each such

7  individual.

8  **ANSWER:**  Verizon objects to this Interrogatory on the grounds that it premature and to the

9  extent that it seeks to impose burdens beyond those imposed by the Federal Rules of Civil

10 Procedure. Subject to and without waiving the foregoing objections, Verizon refers Plaintiffs to

11 its Rule 26(a)(1)(A) disclosures. Verizon will identify additional witnesses it may call at trial, if

12 any, in accordance with the Court's scheduling order and Federal Rules of Civil Procedure.

Respectfully submitted this 12TH day of November, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
    **BRIAN LAMBERT**
    *Attorneys for Defendants*
    *Verizon Business Purchasing, LLC and*
    *Verizon Business Network Services, Inc.*

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÁTÑA, GUAM 96910
TELEPHONE: (671) 472-8869/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

IN THE UNITED STATES DISTRICT COURT OF GUAM

HENRY G. VAN METER, JERRY
APODACA, JR., JOSEPH J.
HERNANDEZ, JOSEPH T. MENDIOLA,
LARRY L. CHARFAUROS, ANTHONY
C. ARRIOLA, ROBERT B. CRUZ,
ROLAND F. MENDIOLA, JAMES S.
YEE, TEDDY B. CRUZ, JESSE B. CRUZ,
JOHN L.G. NAUTA, and JOHN P.
BABAUTA,

        Plaintiffs,

        vs.

CALPAC, DYNAMIC TECHNICAL
SERVICES, VERIZON BUSINESS
PURCHASING, LLC, VERIZON
BUSINESS NETWORK SERVICES, INC.,

JOHN HEALY, DENNIS CLARK,
WILLIAM WARD, JAI JAMES, and
DOES 1 through 10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. 05-00037

**VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Jeffrey Buehler who, after

being duly sworn, acknowledged that he has read **VERIZON BUSINESS PURCHASING,**

**LLC'S AND VERIZON BUSINESS NETWORK SERVICES, INC.'S (collectively**

**"Verizon") ANSWERS AND OBJECTIONS TO PLAINTIFF ROBERT B. CRUZ'S FIRST**

**SET OF INTERROGATORIES,** stated that he is an authorized agent of Verizon, and that the

DLI-6148931v3

20

factual statements stated therein are true and correct based upon personal knowledge, business records, and/or information provided in good faith by persons with knowledge.

Executed on November 12, 2007

_(signature)_
_____

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public, on the 12th day of November, 2007, to certify which witness my hand and official seal.

_(signature)_
_____
Notary Public

_____
Typed or Printed Name of Notary

My Commission Expires:

CELIA H. POOLE
MY COMMISSION EXPIRES
April 13, 2008

_____

# CERTIFICATE OF SERVICE

I, Brian Lambert, hereby certify that on November 12, 2007, I will have caused a copy of *Verizon's Answers to Plaintiff Robert Cruz's First Set of Interrogatories* to be served via mail-delivery on the following:

> **Lujan Aguigui & Perez LLP**
> Suite 300, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910
>
> **Blair Sterling Johnson Martinez**
> **& Leon Guerrero, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
>
> **Law Offices of Arthur K. Smith**
> 507 Prestige Circle
> Allen, TX 75002-3438

DATED at Dallas, TX, on November 12, 2007.

**CIVILLE & TANG, PLLC**

**JONES DAY**

By: _____
**BRIAN LAMBERT**
*Attorneys for Defendants*
*Verizon Business Purchasing, LLC and*
*Verizon Business Network Services, Inc.*

DLI-6148931v3

22