

1  **LUJAN AGUIGUI & PEREZ LLP**
   Attorneys at Law
2  DNA Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*



**FILED**
DISTRICT COURT OF GUAM

APR 2 8 2008

**JEANNE G. QUINATA**
**Clerk of Court**

6

7            IN THE UNITED STATES DISTRICT COURT OF GUAM

8                 FOR THE TERRITORY OF GUAM

9

10 | HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
11 | | |
12 | Plaintiffs, | **MOTION FOR LEAVE TO FILE** |
   | -vs- | **FACSIMILE SIGNATURE PAGE OF** |
   | | **DECLARATION OF ROLAND F.** |
13 | CALPAC, et al., | **MENDIOLA IN SUPPORT OF** |
   | | **OPPOSITION TO VERIZON** |
14 | Defendants. | **DEFENDANTS'MOTION FOR SUMMARY** |
15 | | **JUDGMENT WITH RESPECT TO ALL** |
   | | **CLAIMS ASSERTED BY PLAINTIFF** |
16 | | **ROLAND F. MENDIOLA** |

17

18

19        Pursuant to G.R. 5.1(a) of the Local Rules of Practice for the District Court of Guam,

20 Plaintiff Roland F. Mendiola respectfully moves the Court for leave to file herein a facsimile

21 copy of the signature page of the Declaration of Roland F. Mendiola in Support of Opposition to

22 Verizon Defendants' Motion for Summary Judgment with Respect to All Claims Asserted by

23 Plaintiff Roland F. Mendiola, which was filed April 25, 2008, and a copy of which is attached

24 hereto. The plaintiff presently resides in Texas and has executed the signature page in that state.

25 The signed original is being sent to plaintiff's counsel via mail and will be filed with this Court

26

27 immediately upon receipt.

28

1

1

**RESPECTFULLY SUBMITTED** this 28th day of April, 2008.

2

**LUJAN AGUIGUI & PEREZ** LLP

3

4

By: _____

5

**DELIA LUJAN, ESQ.**

6

*Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  DNA Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM

APR 2 5 2008

**JEANNE G. QUINATA**
**Clerk of Court**

6              IN THE UNITED STATES DISTRICT COURT OF GUAM

7                      FOR THE TERRITORY OF GUAM

8

9  HENRY G. VAN METER, JERRY          CIVIL CASE NO. 05-00037
   APODACA, JR., JOSEPH J.
10 HERNANDEZ, JOSEPH T. MENDIOLA,
   LARRY L. CHARFAUROS, ANTHONY
11 C. ARRIOLA, ROBERT B. CRUZ,
   ROLAND F. MENDIOLA, JAMES S.      **DECLARATION OF ROLAND F.**
12 YEE, TEDDY B. CRUZ, JESSE B. CRUZ, **MENDIOLA IN SUPPORT OF**
   JOHN L.G. NAUTA, and JOHN P.       **OPPOSITION TO VERIZON**
13 BABAUTA,                           **DEFENDANTS'MOTION FOR SUMMARY**
                                      **JUDGMENT WITH RESPECT TO ALL**
14                    Plaintiffs,     **CLAIMS ASSERTED BY PLAINTIFF**
                                      **ROLAND F. MENDIOLA**
15         -vs-

16 CALPAC, DYNAMIC TECHNICAL
   SERVICES, MCI, JOHN HEALY,
17 DENNIS CLARK, WILLIAM WARD, JAI
   JAMES, and DOES 1 through 10,
18
                      Defendants.
19

20      I, ROLAND F. MENDIOLA, hereby declare and state as follows:

21      1.  I am a plaintiff in this matter.

22      2.  I am Chamorro/Pacific Islander and I am from Guam.

23      3.  I was employed by Defendant Calpac from approximately April 2004 to December

24          2004, when I was terminated.

25
        4.  During this period, I worked on an MCI project where Dennis Clark ("Clark") acted as
26
            a supervisor, superior to myself.
27
        5.  Clark supervised the work of myself, my co-workers, and my immediate supervisors.
28

Case 1:05-cv-00037    Document 618    Filed 04/28/2008    Page 3 of 6

6. During my work on the MCI project, I was never informed by Calpac or Clark or anyone else that Clark was an employee of Defendant Dynamic Technical Services ("DTS"). It was not until after I was terminated and was beginning the process of filing charges of discrimination with the Equal Employment Opportunity Commission that I was informed that Clark was a DTS employee. Prior to this time, I had never heard of DTS.

7. While I worked on the MCI project, I heard from other Calpac employees that Clark was MCI's representative and that we were to do as he said.

8. As I was subordinate to Clark, I was not aware of Clark's communications with his superiors, including DTS and MCI.

9. At no time during my employment on the MCI project was I ever told by anyone of any grievance procedures MCI had for making complaints regarding anyone and anything related to the MCI project. I was also never informed of how to contact MCI.

10. At no time during my employment on the MCI project was I ever told by anyone of any grievance procedures DTS had for making complaints regarding anyone (including its employees) and anything related to the MCI project. I was also never informed of how to contact DTS.

11. If I had any grievances or complaints, I took it up the chain of command with supervisors at Calpac and expected them to address the complaint, as there were no formal grievance procedures provided by Calpac that I was made aware of.

12. At no time during my employment on the MCI project was I ever told by anyone of any anti-discrimination or anti-harassment policy MCI or DTS had.

13. I have never reviewed any contract between MCI and Calpac for the MCI project and therefore am not aware of the full powers and control MCI had over Calpac and its employees.

14. I also have never reviewed any contract and related documents between MCI and DTS for the MCI project and therefore am not aware of the full powers and control MCI had over DTS and its employee Clark, or of the full powers and control DTS and its employee Clark had over Calpac and its employees, including myself.

15. At depositions in this case, I have testified about what I personally witnessed, heard, or experienced, without the benefit of knowing MCI's or DTS' powers and responsibilities under any contract.

16. However, my position throughout this case has always been that all Defendants, MCI, Calpac, and DTS, are responsible for the harassment, hostile work environment, discrimination, and retaliation I suffered.

/               /                    /                    /

/               /                    /                    /

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3    Executed this  24ᵗʰ  day of April, 2008, in Hagåtña, Guam.

4

5

6    ROLAND F. MENDIOLA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28