**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

FILED
DISTRICT COURT OF GUAM

JUN 30 2008 ?-b-

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT OF GUAM
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, et al., <br><br> Plaintiffs, <br> -vs- <br> CALPAC, et al., <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br> **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS** |

COME NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs") and move this Honorable Court to compel Defendant Dynamic Technical Services ("DTS") to produce answers to interrogatories and for such other relief provided by Federal Rule of Civil Procedure 37.

## I. INTRODUCTION

Plaintiffs instituted this Title VII action on December 12, 2005, alleging that they were subjected to employment discrimination by defendants Calpac, DTS, MCI, John Healy, Dennis Clark ("Clark"), William Ward, Jai James, and Does 1 through 10 (collectively "Defendants"). The Second Amended Complaint was filed on September 7, 2007, naming Defendants Verizon

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

1

Case 1:05-cv-00037  Document 636  Filed 06/30/2008  Page 1 of 6

Business Purchasing, LLC, and Verizon Business Network Services, Inc., (collectively "Verizon Defendants" or "Verizon) in the stead of MCI.

On January 25, 2007, Plaintiff Jesse B. Cruz ("Plaintiff Cruz") served upon DTS Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services ("the Interrogatories"). (Lujan Decl. Ex. 1.) DTS served upon Plaintiff Cruz Defendant Dynamic Technical Services' Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories ("DTS's Answer"), (id. Ex. 2), on February 26, 2007, and March 2, 2007. In DTS's Answer, DTS misstated Interrogatory No. 18 and therefore failed to produce answers to Interrogatory Nos. 18 through 23.

On June 23, 2008, Plaintiffs' counsel delivered a letter to DTS's counsel pointing out DTS's misstatement of Interrogatory No. 18 and failure to answer Interrogatory Nos. 18 through 23. (Lujan Decl. Ex. 3.) Plaintiffs' counsel requested that DTS provide to Plaintiffs by June 27, 2008, 4:30 p.m., DTS's complete answers to Interrogatory Nos. 18 through 23. On June 26, 2008, Plaintiffs' counsel received a letter from DTS's counsel, claiming that the misstatement of the Interrogatories "was purely a clerical [sic] by my staff and was not done intentionally." (Id. Ex. 4.) DTS's counsel further stated that, "[s]ince, a member of my staff made a mistake, I will respond, subject to any applicable objections, to Plaintiff Jesse B. Cruz's First Set of Interrogatories Nos. 18-23 by July 3, 2008." (Id. Ex. 4.) Plaintiffs' counsel responded by letter dated June 27, 2008, requesting that DTS provide Plaintiffs with DTS complete answers, without objections, to Interrogatory Nos. 18 through 23 by 12 p.m., June 30, 2008. (Id. Ex. 5.) Plaintiffs' counsel did not receive any response from DTS or answers to Interrogatories by the requested time. (Id. ¶ 9.)

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

2

Case 1:05-cv-00037   Document 636   Filed 06/30/2008   Page 2 of 6

## II. ARGUMENT

Plaintiffs move to compel DTS to produce complete answers to Interrogatory Nos. 18 through 23 of Plaintiff Cruz's Interrogatories, pursuant to Federal Rules of Civil Procedure 26, 33, and 37, and for such other relief provided under Rule 37 deemed appropriate by the Court.

Rule 33 provides that a party served with interrogatories must serve its answers and any objections within thirty days after being served with the interrogatories. FED. R. CIV. P. 33(a), (b)(2). A party must answer each interrogatory, to the extent it is not objected to, separately and fully in writing under oath. FED. R. CIV. P. 33(b)(3); see also United States v. Chapman Univ., 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("It is well established that an answer to an interrogatory must be responsive to the question.") (internal quotation omitted). If a party wishes to object to an interrogatory, the grounds for objecting must be stated with specificity. FED. R. CIV. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id.

Rule 26(e)(1) provides that "[a] party who ... has responded to an interrogatory ... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing ...."

