

LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

**FILED**
DISTRICT COURT OF GUAM

JUN 30 2008 R-D.

**JEANNE G. QUINATA**
**Clerk of Court**

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

HENRY G. VAN METER, et al.,

                Plaintiffs,

    -vs-

CALPAC, et al.,

                Defendants.

CIVIL CASE NO. 05-00037

**DECLARATION OF DELIA LUJAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS**

I, DELIA LUJAN, hereby declare and state as follows:

1. I am an attorney representing all the plaintiffs in this matter.

2. On January 25, 2007, I caused to be served upon counsel for Defendant Dynamic Technical Services ("DTS") Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services.

3. On February 26 and March 2, 2007, I received Defendant Dynamic Technical Services' Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories. Attached hereto as Exhibit 2 is a true and correct copy of Defendant Dynamic Technical Services' Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Decl. Delia Lujan re Pls.' Mot. Compel Prod'n Interrog. Ans.

1

Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 1 of 45

ORIGINAL

4. On June 23, 2008, while reviewing DTS's discovery responses, I realized that DTS had misstated Interrogatory No. 18 of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services and failed to answer Interrogatory Nos. 18 through 23.

5. On June 23, 2008, Plaintiffs' counsel David J. Lujan delivered a letter, which I signed, to DTS's counsel pointing out DTS's misstatement of Interrogatory No. 18 and failure to answer Interrogatory Nos. 18 through 23. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiffs' counsel's letter.

6. In the letter, Plaintiffs' counsel requested that DTS provide to Plaintiffs by June 27, 2008, 4:30 p.m., DTS's complete answers to Interrogatory Nos. 18 through 23. (Ex. 3.)

7. On June 26, 2008, I received a letter from DTS's counsel, addressed to Plaintiffs' counsel David J. Lujan, wherein DTS' counsel claimed that the misstatement of the Interrogatories "was purely a clerical [sic] by my staff and was not done intentionally." DTS's counsel further stated in the letter that, "[s]ince, a member of my staff made a mistake, I will respond, subject to any applicable objections, to Plaintiff Jesse B. Cruz's First Set of Interrogatories Nos. 18-23 by July 3, 2008." Attached hereto as Exhibit 4 is a true and correct copy of DTS's counsel's letter.

8. On June 27, 2008, I delivered a letter to DTS's counsel, requesting that DTS provide Plaintiffs with DTS's complete answers, without objections, to Interrogatory Nos. 18 through 23 by 12 p.m., June 30, 2008. Attached hereto as Exhibit 5 is a true and correct copy of my letter.

9. By June 30, 2008, 12:00 p.m., and up to the present time, I did not receive and have not received any response from DTS to my letter dated June 27, 2008, or any answers

Henry G. Van Meter, et al., v. CAL PAC, et al.                                         2
Civil Case No. 05-00037   Document 637    Filed 06/30/2008    Page 2 of 45
Decl. Delia Lujan re Pls.' Mot. Compel Prod'n Interrog. Ans.

to Interrogatory Nos. 18 through 23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 30th day of June, 2008, in Hagåtña, Guam.

_____
**DELIA LUJAN**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Decl. Delia Lujan re Pls.' Mot. Compel Prod'n Interrog. Ans.

3

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 3 of 45

# EXHIBIT 1

| | |
|---|---|
| **LUJAN AGUIGUI & PEREZ LLP**<br>Attorneys at Law<br>Pacific News Building, Suite 300<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910<br>Telephone (671) 477-8064/5<br>Facsimile (671) 477-5297 | |

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J. HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>                                        Plaintiffs,<br><br>        -vs-<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>                                        Defendants. | CIVIL CASE NO. 05-00037<br><br><br>**PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES TO DEFENDANT DYNAMIC TECHNICAL SERVICES** |

**TO:    Defendant Dynamic Technical Services, by and through its Counsel of Record, Carlsmith Ball LLP**

Plaintiff JESSE B. CRUZ ("Plaintiff") hereby issues his First Set of Interrogatories to Defendant Dynamic Technical Services. Under the authority of the Federal Rule of Civil Procedure 33, you are hereby requested to answer in writing and under oath, within thirty (30) days from receipt hereof, the following interrogatories:

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS

Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 5 of 45

## INSTRUCTIONS AND DEFINITIONS

1. All information is to be divulged which is in the possession of the individual party, his attorneys, investigators, agents, employees or other representatives of the named party and his attorney.

2. The term "Plaintiff" refers to Plaintiff JESSE B. CRUZ.

3. The terms "you" or "your" or "Defendant" refer to Defendant DYNAMIC TECHNICAL SERVICES ("DTS"), or any employee or agent of DTS.

4. Where your response to an interrogatory includes a reference to a document or other writing, state the title or caption of the writing its date, its present location and any other information sufficient to allow its description in a Request for Production of Documents.

5. "Identify" a person means to state the person's full name, address, and telephone number, his or her occupation, and the name, address, and telephone number, of his or her employer, if known, and any family, social recreational, professional, or employment relationship to you. The term "Identity" carries the same connotation.

6. "Document" means all correspondence, whether original letters, received or copies of letters, sent, and written notes, memoranda sent or received, forms or narrative reports, telephone messages, worksheets, charts, diagrams, printed literature, and any other written, or in electronic form, or printed material normally kept in personal records or business files. The term "documentary" carries the same connotation.

7. In the event that the space provided is not sufficient for your answer to any of the below questions, please attach a separate sheet of paper with the additional information.

8. These interrogatories are intended as continuing Interrogatories, requiring you to answer by supplemental answer, setting forth any information within the scope of the

Henry G. Van Meter, et al., v. CAL PAC, et al.                                      2
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS
Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 6 of 45

interrogatories as may be required by you, your agents, attorneys, or representative following your original answers.

9.    Where your response to an interrogatory includes a reference to a document, provide all of the following known to you:

      a.    Brief description of the form of the document and indicate generally the subject or topic of its contents (without disclosing any communications claimed to be privileged);

      b.    Date and place it was prepared or mailed;

      c.    Identities of its preparer or person receiving the document; and

      d.    Person or entity that presently has possession or control of the original or copy of the document or statement.

