ELYZE J. MCDONALD, Guam Bar No. 01-004
*emcdonald@carlsmith.com*
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375



**FILED**
DISTRICT COURT OF GUAM

JUL 24 2008

**JEANNE G. QUINATA**
**Clerk of Court**

Arthur K. Smith, Texas Bar No. 18534100
*asmith@aksmithlaw.com*
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>                Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>                Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS; EXHIBITS A AND B; DECLARATION OF SERVICE** |

ORIGINAL

## DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, L.P. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this Response to Plaintiffs' Motion to Compel Production of Interrogatory Answers, and in support thereof respectfully would show unto the Court the following:

1. Plaintiff Jesse B. Cruz served his First Set of Interrogatories (the "Interrogatories") on DTS on January 25, 2007. DTS timely served objections and answers to the Interrogatories on February 25, 2007. The Plaintiffs have never raised an issue regarding DTS' responses to the Interrogatories until June 23, 2008, nearly sixteen months after the answers were served upon Plaintiffs' counsel.

2. On June 23, 2008, counsel for Plaintiffs sent counsel for DTS a letter advising that Interrogatory No. 18 was misstated in the responses. Furthermore, Plaintiffs' counsel advised that Interrogatory Nos. 19-23 were based upon Interrogatory No. 18, so the responses to those interrogatories were affected by the misstatement as well. Counsel for DTS then compared the Interrogatories and DTS' answers to the Interrogatories and confirmed that a mistake transcribing Interrogatory No. 18 was made, leading to DTS to respond to a differently worded Interrogatory than what was originally served upon DTS. Counsel for DTS immediately advised counsel for the Plaintiff that there had been a clerical error in transcribing the Interrogatories that led to the inadvertent response, and agreed to respond, subject to any applicable objections, to the affected Interrogatories. DTS then served answers and objections to the affected Interrogatories on July 1, 2008, only eight days after the mistake was brought to its attention. A

Case 1:05-cv-00037    Document 642    Filed 07/24/2008    Page 2 of 28

true and correct copy of the Amended Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories ("Amended Answers") is attached hereto as Exhibit "A."

3.      When counsel for DTS was served with the Interrogatories, Arthur K. Smith, counsel for DTS, gave a copy of the Interrogatories to his secretary to transcribe them into a Word document to allow the attorneys to insert objections and answers to the Interrogatories. It is apparent now that Mr. Smith's then-secretary made an error in transcribing Interrogatory No. 18. The secretary was not told or advised to make any changes to the Interrogatory as it was worded by the Plaintiff. *See* the Declaration of Arthur K. Smith, attached hereto as Exhibit "B." Additionally, Art Smith did not substitute in as counsel for DTS in this case until February 5, 2007. As such, Mr. Smith's secretary would not have any idea as to what effect any change in the wording of the Interrogatory would have regarding any of the issues in this case.

4.      Plaintiffs' counsel argues that this inadvertent mistake was "particularly egregious" and "sanctionable" and DTS has waived all objections to the Interrogatories. DTS would show that there is good cause under Federal Rule of Civil Procedure 33(b)(4) to allow DTS to file objections to Interrogatory Nos. 18-23. DTS did not originally file objections to the Interrogatories due to the inadvertent clerical error, as set forth above. If Mr. Smith's secretary had transcribed Interrogatory No. 18 correctly, DTS would have filed objections to that Interrogatory and Interrogatory Nos. 19-23, as it has in its Amended Answers. There is no logical reason for DTS to intentionally change the wording of Interrogatory No. 18, and thus risking the waiver of numerous objections, when DTS could have simply lodged the objections and answered any unobjectionable portions of the Interrogatories.

