LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

| HENRY G. VAN METER, et al., | CIVIL CASE NO. 05-00037 |
|---|---|
| Plaintiffs, -vs- CALPAC, et al., Defendants. | **PLAINTIFFS' REPLY TO DEFENDANT DYNAMIC TECHNICAL SERVICES' RESPONSE TO MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS** |

COME NOW Plaintiffs Henry G. Van Meter, Jerry Apodaca, Jr., Joseph J. Hernandez, Joseph T. Mendiola, Larry L. Charfauros, Anthony C. Arriola, Robert B. Cruz, Roland F. Mendiola, James S. Yee, Teddy B. Cruz, Jesse B. Cruz, John L.G. Nauta, and John P. Babauta (collectively "Plaintiffs") and submit their reply to Defendant Dynamic Technical Services' ("DTS") "Response" to Plaintiff's motion to compel production of interrogatory answers.

Obviously from its "Response," DTS' sanctionable conduct survives its admitted miswording of Interrogatory No. 18 and, in effect, Interrogatory Nos. 19 through 23.

Plaintiffs have moved to compel DTS to produce complete answers to Interrogatory Nos. 18 through 23 of Plaintiff Cruz's Interrogatories, pursuant to Federal Rules of Civil Procedure 26, 33, and 37, and for such other relief provided under Rule 37 deemed appropriate by the Court. In its "Response," DTS **admits** that it failed to answer Interrogatory Nos. 18 through 23. (DTS' Response ¶ 2.) Having failed to answer the interrogatories, DTS clearly is subject to a Rule 37

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

1

order compelling it to provide answers. Therefore, DTS' statement that "Plaintiffs' counsel is not entitled to any attorney's fees as the motion to compel has no merit[]," (id. ¶ 8), is purely ridiculous. If DTS truly believes its original responses to Interrogatory Nos. 18 ("None.") and 19 through 23 ("Not applicable, given answer to Interrogatory No. 18.") were sufficient, then why did it amend its answers to those interrogatories? The answer is because it failed to provide answers to those interrogatories as worded by Plaintiff Jesse B. Cruz!

Although DTS, as seen in Exhibit A to its "Response," has attempted to provide answers, it has asserted objections and therefore still fails to provide full answers to Interrogatory Nos. 18 through 23. Pursuant to Rule 33, Plaintiffs are entitled to complete answers and DTS cannot withhold such complete answers since it has waived any objections to these interrogatories.

In its "Response," DTS argues that it should be allowed to assert objections 16 months late. DTS argues that good cause excuses its failure to raise objections 16 months earlier, reiterating its claim that the failure to answer resulted from a "clerical error in transcribing the Interrogatories," (DTS' Response ¶ 2), by an unnamed "then-secretary" employed by Attorney Arthur K. Smith, (id. ¶ 3). However, DTS' explanation fails to amount to good cause.

First, it is a total stretch for anyone to believe that the insertion of four words, "where Plaintiff was employed," in an interrogatory is mere "clerical error." This is not a simple mistake like misspelling or omission or misplacement. This is adding a four-word phrase that appears absolutely nowhere in Plaintiff Jesse B. Cruz's First Set of Interrogatories. DTS would have the Court believe that the culprit, "Mr. Smith's secretary[,] would not have any idea as to what effect any change in the wording of the Interrogatory would have regarding any of the issues in this case." (DTS' Response ¶ 3.) DTS, of course, states this without providing any affidavit or declaration by this mysterious "then-secretary" of Attorney Smith. Regardless, whoever inserted these four words that came out of nowhere understood enough that part of this case is about

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

2

Case 1:05-cv-00037   Document 643   Filed 07/31/2008   Page 2 of 6

Plaintiffs and where they were employed for purposes of Title VII. This is clear from the four words themselves. Thus, the insertion of the four words "where Plaintiff was employed" cannot credibly be characterized as a mere "clerical error in transcribing."

