ELYZE J. MCDONALD, Guam Bar No. 01-004
emcdonald@carlsmith.com
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
asmith@aksmithlaw.com
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*



**FILED**
DISTRICT COURT OF GUAM

AUG 1 4 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>                    Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS; EXHIBIT A; DECLARATION OF SERVICE** |

---

Defendant DTS' Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Compel          Page 1 of 5
4843-0696-9858.1.059759-00001

**ORIGINAL**

Case 1:05-cv-00037     Document 644     Filed 08/14/2008     Page 1 of 42

## DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR
## LEAVE TO FILE SUR-REPLY TO PLAINTIFFS'
## MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, L.P. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Compel Production of Interrogatory Answers, and in support thereof respectfully would show unto the Court the following:

1.      Plaintiff Jesse B. Cruz served his First Set of Interrogatories (the "Interrogatories") on DTS on January 25, 2007. DTS timely served objections and answers to the Interrogatories on February 25, 2007. The Plaintiffs have never raised an issue regarding DTS' responses to the Interrogatories until June 23, 2008, nearly sixteen months after the answers were served upon Plaintiffs' counsel.

2.      On June 23, 2008, counsel for Plaintiffs sent counsel for DTS a letter advising that Interrogatory No. 18 was misstated in the responses. Furthermore, Plaintiffs' counsel advised that Interrogatory Nos. 19-23 were based upon Interrogatory No. 18, so the responses to those interrogatories were affected by the misstatement as well. Counsel for DTS then compared the Interrogatories and DTS' answers to the Interrogatories and confirmed that a mistake transcribing Interrogatory No. 18 was made, leading to DTS to respond to a differently worded Interrogatory than what was originally served upon DTS. Counsel for DTS immediately advised counsel for the Plaintiff that there had been a clerical error in transcribing the Interrogatories that led to the inadvertent response, and agreed to respond, subject to any applicable objections, to the affected Interrogatories. DTS then served answers and objections to the affected Interrogatories on July 1, 2008, only eight days after the mistake was brought to its attention.

3.    However, Plaintiffs filed their Motion to Compel prior to receiving DTS' Amended Answers and Objections to the Interrogatories. As such, Plaintiffs did not address the merit of DTS' objections in their Motion, and DTS, in turn, did not fully address the merits of its objections in its Response to Plaintiffs' Motion to Compel.

4.    In Plaintiffs' Reply to DTS' Response to Plaintiff's Motion to Compel, Plaintiffs' make the argument, *for the first time*, that DTS' objections to Interrogatories Nos. 18-23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories are without merit. In their Reply, Plaintiffs argue that DTS has not specifically explained why the Interrogatories are overbroad and irrelevant. However, it is clear that DTS did not go into any detail regarding the validity of its objections in its Response to Plaintiff's Motion to Compel because Plaintiff had not challenged the objections at that time. For the sole purpose of responding to Plaintiffs' allegations regarding the merit of DTS' objections (should the court consider Plaintiffs' Reply as a Motion to Compel regarding DTS' objections to Interrogatory Nos. 18-23), DTS is requesting leave to file the Sur-Reply, attached as Exhibit "A," to demonstrate to the Court why the objections are well-founded and should be sustained.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Technical Services respectfully requests this court to grant its Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Compel Production of Interrogatory Answers, and for such further relief to which DTS shows itself justly entitled.

DATED this 14th day of August, 2008.

*[signature]*

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*

Defendant DTS' Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Compel    Page 4 of 5
4843-0696-9858.1.059759-00001

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 4 of 42

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on August 14th, 2008, I will cause to be served, via facsimile and/or hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS; EXHIBIT A; DECLARATION OF SERVICE upon the following Counsels of record:

Delia Sablan Lujan, Esq.
**LUJAN, AGUIGUI & PEREZ, LLP**
Suite 300, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam USA 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297
Attorneys for Plaintiffs Henry G. Van Meter, et al.

Vincent Leon Guerrero, Esq.
**BLAIR, STERLING, JOHNSON, MOODY,**
**MARTINEZ & LEON GUERRERO, P.C.**
Suite 1008, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam USA 96910
Telephone: (671) 477-7857
Facsimile: (671) 472-4290
Attorneys for Defendant California Pacific Technical Services, LLC

G. Patrick Civille
**CIVILLE & TANG, PLLC**
330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam USA 96910
Telephone: (671) 472-8869
Facsimile: (671) 477-2511
Attorneys for Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc.

Executed this 14th day of August 2008 at Hagåtña, Guam.

*Elyze J mcDonald*
ELYZE J. McDONALD

# EXHIBIT
# A

ELYZE J. MCDONALD, Guam Bar No. 01-004
*emcdonald@carlsmith.com*
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

Arthur K. Smith, Texas Bar No. 18534100
*asmith@aksmithlaw.com*
LAW OFFICES OF ARTHUR K. SMITH
(Admitted *Pro Hac Vice*)
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555
*Attorneys for Defendant Dynamic Technical Services*

## IN THE UNITED STATES DISTRICT COURT OF GUAM

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| HENRY G. VAN METER, JERRY APODACA, JR., JOSEPH J HERNANDEZ, JOSEPH T. MENDIOLA, LARRY L. CHARFAUROS, ANTHONY C. ARRIOLA, ROBERT B. CRUZ, ROLAND F. MENDIOLA, JAMES S. YEE, TEDDY B. CRUZ, JESSE B. CRUZ, JOHN L.G. NAUTA, and JOHN P. BABAUTA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALPAC, DYNAMIC TECHNICAL SERVICES, MCI, JOHN HEALY, DENNIS CLARK, WILLIAM WARD, JAI JAMES, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 05-00037<br><br><br><br>**DEFENDANT DYNAMIC TECHNICAL SERVICES' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS; EXHIBIT A; DECLARATION OF SERVICE** |

# TABLE OF CONTENTS

Page

I. INTERROGATORY NO. 18, AMENDED ANSWER, AND SUR-REPLY ................... 4

II. INTERROGATORY NO. 19, AMENDED ANSWER AND SUR-REPLY ................... 5

III. INTERROGATORY NO. 20, AMENDED ANSWER AND SUR-REPLY ................... 7

IV. INTERROGATORY NO. 21, AMENDED ANSWER AND SUR-REPLY ................. 10

V. INTERROGATORY NO. 22, AMENDED ANSWER AND SUR-REPLY ................. 13

VI. INTERROGATORY NO. 23, AMENDED ANSWER AND SUR-REPLY ................. 15

# DEFENDANT DYNAMIC TECHNICAL SERVICES' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dynamic Technical Services, L.P. (hereinafter referred to as "DTS"), Defendant in the above entitled and numbered action and files this Sur-Reply to Plaintiffs' Motion to Compel Production of Interrogatory Answers, and in support thereof respectfully would show unto the Court the following:

In Plaintiffs' Reply to DTS' Response to Plaintiff's Motion to Compel, Plaintiffs' make the argument, for the first time, that DTS' objections to Interrogatories Nos. 18-23 of Plaintiff Jesse B. Cruz's First Set of Interrogatories are without merit. In their Reply, Plaintiffs argue that DTS has not specifically explained why the Interrogatories are overbroad and irrelevant. However, it is clear that DTS did not go into any detail regarding the validity of its objections in its Response to Plaintiff's Motion to Compel because Plaintiff had not challenged the objections at that time. In order to respond to Plaintiffs' allegations regarding the merit of DTS' objections (should the court consider Plaintiffs' Reply as a Motion to Compel regarding DTS' objections to Interrogatory Nos. 18-23), DTS is filing this Sur-Reply to demonstrate to the Court why the objections are well-founded and should be sustained. DTS will address each Interrogatory at issue separately and, for the convenience of the Court, will set forth the entire Interrogatory and all objections and answers thereto, followed by the reasons why the objections are well founded.

In their Reply, Plaintiffs argue that DTS' failed to object with specificity and cite to numerous cases which they allege support their argument that boilerplate objections are improper.[1] However, the objections were not boilerplate objections, but were specific to each of

---

[1] Plaintiffs' should be precluded from making this argument as they filed objections similar to the ones they complain of in their Reply to DTS' Interrogatories and Requests for Production in this case. Therefore, based upon Plaintiffs' counsel's arguments in the Reply, Plaintiffs are admitting that their objections are improper and they have

the Interrogatories at issue. For the reasons set forth below, each of the Interrogatories, whether in whole or in part, were irrelevant, overbroad and unduly burdensome. The fact that these six Interrogatories had the same objections does not indicate that the objections were boilerplate objections without specificity. As set forth below, it is clearly apparent that the vast majority of information requested by Plaintiff in Interrogatories 18-23 is completely irrelevant and overbroad, and it is ridiculous for Plaintiffs to suggest otherwise.

In order to demonstrate to the Court why Plaintiff's Interrogatory Nos. 18-23 are irrelevant and drastically overbroad, it is important to state Plaintiffs' claims against DTS in this lawsuit. Plaintiffs filed this lawsuit on December 12, 2005 and all of Plaintiffs' claims are filed under Title VII of the Civil Rights Act of 1964. The Plaintiffs were employed by Defendant Calpac in 2004 and 2005. During the course of their employment for Calpac, Plaintiffs worked on a construction project for MCI. Dennis Clark was the MCI "company representative" on this project and was an employee of DTS. The Plaintiffs allege that Mr. Clark made discriminatory remarks in the presence of the Plaintiffs, between one and three times. Based upon these alleged statements made by Mr. Clark, the Plaintiffs have filed the instant lawsuit seeking to recover damages from DTS under Title VII for hostile work environment. None of the Plaintiffs contend that they were employees of DTS. Additionally, DTS was not involved with any employment decisions (hiring, firing, promoting, etc.) made by Calpac regarding Plaintiffs, and there has been no testimony or other evidence in this case to suggest otherwise. The Plaintiffs do not allege in their Complaint that DTS retaliated against Plaintiffs or terminated Plaintiffs employment with Calpac. Therefore, based upon Plaintiffs' hostile environment claims against DTS, the only

waived all objections and should be required to fully respond to DTS' Interrogatories and Requests for Production. By way of example, DTS has attached as Exhibit "A" Robert Cruz's Response to DTS' First Set of Interrogatories to illustrate that Plaintiffs have lodged what they refer to as general, boilerplate objections. DTS specifically refers the Court to Plaintiff's General Objection 4 (where Plaintiff objects to every Interrogatory) and Interrogatory Nos. 8-10, 13-14, 16, and 25.

Case 1:05-cv-00037     Document 644     Filed 08/14/2008     Page 10 of 42

issues in this case (as between Plaintiffs and DTS) is whether DTS qualifies as an "employer" under Title VII and whether Plaintiffs were subjected to a hostile work environment.

## I.    <u>INTERROGATORY NO. 18, AMENDED ANSWER, AND SUR-REPLY</u>

<u>INTERROGATORY NO. 18:</u>  For each facility maintained by Defendant, state:

(a)    Its name;

(b)    Its location;

(c)    The date since it has been in use by Defendant;

(d)    Whether it had been in use prior to such date and, if so, the relationship of the prior use to Defendant; and

(e)    Whether the use had discontinued and, if so, the date of its termination.

<u>AMENDED ANSWER:</u>  Due to an inadvertent typographical error made by a secretary when this Interrogatory was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)    it is overbroad; and

(3)    the burden and expense of some of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows to this interrogatory insofar as it seeks information concerning facilities maintained between January 1, 2004 and December 31, 2005:

> (a)    Dynamic Technical Services, L.P. has an office suite which is located in a building located at 1125 E. Hwy. 121, Lewisville, Texas 75057.
>
> (b)    1125 E. Hwy. 121, Lewisville, Texas 75057.
>
> (c)    May 2002.
>
> (d)    The facility at 1125 E. Hwy. 121 in Lewisville, Texas was not in use by DTS prior to May 2, 2002.
>
> (e)    No.

**Sur-Reply:** DTS has provided substantial answers to Interrogatory No. 18. However, DTS lodged objections because the Interrogatory is not limited to any time period relevant to this lawsuit. Additionally, whether any facility maintained by DTS was used prior to DTS maintaining the facility has no connection to Plaintiffs' discrimination claims or whether DTS qualifies as an employer under Title VII. Moreover, DTS cannot be expected to know the entire history of whether a building was in use prior to DTS taking over the facility. As such, DTS' objections to these Interrogatories are well founded and should be sustained. Other then the limited objections to the unlimited time of the request and whether facilities were used by other entities other than DTS prior to DTS operating the facility, DTS has fully answered Interrogatory No. 18.