Rule 37 permits a party to move for an order compelling an answer if the party served with interrogatories fails to answer an interrogatory submitted under Rule 33. FED. R. CIV. P. 37(a)(3)(B)(iii). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Rule 37 further provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not
Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

3

Case 1:05-cv-00037  Document 636  Filed 06/30/2008  Page 3 of 6

allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

When a party files a motion to compel responses to interrogatories, it is the burden of the non-movant to justify its failure to provide complete responses. Beckner v. El Cajon Police Dep't, No. 07cv509-W (BLM), 2008 WL 2033708, at *3 (S.D. Cal. May 9, 2008) (citing FED. R. CIV. P. 33(a); Adv. Comm. Notes (1970)).

In this case, DTS clearly failed to provide responsive answers to Interrogatory Nos. 18 through 23 of Plaintiff Cruz's Interrogatories. Interrogatory No. 18 stated:

**INTERROGATORY NUMBER 18:**
For each facility or plant maintained by Defendant, state:
(a) Its name;
(b) Its location;
(c) The date since it has been in use by Defendant;
(d) Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and
(e) Whether the use had discontinued and, if so, the date of its termination.

(Lujan Decl. Ex. 1 at 8.) However, rather than answer Interrogatory No. 18, DTS **misstated** Interrogatory No. 18 in DTS's Answer, in relevant part, as follows:

**INTERROGATORY NO. 18:** For each facility maintained by Defendant *where Plaintiff was employed*, state: ....

(Id. Ex. 2 at 12 (emphasis added).) By adding the four words, "where Plaintiff was employed," DTS unilaterally limited the scope of Interrogatory No. 18 and allowed itself to respond simply with "None."

Interrogatory Nos. 19 through 23 then sought additional information regarding DTS's facilities or plants which would have been identified by DTS in a responsive answer to Interrogatory No. 18. However, due to DTS's alteration of the wording of Interrogatory No. 18, DTS failed to provide any information regarding its facilities or plants and simply stated in

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

4

Case 1:05-cv-00037   Document 636   Filed 06/30/2008   Page 4 of 6

response to Interrogatory Nos. 19 through 23: "Not applicable, given answer to Interrogatory No. 18." (Lujan Decl. Ex. 2 at 12-18.)

After misstating Plaintiff Cruz's Interrogatory No. 18, and in effect Interrogatory Nos. 19 through 23, DTS confined itself to answering its self-tailored versions of these Interrogatories, and not the Interrogatory Nos. 18 through 23 posed by Plaintiff Cruz. Therefore, DTS has failed to provide answers to Interrogatory Nos. 18 through 23.

DTS' unauthorized, unilateral modification of Plaintiff's Interrogatories is particularly egregious, and sanctionable, given the fact that DTS has moved for summary judgment at least twice on the basis that Plaintiffs cannot prove the numerosity requirement regarding Title VII employers. If DTS had not misstated, perhaps intentionally, Interrogatory No. 18 by actively adding four words, then Plaintiffs would have received answers regarding the number of DTS' employees, which was requested in Interrogatory No. 19. Although DTS's counsel claims the misstatement of the Interrogatories was clerical error by his staff, Plaintiffs find this explanation to be dubious in light of DTS's ardent efforts to dismiss Plaintiffs' claims on the grounds that it never employed Plaintiffs and that Plaintiffs cannot prove the numerosity requirement. DTS should be sanctioned for such conduct, at least by paying Plaintiffs' costs and fees in filing and defending this motion and by being denied the defense that Plaintiffs cannot prove the numerosity requirement.

As Plaintiffs' counsel attempted to resolve this dispute in good faith prior to the filing of this motion and DTS still failed to produce any answers, Plaintiffs are entitled to all remedies permitted under Rule 37, including an order compelling DTS to produce complete answers to Plaintiff Cruz's Interrogatory Nos. 18 through 23. Plaintiffs are further entitled to such complete answers from DTS without DTS asserting any objections as DTS has waived any objections due

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-cv-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

5

Case 1:05-cv-00037   Document 636   Filed 06/30/2008   Page 5 of 6

to its failure to timely assert grounds for objections within thirty days after service of the Interrogatories.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court compel DTS to produce complete answers, without asserting any objections, to Interrogatory Nos. 18 through 23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services, and further request all remedies available under Federal Rule of Civil Procedure 37 deemed appropriate by the Court.

**RESPECTFULLY SUBMITTED** this 30th day of June, 2008.

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**DAVID J. LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Mot. Compel Prod'n Interrog. Ans.

6

Case 1:05-cv-00037    Document 636    Filed 06/30/2008    Page 6 of 6