10.    Identify each document relied upon or which forms a basis for any answer given or which corroborates the answer given or the substance of what is given in answer to these interrogatories.

11.    As used herein, the term "Complaint" includes Plaintiffs' First Amended Complaint filed on February 24, 2006.

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NUMBER 1:

With respect to the persons answering, or providing information used to answer, these Interrogatories, state his or her:

    (a)    Name;

    (b)    Address;

    (c)    Business address;

    (d)    Business or other telephone number;

Henry G. Van Meter, et al., v. CAL PAC, et al.                                        3
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS
Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 7 of 45

(e)     Job title;

(f)     Occupation;

(g)     Name of immediate superior;

(h)     Employer;

(i)     Length of employment with Defendant; and

(j)     Length of time in current position.

## INTERROGATORY NUMBER 2:

State the following information:

(a)     Job classification of Plaintiff during the period from January 2000 to the present.

(b)     Dates of employment of Plaintiff with Defendant from January 2000 to the present.

## INTERROGATORY NUMBER 3:

For each year the Plaintiff worked for the Defendant, state each and every position change and salary change, indicating as part of your answer the reason for each such change

## INTERROGATORY NUMBER 4:

State whether the Defendant maintains evaluations or appraisals of Plaintiff's or Defendant Calpac's work performance from January 2000 to the present. If yes, attach copies of all evaluations of Plaintiff's or Calpac's work performance.

## INTERROGATORY NUMBER 5:

State the date, place, and reason for Plaintiff's reduced work hours, termination or other separation from Defendant or Defendant Calpac.

## INTERROGATORY NUMBER 6:

State whether Plaintiff's reduced work hours, termination or other separation was in accordance with Defendant's written rules and regulations. If yes, attach a copy of the subject

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                    4
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS
Case 1:05-cv-00037     Document 637     Filed 06/30/2008     Page 8 of 45

rules and regulations, identifying the provisions relied upon in connection with the termination and when, if at all, the Plaintiff was advised of these rules and regulations.

**INTERROGATORY NUMBER 7:**

If no written rules and regulations exist, describe the Defendant's policy with respect to the type of conduct involved in Plaintiff's complaint. If Plaintiff's reduced work hours, termination or other separation was in accordance with such policy, state when and in what manner, if at all, Plaintiff was advised of this policy.

**INTERROGATORY NUMBER 8:**

If Plaintiff's termination resulted from any specific act(s), describe in detail the act(s) for which the Plaintiff had his work hours reduced, or was terminated or otherwise separated. Include the names, addresses, and telephone numbers of all witnesses, if any, to each specific act.

**INTERROGATORY NUMBER 9:**

State whether any oral or written warnings were issued to the Plaintiff concerning any matter relating to the reason(s) for the Plaintiff's reduced work hours, termination or other separation. If yes, state the date, person(s) present and circumstances pertaining to such warnings and attach hereto copies of any records reflecting these warnings.

**INTERROGATORY NUMBER 10:**

State the following information for each person who participated in the decision to reduce Plaintiff's work hours, or terminate or otherwise separate Plaintiff from employment with Defendant and indicate the role that each played in that decision:

(a)     Name.

(b)     Address and telephone number.

(c)     Present occupation.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                              5
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS
Case 1:05-cv-00037     Document 637     Filed 06/30/2008     Page 9 of 45

(d) Occupation at the time of Plaintiff's reduced work hours, termination or other separation.

(e) Present employer.

(f) Employer at the time of Plaintiff's reduced work hours, termination or other separation.

(g) Date of entry into job position held at the time of Plaintiff's reduced work hours, termination or other separation.

(h) Race, sex, age, national origin, ancestry.

(i) Role.

**INTERROGATORY NUMBER 11:**

State whether Plaintiff ever complained of receiving discriminatory treatment while working for Defendant or Defendant Calpac. If yes, specify the nature of the complaint(s), date(s) of the complaint(s), and explain what was done, if anything, in response to the complaint(s).

**INTERROGATORY NUMBER 12:**

Please identify and describe in detail all communications (written or oral) you, including any of your employees or agents such as Defendant Dennis P. Clark, have had with Plaintiff, during the period from January 2003 to the present.

**INTERROGATORY NUMBER 13:**

For each year the Plaintiff worked for the Defendant or Defendant Calpac, state each and every supervisor under whom she worked, indicating the name, address, telephone number, position, race, and national origin of each supervisor.

**INTERROGATORY NUMBER 14:**

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                                    6
Civil Case No. 05-00037
Pl. Case 1:05-cv-00037 of Interrogatories to Document 287. DTS Filed 06/30/2008    Page 10 of 45

Set forth in full and complete detail the name, address, race, national origin, and job duties and responsibilities of all the persons who replaced the Plaintiff at his job position.

**INTERROGATORY NUMBER 15:**

Set forth in full and complete detail a description of the work duties and responsibilities of the Plaintiff prior to his termination or other separation from the Defendant.

**INTERROGATORY NUMBER 16:**

State all the facts upon which you rely as an affirmative defense in your answer to the complaint that:

(a)　there was a failure to mitigate damages;

(b)　each "cause of action" alleged in the complaint fails to state facts sufficient to constitute a true cause of action;

(c)　Plaintiff has suffered no cognizable injury or damage;

(d)　workers' compensation laws provide the sole remedy for the injuries alleged;

(e)　all actions taken by the Defendant with respect to Plaintiff were at all times relevant to this action in good faith without any intent to discriminate against Plaintiff in any manner prohibited by law or public policy;

(f)　the complaint and each "cause of action" alleged therein are barred by the applicable statute of limitations;

(g)　Defendant did not directly or indirectly perform or fail to perform any act or acts that constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff;

(h)　Plaintiff is estopped by his own conduct from recovering any relief by the complaint or any cause of action or purported cause of action alleged therein;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl.'s Set of First Set of Interrogatories to Def. DTS

7

Case 1:05-cv-00037　Document 327　Filed 06/30/2008　Page 11 of 45

(i)     Plaintiff is not entitled to recover exemplary or punitive damages because Defendant never acted willfully, oppressively, or fraudulently, or ratify such conduct;

(j)     Plaintiff's claims are barred by the doctrine of waiver;

(k)     Plaintiff's claims are barred by the doctrine of laches;

(l)     Plaintiff failed to mitigate damages, nor use due diligence to mitigate damages;

(m)     Plaintiff has unclean hands; and

(n)     Plaintiff failed to exhaust internal and administrative remedies and jurisdictional prerequisites.