5.      Furthermore, it is disingenuous for Plaintiffs' counsel to argue that DTS should be forced to waive any objections due to an inadvertent mistake. It was only last fall that Plaintiffs'

counsel failed to timely respond to a motion for summary judgment filed by DTS. Plaintiffs' counsel alleged that it did not receive an order from this Court stating the date Plaintiffs' response to the motion was due.[1] After Plaintiffs failed to file any response to the motion for summary judgment, DTS filed a reply that specifically cited to the Court order setting Plaintiffs' response due date. Plaintiffs' counsel failed to respond to that motion, and waited for judgment to be entered against Plaintiff prior to filing any documents with this Court. At that time, Plaintiffs filed a motion for reconsideration, asking the Court to excuse its failure to respond to the summary judgment motion. The Court excused Plaintiffs' failure to timely respond to the Motion and allowed Plaintiffs to file an untimely response to the summary judgment motion. As such, Plaintiffs' counsel should not be opposing DTS' Amended Answers and Objections, when it has previously sought the same relief from the Court in this case.

  6.  Plaintiffs' argue in their motion to compel that DTS' explanation of a clerical error is "dubious in light of DTS's ardent efforts to dismiss Plaintiffs' claims on the grounds that it never employed Plaintiffs and that Plaintiffs cannot prove the numerosity requirement." First of all, it is uncontested that DTS never employed any of the Plaintiffs. All of the Plaintiffs testified in their depositions that they were employees of Calpac and not DTS. As such, it is incorrect for Plaintiffs' counsel's to suggest that this issue is in dispute in this case. Additionally, in DTS' Amended Answers, DTS provided the number of employees it had, as requested in Interrogatory No. 19, in the years 2004-2005, and presently. Therefore, DTS has provided Plaintiffs with the number of employees DTS had at its office, as requested by Plaintiff in Interrogatory No. 19, in the time period at issue in this suit. Thus, Plaintiffs' main complaint

---

[1] The reason that Plaintiffs' counsel allegedly did not receive the Order is because of their refusal to enroll in the ECF filing system and chose to rely on the mail box system at the Courthouse. Of course, the reason that Plaintiffs' counsel refused to enroll in the ECF system may have been to have this built in excuse.

Defendant DTS' Response to Plaintiffs' Motion to Compel        Page 4 of 8
4823-2050-0738.1.059759-00001

Case 1:05-cv-00037  Document 642  Filed 07/24/2008  Page 4 of 28

regarding DTS' answers to Interrogatories has already been addressed by DTS' Amended Answers.

7.     Furthermore, DTS should not be found to waive its objections and ordered to fully answer Interrogatory Nos. 18-23 as the Interrogatories: (1) seek information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence; (2) are drastically overbroad; and (3) unduly burdensome. By way of example, Plaintiff requested the number of employees employed by DTS at its office from 1994 through 2007. There is no connection between the numbers of employees DTS had in its office in 1994 to any issue relevant to the claims made by the Plaintiffs for alleged acts that occurred in 2004. Additionally, the Plaintiff requested such irrelevant information such as the rates of pay for employees, skills required for various positions, and which employees requested promotions, all for a thirteen year period of time. None of these topic areas are related to any issue in the present case and would necessarily require DTS to have to extensively search through records going back to 1994 to answer. The Interrogatories seek information that is so far beyond the scope of relevant inquiry and drastically overbroad that it can only be concluded that Plaintiff has drafted the Interrogatories for the sole purpose of harassment. DTS has not stated all objectionable portions of the Interrogatories, but has only provided a small sample as an example.

8.     Plaintiffs' counsel also seeks attorneys' fees in the motion to compel for filing the motion. Plaintiffs' counsel is not entitled to any attorney's fees as the motion to compel has no merit. An inadvertent clerical error was made by a secretary for DTS' counsel. When the error was brought to the attention of counsel for DTS, counsel for DTS explained the error to Plaintiffs' counsel and served amended interrogatory answers and objections a week after being notified of the error. As such, Plaintiffs are not entitled to attorney's fees. Furthermore, DTS

did not seek any attorney's fees for having to respond to Plaintiffs' Motion for Reconsideration due to Plaintiffs' failure to timely respond to its motion for summary judgment. Additionally, due to the actions of Plaintiffs' counsel, counsel for DTS and Calpac was forced to attend a second deposition of twelve Plaintiffs, incurring at least an additional 36 hours in attorney's fees. Additionally, if DTS' inadvertent mistake was as serious as alleged by Plaintiffs, it would not have taken sixteen months for Plaintiffs' counsel to notice the mistake. Therefore, Plaintiff should not be awarded any attorney's fees with respect to their motion to compel.