Second, even assuming that DTS' admitted unilateral insertion of the four words was a clerical error, there is still no good cause to except DTS from a Rule 33 waiver of objections. The facts show undisputedly that DTS failed to raise any timely objections to Interrogatory Nos. 18 through 23. By failing to timely object, and in the absence of good cause for such failure, DTS has waived all objections in accordance with Rule 33. Richmark Corp. v. Timber Falling Consultants, 959 F. 2d 1468, 1473 (9th Cir. 1992); Davis v. Fendler, 650 F. 2d 1154, 1160 (9th Cir. 1981). However, a court may hold that untimely objections are not waived where the delay is not substantial or good cause is shown for not making timely objections. See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C. 1999). An objection raised for the first time in response to the opposing party's motion to compel is insufficient. Ayers v. Continental Cas. Co., 240 F.R.D. 216, 222 (N.D. W. Va. 2007) (finding that plaintiffs waived claims of privilege asserted in their supplemental answers to interrogatories, where plaintiffs made no claims of privilege in their initial response to interrogatories, despite having been in possession of the interrogatories for six months). Here, DTS cannot assert objections after 17 months of having possession of the Interrogatories. In its "Response," DTS asserts that the relevant timeframe is that it "served answers and objections to the affected Interrogatories on July 1, 2008, only eight days after the mistake was brought to its attention." (DTS' Response ¶ 2.) However, DTS is ignoring the fact that pursuant to Rule 26(e) it is DTS' duty as the responding party to supplement or correct its answers to interrogatories. It is not Plaintiffs' fault that DTS is only now attempting to assert objections, as DTS alone is responsible for unilaterally altered the wording of Plaintiff Jesse B. Cruz's interrogatories. DTS should have corrected its error without Plaintiffs having to call

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

3

Case 1:05-cv-00037   Document 643   Filed 07/31/2008   Page 3 of 6

attention to DTS' misleading discovery response. Therefore, DTS' 17-month-long failure to assert objections does not constitute good cause to circumvent the waiver effect of Rule 33.

DTS also argues that Interrogatory Nos. 18 through 23 are objectionable. However, DTS in its amended response has failed to object with specificity. General or boilerplate objections to discovery are improper. Taylor v. Los Angeles Police Dep't, No. EDCV99-0383-RT(RCX), 1999 WL 33101661, at *4 (C.D. Cal. Nov. 10, 1999); see also Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague, and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections."). Merely stating that an interrogatory or request for production is overly broad, burdensome, oppressive, and irrelevant is inadequate to voice a successful objection. St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Ia. 2000) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). See also Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997) ("[t]he litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request"). "On the contrary, the party resisting discovery must show specifically how … each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome, or oppressive." Id. at 512 (citing Josephs, 677 F.2d at 992) (internal quotations omitted); see also Taylor, 1999 WL 33101661 at *2; Oleson, 175 F.R.D. at 565 ("[t]he objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (holding that it is not sufficient to merely

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

Case 1:05-cv-00037   Document 643   Filed 07/31/2008   Page 4 of 6

4


Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

Case 1:05-cv-00037   Document 643   Filed 07/31/2008   Page 4 of 6

4

state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it); Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad."). Here, DTS in its Response has only focused on the number of employees in its office in 1994 and the rates of pay for employees, skills required for various positions, and which employees requested promotions. DTS has failed to state with specificity why this information is irrelevant, overbroad, and unduly burdensome. And regardless of the validity of these objections, DTS has failed to show good cause for failing to object 16 months earlier. Therefore, DTS should be forced to provide complete answers to Interrogatory Nos. 18 through 23.

Lastly, DTS contends that Plaintiffs should not be awarded attorney fees for bringing the motion to compel, stating again dishonestly that "the motion to compel has no merit." (DTS' Response ¶ 8.) DTS argues that no attorney fees should be awarded since, "due to the actions of Plaintiffs' counsel, counsel for DTS and Calpac was forced to attend a second deposition of twelve Plaintiffs, incurring at least an additional 36 hours in attorney's fees." (Id. ¶ 8.) DTS is again stating a falsehood. The reason for the second depositions of twelve of Plaintiffs was because Verizon Defendants were brought back into the case as party defendants when the Court granted Plaintiffs' motion to amend the complaint. DTS' blatant misstatements alone warrant the imposition of all available sanctions.

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court compel DTS to produce complete answers, without asserting any objections, to Interrogatory Nos. 18 through 23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories to Defendant Dynamic

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

5

Case 1:05-cv-00037   Document 643   Filed 07/31/2008   Page 5 of 6

Technical Services, and further request all remedies available under Federal Rule of Civil Procedure 37 deemed appropriate by the Court.

**RESPECTFULLY SUBMITTED** this 31st day of July, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DAVID J. LUJAN
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. Calpac, et al.
Civil Case No. 05-00037
Pls.' Reply to Opp'n to Mot. Compel Prod'n Interrog. Ans.

6

Case 1:05-cv-00037     Document 643     Filed 07/31/2008     Page 6 of 6