## II.    INTERROGATORY NO. 19, AMENDED ANSWER AND SUR-REPLY

**INTERROGATORY NO. 19:** State the number of employees and the names of each employee at each facility identified in the answer to Interrogatory No. 18 as of January of each year from 1994 through 2007.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

> DTS objects to this Interrogatory because:
>
> (1)     it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;
>
> (2)     it is drastically overbroad; and
>
> (3)     the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows insofar as this interrogatory asks the number of employees at the DTS office in Lewisville, Texas for the years 2004-2005 and the number of employees currently employed by DTS:

In the years 2004-2005, DTS had between 4 and 10 employees working at its Lewisville office and presently has two full time and one part-time employee at its Lewisville office.

**Sur-Reply:** The Plaintiffs' claims in this lawsuit concern their employment with Calpac in 2004 and 2005. As such, the fact that Plaintiff seeks the number and names of employees of DTS over a fourteen year period of time is drastically overbroad and is not relevant or calculated to lead to the discovery of admissible evidence. By way of example, the number of employees

DTS had in 1996[2] has no relevance to any of the claims or defenses in this case, which complains of alleged actions taken a decade later. The Plaintiffs claim that this lawsuit is relevant to this case because DTS filed a Motion for Summary Judgment alleging that Plaintiff has no evidence that DTS had the minimum number of employees to qualify as an employer under Title VII. If this is the case, the names of DTS' employees are not relevant to the number of employees DTS had during any relevant time period. Furthermore, given the lack of relevance of the names and number of employees prior to 2004, it is unduly burdensome to require DTS to go through twelve years of records to identify every employee that worked at DTS that would be required to answer this Interrogatory. Additionally, DTS provided the number of employees employed at its Lewisville, Texas facility for 2004 and 2005, the relevant years at issue in this lawsuit. As such, DTS has answered Interrogatory No. 19 for the years at issue in this lawsuit. Therefore, the objections DTS filed are well founded and should be sustained.

## III.    INTERROGATORY NO. 20, AMENDED ANSWER AND SUR-REPLY

**INTERROGATORY NO. 20:** For each facility identified in the answer to Interrogatory No. 18, state:

> (a)    The name of each department in the facility;
>
> (b)    The name of each job category or sub-category in each department from January 1994 to the present, indicating the time period in which the categories were in the department;
>
> (c)    The duties performed and/or responsibilities fulfilled by employees in each job category or sub-category;
>
> (d)    The rate of pay for each job category or sub-category as of January 1994, for each succeeding year until it terminated.
>
> (e)    The present rate of pay for each job category or sub-category.
>
> (f)    The number of:

---

[2] DTS was not in existence prior to May 1996.

(1)    All employees,

(2)    white employees,

(3)    American employees,

(4)    non-American employees, identifying each national origin category of the employees and the number of employees of each    national origin category.

(5)    Chamorro employees,

(6)    Non-Chamorro employees, and listing the different race categories of employees and the number of employees of each race category,

(7)    Guamanian employees,

(8)    Non-Guamanian employees, and listing the different national origin categories of employees and the number of employees of each national origin category,

(9)    American employees, and

(10)    all other minorities employees,

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)    it is drastically overbroad; and

(3)    the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Subject to and without waiver of the foregoing objections, DTS responds as follows insofar as this interrogatory seeks responses to subparts (a), (b), (c), and (f)(1), for the years 2004-2005:

    (a)    The departments in DTS for years 2004-2005 were Civil Engineering, Outside Plant Engineering, Recruiting, and the Controller.

    (b)    The Civil Engineering department had one employee with the job title of Director of Civil Engineering. The Outside Plant Engineering department had the positions of Outside Plant Engineering Manager, CAD manager, and CAD employees. The Outside Plant Engineering department closed in May 2005. The Recruiting department had one position which was the director of recruiting. The Controller Department consisted of the position of Controller. There was also one administrative assistant who functioned as a receptionist and provided support to all departments.

    (c)    Civil Engineering provided construction management services. The Outside Plant Engineering department provided engineering design services. The Recruiting department recruited candidates for positions offered by the company. The Controller handled all financial aspects of the company.

    (f)(1)    The highest total number of employees at any time during the years 2004-2005 who worked at the Lewisville office was ten.

**Sur-Reply:** This Request also seeks information regarding employees at DTS' Lewisville, Texas facility for a fourteen year period of time. For the reasons discussed above, this time period is drastically overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Also, in addition to the time period being overbroad and irrelevant, the scope of the Interrogatory is also overbroad and irrelevant. The Interrogatory asks for the following in its subparts: (1) the name of each department in the facility; (2) the name of each job category in each department; (3) duties for each job category; (4) rate of pay for each category; and (5) the number of all employees and there national origin/race for fourteen years. The present lawsuit

involves claims that Plaintiffs were subjected to a hostile work environment because an employee of DTS working on Guam allegedly made between one and three offensive comments while Plaintiffs were working for Calpac on a construction project to MCI on Guam. The duties and rate of pay of DTS employees in Lewisville, Texas (literally half a world away) for a fourteen year period of time has no relevance to any issue in the present suit. Additionally, DTS was not the employer of any of the Plaintiffs, a fact that is not contested by any of the Plaintiffs. As such, the national origin or race of employees of DTS is not relevant to the present case, as Plaintiffs are not claiming that DTS failed to hire, promote or retain Plaintiffs as employees because of their Chamorro or Guamanian background.

Furthermore, it would be unduly burdensome for DTS to be required go through twelve years of employment records to identify every employee that worked at DTS, as well as their national origin and race, in order to answer this Interrogatory, especially considering that the information sought is has no relevance to any of the issues in the present case.

However, despite how overbroad and irrelevant the information sought in Interrogatory No. 20 is, DTS provided the following information for the years 2004 and 2005 in its answer: (1) the departments at DTS' Lewisville, Texas facility; (2) the categories of jobs at the DTS facility in Lewisville; (3) the duties of the various departments; and (4) the total number of employees at the facility. Therefore, DTS has provided full answers to the portion of the Interrogatory that was not objectionable, as required by the Federal Rules of Civil Procedure. As such, DTS' objections to the remaining portions of the Interrogatory should be sustained.

## IV.    INTERROGATORY NO. 21, AMENDED ANSWER AND SUR-REPLY

**INTERROGATORY NO. 21:** For each job categories or sub-categories listed in response to Interrogatory No. 20, state:

(a) Whether employees assigned to this job category or sub-category are ordinarily expected to acquire skills in the performance of their jobs which are considered essential to the performance of higher-paying or more desirable jobs.