## INTERROGATORY NUMBER 17:

State in detail the Defendant's evaluation of the Plaintiff's work performance during his period of employment with the Defendant or Defendant Calpac.

## INTERROGATORY NUMBER 18:

For each facility or plant maintained by Defendant, state:

(a)     Its name;

(b)     Its location;

(c)     The date since it has been in use by Defendant;

(d)     Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and

(e)     Whether the use had discontinued and, if so, the date of its termination.

## INTERROGATORY NUMBER 19:

State the number of employees and the names of each employee at each facility identified in the answer to Interrogatory No. 18 as of January of each year from 1994 through 2007.

## INTERROGATORY NUMBER 20:

For each facility identified in the answer to Interrogatory No. 18, state:

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    8
Civil Case No. 05-00037
Plaintiff Jesse B. Cruz's First Set of Interrogatories to Def. DTS

Case 1:05-cv-00037   Document 657   Filed 06/30/2008   Page 12 of 45

(a)    The name of each department in the facility;

(b)    The name of each job category or sub-category in each department from January 1994 to the present, indicating the time period in which the categories were in the department;

(c)    The duties performed and/or responsibilities fulfilled by employees in each job category or sub-category;

(d)    The rate of pay for each job category or sub-category as of January 1994, for each succeeding year until it terminated.

(e)    The present rate of pay for each job category or sub-category.

(f)    The number of:

(1)    All employees,

(2)    white employees,

(3)    American employees,

(4)    non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)    Chamorro employees,

(6)    Non-Chamorro employees, and listing the different race categories of employees and the number of employees of each race category,

(7)    Guamanian employees,

(8)    Non-Guamanian employees, and listing the different national origin categories of employees and the number of employees of each national origin category,

(9)    American employees, and

(10)   all other minorities employees,

in each shift and each job category as of January 1994 to the present.

**INTERROGATORY NUMBER 21:**

Henry G. Van Meter, et al., v. CAL PAC, et al.                                          9
Civil Case No. 05-00037
Pl. Case 1:05-cv-00037 of Interrogatories to Def. DTS Filed 06/30/2008    Page 13 of 45

For each job categories or sub-categories listed in response to Interrogatory No. 20, state:

(a)     Whether employees assigned to this job category or sub-category are ordinarily expected to acquire skills in the performance of their jobs which are considered essential to the performance of higher-paying or more desirable jobs.

(b)     The skills expected to be acquired.

(c)     The job categories or sub-categories for which the acquisition of these skills is considered essential.

(d)     The period of time normally essential for the sufficient acquisition of such skills.

(e)     Whether such a period of time has, at any time since January 1994 been embodied in a job residency or job tenancy requirement which an employee must complete before being considered for promotion or transfer.

(f)     The length of any job residency or tenancy requirement, the dates during which it has been in use and each instance in which it has been waived as to any employee or group of employees.

(g)     For each waiver, set forth in (f):

(1)     The job category in which the employee worked at the time of the waiver.

(2)     The date of the waiver.

(3)     The job category or sub-category to which he or she could be promoted because of the waiver.

(4)     Whether he or she in fact received such a promotion.

(5)     The number of white employees, Chamorro employees, non-Chamorro employees, Guamanian employees, non-Guamanian employees, American employees, and all other minority employees benefited by the waiver.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    10
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS
Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 14 of 45

(h)    Whether alternative means of acquiring such skills are available to employees. If so, describe them. State their cost, if any to the employee and state the length of time normally required to acquire such skills by such alternative means.

## INTERROGATORY NUMBER 22:

For each facility identified in answer to Interrogatory No. 18 and for each year from January 1994 to the present, state:

(a)    The number of job applicants hired and initially assigned to each job category or sub-category listed in answer to Interrogatory No. 20(b), indicating separately:

        (1)    All new employees hired.

        (2)    White employees hired.

        (3)    American employees hired.

        (4)    non-American employees hired, identifying each national origin category of the employees and the number of employees of each national origin category.

        (5)    Chamorro employees hired.

        (6)    non-Chamorro employees hired, identifying each race category of the employees and the number of employees of each race category.

        (7)    Guamanian employees hired.

        (8)    non-Guamanian employees hired, identifying each national origin category of the employees and the number of employees of each national origin.

        (9)    American employees promoted.

        (10)    non-American employees promoted, identifying each national origin category of the employees and the number of employees of each national origin category.

        (11)    White employees promoted.

        (12)    Chamorro employees promoted.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS

(13)   non-Chamorros promoted, identifying each race category of the employees and the number of employees of each race category.

(14)   Guamanian employees promoted.

(15)   non-Guamanian employees promoted, identifying each national origin category of the employees and the number of employees of each national origin.

(16)   All other minority employees promoted.

**<u>INTERROGATORY NUMBER 23:</u>**

State, separately for each facility and for each category or sub-category, for each twelve-month period since January 1994 to the present, the number of employees:

(a)   Who requested promotion or transfer to other job categories or sub-categories, indicating the exact figure for:

(1)   All employees.

(2)   White employees.

(3)   American employees.

(4)   non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)   Chamorro employees.

(6)   non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

(7)   Guamanian employees.

(8)   non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin.

(9)   All other minority employees.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS

12

(b)     Who requested promotions or transfers and who satisfied the objective criteria established by Defendant to determine whether an employee will be promoted or transferred, regardless of whether the job sought was available, indicating the exact figure for:

    (1)     All employees.