9. DTS' Amended Answers and Objections to Plaintiff Jesse B. Cruz's Interrogatory Nos. 18-23 should be allowed to stand for the reasons set forth above. Should Plaintiffs' counsel believe that any of DTS' objections are unfounded, DTS will agree that Plaintiffs' counsel can file a motion regarding DTS' objections by August 8, 2008, and will not raise any argument that the discovery motion deadline has passed. For the foregoing reasons, Defendant DTS requests this Court deny Plaintiffs' Motion to Compel.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Technical Services respectfully requests this court to deny Plaintiffs' Motion to Compel, and for such further relief to which DTS shows itself justly entitled.

///

///

///

///

///

DATED this 23d day of July, 2008.

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*

# DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on July 22 , 2008, I will cause to be served, via facsimile and/or hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS upon the following Counsels of record:

> Delia Sablan Lujan, Esq.
> **LUJAN, AGUIGUI & PEREZ, LLP**
> Suite 300, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone:   (671) 477-8064
> Facsimile:    (671) 477-5297
> Attorneys for Plaintiffs Henry G. Van Meter, et al.
>
> Vincent Leon Guerrero, Esq.
> **BLAIR, STERLING, JOHNSON, MOODY,**
> **MARTINEZ & LEON GUERRERO, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone:   (671) 477-7857
> Facsimile:   (671) 472-4290
> Attorneys for Defendant California Pacific Technical Services, LLC
>
> G. Patrick Civille
> **CIVILLE & TANG, PLLC**
> 330 Hernan Cortez Avenue, Suite 200
> Hagåtña, Guam USA 96910
> Telephone:   (671) 472-8869
> Facsimile:    (671) 477-2511
> Attorneys for Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc.

Executed this 22d day of July 2008 at Hagåtña, Guam.

_____
ELYZE J. McDONALD

# Exhibit A

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Seeking admission *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| .Y G. VAN METER, JERRY<br>'ACA, JR., JOSEPH J<br>'ANDEZ, JOSEPH T. MENDIOLA,<br>Y L. CHARFAUROS, ANTHONY<br>RIOLA, ROBERT B. CRUZ,<br>.ND F. MENDIOLA, JAMES S.<br>TEDDY B. CRUZ, JESSE B. CRUZ,<br>L.G. NAUTA, and JOHN P.<br>.UTA,<br><br><br>Plaintiffs,<br><br><br>AC, DYNAMIC TECHNICAL<br>ICES, MCI, JOHN HEALY,<br>IIS CLARK, WILLIAM WARD, JAI<br>S, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 05-00037<br><br><br><br><br><br>NDANT DYNAMIC TECHNICAL<br>ICES' FIRST AMENDED ANSWERS<br><br>CTIONS TO PLAINTIFF JESSE B.<br>'S FIRST SET OF<br>RROGATORIES |

DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS
AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S
FIRST SET OF INTERROGATORIES

Page 1 of 14

Case 1:05-cv-00037    Document 642    Filed 07/24/2008    Page 10 of 28

**TO:** Plaintiff Jesse B. Cruz, by and through his attorney of record, Delia Lujan, Lujan Aguigui & Perez, LLP, Pacific News Building, Suite 300, 238 Archbishop Flores St., Hagåtña, Guam 96910.

COMES NOW Dynamic Technical Services, Defendant in the above-entitled and numbered action, and makes the following supplemental answers and objections to the below-enumerated interrogatories contained in Plaintiff Jesse B. Cruz's First Set of Interrogatories:

**INTERROGATORY NO. 18:** For each facility maintained by Defendant, state:

    (a)    Its name;

    (b)    Its location;

    (c)    The date since it has been in use by Defendant;

    (d)    Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and

    (e)    Whether the use had discontinued and, if so, the date of its termination.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when this Interrogatory was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

    DTS objects to this Interrogatory because:

    (1)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

    (2)    it is overbroad; and

(3)     the burden and expense of some of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows to this interrogatory insofar as it seeks information concerning facilities maintained between January 1, 2004 and December 31, 2005:

(a)     Dynamic Technical Services, L.P. has an office suite which is located in a building located at 1125 E. Hwy. 121, Lewisville, Texas 75057.