(b) The skills expected to be acquired.

(c) The job categories or sub-categories for which the acquisition of these skills is considered essential.

(d) The period of time normally essential for the sufficient acquisition of such skills.

(e) Whether such a period of time has, at any time since January 1994 been embodied in a job residency or job tenancy requirement which an employee must complete before being considered for promotion or transfer.

(f) The length of any job residency or tenancy requirement, the dates during which it has been in use and each instance in which it has been waived as to any employee or group of employees.

(g) For each waiver, set forth in (f):

    (1) The job category in which the employee worked at the time of the waiver.

    (2) The date of the waiver.

    (3) The job category or sub-category to which he or she could be promoted because of the waiver.

    (4) Whether he or she in fact received such a promotion.

    (5) The number of white employees, Chamorro employees, non-Chamorro employees, Guamanian employees, non-Guamanian employees, American employees, and all other minority employees benefited by the waiver.

(h) Whether alternative means of acquiring such skills are available to employees. If so, describe them. State their cost, if any to the employee and state the length of time normally required to acquire such skills by such alterative means.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word

"Defendant." As such, when DTS initially responded to this Interrogatory, it answered without any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

> DTS objects to this Interrogatory because:
>
> (1)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;
>
> (2)    it is drastically overbroad; and
>
> (3)    the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**Sur-Reply:** Plaintiffs have filed a hostile work environment claim against DTS in this case. It is undisputed that Plaintiffs were not employed by DTS. All of the Plaintiffs testified that Calpac, not DTS was their employer. The owner of Calpac, John Healy, testified that DTS had no role or input into hiring, firing, promoting, disciplining, training, or determining work assignment for any of the Plaintiffs. Additionally, there is no testimony that DTS was involved in the hiring, firing, promoting or training of the Plaintiffs. Furthermore, Plaintiffs do not claim that they were not promoted within DTS (as they do not claim that they were employed by DTS) for the failure to acquire "essential" job skills. As such, any information regarding the level of job skills of DTS employees at its Lewisville, Texas facility is completely irrelevant to any issue in this lawsuit. Since none of the information requested in Interrogatory 21 is relevant or reasonably calculated to lead to the discovery of admissible evidence, it is apparent that Plaintiff propounded this Interrogatory solely for the purposes of harassment.

Additionally, this Interrogatory seeks information for a fourteen year period of time, which is drastically overbroad, given that Plaintiffs only complain of alleged actions occurring in 2004 and 2005. As such, DTS' objections to Interrogatory No. 21 should be sustained.

## V.    **INTERROGATORY NO. 22, AMENDED ANSWER AND SUR-REPLY**

**INTERROGATORY NO. 22:** For each facility identified in answer to Interrogatory No. 18 and for each year from January 1994 to the present, state:

(a)    The number of job applicants hired and initially assigned to each job category or sub-category listed in answer to Interrogatory No. 20(b), indicating separately:

(1)    All new employees hired.

(2)    White employees hired.

(3)    American employees hired.

(4)    non-American employees hired, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)    Chamorro employees hired.

(6)    non-Chamorro employees hired, identifying each race category of the employees and the number of employees of each race category.

(7)    Guamanian employees hired.

(8)    non-Guamanian employees hired, identifying each national origin category of the employees and the number of employees of each national origin.

(9)    American employees promoted.

(10)   non-American employees promoted, identifying each national origin category of the employees and the number of employees of each national origin category.

(11)   White employees promoted.

(12)   Chamorro employees promoted.

(13)   non-Chamorros promoted, identifying each race category of the employees and the number of employees of each race category.

(14)    Guamanian employees promoted.

(15)    non-Guamanian employees promoted, identifying each
national origin category of the employees and the number
of employees of each national origin.

(16)    All other minority employees promoted.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary

when Interrogatory No. 18 was initially transcribed for purposes of responding, the words

"where Plaintiff was employed" was included in the Interrogatory just after the word

"Defendant." As such, when DTS initially responded to this Interrogatory, it answered without

any objections as the Interrogatory, as worded with the transcription error, was not objectionable.

This transcription error was recently brought to the attention of counsel for DTS by counsel for

the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)    it seeks information that is neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence;

(2)    it is drastically overbroad; and

(3)    the burden and expense of the proposed discovery
outweighs its likely benefit, taking into account the needs
of the case, the amount in controversy, the parties'
resources, the importance of the issues at stake in the
litigation, and the importance of the proposed discovery in
resolving the issues.

**Sur-Reply:** Plaintiffs have filed a hostile work environment claim against DTS in this

case. It is undisputed that Plaintiffs were not employed by DTS. All of the Plaintiffs testified

that Calpac, not DTS was their employer. The owner of Calpac, John Healy, testified that DTS

had no role or input into hiring, firing, promoting, disciplining, training, or determining work

assignment for any of the Plaintiffs. Additionally, there is no testimony that DTS was involved

in any decisions regarding the hiring, firing, promoting or training of the Plaintiffs. Furthermore,

Plaintiffs do not claim that they were not promoted within DTS (as they do not claim that they

were employed by DTS) for any reasons based upon their national origin or race. As such, any information regarding the number and national origin/racial background of applicants hired by DTS for positions at its Lewisville, Texas facility is completely irrelevant to any issue in this lawsuit. While the information requested in Interrogatory No. 22 may be relevant if Plaintiffs' lawsuit was based on allegations that DTS failed to hire or promote Plaintiffs due to their race or national origin, Plaintiffs' allegations of alleged discriminatory remarks by one employee of DTS have no connection with or relevance to employees of DTS at its Lewisville office. Since none of the information requested in Interrogatory 22 is relevant or reasonably calculated to lead to the discovery of admissible evidence, it is apparent that Plaintiff propounded this Interrogatory solely for the purposes of harassment.

Additionally, this Interrogatory seeks information for a fourteen year period of time, which is drastically overbroad, given that Plaintiffs only complain of alleged actions occurring in 2004 and 2005. As such, DTS' objections to Interrogatory No. 22 should be sustained.

## VI.    INTERROGATORY NO. 23, AMENDED ANSWER AND SUR-REPLY

**INTERROGATORY NO. 23:** State, separately for each facility and for each category or sub-category, for each twelve-month period since January 1994 to the present, the number of employees:

(a)    Who requested promotion or transfer to other job categories or sub-categories, indicating the exact figure for:

        (1)    All employees.

        (2)    White employees.

        (3)    American employees.