    (2)     White employees.

    (3)     American employees.

    (4)     non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

    (5)     Chamorro employees.

    (6)     non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

    (7)     Guamanian employees.

    (8)     non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin category.

    (9)     all other minority employees.

**INTERROGATORY NUMBER 24:**

State the circumstances (including the date and persons involved) in which the Defendant first learned of the Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission against the Defendant and describe in detail all actions taken by the Defendant in response to the Plaintiff's EEOC charge of discrimination.

**INTERROGATORY NUMBER 25:**

Describe in full and complete detail the policies and procedures concerning disciplinary matters, including:

    (a)     when they were drafted;

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl.'s Resp. to Cal Pac First Set of Interrogatories to Def.

13

Case 1:05-cv-00037 Document 632 Filed 06/30/2008   Page 17 of 45

(b)    when they were implemented;

(c)    the names, addresses, telephone numbers, and titles of all persons who played any role in their implementation or drafting;

(d)    whether the policies or procedures are oral or written; and

(e)    if oral, describe the policies in detail, and if written, set forth copies.

Dated this 25th day of January, 2007.

LUJAN AGUIGUI & PEREZ LLP

By: _____

**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Jesse B. Cruz's First Set of Interrogatories to Def. DTS

14

Case 1:05-cv-00037    Document 607    Filed 06/30/2008    Page 18 of 45

# EXHIBIT 2

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Seeking admission *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA, <br><br> Plaintiffs, <br><br> vs. <br><br> CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10, <br><br> Defendants. | CIVIL CASE NO. 05-00037 <br><br><br><br><br><br><br> **DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES** |



RECEIVED
MAR 02 2007
LUJAN AGUIGUI & PEREZ LLP
By: _____ 4:30

RECEIVED
FEB 26 2007
LUJAN AGUIGUI & PEREZ LLP
By: _____ :53

**TO:** Plaintiff Jesse B. Cruz, by and through his attorney of record, Delia Lujan, Lujan Aguigui & Perez, LLP, Pacific News Building, Suite 300, 238 Archbishop Flores St., Hagåtña, Guam 96910.

---

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES      Page 1 of 19

COMES NOW Dynamic Technical Services, Defendant in the above-entitled and numbered action, and makes the following answers and objections to the below-enumerated interrogatories contained in Plaintiff Jesse B. Cruz's First Set of Interrogatories:

## OBJECTIONS TO DEFINITIONS

**Definition of "You," or "Your" and "Defendant".**  Plaintiffs ask that DTS construe these terms in such a way to include DTS and its attorneys, employees, and agents.  DTS objects to Plaintiffs' inclusion of persons  and entities other than DTS, acting through its officers and employees, in the definition of these terms because it distorts the ordinary meaning of these terms, is overbroad, and causes unnecessary confusion and complexity.  DTS further objects to this definition because it encompasses information and documentation protected by attorney-client and work-product privileges.  Accordingly, in responding to Plaintiffs' interrogatories, DTS will construe these terms to include DTS, acting through its officers and employees.

**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS**
**TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES**

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 21 of 45   Page 2 of 19

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** With respect to the persons answering, or providing information used to answer, these Interrogatories, state his or her:

     (a)    Name;

     (b)    Address;

     (c)    Business address;

     (d)    Business or other telephone number;

     (e)    Job title;

     (f)    Occupation;

     (g)    Name of immediate superior;

     (h)    Employer:

     (i)    Length of employment with Defendant; and

     (j)    Length of time in current position.

**ANSWER:**    (a)    Linda G. Hayes

            (b)    2303 Mallory Dr.
                       Corinth, Texas 76210

            (c)    1125 E. Highway 121
                       Lewisville, Texas 75057

            (d)    (469) 635-1301

            (e)    President

            (f)    Management

            (g)    Mickey Redwine

            (h)    Dynamic Technical Services, LP

            (i)    6 years – 10 months

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES    Page 3 of 19

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 22 of 45

(j)    9 months

**INTERROGATORY NO. 2:**  State the following information:

    (a)    Job classification of Plaintiff during the period from January 2000 to the present.

    (b)    Dates of employment of Plaintiff with Defendant from January 2000 to the present.

**ANSWER:**    (a)    Plaintiff never held a job with Dynamic Technical Services.    The classification of his jobs, if any, with other employers, is unknown.

            (b)    None.

**INTERROGATORY NO. 3:**  For each year the Plaintiff worked for the Defendant, state each and every position change and salary change, indicating as part of your answer the reason for each such change.

**ANSWER:**  Plaintiff never worked for Dynamic Technical Services.

**INTERROGATORY NO. 4:**  State whether the Defendant maintains evaluations or appraisals of Plaintiff's or Defendant Calpac's work performance from January 2000 to the present.  If yes, attach copies of all evaluations of Plaintiff's or Calpac's work performance.

**ANSWER:**  It does not.

**INTERROGATORY NO. 5:**  State the date, place, and reason for Plaintiff's reduced work hours, termination or other separation from Defendant or Defendant Calpac.

---

**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS**
**TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES**

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 23 of 45

**ANSWER:** Plaintiff was never employed by, and never worked for, Dynamic Technical Services. Dynamic Technical Services has no knowledge regarding Plaintiff's employment relationship, if any, with Calpac.

**INTERROGATORY NO. 6:** State whether Plaintiff's reduced work hours, termination or other separation was in accordance with Defendant's written rules and regulations. If yes, attach a copy of the subject rules and regulations, identifying the provisions relied upon in connection with the termination and when, if at all, the Plaintiff was advised of these rules and regulations.

**ANSWER:** This question improperly and incorrectly assumes that Plaintiff was an employee of Dynamic Technical Services. Plaintiff was never employed by, and never worked for, Dynamic Technical Services.

**INTERROGATORY NO. 7:** If no written rules and regulations exist, describe the Defendant's policy with respect to the type of conduct involved in Plaintiff's complaint. If Plaintiff's reduced work hours, termination or other separation was in accordance with such policy, state when and in what manner, if at all, Plaintiff was advised of this policy.