(b)     1125 E. Hwy. 121, Lewisville, Texas 75057.

(c)     May 2002.

(d)     The facility at 1125 E. Hwy. 121 in Lewisville, Texas was not in use by DTS prior to May 2, 2002.

(e)     No.


**INTERROGATORY NO. 19:** State the number of employees and the names of each employee at each facility identified in the answer to Interrogatory No. 18 as of January of each year from 1994 through 2007.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription

error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)     it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)     it is drastically overbroad; and

(3)     the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows insofar as this interrogatory asks the number of employees at the DTS office in Lewsiville, Texas for the years 2004-2005 and the number of employees currently employed by DTS:

In the years 2004-2005, DTS had between 4 and 10 employees working at its Lewisville office and presently has two full time and one part-time employee at its Lewisville office.

**INTERROGATORY NO. 20:**  For each facility identified in the answer to Interrogatory No. 18, state:

(a)     The name of each department in the facility;

(b)     The name of each job category or sub-category in each department from January 1994 to the present, indicating the time period in which the categories were in the department;

Case 1:05-cv-00037     Document 642     Filed 07/24/2008     Page 13 of 28

(c)     The duties performed and/or responsibilities fulfilled by employees in each job category or sub-category;

(d)     The rate of pay for each job category or sub-category as of January 1994, for each succeeding year until it terminated.

(e)     The present rate of pay for each job category or sub-category.

(f)     The number of:

    (1)     All employees,

    (2)     white employees,

    (3)     American employees,

    (4)     non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

    (5)     Chamorro employees,

    (6)     Non-Chamorro employees, and listing the different race categories of employees and the number of employees of each race category,

    (7)     Guamanian employees,

    (8)     Non-Guamanian employees, and listing the different national origin categories of employees and the number of employees of each national origin category,

    (9)     American employees, and

    (10)    all other minorities employees,

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As

**DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS AND OBJECTIONSTO PLAINTIFF JESSE B. CRUZ'S FIRST SET OF INTERROGATORIES**                    **Page 5 of 14**

Case 1:05-cv-00037     Document 642     Filed 07/24/2008     Page 14 of 28

such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)    it is drastically overbroad; and

(3)    the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows insofar as this interrogatory seeks responses to subparts (a), (b), (c), and (f)(1), for the years 2004-2005:

(a)    The departments in DTS for years 2004-2005 were Civil Engineering, Outside Plant Engineering, Recruiting, and the Controller.

(b)    The Civil Engineering department had one employee with the job title of Director of Civil Engineering. The Outside Plant Engineering department had the positions of Outside Plant Engineering Manager, CAD manager, and CAD employees. The Outside Plant Engineering department closed in May 2005. The Recruiting department had one position which was the director of recruiting. The Controller Department consisted of the position of Controller.

There was also one administrative assistant who functioned as a receptionist and provided support to all departments.

(c)     Civil Engineering provided construction management services. The Outside Plant Engineering department provided engineering design services. The Recruiting department recruited candidates for positions offered by the company. The Controller handled all financial aspects of the company.

(f)(1)  The highest total number of employees at any time during the years 2004-2005 who worked at the Lewisville office was ten.

**INTERROGATORY NO. 21:** For each job categories or sub-categories listed in response to Interrogatory No. 20, state:

(a)     Whether employees assigned to this job category or sub-category are ordinarily expected to acquire skills in the performance of their jobs which are considered essential to the performance of higher-paying or more desirable jobs.

(b)     The skills expected to be acquired.

(c)     The job categories or sub-categories for which the acquisition of these skills is considered essential.

(d)     The period of time normally essential for the sufficient acquisition of such skills.

(e)     Whether such a period of time has, at any time since January 1994 been embodied in a job residency or job tenancy requirement which an employee must complete before being considered for promotion or transfer.

DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS
AND OBJECTIONSTO PLAINTIFF JESSE B. CRUZ'S
FIRST SET OF INTERROGATORIES                          Page 7 of 14

Case 1:05-cv-00037    Document 642    Filed 07/24/2008    Page 16 of 28

(f)    The length of any job residency or tenancy requirement, the dates during which it has been in use and each instance in which it has been waived as to any employee or group of employees.

(g)    For each waiver, set forth in (f):

(1)    The job category in which the employee worked at the time of the waiver.

(2)    The date of the waiver.

(3)    The job category or sub-category to which he or she could be promoted because of the waiver.

(4)    Whether he or she in fact received such a promotion.

(5)    The number of white employees, Chamorro employees, non-Chamorro employees, Guamanian employees, non-Guamanian employees, American employees, and all other minority employees benefited by the waiver.

(h)    Whether alternative means of acquiring such skills are available to employees. If so, describe them. State their cost, if any to the employee and state the length of time normally required to acquire such skills by such alterative means.

**AMENDED ANSWER:**  Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable.  This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs.  In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)     it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)     it is drastically overbroad; and

(3)     the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.


**INTERROGATORY NO. 22:**  For each facility identified in answer to Interrogatory No. 18 and for each year from January 1994 to the present, state:

(a)     The number of job applicants hired and initially assigned to each job category or sub-category listed in answer to Interrogatory No. 20(b), indicating separately:

    (1)     All new employees hired.

    (2)     White employees hired.

    (3)     American employees hired.

    (4)     non-American employees hired, identifying each national origin category of the employees and the number of employees of each national origin category.

    (5)     Chamorro employees hired.

    (6)     non-Chamorro employees hired, identifying each race category of the employees and the number of employees of each race category.

    (7)     Guamanian employees hired.

DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS
AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S
FIRST SET OF INTERROGATORIES                     **Page 9 of 14**

Case 1:05-cv-00037     Document 642     Filed 07/24/2008     Page 18 of 28

(8)     non-Guamanian employees hired, identifying each national origin category of the employees and the number of employees of each national origin.

(9)     American employees promoted.

(10)    non-American employees promoted, identifying each national origin category of the employees and the number of employees of each national origin category.

(11)    White employees promoted.

(12)    Chamorro employees promoted.

(13)    non-Chamorros promoted, identifying each race category of the employees and the number of employees of each race category.

(14)    Guamanian employees promoted.

(15)    non-Guamanian employees promoted, identifying each national origin category of the employees and the number of employees of each national origin.

(16)    All other minority employees promoted.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)      it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)      it is drastically overbroad; and

(3)      the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**INTERROGATORY NO. 23:** State, separately for each facility and for each category or sub-category, for each twelve-month period since January 1994 to the present, the number of employees:

(a)      Who requested promotion or transfer to other job categories or sub-categories, indicating the exact figure for:

    (1)      All employees.

    (2)      White employees.

    (3)      American employees.

    (4)      non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

    (5)      Chamorro employees.

    (6)      non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

    (7)      Guamanian employees.

(8)       non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin.

(9)       All other minority employees.

(b)       Who requested promotions and transfers and who satisfied the objective criteria established by Defendant to determine whether an employee will be promoted or transferred, regardless of whether the job sought was available, indicating the exact figure for:

(1)       All employees.

(2)       White employees.

(3)       American employees.

(4)       non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)       Chamorro employees.

(6)       non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

(7)       Guamanian employees.

(8)       non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(9)       all other minority employees.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As

**DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS
AND OBJECTIONS TO PLAINTIFF JESSE B. CRUZ'S
FIRST SET OF INTERROGATORIES**        **Page 12 of 14**

Case 1:05-cv-00037    Document 642    Filed 07/24/2008    Page 21 of 28

such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)     it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)     it is drastically overbroad; and

(3)     the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**DEFENDANT DYNAMIC TECHNICAL SERVICES' AMENDED ANSWERS**
**AND OBJECTIONSTO PLAINTIFF JESSE B. CRUZ'S**
**FIRST SET OF INTERROGATORIES**                    **Page 13 of 14**

Case 1:05-cv-00037     Document 642     Filed 07/24/2008     Page 22 of 28

Dated: July 1st, 2008

_(signature)_

BLYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam  96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Seeking admission *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone:  (469) 519-2500
Facsimile:  (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*

## CERTIFICATE OF SERVICE

On the 1st day of July, 2008, a true and correct copy of the above and foregoing pleading was delivered via facsimile to all counsel of record.