(4)     non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)     Chamorro employees.

(6)     non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

(7)     Guamanian employees.

(8)     non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin.

(9)     All other minority employees.

(b)     Who requested promotions and transfers and who satisfied the objective criteria established by Defendant to determine whether an employee will be promoted or transferred, regardless of whether the job sought was available, indicating the exact figure for:

(1)     All employees.

(2)     White employees.

(3)     American employees.

(4)     non-American employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(5)     Chamorro employees.

(6)     non-Chamorro employees, identifying each race category of the employees and the number of employees of each race category.

(7)     Guamanian employees.

(8)     non-Guamanian employees, identifying each national origin category of the employees and the number of employees of each national origin category.

(9)     all other minority employees.

**AMENDED ANSWER:** Due to an inadvertent typographical error made by a secretary when Interrogatory No. 18 was initially transcribed for purposes of responding, the words "where Plaintiff was employed" was included in the Interrogatory just after the word "Defendant." As such, when DTS initially responded to this Interrogatory, it answered without

any objections as the Interrogatory, as worded with the transcription error, was not objectionable. This transcription error was recently brought to the attention of counsel for DTS by counsel for the Plaintiffs. In order to correct the transcription error, DTS serves the following response:

DTS objects to this Interrogatory because:

(1)  it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

(2)  it is drastically overbroad; and

(3)  the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

**Sur-reply:**  Plaintiffs have filed a hostile work environment claim against DTS in this case.  It is undisputed that Plaintiffs were not employed by DTS.  All of the Plaintiffs testified that Calpac, not DTS was their employer.  The owner of Calpac, John Healy, testified that DTS had no role or input into hiring, firing, promoting, disciplining, training, or determining work assignment for any of the Plaintiffs.  Additionally, there is no testimony that DTS was involved in any decisions regarding the hiring, firing, promoting or training of the Plaintiffs.  Furthermore, Plaintiffs do not claim that they were not promoted or granted transfers within DTS (as they do not claim that they were employed by DTS) for any reasons based upon their national origin or race.  As such, any information regarding the number and national origin/racial background of DTS employees who were promoted or not promoted or were transferred or requested transfers at the DTS Lewisville, Texas facility is completely irrelevant to any issue in this lawsuit.  While the information requested in Interrogatory No. 23 may be relevant if Plaintiffs' lawsuit was based on allegations that DTS failed to promote or transfer Plaintiffs due to their race or national origin, Plaintiffs' allegations of alleged discriminatory remarks by one employee of DTS have no

connection with or relevance to employees hired by DTS to work at its Lewisville office. Since none of the information requested in Interrogatory 22 is relevant or reasonably calculated to lead to the discovery of admissible evidence, it is apparent that Plaintiff propounded this Interrogatory solely for the purposes of harassment.

Additionally, this Interrogatory seeks information for a fourteen year period of time, which is drastically overbroad, given that Plaintiffs only complain of alleged actions occurring in 2004 and 2005. As such, DTS' objections to Interrogatory No. 23 should be sustained.

WHEREFORE, PREMISES CONSIDERED, Defendant Dynamic Technical Services respectfully requests this court to deny Plaintiffs' Motion to Compel, and for such further relief to which DTS shows itself justly entitled.

DATED this 14th day of August, 2008.

ELYZE J. MCDONALD, Guam Bar No. 01-004
CARLSMITH BALL, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone (671) 472-6813
Facsimile (671) 477-4375

and

Arthur K. Smith, Texas Bar No. 18534100
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

*Attorneys for Defendant Dynamic Technical Services*

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 25 of 42

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on August 14th, 2008, I will cause to be served, via facsimile and/or hand delivery, a true and correct copy of DEFENDANT DYNAMIC TECHNICAL SERVICES' SUR-REPLY TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INTERROGATORY ANSWERS; EXHIBIT A; DECLARATION OF SERVICE upon the following Counsels of record:

> Delia Sablan Lujan, Esq.
> **LUJAN, AGUIGUI & PEREZ, LLP**
> Suite 300, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-8064
> Facsimile: (671) 477-5297
> Attorneys for Plaintiffs Henry G. Van Meter, et al.
>
> Vincent Leon Guerrero, Esq.
> **BLAIR, STERLING, JOHNSON, MOODY,**
> **MARTINEZ & LEON GUERRERO, P.C.**
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam USA 96910
> Telephone: (671) 477-7857
> Facsimile: (671) 472-4290
> Attorneys for Defendant California Pacific Technical Services, LLC
>
> G. Patrick Civille
> **CIVILLE & TANG, PLLC**
> 330 Hernan Cortez Avenue, Suite 200
> Hagåtña, Guam USA 96910
> Telephone: (671) 472-8869
> Facsimile: (671) 477-2511
> Attorneys for Verizon Business Purchasing, LLC and Verizon Business Network Services, Inc.

Executed this 14th day of August 2008 at Hagåtña, Guam.

*Elyze J McDonald*

ELYZE J. McDONALD

Exhibit "A"

1  **LUJAN AGUIGUI & PEREZ** LLP
   Attorneys at Law
2  Pacific News Building, Suite 300
   238 Archbishop Flores Street
3  Hagåtña, Guam 96910
   Telephone (671) 477-8064/5
4  Facsimile (671) 477-5297

5  *Attorneys for Plaintiffs*

6           IN THE UNITED STATES DISTRICT COURT OF GUAM

7              FOR THE TERRITORY OF GUAM

8

9  HENRY G. VAN METER, JERRY          CIVIL CASE NO. 05-00037
   APODACA, JR., JOSEPH J.
10 HERNANDEZ, JOSEPH T. MENDIOLA,
   LARRY L. CHARFAUROS, ANTHONY
11 C. ARRIOLA, ROBERT B. CRUZ,
   ROLAND F. MENDIOLA, JAMES S.      **PLAINTIFF ROBERT B. CRUZ'S RESPONSE**
12 YEE, TEDDY B. CRUZ, JESSE B. CRUZ, **TO DEFENDANT DYNAMIC TECHNICAL**
   JOHN L.G. NAUTA, and JOHN P.       **SERVICES' FIRST SET OF**
13 BABAUTA,                           **INTERROGATORIES**

14              Plaintiffs,
                   -vs-
15
   CALPAC, DYNAMIC TECHNICAL
16 SERVICES, MCI, JOHN HEALY,
   DENNIS CLARK, WILLIAM WARD, JAI
17 JAMES, and DOES 1 through 10,