**ANSWER:** This question improperly and incorrectly assumes that Plaintiff was an employee of Dynamic Technical Services. Plaintiff was never employed by, and never worked for, Dynamic Technical Services.

**INTERROGATORY NO. 8:** If Plaintiff's termination resulted from any specific act(s), describe in detail the act(s) for which the Plaintiff had his work hours reduced, or was

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES        Page 5 of 19

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 24 of 45

terminated or otherwise separated. Include the names, addresses, and telephone numbers of all witnesses, if any, to each specific act.

**ANSWER:** Plaintiff was never employed by, and never worked for, Dynamic Technical Services. Dynamic Technical Services has no knowledge regarding Plaintiff's employment by, or termination of employment by, other parties.

**INTERROGATORY NO. 9:** State whether any oral or written warnings were issued to the Plaintiff concerning any matter relating to the reason(s) for the Plaintiff's reduced work hours, termination or other separation. If yes, state the date, person(s) present and circumstances pertaining to such warnings and attach hereto copies of any records reflecting these warnings.

**ANSWER:** Plaintiff was never employed by, and never worked for, Dynamic Technical Services. Dynamic Technical Services has no knowledge regarding Plaintiff's employment by, or termination of employment by, other parties.

**INTERROGATORY NO. 10:** State the following information for each person who participated in the decision to reduce Plaintiff's work hours, or terminate or otherwise separate Plaintiff from employment with Defendant and indicate the role that each played in that decision:

    (a)    Name.

    (b)    Address and telephone number.

    (c)    Present occupation.

    (d)    Occupation at the time of Plaintiff's reduced work hours, termination or other separation.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES    Page 6 of 19
Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 25 of 45

(e)     Present employer.

(f)     Employer at the time of Plaintiff's reduced work hours, termination or other separation.

(g)     Date of entry into job position held at the time of Plaintiff's reduced work hours, termination or other separation.

(h)     Race, sex, age, national origin, ancestry.

(i)     Role.

**ANSWER:**     This question improperly and incorrectly assumes that Plaintiff was an employee of Dynamic Technical Services. Plaintiff was never employed by, and never worked for, Dynamic Technical Services.


**INTERROGATORY NO. 11:**     State whether Plaintiff ever complained of receiving discriminatory treatment while working for Defendant or Defendant Calpac. If yes, specify the nature of the complaint(s), date(s) of the complaint(s), and explain what was done, if anything, in response to the complaint(s).

**ANSWER:**     Plaintiff was never employed by, and never worked for, Dynamic Technical Services. Dynamic Technical Services has no knowledge regarding Plaintiff's employment relationship, if any, with Calpac.


**INTERROGATORY NO. 12:**     Please identify and describe in detail all communications (written or oral) you, including any of your employees or agents such as Defendant Dennis P. Clark, have had the Plaintiff, during the period from January 2003 to the present.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES     Page 7 of 19

Case 1:05-cv-00037     Document 637     Filed 06/30/2008     Page 26 of 45

**ANSWER:** Dynamic Technical Services has never had any communications with Plaintiff. Dynamic Technical Services has no knowledge of any communications between Plaintiff and Dennis Clark.

**INTERROGATORY NO. 13:** For each year the Plaintiff worked for the Defendant or Defendant Calpac, state each and every supervisor under whom she worked, indicating the name, address, telephone number, position, race, and national origin of each supervisor.

**ANSWER:** Plaintiff was never employed by, and never worked for, Dynamic Technical Services. Dynamic Technical Services has no knowledge regarding Plaintiff's employment relationship, if any, with Calpac.

**INTERROGATORY NO. 14:** State forth in full and complete detail the name, address, race, national origin, and job duties and responsibilities of all the persons who replaced the Plaintiff at his job position.

**ANSWER:** This question improperly and incorrectly assumes that Plaintiff was an employee of Dynamic Technical Services. Plaintiff was never employed by, and never worked for, Dynamic Technical Services.

**INTERROGATORY NO. 15:** Set forth in full and complete detail a description of the work duties and responsibilities of the Plaintiff prior to his termination or other separation from the Defendant.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES        Page 8 of 19

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 27 of 45

**ANSWER:** This question improperly and incorrectly assumes that Plaintiff was an employee of Dynamic Technical Services. Plaintiff was never employed by, and never worked for, Dynamic Technical Services.

**INTERROGATORY NO. 16:** State all the facts upon which you rely as an affirmative defense in your answer to the complaint that:

(a)     there was a failure to mitigate damages;

(b)     each "cause of action" alleged in the complaint fails to state facts sufficient to constitute a true cause of action;

(c)     Plaintiff has suffered no cognizable injury or damage;

(d)     workers' compensation laws provide the sole remedy for the injuries alleged;

(e)     all actions taken by the Defendant with respect to Plaintiff were at all times relevant to this action in good faith without any intent to discriminate against Plaintiff in any manner prohibited by law or public policy;

(f)     the complaint and each "cause of action" alleged therein are barred by the applicable statute of limitations;

(g)     Defendant did not directly or indirectly perform or fail to perform any act or acts that constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff;

(h)     Plaintiff is estopped by his own conduct from recovering any relief by the complaint or any cause of action or purported cause of action alleged therein;

**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES** Page 9 of 19

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 28 of 45

(i)     Plaintiff is not entitled to recover exemplary or punitive damages because Defendant never acted willfully, oppressively, or fraudulently, or ratify such conduct;

(j)     Plaintiff's claims are barred by the doctrine of waiver;

(k)     Plaintiff's claims are barred by the doctrine of laches;

(l)     Plaintiff failed to mitigate damages, nor use due diligence to mitigate damages;

(m)    Plaintiff has unclean hands; and

(n)     Plaintiff failed to exhaust internal and administrative remedies and jurisdictional prerequisites.

**ANSWER:**  (a)    See Dynamic Technical Services' answer to Interrogatory No. 16(l).

(b)    See Dynamic Technical Services' motion to dismiss filed on April 21, 2006.