_(signature)_

Arthur K. Smith

36307.24\Rsp.ROGS-JCruz

---

## VERIFICATION

STATE OF TEXAS, USA      §
                                   §

COUNTY OF DENTON       §

       Linda Hayes, being first duly sworn on oath, deposes and says that she has read the foregoing Defendant Dynamic Technical Services' Amended Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of Dynamic Technical Services, Inc., upon which she has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these answers; that consequently Dynamic Technical Services, Inc. reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of her knowledge, information and belief.

                                _____
                                Linda Hayes

SUBSCRIBED AND SWORN TO this __1st__ day of _____, 2008, to certify which witness my hand and seal of office.

                                _____
                                Notary Public in and for the
                                State of Texas

My commission expires:

__10-22-09__



PAT WYNN
My Commission Expires
October 22, 2009

# Exhibit B

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br><br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br><br><br>**DECLARATION OF ARTHUR K. SMITH IN SUPPORT OF DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS** |

I, ARTHUR K. SMITH, hereby declare and state as follows:

     1.     I am an attorney representing Dynamic Technical Services ("DTS") in this matter. I do not intend to waive any attorney client privilege in making this declaration.

     2.     On January 25, 2007, Plaintiff Jesse B. Cruz served his First Set of Interrogatories on DTS.

     3.     On February 5, 2007, I filed my application for admission *pro hoc vice* and motion to substitute as counsel in this case.

     4.     After substituting in as counsel in this case, I provided a copy of Plaintiff Jesse B. Cruz's First Set of Interrogatories (as well as the Interrogatories from the other twelve Plaintiffs) to my secretary to transcribe the Interrogatories into a Word document so that I could then insert objections and answers to the Interrogatories. This was my normal business practice in all of my cases when my client was served with written discovery requests.

     5.     On February 26, 2007, I caused to be served upon Plaintiffs' counsel DTS' Answers and Objections to Plaintiff Jesse B. Cruz served his First Set of Interrogatories. Counsel for the Plaintiff never communicated anything to me regarding DTS' Answers and Objections to Plaintiff Jesse B. Cruz First Set of Interrogatories until June 23, 2008. On that date (nearly 16 months after the answers were served), Plaintiffs' counsel sent a letter advising that Interrogatory No. 18 was misstated in DTS' answers.

     6.     After receiving the June 23, 2008 letter from Plaintiff, I compared the language in Interrogatory No. 18 in Plaintiff Jesse B. Cruz's First Set of Interrogatories and Interrogatory No. 18 in DTS' Answers and Objections to Plaintiff Jesse B. Cruz served his First Set of Interrogatories. I discovered that Interrogatory No. 18 was not transcribed correctly when I answered the Interrogatories, which also affected DTS' responses to Interrogatory Nos. 19-23.

Prior to receiving the letter from Plaintiffs' counsel on June 23, 2008, I was not aware that the transcription error had occurred. The only possible reason for the error was an inadvertent transcription error by my secretary when she created the shell of Interrogatories prior to myself entering the objections and answers. I never instructed or advised my secretary to change any of the interrogatories when she transcribed the questions. If Interrogatory No. 18 had been transcribed correctly, I would have answered and objected on behalf of DTS in the same manner as set forth in DTS' Amended Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories. The individual that served as my secretary that transcribed the Interrogatories is no longer employed at my law firm, so I am unable to obtain a declaration from her.

7.     After I discovered the transcription error following the receipt of Plaintiffs' June 23, 2008 letter, I sent a letter to Plaintiffs' counsel explaining the clerical error and agreeing to serve responses, subject to any applicable objections, by July 3, 2008. I also immediately contacted my client to begin assembling the information to respond to the interrogatories. On July 1, 2003, I served DTS' Amended Answers and Objections to Plaintiff Jesse B. Cruz's First Set of Interrogatories on counsel for the Plaintiffs.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of July, 2008, in Allen, Texas.

Arthur K. Smith