18              Defendants.

19
   **TO:**  **Defendant Dynamic Technical Services, by and through its Counsel of Record,**
20        **Carlsmith Ball LLP**

21
          Plaintiff ROBERT B. CRUZ ("Plaintiff") hereby provides his response to Defendant
22
   Dynamic Technical Services' First Set of Interrogatories.   Plaintiff reserves the right to
23
   supplement or correct his response to any particular interrogatory at a later time.
24
25                    **PRELIMINARY STATEMENT**

26        These responses are made solely for the purpose of this action, without waiver of, and
27
   with preservation of:
28

   Henry G. Van Meter, et al., v. CAL PAC, et al.                                    1
   Civil Case No. 05-00037
   Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories   07.10.06   5:07pm

1.     The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

2.     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

3.     The right to object on any ground at any time to future interrogatories, demands, document requests, requests for production, or other discovery proceeding; and

4.     The right at any time to revise, correct, and supplement or clarify any of the responses contained herein.

The following responses (and any further responses to these interrogatories or to their subject matter) are made expressly without acknowledgement of materiality or relevance of information or documents described in the interrogatories, or that said interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence.

## **GENERAL OBJECTIONS**

1.     Plaintiff objects to each of these Interrogatories to the extent they purport to discover evidence or information that is protected by the attorney-client privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation, including litigation strategy, within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Federal Rules of Civil Procedure, which prerequisites have not been satisfied.  If one or more responses or documents are produced that violate the attorney-client privilege or any other privilege, such response or production is inadvertent and is not intended as a waiver of such privilege.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    2
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

Case 1:05-cv-00037     Document 644     Filed 08/14/2008     Page 29 of 42

2.      Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has responded or objected to any interrogatory or any part thereof should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such interrogatory or that such response or objection constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any interrogatory made by Plaintiff.

3.      Plaintiff objects to each and every one of the subject interrogatories insofar as said interrogatories seek to elicit the legal reasoning and theories underlying the various contentions and defenses of Plaintiff, and further objects insofar as such interrogatories seek to compel disclosure of privileged information which constitute the work product and/or attorney-client communication of Plaintiff and his counsel of record.

4.      Plaintiff further objects to each and every one of the interrogatories on the ground that said interrogatories are compound, overbroad, and burdensome:

        a.      The interrogatories are overbroad insofar as they seek to elicit information other than that possessed by Plaintiff, or agents of Plaintiff, or otherwise reasonably available to Defendant Dynamic Technical Services ("DTS"), or are contained in the documents currently possessed by, or under the control of, DTS.

        b.      The interrogatories are burdensome in that they purport to require Plaintiff to undertake extensive investigation beyond the scope called for in the Federal Rules of Civil Procedure.

        c.      The interrogatories are premature and burdensome in that discovery is just beginning in this action and the depositions of the propounding party and other third parties have

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    3
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 30 of 42

1  not been taken, and many of the facts sought by these interrogatories are particularly within the

2  knowledge of the propounding party, its employees, and other third parties.

3      5.    The responses given below are based upon information that has been gathered to

4  date. Plaintiff has not yet completed his investigation of the facts relating to this action, has not

5  yet completed discovery in this action, and has not yet completed his preparation for trial.

6  Consequently, Plaintiff may not be in a position to provide complete responses to each

7  interrogatory and the following responses are given without prejudice to Plaintiff's right to

8  produce, at the time of trial, subsequently discovered evidence relating to the proof of facts

9  subsequently discovered to be material. To the best knowledge of Plaintiff, the information given

10  herein is true and correct at this time, but Plaintiff reserves the right to correct inadvertent errors

11  or omissions, if any such errors or omissions exist or are hereafter discovered.

12

13      6.    Except for facts explicitly admitted herein, no admission of any nature whatsoever

14  is to be implied or inferred from these responses. The fact that any response is given to an

15  interrogatory should not be taken as an admission, or as a concession, of the existence of any facts

16  assumed by the interrogatory, or that Plaintiff's response constitutes evidence of any fact thus set

17  forth or assumed.

18

19      7.    By making these responses, Plaintiff does not concede that the interrogatories

20  propounded nor the answers given thereto, are relevant to the subject matter of this proceeding, or

21  are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff expressly

22  reserves the right to object to further discovery into the subject matter of these interrogatories,

23  and reserves the right to object to the introduction into evidence of information, documents, or

24  items produced in response to these interrogatories.

25

26      8.    Each and every one of Plaintiff's individual responses to the interrogatories

27  incorporates, and is to be read in light of, this Preliminary Statement and General Objections.

28

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    4
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

Without waiving the foregoing objections, and specifically reserving the right to supplement responses in the future, Plaintiff responds to the interrogatories as follows based on such information and documents as are presently available.

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NUMBER 1:

With respect to your allegation at ¶ 18 of the Complaint that "Dynamic Technical Services was and now is engaged in business in Guam ... with its principal place of business located in Texas," please identify all persons with knowledge of such allegation and identify all Documents which support such allegation. What information do you have that Dynamic Technical Services does business in Guam?

### ANSWER:

Besides the defendants and plaintiffs, persons with knowledge of such allegation include Don Harper. Documents supporting the allegation include various emails and attachments between Don Harper and Dennis Clark in or about 2004, and Daily Production Reports prepared by Dennis Clark regarding the MCI project in Guam. DTS oversaw the MCI project in Guam.

### INTERROGATORY NUMBER 2:

Please identify all tasks you performed specifically for Dynamic Technical Services; identify the person who directed you to perform such services, and identify all Documents which relate to such allegation.

### ANSWER:

Under the supervision and direction of DTS employee Dennis Clark, I worked as an underground technician and lineman on the MCI International Ring Project in Guam.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

5

Documents supporting the allegation include various emails and attachments between Don Harper and Dennis Clark, and Daily Production Reports prepared by Dennis Clark.

**INTERROGATORY NUMBER 3:**

Please identify all communications (written or oral) you have had with Dynamic Technical Services.

**ANSWER:**

As an underground technician and lineman on the MCI project, I had various oral communications with DTS employee Dennis Clark regarding the project, as Dennis Clark supervised my work.

**INTERROGATORY NUMBER 4:**

Please identify all Documents you have filed with the Equal Employment Opportunity Commission specifically naming Dynamic Technical Services as your "employer."

**ANSWER:**

Charge of Discrimination, Charge No. 378-2005-00275, specifically names DTS as "employer." The Questionnaire and other documents filed with the EEOC implicitly refer to DTS as an employer.