(c)    See Dynamic Technical Services' answer to Interrogatory No. 16(i).

(d)    Dynamic Technical Services will supplement after Plaintiffs' depositions are completed.

(e)    See Dynamic Technical Services' answer to Interrogatory No. 16(i).

(f)    See Dynamic Technical Services' motion for summary judgment filed on October 10, 2006.

(g)    See Dynamic Technical Services' answer to Interrogatory No. 16(i).

(h)    See Dynamic Technical Services' answer to Interrogatory Nos. 16(i) and (m)

(i)    Dynamic Technical Services never employed the Plaintiff. Dynamic Technical Services has never even had any communication or dealings of any kind with Plaintiff.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES     Page 10 of 19

Case 1:05-cv-00037   Document 637   Filed 06/30/2008   Page 29 of 45

Plaintiff contends that Dennis Clark directed racist remarks to him. However, Dynamic Technical Services denies that Clark made any such statements as alleged, and denies that Clark ever interacted with Plaintiff as a representative of Plaintiff's employer. In addition, Dynamic Technical Services denies that Clark ever took any actions for the purposes of harming Plaintiff, or that had any effect on Plaintiff's employment by other parties. Also, in connection with the Guam project, Clark served as a Project Manager for MCI, working under MCI's direction and control, and Dynamic Technical Services did not exercise any control over the manner in which Clark performed his work as a manager for MCI. Also, Plaintiff never made any complaints to Dynamic Technical Services about Clark, and, in failing to do so, deprived Dynamic Technical Services of an opportunity to investigate and address the complaints.

(j)      Plaintiff never made any complaints to Dynamic Technical Services about Clark, and has waived them in failing to provide Dynamic Technical Services with notice and an opportunity to investigate and address the complaints.

(k)      Plaintiff never made any complaints to Dynamic Technical Services about Clark, and, in failing to do so, deprived Dynamic Technical Services of an opportunity to investigate and address the complaints.

(l)      Dynamic Technical Services will supplement after Plaintiffs' depositions and further discovery is completed regarding Plaintiff's employment history and efforts to obtain employment since the end of employment by Calpac.

(m)      For purposes of harming Dynamic Technical Services and its employees and its business, Plaintiff has combined with other Plaintiffs to falsely accuse Dennis Clark of making racist statements and falsely claim that Plaintiff was employed by Dynamic Technical Services.

(n)    See Dynamic Technical Services' motion for summary judgment filed on October 10, 2006.

**INTERROGATORY NO. 17:** State in detail the Defendant's evaluation of the Plaintiff's work performance during his period of employment with the Defendant or Defendant Calpac.

**ANSWER:**    Plaintiff was never employed by, and never worked for, Dynamic Technical Services.  Dynamic Technical Services has no knowledge regarding Plaintiff's employment relationship, if any, with Calpac.

**INTERROGATORY NO. 18:** For each facility maintained by Defendant where Plaintiff was employed, state:

    (a)    Its name;

    (b)    Its location;

    (c)    The date since it has been in use by Defendant;

    (d)    Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and

    (e)    Whether the use had discontinued and, if so, the date of its termination.

**ANSWER:**    None.

**INTERROGATORY NO. 19:** State the number of employees and the names of each employee at each facility identified in the answer to Interrogatory No. 18 as of January of each year from 1994 through 2007.

**ANSWER:**    Not applicable, given answer to Interrogatory No. 18.

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES    Page 12 of 19

Case 1:05-cv-00037    Document 637    Filed 08/30/2008    Page 31 of 45

**INTERROGATORY NO. 20:** For each facility identified in the answer to Interrogatory No. 18, state:

    (a)    The name of each department in the facility;

    (b)    The name of each job category or sub-category in each department from January 1994 to the present, indicating the time period in which the categories were in the department;

    (c)    The duties performed and/or responsibilities fulfilled by employees in each job category or sub-category;

    (d)    The rate of pay for each job category or sub-category as of January 1994, for each succeeding year until it terminated.

    (e)    The present rate of pay for each job category or sub-category.

    (f)    The number of:

        (1)    All employees,

        (2)    white employees,

        (3)    American employees,

        (4)    non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

        (5)    Chamorro employees,

        (6)    Non-Chamorro employees, and listing the different race categories of employees and the number of employees of each race category,

        (7)    Guamanian employees,

**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES**    Page 13 of 19

Case 1:03-cv-00037 Document 337    Page 32 of 45

(8)    Non-Guamanian employees, and listing the different national origin categories of employees and the number of employees of each national origin category,

(9)    American employees, and

(10)   all other minorities employees,

**ANSWER:**    Not applicable, given answer to Interrogatory No. 18.

**INTERROGATORY NO. 21:** For each job categories or sub-categories listed in response to Interrogatory No. 20, state:

(a)    Whether employees assigned to this job category or sub-category are ordinarily expected to acquire skills in the performance of their jobs which are considered essential to the performance of higher-paying or more desirable jobs.

(b)    The skills expected to be acquired.

(c)    The job categories or sub-categories for which the acquisition of these skills is considered essential.

(d)    The period of time normally essential for the sufficient acquisition of such skills.

(e)    Whether such a period of time has, at any time since January 1994 been embodied in a job residency or job tenancy requirement which an employee must complete before being considered for promotion or transfer.

(f)    The length of any job residency or tenancy requirement, the dates during which it has been in use and each instance in which it has been waived as to any employee or group of employees.

(g)    For each waiver, set forth in (f):

DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS
TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES    Page 14 of 19

Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 33 of 45

(1)      The job category in which the employee worked at the time of the waiver.

(2)      The date of the waiver.

(3)      The job category or sub-category to which he or she could be promoted because of the waiver.

(4)      Whether he or she in fact received such a promotion.

(5)      The number of white employees, Chamorro employees, non-Chamorro employees, Guamanian employees, non-Guamanian employees, American employees, and all other minority employees benefited by the waiver.

(h)      Whether alternative means of acquiring such skills are available to employees. If so, describe them. State their cost, if any to the employee and state the length of time normally required to acquire such skills by such alterative means.