**INTERROGATORY NUMBER 5:**

With respect to your allegation in the Complaint that you have suffered losses and damages, please identify all persons with knowledge of such allegation and identify all Documents which relate to such allegation, as it related to Dynamic Technical Services, specifically.

**ANSWER:**

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

6

Besides the defendants and the plaintiffs, persons with knowledge of such allegation include Don Harper. Documents include a letter of termination dated in approximately December 2004, and all documents I filed with the EEOC related to my work on the MCI project.

**INTERROGATORY NUMBER 6:**

With respect to your allegation in the Complaint that equitable relief is sought and justified, please identify all persons with knowledge of such allegation and identify all Documents which relate to such allegation.

**ANSWER:**

See Response No. 5 above.

**INTERROGATORY NUMBER 7:**

If you contend that Dynamic Technical Services was directly involved in the events that took place in 2004 (as they are described and alleged at ¶ 29, ¶ 30, ¶ 31, ¶ 32, and ¶ 33 of the Complaint and Amended Complaint), please identify all persons with supporting knowledge, and identify all Documents that support the contention.

**ANSWER:**

See Response Nos. 1 and 5 above.

**INTERROGATORY NUMBER 8:**

Please identify each employer you have worked for prior to, and subsequent to, the period of time during 2004 in which you allegedly worked for Dynamic Technical Services. For each employer, list address, duties, title, dates of employment, name of supervisor, whether you experienced discrimination or retaliation, and reason for separation from employment.

**ANSWER:**

OBJECTION. This request seeks information which is irrelevant to Plaintiffs' employment discrimination claims and Defendants' defenses and the probative value of such

Henry G. Van Meter, et al., v. CAL PAC, et al.                                    7
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 34 of 42

information is substantially outweighed by the prejudice to Plaintiff of giving such information. Further objection is made on the basis that such information is confidential employment information not subject to discovery. Notwithstanding this objection and subject to it, before the relevant period of time during 2004, I worked at: 1) Foremost Guam, Inc., at 490 North Marine Dr., Tamuning, Guam, as a driver/helper, in approximately 1994 to 1995, left for a better job opportunity; 2) Pepsi Cola Bottling Company, in Harmon Industrial Park, Guam, as a warehouseman/forklift operator, in approximately 1994 to 1995, supervised by George Baza, left for a better job opportunity; 3) Trans Pac Exporting, in Harmon Industrial Park, Guam, as a warehouse helper, in approximately 1995, supervised by Ed Atoigue, left for a better job opportunity; 4) United States Department of Agriculture, in Guam, as a K-9 handler, in approximately 1996 to 2001, supervised by Dan Rodrigues, left for personal reasons; 5) Calpac, at P.O. Box 8950, Tamuning, GU 96913, as an underground technician/lineman, in approximately 2003 to 2004, supervised by Dennis Clark, Don Harper, and John Thomas, experienced discrimination and retaliation, left due to termination due to discrimination and retaliation. After the relevant period of time, I worked at: 1) Hyatt Regency Hotel, at 1155 Pale San Vitores Road, Tumon, GU 96931, as a general mechanic, in approximately 2005, supervised by John Taitano, left for a better job opportunity; 2) Guam Power Authority, in Guam, as a plant utility worker, from approximately 2005 to the present, supervised by George Bello.

**INTERROGATORY NUMBER 9:**

Please state the full name and last known address of each expert witness you expect to call to testify on your behalf at the trial of this lawsuit. With respect to each such person, state the subject matter on which such person will testify; the questions or issues he/she was asked to address in preparation of his/her testimony and his/her conclusions; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

8

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 35 of 42

each opinion identified in this response. Please identify any reports, draft reports, working notes, and Documents prepared by the expert on which you intend to rely.

**ANSWER:**

OBJECTION. This information seeks information which is protected as work product and not subject to discovery. Notwithstanding this objection an subject to it, at this time, I do not know the identity of any expert witness I expect to call to testify on my behalf at trial.

**INTERROGATORY NUMBER 10:**

Please state the full name and last known address of each expert witness who will not testify on your behalf, but whose opinions and impressions may be relied upon by a testifying expert. With respect to each such person, state the subject matter of his/her opinions and impressions which may be relied upon by a testifying expert; the questions or issues he/she was asked to address in preparation of his/her opinions and impressions and his/her conclusion; and a summary of the grounds for each opinion identified in this response. Please identify any reports, draft reports, working notes, and Documents prepared by the expert on which a testifying expert may rely.

**ANSWER:**

OBJECTION. This information seeks information which is protected as work product and not subject to discovery. Notwithstanding this objection an subject to it, at this time, I do not know the identity of any expert witness who will not testify on my behalf, but whose opinions and impressions may be relied upon by a testifying expert.

**INTERROGATORY NUMBER 11:**

Please identify each person, not already identified above, reasonably believed by you and/or your attorney to have knowledge relevant to any issue regarding this lawsuit, including any allegation in the Complaint or any supplemental or amended complaint filed in this

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

9

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 36 of 42

case; or any matters alleged in any defenses to your allegations; and briefly describe the relevant matters within the individual's knowledge.

**ANSWER:**

Tim Camacho and Jeff Buehler may have knowledge regarding DTS' involvement with the MCI project worked on by Plaintiffs, as they are believed to have received Daily Production Reports from Dennis Clark.

**INTERROGATORY NUMBER 12:**

Please identify all Documents, not already identified above, reasonably believed by you which relate to any issue regarding this lawsuit, including any allegation in the Complaint or any supplemental or amended complaint filed in this case; or any matters alleged in any defenses to your allegations.

**ANSWER:**

All documents in the possession of the defendants which relate to this matter.

**INTERROGATORY NUMBER 13:**

If you have ever filed any other lawsuit or charge alleging discrimination, retaliation, overtime wage deficiencies, or violations of any state or federal employment regulations, statutes, or laws, against any employer, please state: the agency/court in which the charge/suit was filed, the date filed, the style and docket number, and the resolution.

**ANSWER:**

OBJECTION. This interrogatory seeks information which is irrelevant to Plaintiffs' claims and Defendants' defenses and the probative value of such information is substantially outweighed by the prejudice to Plaintiff of giving such information.

**INTERROGATORY NUMBER 14:**

Henry G. Van Meter, et al., v. CAL PAC, et al.                                           10
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 37 of 42

Identify all persons who have given written statements to you concerning Defendant.