**ANSWER:**      Not applicable, given answer to Interrogatory No. 18.

**INTERROGATORY NO. 22:** For each facility identified in answer to Interrogatory No. 18 and for each year from January 1994 to the present, state:

(a)      The number of job applicants hired and initially assigned to each job category or sub-category listed in answer to Interrogatory No. 20(b), indicating separately:

(1)      All new employees hired.

(2)      White employees hired.

(3)      American employees hired.

(4)      non-American employees hired, identifying each national origin category of the employees and the number of employees of each national origin category.

---

Case 1:03-cv-00037    Document 637    Filed 06/30/2008    Page 34 of 45

(5) Chamorro employees hired.

(6) non-Chamorro employees hired, identifying each race category of the employees and the number of employees of each race category.

(7) Guamanian employees hired.

(8) non-Guamanian employees hired, identifying each national origin category of the employees and the number of employees of each national origin.

(9) American employees promoted.

(10) non-American employees promoted, identifying each national origin category of the employees and the number of employees of each national origin category.

(11) White employees promoted.

(12) Chamorro employees promoted.

(13) non-Chamorros promoted, identifying each race category of the employees and the number of employees of each race category.

(14) Guamanian employees promoted.

(15) non-Guamanian employees promoted, identifying each national origin category of the employees and the number of employees of each national origin.

(16) All other minority employees promoted.

**ANSWER:** Not applicable, given answer to Interrogatory No. 18.

_____
**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS**
**TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES** Page 35 of 45 **Page 16 of 19**

Case 1:05-cv-00037    Document 637    Filed 06/30/2008    Page 35 of 45

**INTERROGATORY NO. 23:** State, separately for each facility and for each category or sub-category, for each twelve-month period since January 1994 to the present, the number of employees:

   (a)   Who requested promotion or transfer to other job categories or sub-categories, indicating the exact figure for:

      (1)   All employees.

      (2)   White employees.

      (3)   American employees.

      (4)   non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

      (5)   Chamorro employees.

      (6)   non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

      (7)   Guamanian employees.

      (8)   non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin.

      (9)   All other minority employees.

   (b)   Who requested promotions and transfers and who satisfied the objective criteria established by Defendant to determine whether an employee will be promoted or transferred, regardless of whether the job sought was available, indicating the exact figure for:

      (1)   All employees.

      (2)   White employees.

(3)     American employees.

(4)     non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)     Chamorro employees.

(6)     non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

(7)     Guamanian employees.

(8)     non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(9)     all other minority employees.

**ANSWER:**     Not applicable, given answer to Interrogatory No. 18.


**INTERROGATORY NO. 24:** State the circumstances (including the date and persons involved) in which the Defendant first learned of the Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission against the Defendant and describe in detail all actions taken by the Defendant in response to the Plaintiff's EEOC charge of discrimination.

**ANSWER:**     Dynamic Technical Services received via mail from the EEOC a "Notice of Charge of Discrimination" on or about February 28, 2005.  Defendant replied to the EEOC in a letter stating the Plaintiff had never been employed by Dynamic Technical Services.


**INTERROGATORY NO. 25:** Describe in full and complete detail the policies and procedures concerning disciplinary matters, including:

---

(a)     when they were drafted;

(b)     when they were implemented;

(c)     the names, addresses, telephone numbers, and titles of all persons who played any

role in their implementation or drafting;

(d)     whether the policies or procedures are oral or written; and

(e)     if oral, describe the policies in detail, and if written, set forth copies.

**ANSWER:**     None.

Dated: February $\underline{25}$, 2007

_Elyze Smith_

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Seeking admission _Pro Hac Vice_)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile:  (469) 519-2555

_Attorneys for Defendant Dynamic Technical Service. Inc._

36307.24\Rsp.ROGS-JCruz

---

**DEFENDANT DYNAMIC TECHNICAL SERVICES' ANSWERS AND OBJECTIONS**
**TO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES**          Page 19 of 19

# EXHIBIT 3

# LUJAN AGUIGUI & PEREZ LLP

DNA Building
Suite 300
238 Archbishop Flores Street
Hagåtña, GU 96910
Tel: (671) 477-8064/5
Fax: (671) 477-5297

June 23, 2008

**VIA FACSIMILE**
**(671) 477-4375**

Elyze J. McDonald
Carlsmith Ball LLP
Bank of·Hawaii Bldg.
134 West Soledad Ave., Ste. 401
P.O. Box BF
Hagatna, Guam 96932-5027

              **Re:    Van Meter v. Calpac, CV05-00037**

Dear Ms. McDonald:

        I am writing regarding Defendant Dynamic Technical Services' Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories ("DTS's Answers"), received by my office on February 26, 2007, and March 2, 2007. I am particularly interested in DTS's "Answers" to Interrogatory Nos. 18 through 23. DTS's "Answers" to Interrogatory Nos. 18 through 23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic Technical Services were non-responsive to the questions asked therein.

        First, Interrogatory No. 18 states: "For each facility or plaint maintained by Defendant, state: (a) Its name; (b) Its location; (c) The date since it has been in use by Defendant; (d) Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and (e) Whether the use had discontinued and, if so, the date of its termination."

        In DTS's Answer, DTS **MISSTATED**, perhaps intentionally, Interrogatory No. 18 as follows: "For each facility maintained by Defendant **where Plaintiff was employed,** state: ...." (Emphasis added.) DTS then provided an "Answer": "None." However, DTS answered not Plaintiff's Interrogatory No. 18, but the misstated Interrogatory No. 18 provided in DTS's Answer. Therefore, DTS has failed to provide an answer to Interrogatory No. 18.