**ANSWER:**

OBJECTION. This request is overly broad as it requests information which is protected under the attorney-client privilege and work product doctrine. Notwithstanding this objection and subject to it, besides the letter of termination, none I can presently recall.

**INTERROGATORY NUMBER 15:**

Identify all wages, benefits, or other compensation paid you by Dynamic Technical Services during your employment in 2004.

**ANSWER:**

I believe my paychecks and other benefits as an underground technician and lineman on the MCI project.

**INTERROGATORY NUMBER 16:**

If you filed a claim for unemployment benefits in 2004-2005 in any U.S. jurisdiction, please state the date such claim was filed, the identity of the "employer" named in such claim, and the date(s) and amount(s) of unemployment benefits received to date.

**ANSWER:**

OBJECTION. This interrogatory seeks information which is irrelevant to Plaintiffs' claims and Defendants' defenses and the probative value of such information is substantially outweighed by the prejudice to Plaintiff of giving such information. Further objection is made on the basis that "unemployment benefits" is a vague term.

**INTERROGATORY NUMBER 17:**

Please identify the date, manner, and place of informing Dynamic Technical Services of your alleged discrimination.

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

11

Case 1:05-cv-00037     Document 644     Filed 08/14/2008     Page 38 of 42

**ANSWER:**
      Complaints to Dennis Clark around September 2004, filing complaints with the EEOC in December 2004, commencing this lawsuit in December 2005.

**INTERROGATORY NUMBER 18:**
      Do you contend that your employment was terminated? If so, please identify all Documents and facts that support the contention, and identify all involvement in the alleged "termination" by Dynamic Technical Services.

**ANSWER:**
      Yes, I do contend that my employment was terminated. The documents supporting this contention include a letter of termination dated in approximately December 2004 and documents I filed with the EEOC regarding such termination. I was fired after DTS, through its employee Dennis Clark, called me and other Calpac employees "island monkeys" or "monkeys," and after I complained, or caused to be complained, of this to Dennis Clark and Calpac. DTS authorized or condoned Dennis Clark's behavior.

**INTERROGATORY NUMBER 19:**
      Please identify all efforts you have made to find employment since your last day of employment in 2004 (e.g., list names of prospective employers, the type of application, identify Documents, the positions sought, and dates).

**ANSWER:**
      I recall that, on February 7, 2005, I applied at Cable Services Group. On February 9, 2005, I applied at Guam Power Authority, USDA, MidPac, Conwood, Leed Electric, and Guam Hardwood. On February 21, 2005, I applied at GPA as a plant operator or plant mechanic or in plant maintenance. On March 12, 2005, I applied at Leedwood, Guam Power Authority, and Guam Hardwood. On March 18, 2005, I applied at Cable Services Group, Guam Power Authority, and MidPac. On March 21, 2005, I applied at Conwood, USDA, and Pepsi. On about March 31, 2005, I applied at Guam Power Authority as a plant operator, Department of Education, USDA, and Coca Cola. On about April 7, 2005, I applied at Guam Power Authority

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

12

and East West Rental. On April 13, 2005, I applied at CPS Power, Trans Pac, Carpet Master, GPE Inc., East West Rental, AMS, USTCO Food, and Guam Power Authority. On May 3, 2005, I applied at Transcontainer, Fidelity Ent., CPS, Benson's, MidPac, and Guam Hardwood. On May 11, 2005, I applied at Department of Education, Guam Power Authority, Kmart, and E&W Rental.

**INTERROGATORY NUMBER 20:**
Please state the name of any and all witnesses you claim were present at the time of any act constituting discrimination by Dynamic Technical Services on the basis of discrimination, harassment, and hostile work environment, and describe the situations they witnessed.

**ANSWER:**
The plaintiffs and Calpac employees witnessed Dennis Clark calling the plaintiffs "island monkeys" or "monkeys."

**INTERROGATORY NUMBER 21:**
Please identify all Documents which support your allegations at ¶ 27 of the Complaint, specifically all Documents showing you were employed by Dynamic Technical Services.

**ANSWER:**
Various emails and attachments between Don Harper and Dennis Clark, including Daily Production Reports prepared by Dennis Clark.

**INTERROGATORY NUMBER 22:**
Please identify all correspondence you sent to Dynamic Technical Services in which you complained of discrimination, harassment, and hostile work environment.

**ANSWER:**
EEOC filings and the complaint and amended complaint in this matter.

**INTERROGATORY NUMBER 23:**
Please identify all Documents from 2004 showing Dynamic Technical Services was made aware of (a) your discrimination, harassment and/or (b) hostile work environment.

Henry G. Van Meter, et al., v. CAL PAC, et al.                                                                    13
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

**ANSWER:**
EEOC filings, the complaint and amended complaint in this matter, and other documents to be revealed to me through discovery.

**INTERROGATORY NUMBER 24:**
Please identify the entity listed on the mail described at ¶ 3 of your Complaint.

**ANSWER:**
OBJECTION. The interrogatory is vague and unclear as to what both "mail" and "entity" refer to.

**INTERROGATORY NUMBER 25:**
Please identify all arrests and convictions for felonies or misdemeanors involving moral turpitude, from 1996 to the present.

**ANSWER:**
OBJECTION. The information sought in this interrogatory is irrelevant to the plaintiffs' claims of employment discrimination and the defendants' defenses and the probative value of any such arrests or convictions on the issue of credibility does not substantially outweigh the prejudice to Plaintiff of admitting of such arrests or convictions, if any. Additional objection is made on the ground that mere arrests and misdemeanors which do not involve dishonesty or false statement are inadmissible and not reasonably calculated to lead to admissible evidence. Further objection is made on the basis that "moral turpitude" is a vague term not defined at all in this First Set of Interrogatories.

Dated this 13th day of July, 2006, in Hagåtña, Guam.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**DELIA LUJAN**
*Attorneys for Plaintiffs*

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

14

**VERIFICATION**

I have read the foregoing Response to Defendant Dynamic Technical Services' First Set of Interrogatories. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Hagåtña, Guam, on July _13_, 2006.

ROBERT B. CRUZ

Henry G. Van Meter, et al., v. CAL PAC, et al.
Civil Case No. 05-00037
Pl. Robert B. Cruz's Response to Def. DTS' First Set of Interrogatories

15

Case 1:05-cv-00037    Document 644    Filed 08/14/2008    Page 42 of 42