        Interrogatory Nos. 19 through 23 then sought additional information regarding the facilities or plants maintained by DTS, which would have been stated in a responsive answer to Interrogatory No. 18. Due to DTS's perhaps intentional misstatement of Interrogatory No. 18 (by adding four

words: "where Plaintiff was employed"), DTS allowed itself to provide a simple response to these Interrogatories: "Not applicable, given answer to Interrogatory No. 18." However, just as DTS's "Answer" to Interrogatory No. 18 was non-responsive, DTS's "Answers" to Interrogatories Nos. 19 through 23 are also non-responsive. Therefore, DTS has still failed to provide a responsive answer to Interrogatory Nos. 19 through 23.

The fact that DTS has filed motions for summary judgment alleging that Plaintiffs cannot prove the numerosity requirement (which information Plaintiffs should have received if DTS had provided a responsive answer to Interrogatory Nos. 18 and 19 instead of misstating Interrogatory No. 18) is particularly troublesome, as DTS played a role in preventing Plaintiffs from receiving such information. Interrogatory Nos. 18 through 23 were not limited to any facilities or plants of DTS "where Plaintiff was employed." DTS added these four words and unilaterally limited the scope of Plaintiffs' Interrogatory Nos. 18 through 23.

Whether the misstatement by DTS was intentional or not, it is clear that DTS has failed to provide responsive answers to Interrogatory Nos. 18 through 23. Under Federal Rules of Civil Procedure 26 and 33, Plaintiff is entitled to have these interrogatories answered by DTS. If Plaintiffs' counsel does not receive a complete answer to Interrogatory Nos. 18 through 23 by 4:30 p.m., Friday, June 27, 2008, Guam time, then Plaintiffs will be forced to file a motion to compel discovery and will consider requesting sanctions based on DTS' misstatement of Interrogatory No. 18, which allowed it to provide non-responsive answers not just in response to Interrogatory No. 18, but also Interrogatory Nos. 19 through 23.

This letter constitutes Plaintiffs' good faith attempt to resolve this discovery matter without the need for filing a motion to compel with the Court. Please contact either me as soon as possible should you wish to discuss.

Sincerely,

David J. Lujan     for

Cc: Art Smith

# EXHIBIT 4

LAW OFFICES OF

# ARTHUR K. SMITH

### A PROFESSIONAL CORPORATION

507 PRESTIGE CIRCLE
ALLEN, TEXAS 75002-3438

ARTHUR K. SMITH
DIRECT (469) 519-2525
asmith@aksmithlaw.com

TELEPHONE (469) 519-2500
FACSIMILE (469) 519-2555

June 25, 2007

David J. Lujan                                    <u>via facsimile: (671) 477-5297</u>
LUJAN AGUIGUI & PEREZ LLP
Pacific News Building, Suite 300
238 Archbishop Flores St.
Hagatna, Guam 96910

Re:    Civil Case No. CIV05-00037; *Henry G. Van Meter, et al., vs. Calpac, et al*; In
        the District Court of Guam for the Territory of Guam

Dear Mr. Lujan:

I am in receipt of your letter dated June 23, 2008 regarding DTS' answers to Plaintiff Jesse B. Cruz's First Set of Interrogatories, specifically Interrogatories Nos. 18-23. In your letter, you have advised that Interrogatory No. 18 was misstated in DTS' Answers, which were served upon Plaintiff's counsel over sixteen months ago.

I have pulled Jesse B. Cruz's First Set of Interrogatories and have compared it to DTS' Answers and I saw that my staff member that typed the Interrogatories in order to be answered did not transcribe the Interrogatory correctly. This was purely a clerical by my staff and was not done intentionally. Obviously, had the Interrogatory been transcribed correctly, DTS would have responded differently to Interrogatory No. 18 and lodged numerous objections to the Interrogatories Nos. 19-23, as they seek information which has no relevance to the present suit and is extremely overbroad in scope and time period.

Since, a member of my staff made a mistake, I will respond, subject to any applicable objections, to Plaintiff Jesse B. Cruz's First Set of Interrogatories Nos. 18-23 by July 3, 2008. Please do not hesitate to contact me if you have any questions or wish to discuss this matter.

Best regards.

Very truly yours,

*Arthur K. Smith jp*

Arthur K. Smith

AKS:ujb
36307.24\ltr to Lujan.6-25-08

# EXHIBIT 5

# LUJAN AGUIGUI & PEREZ LLP

DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, GU 96910
Tel: (671) 477-8064/5
Fax: (671) 477-5297

June 27, 2008

**VIA FACSIMILE**
**(469) 519-2555**

Arthur K. Smith
Law Offices of Arthur K. Smith
507 Prestige Circle
Allen, Texas 75002-3438

     **Re:**    **Van Meter v. Calpac, CV05-00037**

Dear Mr. Smith:

     I am writing in response to your letter dated June 25, 2007 [sic], which was received by my office on June 26, 2008, Guam time. In your letter, you state that you will respond, "subject to any applicable objections, to Plaintiff Jesse B. Cruz's First Set of Interrogatories Nos. 18-23 by July 3, 2008." However, as Plaintiff never received a response to Interrogatory Nos. 18-23, and DTS did not timely or even untimely object to these interrogatories, I believe DTS has waived any objections it may have had to those Interrogatories and therefore is obligated to produce complete answers.

     Also, I appreciate that DTS intends to respond by July 3, 2008. In Plaintiffs' counsel's letter dated June 23, 2008, Plaintiff originally requested that DTS produce complete answers by June 27, 2008, Guam time. Plaintiff is willing to provide additional time, up until 12:00 p.m. on June 30, 2008, Guam time, for DTS to submit to Plaintiff its answers. As the discovery motion cutoff is June 30, 2008, Guam time, Plaintiff's counsel must have physical possession of DTS' complete answers to Interrogatory Nos. 18-23 by 12 p.m., June 30, 2008, Guam time, or else Plaintiff will be forced to file a motion to compel with the Court on that date to preserve its right to receive these answers. For DTS' added convenience, Plaintiff will be satisfied with receiving by 12:00 pm., June 30, 2008, Guam time, a facsimile copy of DTS' verification of its answers, subject to Plaintiff's receipt soon thereafter of the original signed verification.

     Please contact me as soon as possible should you wish to discuss.

Sincerely,

Delia S. Lujan